

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

November 10, 2025

**BY ECF**

Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *United States v. Approximately 127,271 Bitcoin*,
               Case No. 25 Civ. 5745 (RPK)

Dear Judge Kovner:

      We represent potential claimant Chen Zhi in connection with the above-referenced civil forfeiture action, and write to respectfully seek an extension of the deadline for third parties to file claims to the defendants *in rem* to January 19, 2026.[1] This represents an approximately 60-day extension for Mr. Chen (as to whom the government provided direct notice of the forfeiture action, making his claim presently due on November 18) and approximately 30 days for any other claimant (who received notice via publication, and whose claim is therefore due on or about December 15). *See* Fed. R. Civ. P., Supp. R. G(5)(a)(ii). This is Mr. Chen's first request for an extension of the claims deadline. The government objects, reportedly because it "does not see any good cause within the meaning of Supplemental Rule G(5)(a)(ii) to depart from the deadlines set forth in the rules."

      For the reasons that follow, this modest extension is appropriate to, among other things, (a) coordinate the claims deadline for all potential claimants, (b) allow Mr. Chen and other potential claimants to work through complicated conflict and representation issues, made much more difficult by the sanctions imposed simultaneously with the filing of the complaint that resulted in (among other things) the resignation of numerous corporate officers and directors; and (c) allow Mr. Chen time to trace the voluminous Bitcoin at issue, much of which was stolen nearly five years ago. There is no prejudice to the government from such an extension because it is in possession of the defendants *in rem*—and has been for at least a year prior to filing this case. It should not be surprising that, having taken the government more than a year between its seizure of the defendants *in rem* and the filing of the complaint, potential claimants would require more than a few weeks to formulate and finalize potential claims.

## Background

      On October 14, 2025, the government filed this civil action, seeking the forfeiture of approximately 127,271 Bitcoin. In an accompanying press release, the government valued the defendants *in rem* at roughly $15 billion and declared that this is "the largest forfeiture action in the

---

[1] Pursuant to Supplemental Rule E(8), made applicable to forfeiture actions by Supplemental Rule G(1), Mr. Chen expressly limits his appearance to asserting and defending his claim.



history of the Department of Justice."[2]  On the same day, the government unsealed an indictment charging Mr. Chen criminally, and the U.S. Treasury Department and U.K. government announced sanctions against Mr. Chen and dozens of entities and individuals allegedly affiliated with him.

Taken together, the government's October 14 actions allege that Mr. Chen oversaw an organization, which Treasury calls the "Prince Group Transnational Criminal Organization," that perpetrated a years-long cyber fraud scheme that produced and laundered billions of dollars in revenue.  As will be clear in due time, the government's allegations are seriously misguided.

Mr. Chen is one of the most successful businesspeople in Southeast Asia. He serves as Chairman of Prince Holding Group, one of Cambodia's largest conglomerates with over 100 businesses employing thousands of people across the real estate development, banking, finance, tourism, logistics, technology, food and beverage, and lifestyle sectors.  For over a decade, the Prince Group has operated lawfully in Cambodia and throughout Asia, and has contributed in important ways to the development of the region.

The Complaint (ECF No. 1) alleges that criminal groups operated cryptocurrency investment schemes and other frauds from locations owned by the Prince Group. Complaint ¶¶ 20-23. According to the government—albeit in the most conclusory way—the seized Bitcoin is comprised of the "Prince Group's illicit profits." *Id.* ¶ 38. But a careful reading of the Complaint reveals no allegations linking the seized Bitcoin to the alleged frauds. Rather, what the government appears to be saying—again, without any evidence or detail—is that criminal proceeds were used to fund Bitcoin mining operations, *id.* ¶ 42, and that newly-mined Bitcoin was later combined with other Bitcoin transferred from wallets at cryptocurrency exchanges controlled by entities affiliated with the Prince Group, *id.* ¶ 45. But the Complaint is completely silent as to why the government believes the mining operations were funded with proceeds or the wallets contained illicit Bitcoin.

