

**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806   www.pryorcashman.com

**Jeffrey Alberts**
Partner

Direct Tel: 212-326-0800
Main Fax: 212-326-0806
jalberts@pryorcashman.com

November 13, 2025

**BY ECF**

Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *United States v. Approximately 127,271 Bitcoin,*
              **Case No. 25 Civ. 5745 (RPK)**

Dear Judge Kovner,

       Our firm represents Warp Data Technology Lao Sole Co. Ltd[1] and is currently in discussion to represent one or more additional potential claimants in this action (collectively, the "Potential Claimants"). We write to join the November 10, 2025 letter motion of potential claimant Chen Zhi seeking to extend the deadline to file all claims opposing forfeiture in this action pursuant to Supplemental Rule G5(a)(ii). *See* Dkt No. 6 (the "Chen Zhi Letter Motion").

       Potential Claimants have not made any prior requests to extend these deadlines. To the best of our knowledge, Potential Claimants have not been sent direct notice, and thus their claims would be due on or about December 15, 2025. As detailed below, however, Potential Claimants cannot be certain that the government has not sent direct notice to them via registered agents or other means, which would arguably make their deadline earlier.

       The Court should find good cause and grant the requested extension for the reasons stated in the Chen Zhi Letter Motion, and because there is no prejudice to the government from such an extension.

---

[1] Warp Data Technology Lao Sole Co. Ltd is specifically identified in the Complaint the government filed in this action. See Dkt. No. 1, ¶ 16.

10079566 v2
37153.00001

But there are other reasons that good cause to extend the claims deadline exists here:

1. As has been publicly reported, the Bitcoin comprising the Defendant Assets were stolen from wallets containing assets in which one or more of the Potential Claimants had an interest at the end of 2020. When efforts to recover these funds were unsuccessful, several of the Potential Claimants became dormant for some years. This lengthy delay has impaired our ability to investigate the basis of these entities' potential claims.

2. Tracing the transactions on the Bitcoin blockchain from the transfer of the Defendant Assets to government wallets in 2024 back to transactions involving the Potential Claimants years earlier is a time-consuming process. *See* Chen Zhi Letter Motion at 2-3. Indeed, based on the numerous gaps in the government's tracing allegations set forth in the Complaint, the government has not completed this process, despite working on it for at least 15 months between the alleged seizure and the filing of the Complaint. *See id.* at 1-2 n.4.

3. This process has further been hindered by the expansive sanctions the government imposed; specifically, at the same time it filed the Verified Complaint here, the government announced sanctions on over a hundred entities and individuals, including some of the Potential Claimants and their officers. These sanctions have limited our ability to investigate and determine whether and which Potential Claimants should file claims, and in some cases have complicated even the process of our retention.

4. Several of the relevant officers and key employees of the Potential Claimants do not speak English fluently, which further delays and complicates the process of finalizing our retention and investigating claims.

5. Finally, the Potential Claimants do not know if they have been sent direct notice via registered agents or similar channels, because they cannot be sure that their registered agents will promptly cooperate and provide notice while under the cloud of international sanctions. This means that the Potential Claimants literally do not know when their claims are currently due, which creates a risk Potential Claimants might unintentionally be defaulted out of their claims.

We expect that the requested extension will allow us sufficient time to finalize our retention, investigate claims for Potential Claimants, and take any corporate actions necessary to allow the Potential Claimants to file claims and hold the government to its proof here. By coordinating the deadline for all third parties to file claims, the Court can also ensure that no potential claimant will be inadvertently or unknowingly defaulted, which would not be in the interests of justice.

Thank you for your consideration of this request.

        Respectfully,

        */s/ Jeffrey Alberts*
        Jeffrey Alberts
        Sidhardha Kamaraju
        Katherine Reilly
        PRYOR CASHMAN LLP
        7 Times Square
        New York, NY 10036
        Tel: 212-326-0800
        jalberts@pryorcashman.com

cc:    Counsel of record (via ECF)