

Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax

**Jeffrey Brown**
Partner
Jeffrey.Brown@dechert.com
+1 212 698 3511  Direct
+1 212 698 0678  Fax

December 10, 2025

**BY ECF**

Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *United States v. Approximately 127,271 Bitcoin*, **Case No. 25-cv-5745 (RPK)**

Dear Judge Kovner,

   Our firm represents LuBian, a potential claimant referenced throughout the Complaint filed in this action. *See* ECF No. 1 ¶¶ 16, 42, 45. We write to join the November 10 and November 13, 2025 letter motions of potential claimants Chen Zhi and Warp Data Technology Lao Sole Co. Ltd. ("Warp Data") seeking to extend the deadline to file all claims opposing forfeiture in this action pursuant to Supplemental Rule G5(a)(ii). *See* ECF No. 6 (the "Chen Zhi Letter Motion"); ECF No. 9 (the "Warp Data Letter Motion").

   LuBian has not made any prior requests to extend these deadlines. To the best of our knowledge, LuBian has not been sent direct notice, and thus its claims would be due on or about December 15, 2025. As detailed below, however, LuBian cannot be certain that the government has not sent direct notice to them via registered agents or other means, which would potentially make the claims deadline earlier.

   The Court should find good cause and grant the requested extension for the reasons stated in the Chen Zhi and Warp Data Letter Motions, and because there is no prejudice to the government from such an extension.

   Additional reasons demonstrate good cause to extend the claims deadline. Public reports indicate the Bitcoin comprising the Defendant Assets was stolen in late 2020. After unsuccessful recovery efforts, there was a prolonged hiatus that has hindered our ability to investigate the basis of potential claims. Tracing blockchain transactions from the transfer of the Defendant Assets into government wallets back to earlier transactions is time intensive. *Cf.* Chen Zhi Letter Motion at 2–3; Warp Data Letter Motion at 2.

Furthermore, sanctions have further impeded the process: when the Complaint was filed, the government simultaneously sanctioned over a hundred entities and individuals, including some associates of LuBian. These measures have restricted our ability to investigate, determine who should file claims, and, in some instances, even to finalize our retention. Moreover, language barriers have contributed to delays: representatives of LuBian are not fluent in English, complicating engagement and claims investigation.

Finally, we cannot confirm whether LuBian received direct notice via registered agents or similar channels, as international sanctions may deter agents from cooperating promptly and providing notice. Consequently, LuBian does not know its current claim deadline, creating a risk of inadvertent default.

We believe that the requested extension will give us enough time to finalize our engagement, investigate LuBian's claims, and take any necessary steps so that LuBian can file and hold the government to its proof. By setting a coordinated deadline for all third-party claimants, the Court can also prevent inadvertent or unwitting defaults, which would disserve the interests of justice.

Thank you for your consideration of this request.

Dated: December 10, 2025

Respectfully submitted,

By: /s/ Jeffrey A. Brown

Jeffrey A. Brown
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel.: +1 212 698 3500
jeffrey.brown@dechert.com
*Counsel for Claimant LuBian*

CC: Counsel of record (via ECF)