# Morvillo Abramowitz Grand Iason & Anello P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

tkasulis@maglaw.com
(212) 880-9555

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
KEFIRA WILDERMAN

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

December 11, 2025

**BY ECF**

Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *United States v. Approximately 127,271 Bitcoin*,
              **25 Civ. 5745 (RPK)**

Dear Judge Kovner:

      We represent potential claimant Jian Yang in connection with the above-referenced civil forfeiture action. We respectfully request that the Court extend Mr. Yang's deadline to file a claim opposing forfeiture pursuant to Supplemental Rule G(5)(a)(ii) from December 29, 2025 to January 19, 2026.[1] We also join the arguments set forth in the November 10, 2025 letter motion of potential claimant Chen Zhi, the November 13, 2025 letter motion of potential claimant Warp Data Technology Lao Sole Co. Ltd. ("Warp Data"), and the December 10, 2025 letter motion of potential claimant LuBian to the extent the motions raise arguments applicable to Mr. Yang. *See* Dkt. No. 6 ("Chen Zhi Letter Motion"); Dkt. No. 9 ("Warp Data Letter Motion"); Dkt. No. 14 ("LuBian Letter Motion"). Mr. Yang has not made a prior request to extend this deadline.

      The Court should find good cause to grant Mr. Yang this modest extension. Simply put, this is "the largest forfeiture action in the history of the Department of Justice" against

---

[1]     Upon information and belief, the government has not sent Mr. Yang direct notice of this civil forfeiture action. His deadline therefore was December 15, 2025 before the Court extended the deadline for third parties to file claims to December 29, 2025.

Morvillo Abramowitz Grand Iason & Anello P. C.

The Honorable Rachel P. Kovner
December 11, 2025
Page 2

approximately $15 billion worth of Bitcoin.[2] Mr. Yang has been informed that he may have an interest in some of the seized property. However, as has been detailed in prior letter motions, tracing transactions on the Bitcoin blockchain from Mr. Yang's initial cryptocurrency investments to the Defendant Assets will be a time-consuming process. This is particularly in light of the widely reported hacking of the Defendant Assets. *See* Warp Data Letter Motion at 2; Chen Zhi Letter Motion at 2–3; LuBian Letter Motion at 1. The government itself has thus far only identified 25 cryptocurrency addresses in which the Defendant Assets were stored as of December 2020, as well as three exemplar "transaction sets" it claims are "consistent with known money laundering typologies." *See* Dkt. 1 at 23, 28. Complicating this tracing process further is the fact that Mr. Yang is located abroad, does not speak English fluently, and only recently retained counsel. In short, a modest extension will allow Mr. Yang to ensure that he has a valid property interest in the Defendant Assets and to state any claim to such property with greater specificity.

The government opposes any further extension to Mr. Yang's deadline. It is difficult to see, however, why a modest extension would result in any prejudice to the government. By appearing in this action and conferring with the government through counsel on December 11, 2025, Mr. Yang has duly placed both the government and the Court on notice of his projected intent to contest the forfeiture. In such instances, "courts will grant extensions of time, recognizing both the good-faith effort put forth and the lack of prejudice to the government under such circumstances." *United States v. $175,918.00 in U.S. Currency*, 755 F. Supp. 630, 633 (S.D.N.Y. 1991) (quoting *United States v. U.S. Currency in the amount of $103,387.27*, 863 F.2d 555, 562–63 (7th Cir. 1988)). As the Court has pointed out, there is no risk of asset flight given that the government has secured the Bitcoin. In addition, several of the government's arguments in opposition to the Chen Zhi Letter Motion and Warp Data Letter motion are simply inapplicable to Mr. Yang. *See, e.g.*, Dkt. 10 at 4, 7 (expressing, among other concerns, that tracing is not necessary for Chen Zhi to file a claim and that potential claimants must make particularized requests).

---

[2] https://www.justice.gov/opa/pr/chairman-prince-group-indicted-operating-cambodian-forced-labor-scam-compounds-engaged.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

The Honorable Rachel P. Kovner
December 11, 2025
Page 3

      The Court has already permitted other claimants to file claims by January 19, 2026.  Mr. Yang respectfully requests the same treatment.  The Court will still be able to efficiently resolve claims to the forfeited property with minimal delay.

      Thank you for your consideration of this request.

      Respectfully submitted,

*/s/ Telemachus P. Kasulis*
Telemachus P. Kasulis
Marissa Piccolo
MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO P.C.
565 Fifth Avenue
New York, New York 10017
Tel: (212) 880-9555
tkasulis@maglaw.com
mpiccolo@maglaw.com

cc:    Counsel of record (via ECF)