**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
− − − − − − − − − − − − − − − − − − − − − X

UNITED STATES OF AMERICA,

              Plaintiff,

       -against-

APPROXIMATELY 127,271 BITCOIN
("BTC") PREVIOUSLY STORED AT THE
VIRTUAL CURRENCY ADDRESSES
LISTED IN ATTACHMENT A, AND ALL
PROCEEDS TRACEABLE THERETO,

           Defendants *In Rem*.

− − − − − − − − − − − − − − − − − − − − − X

**MOTION TO SEAL AND PROCEED**
**UNDER PSEUDONYMS**

Civil Action No.

1:25-cv-05745 (RPK)

## MOTION TO SEAL AND PROCEED UNDER PSEUDONYMS

Claimants identified in Schedule A of the Claims for forfeiture, concurrently filed herewith,[1] respectfully move this Court for an order permitting Claimants to proceed under pseudonyms in this action, and to further permit Claimants to file under seal their sworn claim verifications which disclose their full identities.

### I.      BACKGROUND

On October 14, 2025, the United States filed a civil forfeiture complaint against approximately 127,271 BITCOIN ("BTC") which are alleged to be the proceeds of widespread cryptocurrency confidence scams, also known as "Pig Butchering" scams. Dkt. No. 1, Verified

---

[1] "Claimants" refers to the Claimants identified under pseudonym in Schedule A to the concurrently filed claims for forfeiture.

Complaint. This seizure froze proceeds of rampant fraud by foreign actors targeting American citizens with the goal of reuniting fraud victims with their stolen funds.

As stated in their concurrently filed claims, Claimants are victims of the same scams that are described by the United States in its verified Complaint. Upon information and belief, the Prince Group are the perpetrators of the fraudulent schemes committed against the claimants. With their stolen funds now seized by the United States, Claimants seek leave of the Court to proceed under pseudonyms to protect their identities, as victims of crime, while they seek the return of their funds.

II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint name all parties. Fed. R. Civ. P. 10(a). Courts have nevertheless "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit, held that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id*. The Second Circuit established the following non-exhaustive standard, which balances the interests of both the public and the opposing party, to determine whether a party should be allowed to proceed under a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is

2

challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. *Id* at 190.

## III.    ARGUMENT

Claimants seek two discrete limits on public disclosure: first, as victims of the underlying crimes, Claimants seek to proceed under their initials instead of their full names—the same anonymized manner as used in the Verified Complaint in this matter. Second, Claimants seek the Court's permission to file the required verifications for their claims under seal, as these verifications necessarily will reveal their full names.

### A.    Filing Verifications under Seal Carries Strong Privacy Interests as Claimants Are Victims of Crime and Seek Anonymity to Protect their Sensitive and Highly Personal Information

As stated in their respective claims, each Claimant is a victim of a scam or similar cybercrime which provided the basis for the seizure of the Defendant assets. Courts routinely recognize that protecting the identities of victims of crime serves the powerful public interest of encouraging victims to report crimes. In the vast majority of the Verified Claims, their assets were stolen through sophisticated "pig butchering" scams, including romance-based fraud, in which victims were subjected to prolonged psychological manipulation and financial exploitation. The litigation necessarily implicates highly sensitive personal information, including victims' financial losses, emotional distress, and in some cases intimate personal relationships exploited by the perpetrators. Public disclosure of the victims' identities could

expose deeply private details of their lives and compound the harm already suffered. Finally, the government recognized this principle of protecting sensitive, identifying information when, in the Verified Complaint, it identified victims by pseudonym instead of full names. *See, e.g.,* Dkt. No. 1, Verified Complaint, at ¶37 (identifying victim as "Victim-1" only).  These Claimants seek the same treatment here while they attempt to recover their stolen funds.

Accordingly, this factor weighs strongly in favor of permitting the victims to proceed anonymously.

