

KKL LLP
350 Fifth Avenue, 77th Floor
New York, NY 10118
+1 212 390 9550
www.KKLllp.com

December 22, 2025

By ECF

Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Approximately 127,271 Bitcoin*,
                No. 25 Civ. 5745 (RPK)

Dear Judge Kovner:

      Our firm represents potential claimants Yuan Tian and Bo Chen in the above-referenced civil forfeiture action (together, the "Potential Claimants"). We write to request an extension from December 29, 2025 to January 19, 2026 of the deadline for Potential Claimants to file claims to the defendants *in rem* pursuant to Rule G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"). Our requested extension is consistent with the deadline set for other potential claimants in this action.

      This is Potential Claimants' first request to extend their claim deadline. Because Potential Claimants were not directly notified of this matter, and the government apparently published notice of this action on its official forfeiture website on October 16, 2025, *see* Dkt. No. 10 at 2, Potential Claimants' deadline to file their claims was originally December 15, 2025. The Court subsequently issued an order extending the deadline for all third parties to file claims to December 29, 2025, *see* 12/11/2025 Text Order (the "December 11 Order"); Rule G(5)(a)(ii)(B). Before the Court issued the December 11 Order, we consulted with the government regarding our intention to seek an extension of the claim filing deadline. After the Court issued the December 11 Order, the government stated that it would oppose any additional adjournment beyond December 29, 2025.

      Nonetheless, there is good cause to extend the deadline for Potential Claimants to submit their claims. *See* Rule G(5)(a)(ii) (setting claim deadlines "[u]nless the court for good cause sets a different time"). Many of the arguments set forth in the extension requests of potential claimants Chen Zhi, Warp Data Technology Lao Sole Co. Ltd., LuBian, and Jian Yang are applicable to the Potential Claimants. Among other factors, the Potential Claimants are both located in Asia, one does not speak English, and our firm has only recently been retained. *See* Dkt. Nos. 6, 9, 14, 17. Moreover, given the recency of our retention, we are still early in the process of gathering documents and information about the Potential Claimants' potential property interests in the defendants *in rem*. Without sufficient time to collect and review

December 22, 2025
Page 2 of 2

relevant documents and information, we are unable to advise Potential Claimants as to their ability to file claims to the seized assets, much less to draft claims with the specificity required by 18 U.S.C. § 983(a)(4)(A) and Rule G(5)(a)(i).

  Furthermore, the government will suffer no prejudice from this short extension.  The requested extension merely extends the Potential Claimants' deadline to a date already set for other potential claimants in the case.  In addition, this case has only just begun, and to date, only three claims have been filed.  *See* Dkt. Nos. 12, 19-1, 21.  The government has not moved to strike any claim, and the Court has not yet had occasion to adjudicate any substantive issues in this matter.

  For these reasons, we respectfully request that the Court extend the Potential Claimants' deadline to January 19, 2026.  We thank the Court for its consideration of this request.

               Respectfully submitted,

          By: _____
             Edward Y. Kim
             Celia V. Cohen
             Melissa C. Danzo
             KKL LLP
             350 Fifth Avenue, 77th Floor
             New York, NY 10118
             Tel.: 212-390-9550
             edward.kim@kklllp.com
             celia.cohen@kklllp.com
             melissa.danzo@kklllp.com

cc:  Counsel of record (via ECF)