# FLEISCHMAN BONNER & ROCCO LLP
## ATTORNEYS AT LAW

445 HAMILTON AVENUE • SUITE 402 • WHITE PLAINS • NEW YORK • 10601
TEL: 908-516-2066 • FAX: 917.591.5245 • WEB: WWW.FBRLLP.COM

EMAIL: jbonner@fbrllp.com

January 16, 2026

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn  NY  1201

      Re:    **United States v. Approximately 127,271 Bitcoin**
              **Civil Docket No. 25-5745 (RPK)**

Dear Judge Kovner:

      My firm represents the 95 Chairnoff Claimants, all of whom are victims of the September 11th terrorist attack on World Trade Center in New York City and who collectively hold judgments totaling more than $671 million in compensatory damages under 28 U.S.C. § 1605A against the Islamic Republic of Iran for its role in sponsoring that attack.  We write to request leave for the Chairnoff Claimants to file their attached verified claim to the Defendant Cryptocurrency at issue in this action after the December 29, 2025 deadline established by this Court.

      We have just recently learned, from the allegations in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, Civil Action No. 25-cv-07093 (E.D.N.Y.), that the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group ("Iran-China Group").  Iran-China Group, doing business on the blockchain as Lubian.com or Lubian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran.  Pursuant to the Terrorism Risk Insurance Act ("TRIA"), the Chairnoff Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities—including Iran-China Group—"[n]otwithstanding any other provision of law."  Accordingly, the Chairnoff Claimants possess an interest in as much of the Defendant Cryptocurrency as may be necessary to satisfy their outstanding compensatory damages judgments against Iran, plus post-judgment interest, which interest is superior to that of the U.S. government or of any claimants other than the similarly-situated Fritz and Baxter Claimants who filed verified claims in this action on December 29, 2025 (*see* ECF 29 and 30).

      We respectfully submit that good cause exists for extending the Chairnoff Claimants' deadline to submit their claim.  *See* Rule G(5)(a)(ii) of Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (setting claim deadlines '[u]nless the court for good cause sets a different time").  The Chairnoff Claimants did not receive direct notice of this forfeiture action.  Their counsel became aware of Iran's interest in the Defendant Cryptocurrency



The Honorable Rachel P. Kovner
January 16, 2026
Page 2

only after the December 29, 2025 deadline had passed, upon reviewing the complaint and motion papers filed in the *Fritz* action. The Chairnoff Claimants acted promptly upon becoming aware of that potential interest.

      No other parties will be prejudiced by allowing the Chairnoff Claimants to file their claim at this time. The Court has yet to adjudicate any substantive issues in this action, and has extended until January 19, 2026 the deadline for three other claimants to file their claims. *See* December 18, 2025 Order and December 29, 2025 Order. Moreover, the government received timely notice of the existence of claims by other victims of Iranian terrorism—specifically, the Fritz and Baxter claimants (*see* ECF 29 and 30)—whose claims are substantially identical to those of the Chairnoff Claimants.

                                                        Respectfully submitted,

                                                         James P. Bonner

Attachments:
- Chairnoff Claimants' Notice of Verified Claim and Statement of Interest
- Verification of Chairnoff Claimants' Claim (with Exhibit 1 - List of Chairnoff Claimants)