

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AFM:TRP
F. #2024R00105

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 16, 2026

By ECF

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    United States v. Approximately 127,271 Bitcoin
                  Civil Docket No. 25-5745 (RPK)

Dear Judge Kovner:

       The government writes in opposition to the Motion for Judicial Review of Hardship Petition for Release of Seized Property Pursuant to 18 U.S.C. § 983(f) filed by Connie Wilson (the "Petition"). *See* ECF No. 44. For the reasons set forth below, the Court should deny both the Petition and Ms. Wilson's related Status Report and Request for Conference (the "Status Report"), *see* ECF No. 40.

       As background, on October 14, 2025, the government filed a civil complaint *in rem* in the above-referenced case (the "Complaint"), seeking to forfeit 127,271 Bitcoin (the "Defendant Cryptocurrency"), as proceeds of fraud and property involved in money laundering in connection with Chen Zhi and others' operation of forced-labor scam compounds across Cambodia that engaged in cryptocurrency investment fraud schemes.

       Through the Wilson Petition, Ms. Wilson moves *pro se* on behalf of herself and her spouse, Leonard Wilson[1], seeking the "immediate release of verified assets currently held by the government . . . to prevent further irreparable hardship to this veteran family." Pet. at 1. Specifically, Ms. Wilson asserts that "the seized funds are our primary retirement savings," and that she needs the funds to pay for health care, Pet. at 1-2, and to make payments on a home equity line of credit, Status Rept at 1. The Petition asserts that the government "seized assets belonging to Claimant," and further asserts that "the property in question has been forensically verified by Special Agent Tiffany Loar of the United States Secret Service" as belonging to Ms. Wilson. Pet. at 1.

---

      [1]    The Wilson Petition is signed only by Connie Wilson, not Leonard Wilson.

The government is sympathetic to Ms. Wilson's predicament. However, the Petition is incorrect on the facts and the law. Special Agent Loar has indicated to the government that she has not traced Ms. Wilson's funds to the Defendant Cryptocurrency, nor has she even attributed Ms. Wilson's losses to actors associated with Chen Zhi, the Prince Group or its compounds. Those factual statements in the Petition are simply inaccurate. Moreover, as a matter of law, assets cannot be released on hardship grounds where they constitute "electronic funds" (subject to exceptions not applicable here), where they would be dissipated or transferred, and where the movant fails to claim a possessory interest. All of those obstacles operate here to bar Ms. Wilson's petition.

A.   Applicable Law

Title 18, United States Code, Section 983 sets forth general rules for civil forfeiture proceedings. Congress enacted Section 983(f), known as "the hardship provision," as part of the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) to provide a mechanism for the release of property during the pendency of a civil forfeiture proceeding in circumstances where the government's continued possession would create a substantial hardship for persons claiming an interest in the property. *United States v. Undetermined Amount of U.S. Currency*, 376 F.3d 260, 263-64 (4th Cir. 2004) (internal citations omitted). Section 983(f) provides a limited exception allowing for the release of restrained property during the pendency of a civil forfeiture case if five criteria are satisfied:

> **(f) RELEASE OF SEIZED PROPERTY**
> **(1)** A claimant under subsection (a) is entitled to immediate release of seized property if—
> **(A)** the claimant has a possessory interest in the property;
> **(B)** the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
> **(C)** the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
> **(D)** the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
> **(E)** none of the conditions set forth in paragraph (8) applies.

Paragraph 8, in turn, states:

> **(8)** This subsection shall not apply if the seized property—
> **(A)** is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;
> **(B)** is to be used as evidence of a violation of the law;

2

>> **(C)** by reason of design or other characteristic, is particularly suited for use in illegal activities; or
>> **(D)** is likely to be used to commit additional criminal acts if returned to the claimant.

The burden is on the claimant to demonstrate that all five of the criteria in Section 983(f)(1)(A)-(E) have been met. *See Undetermined Amount of U.S. Currency,* 376 F.3d at 264 (citing Section 983(f)(6)). If the claimant fails to establish any one of the five criteria, the claimant's motion for the release of the seized property must be denied. *Id.* at 265 (holding that it was unnecessary to determine whether the claimants could satisfy subparagraphs (C) or (E) after concluding that they could not satisfy subparagraph (D)).

   B.    <u>Argument</u>

Ms. Wilson does not satisfy the requirements for Section 983(f) relief for the reasons set forth below.

### 1. The Defendant Cryptocurrency is "Electronic Funds"

Relief under Section 983(f) is unavailable where the seized property is "currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized." 18 U.S.C. § 983(f)(8).

The seized property in this case comprises bitcoin, a type of electronic funds. *See United States v. Faiella,* 39 F. Supp. 3d 544, 545 (S.D.N.Y. 2014) (applying plain-meaning test to find that bitcoin is "funds" for purposes of 18 U.S.C. § 1960); *United States v. Ulbricht*, 31 F. Supp. 3d 540, 570 (S.D.N.Y. 2014) (same, with respect to 18 U.S.C. § 1956); *United States v. Budovsky*, No. 13-cr-368, 2015 WL 5602853, at *13 (S.D.N.Y. Sept. 23, 2015) (same); *United States v. Kim,* No. 21-cr-164, 2025 WL 2597397, at *3 (N.D. Cal. Sept. 8, 2025) (same; collecting cases).

