# ANDERSON KILL P.C.

7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212-278-1000 / www.andersonkill.com

Jerry Goldman
jgoldman@andersonkill.com
212-278-1569

*Via ECF*  January 19, 2026

The Honorable Rachel P. Kovner
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: **_United States v. Approximately 127,271 Bitcoin_, No. 1:25-cv-05745 (RPK)**

Dear Judge Kovner:

We represent the O'Neill Claimants, over 3,000 family members and estate representatives of approximately 600 individuals who were victims of the September 11, 2001 terrorist attacks (the "9/11 Attacks"). Our clients have been awarded compensatory damages judgments totaling approximately $21,415,277,028 under 28 U.S.C. §§1605A and 1605B against the Islamic Republic of Iran for its role in sponsoring the 9/11 Attacks.

I am a member of the Court-established Plaintiffs' Executive Committee for Personal Injury and Death Claims, which manages the 9/11 litigations on behalf of the plaintiffs in the multidistrict litigation pending in the U.S. District Court for the Southern District of New York, *In re Terrorist Attacks on September 11, 2001*, 03-MDL-1570 (GBD)(SN).

We write to respectfully request leave for the O'Neill Claimants to file their attached verified claim (including the exhibits thereto) to the Defendant Cryptocurrency at issue in this action after the December 29, 2025 deadline established by this Court.

Importantly, undersigned counsel, in this particular filing, takes no position on whether the cryptocurrency assets that are the subject to this action should be deposited into the U.S. Victims of State Sponsored Terrorism ("VSST") Fund, in accordance with the Justice for United States Victims of State Sponsored Terrorism Act, 34 U.S.C § 20144, but rather makes this request to protect the interests of the O'Neill Claimants should this Court determine that the cryptocurrency assets are attachable by victims of terrorism and do not properly belong in the VSST Fund. 9/11 victims who hold compensatory damages judgments against Iran deserve to be compensated for the horrendous losses they suffered.

We recently learned about this forfeiture action, and the allegations in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, No. 1:25-cv-07093 (E.D.N.Y.), and the

**Anderson Kill P.C.**

The Honorable Rachel P. Kovner
January 19, 2026
Page 2

claims of the *Fritz* plaintiffs recently set forth in this action, ECF No. 29, that the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group ("Iran-China Group"). According to the *Fritz* plaintiffs, the Iran-China Group, doing business on the blockchain as Lubian.com or Lubian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran.

Pursuant to the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, the O'Neill Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities—including Iran-China Group—"[n]otwithstanding any other provision of law." Accordingly, the O'Neill Claimants have an interest in as much of the Defendant Cryptocurrency as may be necessary to satisfy their outstanding compensatory damages judgments against Iran, plus post-judgment interest, which interest is superior to that of the U.S. government.

We respectfully submit that good cause exists for extending the O'Neill Claimants' deadline to submit their claim. *See* Rule G(5)(a)(ii) of Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (setting claim deadlines '[u]nless the court for good cause sets a different time"). The O'Neill Claimants did not receive direct notice of this forfeiture action and undersigned counsel became aware of Iran's interest in the Defendant Cryptocurrency on January 16, 2026, after the December 29, 2025 deadline imposed by this Court. The O'Neill Claimants have acted promptly upon becoming aware of that potential interest. *See United States v. Premises & Real Prop. at 4492 S. Livonia Rd., Livonia, N.Y.*, 889 F.2d 1258, 1262 (2d Cir. 1989) ("Where, as here, a claimant has made a sufficient showing of interest in the property through the filing with the court of a motion and accompanying affidavits, technical noncompliance with the procedural rules governing the filing of claims may be excused."); *Henry v. Oluwole*, 108 F.4th 45, 51 (2d Cir. 2024) (general policy of courts is to favor judgments on the merits and disfavor default judgments) (collecting authorities).

No other parties will be prejudiced by allowing the O'Neill Claimants to file their claim at this time. The Court has yet to adjudicate any substantive issues in this action, and has extended until January 19, 2026 the deadline for three other claimants to file their claims. *See* December 18, 2025 Order and December 29, 2025 Order. Moreover, the U.S. government received timely notice of the existence of claims by other victims of Iranian terrorism—specifically, the Fritz and Baxter claimants (*see* ECF Nos. 29 and 30)—whose claims are substantially related to those of the O'Neill Claimants.

**Anderson Kill P.C.**

The Honorable Rachel P. Kovner
January 19, 2026
Page 3

We thank the Court for its attention to this matter.

                                              Respectfully submitted,

                                              */s/ Jerry Goldman*
                                              Jerry S. Goldman, Esq.

                                              *Attorney for the O'Neill Claimants*

Cc (via ECF): All Counsel of Record
Enclosure