

DALLAS | BATON ROUGE | NEW ORLEANS | LOS ANGELES
SAN DIEGO | NEW YORK | WASHINGTON, D.C.

800.222.2766     3102 Oak Lawn Avenue
tel 214.521.3605    Suite 1100
fax 214.279.9915    Dallas, TX 75219-4281

January 19, 2026

**VIA ECF**
The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    United States v. Approximately 127,271 Bitcoin
              Case No. 25-cv-5745 (RPK)

Dear Judge Kovner:

    We represent over 300 servicemembers, or their estates and family members, whose circumstances were forever altered by over sixty terrorist attacks sponsored by the Islamic Republic of Iran ("Iran"). These victims and their families collectively hold $2.079 billion in judgments against Iran. We write to respectfully request that the Court grant a brief extension—two weeks from the date of any order granted by the Court—for these victims of Iranian sponsored terrorism to file a Verified Claim pursuant to Supplemental Rule G(5)(a)(ii) in the above captioned action. The Government has informed undersigned counsel that it takes no position on this request for a brief extension.

## Background

    From 2006-2011, Iran provided material support to various terrorist organizations operating in Iraq. With Iran's substantial material support, these terrorist organizations carried out sixty-three attacks on U.S. military servicemembers that killed hundreds of United States servicemembers and left substantially more victims with life-altering injuries, including lost limbs and facial features, paralysis, and severe post-traumatic stress disorder. These attacks left the families of these victims, both deceased and injured, with lifelong grief and financial hardship.

    We represent the servicemembers and their estates who brought two separate actions in the United States District Court for the District of Columbia seeking compensatory and punitive damages against Iran resulting from these attacks. Attached hereto as Exhibit 1 is a copy of the Order in *Diane Pennington, et. al. v. Islamic Republic of Iran*, Case 1:19-cv-00796-JEB (D.D.C. May 3, 2022) and as Exhibit 2, its amendment on January 16, 2026, entering a total judgment in the amount of $309,103,128 in favor of the Plaintiffs ("Pennington Claimants"). Attached hereto as Exhibit 3 is a copy of the Order in *All Plaintiffs Represented by John Driscoll*, Case No. 1:20-cv-00622-ZMF (D.D.C. September 13, 2024), and as Exhibit 4, its amendment on December 3, 2025, entering a total judgment in the amount of $1,769,994,856 in favor of the Plaintiffs in that

matter ("Driscoll Plaintiffs"). Both the Pennington Claimants and Driscoll Claimants (together, "Moving Claimants"), now seek relief from this Court.

On October 14, 2025, the government filed this civil forfeiture action, seeking forfeiture of approximately 127,271 Bitcoin, valued at approximately $15 billion. *See* https://www.justice.gov/opa/pr/chairman-prince-group-indicted-operating-cambodian-forced-labor-scam-compounds-engaged. The government's press release explained that the Bitcoin is allegedly proceeds and instrumentalities of wire fraud and money laundering schemes perpetrated by Chen Zhi and the Prince Holding Group, a business conglomerate in Cambodia. *Id*. Neither the press release nor any pleadings submitted by the Government referenced any Iranian ownership interest in the Bitcoin. *Id.*

On November 10, 2025, Zhi Chen, a party to the instant matter, filed a Letter Motion for an Extension of Time to File *Claims*. [Dkt. No. 6]. On November 13, 2025, Warp Data Technology Lao Sole Co. Ltd., a party to the instant matter, also filed a Letter Motion for Extension of Time to File *Claims*. [Dkt. No. 9]. On December 11, 2025, the Court granted the foregoing Letter Motions in part, and denied them in part, ruling, *inter alia*, that: "Accordingly, only claimants Chen Zhi and Warp Data may file claims opposing forfeiture in this action by 1/19/2026. But to the extent additional third parties hope to file claims opposing forfeiture in this action, they may do so by 12/29/2025." *See* December 11, 2025, Order on the Docket ("Dec. 11, 2025, Order"). On December 29, 2025, a group of claimants filed a claim, verified claim, and Statement of Interest or Right in Property Subject to Forfeiture In Rem alleging, in sum, that the Bitcoin that is the subject of these proceedings is, in truth, property of Iran. *See* [Dkt No. 30]. Following public reporting on the foregoing filings, after the Court's December 29, 2025, deadline for third parties to file forfeiture claims, undersigned counsel learned, for the first time, that the Bitcoin was potentially owned by an instrumentality of Iran. Immediately upon learning this, undersigned counsel exercised due diligence to verify the connection between the seized Bitcoin and the Government of Iran to protect our clients' rights to satisfy their default judgments.

## Good Cause Exists For a Brief Extension of the Claims Filing Deadline

As this Court has set forth, it has discretion to grant leave to file an untimely verified claim upon a showing of good cause. *See* Dec. 11, 2025, Order; *see also United States v. $417,143.48*, 682 Fed. App'x 17, 19 (2d Cir. 2017). "In the case of an untimely claim, courts generally permit a party to file a belated claim if the party demonstrates excusable neglect for failure to timely file, in line with the standards set forth in Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure." *United States v. $417,143.48*, 13-cv-5567, 2015 WL 5178121, at *9 (E.D.N.Y. Sept. 2, 2015) (aff'd *United States v. $417,143.48*, 682 Fed. App'x at 19. Courts look to factors like "when the claimant became aware of the seizure, the reasons proffered for any delay, whether the government was aware of the claimant's interest, and any prejudice to the government." *$417,143.48*, 2015 WL 5178121, at *9. This good cause inquiry is "an 'elastic concept,' that is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *United States v. $610,210*, 21-cv-4854, 2022 WL 1125980, at *5 (S.D.N.Y. April 15, 2022).

