## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendant, *In Rem*. | Civil Action No. 1:2025-cv-05745 (RPK) |

## VERIFICATION OF O'NEILL CLAIMANTS' CLAIM

JERRY S. GOLDMAN, Esq., an attorney duly licensed to practice law before the Courts of the State of New York and this Court, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a shareholder of the law firm Anderson Kill P.C., 7 Times Square, 15th Floor, New York, NY 10065.

2.      All statements in this verification are within my personal knowledge and reflected in the official dockets of this court and the United States District Court for the Southern District of New York.

3.      I represent the O'Neill Claimants in this action, and in actions consolidated into the multidistrict litigation, *In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-1570 (GBD)(SN)(S.D.N.Y.). *See* Exhibits 1, 2, and 3, which are incorporated herein.

4.      The O'Neill Claimants have been awarded compensatory damages judgments totaling approximately $21,415,277,028 under 28 U.S.C. §§1605A and 1605B against the Islamic Republic of Iran ("Iran") for its role in sponsoring the 9/11 Attacks.

5.      Attached hereto as Exhibit 1 is a verified list of the O'Neill Claimants, including the name of each claimant, the amount of compensatory damages awarded to such claimant, and the date and ECF No. of such judgment. *See also* Exhibits 2 and 3.

6.      All of the judgments identified in Exhibits 1-3 hereto were served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4).

7.      As detailed in a related action pending in this Court, entitled *Fritz v. Iran & China Investment Development Group*, No. 1:2025-cv-07093 (E.D.N.Y.) ("*Fritz* Action"), the 127,271 Bitcoin that constitute the Defendant Cryptocurrency in the instant action belong to the Iran and China Investment Development Group ("Iran-China Group"), doing business as Lubian.com or LuBian. *See Fritz* Action, ECF 70. The Iran-China Group is an agency or instrumentality of Iran. Accordingly, its assets are blocked by operation of U.S. law. *See* Executive Order No. 13599, 77 Fed. Reg. 6659, 6659 (Feb. 5, 2012).

8.      To preserve the O'Neill Claimants' ability to pursue execution and turnover of the 127,271 Bitcoin—which constitute the Defendant Cryptocurrency in this action—on behalf of the O'Neill Claimants pursuant to N.Y. CPLR 3020(d), I hereby notice and verify the claims of the O'Neill Claimants against the Defendant Cryptocurrency. Because TRIA allows victim of terrorism with judgments against state sponsors of terrorism to attach and execute against blocked assets of those terrorist states or their agents or instrumentalities—including such assets that have been "seized" by the U.S. government—"notwithstanding the any other provision of law," TRIA § 201(a), I hereby notice and verify the O'Neill Claimants' superior interest in so much of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the outstanding

DOCS-100880888.1

compensatory damages owed to the O'Neill Claimants on their judgments against Iran, plus post-judgment interest.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1786 that the foregoing is true and correct.

Dated:  New York, New York
         January 19, 2026

/s/ Jerry S. Goldman
Jerry S. Goldman, Esq.

3