# O'Hare Parnagian LLP

20 Vesey Street, Suite 300
New York, NY 10007
(212) 425-1401
Fax: (212) 425-1421
www.ohareparnagian.com

Westchester Office
700 White Plains Road, Suite 255
Scarsdale, NY 10583-5013
(914) 725-3632
Fax: (914) 725-3639

January 19, 2026

**By ECF**

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *United States v. Approximately 127,271 Bitcoin*
            No. 25-cv-5745-RPK

Dear Judge Kovner:

    For purposes of this matter and pending the prompt filing of *pro hac vice* motions, we have been asked to act as local counsel to Wiggins Childs Pantazis Fisher Goldfarb LLC in their capacity as lead counsel for the estates and family members of individuals killed in the September 11, 2001 terrorist attacks who are judgment creditors in *Havlish v. bin Laden*, Case No. 03-md-09848 (S.D.N.Y.); *Hoglan v. Islamic Republic of Iran*, Case No. 11-cv-7550 (S.D.N.Y.); *Ray v. Islamic Republic of Iran*, Case No., 19-cv-00012 (S.D.N.Y.); and *Maher v. Islamic Republic of Iran*, Case No. 20-cv-00266 (S.D.N.Y.) (collectively, the "Havlish Judgment Creditors").  Each has a final, enforceable judgment, entered pursuant to 28 U.S.C. 1605A, against the Islamic Republic of Iran for damages caused by Iran's participation in and material support for those terrorist attacks.  Their outstanding compensatory damages exceed $6 billion.[1]

    The Havlish Judgment Creditors request leave of Court to file a claim to the Defendant Cryptocurrency pursuant to 18 U.S.C. § 983(a) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G").  This request seeks leave to file the claim after the December 29, 2025 deadline previously set by the Court.  The Havlish Judgment Creditors' proposed claim and its exhibits are attached.

    We have recently learned, from allegations in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, No. 25-cv-07093 (E.D.N.Y.) and the Fritz Claimants' December 29, 2025 Notice of Verified Claim and Statement of Interest or Right in Property Subject to Forfeiture *in Rem* (ECF No. 29), that the Defendant Cryptocurrency is property of the Iran and China Investment Development Group ("Iran-China Group").  The Iran-China Group,

---

[1] In the *Ray* action, our firm does act as co-counsel to certain named plaintiffs.

O'Hare Parnagian LLP

The Honorable Rachel P. Kovner
January 19, 2026
Page 2

doing business on the blockchain as Lubian.com or Lubian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran.

      Section 201(a) of the Terrorism Risk Insurance Act ("TRIA") authorizes the Havlish Judgment Creditors to attach and execute on *any* blocked assets of Iran or *any* blocked assets of *any* agency and instrumentality of Iran, "[n]otwithstanding any other provision of law." The Defendant Cryptocurrency are blocked assets within the meaning of TRIA. Therefore, the Havlish Judgment Creditors possess an interest in as much of the Defendant Cryptocurrency as may be necessary to satisfy their outstanding compensatory damages judgments against Iran. Furthermore, their interest is superior to any interests that might be asserted by the United States or any claimants other than similarly-situated claimants who are entitled to enforce terrorism judgments under TRIA.

      Good cause exists for extending the deadline for the Havlish Judgment Creditors to submit their claim. *See* Rule G(5)(a)(ii) (setting claim deadlines "[u]nless the court for good cause sets a different time"). The Havlish Judgment Creditors did not receive direct notice of this forfeiture action from the United States. Instead, their counsel only became aware of Iran's interest in the Defendant Cryptocurrency after the December 29, 2025 deadline when they reviewed the papers filed by the Fritz Claimants in their TRIA complaint and their Verified Notice of Claim in this proceeding. Once they became aware of their claim, the Havlish Judgment Creditors have acted promptly.

      Allowing the Havlish Judgment Creditors to file their claim after the deadline also will not prejudice any other Rule G claimant. The Court has not yet ruled on any substantive issues affecting any claimant. In addition, it has extended the deadline for three other claimants to January 19, 2026. *See* Order dated December 18, 2025 and Order dated December 29, 2025. Moreover, the government will not be prejudiced. It received timely notice from other claimants that TRIA gives victims of Iranian terrorism authority to claim interests in the Defendant Cryptocurrency. The Havlish Judgment Creditors' claims are based on the same legal principles and rise from the same statutory authority as those claimants.

      Respectfully,

      *s/Andrew C. Levitt*

      Andrew C. Levitt

Attachments