UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>                Defendant *In Rem*. | Civil Action No. 25-5745 (RPK) |

### *FRITZ* VICTIMS' ANSWER TO VERIFIED COMPLAINT *IN REM*

Pursuant to Rule G(5)(b) of the Federal Rules of Civil Procedure, the *Fritz* Victims hereby answer the government's Verified Complaint *In Rem*, dated October 14, 2025 (ECF No. 1), as follows:[1]

### NATURE OF THE ACTION

1.    The *Fritz* Victims admit the allegations in Paragraph 1, but deny that the United States has any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Fritz* Victims in the Defendant Cryptocurrency.

2.    Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, the *Fritz* Victims deny that any of the authorities referenced in Paragraph 2 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Fritz* Victims in the Defendant Cryptocurrency.

---

[1] A full list of Claimants is included as Attachment A to the Verification of the *Fritz* Victims' Claims. *See* ECF No. 29-2.

1

## JURISDICTION AND VENUE

3. Paragraph 3 contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the *Fritz* Victims admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Paragraph 4 contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the *Fritz* Victims lack knowledge sufficient to confirm or deny the allegation that acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

## THE DEFENDANTS IN REM

5. The *Fritz* Victims admit that the Defendant Cryptocurrency is the 127,271 Bitcoin that was once stored at the addresses listed in Attachment A to its Verified Complaint. The Defendant Cryptocurrency is owned by the Iran and China Investment Development Group ("Iran-China Group"), an Iranian joint-stock company doing business as LuBian that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. sanctions.

6. On information and belief, the *Fritz* Victims admit the allegations in Paragraph 6.

## RELEVANT STATUTES AND REGULATIONS

**A. Wire Fraud**

7. Paragraph 7 characterizes a statute that speaks for itself, and no response is required.

8. Paragraph 8 characterizes a statute that speaks for itself, and no response is required.

**B. Money Laundering**

9. Paragraph 9 characterizes a statute that speaks for itself, and no response is required.

10. Paragraph 10 characterizes a statute that speaks for itself, and no response is required.

2

11. Paragraph 11 characterizes a statute that speaks for itself, and no response is required.

12. Paragraph 12 characterizes and purports to quote a statute that speaks for itself, and no response is required.

### C. Forfeiture Statutes

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the *Fritz* Victims deny that any of the authorities referenced in Paragraph 13 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Fritz* Victims in the Defendant Cryptocurrency.

14. Paragraph 14 characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the *Fritz* Victims deny that any of the authorities referenced in Paragraph 14 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Fritz* Victims in the Defendant Cryptocurrency.

## FACTS

### A. Introduction

15. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 15.

### B. Relevant Individuals and Entities

16. The *Fritz* Victims admit that LuBian was the cryptocurrency mining pool and front for the Iran-China Group, an Iranian joint-stock company backed by Chinese investors that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. sanctions. The *Fritz* Victims further admit that

the Iran-China Group maintained a Bitcoin mining facility in Iran.  The *Fritz* Victims lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 16, including subsections (a) through (t) and (v) through (y).

    **C.**    **Relevant Terms and Definitions**

    17.    The *Fritz* Victims admit the allegations in subsections (d) through (*l*) of Paragraph 17.  The *Fritz* Victims lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 17, including subsections (a) through (c).

    **D.**    **The Criminal Schemes**

        **i.**    **Background**

    18.    The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 18.

    19.    Paragraph 19 purports to quote a document that speaks for itself, and no response is required.  The *Fritz* Victims lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 19.

    20.    The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 20.

        **ii.**    **The Fraud Schemes**

    21.    The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 21.

        a.    The Scam Compounds

    22.    The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 22.

23. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 23.

24. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 24.

25. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 25.

26. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 26.

      b.    <u>The Use of Bribes and Violence in Furtherance of the Schemes</u>

27. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 27.

28. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 28.

29. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 29.

30. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 30.

31. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 31.

      c.    <u>The Brooklyn Network</u>

32. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 32.

33. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 33.

34. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 34.

35. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 35.

36. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 36.

37. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 37 and Footnote 2.

      **iii.**      **The Money Laundering Schemes**

38. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 38.

39. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 39.

40. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 40 and Footnote 3.

41. Footnote 4 purports to quote a document that speaks for itself, and no response is required. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 41.

42. The *Fritz* Victims admit that the Iran-China Group doing business as LuBian operated a Bitcoin mining facility that "produced large sums of clean bitcoin dissociated from criminal proceeds." The *Fritz* Victims also admit that this was the sixth largest Bitcoin mining

6

operation in the world for some of the time it was active. The *Fritz* Victims deny that the Iran-China Group was based in China. Instead, the Iran-China Group was an Iranian joint-stock company funded by Chinese investors that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. sanctions, and LuBian was the name of its cryptocurrency mining pool. The *Fritz* Victims deny any implication that Chen provided all of the financial support for the Iran-China Group's mining operations. The *Fritz* Victims lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 42.

43. The *Fritz* Victims deny the implication that the wallets containing the Defendant Cryptocurrency were exclusively controlled by Chen. Rather, the Iran-China Group doing business as LuBian controlled the wallets containing the Defendant Cryptocurrency. The *Fritz* Victims lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 43 and Footnote 5.

### E. The Defendants *In Rem*

44. The *Fritz* Victims admit the allegations in Footnote 7 and that the government is seeking to forfeit Bitcoin that was stored at the 25 cryptocurrency addresses identified in the table following Paragraph 44.[2] On information and belief, the *Fritz* Victims deny that the table following Paragraph 44 accurately identifies the amount of Bitcoin stored at each address in December 2020, provides a complete list of all addresses containing the Iran-China Group's Bitcoin in December 2020, or identifies all of the Bitcoin owned by the Iran-China Group that is

---

[2] Throughout its Verified Complaint, including in Paragraphs 44, 46, 48, 49, 52, 55, and 56, the government describes the addresses that stored the Defendant Cryptocurrency in December 2020 as "Chen Wallets." The *Fritz* Victims deny that those addresses are properly described as "Chen Wallets" to the extent the term implies that all the Defendant Cryptocurrency necessarily belonged to Chen.

currently in the government's possession. The *Fritz* Victims also deny that the Defendant Cryptocurrency comprises solely the proceeds of Chen's fraud packaged as heavily laundered cryptocurrency. At least 11,166.51 BTC of the Defendant Cryptocurrency are directly traceable to Bitcoin mined by the Iran-China Group's Rafsanjan mine, and all of the Defendant Cryptocurrency constituted the Iran-China Group's pool-level reserve of Bitcoin. The *Fritz* Victims lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 44 and Footnote 6.

45. The *Fritz* Victims admit that at least some of the cryptocurrency addresses were funded using Bitcoin newly mined by the Iran-China Group doing business as LuBian. The *Fritz* Victims lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 45 and Footnote 8.

46. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 46 and the following table.

47. The *Fritz* Victims admit that the four cryptocurrency wallet addresses listed in Cluster Index-4 as described in subsection (d) and Footnote 9 of Paragraph 47 were associated with the Iran-China Group doing business as LuBian and were funded at least in part using the newly mined proceeds of the Iran-China Group's Bitcoin mining operations. The *Fritz* Victims deny any implication that the other cryptocurrency wallet addresses described in subsections (a) through (c) and (e) through (m) of Paragraph 47 were not associated with the Iran-China Group doing business as LuBian. To the contrary, all of the wallets described in Paragraph 47 were held by the Iran-China Group doing business as LuBian. On information and belief, the Fritz Victims also deny that Paragraph 47 accurately identifies the total amount of Bitcoin stored at the address(es) constituting each Cluster in December 2020. The *Fritz* Victims lack knowledge

sufficient to confirm or deny the remaining allegations in Paragraph 47 and Footnote 9, including subparagraphs (a) through (m).

48. The *Fritz* Victims deny that all of the Defendant Cryptocurrency went "through a process of high-volume disaggregation and funneling" "across a complex network of hosted and unhosted cryptocurrency wallets," as at least some of the Defendant Cryptocurrency was Bitcoin that was newly mined by the Iran-China Group doing business as LuBian. The *Fritz* Victims lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 48.

49. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 49.

