**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                    Plaintiff,

    -against-

APPROXIMATELY 127,271 BITCOIN
("BTC") PREVIOUSLY STORED AT THE
VIRTUAL CURRENCY ADDRESSES
LISTED IN ATTACHMENT A, AND ALL
PROCEEDS TRACEABLE THERETO,

                    Defendants *in rem,*

---

PRINCE HOLDING GROUP,

                    Claimant.

---

No. 25 Civ. 05745 (RPK)

**CLAIMANT PRINCE HOLDING
GROUP'S ANSWER TO VERIFIED
COMPLAINT FOR FORFEITURE *IN
REM***

**JURY TRIAL DEMANDED**

---

Claimant Prince Holdings Group ("Claimant"), by its attorneys Boies Schiller Flexner

LLP, respectfully submits its answer to the Verified Complaint for Forfeiture *In Rem* [ECF No. 1

(the "Complaint")] of plaintiff the United States of America.

## I.    PRELIMINARY STATEMENT

Claimant has previously filed a timely Verified Claim [ECF No. 28 (the "Claim")] in

accordance with Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions to the Federal Rules of Civil Procedure, asserting its interest in the

defendant *in rem*, identified in the Complaint as:

        APPROXIMATELY 127,271 BITCOIN ("BTC")
        PREVIOUSLY STORED AT THE VIRTUAL CURRENCY
        ADDRESSES LISTED IN ATTACHMENT A, AND ALL
        PROCEEDS TRACEABLE THERETO

Complaint ¶ 5.  The defendant *in rem* is defined as, variously in the Complaint and the Claim, the "Defendant Assets," the "Defendants *In Rem*," and the "Defendant Cryptocurrency," all of which are used interchangeably herein.

Pursuant to Supplemental Rule G(5)(b), Claimant now submits this Answer to the Complaint and states as follows:

## II.    RESPONSES TO ALLEGATIONS OF THE COMPLAINT

### NATURE OF THE ACTION

1.    This paragraph contains the government's description of its case and states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

2.    This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

### JURISDICTION AND VENUE

3.    This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

4.    This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

### THE DEFENDANTS *IN REM*

5.    This paragraph contains the government's description of the Defendant Assets, to which no response is request.  To the extent a further response is required, Claimant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies it.

6.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

## RELEVANT STATUTES AND REGULATIONS

7.     This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

8.     This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

9.     This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

10.     This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

11.     This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

12.     This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

13.     This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

14.     This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

## FACTS

15.     Claimant denies the allegations in this paragraph, except admits that Prince Holding Group is a conglomerate with operations in Cambodia, among other places, with its

various units focusing on three core areas: real estate development, financial services, and consumer services. Claimant also admits that Chen Zhi served as the Chairman of Prince Holding Group.

16.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph, except admits that (a) Chen Zhi was at least a citizen of Cambodia, (b) Prince Holding Group is a company that operated numerous businesses in multiple countries, including Cambodia; (c) Chen Zhi was the founder and Chairman of Prince Holding Group; (d) Prince Real Estate Group and Prince Huan Yu Real Estate Group were in the real estate business; and (e) Prince Bank was in the financial services business.

17.     This paragraph purports to define various terms, to which no response is required, otherwise, Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph

18.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

19.     To the extent that this paragraph purports to quote or describe documents or websites, Claimant respectfully refers the Court to those documents, which speak for themselves. Claimant is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

20.    Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

21.    To the extent that this paragraph purports to quote or describe documents or websites, Claimant respectfully refers the Court to those documents, which speak for themselves. Claimant otherwise denies the allegations in this paragraph, except admits that Chen Zhi was the founder and Chairman of Prince Group, and that Prince Real Estate Group, Prince Huan Yu Real Estate Group, and Prince Bank are affiliated with Claimant and operate in business sectors including real estate development, banking, finance, tourism, logistics, technology, food and beverages, and lifestyle.

22.    Claimant denies the allegations in this paragraph.

23.    Claimant denies the allegations in this paragraph.

24.    To the extent that this paragraph purports to quote or describe documents, Claimant respectfully refers the Court to those documents, which speak for themselves. Claimant otherwise denies the allegations in this paragraph.

25.    To the extent that this paragraph purports to quote or describe documents, Claimant respectfully refers the Court to those documents, which speak for themselves. Claimant otherwise denies the allegations in this paragraph.

26.    Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

27.    Claimant denies the allegations in this paragraph.

28.     To the extent that this paragraph purports to quote or describe documents, Claimant respectfully refers the Court to those documents, which speak for themselves. Claimant otherwise denies the allegations in this paragraph.

29.     To the extent that this paragraph purports to quote or describe documents, Claimant respectfully refers the Court to those documents, which speak for themselves. Claimant otherwise denies the allegations in this paragraph.

30.     To the extent that this paragraph purports to quote or describe documents, Claimant respectfully refers the Court to those documents, which speak for themselves. Claimant otherwise denies the allegations in this paragraph.

31.     To the extent that this paragraph purports to quote or describe documents, Claimant respectfully refers the Court to those documents, which speak for themselves. Claimant otherwise denies the allegations in this paragraph.

