# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

VIA ECF

January 20, 2026

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:   United States v. Approximately 127,271 Bitcoin, Civil Docket No. 25-5745 (RPK)**

Dear Judge Kovner,

This firm represents 1321 claimants in this action who are victims of terrorism (the "Gold Star Claimants"), all of whom are direct victims (or family members of victims) of various terrorist attacks sponsored and/or materially supported by the Islamic Republic of Iran ("Iran"). Based on the harm suffered in these attacks, the Gold Star Claimants collectively hold judgments totaling more than $20 billion dollars, including $5,631,853,135 in compensatory damages, $10,136,913,071.31 in punitive damages, and $4,668,778,255.31 in pre-judgment interest, against Iran.

We write to request an extension of time for the Gold Star Claimants to file their attached verified claim to the Defendant Cryptocurrency at issue in this action. The Court previously extended the deadline for all claimants to December 29, 2025, and for certain claimants to January 19, 2026, extended by rule to January 20, 2026.[1]

Under Rule G(5)(a)(ii), verified claims may be filed after the relevant deadline has expired if there is "good cause." *See* Rule G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; *United States v. $417,143.48, More or Less, in U.S. Currency*, No. 13-CV-5567, 2015 WL 5178121, at *6, 9 (E.D.N.Y. Sept. 2, 2015). Courts look to factors such as "when the claimant became aware of the seizure, the reasons proffered for any delay, whether the government was aware of the claimant's interest, and any prejudice to the government." *$417,143.48*, 2015 WL 5178121, at *9.

Good cause to grant the requested extension and permit the filing of this Notice of Verified Claim is present here. The Gold Star Claimants did not receive direct notice of this forfeiture action. Instead, their counsel only recently learned—after the December 29, 2025, deadline—of Iran's interest in the Defendant Cryptocurrency by its review of the filings in *Fritz v. Iran and China Investment Development*

---

[1] Under Federal Rule of Civil Procedure 6(a)(1)(C), the Court's extension to January 19, 2026 runs through and including today, January 20, 2025, in light of the legal holiday on January 19. *See* Fed. R. Civ. P. 6(a)(6)(A).

January 20, 2026
Page 2

*Group d/b/a Lubian.com*, Civil Action No. 25-cv-07093 (Dec. 26, 2025 E.D.N.Y.). The *Fritz* claimants commenced that action on December 26, 2025—the Friday after Christmas—and filed an *ex parte* motion for attachment on December 28, 2025, a Sunday and the day before this Court's December 29, 2025 deadline for other third-party claimants. The *Fritz* claimants' strategically timed filings do not constitute a valid reason to deny similarly situated creditors of Iran the same right to assert a claim in these proceedings.

As the Court is aware, pursuant to the Terrorism Risk Insurance Act ("TRIA"), the Gold Star Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities—including Iran-China Group—"[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, the Gold Star Claimants possess a superior interest in as much of the Defendant Cryptocurrency as may be necessary to satisfy their outstanding judgments for damages against Iran, plus post-judgment interest. As set forth in the other Iran creditors' filings, the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group (the "Iran-China Group"). Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran.

Finally, no party would be prejudiced by allowing the Gold Star Claimants to file their claim at this time. The Court has yet to adjudicate any substantive issues in this action and it has extended until January 19, 2026, the deadline for three other claimants to file their claims. *See* December 18, 2025, Order; December 29, 2025, Order. Because January 19, 2026 is a legal holiday, namely Martin Luther King Junior's Birthday, that period is extended until today, January 20, 2026, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C). Due to the recent revelations about the relationship between the Defendant Cryptocurrency and the Government of Iran, multiple other victims of Iranian-state-sponsored terrorism filed notices of claims after the original December 29, 2025 deadline. Like the Gold Star Claimants, many of these victims have also requested that this Court permit them to file their claim notices out of time for largely the same reasons presented here. *See* Dkt. No. 52 (noticed claims of Iranian Terrorism Victims); Dkt. No. 56 (motion for extension of time and noticed claims of the Chairnoff Claimants); Dkt. Nos. 66, 67, 70 (motion for extension of time and noticed claims of the O'Neill Claimants); Dkt. No. 69 (motion for extension of time filed by the Pennington and Driscoll Claimants).

Moreover, the Government received timely notice of the existence of claims by other victims of Iranian state-sponsored terrorism—specifically, the *Fritz* and *Baxter* claimants—whose claims are substantially identical to those of the Gold Star Claimants. Additionally, although the *Fritz* claimants moved in a separate proceeding for an emergency *ex parte* writ of attachment in an effort to short-circuit the instant proceedings, the court in that action deferred decision on that motion so that it could hear from the Government. *See* Dkt. Nos. 69, 70, 81, *Fritz v. Iran and China Investment Development Group, d/b/a Lubian.com*, No. 1:25-cv-07093 (E.D.N.Y.). The Government then requested an extension of time for its response until February 9, 2026, in part so that subsequent events in the instant proceeding would inform its response. *See* Dkt. No. 81, *Fritz v. Iran and China Investment Development Group, d/b/a Lubian.com*, No. 1:25-cv-07093 (E.D.N.Y.). The court granted this request, largely so the parties could have more time to contemplate potential filings in this forfeiture action. Permitting the Gold Star Claimants to file their claims at this time would help to accomplish this end without prejudicing any

January 20, 2026
Page 3

party. And, as the Court has recognized, "Rule G is designed to 'force[] claimants to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay.'" Dec. 11 Order (cleaned up); *see United States v. Various Computers & Computer Equip.*, 82 F.3d 582, 585 (3d Cir. 1996) (same); *id.* ("We do not believe that we may equitably deny [the claimant] standing where his actions have not thwarted the goals of" the Rule); *United States v. Funds From Prudential Sec.*, 300 F. Supp. 2d 99, 104 (D.D.C. 2004) (same, and collecting cases). Granting this request is consistent with the purpose of Rule G's deadlines because this case will proceed on the same timeline irrespective of the timing of this filing.

Respectfully submitted,

/s/ Aaron E. Nathan

Michael J. Gottlieb
WILLKIE FARR & GALLAGHER LLP
2029 Century Park East
Los Angeles, CA 90067-2905
Tel: (310) 855-3000
Fax: (310) 855-3099
mgottlieb@willkie.com

Nicholas Reddick (pro hac vice forthcoming)
WILLKIE FARR & GALLAGHER LLP
333 Bush Street
San Francisco, CA 94104
Tel: (415) 858-7400
Fax: (415) 858-7599
nreddick@willkie.com

Lee Wolosky
Aaron E. Nathan
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Tel: (212) 728-8000
Fax: (212) 728-8111
lwolosky@willkie.com
anathan@willkie.com

*Counsel for Gold Star Claimants*