

# McANDREW VUOTTO LLC
ATTORNEYS AT LAW

Jonathan P. Vuotto, Esq.
jpv@mcandrewvuotto.com
Direct: (973) 532-6242

January 23, 2026

*Via ECF*

The Honorable Rachel P. Kovner
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   **United States v. Approximately 127,271 Bitcoin**
           **Case No. 1:25-cv-05745 (RPK)**

Dear Judge Kovner:

      This firm represents Kristen Breitweiser, individually and as Personal Representative of the Estate of Ronald Breitweiser, Caroline Breitweiser, Patricia Ryan, individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan, Kristen Ryan and Jacqui Eaton-Garland, individually and as Personal Representative of the Estate of Robert Eaton (collectively, "Claimants"). Claimants have been awarded compensatory damages judgments under 28 U.S.C. §§1605A and 1605B against the Islamic Republic of Iran in the multidistrict litigation pending in the U.S. District Court for the Southern District of New York, <u>In re Terrorist Attacks on September 11, 2001</u>, 03-MDL-1570 (GBD)(SN) (the "9/11 Litigation").

      We write to respectfully request leave for Claimants to file their attached Verified Claim to the Defendant Cryptocurrency at issue in this action. The deadline established by the Court was December 29, 2025.

      Claimants currently take no position on whether the cryptocurrency assets that are the subject to this action should be deposited into the U.S. Victims of State Sponsored Terrorism ("USVSST") Fund, in accordance with the Justice for United States Victims of State Sponsored Terrorism Act, 34 U.S.C § 20144. Claimants make this request to protect Claimants' interests if this Court determines that the cryptocurrency assets are attachable by judgment-holding victims of Iran terrorism and will not be deposited in the VSST Fund. Claimants are included in the group of 9/11 victims who have not been fully compensated for their losses from either the 9/11 Litigation or the USVSST.

      We recently learned about this forfeiture action and of the possibility that the Defendant Cryptocurrency at issue may be property of an agency or instrumentality of Iran, through a filing in the 9/11 Litigation on January 16, 2026.

Pursuant to the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities "[n]otwithstanding any other provision of law." Accordingly, Claimants have an interest in as much of the Defendant Cryptocurrency as may be necessary to satisfy their outstanding compensatory damages judgments against Iran, plus post-judgment interest, which interest may be superior to that of the U.S. government.

We respectfully submit that good cause exists for extending Claimants' deadline to submit their claim. See Rule G(5)(a)(ii) of Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (setting claim deadlines '[u]nless the court for good cause sets a different time"). As noted, Claimants did not receive notice of this forfeiture action until January 16, 2026, after the December 29, 2025 deadline imposed by this Court. Claimants have acted promptly upon becoming aware of that potential interest. See United States v. Premises & Real Prop. at 4492 S. Livonia Rd., Livonia, N.Y., 889 F.2d 1258, 1262 (2d Cir. 1989) ("Where, as here, a claimant has made a sufficient showing of interest in the property through the filing with the court of a motion and accompanying affidavits, technical noncompliance with the procedural rules governing the filing of claims may be excused."); see also Henry v. Oluwole, 108 F.4th 45, 51 (2d Cir. 2024) (general policy of courts is to favor judgments on the merits and disfavor default judgments) (collecting authorities).

No other parties will be prejudiced by allowing Claimants to file their claim at this time. The Court has yet to adjudicate any substantive issues in this action, and has extended the deadline for multiple other claimants until January 19, 2026. Additionally, the U.S. government received timely notice of the existence of claims by other victims of Iranian terrorism—specifically, the Fritz and Baxter claimants (see ECF Nos. 29 and 30)—whose claims are substantially related to those of Claimants.

We thank the Court for its consideration of this request.

        Respectfully submitted,

        */s/Jonathan P. Vuotto*
        Jonathan P. Vuotto

cc:    Counsel/Parties of Record