UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>     Defendant *In Rem*. | Civil Action No. 25-5745 (RPK) |

**MEMORANDUM IN SUPPORT OF IRANIAN TERRORISM VICTIMS' MOTION TO PROCEED UNDER PSEUDONYMS AND TO FILE UNDER SEAL**

The Iranian Terrorism Victims, the claimants identified in Attachment A of their Notice of Verified Claim (*see* Dkt. No. 52-2), respectfully move this Court for an order permitting those claimants identified using pseudonyms to proceed in this action under those pseudonyms and to further permit those claimants to file under seal information which discloses their full and true identities to the Court.[1]

**I. BACKGROUND**

On October 14, 2025, the government filed a civil forfeiture complaint against approximately 127,271 Bitcoin which are alleged to be the proceeds of an international cryptocurrency scam. At the close of 2025, the Iranian Terrorism Victims learned from allegations in a separate proceeding, *Fritz v. Iran and China Investment Development Group d/b/a*

---

[1] The Iranian Terrorism Victims will provide the same information to the government upon the entry of an appropriate protective order which ensures that the information is not publicly disclosed or provided to third parties.

*Lubian.com*, No. 25-cv-07093 (E.D.N.Y.) ("*Fritz* Suit"), that the Bitcoin subject to potential forfeiture is the property of the Iran and China Investment Development group ("Iran-China Group"). As alleged in the *Fritz* suit, the Iran-China Group is an agency or instrumentality of Iran that has materially supported the country's efforts to evade Western sanctions by mining cryptocurrency in Iran.

The Iranian Terrorism Victims are direct victims, or the surviving family members of victims, of Iranian-sponsored terrorism. They each hold judgments against Iran for its role in supporting the terrorist attacks which forever changed their lives. Because of their judgments against Iran, the Iranian Terrorism Victims submitted their claims in the instant action.[2]

In four of the underlying cases in which the Iranian Terrorism Victims received their judgments, *Barry, et al. v. Islamic Republic of Iran*, *Estate of John Doe, et al. v. Islamic Republic of Iran, et al.*, *Jones, et al. v. Islamic Republic of Iran*, and *Maxwell, et al. v. Islamic Republic of Iran*, plaintiffs were (1) the estates of U.S. citizens, U.S. employees and/or contractors, or members of the armed forces who were killed in the April 1983 and September 1984 terrorist attacks in Beirut, Lebanon; (2) U.S. citizens, U.S. employees and/or contractors, or members of the U.S. armed forces who survived one or both attacks, but were injured; and (3) the immediate family members of those U.S. citizens, U.S. employees and/or contractors, or members of the U.S. armed forces who were killed or injured in one or both of the terrorist attacks.[3] Because many of those

---

[2] The Iranian Terrorism Victims filed their notice on January 14, 2026, (*see* Dkt. No. 52). The Court construed the "notice of verified claim as a motion for leave to file a verified claim" and initially ordered the government to respond by January 23, 2026 (*see* January 15, 2026 Order), before extending the government's deadline to January 27, 2026, after similar claims were filed by other victims (*see* January 20, 2026 Order).

[3] *See Barry, et al. v. Islamic Republic of Iran, et al.*, Civ. A. No. 1:16-cv-01625-RC (D.D.C. filed 08/10/2016); *Estate of John Doe, et al. v. Islamic Republic of Iran, et al.*, Civ. A. No. 1:08- cv-00540-JDB (D.D.C. filed 03/28/2008); *Jones, et al. v. Islamic Republic of Iran*, Civ. A. No. 1:20-cv-00850-RC (D.D.C. filed 03/30/2020); *Maxwell, et al. v. Islamic Republic of Iran*, Civ. A. No. 1:22-cv-00173-RC (D.D.C. filed 01/19/2022).

