# THE NATIONS LAW FIRM
A NATIONAL LITIGATION FIRM

---

**HOWARD L. NATIONS**
BOARD CERTIFIED - PERSONAL INJURY TRIAL LAW
BOARD CERTIFIED - CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
DIPLOMATE - CIVIL TRIAL ADVOCACY
NATIONAL BOARD OF TRIAL ADVOCACY
DIPLOMATE - NATIONAL COLLEGE OF ADVOCACY
ADMITTED IN TEXAS, NEW YORK and WASHINGTON, DC

**HOUSTON OFFICE**
9703 Richmond Ave, Suite 200
Houston, Texas 77042
Phone 713-807-8400
Fax 713-807-8423
info@howardnations.com
www.howardnations.com

January 23, 2026

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Civil Action No.1:25-cv-05745; *United States of America v. Approximately 127,271 Bitcoin ("BTC") Previously Stored at the Virtual Currency Addresses Listed in Attachment A, and All Proceeds Traceable Thereto*; In the United States District Court for the Eastern District of New York

Dear Judge Kovner:

We represent 354 claimants from the case *Fishbeck et. al. v. Islamic Republic of Iran et. al.*, Case No. 18-cv-02248-CRC, (D.D.C.)[1], ("Fishbeck Claimants") who collectively hold judgments totaling more than $1.1 billion in compensatory damages under 28 U.S.C. § 1605A against the Islamic Republic of Iran, the Iranian Ministry of Intelligence and Security, the Iranian Revolutionary Guard Corp, Bank Markazi, and Bank Melli, for injuries they sustained in terror attacks in Iraq conducted by Iranian-sponsored terror groups.

We write to request leave of Court for the Fishbeck Claimants to file the attached verified claim to the Defendant Cryptocurrency at issue. The Court deadline initially established by the Court was December 29, 2025, which the Court extended for certain claimants to January 19, 2026, extended by rule to January 20, 2026. The Court has further requested a response from the government on other motions for extension of time to submit verified claims, which is due January 27, 2026.

Although the December 29, 2025 has passed, under Rule G(5)(a)(ii) verified claims may be filed after the deadline has expired if there is "good cause." *USCS Admiralty and Maritime Claims R G*. Court have generally permitted parties to file belated claims where they demonstrate excusable neglect. *United States v. Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents ($417,143.48)*, No. 13-CV-5567 (MKB), 2015 U.S. Dist.

---

[1] There are a total of 1,388 plaintiffs in the *Fishbeck* case. 354 have final judgments finding Iran liable for their injuries and awarding compensatory damages. The remaining plaintiffs' cases are still pending before the court.

LEXIS 117692, at *23 (E.D.N.Y. Sep. 2, 2015). When evaluating whether "good cause" is shown, courts look at various factors, including "when the claimant became aware of the seizure, the reasons proffered for any delay, whether the government was aware of the claimant's interest, and any prejudice to the government." *Id.* (citation omitted).

Counsel for the Fishbeck Claimants only learned on January 22, 2026 that the Defendant Cryptocurrency was potentially the property of an agency or instrumentality of the Islamic Republic of Iran. It was only after reviewing the allegations in *Fritz v. Iran and China Investment Development Group d/b/a Lubion.com*, Civ. Act. No. 25-cv-07093 (E.D.N.Y). that Counsel learned of Iran's interest in the Defendant Cryptocurrency. In addition, the notice published by the government only made mention Lubion was a Chinese bitcoin mining operations that had at least one facility in Iran. (See Dkt. No. 1, ¶ 16(u)). It did not provide notice that Lubian was owned by the Iran-China Investment Group and was agency or instrumentality of Iran. Counsel is further unaware of any prejudice to the government by allowing the Fishbeck Claimants to assert their valid claims. Finally, Counsel acted with haste once they learned of connection between Iran and the Defendant Cryptocurrency. As such, there exists good cause to allow the Fishbeck Claimants to file the attached Notice of Verified Claim.

Under the Terrorism Risk Insurance Act ("TRIA"), the Fishbeck Claimants have a right to attach and execute on the property of Iran and its agencies and instrumentalities to satisfy their judgments against Iran. See Terrorism Risk Insurance Act, Pub. L. No. 107-297 § 201, 116 Stat. 2322, 2337 (2022), codified at 28 U.S.C. § 1610 Note. As such, the Fishbeck Claimants possess in interest in the Defendant Cryptocurrency to satisfy their compensatory damages judgments against Iran, plus post-judgment interest. Under the TRIA, the claim is superior to that of the U.S. Government, as well as other claimants, except those that are similarly situated under the TRIA.

As no substantive issues have been adjudicated in this case yet, there would be no prejudice to other parties, and would not unnecessarily delay the proceedings. The Fishbeck Claimants therefore respectfully request this Honorable Court allow them to file the attached Notice of Verified Claim.

Respectfully,

The Nations Law Firm

*/s/ Howard L. Nations*
Howard L. Nations