UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br>　v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>　　　　　Defendants *in rem* | Civil Action No. 25-5745 (RPK) |

**NOTICE OF VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE *IN REM***

Claimants are 354 victims of state-sponsored terrorist attacks ("Fishbeck Claimants"), who collectively hold more than $1.8 billion in judgments against the Islamic Republic of Iran ("Iran"): $1.18+ billion in compensatory damages, and $655+ million in punitive damages. As alleged in the turnover proceeding of *Fritz v. Iran and China Development Global d/b/a Lubian.com*, No. 25-cv-07093 (E.D.N.Y.), the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group ("Iran-China Group"). The Fishbeck Claimants only recently learned of the *Fritz* turnover proceeding and the instant proceedings. Upon learning of this forfeiture action, and the connection between Defendant Cryptocurrency and Iran, The Fishbeck Claimants acted promptly to file this Notice along with Letter Motion for Extension of Time.

As alleged in *Fritz*, the Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that provided material support to Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran.

1

The Fishbeck Claimants have the right, under the Terrorism Risk Insurance Act ("TRIA") to execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group "[n]otwithstanding any other provision of law." Terrorism Risk Insurance Act, Pub. L. No. 107-297 § 201, 116 Stat. 2322, 2337 (2022), codified at 28 U.S.C. § 1610 Note. Accordingly, the Fishbeck Claimants hereby assert their superior interest in so much of the Defendant Cryptocurrency as may be necessary to satisfy the outstanding judgments against them, which TRIA makes senior to any interest that the Government or other claimants could assert.

In support of this Notice, the Fishbeck Claimants state as follows:

I.   **The Fishbeck Claimants Have been Awarded Over $1.8 Billion Against Iran**

1. The Fishbeck Claimants are 354 individuals who are direct victims or the immediate family members of victims of Iranian-sponsored terrorism. They have each been injured by Iranian-backed terror groups, who carried out acts of terrorism covered by 28 U.S.C. § 1605A.

2. The Fishbeck Claimants obtained final judgments against Iran, the Iranian Ministry of Intelligence and Security ("MOIS"), the Iranian Revolutionary Guard Corps, Bank Markazi, and Bank Melli for the injuries they sustained due to terrorist attack by Iranian-backed terror groups during Operation Iraqi Freedom. *Fishbeck et. al. v. Islamic Republic of Iran et. al.*, Case No. 18-cv-02248-CRC (D.D.C). The Court found Iran liable for the injuries to 111 of the plaintiffs on August 18, 2023, and then entered final judgment and awarded damages in their favor in their favor on June 5, 2024. (ECF Nos. 137 & 244). That Judgment was served on Defendants the Islamic Republic of Iran, MOIS, and the Islamic Revolutionary Guard Corps on December 2, 2024. (ECF No. 309). The Judgment was served on Bank Markazi and Bank Melli on July 28, 2025.

3. Then on September 26, 2025 the Court entered partial final judgment holding Iran liable and awarding compensatory damages[1] for the injuries to the remaining 243 Fishbeck Claimants.[2] (ECF No. 296). That Judgment is currently in the process of being served on defendants through the U.S. State Department pursuant to 28 U.S.V. § 1608. See ECF No. 403.

## II.     The Fishbeck Claimants Are Entitled to Enforce Their Judgments

4. Claimants are all judgment holders, either directly or as the estate, heir, or other beneficiary or successor-in-interest of the original judgment holder, in the above actions.

5. The Fishbeck Claimants were awarded a total of $1,187,872,727.77 in compensatory damages and $655,680,909.14 in punitive damages for a total judgment amount of $1,843,553,636.91. To date, Iran has not paid any portion of any of the Fishbeck Claimants judgments, and their judgments remain unsatisfied. The individual Claimants and the damages they were awarded are listed in Attachment A to the Verification of Claims. The judgments further have and continue to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

## III.    The Government Commenced this Forfeiture Action Against Defendant Cryptocurrency Without Adequate Disclosure of Its Extension Connections to Iran

6. The instant civil forfeiture action was instituted by the U.S. Government on October 14, 2025 against approximately 127,271 bitcoins stored in virtual-currency addressed identified in Attachment A to its complaint. Dkt. No. 1 ¶ 5, Attachment A to Dkt No. 1.

