

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AFM:ADR  
F. #2024R00105

*271 Cadman Plaza East*  
*Brooklyn, New York 11201*

January 27, 2026

By ECF

The Honorable Rachel P. Kovner  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

         Re:    United States v. Approximately 127,271 Bitcoin  
                  Civil Docket No. 25-5745 (RPK)

Dear Judge Kovner:

        The government respectfully submits this letter pursuant to the Court's January 20, 2026 order and in response to claimant Chen Zhi's ("Chen's") request for a pre-motion conference regarding his anticipated motion to dismiss the above-captioned civil forfeiture action. *See* ECF No. 75. For the reasons below, Chen's request should be denied. Moreover, any motion by Chen should be held in abeyance until Chen's standing in this case is properly assessed, including through special interrogatories and any associated motions for relief, as prescribed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G").

I.      Background

        On October 14, 2025, the government filed the verified complaint in this case (the "Complaint"), which seeks the forfeiture of 127,271 BTC previously in Chen's control (the "Defendant Cryptocurrency") as proceeds of fraud and property involved in money laundering. *See* ECF No. 1. That same day, an indictment was unsealed in this district charging Chen with federal crimes for operating brutal forced-labor scam compounds across Cambodia that perpetrated cryptocurrency investment fraud schemes. *See United States v. Chen Zhi*, No. 25-CR-312 (RPK), ECF No. 1 (the "Indictment"). The Indictment contained detailed allegations, echoed throughout the Complaint, that Chen used violence and political influence to protect his vast operations and personally maintained ledgers that tracked fraudulent proceeds and demonstrated the targeting of American victims. The Indictment also contained forfeiture allegations with respect to the Defendant Cryptocurrency. *Id*. ¶¶ 58-61.

        On December 29, 2025, after seeking an extension of deadlines so that he could conduct "another 60 days" of "around the clock" cryptocurrency tracing, ECF No. 6 at 3, Chen

filed a barebones claim and statement of interest with respect to the Defendant Cryptocurrency in which he simply quoted back the allegations in the Complaint and declared himself a "beneficiary of a constructive trust" and "bailee," without further explanation, ECF No. 27 ¶¶ 2-5.  Chen now seeks to dismiss the Complaint on numerous improper grounds.  Chen's motion is meritless but in any event premature.  As Rule G makes clear, his claims cannot be considered until his standing in this case is established.

II.     Chen Has Not Established Standing In This Case

As described in the government's January 16, 2026 status letter, *see* ECF No. 60 at 4-9 ("Status Letter"), in order to assert a claim over property that is subject to a civil forfeiture action, a claimant must first establish standing.  *See United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014).  "Without standing, the claimant lacks the right to bring any motion, regardless of the basis," including a motion to dismiss.  *Id*. at 197-98.  This is because, "without standing, he is simply a stranger to the litigation." *Id.* at 198.  To determine a claimant's standing and the validity of his claim, including the precise nature of the interest he is asserting, the government may serve the claimant with special interrogatories "at any time after the claim is filed."  Rule G(6); *see* Status Letter at 6 (citing cases).

The government intends to serve such interrogatories promptly, which Chen must answer or object to within 21 days.  *See* Rule G(6)(b).  The government need not respond to any motion to dismiss by Chen "until 21 days after [he] has answered these interrogatories." Rule G(6)(c); *see also Vazquez-Alvarez*, 760 F.3d at 197.  Moreover, if Chen's responses to the interrogatories are inadequate, the government may file a motion to compel responses to them or a motion to strike Chen's claim altogether under Rule G(8)(c)(i)(A).  *Vazquez-Alvarez*, 760 F.3d at 196; *see* Status Letter at 7.  If it does, any motion to dismiss is further deferred until the dispute is resolved by the Court.  *See* Status Letter at 7-8.  Finally, once any dispute regarding Chen's responses to the special interrogatories is resolved, the government again may file a dispositive motion to strike his claim for lack of standing or pursuant to the fugitive disentitlement doctrine.  *See* Status Letter at 8-9.  Any such motion similarly "must be decided before any motion by the claimant to dismiss the action . . . ."  Rule G(8)(c)(ii)(A).  The government may also be entitled to seek additional discovery at that time, including depositions and records requests relating to Chen's standing.  *See* Status Letter at 8.

Until the government has an opportunity to assess and potentially challenge Chen's standing under these procedures, as explicitly contemplated by Rule G, any motion to dismiss by him is premature.  Should he nonetheless wish to so move, the government's deadline to respond should be held in abeyance.  Similarly, because the government is not required to respond to any motion by Chen until his standing is established, the government respectfully submits that a conference to discuss the substance of his anticipated motion is not warranted at this time.

III.    Chen's Proposed Motion Lacks Any Merit

To be sure, Chen's proposed motion lacks merit and should be denied if made. Chen misreads the Complaint and the applicable law and fails to identify any deficiency in the government's pleadings warranting the extraordinary relief he seeks.  *See, e.g.*, *United States v.*

2

*$3,435,676.57 in United States Currency Held in Gen. Ledger Acct. No. XXXXXXX at Wells Fargo Bank, N.A.*, No. 24-CV-9189, 2025 WL 2338454, at *2 (S.D.N.Y. Aug. 12, 2025) (explaining that a court considers "the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the [government's] favor"); *see also United States v. All Funds on Deposit in Dime Sav. Bank of Williamsburg Account*, 255 F. Supp. 2d 56, 68 (E.D.N.Y. 2003). If and when the Court deems it procedurally appropriate, the government is prepared to respond substantively to Chen's meritless arguments.

IV.     Conclusion

For these reasons, the government respectfully requests that the Court deny Chen's request for a pre-motion conference and hold any motion by him in abeyance until his standing can be properly assessed under the procedures set forth in Rule G.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     /s/
Alexander F. Mindlin
Tanisha R. Payne
Benjamin Weintraub
Andrew D. Reich
Rebecca M. Schuman
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

cc:     Clerk of Court (RPK)
        Counsel of Record

3