**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>                    Defendant, *In Rem*. | Civil Action No. 1:25-cv-05745 (RPK) |

**VERIFICATION OF THE FEDERAL INSURANCE CLAIMANTS' CLAIM**

John B. Galligan, Esq., an attorney duly licensed to practice law before the Courts of the State of New York and this Court, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a shareholder in the law firm Cozen O'Connor, 3WTC, 175 Greenwich Street, 55th floor, New York, NY 10007.

2. All statements in this verification are within my personal knowledge and reflected in the official dockets of this Court and the United States District Court for the Southern District of New York.

3. Cozen O'Connor represents the *Federal Insurance* Claimants[1] in this action, and in actions consolidated into the multidistrict litigation, *In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-1570 (S.D.N.Y.) (GBD) (SN).

---

[1] The *Federal Insurance* Claimants are Vigilant Insurance Company, Chubb Custom Insurance Company, Chubb Indemnity Insurance Company, Federal Insurance Company, Chubb Insurance Company of New Jersey, Chubb Insurance Company of Canada, Pacific Indemnity Company, Great Northern Insurance Company, AXA Art Insurance Corp., AXA Global Risks (UK) Ltd., AXA CSA UK Branch, AXA Insurance Company, AXA Reinsurance Company,

4. The *Federal Insurance* Claimants have been awarded a compensatory damages judgment totaling $7,009,501,372.00 ($3,040,998,426.03 in compensatory damages + $3,968,502,945.97 in prejudgment interest) under 28 U.S.C. § 1605A against the Islamic Republic of Iran ("Iran") for its role in sponsoring the September 11, 2001 terrorist attacks (the "9/11 Attacks"). *See* Judgment, Case No. 1:03-md-01570 (S.D.N.Y.), MDL ECF No. 3233, attached hereto as Exhibit 1. *See also* Amended Judgment, MDL ECF No. 3890 (tracking the compensatory damage awards for each of the individual member company plaintiffs), attached hereto as Exhibit 2.

5. As detailed in a related action pending in this Court, *Fritz v. Iran & China Investment Development Group*, No. 1:25-cv-07093 (E.D.N.Y.) ("*Fritz* Action"), the 127,271 Bitcoin that constitute the Defendant Cryptocurrency in the instant action belong to the Iran and China Investment Development Group ("Iran-China Group"), doing business as Lubian.com or LuBian. *See Fritz* Action, ECF No. 29. The Iran-China Group is an agency or instrumentality of Iran. *Id.* at ¶¶ 55, 56. Accordingly, its assets are blocked by operation of U.S. law. *See* Executive Order No. 13599, 77 Fed. Reg. 6659, 6659 (Feb. 5, 2012).

6. To preserve the *Federal Insurance* Claimants' ability to pursue execution and turnover of the 127,271 Bitcoin—which constitute the Defendant Cryptocurrency in this action— on behalf of the *Federal Insurance* Claimants pursuant to N.Y. CPLR 3020(d), I hereby notice and verify the claims of the *Federal Insurance* Claimants against the Defendant Cryptocurrency. Because TRIA allows victims of terrorism with judgments against state sponsors of terrorism to attach and execute against blocked assets of those terrorist states or their agents or

---

AXA RE, AXA RE Canadian Branch, AXA RE UK Plc, AXA Versicherung, SPS RE, American Alternative Insurance Company, Princeton Excess and Surplus Lines Insurance Company, Great Lakes UK Reinsurance Company, and OneBeacon Insurance Company.

instrumentalities—including such assets that have been "seized" by the U.S. government—"notwithstanding the any other provision of law," TRIA § 201(a), I hereby notice and verify the *Federal Insurance* Claimants' superior interest in so much of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the outstanding compensatory damages owed to the *Federal Insurance* Claimants on their judgment against Iran, plus post-judgment interest.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1786 that the foregoing is true and correct.

Dated: New York, New York
January 27, 2026

/s/ *John B. Galligan*
John B. Galligan, Esq.
COZEN O'CONNOR
3WTC
175 Greenwich Street, 55th Floor
New York, NY 10007
Telephone: (212) 509-9400
jgalligan@cozen.com

*Attorneys for Federal Insurance Claimants*

LEGAL\112762391\1

3

# Exhibit 1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/2016
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:

      TERRORIST ATTACKS ON,            **03 MDL 1570 (GBD) (FM)**
      SEPTEMBER 11, 2001

                                                          **JUDGMENT**

-------------------------------------------------------------X

This document relates to:

Federal Insurance Co. v. al Qaida, 03-cv-6978 (GBD) (FM)

