

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Richard P. Donoghue
Tel: +1.212.858.1161
richard.donoghue@pillsburylaw.com

January 28, 2026

**VIA CM/ECF**

The Honorable Rachel P. Kovner
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:   United States v. Approximately 127,271 Bitcoin, Civil Docket No. 25-5745 (RPK)

Dear Judge Kovner,

This firm represents approximately 250 claimants in this action who are victims of terrorism (the "Hamen Claimants"), all of whom are direct victims (or the family members of victims) of terrorist attacks sponsored and/or materially supported by the Islamic Republic of Iran ("Iran"). Based on the harm suffered in these attacks, the Hamen Claimants collectively hold judgments totaling more than $2.9 billion dollars, including $937,450,837.00 in compensatory damages, $1,858,943,115.86 in punitive damages, and $107,012,368.60 in pre-judgment interest, against Iran.

We write to request an extension of time for the Hamen Claimants to file their attached verified claim to the Defendant Cryptocurrency at issue in this action.

Under Rule G(5)(a)(ii), verified claims may be filed after the relevant deadline has expired if there is "good cause." See Rule G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; *United States v. $417,143.48, More or Less, in U.S. Currency*, No. 13-cv-5567, 2015 WL 5178121, at *6, 9 (E.D.N.Y. Sept. 2, 2015). Courts look to factors such as "when the claimant became aware of the seizure, the reasons proffered for any delay, whether the government was aware of the claimant's interest, and any prejudice to the government." *$417,143.48*, 2015 WL 5178121, at *9.

Good cause to grant the requested extension and permit the filing of this Notice of Verified Claim is present here. The Hamen Claimants did not receive direct notice of

this forfeiture action. Instead, their counsel only recently learned—after the December 29, 2025, deadline—of Iran's interest in the Defendant Cryptocurrency by its review of the filings in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, No. 25-cv-07093 (Dec. 26, 2025 E.D.N.Y.). The *Fritz* claimants commenced that action on December 26, 2025—the Friday after Christmas—and filed an *ex parte* motion for attachment on December 28, 2025, a Sunday and the day before this Court's December 29, 2025 deadline for other third-party claimants. The *Fritz* claimants' strategically timed filings do not constitute a valid reason to deny similarly situated creditors of Iran the same right to assert a claim in these proceedings.

As the Court is aware, pursuant to the Terrorism Risk Insurance Act ("TRIA"), the Hamen Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities—including Iran-China Group—"[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, the Hamen Claimants possess an interest superior to that of the Government and any non-TRIA claimants in as much of the Defendant Cryptocurrency as may be necessary to satisfy their outstanding judgments for damages against Iran, plus post-judgment interest. As set forth in the other Iran creditors' filings, the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group (the "Iran-China Group"). Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. Finally, no party would be prejudiced by allowing the Hamen Claimants to file their claim at this time. The Court has yet to adjudicate any substantive issues in this action and it has extended the deadline of a number of other claimants to file their claims. The Government's argument that the Court should not grant extensions of time because the Defendant Cryptocurrency is not "blocked" for the purposes of TRIA (*see* Dkt No. 126 at 5-8) goes to merits of the Hamen Claimants' claims and is not a reason to close the courthouse doors to the Hamen Claimants before they have had an opportunity to assert their interest in the Defendant Cryptocurrency.

Due to the recent revelations about the relationship between the Defendant Cryptocurrency and the Government of Iran, multiple other victims of Iranian-state sponsored terrorism filed notices of claims after the original December 29, 2025 deadline. Like the Hamen Claimants, many of these victims have also requested that this Court permit them to file their claim notices out of time for largely the same reasons presented here. *See* Dkt. No. 52 (noticed claims of Iranian Terrorism Victims); Dkt. No. 56 (motion for extension of time and noticed claims of the Chairnoff Claimants); Dkt. Nos. 66, 67, 70 (motion for extension of time and noticed claims of the O'Neill Claimants); Dkt. No. 69 (motion for extension of time filed by the Pennington and Driscoll Claimants); Dkt. Nos. 85, 86 (motion for extension of time and noticed claims of the Gold Star Claimants).

Moreover, the Government received timely notice of the existence of claims by other victims of Iranian state-sponsored terrorism—specifically, the *Fritz* and *Baxter*

January 28, 2026
Page 3

claimants—whose claims are substantially identical to those of the Hamen Claimants. Additionally, although the *Fritz* claimants moved in a separate proceeding for an emergency *ex parte* writ of attachment in an effort to short-circuit the instant proceedings, the court in that action deferred decision on that motion so that it could hear from the Government. See Dkt. Nos. 69, 70, 81, *Fritz v. Iran and China Investment Development Group, d/b/a Lubian.com*, No. 1:25-cv-07093 (E.D.N.Y.). The Government then requested an extension of time for its response until February 9, 2026, in part so that subsequent events in the instant proceeding would inform its response. See Dkt. No. 81, *Fritz v. Iran and China Investment Development Group, d/b/a Lubian.com*, No. 1:25-cv-07093 (E.D.N.Y.). The court granted this request, largely so the parties could have more time to contemplate potential filings in this forfeiture action. Permitting the Hamen Claimants to file their claims at this time would help to accomplish this end without prejudicing any party. And, as the Court has recognized, "Rule G is designed to 'force[] claimants to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay.'" Dec. 11 Order (cleaned up); *see United States v. Various Computers & Computer Equip.*, 82 F.3d 582, 585 (3d Cir. 1996) (same); *id*. ("We do not believe that we may equitably deny [the claimant] standing where his actions have not thwarted the goals of" the Rule); *United States v. Funds From Prudential Sec.*, 300 F. Supp. 2d 99, 104 (D.D.C. 2004) (same, and collecting cases). Granting this request is consistent with the purpose of Rule G's deadlines because this case will proceed on the same timeline irrespective of the timing of this filing.

                        Respectfully submitted,

                        */s/ Richard P. Donoghue*
                        Richard P. Donoghue
                        *Counsel for the Hamen Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, I electronically filed the foregoing Letter Motion for Extension of Time via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the Government, in the above-captioned matter.

Dated: January 28, 2026

> */s/Richard P. Donoghue*
> Richard P. Donoghue
> Pillsbury Winthrop Shaw Pittman LLP
> 31 West 52nd St.
> New York, NY 10019
> Telephone: (212) 858-1000
> Email: richard.donoghue@pillsburylaw.com