# Mitchell Allyn, Ltd.

1000 North Green Valley Parkway, Suite 440-575
Henderson, Nevada 89074-6170

Tel: +1 702 350 1208
Email: dmitchell@mitchellallyn.com

January 28, 2026

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn NY 11201

    Re:    *United States v. Approximately 127,271 Bitcoin*
             Case No. 25-cv-5745-RPK

Dear Judge Kovner:

      We serve as lead enforcement counsel for the estates and family members of individuals killed in the September 11, 2001 terrorist attacks who are judgment creditors in *Bauer v. al Qaeda*, Case No. 02-cv-7236 (S.D.N.Y.) and *Parker v. Islamic Republic of Iran*, Case No. 18-cv-11416 (S.D.N.Y.) (collectively, the "Bauer Judgment Creditors"). Each has a final, enforceable judgment, entered pursuant to 28 U.S.C. 1605A, against the Islamic Republic of Iran for damages caused by Iran's participation in, and material support for, those terrorist attacks. Their outstanding compensatory damages exceed $4.5 billion.

      The Bauer Judgment Creditors request leave of Court to file a claim to the Defendant Cryptocurrency pursuant to 18 U.S.C. § 983(a) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"). This request seeks leave to file the claim after the December 29, 2025 deadline previously set by the Court. The Bauer Judgment Creditors' proposed claim and the exhibits to that claim are attached.

      The Bauer Judgment Creditors recently learned from motions seeking Section 1610(c) orders filed by the Havlish Judgment Creditors in the 9/11 multi-district litigation, from allegations in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, No. 25-cv-07093 (E.D.N.Y.), and from the Fritz Claimants' December 29, 2025 Notice of Verified Claim and Statement of Interest or Right in Property Subject to Forfeiture *in Rem* (ECF No. 29), that the Defendant Cryptocurrency is property of the Iran and China Investment Development Group ("Iran-China Group"). The Iran-China Group, doing business on the blockchain as Lubian.com or Lubian, is an agency or instrumentality

The Honorable Rachel P. Kovner
January 28, 2026
Page 2

of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran.

Section 201(a) of the Terrorism Risk Insurance Act ("TRIA") authorizes the Bauer Judgment Creditors to attach and execute on *any* blocked assets of Iran or *any* blocked assets of *any* agency and instrumentality of Iran, "[n]otwithstanding any other provision of law." The Defendant Cryptocurrency are blocked assets within the meaning of TRIA. Therefore, the Bauer Judgment Creditors possess an interest in as much of the Defendant Cryptocurrency as may be necessary to satisfy their outstanding compensatory damages judgments against Iran.

Furthermore, their interest is superior to any interests that might be asserted by the United States or any claimants other than similarly-situated claimants who are entitled to enforce terrorism judgments under TRIA.

Good cause exists for extending the deadline for the Bauer Judgment Creditors to submit their claim. *See* Rule G(5)(a)(ii) (setting claim deadlines "[u]nless the court for good cause sets a different time"). The Bauer Judgment Creditors did not receive direct notice of this forfeiture action from the United States. Instead, their counsel only became aware of Iran's interest in the Defendant Cryptocurrency after the December 29, 2025 deadline when they reviewed the papers filed by the Havlish Judgment Creditors in the 9/11 MDL and the Fritz Claimants in their TRIA complaint and their Verified Notice of Claim in this proceeding. After becoming aware of their claim, the Bauer Judgment Creditors have acted promptly.

Allowing the Bauer Judgment Creditors to file their claim after the deadline also will not prejudice any other Rule G claimant. The Court has not yet ruled on any substantive issues affecting any claimant. In addition, it extended the deadline for other claimants. *See* Order dated December 18, 2025 and Order dated December 29, 2025. Moreover, the government will not be prejudiced. It received timely notice from other claimants that TRIA gives victims of Iranian terrorism authority to claim interests in the Defendant Cryptocurrency. The Bauer Judgment Creditors' claims are based on the same legal principles and rise from the same statutory authority as those terror victim claimants.

Sincerely,

Douglass A. Mitchell