Jonathan P. Vuotto, Attorney No. 315601
McANDREW VUOTTO, LLC
13 Mt. Kemble Avenue
Morristown, New Jersey 07960
(973) 538-6308
Attorneys for the Breitweiser Claimants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>-against-<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>    Defendants *in rem*. | Case No. 25-cv-5745 (RPK)<br><br>**DECLARATION OF KRISTEN BREITWEISER IN FURTHER SUPPORT OF LETTER MOTION TO ALLOW LATE FILED CLAIM** |

**KRISTEN BREITWEISER**, hereby declares as follows:

1. I am a Plaintiff in *In re Terrorist Attacks on September 11, 2001*, 03-MDL-1570 (GBD)(SN) (the "9/11 Litigation"), and I, individually and as Personal Representative of the Estate of Ronald Breitweiser, have submitted an application for the Court to permit a late-filed Claim, along with Caroline Breitweiser, Patricia Ryan, individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan, Kristen Ryan and Jacqueline Eaton-Garland, individually and as Personal Representative of the Estate of Robert D. Eaton. In its opposition to our motion, the United States government (the "U.S.") has collectively referred to us as the "Breitweiser Claimants," and we each are holders of Judgments entered against Iran in the 9/11 Litigation. I have personal knowledge of the facts set forth herein and submit this Declaration in further support of our motion and Claim.

2. The U.S. argues in its opposition that we have failed to show "excusable neglect" in not meeting the Court's claim deadline of December 29, 2025. We respectfully disagree, on the following basis.

3. The Breitweiser Claimants have been without counsel in the 9/11 Litigation for many months. During that period, we experienced a breakdown in communications with our 9/11 Litigation counsel. We have been diligently searching for new counsel for the 9/11 Litigation, but we have been unsuccessful due to there being very few qualified 9/11 attorneys who are willing to take new clients under the circumstances. On December 10, 2025—before both the original December 14, 2025 claims deadline and the extended December 29, 2025 deadline—and without any knowledge of the government's forfeiture proceeding or receipt of notice of this case, Patricia Ryan and I, on behalf of ourselves and our respective children, terminated our attorney's representation for cause, for reasons unrelated to this forfeiture matter. In addition, Jacqueline Eaton-Garland's representation in the 9/11 Litigation had been terminated by the same attorney several months earlier, also due to a breakdown in the attorney-client relationship and communications.

4. Thus, the Breitweiser Claimants were without any counsel and still seeking new counsel during the timeframe of both the initial deadline and the extended deadline of December 29, 2025. We received notice of this forfeiture action on January 16, 2026, by virtue of a filing in the 9/11 Litigation. We immediately contacted and then retained our current counsel on January 22, 2026. We filed our letter motion the next day, on January 23, 2026.

5. Thus, we were *pro se* since prior to the expiration of the initial deadline and, upon receiving notice of this proceeding, we took immediate action to retain counsel and protect our rights. We therefore respectfully submit that the Breitweiser Claimants have shown both

excusable neglect and diligence that would weigh in favor of the Court granting our request for an extension.

    I declare under the penalty of perjury that the foregoing statements made by me are true and correct.

Dated: January 30, 2026                                    Kristen Breitweiser