**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA, Plaintiff, v. APPROXIMATELY 127,271 BITCOIN, Defendant.**

**Civil Docket No. 25-5745 (RPK) (EDNY)**

**REPLY MEMORANDUM IN SUPPORT OF PETITION FOR RELEASE OF SEIZED PROPERTY**

Claimant Connie Wilson respectfully submits this Reply to the Government's Memorandum in Opposition.

**1. Rebuttal of Government's Factual Claims** The Government asserts that I am "simply mistaken" regarding Special Agent Tiffany Loar's verification of my case. This is inaccurate. On July 21, 2025, Agent Loar (CID, Money Hunting Desk) wrote to me: *"Please be advised that we do have suspects in this case and are currently working on indictments."* (See Exhibit A, attached). This email proves the Government had identified a nexus between my loss and their investigation long before their public filing on October 14, 2025.

**2. Bitcoin is Property, Not "Electronic Funds"** The Government argues that Bitcoin is "electronic funds" and thus ineligible for hardship release under 18 U.S.C. § 983(f)(8). However, federal law and IRS guidelines define Bitcoin as **property**. Therefore, the "electronic funds" bar does not apply, and my petition for hardship release remains valid under Section 983(f).

**3. Demonstration of Hardship** The Government acknowledges my predicament but argues the funds would be "dissipated". As a 69-year-old on a fixed income, the continued seizure of my **IRA retirement savings** is causing substantial hardship as defined by 18 U.S.C. § 983(f)(1)(C), leaving me unable to secure essential medical care and housing stability.

**Conclusion** For the reasons stated above and in the attached Exhibit A, the Court should grant the petition for the immediate release of my verified assets.

Respectfully submitted, *Connie Wilson, Pro Se*

*Connie Wilson*