*** Filed 04:02 PM, 30 Jan, 2026 U.S.D.C., Eastern District of New York ***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA,
   Plaintiff,

      v.      1:25-cv-05745 (RPK)

APPROXIMATELY 127,271 BITCOIN (BTC),
   Defendants in Rem.
---------------------------------------------------------------X

**REPLY OF CLAIMANT RAVI ANAND**
**IN SUPPORT OF MOTION FOR LEAVE TO FILE CLAIM**

Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Kovner:

Claimant Ravi Anand respectfully submits this reply in response to the Government's January 27, 2026 letter (ECF No. 126).

The Government's opposition rests on a fundamental mischaracterization: that investment fraud victims who were deceived into transferring funds are mere unsecured creditors without any cognizable interest in forfeited property. That premise is inconsistent with the governing law and the facts of this case.

### I. Claimant Did Not "Voluntarily Transfer" His Funds

The Government relies on cases addressing truly voluntary transfers in commercial contexts. Those authorities do not apply here.

Mr. Anand was the victim of an organized international fraud scheme. He was deceived into believing he was engaging in legitimate cryptocurrency trading, when in fact he was transmitting funds to criminal actors.

Courts recognize that funds obtained by fraud remain the property of the victim and do not become the legitimate property of the wrongdoer. See, e.g., *United States v. $4,224,958.57*, 392 F.3d 1002, 1004–05 (9th Cir. 2004); *United States v. $3,000 in Cash*, 906 F. Supp. 1061, 1065 (E.D. Va. 1995).

Unlike the Government's cited investment creditor cases, Mr. Anand never intended to relinquish ownership. His transfers were procured through deception, making this legally equivalent to theft.

## II. Law Enforcement Tracing Confirms Claimant's Direct Property Interest

This claim is supported by forensic tracing. The FBI has traced Mr. Anand's funds through blockchain analysis into wallets later consolidated into the Defendant Cryptocurrency. These funds were located at, and processed through, the OKX exchange, which subsequently cooperated with law enforcement and entered into a settlement with federal authorities.

Courts recognize standing where a claimant can trace stolen or misappropriated funds into seized property. See, e.g., *United States v. One-Sixth Share of James J. Bulger*, 326 F.3d 36, 43–44 (1st Cir. 2003); *United States v. $191,910.00*, 16 F.3d 1051, 1058 (9th Cir. 1994).

Mr. Anand's claim is thus not a generalized "right to payment," but a direct property interest in the Defendant Cryptocurrency.

## III. Claimant Qualifies as an Innocent Owner and Crime Victim

Mr. Anand meets the criteria for an innocent owner under 18 U.S.C. § 983(d):

- He had no knowledge of the criminal scheme;
- He did not consent to any illegal conduct;
- He was affirmatively targeted and exploited by the perpetrators.

He is also a recognized victim of wire fraud and money laundering offenses charged in the related criminal case. Denying him standing would frustrate the intent of the Civil Asset Forfeiture Reform Act, which protects innocent victims swept into forfeiture proceedings.

## IV. Claimant Demonstrated Excusable Neglect

Mr. Anand acted diligently upon learning of the forfeiture:

- He promptly consulted with counsel during the investigation;
- Investigated his rights;
- Filed his submission shortly thereafter.

The delay was not strategic or negligent; it reflects the opaque nature of international cryptocurrency fraud and reliance on federal investigations. Courts in this district routinely find excusable neglect under comparable circumstances. See, e.g., *United States v. $96,000*, 2019 WL 3334493, at *4.

No prejudice to the Government exists: discovery has not commenced, no merits rulings have been made, and no distribution of assets is imminent.

**V. Denial Would Produce an Inequitable Result**

The Government's position would allow organized fraudsters to secure superior rights to stolen funds merely by laundering assets through exchanges and wallets—a result incompatible with forfeiture law and equity. Courts have discretion to prevent such injustice. See *United States v. $417,143.48*, 2015 WL 5178121.

**VI. Conclusion**

Mr. Anand is not an unsecured creditor. He is a documented fraud victim whose stolen funds have been traced through OKX and identified by the FBI in the Defendant Cryptocurrency. He has demonstrated excusable neglect, good faith, and a direct property interest. Granting leave will not prejudice the Government and will promote the fair administration of justice.

For these reasons, Claimant respectfully requests that the Court grant his motion for leave to file his claim.

Dated: January 30, 2026

/s/ Ravi Anand
Ravi Anand, Pro Se
1339 N. Dearborn Street, #15C
Chicago, IL 60610
ravi@ravianandlaw.com
(708) 642-6735