

February 2, 2026

**VIA CM/ECF**
The Honorable Rachel P. Kovner
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: United States v. Approximately 127,271 Bitcoin, Civil Docket No. 25-5745 (RPK)**

Dear Judge Kovner,

This firm represents the claimants listed in the attached verified claim (the "IBHLAW Claimants"), all of whom are direct victims (or the family members of victims) of terrorist attacks sponsored and/or materially supported by the Islamic Republic of Iran ("Iran"). Based on the harm suffered in these attacks, the IBHLAW Claimants collectively hold judgments totaling more than $280,364,330, including $61,932,165 in compensatory damages and $218,432,165 in punitive damages, against Iran.

We write to request an extension of time for the IBHLAW Claimants to file their attached verified claim to the Defendant Cryptocurrency at issue in this action.

Under Rule G(5)(a)(ii), verified claims may be filed after the relevant deadline has expired if there is "good cause." See Rule G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; United States v. $417,143.48, More or Less, in U.S. Currency, No. 13-cv-5567, 2015 WL 5178121, at *6, 9 (E.D.N.Y. Sept. 2, 2015). Courts look to factors such as "when the claimant became aware of the seizure, the reasons proffered for any delay, whether the government was aware of the claimant's interest, and any prejudice to the government." $417,143.48, 2015 WL 5178121, at *9.

Good cause to grant the requested extension and permit the filing of this Notice of Verified Claim is present here. The IBHLAW Claimants did not receive direct notice of this forfeiture action. Instead, their counsel only recently learned—after the December 29, 2025, deadline—of Iran's interest in the Defendant Cryptocurrency by its review of the filings in Fritz v. Iran and China Investment Development Group d/b/a Lubian.com, No. 25-cv-07093 (Dec. 26, 2025 E.D.N.Y.).

---

The Fritz claimants commenced that action on December 26, 2025—the Friday after Christmas—and filed an ex parte motion for attachment on December 28, 2025, a Sunday and the day before this Court's December 29, 2025 deadline for other third-party claimants. The Fritz claimants' strategically timed filings do not constitute a valid reason to deny similarly situated creditors of Iran the same right to assert a claim in these proceedings.

As the Court is aware, pursuant to the Terrorism Risk Insurance Act ("TRIA"), the IBHLAW Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities—including Iran-China Group—"[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, the IBHLAW Claimants possess an interest superior to that of the Government and any non-TRIA claimants in as much of the Defendant Cryptocurrency as may be necessary to satisfy their outstanding judgments for damages against Iran, plus post-judgment interest. As set forth in the other Iran creditors' filings, the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group (the "Iran-China Group"). Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. Finally, no party would be prejudiced by allowing the IBHLAW Claimants to file their claim at this time. The Court has yet to adjudicate any substantive issues in this action and it has extended the deadline of a number of other claimants to file their claims. The Government's argument that the Court should not grant extensions of time because the Defendant Cryptocurrency is not "blocked" for the purposes of TRIA (see Dkt No. 126 at 5-8) goes to merits of the IBHLAW Claimants' claims and is not a reason to close the courthouse doors to the IBHLAW Claimants before they have had an opportunity to assert their interest in the Defendant Cryptocurrency.

Due to the recent revelations about the relationship between the Defendant Cryptocurrency and the Government of Iran, multiple other victims of Iranian-state sponsored terrorism filed notices of claims after the original December 29, 2025 deadline. Like the IBHLAW Claimants, many of these victims have also requested that this Court permit them to file their claim notices out of time for largely the same reasons presented here. See Dkt. No. 52 (noticed claims of Iranian Terrorism Victims); Dkt. No. 56 (motion for extension of time and noticed claims of the Chairnoff Claimants); Dkt. Nos. 66, 67, 70 (motion for extension of time and noticed claims of the O'Neill Claimants); Dkt. No. 69 (motion for extension of time filed by the Pennington and Driscoll Claimants); Dkt. Nos. 85, 86 (motion for extension of time and noticed claims of the Gold Star Claimants); Dkt No. 106; Dkt No. 127; and Dkt No. 132.

Moreover, the Government received timely notice of the existence of claims by other victims of Iranian state-sponsored terrorism—specifically, the Fritz and Baxter claimants—and thus has been aware of the interests of similarly situated TRIA judgment creditors since at least the commencement of this action.

Good cause to grant the requested extension and permit the filing of this Notice of Verified Claim is present here. The IBHLAW Claimants present here. The Hamen Claimants is present here. The IBHLAW Claimants did not receive direct notice of this forfeiture action.

        Respectfully submitted,

        _____
        Ali Herischi
        Counsel for IBHLAW Claimants