**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC")<br>PREVIOUSLY STORED AT THE VIRTUAL<br>CURRENCY ADDRESSES LISTED IN<br>ATTACHMENT A, AND ALL PROCEEDS<br>TRACEABLE THERETO,<br><br><br>     Defendant, In Rem. | Case No. 1:25-cv-05745-RPK |

## NOTICE OF VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE IN REM

Pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, the undersigned, on behalf of the IBHLAW Claimants (as defined below), hereby files this Verified Claim and Statement of Interest or Right in the Defendant Cryptocurrency (defined as the approximately 127,271 Bitcoin previously stored at the virtual currency addresses listed in Attachment A to the Verified Complaint in this action, and all proceeds traceable thereto). This Verified Claim asserts an interest in the Defendant Cryptocurrency superior to that of the United States or any non-TRIA claimants, pursuant to Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, 116 Stat. 2322 (codified as amended at 28 U.S.C. § 1610 note), "[n]otwithstanding any other provision of law."

1.  The claimants are multiple judgment creditors of the Islamic Republic of Iran ("Iran") (collectively, the "IBHLAW Claimants"), as detailed in the attached Verification and in Attachment A hereto. The IBHLAW Claimants are plaintiffs, estates, or family members in actions brought under the terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A, in the United States District Court for the District of Columbia (the governing jurisdiction for these judgments under federal law). Specifically:

    o   In Kar et al. v. Islamic Republic of Iran et al., Case Nos. 1:19-cv-02070-JDB and 1:19-cv-02602-JDB, plaintiffs Mehrangiz Kar, Azadeh Pourzand, and Banafsheh Zand obtained judgments for solatium damages, intentional infliction of emotional distress, and prejudgment interest arising from Iran's torture and extrajudicial killing of Siamak Pourzand in 2011. Ms. Kar is a prominent Iranian human rights lawyer and activist, and the plaintiffs are family members of the victim.

    o   In Amirentezam et al. v. Islamic Republic of Iran et al., Case No. 1:19-cv-02066-EGS/GMH, plaintiffs Ardeshir Amirentezam, Anoushiravan Amirentezam, and Elham Entezam Breuer obtained judgments for damages resulting from Iran's torture and 2018 extrajudicial killing of Abbas Amirentezam, Iran's longest-serving political prisoner and former deputy prime minister.

    o   In Alinejad v. Islamic Republic of Iran et al., Case No. 1:19-cv-03599, plaintiff Aliejad obtained a judgment for damages arising from Iran's kidnapping and torture of her brother in 2021 to silence her anti-regime activism.

- o In Saharkhiz v. Islamic Republic of Iran et al., Case No. 1:19-cv-02938-ACR, plaintiff Mehdi Saharkhiz obtained a judgment for ongoing damages from Iran's torture and imprisonment of his father, a journalist, in 2018 and thereafter.

- o In Oveissi et al. v. Islamic Republic of Iran et al., Case No. 1:19-cv-02846-RDM, plaintiff Shahryar Oveissi obtained a judgment for non-economic and punitive damages related to Iran's 1982 assassination of General Gholam-Ali Oveissi, a pre-revolution military leader and opposition figure.

- o In Nahadi et al. v. Islamic Republic of Iran et al. (styled as Mahmoudzadeh v. Islamic Republic of Iran et al.), Case No. 1:23-cv-00601-TSC, plaintiffs Shiwa Nahadi, Tara Mahmoudzadeh, and the Estate of Omer Mahmoudzadeh obtained judgments for pain and suffering, solatium, and intentional infliction of emotional distress arising from Iran's 2022 missile and drone attack killing Omer Mahmoudzadeh, a U.S. citizen, in Iraq.

- o In Lakestani v. Islamic Republic of Iran et al., Case No. 1:21-cv-02232-EGS, plaintiff Akbar Lakestani obtained a judgment for ongoing damages from his 2019 arrest, torture, and resulting medical complications (including amputation and vision loss) during a visit to Iran.

2. All IBHLAW Claimants are direct victims or immediate family members of victims of acts of terrorism sponsored or materially supported by Iran, including torture, extrajudicial killing, and hostage-taking as defined under 28 U.S.C. § 1605A. By final default judgments entered in the above cases (copies attached as Composite Exhibit 1), the IBHLAW Claimants were awarded aggregate damages of $280,364,330 against Islamic Republic of Iran, consisting of $61,932,165 in compensatory damages (including

solatium, pain and suffering, intentional infliction of emotional distress, and prejudgment interest where applicable) and $218,432,165 in punitive damages. These judgments were served on Iran pursuant to 28 U.S.C. § 1608(e) via diplomatic channels (delivery to the Iranian Ministry of Foreign Affairs by the Swiss Embassy in Tehran at the request of the U.S. Department of State). No appeals were taken, and the judgments are final, enforceable, and unsatisfied.

3. Iran has been designated a state sponsor of terrorism by the U.S. Department of State since January 19, 1984, and remains so designated, making it a "terrorist party" under TRIA § 201(d)(4). The IBHLAW Claimants hold compensatory damage judgments against a terrorist party based on acts of terrorism, entitling them under TRIA § 201(a) to attach and execute against Iran's blocked assets, including those of its agencies or instrumentalities, notwithstanding any other provision of law. This right is binding under federal law (28 U.S.C. § 1610 note) and supersedes conflicting state law, with no noted circuit splits or unsettled issues relevant here.

4. The IBHLAW Claimants assert a legal interest in the Defendant Cryptocurrency to the extent it constitutes blocked property of Iran or its agencies/instrumentalities, including the Iran-China Investment Development Group d/b/a Lubian.com or LuBian, which has supported Iran's sanctions evasion through cryptocurrency mining. This interest is paramount under TRIA and entitles the IBHLAW Claimants to execute against sufficient Defendant Cryptocurrency to satisfy their judgments plus post-judgment interest (accruing at the federal rate under 28 U.S.C. § 1961).

5. The IBHLAW Claimants have not assigned or transferred their judgment interests or TRIA rights. This Verified Claim complies with Supplemental Rule G(5)(a)(i) by

identifying the property claimed, the claimants (per Attachment A), and their interest therein.

6. The IBHLAW Claimants request that the Court recognize this Verified Claim, deny forfeiture to the extent of their interest, and grant further relief as appropriate, including leave to amend if additional facts emerge.

Dated: February 2, 2026

Respectfully submitted,

__/s/ *Ali Herischi*_____
Ali Herischi
Herischi & Associates LLC
11300 Rockville Pike, Ste 712
N Bethesda, MD 20852
ali.herischi@ibhlaw.com
Tel.: 301.363.4540
*Counsel for IBHLAW CLAIMANTS*

**CERTIFICATE OF SERVICE**

I certify that I had this document electronically filed with the Clerk of the Court, using the

CM/ECF system, which sent notification of such filing to all counsel of record.


Dated: February 2, 2026

＿＿/s/ *Ali Herischi*＿＿＿＿＿＿＿＿
Ali Herischi, Esq.