# ANDERSON KILL P.C.

7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212-278-1000 / www.andersonkill.com

Jerry Goldman
jgoldman@andersonkill.com
212-278-1569

*Via ECF*                                                                                                            February 2, 2026

The Honorable Rachel P. Kovner
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   **_United States v. Approximately 127,271 Bitcoin_, No. 1:25-cv-05745 (RPK); Letter Motion to Judge Kovner re: Leave to File Amended Verified Claims**

Dear Judge Kovner:

The *O'Neill* Claimants previously moved this Court, on January 19, 2026, to request leave to file their verified claim to the Defendant Cryptocurrency at issue in this action after the December 29, 2025 deadline established by this Court (the "Letter Motion"). *See* ECF No. 66; *see also* ECF Nos. 69-70. The *O'Neill* Claimants represent over 3,000 family members and estate representatives of approximately 600 individuals who were victims of the September 11, 2001 terrorist attacks (the "9/11 Attacks").

We now write to amend the Letter Motion and associated documents, to move on behalf of not only the *O'Neill* Claimants, but on behalf of the *Ashton*, *Burnett* and *Ashton-Burlingame* Claimants to add over 10,454 9/11 claimants in order to protect the interests of all 9/11 death and personal injury victims.[1] This amendment supplements and relates back to the *O'Neill* Claimants' January 19, 2026 filings. For the purposes of judicial economy, this single supplemented notice of claim and related verified claims advance the common interest of and a unified position for thousands of people who are similarly situated.

Our clients (together, the "9/11 Claimants") have been awarded compensatory damages judgments totaling approximately $93,477,373,915, exclusive of interest, under 28 U.S.C. §§1605A and 1605B against the Islamic Republic of Iran for its role in sponsoring the 9/11 Attacks. Together, this represents over 95% of the 9/11 judgments.

---

[1] We are writing jointly with Motley Rice LLC representing the *Burnett* Claimants, Kreindler & Kreindler LLP representing the *Ashton* Claimants, and Speiser Krause, PC representing the *Ashton-Burlingame* Claimants. Certain of counsel are members of the Court-established Plaintiffs' Executive Committee for Personal Injury and Death Claims, which manages the 9/11 litigations on behalf of the plaintiffs in the multidistrict litigation pending in the U.S. District Court for the Southern District of New York, *In re Terrorist Attacks on September 11, 2001*, 03-MDL-1570 (GBD)(SN). A relative handful of other 9/11 victims represented by other counsel have independently filed claims in this proceeding. *See* ECF Nos. 56, 73. We do not represent such other victims.

**Anderson Kill P.C.**

The Honorable Rachel P. Kovner
February 2, 2026
Page 2

The same reasons set forth in the *O'Neill* Claimants' original Letter Motion (ECF No. 66), repeated herein, apply with equal force and warrant the *O'Neill*, *Ashton*, *Burnett*, and *Ashton-Burlingame* Claimants to file their claims.

We recently learned about this forfeiture action, and the allegations in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, No. 1:25-cv-07093 (E.D.N.Y.), and the claims of the *Fritz* plaintiffs recently set forth in this action, ECF No. 29, that the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group ("Iran-China Group"). According to the *Fritz* plaintiffs, the Iran-China Group, doing business on the blockchain as Lubian.com or Lubian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran.

Pursuant to the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, the 9/11 Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities—including Iran-China Group—"[n]otwithstanding any other provision of law." Accordingly, the 9/11 Claimants have an interest in as much of the Defendant Cryptocurrency as may be necessary to satisfy their outstanding compensatory damages judgments against Iran, plus post-judgment interest, which interest is superior to that of the U.S. government.

