# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

  Plaintiffs,

v.

APPROXIMATELY 127,271 BITCOIN
(BTC) PREVIOUSLY STORED AT THE
VIRTUAL CURRENCY ADDRESSES
LISTED IN ATTACHMENT A, AND ALL
PROCEEDS TRACEABLE THERETO,

  Defendants *In Rem*.

Civil Action No. 1:25-cv-05745 (RPK)

## NOTICE OF VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE IN REM

The Relvas Claimants were servicemen killed or injured in the 1983 bombing of the United States Marine barracks in Beirut, Lebanon (the "Beirut Bombings"), their estates, and family members. The Relvas Claimants have been awarded a total judgment of $948,928,552.81, which include $213,722,647.03 in compensatory damages and $735,205,905.78 in punitive damages under 28 U.S.C. §1605A against the Islamic Republic of Iran ("Iran") for its role in sponsoring the Beirut Bombings. The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4).

Elvis Rusnak (formerly known as Michael Rusnak) was a servicemember in the U.S. Air Force, who was significantly injured during the 1996 bombings at the Khobar Towers in Dhahran, Saudi Arabia (the "Khobar Towers Bombing"). Elvis Rusnak has been awarded a total judgment of $7,000,000 in compensatory damages under 28 U.S.C. §1605A against the Islamic Republic of Iran ("Iran") for its role in sponsoring the Khobar Towers Bombing. The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4).

The Relvas Claimants and Elvis Rusnak (the "Claimants") just recently learned about this forfeiture action and the allegations and evidence set forth in the complaint at ECF No. 1 in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com,* No. 1:25-cv-07093 (E.D.N.Y.) (the "Fritz Action"). Specifically, the Claimants learned that the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group ("Iran-China Group"). *Fritz*, ECF. No. 1 at 53. The Claimants promptly sought leave to file this Notice upon learning of this information and this proceeding.

As alleged by the Fritz plaintiffs at ECF No. 1, the Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. Through this scheme, sanctioned Iranian oil and gas are converted into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems.

Based on the information newly revealed by the allegations in the *Fritz* Action, under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, the Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "[n]otwithstanding any other provision of law." Accordingly, the Claimants hereby assert their superior interest in so much of the Approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A, and all proceeds traceable thereto ("Defendant Cryptocurrency") as may ultimately be necessary to satisfy the Claimants' outstanding compensatory damages judgments against Iran, plus post-judgment interest thereon.

TRIA makes the Claimants' interest in the Defendant Cryptocurrency senior to any interest of the U.S. government. In support of this Notice, the Claimants state as follows:

**I.     The Relvas Claimants Have Been Awarded A Total Judgment Of $948,928,552.81, Which Include $213,722,647.03 In Compensatory Damages And $735,205,905.78 In Punitive Damages Against Iran.**

1.     The Relvas Claimants were servicemen killed or injured in the 1983 bombing of the United States Marine barracks in Beirut, Lebanon (the "Beirut Bombings"), their estates, and family members.

2.     In 2018, the United States District Court for the District of Columbia determined that Iran was liable under 28 U.S.C. § 1605A for causing the Relvas Claimants' damages and entered judgment awarding the Relvas Claimants compensatory damages and punitive damages.

3.     The damages awarded to the Relvas Claimants totals $948,928,552.81, which include $213,722,647.03 in compensatory damages and $735,205,905.78 in punitive damages. *See* Judgment, Case No. 1:14-CV-01752-RCL (D.D.C.), ECF. No. 97.

4.     To date, Iran has not paid any portion of any of the Relvas Claimants' judgment. The Claimants' judgment continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

**II.    Elvis Rusnak Has Been Awarded A Total Judgment Of $7,000,000 In Compensatory Damages Against Iran.**

5.     Elvis Rusnak was a servicemember in the U.S. Air Force, who was significantly injured during the 1996 Khobar Towers Bombing.

6.     In 2019, the United States District Court for the District of Columbia determined that Iran was liable under 28 U.S.C. § 1605A for causing Elvis Rusnak's damages and entered judgment awarding him compensatory damages.

7.      The damages awarded to Elvis Rusnak totals $7,000,000 in compensatory damages. *See* Judgment, Case No. CV 17-1376 (BAH) (D.D.C.), ECF No. 279.

8.      To date, Iran has not paid any portion of any of the Elvis Rusnak's judgment. The This judgment continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

**III.     The Claimants Only Recently Learned Of The Relationship Between The Defendant Cryptocurrency And The Government Of Iran.**

9.      Based on information the Claimants only recently learned, it appears that the Defendant Cryptocurrency is directly tied to the Iranian government, which was not clear from the forfeiture pleadings filed by the U.S. government.

10.      On December 26, 2025, other victims of Iran's state-sponsored terrorism filed a separate action alleging that LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist Iran's continuing efforts to evade U.S. sanctions. *See Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, Case No. 1:25-cv-07093 (E.D.N.Y.), Complaint for Execution and Turnover, ECF No. 1.

