**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, <br><br> Defendant *In Rem*. | Civil Action No. 25-cv-5745 (RPK) |

**IRANIAN TERRORISM VICTIMS' ANSWER TO VERIFIED COMPLAINT *IN REM***

Pursuant to Rule G(5)(b) of the Federal Rules of Civil Procedure, the Iranian Terrorism Victims hereby answer the government's Verified Complaint *In Rem*, dated October 14, 2025 (ECF No. 1), as follows:[1]

**NATURE OF THE ACTION**

1.    The Iranian Terrorism Victims admit the allegations in Paragraph 1, but deny that the United States has any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

2.    Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the authorities referenced in Paragraph 2 confer on the United States any right, title or interest in the Defendant

---

[1] A full list of Claimants is included as Attachment A to the Verification of the Iranian Terrorism' Victims' Claims. *See* ECF No. 52-2

Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

## JURISDICTION AND VENUE

3.      Paragraph 3 contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4.      Paragraph 4 contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegation that acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

## THE DEFENDANTS IN REM

5.      The Iranian Terrorism Victims admit that the Defendant Cryptocurrency is the 127,271 Bitcoin that was once stored at the addresses listed in Attachment A to its Verified Complaint. The Defendant Cryptocurrency is owned by the Iran and China Investment Development Group ("Iran-China Group"), an Iranian joint-stock company doing business as LuBian that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. sanctions.

6.      On information and belief, the Iranian Terrorism Victims admit the allegations in Paragraph 6.

## RELEVANT STATUTES AND REGULATIONS

### A.      Wire Fraud

7.      Paragraph 7 characterizes a statute that speaks for itself, and no response is required.

8.      Paragraph 8 characterizes a statute that speaks for itself, and no response is required.

B.      **Money Laundering**

9.      Paragraph 9 characterizes a statute that speaks for itself, and no response is required.

10.      Paragraph 10 characterizes a statute that speaks for itself, and no response is required.

11.      Paragraph 11 characterizes a statute that speaks for itself, and no response is required.

12.      Paragraph 12 characterizes and purports to quote a statute that speaks for itself, and no response is required.

C.      **Forfeiture Statutes**

13.      Paragraph 13 characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the authorities referenced in Paragraph 13 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

14.      Paragraph 14 characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the authorities referenced in Paragraph 14 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

## FACTS

### A. Introduction

15.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 15.

### B. Relevant Individuals and Entities

16.     On information and belief, the Iranian Terrorism Victims admit that LuBian was the cryptocurrency mining pool and front for the Iran-China Group, an Iranian joint-stock company backed by Chinese investors that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. sanctions. The Iranian Terrorism Victims further admit that the Iran-China Group maintained a Bitcoin mining facility in Iran. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 16, including subsections (a) through (t) and (v) through (y).

### C. Relevant Terms and Definitions

17.     The Iranian Terrorism Victims admit the allegations in subsections (d) through (l) of Paragraph 17. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 17, including subsections (a) through (c).

### D. The Criminal Schemes

#### i.     Background

18.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 18.

19.     Paragraph 19 purports to quote a document that speaks for itself, and no response is required. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 19.

20.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 20.

### ii.     The Fraud Schemes

21.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 21.

#### a.   The Scam Compounds

22.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 22.

23.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 23.

24.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 24.

25.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 25.

26.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 26.

#### b.   Use of Bribes and Violence in Furtherance of the Schemes

27.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 27.

28.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 28.

29.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 29.

30.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 30.

31.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 31.

### c.    The Brooklyn Network

32.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 32.

33.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 33.

34.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 34.

35.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 35.

36.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 36.

37.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 37 and Footnote 2.

### iii.    **The Money Laundering Schemes**

38.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 38.

39.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 39.

40.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 40 and Footnote 3.

41.     Footnote 4 purports to quote a document that speaks for itself, and no response is required. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 41.

42.     On information and belief, the Iranian Terrorism Victims admit that the Iran-China Group doing business as LuBian operated a Bitcoin mining facility that "produced large sums of clean bitcoin dissociated from criminal proceeds." The Iranian Terrorism Victims also admit that this was the sixth largest Bitcoin mining operation in the world for some of the time it was active. On information and belief, the Iranian Terrorism Victims deny that the Iran-China Group was based in China, because the Iran-China Group was an Iranian joint-stock company funded by Chinese investors that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. sanctions, and LuBian was the name of its cryptocurrency mining pool. The Iranian Terrorism Victims deny any implication that Chen provided all of the financial support for the Iran-China Group's mining operations. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 42.

