UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>vs.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>                                  Defendants *In Rem*. | Civil Action No. 1:25-cv-05745-RPK<br><br>**REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE<br>TO FILE VERIFIED CLAIM** |

   Pursuant to the Court's Order dated January 29, 2026, Claimant Lawrence D. Van Dyn Hoven, by and through his undersigned counsel, respectfully submits this reply in further support of his motion for leave to file a verified claim pursuant to Rule G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, 18 U.S.C. § 983(a)(2), and the Court's inherent equitable authority.

   As set forth in his motion (ECF No. 72), Mr. Van Dyn Hoven is a victim of a complex, online cryptocurrency investment fraud by which he lost over $2,500,000—most of his life and retirement savings. The fraud exactly matches the description of the "pig-butchering" scams alleged in the government's indictment against Chen Zhi (25-cv-132) and the complaint in this action. Mr. Van Dyn Hoven has every reason to believe that at least some portion of the Defendant Cryptocurrency is traceable and constitutes proceeds of the cryptocurrency that was stolen from him ("Stolen Cryptocurrency") and has repeatedly asked for the government's assistance in helping him perform a tracing analysis and locate the Stolen Cryptocurrency. Mr. Van Dyn

1

Hoven's proposed claim (ECF Nos. 72-1 through 72-5) was filed three weeks after the December 29, 2025 deadline for third party claimants but within the January 19, 2026 deadline set for certain other claimants pursuant to the Court's December 11, 2025 Order.

### I.     Mr. Van Dyn Hoven Has Met the Requisite Standard.

As an initial matter, Mr. Van Dyn Hoven concurs with the Gold Star Claimants that "good cause" is the appropriate standard, not "excusable neglect." (*See* ECF No. 167 at 2 (citing *United States v. Starling*, 76 F.4th 92, 102 (2d Cir. 2023); *see also* Supplemental Rule G(5)(a)(ii) ("Unless the court for good cause sets a different time . . . .").)  Under either standard, however, the Court should permit Mr. Van Dyn Hoven's claim.

First, the government fails to rebut Mr. Van Dyn Hoven's showing that he has acted in good faith. (ECF No. 72 ¶ 25.)  It does not dispute that Mr. Van Dyn Hoven was not aware of any requirement to file a claim in this forfeiture proceeding. (*Id.*)  Nor does it dispute that Mr. Van Dyn Hoven has repeatedly sought assistance from the government in recovering his stolen assets. (*Id.*; *see also* ECF No. 72-1, ¶¶ 19–21, 25–27.)  Nor does it respond to Mr. Van Dyn Hoven's showing that, even after the government commenced this forfeiture action, the FBI and IRS Special Agents with whom Mr. Van Dyn Hoven interacted never told him he should file a claim. On the contrary, they told him there was no "actionable lead which would reasonably be expected to lead . . . to the recovery of his funds." (ECF No. 72 ¶ 25; ECF No. 72-1 ¶ 28.)  Under those circumstances, Mr. Van Dyn Hoven has shown good cause, and neglect should be excused.

Second, the government fails to show any prejudice.  The government's only claim to prejudice is that allowing Mr. Van Dyn Hoven's Claim and the other recent late-filed claims will supposedly "open[] the floodgates to countless more untimely claims." (ECF No. 126 at 3, 8.) But the government does not dispute that Van Dyn Hoven filed his motion and proposed claim

2

within the time period set for certain other claimants, including Chen Zhi, pursuant to the Court's December 11, 2025 Order. Given that fact, the government cannot claim any actual prejudice, and any concern about *future* "flooding" is misplaced.

### II. Mr. Van Dyn Hoven Has Potential Standing.

As set forth in the motion and Claim, Mr. Van Dyn Hoven has every reason to believe that at least some portion of the Defendant Cryptocurrency is traceable to and constitutes proceeds of the Stolen Cryptocurrency. (ECF No. 72 ¶ 3.)

The government's contention that Mr. Van Dyn Hoven lacks standing because "[f]raud victims who voluntarily transfer their property to their wrongdoing do not retain a legal interest in their property; instead, such victims acquire a debt against their wrongdoers" is incorrect. Mr. Van Dyn Hoven did not "voluntarily transfer" ownership of the Stolen Cryptocurrency to the Scammers. The Scammers simply stole the Stolen Cryptocurrency from Mr. Van Dyn Hoven. As such, Mr. Van Dyn Hoven continues to have a legal interest not only in the Stolen Cryptocurrency but also in any proceeds therefrom, including the Defendant Cryptocurrency, under a "constructive trust." (*See* ECF No. 72 ¶ 3 (citing *Willis Mgmt. (Vermont), Ltd. v. United States*, 652 F.3d 236, 245 (2d Cir. 2011) (recognizing that under state law of "constructive trust," victims to a crime may have a legal interest in proceeds of property stolen from them); and *U.S. v. Watts*, 786 F.3d 152 (2d Cir. 2015) (recognizing the same under New York law). The government has no answer.

### Conclusion

For the foregoing reasons, Mr. Van Dyn Hoven respectfully requests that the Court permit the late filing of the attached Verified Claim.

*[Remainder of page intentionally left blank.  Signature page to follow.]*

Dated:  February 6, 2026                        Respectfully submitted,

                                                          **SIMONSON LAW PLLC**

                                                          *s/Leif T. Simonson*
                                                          Leif T. Simonson
                                                          Telephone: +1 612 448 3330
                                                          Email:  Leif.Simonson@simonsonlaw.com

                                                          Minnesota Office Address:
                                                          400 South Fourth Street, Suite 401
                                                          Minneapolis, Minnesota 55415

                                                          New York Office Address:
                                                          95 Allens Creek Road, Building 1, Suite 271
                                                          Rochester, New York 14618

                                                          *Counsel for Lawrence D. Van Dyn Hoven*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2026, I electronically filed the foregoing Reply via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.

Dated:  February 6, 2026                      */s/ Leif T. Simonson*
                                                    Leif T. Simonson