# AMBUSH

JOSHUA M. AMBUSH, LLC | 106 OLD COURT RD | SUITE 303 | BALTIMORE, MD 21208 | USA
O: 410.484.2070 | WWW.AMBUSHLAW.COM

February 6, 2026

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re: No. 25-cv-5745, United States v. Approximately 127,271 Bitcoin Etc.*

Dear Judge Kovner:

We represent 434 judgment creditors (the "Ambush Claimants") of the Islamic Republic of Iran ("Iran") with claims to the defendant assets that the Government seeks to forfeit in this in rem action. We respectfully request leave to file the attached verified claim nunc pro tunc on behalf of the Ambush Claimants after the December 29, 2025 deadline established by this Court.

Each of these claimants has previously obtained an enforceable but currently unsatisfied judgment against Iran in one of the following actions in the United States District Court for the District of Columbia: *Flanagan v. Islamic Republic of Iran*, No. 10-cv-1643; *Parhamovich v. Islamic Republic of Iran*, No. 17-cv-00061; *Schooley v. Islamic Republic of Iran*, No. 17-cv-01376; *Ackley v. Islamic Republic of Iran*, No. 20-cv-00621; and *Breezee v. Islamic Republic of Iran*, No. 23-cv-03392, in the aggregate amount of approximately $1.6 billion in compensatory damages plus post-judgment interest. The names of each claimant and his or her judgment amount are set forth in an attachment to the verification submitted herewith. Each of these judgments is against a terrorist party and based on a claim for an act of terrorism within the meaning of section 201 of the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297. Each of these claimants thus has a claim superior to that of the Government with respect to the defendant assets to the extent they are property of Iran or any agency or instrumentality thereof.

Undersigned counsel, in this particular filing, takes no position on whether the defendant cryptocurrency assets should be deposited into the U.S. Victims of State Sponsored Terrorism Fund in accordance with the Justice for United States Victims of State Sponsored Terrorism Act, 34 U.S.C. § 20144, but rather makes this request to protect the interests of the Ambush Claimants should this Court determine that the cryptocurrency assets are attachable by victims of terrorism and do not properly belong in the USVSST Fund.

**Good Cause Exists for This Late Filing**

Good cause exists for permitting this late filing under Supplemental Rule G(5)(a)(ii). The original complaint filed October 14, 2025 alleged only that the defendant cryptocurrency derived

from wire fraud and money laundering by "Chen Zhi and Prince Holding Group." *See* Forfeiture Compl. ¶¶ 2, 20, 38-43. While the complaint mentioned that "Lubian" was "a Chinese bitcoin mining operation that maintained bitcoin mining facilities across Asia, including in China and Iran," *id*. ¶16(u), the complaint provided no notice that the defendant assets might be property of an agency or instrumentality of Iran or otherwise subject to the claims of terrorism judgment creditors under TRIA.

The connection between the defendant assets and the Islamic Republic of Iran was not publicly alleged until December 26, 2025, when plaintiffs in *Fritz v. Iran & China Inv. Dev. Grp.*, No. 1:25-cv-07093 (E.D.N.Y.) filed their complaint alleging that the Iran-China Group—the operator of "Lubian"—was an agency or instrumentality of Iran that materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. The first claims by terrorism victims in this forfeiture action were not filed until December 29, 2025. *See* ECF Nos. 29, 30.

Counsel for the Ambush Claimants was not aware that the defendant assets herein might be property of an agency or instrumentality of Iran until February 3, 2026. Upon learning of the potential connection, counsel promptly prepared and now files this verified claim on behalf of the Ambush Claimants.

Multiple other terrorism judgment creditor groups have likewise filed late claims after the December 29, 2025 deadline, including the O'Neill Claimants (ECF No. 66, filed Jan. 19, 2026), representing over 3,000 September 11 victims with approximately $21.4 billion in judgments against Iran. The Court has extended deadlines and accepted late filings from other claimants who demonstrated good cause. *See* December 18, 2025 Order; December 29, 2025 Order.

There is no prejudice to the Government from permitting the Ambush Claimants to file their claim at this time. The Court has yet to adjudicate any substantive issues in this action. The Government received timely notice of the existence of claims by other victims of Iranian terrorism—specifically, the Fritz and Baxter claimants—whose claims are substantially related to those of the Ambush Claimants.

Courts have consistently excused technical noncompliance with forfeiture claim deadlines where claimants demonstrate a sufficient interest in the property and acted promptly upon learning of their potential claims. *See United States v. Premises & Real Prop. at 4492 S. Livonia Rd., Livonia, N.Y.*, 889 F.2d 1258, 1262 (2d Cir. 1989) ("When, as here, a claimant has made a sufficient showing of interest in the property through the filing with the court of a motion and accompanying affidavits, technical noncompliance with the procedural rules governing the filing of claims may be excused."); *Henry v. Oluwole*, 108 F.4th 45, 51 (2d Cir. 2024) (general policy of courts is to favor judgments on the merits and disfavor default judgments).

We thank the Court for its attention to this matter.

Respectfully submitted,


/s/ Joshua M. Ambush
Joshua M. Ambush, Esq.
Counsel for the Ambush Claimants

CC: Counsel of Record (via ECF)
Enclosure