# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                       Civil Action No. 1:25-cv-5745 (RPK)

APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,

        Defendant, *In Rem*.

---------------------------------------------------------------x

## VERIFICATION OF AMBUSH CLAIMANTS' CLAIM

    I, Joshua M. Ambush, Esq., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

    1. I am the principal of the Law Offices of Joshua M. Ambush, LLC, counsel of record for the Ambush Claimants in this action. I make this verification on behalf of the Ambush Claimants based on my personal knowledge and my review of the firm's case files and the official dockets of this Court and the United States District Court for the District of Columbia.

    2. I represent 434 individuals and estates (the "Ambush Claimants") who hold unsatisfied judgments against the Islamic Republic of Iran totaling approximately $1.6 billion in compensatory damages, plus post-judgment interest.

    3. These judgments arise from the following cases: *Flanagan v. Islamic Republic of Iran*, No. 10-cv-1643 (D.D.C.); *Parhamovich v. Islamic Republic of Iran*, No. 17-cv-00061 (D.D.C.); *Schooley v. Islamic Republic of Iran*, No. 17-cv-01376 (D.D.C.); *Ackley v. Islamic Republic of Iran*, No. 20-cv-00621 (D.D.C.); and *Breezee v. Islamic Republic of Iran*, No. 23-cv-03392 (D.D.C.).

    4. Each of these judgments was entered against the Islamic Republic of Iran based on claims arising from acts of state-sponsored terrorism, including the June 25, 1996 Khobar Towers bombing in Saudi Arabia, the October 12, 2000 USS Cole bombing in Yemen, and the January 17, 2007 ambush in Baghdad, Iraq that killed American Andrea Parhamovich. Each judgment qualifies under section 201 of the Terrorism Risk Insurance Act of 2002.

5. The judgments in *Flanagan*, *Parhamovich*, *Schooley*, and *Ackley* have been served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4). Service of the *Breezee* judgment is currently being effectuated through the U.S. Department of State.

6. To date, Iran has not paid any portion of any of the Ambush Claimants' judgments. The Ambush Claimants have received partial distributions through the United States Victims of State Sponsored Terrorism Fund, but their judgments remain substantially unsatisfied.

7. As has been credibly alleged in the Fritz Action and in various recent filings in this case, the 127,271 Bitcoin that constitute the Defendant Cryptocurrency in the instant action belong to the Iran and China Investment Development Group ("Iran-China Group"), doing business as Lubian.com or LuBian. *See* Fritz Action, ECF 70. The Iran-China Group is an agency or instrumentality of Iran. Subject to the proof of those allegations, its assets are blocked by operation of U.S. law. *See* Executive Order No. 13599, 77 Fed. Reg. 6659, 6659 (Feb. 5, 2012).

8. I was not aware that the defendant assets in this action might be property of an agency or instrumentality of the Islamic Republic of Iran until February 3, 2026. On that date, I learned of the allegations in *Fritz v. Iran & China Inv. Dev. Grp.*, No. 1:25-cv-07093 (E.D.N.Y.), that the "Lubian" cryptocurrency mining operation referenced in the Government's complaint was operated by an agency or instrumentality of Iran. The original complaint in this action, filed October 14, 2025, did not identify the defendant assets as property of Iran or any Iranian entity.

9. Upon learning of the potential connection between the defendant assets and Iran, I promptly prepared and filed this verified claim on behalf of the Ambush Claimants.

10. The statements in the attached Notice of Verified Claim and Statement of Interest are true and correct to the best of my knowledge, information, and belief. A list of the Ambush Claimants, including their names, underlying case, and judgment amounts, is set forth in Attachment A hereto.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on February 6, 2026

/s/ Joshua M. Ambush
Joshua M. Ambush, Esq.