# THE NATIONS LAW FIRM
A NATIONAL LITIGATION FIRM

---

**HOWARD L. NATIONS**
BOARD CERTIFIED - PERSONAL INJURY TRIAL LAW
BOARD CERTIFIED - CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
DIPLOMATE - CIVIL TRIAL ADVOCACY
NATIONAL BOARD OF TRIAL ADVOCACY
DIPLOMATE - NATIONAL COLLEGE OF ADVOCACY
ADMITTED IN TEXAS, NEW YORK and WASHINGTON, DC

**HOUSTON OFFICE**
9703 Richmond Ave, Suite 200
Houston, Texas 77042
Phone  713-807-8400
Fax  713-807-8423
info@howardnations.com
www.howardnations.com

February 6, 2026

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Civil Action No.1:25-cv-05745; *United States of America v. Approximately 127,271 Bitcoin ("BTC") Previously Stored at the Virtual Currency Addresses Listed in Attachment A, and All Proceeds Traceable Thereto*; In the United States District Court for the Eastern District of New York

The Fishbeck Claimants respectfully submit this letter in response to the Government's January 27, 2026 opposition to the Fishbeck Claimants' Letter Motion to file a Verified Claim in this matter after the December 29, 2025 deadline.

The Government asserts several reasons why the Court should decline to allow the Fishbeck Claimants, and all other terrorism related claimants who have appeared, to attach the property being seized in order to satisfy their judgments against Iran under the Terrorism Risk Insurance Act ("TRIA"). First, the Government states there is no excusable neglect for the late filers, and that at best they have mere neglect which is insufficient. Second, the Government claims that, as to all terrorism claimants, the TRIA does not apply to the Defendant Cryptocurrency.

The Fishbeck Claimants meet the standard for excusable neglect

As an initial matter, the fact that so many claimants are seeking to file verified claims after the December 29, 2025 deadline is evidence the Government failed to provide adequate notice. Courts generally permit a party to file a late claim if they are able to demonstrate excusable neglect. *See United States v. Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents ($417,143.48)*, 2015 U.S. Dist. LEXIS 117692, at *23, 2015 WL 5178121 (E.D.N.Y. Sep. 2, 2015). Excusable neglect is an elastic concept that is, "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993).

The factors to be considered are: 1) the danger of prejudice to the non-movant; 2) the length of delay and potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith. *Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir. 2003). All four factors favor the Fishbeck Claimants. Where, as here, the delay is minimal and the prejudice negligible, the analysis focuses on the third factor. *U.S. Bank Nat'l Ass'n v. Nanan*, 2022 U.S. Dist. LEXIS 12383 at 4, 2022 WL 203100 (E.D.N.Y. 2022). Courts further take into consideration when the claimant became aware of the seizure, the reasons proffered for delay, and whether the Government was aware of the claimant's interest. *United States v. $417,143.48*, 2015 U.S. Dist. LEXIS 117692 at 23 (E.D.N.Y. 2015).

The reason for the Fishbeck Claimants delay was not within their reasonable control and constitutes excusable neglect because the Government did not provide adequate notice of the connection between the Defendant Cryptocurrency, Lubian, and the Government of Iran. The Government's complaint did not alleged facts sufficient to place the Fishbeck Claimants on notice of their interest in the property.[1]

In a complaint that spans 68 pages containing more than 14,000 words (including attachments) Iran is mentioned but once, in paragraph 16(u), which generally alleges that Lubian had facilities across Asia including China and Iran. The Government's complaint did not contain information concerning Lubian's extensive ties to the Iranian government, the size of Lubian's operations in Iran, or that the bitcoin at issue was allegedly owned by Lubian. See *Fritz* complaint, Dkt. No. 1 at ¶ 4, 85, 93, 99, 108. Instead the complaint refers to Lubian as a "China-based" company. Dkt. No. 1 at ¶¶ 16(u), 49. Consequently, the Fishbeck Claimants were not on notice based on the Government's complaint that the bitcoins at issue were potentially subject to the TRIA.

The Fishbeck Claimants first learned of their interest in the property on January 22, 2026, less than a month after the December 29, 2025 deadline had passed. They filed their Motion for Extension of Time and Verified Claims the very next day. (Dkt. Nos 111 & 112). As such, the Fishbeck Claimants have shown good cause that they were not aware of this action until after the deadline, that their delay in filing was not within their reasonable control, and that they acted in good faith by filing as soon as possible after learning of the action.

Further, cases the Government cites where no excusable neglect was found do not apply to the facts present here. In both cases cited by the Government, the claimants were either parties to the forfeiture actions or were immediate family members of a party. In *United States v. All Assets of Blue Chip Coffee Inc.,* the claimant was the wife of the property owner, but did not make her claim until almost two years after the property was seized. 836 F. Supp. 104, 105-106, 107-108

---

[1] The notice published on forfeiture.gov is no longer available to the public. However, it is highly unlikely it would have provided any more information than the complaint based on the very basic information contained in other published notices.

(E.D.N.Y. 1993). In *United States v. Funds in the Amount of $130,000 United States Currency*, the property was seized directly from the defendants, but they waited two years to file a claim. 2021 Dist. LEXIS 111847 at 3-4, 7 (N.D. Ill., 2021)

As such, the late filing claimants in the cases cited by the Government knew of the forfeiture action *and* knew of their interest in the property yet did not file claims until much later in the proceedings. That is in stark contrast to the Fishbeck Claimants, who were not aware of their interest in the property, filed less than a month after the deadline set by the Court, and one day after learning of their interest.

