UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x
:
UNITED STATES OF AMERICA, :
:
                    Plaintiff, :
:
          -against- :   No. 1:25-cv-05745-RPK
:
APPROXIMATELY 127,271 BITCOIN ("BTC") :   JURY TRIAL DEMAND
PREVIOUSLY STORED AT THE VIRTUAL :
CURRENCY ADDRESSES LISTED IN :
ATTACHMENT A, AND ALL PROCEEDS :
TRACEABLE THERETO, :
:
                  Defendants *In Rem*. :
:
----------------------------------------------------------x

## HAVLISH CLAIMANTS' ANSWER TO VERIFIED COMPLAINT IN REM

Pursuant to Rule G(5)(b) of the Federal Rules of Civil Procedure, the *Havlish, Hoglan, Ray, and Maher* Plaintiffs ("*Havlish* Claimants")[1] hereby answer the government's Verified Complaint *In Rem*, dated October 14, 2025, at ECF 1 as follows:

### NATURE OF THE ACTION

    1.    Admitted in part, denied in part. The *Havlish* Claimants admit that this is a civil action *in rem* against the above-captioned Defendant Cryptocurrency, but deny that the Defendant Cryptocurrency should be forfeited and condemned "to the use and benefit of the United States." To the contrary, by operation of the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610 note, the *Havlish* Claimants as Judgment Creditors of the Islamic Republic of Iran hold an interest in the Defendant Cryptocurrency superior to the claims of the Government, as well as all other non-TRIA claimants, in the forfeiture action here.

---

[1] A full list of the *Havlish*, *Hoglan*, *Ray*, and *Maher* Plaintiffs are included with our Letter Motion seeking leave to file our Verified Claim at ECF 73.

2. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the *Havlish* Claimants deny that any of the authorities referenced in Paragraph 2 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Havlish* Claimants in the Defendant Cryptocurrency.

## JURISDICTION AND VENUE

3. This paragraph contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the *Havlish* Claimants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. This paragraph contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the *Havlish* Claimants lack knowledge sufficient to admit or deny the allegation that acts and omissions giving rise to the forfeiture accrued in the Eastern District of New York, or that the Defendant Cryptocurrency is located in the Eastern District of New York.

## THE DEFENDANTS IN REM

5. Admitted in part, denied in part. It is admitted that the Defendants In Rem consist of the Defendant Cryptocurrency as identified in this paragraph. It is specifically denied that the Defendant Cryptocurrency is the property of the United States Government. To the contrary, the Defendant Cryptocurrency is the property of the Iran and China Investment Development Group ("Iran-China Group"), a joint venture between the underlying criminal defendants and the Islamic Revolutionary Guard Corps, doing business

as LuBian and mining the blockchain as Lubian.com, that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. sanctions.

      6.      Admitted.

## RELEVANT STATUTES AND REGULATIONS

      **A.**      **Wire Fraud**

      7.      This paragraph characterizes a statute that speaks for itself, and no response is required.

      8.      This paragraph characterizes a statute that speaks for itself, and no response is required.

      **B.**      **Money Laundering**

      9.      This paragraph characterizes a statute that speaks for itself, and no response is required.

      10.      This paragraph characterizes a statute that speaks for itself, and no response is required.

      11.      This paragraph characterizes a statute that speaks for itself, and no response is required.

      12.      This paragraph characterizes and purports to quote a statute that speaks for itself, and no response is required.

      **C.**      **Forfeiture Statutes**

      13.      This paragraph characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the *Havlish* Claimants deny that the Defendant Cryptocurrency "is subject to forfeiture to the United States." To the contrary, by operation of the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610 note, the *Havlish* Claimants as

Judgment Creditors of the Islamic Republic of Iran hold an interest in the Defendant Cryptocurrency superior to the claims of the Government, as well as all other non-TRIA claimants, in the forfeiture action here.

14. This paragraph characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the *Havlish* Claimants deny that the Defendant Cryptocurrency "is subject to forfeiture to the United States." To the contrary, by operation of the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610 note, the *Havlish* Claimants as Judgment Creditors of the Islamic Republic of Iran hold an interest in the Defendant Cryptocurrency superior to the claims of the Government, as well as all other non-TRIA claimants, in the forfeiture action here.

**FACTS**

    **A.**    **Introduction**

15. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 15.

    **B.**    **Relevant Individuals and Entities**

16. The *Havlish* Claimants lack sufficient knowledge to admit or deny the averments of ¶ 16 (a)-(t) and ¶ 16 (v)-(y). The *Havlish* Claimants admit that Lubian maintained a bitcoin mining facility in Iran. The *Havlish* Claimants specifically deny that "Lubian was a Chinese bitcoin mining operation that maintained bitcoin mining facilities across Asia, including China." To the contrary, the Defendant Cryptocurrency is the property of the Iran-China Group, a joint venture between the underlying criminal defendants and the Islamic Revolutionary Guard Corps,

4

doing business as LuBian and mining the blockchain as Lubian.com, that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. sanctions.

