UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>                Defendants *In Rem*. | Civil Action No. 1:25-cv-05745-RPK |

## ANSWER OF CLAIMANT LAWRENCE D. VAN DYN HOVEN

Pursuant to 18 U.S.C. § 983(a)(4)(B) and Rule G(5)(b) of the Supplemental Rules of Certain Admiralty and Maritime Claims, Claimant Lawrence D. Van Dyn Hoven, by and through his undersigned counsel, hereby answers the Verified Complaint *In Rem* dated October 14, 2025, of Plaintiff United States of America in the above captioned action (the "Complaint"), as follows:

1. Mr. Van Dyn Hoven admits the allegations in Paragraph 1 of the Complaint but, as to any portion of the Defendants *In Rem* (the "Defendant Cryptocurrency") that is traceable to and/or constitutes proceeds of cryptocurrency stolen from him as set forth in his proposed Verified Claim (ECF No. 72-1) (the "Stolen Cryptocurrency"), denies that United States has any right, title or interest in such Defendant Cryptocurrency that is superior to the right, title or interest of Mr. Van Dyn Hoven in such Defendant Cryptocurrency.

2. Paragraph 2 of the Complaint constitutes legal conclusions to which no response is required. To the extent a response is required, Mr. Van Dyn Hoven denies that United States has

any right, title or interest in that portion of the Defendant Cryptocurrency that is traceable to and/or constitutes proceeds of the Stolen Cryptocurrency that is superior to the right, title or interest of Mr. Van Dyn Hoven in such Defendant Cryptocurrency.

3. Paragraph 3 of the Complaint constitutes legal conclusions to which no response is required. To the extent a response is required, Mr. Van Dyn Hoven admits that this Court has jurisdiction over this action.

4. Paragraph 4 of the Complaint constitutes legal conclusions to which no response is required. To the extent a response is required, Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations.

5. Upon information and belief, Mr. Van Dyn Hoven admits the allegations in Paragraph 5 of the Complaint.

6. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint constitutes legal conclusions to which no response is required.

8. Paragraph 8 of the Complaint constitutes legal conclusions to which no response is required.

9. Paragraph 9 of the Complaint constitutes legal conclusions to which no response is required.

10. Paragraph 10 of the Complaint constitutes legal conclusions to which no response is required.

11. Paragraph 11 of the Complaint constitutes legal conclusions to which no response is required.

12. Paragraph 12 of the Complaint constitutes legal conclusions to which no response is required.

13. Paragraph 13 of the Complaint constitutes legal conclusions to which no response is required.

14. Paragraph 14 of the Complaint constitutes legal conclusions to which no response is required.

15. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint except admits that he was a victim of a fraudulent scheme as alleged therein.

16. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint except admits that he was a victim of a "pig-butchering" scam as alleged therein.

18. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

20. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint.

23. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

24. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint.

26. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint.

28. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

29. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint.

30. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

31. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

32. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint.

35. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint.

36. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint.

37. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint.

38. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint.

39. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint.

40. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint.

41. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint.

42. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint.

43. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint.

44. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint.

45. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint.

46. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint.

47. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint.

48. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint.

49. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint.

50. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint.

51. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint.

52. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint.

53. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint.

54. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint.

55. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint.

56. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint.

57. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint.

58. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint.

59. Mr. Van Dyn Hoven lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60. Mr. Van Dyn Hoven re-alleges and incorporates his answer to the preceding paragraphs as if fully set forth herein.

61. Paragraph 61 of the Complaint constitutes legal conclusions to which no response is required.

62. Paragraph 62 of the Complaint constitutes legal conclusions to which no response is required. To the extent a response is required, Mr. Van Dyn Hoven denies that United States has any right, title or interest in that portion of the Defendant Cryptocurrency that is traceable to and/or constitutes proceeds of the Stolen Cryptocurrency that is superior to the right, title or interest of Mr. Van Dyn Hoven in such Defendant Cryptocurrency.

63. Mr. Van Dyn Hoven re-alleges and incorporates his answer to the preceding paragraphs as if fully set forth herein.

64. Paragraph 64 of the Complaint constitutes legal conclusions to which no response is required.

65. Paragraph 65 of the Complaint constitutes legal conclusions to which no response is required. To the extent a response is required, Mr. Van Dyn Hoven denies that United States has any right, title or interest in that portion of the Defendant Cryptocurrency that is traceable to and/or constitutes proceeds of the Stolen Cryptocurrency that is superior to the right, title or interest of Mr. Van Dyn Hoven in such Defendant Cryptocurrency.

As to the relief request, Mr. Van Dyn Hoven denies that United States has any right, title or interest in that portion of the Defendant Cryptocurrency that is traceable to and/or constitutes proceeds of the Stolen Cryptocurrency that is superior to the right, title or interest of Mr. Van Dyn Hoven in such Defendant Cryptocurrency.

*[Remainder of this page intentionally left blank.]*

**Affirmative Defenses and Other Defenses**

1. As to any portion of the Defendant Cryptocurrency that is traceable to and/or constitutes proceeds of the Stolen Cryptocurrency, Mr. Van Dyn Hoven's right, title or interest is superior to that of the United States is such Defendant Cryptocurrency.

2. As to any portion of the Defendant Cryptocurrency that is traceable to and/or constitutes proceeds of the Stolen Cryptocurrency, Mr. Van Dyn Hoven is an innocent owner under 18 U.S.C. § 983(d).

Dated: February 8, 2026

Respectfully submitted,

**SIMONSON LAW PLLC**

s/Leif T. Simonson
Leif T. Simonson
Telephone: +1 612 448 3330
Email: Leif.Simonson@simonsonlaw.com

Minnesota Office Address:
400 South Fourth Street, Suite 401
Minneapolis, Minnesota 55415

New York Office Address:
95 Allens Creek Road, Building 1, Suite 271
Rochester, New York 14618

*Counsel for Lawrence D. Van Dyn Hoven*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2026, I electronically filed the foregoing Verified Claim of Interest via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.

Dated:  February 8, 2026                    /s/ Leif T. Simonson
                                                                       Leif T. Simonson