**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,** Plaintiff, v. APPROXIMATELY 127,279 BITCOIN, et al., Defendants in Rem.

Case No: 1:25-cv-05745 (Judge Rachel P. Kovner)

---

**PETITION FOR JUDICIAL REVIEW OF HARDSHIP RELEASE REQUEST PURSUANT TO 18 U.S.C. § 983(f)(3)**

Claimant, **Connie Wilson,** appearing *pro se*, respectfully petitions this Court to review the Government's failure to grant a Request for Hardship Release of seized property, and states as follows:

**I. BACKGROUND**

1. On **December 30, 2025,** Claimant filed a formal Request for Hardship Release with the seizing agency/U.S. Attorney's Office regarding the assets claimed in this matter.

2. Under **18 U.S.C. § 983(f)(1)** and **28 C.F.R. § 8.15(e),** the Government is required to grant or deny the request, or release the property, within **15 days** of the filing.

3. As of today's date, February 4, 2026—over 30 days later—the Government has failed to respond or release the property. Claimant further filed a Statement of Facts on February 4, 2026, reiterating the urgent nature of this request.

**II. GROUNDS FOR HARDSHIP RELEASE** Pursuant to 18 U.S.C. § 983(f)(1), Claimant meets the following criteria:

- **Possessory Interest:** Claimant has a valid possessory interest in the property, as evidenced by my 1099-R/bank records already on file.

- **Substantial Hardship:** The Government's continued possession of these funds causes substantial hardship by depriving Claimant of her entire life savings and only source of financial security. As these funds represent a retirement distribution (**Form 1099-R**), their seizure leaves Claimant without the means to pay for basic cost-of-living expenses, including housing, utilities, and essential healthcare. The deprivation of a lifetime of savings constitutes an immediate and irreparable financial crisis that far outweighs any interest the Government has in maintaining custody of the assets during the pendency of this case.

- **Balance of Hardship:** The hardship to the Claimant outweighs any risk that the property will be lost or destroyed, especially as the assets consist of digital currency/funds that can be tracked.
- **Not Excluded:** The property is not contraband or being held solely as physical evidence of a crime.

**III. RELIEF REQUESTED** Claimant respectfully requests that this Court:

1. Conduct a judicial review of the hardship request pursuant to **18 U.S.C. § 983(f)(3)**;
2. Order the Government to immediately release the property to the Claimant pending the final outcome of the forfeiture proceedings; and
3. Grant any other relief the Court deems just.

Dated: February 4, 2026 Respectfully submitted,

/s/ Connie Wilson Connie Wilson, *Pro Se* 8736 E 375 S Lafayette, IN 47905 (765) 426-1255