

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806                     www.pryorcashman.com

February 9, 2026

**VIA ECF**
The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States of America v. Approximately 127,271 Bitcoin (BTC) Previously Stored at the Virtual Currency Addresses Listed in Attachment A, and All Proceeds Traceable Thereto*, No. 25-cv-05745 (RPK)

Dear Judge Kovner,

      We represent claimant Warp Data Technology Lao Sole Co. Ltd ("Warp Data") in this forfeiture action. Warp Data respectfully requests a pre-motion conference regarding its anticipated motion under Federal Rule of Civil Procedure 12(b) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") to dismiss the government's complaint (ECF No. 1; "Complaint").[1]

**I.    Procedural Background**

      The Complaint seeks forfeiture of approximately 127,271 Bitcoin ("BTC") ("Defendant BTC"). (Compl. ¶¶ 5-6.) On January 19, 2026, Warp Data filed a claim to the portion of that BTC that the Complaint calls "newly mined," "newly minted," or "from bitcoin mining," or that Warp Data otherwise mined or acquired. (ECF No. 64.) The Complaint alleges that the coins are forfeitable under (1) 18 U.S.C. § 981(a)(1)(C), as property that "constitutes or is derived from proceeds traceable to an offense constituting a 'specified unlawful activity,'" namely, wire fraud and wire fraud conspiracy (Compl. ¶¶ 61-62); and (2) 18 U.S.C. § 981(a)(1)(A), as property "involved in or traceable to" a money laundering transaction designed to conceal or disguise proceeds of a prior specified unlawful activity (Compl. ¶¶ 64-65).

**II.    Argument**

      Civil forfeiture complaints are subject to heightened pleading requirements that exceed the

---

[1] In response to Claimant Chen Zhi's request for a pre-motion conference, the Court declined to hold a conference and instead set a briefing schedule for Zhi's motion to dismiss. Should the Court similarly be inclined to set a briefing schedule in response to the instant request, Warp Data respectfully requests that its motion to dismiss, like Zhi's, be filed by March 9, 2026.

The Honorable Rachel P. Kovner
February 9, 2026
Page 2

standards of Federal Rule of Civil Procedure 8(a). A civil forfeiture complaint must, among other things, "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). Accordingly, the "complaint must assert specific facts supporting an inference that the property is subject to forfeiture." *U.S. v. $272,000*, 2018 WL 948752, at *2 (E.D.N.Y. 2018) (internal quotation marks omitted).

The Complaint does not meet the heightened pleading standard. It provides arguably detailed allegations only about criminal conduct that occurred 2021 or later—conduct that is irrelevant under the Complaint's own timeline. For similar reasons, the Complaint fails to establish venue. And the Complaint obscures what happened to the Defendant BTC between December 2020, when an unknown hacker stole the coins from the wallets listed in Exhibit A to the Complaint (the "Identified Wallets"), and July 2024, when the government says it seized the Defendant BTC from unidentified other wallets. These deficiencies require dismissal.

      A.    *The Complaint Does Not Allege Sufficiently Detailed Facts Tracing the Defendant BTC to Specified Unlawful Activity*

The Complaint fails to meet the heightened pleading standard for forfeiture actions because it lacks any detailed allegations tracing the Defendant BTC to prior criminal activity. To prove its case at trial, the government must, among other things, trace the Defendant BTC to a crime, which here requires proof of a "specified unlawful activity": the first claim requires a substantive or conspiracy offense "constituting 'specified unlawful activity,'" 18 U.S.C. § 981(a)(1)(C); the second claim requires a transaction concealing or disguising proceeds of a specified unlawful activity, *see id.* § 981(a)(1)(A); 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(a)(2)(B)(i) and 1956(h), which cannot occur without a prior specified unlawful activity, *see generally U.S. v. Approx. $541,953*, 2025 WL 923412, at *4-*6 (E.D.N.Y. Mar. 27, 2025).

