

**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax

**Jeffrey Brown**
*Partner*

Jeffrey.Brown@dechert.com
+1 212 698 3500  Direct
+1 212 698 3599  Fax

February 9, 2026

BY ECF

Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Approximately 127,271 Bitcoin*, **Case No. 25-cv-5745 (RPK)**

Dear Judge Kovner,

Our firm represents Claimant LuBian, which filed a verified claim on January 19, 2026. ECF No. 79. As set out below, Claimant intends to move pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction; pursuant to Rule 12(b)(6) because the Complaint fails to adequately allege that the Defendant Assets are subject to forfeiture and fails to establish the nexus between any alleged criminal activity and the Defendant Assets; and under Rule 12(e) for a more definite statement regarding the circumstances of the government's acquisition of the Defendant Assets.

LuBian incorporates by reference all arguments by other claimants to the extent applicable, including arguments raised by Claimant Chen Zhi in his premotion conference letter, ECF No. 75, and emphasizes the following points specific to LuBian's interests.

### THE TRACING ALLEGATIONS ARE INADEQUATE AND THE COMPLAINT LACKS TEMPORAL COHERENCE

For the reasons stated in Zhi's letter, *id.* at 2–3, the Complaint fails to meet the heightened pleading standard of Supplemental Rule G(2)(f) and does not connect a single victim to the Defendant Assets. LuBian highlights that the temporal disconnect is particularly acute. The most detailed victim allegations concern transactions occurring between May 2021 and August 2022. Compl. ¶¶ 36–7. But these allegations are temporally disconnected from the Defendant Assets, which were already transferred out of the LuBian wallets "in [their] entirety to multiple additional addresses" by December 2020. *Id.* ¶ 38.[1]

---

[1]   The government tries to evade this argument by not explicitly acknowledging in the Complaint when the Defendant Assets were stolen or seized. However, it is public knowledge that the Defendant Assets were stolen on





February 9, 2026
Page 2

### THE COMPLAINT FAILS TO DISCLOSE HOW THE GOVERNMENT ACQUIRED THE DEFENDANT ASSETS

LuBian joins Zhi's argument, ECF No. 75 at 2, that the Complaint violates Rule G(2)(d) by failing to state where the Defendant Assets were located when seized and when this action was filed. This omission prevents LuBian—the victim of the December 2020 theft—from defending its property interests and understanding how the government obtained assets stolen from LuBian's wallets.

### LACK OF SUBJECT MATTER JURISDICTION

As Zhi argues, *id.* at 3, absent sufficient allegations that conduct "giving rise to the forfeiture occurred" in this District—or that the Defendant Assets are "found" here—the Court lacks jurisdiction. 28 U.S.C. §§ 1355(b), 1395.

The Complaint alleges that "Lubian was a Chinese [B]itcoin mining operation that maintained [B]itcoin mining facilities across Asia." Compl. ¶ 16. The Defendant Assets were mined in Asia, held in LuBian-controlled wallets in Asia, and stolen from LuBian in Asia in December 2020. There is no allegation that LuBian or the Defendant Assets had any connection to the Eastern District of New York prior to the government's undisclosed seizure.

### DUE PROCESS VIOLATION

LuBian joins Zhi's argument, ECF No. 75 at 3, that the five-year delay between the December 2020 theft and the October 2025 filing violates due process. During that time, Bitcoin's value increased dramatically, and LuBian was deprived of its property without notice or opportunity to be heard. This delay is particularly egregious because the government's own blockchain analysis would have revealed from the outset that substantial portions of the wallets "were primarily funded by" cryptocurrency mining, "including addresses associated with Lubian." *Id*. ¶ 45.

The government's unexplained delay in filing this action, combined with its failure to disclose the circumstances of its acquisition of the assets, violates LuBian's due process rights. *See generally United States v. $8,850 in U.S. Currency*, 461 U.S. 555 (1983) (finding a "due process issue presented" where the government was "delay[ed] in filing its forfeiture action").

---

December 29, 2020, as it is evident on the public blockchain ledger. *See e.g.*, Hassan Shittu, China Accuses U.S. of Secret Role in $4B Bitcoin Hack – What's Really Going On?, *Yahoo Finance*, (Nov. 11, 2025), https://finance.yahoo.com/news/china-accuses-u-secret-role-221806352.html.



MOTION FOR MORE DEFINITE STATEMENT

Pursuant to Rule 12(e), LuBian will move for a more definite statement requesting the government to disclose: (1) how, when, where, and from whom the government obtained custody of the Defendant Assets; (2) whether the government was involved in, or had knowledge of, the December 2020 hack of LuBian's wallets; (3) the specific location where the Defendant Assets were when seized and where they are currently located; (4) when the government first learned of the alleged criminal conduct forming the basis for this action; and (5) the specific factual basis for tracing allegedly illicit funds to the Defendant Assets currently in the government's possession, particularly given the temporal gap between the fraud allegations (primarily 2021-2022) and the December 2020 theft from LuBian.

CONCLUSION

For these reasons stated above in Zhi's letter, LuBian respectfully requests that the Court hold a premotion conference, or in the alternative, set a briefing schedule on LuBian's anticipated motions to dismiss the Complaint and for a more definite statement. Should the Court be inclined to set a briefing schedule, LuBian respectfully requests that its motion to dismiss, like Zhi's, be filed by March 9, 2026.

Dated: February 9, 2026,                                 Respectfully submitted,

                                                         By:     *Jeffrey Brown*

                                                         Jeffrey A. Brown
                                                         DECHERT LLP
                                                         Three Bryant Park
                                                         1095 Avenue of the Americas
                                                         New York, NY 10036
                                                         Tel.: +1 212 698 3500
                                                         jeffrey.brown@dechert.com
                                                         *Counsel for Claimant LuBian*

CC: Counsel of record (via ECF)