What *is* clear from the Complaint is that this case will turn, in large part, on tracing. The government alleges that the FBI "conducted extensive blockchain tracing to analyze the movements of the Defendant Cryptocurrency." *Id*. And they have had plenty of time to do it. According to publicly available information, most of the seized Bitcoin was stolen from Lubian.com in a December 2020 hack that is now considered the largest heist of cryptocurrency ever.[3] It appears that the stolen Bitcoin sat in the hacker(s)'s wallets for over four years before re-emerging as the defendants *in rem* in this civil forfeiture proceeding. In July 2024, it was transferred to wallets controlled by the FBI.[4] The government has thus had years to trace the seized Bitcoin and at least sixteen months—since the July 2024 transfer to FBI wallets—to put together this forfeiture action.

We have engaged forensic and cryptocurrency experts to do a similar analysis to support any claim filed by Mr. Chen, and potentially other claimants, and to test the government's tracing

---

[2]     https://tinyurl.com/269ufpum.

[3]     *Arkham Uncovers $3.5B Heist – The Largest Ever*, Arkham Intelligence (Aug. 2, 2025), available at https://tinyurl.com/y325wjzv.

[4]     Forfeiture.gov, Public Notice Search (CV-25-5745), available at https://tinyurl.com/2s3mxp7u (identifying seizure date as "July 23, 2024").

2



allegations. It is a time-consuming process. For example, and as the government alleges, although transactions on the Bitcoin blockchain are public, the identity of the individuals or entities that own or control the addresses at which Bitcoin are stored are not, and must be identified through open source research. And many Bitcoin transactions pass through multiple addresses and wallets. Identifying the wallet owners and tracking the large number of blockchain transactions to accurately trace the seized Bitcoin to its source is painstaking work. Our experts, who have been working virtually around the clock since shortly after this action was filed, estimate that they will need at least another 60 days to complete their initial analysis.

### There is Good Cause For a Modest Extension of the Claims Deadline

The Court has discretion to permit enlargements of the time to submit third-party claims to the defendants *in rem*, on a showing of "good cause." Supp. R. G(5)(a)(ii) & C(6)(a)(i)(B); *see also United States v. Khan*, 497 F.3d 204, 207 (2d Cir. 2007) ("The district court, however, has the authority to extend the time period for filing verified claims."). This is the same "good cause" standard embodied in Rule 6(b)(1) that results in routine extensions of the time to initially answer or respond to a pleading, and that "gives the district court *wide discretion* to grant a request for additional time" that "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021) (quotation marks and citations omitted, emphasis in original); *see also United States v. $175,918.00 In U.S. Currency*, 755 F. Supp. 630, 633 (S.D.N.Y. 1991) (citing cases and observing that "numerous courts have held that 'where putative claimants have placed the court and the government on notice of their interest in the property and their intent to contest the forfeiture, courts will grant extensions of time, recognizing both the good-faith effort put forth and the lack of prejudice to the government under such circumstances.'"); *accord United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 561-62 (7th Cir. 1988) (factors that guide exercise of discretion to grant civil forfeiture claim extensions include "1) whether the claimant has advised the court and government of his interest in the defendant—here the currency—before the claim deadline, and (2) whether the government would be prejudiced by allowing the late filing.").

Here, there is no serious question that Mr. Chen has an interest in the seized Bitcoin. The government sent Mr. Chen direct notice, demonstrating its belief that Mr. Chen has an interest. *See* Supp. Rule G(4)(b)(i). And the complaint itself alleges that the defendants *in rem* represent the profits from the Prince Group and were contained in "Chen Wallets" that Mr. Chen "personally controlled and tracked." Complaint ¶¶ 38-58. Moreover, the indictment (which is attached to and incorporated into the civil complaint) includes the defendants *in rem* in its specific criminal forfeiture allegations, which means that the government necessarily believes that Mr. Chen has some personal right, title, or interest in those assets. As explained above, a modest extension is needed to allow our experts time to complete their initial tracing analysis to confirm the extent of Mr. Chen's interests before any claim is filed.