B. **Identification of Claimants Poses a Risk of Repeated Harm against Claimants, a Purpose Contrary to the Purpose for Which the Documents were Introduced**

Claimants in civil forfeiture proceedings are generally required to disclose their identities and the amount of property claimed pursuant to Federal Rule of Civil Procedure G(5)(a)(i). However, exposing Claimants' identities will subject them to the (highly likely) potential of repeated victimization by fraudsters, especially if Claimants are successful in recovering part, or all, their stolen funds. Here, public disclosure of the victims' identities would expose them to a heightened risk of harassment, intimidation, and re-victimization by the same or affiliated fraud networks responsible for perpetrated cybercrimes and confidence scams. See *In re Genesis Global Holdco, LLC*, 652 B.R. 618, 621-625 (Bankr. S.D.N.Y. 2023) (holding that "publication of names alone has been found to heighten the risk of identity theft and other harm").  *See also United States v. Lichtenstein*, Case No. 23-cr-239 (CKK), Dkt. No. 278, at 8-9 (March 10, 2025) (recognizing that using pseudonyms when filing would help resolve a victim's potential theft and violence concerns).  Many of these schemes are operated by sophisticated, transnational actors who continue to target prior victims. Accordingly, this factor weighs strongly in favor of permitting the victims to proceed anonymously.

C. **Identification of Claimants Poses a Risk of other Harms.**

Disclosure of the victims' identities would itself inflict additional harm by compounding the very injuries at issue in this litigation. Public identification would expose victims to further emotional distress, stigma, and an increased likelihood of renewed targeting by fraudsters, thereby exacerbating the financial and psychological injuries caused by the pig-butchering scheme. Accordingly, this factor weighs strongly in favor of permitting the victims to proceed anonymously.

D. **Claimants are Elderly and Particularly Vulnerable to Additional Harm**

Here, a significant number of the Claimants are seniors, a demographic frequently targeted by criminal networks in what is commonly referred to as "elder fraud." Seniors are particularly targeted by criminal networks given that this demographic is more likely to be trusting while struggling to understand emerging technologies. Seniors are less likely to report being scammed. See FBI.gov, "Elder Fraud," available at https://www.fbi.gov/how-we-can-help-you/scams-and-safety/common-frauds-and-scams/elder- fraud (last visited Dec. 15, 2025).[2]  Public disclosure of their identities would increase the risk of renewed targeting and exploitation. Permitting Claimants to proceed under pseudonyms protects individuals within this especially vulnerable age group.

Accordingly, this factor weighs strongly in favor of permitting the victims to proceed anonymously.

---

[2] "Seniors are often targeted because they tend to be trusting and polite. They also usually have financial savings, own a home, and have good credit. Additionally, seniors may be less inclined to report fraud because they don't know how, or they may be too ashamed at having been scammed. They might also be concerned that their relatives will lose confidence in their abilities to manage their own financial affairs." FBI.gov, "Elder Fraud," *available at* https://www.fbi.gov/how-we-can-help-you/scams-and-safety/common-frauds-and-scams/elder- fraud (last visited Oct, 20, 2025).

E. **Claimants are Challenging the Forfeiture Action of the Government, not Private Parties**

The Verified Claims challenges the actions of the government rather than private parties. In *Does 1–4 v. Foukas*, the court held that this factor weighed against allowing plaintiffs to proceed under pseudonyms because the suit was a private civil action between individuals, and private suits implicate strong interests in open judicial proceedings. *Does 1–4 v. Foukas*, No. 20-CV-5516 (DG) (SJB), 2021 WL 8892823, at *3 (E.D.N.Y. Mar. 20, 2021). Here, by contrast, this case arises in the context of a government forfeiture action, in which Claimants seek the return of assets seized by the United States rather than pursuing claims against private parties. Accordingly, this factor weighs strongly in favor of permitting the victims to proceed anonymously.

F. **There is No Risk of Unfairness or Prejudice to the Government**

There is no prejudice to the United States here as the Claimants will file their verifications with their full names. Furthermore, many of the Claimants previously filed reports with the Federal Bureau of Investigation's Internet Crime Complaints Center ("IC3"), which reports are available to the government. *See Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014) ("when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party."); *See also Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) ("Because the Defendants know the Individual Plaintiffs' names, they have the information they need to defend against the claims of the Individual Plaintiffs").