In addition, the seized property does not constitute the assets of a legitimate business, which business has been seized (and neither the government nor Ms. Wilson contends otherwise).[2] *See United States v. 1119 Vista Del Mar Dr.*, 08-cv-303, 2008 WL 11470836, at *9 (S.D. Fla. Dec. 29, 2008) ("Because money is fungible and disposable[,] if a claimant only had to establish . . . that he would suffer a hardship if he was not able to use the seized funds, every

---

[2] Notably, the exception in Section 983(f)(8) applies only where the entire business has been seized; it is not invoked merely by the seizure of a business's assets. *See, e.g.*, *United States v. Approximately up to $15,034,6633*, 844 F. Supp. 2d 1216, 1218 (D. Utah 2011) (collecting cases); *accord In re Seizure of Any & All Funds on Deposit in Wells Fargo Bank, NA Acct. No. xxxxxxxxxxxxx*, 25 F. Supp. 3d 270, 276 (E.D.N.Y. 2014).

claimant with a hardship would have a free pass to use and dissipate illegal and tainted monies before the government obtained a judgment of forfeiture and without any regard to whether the monies were generated as part of a legitimate business. That is the reason why § 983(f)(8)(A) limits use of the hardship provision to release of currency or other monetary instruments that are the proceeds of the assets of a legitimate business.").

Because the seized property constitutes electronic funds not within an exception, it would not be available for relief to Ms. Wilson under Section 983(f) even if she were a claimant with a possessory interest in the property—which, as discussed below, she is not.

### 2. Ms. Wilson is not a "Claimant" with a "Possessory Interest" in the Defendant Cryptocurrency

By its terms, relief under Section 983(f)(1) is available only to a "claimant" with a "possessory interest" in the property. *See* Section 983(f)(1)(A). Ms. Wilson lacks a possessory interest because she has no basis to believe that she ever owned any part of the Defendant Cryptocurrency. Special Agent Tiffany Loar, the United States Secret Service agent referred to by Ms. Wilson, has informed the government that she has not traced Ms. Wilson's stolen funds to the Defendant Cryptocurrency, or otherwise linked them to the Prince Group or Chen Zhi. Ms. Wilson is simply mistaken in this respect. Thus, Ms. Wilson lacks any basis to claim an interest in the seized property.[3]

### 3. Ms. Wilson Would Use the Released Funds to Pay Expenses

Finally, the funds cannot be released to Ms. Wilson because she concedes that the funds will be used to pay her expenses.

Section 983(f)(1)(D) directs the court to weigh a movant's likely hardship against "the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding." Where "dissipation is nearly certain, the balance under § 983(f)(1)(D) tips sharply against the claimant. It would be improvident and against the precedents to order the immediate release of [] currency that will be dissipated with no guarantee of an equivalent replacement." *In re Seizure of Any & All Funds on Deposit in Wells Fargo Bank, NA Acct. No. xxxxxxxxxxxxx*, 25 F. Supp. 3d 270, 279 (E.D.N.Y. 2014) (internal citation and quotation marks omitted); *see United States v. Lebanese Canadian Bank SAL*, No. 11-cv-9186, 2012 WL 1982288, at *2 (S.D.N.Y. June 1, 2012) (denying hardship petition because, despite demonstrating substantial hardship, movants "have not provided

---

[3] In addition, Ms. Wilson is not a "claimant" in this action because she has not filed a claim. This is not a mere procedural defect; filing a claim would obligate Ms. Wilson to identify what part of the Defendant Cryptocurrency she claims to be entitled to, and clarify her interest in the property. However, even if those defects were cured (and even if the Court permitted Ms. Wilson to file a claim out of time), Ms. Wilson would still be unable to clear the remaining hurdles to her petition; she lacks any interest in the seized property, the seized property constitutes "currency" not within an exception, and the released funds would be dissipated or transferred, as discussed below.

adequate assurances that the property, if released, would not be destroyed, damaged, lost, concealed, or transferred in violation of § 983(f)(1)(D).").

Ms. Wilson forthrightly (and understandably) asserts that she seeks the release of funds to ensure her husband's "medical care and housing stability," Pet. at 1-2, and to make payments on a home equity line of credit, Status Rept at 1. But those uses, which would dissipate and transfer the claimed assets, weigh heavily against Ms. Wilson in the balancing test of Section 983(f)(1)(D). Put simply, Section 983(f) does not authorize the release of assets—much less funds—that will be dissipated or transferred before the forfeiture case is completed.

    C.    <u>Conclusion</u>

For all of the above reasons, the government respectfully submits that the Court should deny Ms. Wilson's Hardship Petition for the Release of Seized Property pursuant to 18 U.S.C. § 983(f).

    Respectfully submitted,

    JOSEPH NOCELLA, JR.
    United States Attorney

By:    /s/
    Alexander Mindlin
    Tanisha R. Payne
    Benjamin Weintraub
    Andrew Reich
    Rebeccah Schumann
    Assistant U.S. Attorneys
    (718) 254-7000

    Christopher B. Brown
    Supervisory Trial Attorney
    National Security Cyber Section
    National Security Division