January 19, 2026
Page 3

Here, the Moving Claimants have acted diligently and in good faith in monitoring public developments and acting swiftly to protect their rights as judgment creditors. While the government filed this action on October 14, 2025, the Moving Parties were not on notice of the connection between the seized Bitcoin and Iran until late December 2025. Immediately upon discovering this connection, counsel acted expeditiously in contacting experts and conducting due diligence on the validity of the Moving Claimants' claim to the Bitcoin at issue in this action. Because the Moving Claimants did all that they could reasonably be expected to do under the circumstances to protect their interests in this case, they acted in good faith.

The government will not be prejudiced by the brief two-week extension that the Moving Claimants request. The Department of Justice described this forfeiture as the largest in its history. Given the large scale and complexity of this action, it is not likely to proceed at a pace that a two-week extension will cause meaningful delay.[1] Moreover, Mr. Zhi noted that he engaged multiple forensic and cryptocurrency experts to support his claim to the seized Bitcoin. This expert discovery process will likely be further complicated by Mr. Zhi's recent arrest and extradition to China. This case remains in its early stages, with another motion for leave to file a claim pending, and at least one outstanding Answer to be filed. Accordingly, a brief two-week extension is reasonable under the circumstances and will not prejudice the government or the other claimants who have filed.

The Moving Claimants further note that this Court previously granted six extensions for claimants to file verified claims, recognizing that good cause existed based on the circumstances of this case. *See* Dec. 11, 2025, Order (granting extensions for claimants Zhi and Warp Data); December 18, 2025, Order on the Docket (granting extensions for claimants Lubian and Yang); December 29, 2025, Order on the Docket (granting extensions for claimants Chen and Tian). Indeed, the Court found good cause to extend Mr. Zhi's deadline to file a claim, even where, unlike the Moving Claimants, he received direct notice of the action. In light of the foregoing, the Moving Claimants respectfully submit the same relief is warranted here.

Finally, the Moving Claimants have demonstrated that they have a significant interest in the property in this forfeiture action. *United States (Drug Enforcement Agency) v. One 1987 Jeep Wrangler Auto VIN No. 2BCCL8132HBS12835*, 972 F.2d 472, 481 (2d Cir. 1992) ("[T]his circuit has held that technical noncompliance with the procedural rules governing the filing of forfeiture claims will be excused where there is a sufficient showing of interest in the property."). As discussed above, the Moving Claimants are victims of Iranian sponsored terror attacks who secured over $2 billion in judgments against Iran. These judgments represent a measure of justice and accountability that merits meaningful recognition in the legal system. Moreover, based upon initial discussions with experts—which remains ongoing—the Moving Claimants are prepared to move forward with a verified claim against the Bitcoin that is the subject of these proceedings. Accordingly, the Moving Claimants have demonstrated a compelling interest in the property in this forfeiture action.

---

[1] Press Release, Department of Justice, Chairman of Prince Group Indicted for Operating Cambodian Forced-Labor Scam Compounds Engaged in Cryptocurrency Fraud Schemes (Oct. 14, 2025) (describing the underlying criminal allegation as a "complex, multi-jurisdictional fraud scheme[].").

January 19, 2026
Page 4


The Second Circuit has noted that "a critical purpose of Rule G is that "it forces claimants to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay." *$417,143.48*, 682 Fed. App'x at 19. Here, granting a brief two-week extension to the Moving Claimants would give effect to that critical purpose because 1) the Moving Claimants came forward as quickly as possible, 2) it would allow the Court to hear all interested parties in this matter, and 3) it would permit the Court to resolve the case without any significant delay. For the foregoing reasons, the Moving Claimants respectfully request that this Court grant a brief two-week extension and leave to late-file their claim in this forfeiture action.

Thank you for your consideration of this matter.

Respectfully,


*/s/ Celeste Evangelisti*
Celeste Evangelisti
Russell Budd (*pro hac vice* forthcoming)
Dan Alberstone (*pro hac vice* forthcoming)
Mike Thakur (*pro hac vice* forthcoming)
Marco A. Palmieri (*pro hac vice* forthcoming)
Baron & Budd, P.C.
3102 Oak Lawn Avenue #1100
Dallas, TX 75219
(214) 521-3605 telephone
cevangelisti@baronbudd.com
rbudd@baronbudd.com
dalberstone@baronbudd.com
mthakur@baronbudd.com
mpalmieri@baronbudd.com

THE DRISCOLL FIRM, P.C.
Paul W. Johnson (*pro hac vice* forthcoming)
Christopher J. Quinn (*pro hac vice* forthcoming)
211 N. Broadway, 40th Floor
St. Louis, MO 63102
(314) 932-3232 telephone
(314) 932-3233 facsimile
paul@thedriscollfirm.com
chris@thedriscollfirm.com

January 19, 2026
Page 5

                                       THE DRISCOLL FIRM, LLC
                                       John J. Driscoll (*pro hac vice* forthcoming)
                                       1311 Avenida Juan Ponce de Leon, 6th Floor
                                       San Juan, PR 00907
                                       (314) 222-2605 telephone
                                       (314) 932-3233 facsimile
                                       john@jjlegal.com

Cc: Counsel of record (via ECF)