50. The *Fritz* Victims admit that the Defendant Cryptocurrency encompasses Bitcoin directly traceable to cryptocurrency that was newly mined by the Iran-China Group doing business as LuBian, though the *Fritz* Victims calculate that number as encompassing at least 11,166.51 BTC. The *Fritz* Victims lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 50.

51. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 51.

52. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 52.

53. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 53.

54. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 54.

55. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 55, including subsections (a) through (g).

56. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 56.

57. The *Fritz* Victims lack knowledge sufficient to confirm or deny the allegations in Paragraph 57.

58. On information and belief, the *Fritz* Victims admit the allegations in Paragraph 58.

### F.  Criminal and Regulatory Actions

59. On information and belief, the *Fritz* Victims admit the allegations in Paragraph 59, but they deny any implication that they need a license from the United States Department of the Treasury's Office of Foreign Assets Control to attach and execute against the Defendant Cryptocurrency under the Terrorism Risk Insurance Act ("TRIA").

## FIRST CLAIM FOR RELIEF
### (Proceeds Traceable to Wire Fraud)

60. The *Fritz* Victims incorporate and reallege each and every response to Paragraphs 1 through 59 set forth above as though set forth in full here.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, the *Fritz* Victims deny that any of the allegations in Paragraph 61 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Fritz* Victims in the Defendant Cryptocurrency.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, the *Fritz* Victims deny that any of the allegations in Paragraph 62 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Fritz* Victims in the Defendant Cryptocurrency.

## SECOND CLAIM FOR RELIEF
**(Property Involved in Money Laundering)**

63. The *Fritz* Victims incorporate and reallege each and every response to Paragraphs 1 through 62 set forth above as though set forth in full here.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, the *Fritz* Victims also deny that any of the allegations in Paragraph 64 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Fritz* Victims in the Defendant Cryptocurrency.

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, the *Fritz* Victims deny that any of the allegations in Paragraph 65 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Fritz* Victims in the Defendant Cryptocurrency.

## **AFFIRMATIVE AND OTHER DEFENSES**

The defenses asserted herein are based on the *Fritz* Victims' knowledge, information, and belief at this time. The *Fritz* Victims specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Complaint except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the government's claims, the *Fritz* Victims assert the following affirmative and other defenses:

1. The *Fritz* Victims possess an interest in the Defendant Cryptocurrency.

2. The *Fritz* Victims possess an interest in the Defendant Cryptocurrency that is senior to the government's claim under TRIA, Pub. L. No. 107-297, § 201(a) (2002) (codified at 28 U.S.C. § 1610), notwithstanding the instant civil forfeiture action.

3. The *Fritz* Victims are entitled to attach and execute upon the Defendant Cryptocurrency because they have satisfied TRIA. Specifically, the *Fritz* Victims obtained their judgments against the Islamic Republic of Iran—a terrorist party—based on an act of terrorism; the Defendant Cryptocurrency is blocked under the International Emergency Economic Powers Act; and the Defendant Cryptocurrency is owned by the Iran and China Investment Development Group, an agency or instrumentality of Iran.

4. The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. Because of their claim under TRIA, the *Fritz* Victims have a property interest in the Defendant Cryptocurrency governed by the Fifth Amendment. As a result, forfeiting the Defendant Cryptocurrency to the government without "due process of law" would violate the *Fritz* Victims' rights under the Fifth Amendment.

5. The Fifth Amendment also provides "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Because of the *Fritz* Victims' property interest in the Defendant Cryptocurrency, forfeiting that property to the government would result in a taking of their property without just compensation.

6. The *Fritz* Victims deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: January 19, 2026  
New York, New York

Respectfully submitted,

/s/ *Jason W. Myatt*
Robert L. Weigel
Jason W. Myatt
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
rweigel@gibsondunn.com
jmyatt@gibsondunn.com

Jessica L. Wagner (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
jwagner@gibsondunn.com

*Attorneys for* Fritz *Victims*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 19, 2026, I electronically filed the foregoing *Fritz* Victims' Answer to Verified Complaint *In Rem* via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.


Dated: January 19, 2026             /s/ *Jason W. Myatt*
                           Jason W. Myatt