32.     Claimant denies the allegations in this paragraph insofar as it alleges that the so-called "Brooklyn Network" was "working on Prince Group's behalf," and otherwise lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies them.

33.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

34.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

35.     Denied that Claimant was involved in any form money laundering, otherwise, Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

36.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

37.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.  Among other things, the Complaint obscures the full virtual currency address to which it refers.

38.     Denied that Claimant was involved in any form of money laundering, otherwise, Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

39.     To the extent that this paragraph purports to quote or describe documents, Claimant respectfully refers the Court to those documents, which speak for themselves. Claimant otherwise denies that it was involved in any form of money laundering.  Beyond that, Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

40.     To the extent that this paragraph purports to quote or describe documents, Claimant respectfully refers the Court to those documents, which speak for themselves.

Claimant otherwise denies that it was involved in any form money laundering. Beyond that, Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

41.     To the extent that this paragraph purports to quote or describe documents, Claimant respectfully refers the Court to those documents, which speak for themselves. Claimant otherwise is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

42.     To the extent that this paragraph purports to quote or describe documents, Claimant respectfully refers the Court to those documents, which speak for themselves. Claimant otherwise is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

43.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

44.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

45.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

46.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

47.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

48.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

49.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

50.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

51.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

52.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

53.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

54.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

55.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

56.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

57.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

58.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph.

59.     Claimant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and, therefore, denies the allegations in this paragraph, except admits that Chen Zhi has been indicted in this District and that Claimant has been placed on OFAC's SDN List.

**FIRST CLAIM FOR RELIEF**

60.     Claimant re-alleges and incorporates its answers to the preceding paragraphs as though fully set forth herein.

61.     This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

62.     This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

**SECOND CLAIM FOR RELIEF**

63.     Claimant re-alleges and incorporates its answers to the preceding paragraphs as though fully set forth herein.

64.     This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

65.     This paragraph states a legal conclusion to which no response is required. To the extent a further response is required, Claimant denies the allegations in this paragraph.

### III.    AFFIRMATIVE AND OTHER DEFENSES

Claimant hereby alleges and asserts the following affirmative and other defenses to the Complaint. Claimant does not assume the burden of proof on such defenses that would otherwise rest with the Plaintiff. Claimant reserves the right to supplement or amend these defenses as discovery proceeds. Claimant does not knowingly or intentionally waive any applicable defense.

### First Defense

Claimant is an innocent owner pursuant to 18 U.S.C. § 983(d).

## Second Defense

The Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

## Third Defense

The Complaint fails to satisfy the pleading standards of the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## Fourth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the Court lacks jurisdiction over the Defendant Assets or over the subject matter of this action.

## Fifth Defense

Venue is not proper in this District.

## Sixth Defense

The Complaint fails to plausibly allege that the Defendant Assets are the proceeds of, or were involved in, any specified unlawful activity or money laundering transaction.

## Seventh Defense

Plaintiff's claims are barred, in whole or in part, because there is no substantial connection between the Defendant Assets and the alleged offense(s) giving rise to forfeiture.

## Eighth Defense

Plaintiff's claims are barred, in whole or in part, because there is no probable cause to believe an offense giving rise to forfeiture was committed.

## Ninth Defense

The Complaint alleges causes of action that are barred by the relevant statutes of limitation.

## Tenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver, estoppel, and other equitable defenses.

## Eleventh Defense

The forfeiture of Claimant's property would violate the Excessive Fines clause of the Eighth Amendment.

## Twelfth Defense

Plaintiff's claims are barred, in whole or in part, because forfeiture of Claimant's interest in the Defendant Assets would violate substantive and procedural due process rights guaranteed by the Due Process Clause of the Fifth Amendment.

## Thirteenth Defense

Plaintiff's claims are barred by the Due Process Clause because they were brought after unreasonable delay.

## Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, by the act of state doctrine

## Incorporation By Reference

Claimant incorporates by reference any defense that any other claimant pleads in this action, to the extent the defense applies to any claims against the Defendant Assets, in whole or in part.

## IV.    JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Rule G(9) of the Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Claimant demands a trial

by jury on all issues so triable.

## V.    PRAYER FOR RELIEF

Wherefore, Claimant asks:

1.    That judgment be entered in its favor and against Plaintiff;

2.    That the Complaint and all claims be dismissed with prejudice;

3.    That the Defendant Assets be released from Plaintiff's custody and returned to

Claimant;

4.    For attorneys' fees and the costs of suit; and

5.    For such other relief that the Court deems just and proper.

Dated: January 19, 2026                    Respectfully submitted,

                                          /s/ *Matthew L. Schwartz*
                                          Matthew L. Schwartz
                                          Peter M. Skinner
                                          BOIES SCHILLER FLEXNER LLP
                                          55 Hudson Yards
                                          New York, New York 10001

                                          Dan G. Boyle
                                          John K. Kucera (*pro hac vice* forthcoming)
                                          BOIES SCHILLER FLEXNER LLP
                                          Century Park East, Suite 1520
                                          Los Angeles, California 90067

                                          *Attorneys for Prince Holding Group*