plaintiffs either still resided in Lebanon or had family members in Lebanon, and because Lebanon was and remains a hotbed of political unrest and danger where Hizbollah and Iran remain active overtly and covertly, many of the then-plaintiffs genuinely feared for their lives by taking the step of participating in the lawsuits. As a result, in each of the four cases, the federal district court permitted the requesting plaintiffs to proceed under pseudonyms in order to protect themselves and their families from potential harm and reprisal.[4] The courts in those cases granted permission to proceed pseudonymously, generally finding the "presumption in favor of open proceedings or public interest in disclosing the [Iranian Terrorism Victims'] identity is significantly outweighed by the deadly threat that such disclosure would entail." Order at 7, *Maxwell, et al. v. Islamic Republic of Iran*, Civ. A. No. 1:22-cv-00173-RC (D.D.C. Jan. 19, 2022) Dkt. No. 2; *see also* Order, *Barry, et al. v. Islamic Republic of Iran, et al.*, Civ. A. No. 1:16-cv-01625-RC (D.D.C. Nov. 15, 2017), Dkt. No. 14; Order, *Estate of John Doe, et al. v. Islamic Republic of Iran, et al.*, Civ. A. No. 1:08- cv-00540-JDB (D.D.C. Mar. 28, 2008), Dkt. No. 2; Mem. and Order, *Jones, et al. v. Islamic Republic of Iran*, Civ. A. No. 1:20-cv-00850-RC (D.D.C. Mar. 30, 2020), Dkt. No. 2. The Iranian Terrorism Victims are identified in their initial filing in the instant action by the same pseudonym under which the court which awarded their underlying judgment permitted them to proceed.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint name all parties. Fed. R. Civ. P. 10(a). There are, however, "a limited number of exceptions to the general

---

[4] *See* Motion, *Barry, et al. v. Islamic Republic of Iran, et al.*, Civ. A. No. 1:16-cv-01625-RC (D.D.C. Nov. 15, 2017), Dkt. No. 12; Ex Parte Motion, *Estate of John Doe, et al. v. Islamic Republic of Iran, et al.*, Civ. A. No. 1:08- cv-00540-JDB (D.D.C. Mar. 28, 2008), Dkt. No. 1; Ex Parte Motion, *Jones, et al. v. Islamic Republic of Iran*, Civ. A. No. 1:20-cv-00850-RC (D.D.C. Mar. 30, 2020), Dkt. No. 1; Ex Parte Motion, *Maxwell, et al. v. Islamic Republic of Iran*, Civ. A. No. 1:22-cv-00173-RC (D.D.C. Jan. 19, 2022) Dkt. No. 1.

requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). In "determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* The Second Circuit has "note[d] with approval the following factors, with the caution that this list is non-exhaustive" for courts to consider when assessing this balance:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent nonparties;
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
> (5) whether the suit is challenging the actions of the government or that of private parties;
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
> (7) whether the plaintiff's identity has thus far been kept confidential;
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190. A district court is not required to analyze each of the factors or "use any particular formulation" provided that it "balance[s] the interests at stake in reaching its conclusion." *Id.* at 191 n.4; *see also Doe v. Daedone*, 2024 WL 3897078, at *4 (E.D.N.Y. Aug. 22, 2024) (granting protective order to proceed under pseudonyms and finding that "the

4

first *Sealed Plaintiff* factor strongly weighs in favor of granting Plaintiffs' motion" and that "[t]he other factors that are most relevant here. … do not, at this stage, outweigh Plaintiffs' interest in anonymity in light of the sensitive nature of the allegations in the complaint").

## III.   ARGUMENT

Those Iranian Terrorism Victims who the district courts previously granted leave to proceed under pseudonyms before other courts seek this Court's permission to continue to do so here. The factors identified by the Second Circuit and balancing the interests of the pseudonymous claimants against both the public interest in disclosure and any prejudice to defendants yields the same conclusions reached by the courts which previously permitted these same victim claimants to proceed pseudonymously.

**1. Sensitivity of the Subject Matter.** As to the first factor, while the instant litigation may not directly involve matters which are highly sensitive and of a personal nature, the underlying litigations where the Iranian Terrorism Victims received their judgments certainly did. Those cases and judgments detailed the injuries the Iranian Terrorism Victims suffered and the life-altering consequences of the terrorist attacks they endured, and which continue to this day to be a source of pain, stress, and anxiety. As victims of terrible atrocities, the Iranian Terrorism Victims deserve the continued peace and security the federal district courts previously afforded them, and they should not have to now endure the burdens of disclosing sensitive matters regarding the past and ongoing suffering and open themselves to new threats when it is unnecessary to do so. The Iranian Terrorism Victims seek the same treatment the district courts already found is appropriate for them specifically, and that has been afforded other victims in similar contexts.