7. On that same day the Court issued an arrest warrant *in rem* for Defendant Cryptocurrency. (Dkt. No. 3).

---

[1] The Court is still considering the issue of additional punitive damages, and is withholding judgment on same until the conclusion of the case. (Dkt. No. 396).

[2] There were a total of 1,388 plaintiffs in the *Fishbeck* case. 354 have obtained final judgment, and the remaining plaintiffs' cases are still pending decision by the Court.

8.. The Government alleges the Defendant Cryptocurrency is subject to condemnation and forfeiture by the United States under 18 U.S.C. § 981(a)(1)(C), as property, real or personal, which constitutes or is derived from proceeds of a violation of the wire fraud statute, 18 U.S.C. § 1343, or a conspiracy to violate that statute, 18 U.S.C. § 1349; as well as under 18 U.S.C. § 981(a)(1)(A), as property, real or personal, that was involved in or derived from property involved in completed or attempted money laundering transaction, or a conspiracy to make a money laundering transaction. Dkt. No 1, ¶ 2.

9. Specifically, the government alleges that the Defendant Cryptocurrency was involved in or derived from money-laundering operations conducted by Chen Zhi and Prince Holding Group, an alleged front for Chen's transnational criminal organization, and their co-conspirators. *Id.*, ¶¶ 20, 38-43. According to the government, one such scheme involved using stolen cryptocurrency to fund the extensive cryptocurrency mining operation called "Lubian," which was "sixth largest bitcoin mining operation in the world" "[f]or some of the time it was active" and produced "large sums of clean bitcoin dissociated from criminal proceeds." *Id*. ¶ 42.

10. The government described "Lubian" as "as Chinese bitcoin mining operation" with mining facilities across Asia including China and Iran. *Id.* ¶ 16(u).

11. However, this generic description did not include sufficient information that put the Fishbeck Claimants on notice of the bitcoin mining operations attributable to the Iranian Government, and its efforts to avoid sanctions, or other information that the Fishbeck Plaintiffs had a basis to claim any of the Defendant Cryptocurrency. As detailed in the *Fritz* action, there is extensive documentary and blockchain evidence that "Lubian" was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company. Further, they partnered with the Iranian government to build a large Bitcoin mine in Iran to help Iran evade U.S. Sanctions. See

generally *Fritz v. Iran and China Development Global d/b/a Lubian.com*, No. 25-cv-07093 (E.D.N.Y.), Dkt. No. 1.

IV. **The Fishbeck Claimants Recently Learned of the Relationship Between the Defendant Cryptocurrency and the Government of Iran**

12. Based on the information that the Fishbeck Claimants only recently obtained, it appears that Defendant Cryptocurrency is directly tied to Iran, which was not apparent from the Government's forfeiture pleadings.

13. Based on that information, as well as the other Notices of Verified Claims filed in this action, the Fishbeck Claimants now submit their own Notice of Verified Claim.

14. The Fishbeck Claimants are aware that the Court previously ordered third party claims to be filed by December 29, 2025. However, the Fishbeck Claimants did not receive notice of this order and were not aware of their potential interest in the Defendant Cryptocurrency until January 22, 2026, when they first found out about the *Fritz* action and the underlying allegations.

15. As such, the delay by the Fishbeck Claimants was not the result of inexcusable neglect as the Fishbeck Plaintiffs had no reason to know of their interest in the instant action until now. The Fishbeck Plaintiffs acted with haste as soon as they were aware of the potential interest.