      Whereas on December 28, 2015, Magistrate Judge Maas, having issued a Report and Recommendation concerning the motions of certain plaintiffs in Ashton v. al Qaeda Islamic Army, 02-cv6977 (GBD) (FM) ("Ashton") and Federal Insurance Co. v. Al Qaida, 03-cv-6978 (GBD) (FM) (Federal Insurance") for assessments of damages in relation to certain categories of their claims against Iran; ("Report"); in particular, those applications sought an assessment of damages in favor of the wrongful death plaintiffs in Ashton solely as to the pre-death conscious pain and suffering components of their claims, and an assessment of damages in favor of the Federal Insurance plaintiffs relative to their property damage claims; with regard to the Federal Insurance plaintiffs (See Attached Exhibit A), the Report recommended they be award a default judgment in the amount of $3,040,998,426.03; the Report also recommended that to the extent that the plaintiffs' claims arise out of injuries in New York State, they should be awarded prejudgment interest at the statutory simple interest rate of nine percent per annum from September 11, 2001, through the date judgment is entered; to the extent that the claims arise out of injuries occurring elsewhere, the Report recommended awarding interest for the same period at the rate of 4.96 percent per annum, compounded annually should this Court deem annually compounded interest appropriate, and the

matter having come before the Honorable George B. Daniels, United States District Judge, and the Court, on March 9, 2016, having rendered its Memorandum Opinion and Order adopting the findings and recommendations set forth in the Report in their entirety, as amended (See Amended Order of Judgment, ECF No. 3226), and awarding the Federal Insurance plaintiffs a default judgment against Iran in the amount of $3,040,998,426.03, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated March 9, 2016, the Federal Insurance plaintiffs are awarded a default judgment against Iran in the amount of $3,040,998,426.03; to the extent that the plaintiffs' claims arise out of injuries in New York State, they are awarded prejudgment interest at the statutory simple interest rate of nine percent per annum from September 11, 2001, through the date of the Amended Order of Judgment, ECF No. 3226, (March 8, 2016); and to the extent that the claims arise out of injuries occurring elsewhere, they are awarded interest for the same period at the rate of 4.96 percent per annum, compounded annually.

Dated:  New York, New York
        March 16, 2016

                                                        RUBY J. KRAJICK
                                                        Clerk of Court
                                                BY:
                                                        Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

## Exhibit A

## The Federal Insurance Plaintiffs

| CARRIER | AMOUNT |
|---|---|
| AXA | $539,784,217.34 |
| Chubb | 2,217,468,721.70 |
| MRAm | 107,230,501.59 |
| OneBeacon | 176,514,985.40 |
| Total | $3,040,998,426.03 |

# Exhibit 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/26/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |
| --- | --- |
| | ECF Case |

This document relates to:  *Federal Insurance Co., et al. v. al Qaida, et al.*
03 CV 06978 (GBD) (SN)

## AMENDED JUDGMENT

Whereas, this matter having come before the Honorable George B. Daniels, United States District Judge, on the motion of certain plaintiffs for entry of a monetary judgment against defendant Iran, and the Court, on March 9, 2016, having adopted the December 28, 2015 Report and Recommendation made by Magistrate Judge Frank Maas concerning that motion in its entirety, and directing the Clerk of Court to enter judgments against Iran and in favor of the moving plaintiffs in accordance with the Report and Recommendation and the March 9, 2016 Order adopting same, it is:

**ORDERED, ADJUDGED and DECREED:** That for the reasons stated in the Court's Order dated March 9, 2016, judgment is hereby entered against defendant Iran and in favor of the moving plaintiffs on their claims arising under 28 U.S.C. §1605A(d) as follows:

| Plaintiff | Judgment |
| --- | --- |
| Vigilant Insurance Company | $42,305,933.24 |
| Chubb Custom Insurance Company | $612,585.00 |
| Chubb Indemnity Insurance Company | $4,083,878.20 |
| Federal Insurance Company | $1,513,667,597.39 |

| | |
|---|---|
| Chubb Insurance Company of New Jersey | $412,681.71 |
| Chubb Insurance Company of Canada | $50,452,395.71 |
| Pacific Indemnity Company | $9,936,536.66 |
| Great Northern Insurance Company | $595,997,113.79 |
| AXA Art Insurance Corp. | $14,287,543.00 |
| AXA Global Risks (UK) Ltd. | $10,986,623.57 |
| AXA CSA UK Branch | $64,779,883.00 |
| AXA Insurance Company | $131,696,044.96 |
| AXA Reinsurance Company | $82,714,778.00 |
| AXA RE | $105,790,023.00 |
| AXA RE Canadian Branch | $26,138,407.11 |
| AXA RE UK Plc | $18,162,701.70 |
| AXA Versicherung | $923,053.00 |
| SPS RE | $84,305,160.00 |
| American Alternative Insurance Company | $3,922,782.07 |
| Princeton Excess and Surplus Lines Insurance Company | $3,796,292.50 |
| Great Lakes UK Reinsurance Company | $99,511,427.02 |
| OneBeacon Insurance Company | $176,514,985.40 |

**IT IS FURTHER ORDERED, ADJUDGED and DECREED:** That to the extent that the plaintiffs' claims under 28 U.S.C. § 1605A(d) arise out of injuries in New York State, they are awarded prejudgment interest at the statutory simply interest rate of nine percent per annum from September 11, 2001, through the date of the Amended Order of Judgment, ECF No. 3226 (March 8, 2016); and to the extent that the claims arise out of injuries occurring elsewhere, they are awarded interest for the same period at the rate of 4.96 percent per annum, compounding annually.

Dated: January 20, 2018
New York, New York

RUBY J. KRAJICK

_____
Clerk of Court

BY:

_____
Deputy Clerk