We respectfully submit that good cause exists for extending the 9/11 Claimants' deadline to submit their amended claim. As this Court noted in this Action,[2] in an *in rem* forfeiture action, the Court may "for good cause set[] a different time" by which a claimant "may contest the forfeiture by filing a claim." Fed. R. Civ. P. G(5)(a)(ii). A finding of good cause appears to fall within the Court's discretion. *Cf. United States v. $417,143.48*, 682 F. App'x 17, 19 (2d Cir. 2017) (noting that a court has "'discretion in appropriate circumstances to depart from the strict compliance standard' embodied by Rule G(5)" (citation omitted)). This Circuit has not set express guidelines regarding the scope of good cause. But "[n]umerous courts have held"--in the analogous context where the Court extended the deadline for a late-filed claim--"that 'where putative claimants have placed the court and the government on notice of their interest in the property and their intent to contest the forfeiture, courts will grant extensions of time, recognizing both the good-faith effort put forth and the lack of prejudice to the government under such circumstances.'" *United States v. $175,918.00 in U.S. Currency*, 755 F. Supp. 630, 633 (S.D.N.Y. 1991) (quoting *United States v. U.S. Currency in the amount of $103,387.27*, 863 F.2d 555, 562-63 (7th Cir. 1988) (finding abuse of discretion in denying extension to file Rule C claim)) (excusing late-filed Rule C claim); *see also United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1435 (9th Cir. 1985) (same); *United States v. One Urb. Lot Located at 1 St. A-1*, 885 F.2d 994, 999-1001 (1st Cir. 1989) (same). At the same time, Rule G is designed to "force[] claimants to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay." *$417,143.48*, 682 F. App'x at 19 (quotation omitted).

---

[2] *See* Docket, Text Order dated 12/11/2025 (granting other Claimants' requests for extensions of time).

**Anderson Kill P.C.**

The Honorable Rachel P. Kovner
February 2, 2026
Page 3

The 9/11 Claimants did not receive direct notice of this forfeiture action and undersigned counsel became aware of Iran's interest in the Defendant Cryptocurrency on January 16, 2026, after the December 29, 2025 deadline imposed by this Court.[3] The 9/11 Claimants have acted promptly upon becoming aware of that potential interest. *See United States v. Premises & Real Prop. at 4492 S. Livonia Rd., Livonia, N.Y.*, 889 F.2d 1258, 1262 (2d Cir. 1989) ("Where, as here, a claimant has made a sufficient showing of interest in the property through the filing with the court of a motion and accompanying affidavits, technical noncompliance with the procedural rules governing the filing of claims may be excused."); *Henry v. Oluwole*, 108 F.4th 45, 51 (2d Cir. 2024) (general policy of courts is to favor judgments on the merits and disfavor default judgments) (collecting authorities); *United States v. Starling*, 76 F.4th 92 (2d Cir. 2023) (permitting a belated claim to be filed to the defendant assets under the permissive good cause standard).

No other parties will be prejudiced by allowing these additional 9/11 Claimants to file their supplemented claims. The Court has yet to adjudicate any substantive issues in this action, and has extended until January 19, 2026 the deadline for three other claimants to file their claims.[4] *See* December 18, 2025 Order and December 29, 2025 Order. Moreover, the U.S. government received timely notice of the existence of claims by other victims of Iranian terrorism—specifically, the Fritz and Baxter claimants (*see* ECF Nos. 29 and 30)—whose claims are substantially related to those of the 9/11 Claimants.

We thank the Court for its attention to this matter.

Respectfully submitted,

| */s/ Jerry Goldman* | */s/John M. Eubanks* | */s/Megan Wolfe Benett* | */s/Jeanne M. O'Grady* |
|---|---|---|---|
| Jerry S. Goldman, Esq. | John M. Eubanks, Esq. John C. Duane, Esq. | Megan Wolfe Benett, Esq. | Jeanne M. O'Grady, Esq. |
| *Attorney for the O'Neill Claimants* | *Attorneys for the Burnett Claimants* | *Attorneys for the Ashton Claimants* | *Attorneys for the Ashton-Burlingame Claimants* |

cc (via ECF): All Counsel of Record
Enclosure

---

[3] The 9/11 Claimants did not become aware of this claim via the Government's publication on https://www.forfeiture.gov/.
[4] The *O'Neill* Claimants filed their original Claim on January 19, 2026 and have asserted good cause for all 9/11 Claimants to be heard in this Action and submit their Verified Claims.