11.      Plaintiffs in the *Fritz* Action, along with another group of victims of Iran's state sponsored terrorism (the "Baxter Victims"), filed Notices of Verified Claims in this action on December 29, 2025. *See* ECF Nos. 29 and 30. Additional Notices of Verified Claims have since been filed in this action. *See, e.g.*, ECF Nos. 39, 52, 69, 70, 86, 88, 107, 112, 118, 125, 152, 163.

12.      Based on the information revealed in the allegations in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Claimants now submit this Notice of Verified Claim.

**IV.     Under TRIA, Claimants Have A Senior Interest In The Defendant Cryptocurrency.**

13.     In the context of a forfeiture action, at this stage of the proceedings, the Claimants need only assert that they have a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (citation omitted). "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." *Id.* at 110 (citation omitted). Here, based on the information alleged in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Claimants have far more than a "facially colorable interest" in the Defendant Cryptocurrency.

14.     The Claimants are judgment creditors of Iran as a result of Iran's acts of state-sponsored terrorism. As has now been alleged, because the Iran-China Group was or is an agent or instrumentality of Iran, TRIA entitles the Claimants to execute on the Defendant Cryptocurrency to satisfy those judgments "[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, the Claimants have a possessory interest in the Defendant Cryptocurrency, which permits them to bring the claims asserted here.

15.     Specifically, TRIA provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on the "blocked assets" of that terrorist party or its "agency or instrumentality" "to satisfy such judgment to the extent of any compensatory damages." Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002), codified at 28 U.S.C. § 1610 Note. TRIA's cornerstone is the statute's broad "notwithstanding" clause, which aims to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce [their] judgments." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391-92 (2009) (Kennedy, J., concurring). The notwithstanding clause "mak[es] plain that the force of the [statute] extends everywhere" and "supersede[s] all other laws." *Weinstein v. Islamic Republic of*

*Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted). Accordingly, because it expressly overrides conflicting laws, TRIA's notwithstanding clause necessarily overrides "the civil-forfeiture statute." *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

16.     Because the Claimants satisfy the requirements of TRIA, their interest in the Defendant Cryptocurrency necessarily is superior to the claims of the U.S. government, as well as all other non-TRIA claimants, in this forfeiture action. To start, as explained above, the Claimants hold a judgment for compensatory damages against Iran based on an act of terrorism under 28 U.S.C. § 1605A. Next, Iran is a "terrorist party" because it has been designated as a state sponsor of terrorism under the Export Administration Act of 1979. *See* TRIA § 201(d)(4); Executive Order No. 13599, 77 Fed. Reg. 6659 (Feb. 5, 2012). Additionally, as alleged in the *Fritz* Action, the Iran-China Group operated as Iran's agency or instrumentality by materially helping Iran avoiding U.S. sanctions, while providing the material function to Iran of laundering its energy resources through cryptocurrency mining, at Iran's direction and behest. *See Fritz* Action, ECF No. 70, Plaintiffs' Memorandum of Law in Support of Motion for Attachment, at 13-17 (Dec. 28, 2025); *see also Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107, 135 (2d Cir. 2016). Finally, under TRIA, "[b]locked assets" include "any asset seized or frozen by the United States" pursuant to the International Emergency Economic Powers Act. TRIA § 201(d)(2)(A).

17.     The U.S. government has used its authority under that statute to "block" all Iranian property in the United States, including the property of agencies or instrumentalities of Iran. 31 C.F.R. §§ 560.211, 594.201(a)(5); *Kirschenbaum*, 830 F.3d at 120. As a result, if the Iran-China Group is an agency or instrumentality of Iran, all property of the Iran-China Group qualifies as a blocked asset under TRIA. *See Levinson v. Kuwait Finance House (Malaysia)*

*Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022). Because the Defendant Cryptocurrency is property of the Iran-China Group, it is therefore blocked and subject to execution by the Claimants under TRIA.

18.    Pursuant to 18 U.S.C. § 983(a) and Rule G, the Claimants hereby assert a protective, prophylactic claim against such amount of the Defendant Cryptocurrency—as the property of an agency or instrumentality of Iran—as may ultimately be necessary to satisfy the outstanding compensatory damages owed to them under their judgment against Iran, plus post-judgment interest, based on the date the Defendant Cryptocurrency is valued for purposes of judgment. The Claimants' claim is senior to the U.S. government's claim. Notwithstanding the U.S. government's forfeiture efforts, the Claimants reserve all rights and remedies available in law and equity to enforce their interest in the Defendant Cryptocurrency.

19.    This claim is verified under penalty of perjury by the attached (or separately filed) §1746 declaration, executed by an authorized signatory on behalf of Claimants.

Dated: February 3, 2026

*/s/ Christopher Bateman*
Christopher Bateman (Bar Code 5323837)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street ● 14th Floor
New York, NY 10005
(212) 838-7797
CBateman@cohenmilstein.com

Robert A. Braun (*application of admission pending*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005

(202) 408-4600
RBraun@cohenmilstein.com

*Attorney for Relvas Claimants and Elvis Rusnak*