43.     On information and belief, the Iranian Terrorism Victims deny the implication that the wallets containing the Defendant Cryptocurrency were exclusively controlled by Chen, because the Iran-China Group doing business as LuBian controlled the wallets containing the Defendant Cryptocurrency. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 43 and Footnote 5.

### E. The Defendants *In Rem*

44.    On information and belief, the Iranian Terrorism Victims admit the allegations in Footnote 7 and that the government is seeking to forfeit Bitcoin that was stored at the 25 cryptocurrency addresses identified in the table following Paragraph 44.[2] On information and belief, the Iranian Terrorism Victims deny that the table following Paragraph 44 accurately identifies the amount of Bitcoin stored at each address in December 2020, provides a complete list of all addresses containing the Iran-China Group's Bitcoin in December 2020, or identifies all of the Bitcoin owned by the Iran-China Group that is currently in the government's possession. The Iranian Terrorism Victims also deny that the Defendant Cryptocurrency comprises solely the proceeds of Chen's fraud packaged as heavily laundered cryptocurrency. On information and belief, at least 11,166.51 BTC of the Defendant Cryptocurrency are directly traceable to Bitcoin mined by the Iran-China Group's Rafsanjan mine, and all of the Defendant Cryptocurrency constituted the Iran-China Group's pool-level reserve of Bitcoin. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 44 and Footnote 6.

45.    On information and belief, the Iranian Terrorism Victims admit that at least some of the cryptocurrency addresses were funded using Bitcoin newly mined by the Iran-China Group doing business as LuBian. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 45 and Footnote 8.

---

[2] Throughout its Verified Complaint, including in Paragraphs 44, 46, 48, 49, 52, 55, and 56, the Government describes the addresses that stored the Defendant Cryptocurrency in December 2020 as "Chen Wallets." The Iranian Terrorism Victims deny that those addresses are properly described as "Chen Wallets" to the extent the term implies that all the Defendant Cryptocurrency necessarily belonged to Chen.

46.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 46 and the following table.

47.     On information and belief, the Iranian Terrorism Victims admit that the four cryptocurrency wallet addresses listed in Cluster Index-4 as described in subsection (d) and Footnote 9 of Paragraph 47 were associated with the Iran-China Group doing business as LuBian and were funded at least in part using the newly mined proceeds of the Iran-China Group's Bitcoin mining operations. On information and belief, the Iranian Terrorism Victims deny any implication that the other cryptocurrency wallet addresses described in subsections (a) through (c) and (e) through (m) of Paragraph 47 were not associated with the Iran-China Group doing business as LuBian. On information and belief, to the contrary, all of the wallets described in Paragraph 47 were held by the Iran-China Group doing business as LuBian. On information and belief, the Iranian Terrorism Victims also deny that Paragraph 47 accurately identifies the total amount of Bitcoin stored at the address(es) constituting each Cluster in December 2020. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 47 and Footnote 9, including subparagraphs (a) through (m).

48.     On information and belief, the Iranian Terrorism Victims deny that all of the Defendant Cryptocurrency went "through a process of high-volume disaggregation and funneling" "across a complex network of hosted and unhosted cryptocurrency wallets," as at least some of the Defendant Cryptocurrency was Bitcoin that was newly mined by the Iran-China Group doing business as LuBian. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 48.

49.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 49.

9

50.     On information and belief, the Iranian Terrorism Victims admit that the Defendant Cryptocurrency encompasses Bitcoin directly traceable to cryptocurrency that was newly mined by the Iran-China Group doing business as LuBian, though the Iranian Terrorism Victims calculate that number as encompassing at least 11,166.51 BTC. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 50.

51.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 51.

52.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 52.

53.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 53.

54.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 54.

55.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 55, including subsections (a) through (g).

56.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 56.

57.     The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 57.

58.     On information and belief, the Iranian Terrorism Victims admit the allegations in Paragraph 58.

### F. Criminal and Regulatory Actions

59. On information and belief, the Iranian Terrorism Victims admit the allegations in Paragraph 59, but they deny any implication that they need a license from the United States Department of the Treasury's Office of Foreign Assets Control to attach and execute against the Defendant Cryptocurrency under the Terrorism Risk Insurance Act ("TRIA").