### The Government would not be prejudiced by allowing the Fishbeck Claimants to file their Verified Claims

The Government also argues, without support, that it would be prejudiced if the terrorism claimants' claims are allowed, but has not identified any real prejudice other than believing there would be too many claimants. That is not prejudice. The Government makes no attempt to explain why it is the one prejudiced when there are large numbers of victims seeking recompense for their injuries caused by terrorism. If claims are facially colorable, the volume of claims should have no bearing on the Court's decision as to whether there is excusable neglect for late filing.

Moreover, the Government is not prejudiced as its defenses and arguments will likely be the same regardless of the number of terrorism victims. All the terrorism victims share a common set of facts linking their claims to the Defendant Cryptocurrency. In addition, at least one set of the terrorism victims (The *Fritz* claimants) filed their claims timely, thus the Government will have to address that portion of the case regardless. The Government has not explained how additional claimants would increase its burden to such a degree that the Government has been or will be prejudiced.

Finally, there have been no substantive rulings in this case. No portions of the case will have to be re-litigated. As such, the Fishbeck Claimants respectfully request the Court find that any alleged neglect is excusable, that there is no prejudice to the Government or the judicial proceedings generally, and to allow the Fishbeck Claimants to submit their Verified Claims.

### Whether the Defendant Cryptocurrency qualifies as a "blocked asset" under the TRIA is not ripe for adjudication

The Government also contends the timeliness of the terrorism claimants is ultimately irrelevant because the Defendant Cryptocurrency does not qualify as a "blocked asset" subject to attachment under the TRIA. At the outset, all the terrorism claimants must do at this stage is make a facially colorable claim, not prove they will ultimately prevail. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (quoting *United States v. $577,933.89, More or Less, in U.S. Funds,* 287 F.3d 66, 79 & n.10 (2d Cir. 2002). "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." *Id*. (quoting *U.S. v. $577,933.8*9 at 79 &

fn. 10). The Fishbeck Claimants have done that, as discussed in their Letter Motion for Extension of Time and Notice of Filing of Verified Claims. See Dkt. Nos. 111 and 112.

Importantly, it is not yet ripe for the Court to determine whether the Defendant Cryptocurrency is a "blocked asset" under the TRIA. The Court will have to determine if Lubian was an agency or instrumentality of Iran, and the extent of Lubian's interest in the Defendant Cryptocurrency. Those are fact-intensive inquiries not suitable for adjudication at this early stage, especially without discovery or development of the facts. Also, the judiciary has a "longstanding preference for resolving controversies on the merits," and as such the Court should allow the facts to develop before adjudicating the claims. *United States v. Fifty-Five Boxed of Tide Downy Powder Detergent*, 2015 U.S. Dist LEXIS 173576 at 17, (E.D.N.Y. 2015).

While the Fishbeck Claimants believe that it is not ripe for judicial review at this stage, they will address the Government's argument nonetheless, because it has been presented.

### The Defendant Cryptocurrency qualifies as a blocked asset, regardless of how the Government seized it

The Government's argues that the Defendant Crypto is not a "blocked asset" within the meaning of the TRIA because it was not "seized or frozen" pursuant to the acts enumerated in the TRIA. That argument is contrary to Second Circuit precedent, which holds that all property of the Government of Iran, including its agents and instrumentalities, are "blocked assets" within the meaning of the TRIA regardless of how it was seized. In *Kirschenbaum v. 650 Fifth Avenue* 830 F.3d 107 (2d Cir. 2016), the Government seized a 40% ownership stake in 650 Fifth Avenue, a 36-story commercial skyscraper in Manhattan, held by a company (Assa) owned by Bank Melli in Iran. *See Kirshenbaum v. Assa Corp.* 934 F.3d 191 (2d Cir. 2019). Defendant Assa argued that the property had not been seized pursuant to one of the statutes enumerated in the TRIA, like the Government does here, and thus was not a "blocked asset." *Kirschenbaum v. 650 Fifth Avenue* at 139. The Court rejected that argument and held that regardless of how property came into the United States, if it belonged to the Government of Iran, it was blocked pursuant to Executive Order 13599. *Id.* at 138, 140-140. The Second Circuit reasoned that because the President invoked one of the authorities enumerated in the TRIA when he issued E.O. 13599, property blocked by it qualified as a "blocked asset" within the meaning of the TRIA. *Id.* at 141. The Court then remanded the case to determine if the Defendant (Assa) was in fact an agency or instrumentality of Iran. *Id.* at 141. On a subsequent appeal the Second Circuit found that Assa was an agency or instrumentality of Iran, and thus the property qualified as a "blocked asset" under the TRIA. *Kirshenbaum v. Assa Corp.,* 934 F.3d 191, 200 (2d Cir. 2019).

*Kirschenbaum v. 650* makes clear that the method by which the Government seizes property is of no moment. If that property belongs to an entity that is part of the Government of Iran, that property is blocked pursuant to E.O. 13599, and subject to attachment under the TRIA. *Kirschenbaum v. 650 Fifth Avenue* at 141. Here, the Fishbeck Claimants have made a facially colorable claim that the Defendant Cryptocurrency belonged to agency or instrumentality of Iran,

and is, therefore, subject to attachment under the TRIA. Accordingly, the Government's arguments that the Defendant Cryptocurrency cannot be a "blocked asset" are without merit.

Conclusion

For the foregoing reasons, the Fishbeck Claimants respectfully request that the Court find excusable neglect – based on the Government's failure to provide adequate notice – for filing their claim after December 29, 2025, and permit them to submit their Verified Claims against the Defendant Cryptocurrency. The Fishbeck Claimants also request that the Court not rule on the issue of whether the Defendant Cryptocurrency is a "blocked" or "not blocked" asset until that issue is ripe; however, if the Court determines that the issue is ripe, the Court should find that it is a "blocked" asset under the TRIA.

Respectfully,

The Nations Law Firm

*/s/ Howard L. Nations*
Howard L. Nations