### C.  Relevant Terms and Definitions

17. Admitted in part. The *Havlish* Claimants admit the allegations in subsections (d) through (l) of this paragraph. The *Havlish* claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 17, including subsections (a) through (c).

### D.  The Criminal Schemes

#### i.  Background

18. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 18.

19. This paragraph purports to quote a document that speaks for itself, and no response is required. The *Havlish* Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 19.

20. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 20.

#### ii.  The Fraud Schemes

21. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 21.

##### a.  The Scam Compounds

22. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 22.

23. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 23.

24. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 24.

25. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 25.

26. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 26.

          **b.    The Use of Bribes and Violence in Furtherance of the Schemes**

27. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 27.

28. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 28.

29. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 29.

30. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 30.

31. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 31.

          **c.    The Brooklyn Network**

32. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 32.

33. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 33.

34. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 34.

35. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 35.

36. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 36.

37. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 37 and Footnote 2.

### iii. The Money Laundering Schemes

38. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 38.

39. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 39.

40. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 40 and Footnote 3.

41. Footnote 4 purports to quote a document that speaks for itself, and no response is required. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 41.

42. Admitted in part, denied in part. The *Havlish* Claimants admit that the Iran-China Group doing business as LuBian operated a Bitcoin mining facility that "produced large sums of clean bitcoin dissociated from criminal proceeds" and this was the sixth largest Bitcoin mining operation in the world at one time. The *Havlish* Claimants specifically deny that Lubian was based in China, and that Lubian's "profit is considerable because there is no cost – that is, the

7

operating capital for the business comprised money stolen from Prince Group's many victims"
To the contrary, the Defendant Cryptocurrency is the property of the Iran-China Group, a joint venture between the underlying criminal defendants and the Islamic Revolutionary Guard Corps, doing business as LuBian and mining the blockchain as Lubian.com, that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. sanctions. The profit was considerable and there was no costs because the electricity was provided at no cost by the Islamic Revolutionary Guard Corps at no cost with the assent of the Supreme Leader, Ayatollah Ali Khamenei.

43. Denied in part. It is specifically denied that the Defendant Cryptocurrency was "stored in unhosted cryptocurrency wallets personally controlled by Chen." To the contrary, the wallets were controlled by the Iran-China Group and some, or all, of the Defendant Cryptocurrency was mined by the Islamic Revolutionary Guard Corps as part of a scheme to evade U.S. sanctions. Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 43 and Footnote 5.

E.   **The Defendants *In Rem***

44. Denied. It is specifically denied that the addresses in unhosted wallets were "controlled and personally tracked by Chen" and that, as stated in footnote 6, that Chen "personally maintained records of the wallet addresses and seed phrases associated with the private keys for each." To the contrary, the wallets were controlled by the Iran-China Group and some, or all, of the Defendant Cryptocurrency was mined by the Islamic Revolutionary Guard Corps as part of a scheme to evade U.S. sanctions. Upon information and belief, the *Havlish* Claimants deny that the table following Paragraph 44 accurately identifies the amount of Bitcoin stored at each address in December 2020, provides a complete list of all addresses containing the

Iran-China Group's Bitcoin in December 2020, or identifies all of the Bitcoin owned by the Iran-China Group that is currently in the government's possession. The *Havlish* Claimants also deny that the Defendant Cryptocurrency comprises solely the proceeds of Chen's fraud, packaged as heavily laundered cryptocurrency. At least 11,166.51 BTC of the Defendant Cryptocurrency are directly traceable to Bitcoin mined by the Iran-China Group's Rafsanjan mine, and all of the Defendant Cryptocurrency constituted the Iran-China Group's pool-level reserve of Bitcoin. The *Havlish* Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 44 and Footnote 7.

45. Admitted in part. The *Havlish* Claimants admit that the above addresses were "funded by…cryptocurrency mining, including addresses associated with Lubian." The *Havlish* Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 45 and Footnote 8.

46. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 46 and the included table of cluster indexes.

47. Admitted in part. The *Havlish* Claimants admit that the four cryptocurrency wallet addresses listed in Cluster Index-4 as described in subsection (d) and Footnote 9 of Paragraph 47 were associated with the Iran-China Group doing business as LuBian and were funded at least in part using the newly mined proceeds of the Iran-China Group's Bitcoin mining operations. To the extent that this paragraph contends that certain cluster indexes were controlled solely by Chen and/or Prince Group, those contentions are specifically denied. The *Havlish* Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 47 and Footnote 9, including subparagraphs (a) through (m).