The Complaint's allegations of specified unlawful activity are too vague to satisfy Supplemental Rule G(2)(f). To be sure, the Complaint details some alleged unlawful activity tied to what it claims are victim funds—but those allegations involve conduct that occurred after 2020. (*See, e.g.*, Compl. ¶¶ 36-37 & n.2 (alleging fraud involving the "Brooklyn Network" and a California resident in 2021 and 2022); *id.* ¶ 42 (alleging laundering of victim funds in 2022 and 2023).) Post-2020 conduct, however, is irrelevant. By then, according to the Complaint, the Defendant BTC was already in the Identified Wallets from which it was stolen. (*See* Compl. ¶ 44 & n.7 (alleging that Chen had amassed "laundered cryptocurrency, including the Defendant Cryptocurrency," "[b]y approximately 2020").) Coins cannot constitute or be derived from, involved in, or traceable to crimes that have yet to happen. Here, the Defendant BTC was stolen from the Identified Wallets before the well-pleaded specified unlawful activity occurred.

The Complaint's remaining allegations do not trace the Defendant BTC to criminal conduct with sufficient detail. (*See, e.g.*, Compl. ¶ 40 (alleging in conclusory fashion—and without specifying a timeframe—that an entity laundered "illicit funds"); *id.* ¶ 44 (alleging in conclusory fashion that "Chen had amassed a vast sum of fraud proceeds"); *id.* ¶¶ 48-55 (describing pre-2021 transactions that were "apparently" money laundering, without tracing the transactions to prior specified unlawful activity).) Supplemental Rule G(2)(f) requires more.

The Honorable Rachel P. Kovner
February 9, 2026
Page 3

        B.    *The Government's Claims Are Barred Because They Require Extraterritorial Application of the Wire Fraud Statute and Fail to Establish Venue*

Even assuming the Complaint's vague and conclusory allegations of pre-2021 specified unlawful activity satisfy Supplemental Rule G(2)(f), the Complaint fails because no allegation links that pre-2021 activity to the United States. That deficiency results in two fatal flaws. *First*, the only specified unlawful activity the Complaint purports to allege is wire fraud or wire fraud conspiracy. (Compl. ¶¶ 7-8, 12, 61.) The wire fraud statute, 18 U.S.C. § 1343, does not apply extraterritorially. *See Eur. Cmty. v. RJR Nabisco, Inc.*, 764 F.3d 129, 141 (2d Cir. 2014), *rev'd on other grounds*, 579 U.S. 325 (2016). This action thus represents an improper extraterritorial application of federal law. *Second*, the Complaint lacks *any* allegations tracing the Defendant BTC to criminal activity in this District that occurred before 2021. The Complaint thus fails to "state the grounds for … venue." Supp. R. G(2)(b); *see also* Fed. R. Civ. P. 12(b)(3).

The government presumably relies on its allegations regarding the purported "Brooklyn Network" to contend that it is applying the wire fraud statute domestically and to establish venue. (Compl. ¶ 4.) Even assuming their truth, however, those allegations concern conduct from 2021 and later. (*See, e.g.*, Compl. ¶ 36.) And the Complaint is silent about where the Defendant BTC was from December 2020, when it was in the Identified Wallets (Compl. ¶ 44 & n.7), to July 2024, when the government's public notice says the Defendant BTC was seized. Thus, the "Brooklyn Network's" fraud could not have generated proceeds traceable to the Defendant BTC.

        C.    *The Complaint Obscures What Happened to the Defendant BTC from December 2020 Until Its July 2024 Seizure by the Government*

The Complaint "identifies the addresses at which the Defendant Cryptocurrency was stored as of December 2020." (Compl. ¶ 44 n.7.) That month, someone stole the Defendant BTC from the Identified Wallets. *See* "Crypto's Greatest Heist," Crypto Palace, Aug. 11, 2025, *at* https://tinyurl.com/3dct4zcp. The government represents that it seized the coins in July 2024. The Complaint does not explain what happened between December 2020 and the seizure. That glaring omission indicates that the government will not "be able to meet its burden of proof at trial," Supp. R. G(2)(f), because it cannot trace the Defendant BTC to specified unlawful activity. It also raises questions about whether the seizure was lawful. (*See* ECF No. 75.)[2]

        Respectfully submitted,

        */s/ Jeffrey Alberts*
        Jeffrey Alberts
        Sidhardha Kamaraju
        Katherine Reilly

cc: All counsel of record (via ECF)

---

[2] Warp Data incorporates by reference all arguments by other claimants to the extent applicable.