In addition to Mr. Chen, moreover, the government's complaint suggests that a number of other potential third parties may have legitimate claims to the defendants *in rem*, including Prince Holding Group, Warp Data Technology Lao Sole Co. Ltd., Lubian.com, Future Technology Investment, Amber Hill Ventures Limited, Lateral Bridge Global Limited, and Hing Seng Limited, among others. The government's complaint alleges that the seized Bitcoin was mined by and/or stored at wallets controlled by these other potential claimants. Complaint ¶¶ 16, 42, 45-47.



     We are in communication with representatives of many of these potential claimants, both because we require information from them as part of the tracing analysis, and because those potential claimants are themselves seeking representation in this action. We are attempting to work through the relevant conflict-of-interest and related analyses as quickly as possible, but the sanctions imposed by the Treasury Department have significantly delayed the other potential claimants' ability to do so, and to prepare their own claims. In addition to needing to focus on business exigencies created by the sanctions, corporate agents have resigned or refused to act, and the retention of counsel and experts has been slowed by sanctions compliance or halted altogether. In fact, many of the potential claimants identified in the complaint do not even know if they have received direct notice because their agents have resigned or refused to communicate, and the government has declined to confirm whether it has sent direct notice to anyone other than Mr. Chen.

     In this situation, given the scope and complexity of this forfeiture action—the largest in the history of the Department of Justice by its own proclamation—there is no reason not to grant a modest 60-day extension of Mr. Chen's claims deadline, and a concurrent extension of the deadlines applicable to all other claimants. *See generally, e.g., $175,918.00 In U.S. Currency*, 755 F. Supp. at 633 (citing cases); *United States v. Agudelo-Garcia*, 240 F. Supp. 2d 220, 230 (E.D.N.Y. 2003) (citing *$175,918.00* and recognizing courts "typically exercise their discretion when claimants have timely placed the court and government on notice of their interest in the property and intent to contest the forfeiture, recognizing both the good-faith effort put forth and the lack of prejudice to the government under such circumstances."). Doing so will also have the benefit of synching all claims deadlines, so that litigation of this action can be as orderly as possible. We therefore respectfully request that the Court set January 19, 2026, as the deadline for filing all claims to the defendants *in rem*.

     There is no conceivable prejudice to the government from such an extension. The government has secured and possesses the defendants *in rem*, so there is no risk of asset flight. Put simply, if the government could wait until October 2025 to seek forfeiture of Bitcoin it seized and has been controlling since at least July 2024, it will not be prejudiced by a modest extension of the claims deadline to allow Mr. Chen and other potential claimants to assert their rights.

     At base, this is a question of due process. According to the government, Mr. Chen and the other potential claimants identified in the government's complaint have a valid property interest in what the government says is approximately $15 billion in assets. They should be afforded a reasonable amount of time, given the complexity of the case and the logistical issues presented by the government's simultaneous criminal and sanctions actions, to assert their claims and litigate them on the merits. *See, e.g., United States v. Starling*, 76 F.4th 92, 101 (2d Cir. 2023) ("[C]ivil forfeiture procedure magnifies the importance of deciding such cases on the merits rather than by default. Civil forfeiture can 'enable the government to seize . . . property without any predeprivation judicial process and to obtain forfeiture of the property even when the owner is personally innocent.'" (quoting *Leonard v. Texas*, 580 U.S. 1178, 1179 (2017) (statement of Thomas, *J.*, respecting denial of certiorari) (alteration in *Starling*)).

Thank you for your consideration of this request.

        Respectfully,

        /s/ *Matthew L. Schwartz*
        Matthew L. Schwartz
        Peter M. Skinner
        BOIES SCHILLER FLEXNER LLP
        55 Hudson Yards
        New York, New York 10001

        Dan G. Boyle (admission pending)
        John K. Kucera (*pro hac vice* forthcoming)
        BOIES SCHILLER FLEXNER LLP2029
        Century Park East, Suite 1520
        Los Angeles, California 90067