Moreover, there is no prejudice to the United States here as the Claimants will file under seal their verifications with their full names. Where sealed or otherwise limited information is,

nevertheless, freely available to the opposing party, there is no risk of prejudice. See *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014) ("when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party."); See also *Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) ("Because the Defendants know the Individual Plaintiffs' names, they have the information they need to defend against the claims of the Individual Plaintiffs").  Accordingly, this factor weighs strongly in favor of permitting the victims to proceed anonymously.

G. **Claimants' Identities have Remained Confidential.**

Here, this filing represents the first time Claimants are seeking relief in this matter, and their identities have not previously been publicly disclosed in this matter. Maintaining pseudonymity preserves the confidentiality that has existed to date. Accordingly, this factor weighs strongly in favor of permitting the victims to proceed anonymously.

H. **Public Interest Will be Harmed not Furthered by the Public Disclosure of the Claimants' identities**

Here, the public's interest is served by the government's forfeiture action and the adjudication of claims arising from a pig-butchering scheme, not by the disclosure of individual victims' identities. Requiring Claimants to reveal their names would not meaningfully further public understanding of the issues before the Court because the identity of the victimized does not further evaluation of the legal or factual questions presented. Elderly fraud and scam victims are already less likely to report these crimes to law enforcement.  Requiring them to disclose their highly sensitive personal information would likely result in less reporting than already

exists. Accordingly, this factor weighs strongly in favor of permitting the victims to proceed anonymously.

I. **Any Public Interest in the Disclosure of Victim Identities is Significantly Outweighed by the Public Interest of Protecting the Anonymity of these Claimants**

Here, while there is a legitimate public interest in understanding the operation of pig-butchering schemes and the government's handling of forfeited assets, that interest is adequately served without disclosure of the individual Claimants' identities. The public interest focuses on the conduct at issue and the legal framework governing forfeiture, not on the personal identities of the victims themselves. Accordingly, this factor weighs strongly in favor of permitting the victims to proceed anonymously.

J. **Sealing the Verified Claims is the Best Method for Protecting the Claimants from Additional Harm**

Claimants believe that their Verified Claims should be sealed in their entirety and not filed in redacted form as the only material information Claimants request to be sealed is their identity. However, Claimants are amendable to the filing of a redacted version of these verifications if so directed by the Court.

K. **The Government Has Not, at this Time, Opposed the Anonymization of Claimants in this Matter.**

As of the time of this filing, to the best of Claimants' knowledge, the United States has not taken a position on the motion and the relief requested. However, as argued above, allowing Claimants to proceed under pseudonym does not prejudice the Government as the United States does, and will, have the full, undisclosed, identities of Claimants. *See, e.g. James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993); *Doe v. Hallock*, 119 F.R.D. 640 (S.D.Miss.1987) (holding that anonymity was allowed because of sensitive privacy and retaliation concerns in suit by

homosexual against insurance company alleging discriminatory practices and there was no unfairness to defendant who was aware of claimant's true identity).

IV.    **Conclusion**

For the reasons stated above, Claimants respectfully request that the Court permit Claimants to proceed under pseudonyms in this action, permitting Claimants to file the verifications of their Claims under seal within seven days of any order by this Court authorizing such sealed filing.

Date: December 15, 2025.                Respectfully Submitted,


THE HODA LAW FIRM, PLLC


Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
3120 Southwest Fwy Ste. 101
PMB 51811
Houston, TX 77098
o. (832) 838-0036
marshal@thehodalawfirm.com

*Attorney for Claimants*

## CERTIFICATE OF SERVICE

I, Marshal J. Hoda, hereby certify that the foregoing document, filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 15, 2025.


THE HODA LAW FIRM, PLLC


Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
3120 Southwest Fwy Ste. 101
PMB 51811
Houston, TX 77098
o. (832) 838-0036
marshal@thehodalawfirm.com

*Attorney for Claimants*

10