**2. Risk of Retaliation** As to the second factor, the public disclosure of the pseudonymous Iranian Terrorism Victims' real identifies would make them and their families – innocent nonparties – susceptible to real and credible threats of injury and harm. This credible risk of

5

retaliation to the Iranian Terrorism Victims and their innocent non-party families remains a real risk and was a leading reason the federal district courts already permitted the Iranian Terrorism Victims to proceed pseudonymously. As the court in *Jones* found, those plaintiffs sought "to prevent the publication of their identifies out of a 'well-founded fear' that Iran and its agents will seek retribution" and "[g]iven the deadly nature of the possible retaliation plaintiffs would face should their identifies be made public, this factor, too, clearly weighs in favor of allowing the plaintiffs to proceed anonymously." Order at 4-5, *Jones, et al. v. Islamic Republic of Iran*, No. 1:20-cv-00850-RC (D.D.C. Mar. 30, 2020), Dkt. No. 2 (citations omitted). As the court in *Maxwell* found, the risks associated with disclosing those plaintiffs' real names extended not only to putting those plaintiffs at risk "but also 'their family and friends in Lebanon, including those not participating in this litigation,' for whom 'the possible retaliation' could be 'deadly.'" Order at 6, *Maxwell, et al. v. Islamic Republic of Iran*, No. 1:22-cv-00173-RC (D.D.C. Jan. 19, 2022) Dkt. No. 2. Given the heightened and credible risk of retaliatory harm, this factor alone outweighs any interest in publicly disclosing the names of the Iranian Terrorism Victims in this action. *See, e.g., Does 1-4 v. Foukas*, 2021 WL 8892823, at *2 (E.D.N.Y. Mar. 20, 2021) ("The risk to Plaintiffs and their families–innocent non-parties–is decidedly greater if Plaintiffs had to proceed publicly … [t]herefore, the second *Sealed Plaintiff* factor weighs in Plaintiffs' favor.").

**3. Other Harms.** Under the third *Sealed Plaintiff* factor, courts consider "whether identification presents other harms and the likely severity of those harms." *Sealed Plaintiff*, 537 F.3d at 190 (quotation omitted). Beyond just physical harm, publicly identifying the pseudonymous claimants risks exposing them to emotional distress and stigma stemming from their injuries. Many of them shared intimate details of how Iran's heinous acts destroyed their lives and the lives of their loved ones, but did so knowing that they would be protected from being

6

publicly identified. If the Iranian Terrorism Victims are not permitted to proceed pseudonymously, they will be forced to either not proceed with their claims or be forced to disclose sensitive information about their injuries and experiences. This factor also weights in favor of permitting the Iranian Terrorism Victims to continue to proceed pseudonymously.

**4. Claimants' Ages.** For the fourth factor, the Iranian Terrorism Victims readily acknowledge that if "a plaintiff is not a child, this factor weighs against a finding for anonymity." *Doe v. Solera Capital LLC*, 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019), *vacated* 2020 WL 11027792 (S.D.N.Y. Dec. 16, 2020). This factor is one of many factors to consider and courts have granted requests to proceed pseudonymously even where this specific factor does not apply. *See, e.g., Does 1-4*, 2021 WL 8892823 at *3, 5 (finding that the fourth factor "counsels against proceeding anonymously" but still holding that "Plaintiffs are entitled to proceed via pseudonym").

**5. Public vs Private Defendants.** "A suit between private parties counsels against allowing a party to proceed under a pseudonym because '[p]rivate civil suits create strong interests in open proceedings given that such suits implicate legal and social norms.'" *Id.* (quoting *Solera Cap. LLC*, 2019 WL 5485210, at *7). Here, however, the Iranian Terrorism Victims are challenging a government-initiated forfeiture action, rather than pursing claims against private parties. Accordingly, this factor weighs in favor of permitting the Iranian Terrorism Victims to continue to be identified pseudonymously. *See Doe v. Salina*, 2024 WL 1259362, at *6 (E.D.N.Y. Mar. 25, 2024) ("Indeed, where a plaintiff sues a governmental entity, plaintiff's interest in proceeding anonymously is considered 'particularly strong.'") (quoting *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)).

**6. Prejudice to the Defendant.** The sixth *Sealed Plaintiff* factor is "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that

7

prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." *Sealed Plaintiff*, 537 F.3d at 190. There is no prejudice to the government. The relief sought by the Iranian Terrorism Victims requires they provide their true identifies to the Court under seal and to the government upon the entering of protective order which permits the government access to sealed filings. In a short matter of time, the government will have the relevant information. At this stage in the litigation, there is no prejudice to the government by not immediately having that information.