16. Further, allowing the Fishbeck Claimants to file their claims will not prejudice other parties. The Court has already allowed additional time for some claims to be filed and is still considering motions for extension of time to file from other victims of terrorist groups. The government has not yet responded to those motions. In addition, the Court has not yet ruled on any substantive issues affecting any claimant. As such, allowing the Fishbeck Claimants to assert their claims now would not materially alter the proceedings or the progress of the case. Furthermore, Fishbeck Claimants are not aware of any way in which it would prejudice the government.

## V. The Fishbeck Claimants have a Senior Interest in the Defendant Cryptocurrency

17. At this stage of a forfeiture action, the Fishbeck Claimants need only assert that they have a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (quoting *United States v. $577,933.89, More or Less, in U.S. Funds,* 287 F.3d 66, 79 & n.10 (2d Cir. 2002). "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." *Id*. (quoting *U.S. v. $577,933.8*9 at 79 & fn. 10)

18. The Fishbeck Claimants clearly have a "facially colorable" interest in the Defendant Cryptocurrency. As there are credible allegations that the Iran-China Group was an agent or instrumentality of Iran, the TRIA permits the Fishbeck Claimants to execute on the Cryptocurrency to satisfy those judgments "[n]otwithstanding any other provision of law." Terrorism Risk Insurance Act, Pub. L. No. 107-297 § 201, 116 Stat. 2322, 2337 (2022), codified at 28 U.S.C. § 1610 Note. Specifically, the TRIA allows those that hold judgments to execute on "blocked assets" of a "terrorist party" or its "agency or instrumentality" to satisfy judgments against said terrorist party for compensatory damages. *Id.*

19. The Islamic Republic of Iran is a "terrorist party" within the meaning of the TRIA as it has been a designated state sponsor of terrorism since 1984. pursuant to § 6(j) of the Export Administration Act, § 40 of the Arms Export Control Act, and § 620A of the Foreign Assistance Act, and has renewed said designation annually. See TRIA § 201(d)(4). Accordingly, the Fishbeck Claimants have a possessory interest in the Defendant Cryptocurrency, which permits them to bring the claims asserted here.

20. The TRIA's "notwithstanding" clause aims to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce

[their] judgments." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391-92 (2009) (Kennedy, J., concurring). The notwithstanding clause "mak[es] plain that the force of the [statute] extends everywhere" and "'supersede[s] all other laws.'" *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted). Accordingly, because it expressly overrides other laws, TRIA's notwithstanding clause necessarily overrides "the civil-forfeiture statute." *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

21. "Blocked assets" under the TRIA include assets seized or frozen by the United States pursuant to the International Emergency Economic Powers Act. TRIA § 201(d)(2)(A). The United States government has already used its authority to block all Iranian property in the United States, including the property of agencies or instrumentalities of Iran. 31 C.F.R. §§ 510.211, 594.201(a)(5); *Kirschenbaum*, 830 F.3d at 120. As such, if the Iran-China Group is an agency or instrumentality of Iran, as alleged above and in *Fritz*, its property would qualify as a blocked asset under the TRIA. See Levinson v. Kuwait Finance House (Malaysia) Berhad, 44 F.4th 91, 98 n.6 (2d Cir. 2022). As the Defendant Cryptocurrency is property of the Iran-China Group, it is therefore blocked and subject to execution by the Fishbeck Claimants pursuant to the TRIA.

22. Fishbeck Claimants hereby assert a claim to the Defendant Cryptocurrency, as the property of an agency or instrumentality of Iran, pursuant to 28 U.S.C. § 983(a) and Rule G, that is senior to the government's claim. Notwithstanding the government's forfeiture efforts, the Fishbeck Claimants reserve all rights and remedies available in law and equity to enforce their interest in the Defendant Cryptocurrency.

> Respectfully Submitted,
>
> By: /s/ Howard L. Nations
> Howard L. Nations

DC Bar No. TX143
9703 Richmond Ave., Suite 200
Houston, Texas 77042
Telephone: 713.807.8400
Facsimile: 713.807.8423
Email: howard@howardnations.com

*Attorney for Plaintiffs*