### FIRST CLAIM FOR RELIEF
### (Proceeds Traceable to Wire Fraud)

60. The Iranian Terrorism Victims incorporate and reallege each and every response to Paragraphs 1 through 59 set forth above as though set forth in full here.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 61 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 62 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

### SECOND CLAIM FOR RELIEF
### (Property Involved in Money Laundering)

63. The Iranian Terrorism Victims incorporate and reallege each and every response to Paragraphs 1 through 62 set forth above as though set forth in full here.

64.     Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims also deny that any of the allegations in Paragraph 64 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

65.     Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 65 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

## AFFIRMATIVE DEFENSES

The defenses asserted herein are based on the Iranian Terrorism Victims' knowledge, information, and belief at this time. The Iranian Terrorism Victims specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Complaint except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the government's claims, the Iranian Terrorism Victims assert the following affirmative and other defenses:

1.     The Iranian Terrorism Victims possess an interest in the Defendant Cryptocurrency.

2.      The Iranian Terrorism Victims possess an interest in the Defendant Cryptocurrency that is senior to the government's claim under TRIA, Pub. L. No. 107-297, § 201(a) (2002) (codified at 28 U.S.C. § 1610), notwithstanding the instant civil forfeiture action.

3.      The Defendant Cryptocurrency constitutes a "blocked asset" under TRIA, by virtue of Executive Order 13,559, 77 Fed. Reg. 6659 (Feb. 5, 2012).

4.      The Iranian Terrorism Victims are entitled to attach and execute upon the Defendant Cryptocurrency because they have satisfied TRIA. Specifically, the Iranian Terrorism Victims obtained their judgments against the Islamic Republic of Iran—a terrorist party—based on an act of terrorism; the Defendant Cryptocurrency is blocked under the International Emergency Economic Powers Act including through Executive Orders issued thereunder; and the Defendant Cryptocurrency is owned by the Iran and China Investment Development Group, an agency or instrumentality of Iran.

5.      The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. Because of their claim under TRIA, the Iranian Terrorism Victims have a property interest in the Defendant Cryptocurrency governed by the Fifth Amendment. As a result, forfeiting the Defendant Cryptocurrency to the government without "due process of law" would violate the Iranian Terrorism Victims' rights under the Fifth Amendment.

6.      The Fifth Amendment also provides that "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Because of the Iranian Terrorism Victims' property interest in the Defendant Cryptocurrency, forfeiting that property to the government would result in a taking of their property without just compensation.

7.      To the extent the Defendant Cryptocurrency is not required to be transferred to the Iranian Terrorism Victims, it is required to be deposited into the United States Victims of State Sponsored Terrorism Fund. *See* 34 U.S.C. § 20144(e)(2)(A).

8.      The Government's claim for forfeiture is barred in whole or in part by the doctrine of unclean hands because upon information and belief the Government omitted material information regarding the connections between the Defendant Cryptocurrency and the Islamic Republic of Iran, thereby failing to provide adequate notice to the Iranian Terrorism Victims that demonstrates the Iranian Terrorism Victims' interest in the Defendant Cryptocurrency and/or the requirement that the Defendant Cryptocurrency be deposited into the United States Victims of State Sponsored Terrorism Fund.

9.      The Defendant Cryptocurrency should be placed into a constructive trust for the benefit of all claimants.

10.     The Government's claim for forfeiture is barred in whole or in part by the statute of limitations because the Government did not commence this action within the time period prescribed by 19 U.S.C. § 1621.

11.     The forfeiture of the Iranian Terrorism Victims' property would violate the Excessive Fines clause of the Eighth Amendment.

12.     The Iranian Terrorism Victims deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: February 4, 2026

Respectfully submitted,

/s/ Kelly T. Currie
Kelly T. Currie

CROWELL & MORING LLP
Two Manhattan West
375 9th Ave
New York, NY 10001
(212) 895-4257
KCurrie@crowell.com


Alexander J. Kramer (*pro hac vice*)
Michael J. Williams (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
(202) 624-2500
Akramer@crowell.com
Mwilliams@crowell.com


*Attorneys for Claimants Iranian Terrorism Victims*