48. Denied in part. The *Havlish* Claimants deny that all of the Defendant Cryptocurrency went "through a process of high-volume disaggregation and funneling before it ultimately converged into the Chen wallets," as at least some of the Defendant Cryptocurrency was Bitcoin that was newly mined by the Iran-China Group doing business as LuBian. The *Havlish* Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 48.

49. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 49.

50. The *Havlish* Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 50.

51. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 51.

52. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 52.

53. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 53.

54. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 54.

55. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 55, including subsections (a) through (g).

56. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 56.

57. The *Havlish* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 57.

58. Admitted in part. It is admitted that the Defendant Cryptocurrency is in the possession of the United States. The *Havlish* Claimants are without sufficient knowledge to admit or deny the remainder of the averment.

### F. Criminal and Regulatory Actions

59. Admitted in part. It is admitted that Chen was indicted and his assets were blocked following the imposition of sanctions by OFAC. The Indictment itself and sanctions measures imposed by OFAC speak for themselves and no response is required.

**FIRST CLAIM FOR RELIEF**
**(Proceeds Traceable to Wire Fraud)**

60. The *Havlish* Claimants incorporate and reallege each and every response to Paragraphs 1 through 59 set forth above as though set forth in full here.

61. Paragraph 61 contains legal conclusions to which no response is required.

62. Denied. To the contrary, by operation of the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610 note, the *Havlish* Claimants as Judgment Creditors of the Islamic Republic of Iran hold an interest in the Defendant Cryptocurrency superior to the claims of the Government, as well as all other non-TRIA claimants, in the forfeiture action here.

**SECOND CLAIM FOR RELIEF**
**(Property Involved in Money Laundering)**

63. The *Havlish* Claimants incorporate and reallege each and every response to Paragraphs 1 through 62 set forth above as though set forth in full here.

64. This paragraph contains legal conclusions to which no response is required.

65. Denied. To the contrary, by operation of the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610 note, the *Havlish* Claimants as Judgment Creditors of the Islamic

Republic of Iran hold an interest in the Defendant Cryptocurrency superior to the claims of the Government, as well as all other non-TRIA claimants, in the forfeiture action here.

## AFFIRMATIVE AND OTHER DEFENSES

The defenses asserted herein are based on the *Havlish* Claimants' knowledge, information, and belief at this time. The *Havlish* Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Complaint except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the government's claims, the *Havlish* Claimants assert the following affirmative and other defenses:

1. The Defendant Cryptocurrency was "blocked" by operation of law under Executive Order 13599 as soon as it entered the United States.

2. The Defendant Cryptocurrency is a blocked asset of a terrorist party, Iran.

3. The Defendants Cryptocurrency is the blocked asset of an agency and instrumentality of a terrorist party, the Iran-China Group.

4. The *Havlish* Claimants, as Judgment Creditors of the Islamic Republic of Iran, by operation of TRIA, 28 U.S.C. § 1610 note, hold an interest in the Defendant Cryptocurrency superior to the claims of the Government, as well as all other non-TRIA claimants, in the forfeiture action here.

5. The *Havlish* Claimants are entitled to attach and execute upon the Defendant Cryptocurrency because they have satisfied TRIA.

6. The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. Because of their claim under

TRIA, the *Havlish* Claimants have a property interest in the Defendant Cryptocurrency governed by the Fifth Amendment. As a result, forfeiting the Defendant Cryptocurrency to the government without "due process of law" would violate the *Havlish* Claimants' rights under the Fifth Amendment.

   7.  The Fifth Amendment also provides "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Because of the *Havlish* Claimants' property interest in the Defendant Cryptocurrency, forfeiting that property to the government would result in a taking of their property without just compensation.

   8.  The *Havlish* Claimants deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: February 6, 2026        Respectfully submitted,

                  */s/* Douglass A. Mitchell
                  Douglass A. Mitchell (NV Bar No. 3775)
                  Appearing Pro Hac Vice
                  MITCHELL ALLYN, LTD.
                  1000 N. Green Valley Pkwy, Suite 440-575
                  Henderson, NV 89074
                  Tel: (702) 350-1208
                  dmitchell@mitchellallyn.com

                  Robert M. Foote (IL Bar No. 03124325)
                  Appearing Pro Hac Vice
                  FOOTE, MIELKE, CHAVEZ
                  & O'NEIL, LLC
                  10 West State Street, Suite 200
                  Geneva, IL  60134
                  (630) 232-7450

                  *Attorneys for the* Havlish *Claimants*

Case 1:25-cv-05745-RPK     Document 193     Filed 02/06/26     Page 14 of 14 PageID #: 6332