**7. Confidentiality to Date.** The seventh factor, "whether the plaintiff's identity has thus far been kept confidential," also weighs in favor of permitting the Iranian Terrorism Victims to proceed pseudonymously. *Sealed Plaintiff*, 537 F.3d at 190. As detailed *supra*, the Iranian Terrorism Victims who are seeking to proceed pseudonymously have previously been permitted to keep their identities confidential in the prior underlying proceedings because of significant safety risks to them and their families. When a "a plaintiff has been named in another case or publicly connected with the facts underlying the suit, courts will find this factor cuts against proceeding anonymously" but where "Plaintiffs' identities have not been revealed in connection with the facts at issue" the "seventh *Sealed Plaintiff* factor favors anonymity." *Does 1-4 v. Foukas*, 2021 WL 8892823, at *4 (E.D.N.Y. Mar. 20, 2021). Courts consistently have permitted the Iranian Terrorism Victims to proceed pseudonymously, they have not since been publicly identified, and there has been no underlying change to the basis for their pseudonymous status. The Iranian Terrorism Victims should continue to be permitted to keep their identities confidential.

**8. Public Interest.** The eighth *Sealed Plaintiff* factor is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 190. The public's interest in this forfeiture action is notice regarding the forfeited assets and the

8

adjudication of claims to those assets. Requiring the disclosure of the Iranian Terrorism Victims' real names, after they have already publicly stated their claim to the forfeited asset, does not advance the public's interest. Any potential interest the public may have is significantly outweighed by the privacy interests of these claimants, who fear violent reprisal for having taken a stand against Iran. Further, allowing the Iranian Terrorism Victims to continue to protect their identities serves the public interest of ensuring that victims of terrorism are not intimidated to pursue legal recourse against state sponsors of terrorism, such as Iran, by being forced to subject themselves, and their families, to potential reprisal.

**9. Nature of the Claims.** The penultimate factor, "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," also weighs in favor of proceeding pseudonymously. *Sealed Plaintiff*, 537 F.3d at 190 (citation omitted). The Iranian Terrorism Victims' real names are not crucial to resolving their claims here, which turn on legal questions and other, unrelated, factual inquiries. The only fact that matters regarding the Iranian Terrorism Victims is their status as judgment holders against Iran, in cases in which the courts already permitted them to proceed pseudonymously, with claims against the forfeited asset at issue. Given the insignificance of the Iranian Terrorism Victims' real names to the legal questions at issue, this Court should permit them to proceed pseudonymously.

**10. Alternative Mechanisms.** Lastly, the tenth factor considers "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. The Iranian Terrorism Victims are unaware of any other possible mechanism that would not be more restrictive but would still achieve the goal of protecting their identities. Accordingly, this factor as well weighs in favor of proceeding pseudonymously. *See, e.g., Does 1-*

9

*4 v. Foukas*, 2021 WL 8892823, at *5 ("Plaintiffs say they are 'unaware of alternative mechanisms' that would sufficiently protect their confidentiality … [t]his factor weighs in favor of anonymity.").

"A district court is not required to list each of the factors or use any particular formulation as long as it is clear the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 189 n. 4. The Iranian Terrorism Victims' interests in proceeding pseudonymously in order to remain free from physical violence and retaliation clearly outweigh any limited interest in forcing their public identification. Their interests extend to the safety of their families and the public interest in ensuring victims of state sponsored terrorism are allowed a real forum to pursue recourse against rogue state actors.

### IV.   CONCLUSION

Based on the foregoing reasons, the Iranian Terrorism Victims respectfully request the Court to permit those claimants who are identified in their respective underlying judgments using a pseudonym to continue to be publicly identified using that same pseudonym and to file under seal or hand-deliver to the Court within seven days of any order by this Court authorizing such sealed filing, information sufficient for the Court to know the real identify of each claimant.

Dated: January 23, 2026                                   Respectfully submitted,

/s/ *Kelly T. Currie*
Kelly T. Currie

CROWELL & MORING LLP
Two Manhattan West
375 9th Ave
New York, NY 10001
(212) 895-4257
KCurrie@crowell.com

        Alexander J. Kramer (*pro hac vice* forthcoming)
        Michael J. Williams (*pro hac vice* forthcoming)
        CROWELL & MORING LLP
        1001 Pennsylvania Avenue NW
        Washington, DC 20004
        (202) 624-2500
        Akramer@crowell.com
        Mwilliams@crowell.com


        *Attorneys for Claimants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 23, 2026, I electronically filed the foregoing document via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.


Dated: January 23, 2026                                            /s/ *Kelly T. Currie*
                                                                                Kelly T. Currie