**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 25-5745 (RPK) |
| APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, | |
| Defendant *In Rem*. | |

<u>**GOLD STAR CLAIMANTS' ANSWER TO VERIFIED COMPLAINT *IN REM***</u>

Pursuant to Rule G(5)(b) of the Federal Rules, the *Adamkavicius*, *Cabrera*, *Neiberger*, *Martino*, and *Zambon* Plaintiffs (the "Gold Star Claimants")[1] hereby answer the Government's Verified Complaint *In Rem*, dated October 14, 2025, ECF No. 1, as follows:

<u>**NATURE OF THE ACTION**</u>

1.      The Gold Star Claimants admit the allegations in Paragraph 1, but deny that the United States has any right, title, or interest in the Defendant Cryptocurrency that is superior to the right, title, or interest of the Gold Star Claimants in the Defendant Cryptocurrency.  To the contrary, by operation of the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610 addendum, the Gold Star Claimants, as Judgment Creditors to the Islamic Republican of Iran ("Iran") hold an interest in the Defendant Cryptocurrency superior to the claims of the Government, as well as all other non-TRIA claimants, in this forfeiture action.

---

[1] A full list of Claimants and the damages they have been awarded in various judicial proceedings is included as Attachment A to the Verification of Gold Star Claimants' Claims.

2.      Paragraph 2 contains legal conclusions to which no response is required.  To the extent a response is required, the Gold Star Claimants deny that any of the statutory authorities cited in Paragraph 2 confer on the United States any right, title, or interest in the Defendant Cryptocurrency that is superior to the right, title, or interest of the Gold Star Claimants in the Defendant Cryptocurrency.

## JURISDICTION AND VENUE

3.      Paragraph 3 contains jurisdictional and legal conclusions to which no response is required.  To the extent a response is required, the Gold Star Claimants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4.      Paragraph 4 contains jurisdictional and legal conclusions to which no response is required.  To the extent a response is required, the Gold Star Claimants lack sufficient knowledge to admit or deny the allegation that acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York, or that the Defendant Cryptocurrency is located in the Eastern District of New York.

## THE DEFENDANTS *IN REM*

5.      The Gold Star Claimants admit that the Defendants In Rem consist of the Defendant Cryptocurrency as identified in this paragraph. The Gold Star claimants further admit the Defendant Cryptocurrency is the 127,271 Bitcoin that was previously stored at the addresses listed in Attachment A to the Verified Complaint.  However, the Gold Start Claimants specifically deny that the Defendant Cryptocurrency is the property of the United States Government.  Rather, the Defendant Cryptocurrency is owned by the Iran and China Investment Development Group ("Iran-China Group"), an Iranian joint-stock company doing business as LuBian, which partnered with

the Iranian government to build a Bitcoin mining facility in Rafsanjan, Iran to assist Iran's efforts to evade sanctions imposed on it by the United States and other countries.

6.      On information and belief, the Gold Star Claimants admit the allegations in Paragraph 6.

## RELEVANT STATUTES AND REGULATIONS

### A.    Wire Fraud

7.      Paragraph 7 contains legal conclusions and describes a statute that speaks for itself, to which no response is required.

8.       Paragraph 8 contains legal conclusions and describes a statute that speaks for itself, to which no response is required.

### B.    Money Laundering

9.      Paragraph 9 contains legal conclusions and describes a statute that speaks for itself, to which no response is required.

10.      Paragraph 10 contains legal conclusions and describes a statute that speaks for itself, to which no response is required.

11.      Paragraph 11 contains legal conclusions and describes a statute that speaks for itself, to which no response is required.

12.      Paragraph 12 contains legal conclusions and describes a statute that speaks for itself, to which no response is required.

### C.    Forfeiture Statutes

13.      Paragraph 13 contains legal conclusions and describes a statute that speaks for itself, to which no response is required.  To the extent a response is required, the Gold Star Claimants deny that any of the statutory authorities referenced in Paragraph 13 confer on the

United States any right, title, or interest in the Defendant Cryptocurrency that is superior to the right, title, or interest of the Gold Star Claimants in the Defendant Cryptocurrency. To the contrary, by operation of TRIA, the Gold Star Claimants, as Judgment Creditors of Iran, hold an interest in the Defendant Cryptocurrency superior to the claims of the Government, as well as all other non-TRIA claimants, in this forfeiture action.

14.    Paragraph 14 contains legal conclusions and describes a statute that speaks for itself, to which no response is required. To the extent a response is required, the Gold Star Claimants deny that any of the statutory authorities referenced in Paragraph 14 confer on the United States any right, title, or interest in the Defendant Cryptocurrency that is superior to the right, title, or interest of the Gold Star Claimants in the Defendant Cryptocurrency. To the contrary, by operation of TRIA, the Gold Star Claimants, as Judgment Creditors of Iran, hold an interest in the Defendant Cryptocurrency superior to the claims of the Government, as well as all other non-TRIA claimants, in this forfeiture action.

<strong><u>FACTS</u></strong>

**A.    <u>Introduction</u>**

15.    The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 15.

**B.    <u>Relevant Individuals and Entities</u>**

16.    The Gold Star Claimants admit that the Iran-China Group, through LuBian, maintained a bitcoin mining operation in Iran. Claimants specifically deny that "Lubian was a Chinese bitcoin mining operation that maintained bitcoin mining facilities across Asia, including China." To the contrary, LuBian was the cryptocurrency mining operation and front for the Iran-China Group, an Iranian joint-stock company backed by Chinese investors that partnered with the

Iranian government to build a large Bitcoin mining operation in Rafsanjan, Iran to assist Iran's longstanding efforts to evade sanctions imposed on Iran by the United States and other countries. The Gold Star Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 16, including subsections (a) through (t) and (v) through (y).

**C.    Relevant Terms and Definitions**

17.    The Gold Star Claimants admit the allegations in subsections (d) through (*l*) of Paragraph 17. The Gold Star Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 17, including subsections (a) through (c).

**D.    The Criminal Schemes**

**i.    Background**

18.    The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 18.

19.    Paragraph 19 and Footnote 1 purport to quote a document, a May 2025 report purportedly authored by J. Sims, that speaks for itself, and no response is required. The Gold Star Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 19.

20.    The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 20.

**ii.    The Fraud Schemes**

21.    The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 21.

**a.    The Scam Compounds**

22.    The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 22.

23.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 23.

24.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 24.

25.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 25.

26.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 26.

b.      The Use of Bribes and Violence in Furtherance of the Scheme

27.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 27.

28.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 28.

29.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 29.

30.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 30.

31.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 31.

c.      The Brooklyn Network

32.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 32.

33.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 33.

34.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 34.

35.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 35.

36.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 36.

37.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 37 and Footnote 2.

### iii.     The Money Laundering Schemes

38.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 38.

39.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 39.

40.     The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 40 and Footnote 3.

41.     Footnote 4 purports to quote a document, a report purportedly published by Humanity Research Consultancy, that speaks for itself, and no response is required.  The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 41.

42.     The Gold Star Claimants admit that the Iran-China Group doing business as LuBian operated a Bitcoin mining facility that "produced large sums of clean bitcoin dissociated from criminal proceeds."  The Gold Star Claimants also admit that "[f]or some of the time it was active,

the Lubian mining operation was the sixth largest bitcoin mining operation in the world." The Gold Star Claimants specifically deny that the Iran-China Group was based in China. To the contrary, the Iran-China Group was an Iranian joint-stock company funded by Chinese investors that partnered with the Iranian government to build a large Bitcoin mine operation in Rafsanjan, Iran to assist Iran's longstanding efforts to evade sanctions imposed on it by the United States and other countries, and LuBian was the name of its cryptocurrency mining pool. The Gold Star Claimants deny any implication or assertion that Chen provided the entirety of the financial support for the Iran-China Group's mining operations. The Gold Star Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 42.

43.    The Gold Star Claimants deny any implication or assertion that the wallets containing the Defendant Cryptocurrency were exclusively controlled by Chen. Instead, the Iran-China Group doing business as LuBian controlled the wallets containing the Defendant Cryptocurrency. Additionally, some, or all, of the Defendant Cryptocurrency was mined by Iran, through the Iran-China Group doing business as LuBian, as part of a scheme to evade sanctions imposed by the United States and other countries. The Gold Star Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 43 and Footnote 5.

### E.    The Defendants *In Rem*

44.    The Gold Star Claimants admit the allegations in Footnote 7 and that the Government is seeking to forfeit Bitcoin that was stored at the 25 cryptocurrency addresses identified in the table following Paragraph 44.[2] On information and belief, the Gold Star Claimants

---

[2]  Throughout its Verified Complaint, including in Paragraphs 44, 46, 48, 49, 52, 55, and 56, the Government describes the addresses that stored the Defendant Cryptocurrency in December 2020 as "Chen Wallets." The Gold Star Claimants deny that those addresses are properly described as "Chen Wallets" to the extent the term implies that all the Defendant Cryptocurrency necessarily

deny that the table following Paragraph 44 accurately identifies the full amount of Bitcoin stored at each address in December 2020, provides a complete list of all addresses containing the Iran-China Group's Bitcoin in December 2020, or identifies all of the Bitcoin owned by the Iran-China Group that is currently in the Government's possession. The Gold Star Claimants also deny that the Defendant Cryptocurrency comprises solely the proceeds of Chen's fraud "packaged as heavily laundered cryptocurrency." On information and belief, at least 11,166.51 BTC of the Defendant Cryptocurrency are directly traceable to Bitcoin mined by the Iran-China Group's Rafsanjan mining operation, and all of the Defendant Cryptocurrency constituted the Iran-China Group's pool-level reserve of Bitcoin, which was controlled by the Iran-China Group doing business as LuBian. Further, some, or all, of the Defendant Cryptocurrency was mined by Iran, through the Iran-China Group doing business as LuBian, as part of a scheme to evade sanctions imposed by the United States and other countries. The Gold Star Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 44 and Footnote 6.

45. The Gold Star Claimants admit that at least some of the cryptocurrency addresses were funded using Bitcoin newly mined by the Iran-China Group doing business as LuBian. The Gold Star Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 45 and Footnote 8.

46. The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 46 and the following table.

47. The Gold Star Claimants admit that the four cryptocurrency wallet addresses listed in Cluster Index-4 as described in subsection (d) and Footnote 9 of Paragraph 47 were associated

---

belonged to Chen. Instead, the Iran-China Group doing business as LuBian controlled the wallets containing the Defendant Cryptocurrency.

with the Iran-China Group doing business as LuBian and were funded at least in part using the newly mined proceeds of the Iran-China Group's Bitcoin mining operations. The Gold Star Claimants deny any implication that the other cryptocurrency wallet addresses described in subsections (a) through (c) and (e) through (m) of Paragraph 47 were not associated with the Iran-China Group doing business as LuBian. To the contrary, all of the wallets described in Paragraph 47 were held by the Iran-China Group doing business as LuBian. On information and belief, the Gold Star Claimants also deny that Paragraph 47 accurately identifies the total amount of Bitcoin stored at the address(es) constituting each Cluster in December 2020. The Gold Star Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 47 and Footnote 9, including subparagraphs (a) through (m).

48. The Gold Star Claimants deny that all of the Defendant Cryptocurrency went "through a process of high-volume disaggregation and funneling" "across a complex network of hosted and unhosted cryptocurrency wallets" "before it ultimately converged into the Chen wallets," as at least some of the Defendant Cryptocurrency was Bitcoin that was newly mined by the Iran-China Group doing business as LuBian. The Gold Star Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 48.

49. The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 49.

50. The Gold Star Claimants admit that the Defendant Cryptocurrency encompasses Bitcoin directly traceable to cryptocurrency that was newly mined by the Iran-China Group doing business as LuBian, though the Gold Star Claimants calculate that number as encompassing at least 11,166.51 BTC. The Gold Star Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 50 and the following graphic.

51.    The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 51 and the following graphic.

52.    The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 52 and the following graphics.

53.    The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 53 and the following table.

54.    The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 54.

55.    The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 55, including subsections (a) through (g) and the following graphic.

56.    The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 56 and the following graphic.

57.    The Gold Star Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 57.

58.    On information and belief, the Gold Star Claimants admit that the Defendant Cryptocurrency is in the possession of the United States.  The Gold Star Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 58.

**F.    <u>Criminal and Regulatory Actions</u>**

59.    On information and belief, the Gold Star Claimants admit the allegations in Paragraph 59, but they deny any implication that they need a license from the United States Department of the Treasury's Office of Foreign Assets Control to attach and execute against the Defendant Cryptocurrency under the Terrorism Risk Insurance Act ("TRIA").

### FIRST CLAIM FOR RELIEF
**(Proceeds Traceable to Wire Fraud)**

60.     The Gold Star Claimants incorporate and reallege each and every response to Paragraphs 1 through 59 set forth as though set forth in full here.

61.     Paragraph 61 contains legal conclusions to which no response is required.  To the extent a response is required, the Gold Star Claimants deny that any of the allegations in Paragraph 61 confer on the United States any right, title, or interest in the Defendant Cryptocurrency that is superior to the right, title, or interest of the Gold Star Claimants in the Defendant Cryptocurrency.

62.     Paragraph 62 contains legal conclusions to which no response is required.  To the extent a response is required, the Gold Star Claimants deny that any of the allegations in Paragraph 62 confer on the United States any right, title, or interest in the Defendant Cryptocurrency that is superior to the right, title, or interest of the Gold Star Claimants in the Defendant Cryptocurrency. To the contrary, by operation of TRIA, the Gold Star Claimants, as Judgment Creditors of Iran, hold an interest in the Defendant Cryptocurrency that is superior to the claims of the Government, as well as all other non-TRIA claimants, in this forfeiture action.

### SECOND CLAIM FOR RELIEF
**(Property Involved in Money Laundering)**

63.     The Gold Star Claimants incorporate and reallege each and every response to Paragraphs 1 through 62 set forth as though set forth in full here.

64.     Paragraph 64 contains legal conclusions to which no response is required.  To the extent a response is required, the Gold Star Claimants deny that any of the allegations in Paragraph 64 confer on the United States any right, title, or interest in the Defendant Cryptocurrency that is superior to the right, title, or interest of the Gold Star Claimants in the Defendant Cryptocurrency.

65.     Paragraph 65 contains legal conclusions to which no response is required.  To the extent a response is required, the Gold Star Claimants deny that any of the allegations in Paragraph 65 confer on the United States any right, title, or interest in the Defendant Cryptocurrency that is superior to the right, title, or interest of the Gold Star Claimants in the Defendant Cryptocurrency. To the contrary, by operation of TRIA, the Gold Star Claimants, as Judgment Creditors of Iran, hold an interest in the Defendant Cryptocurrency that is superior to the claims of the Government, as well as all other non-TRIA claimants, in this forfeiture action.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the foregoing denials, the Gold Star Claimants assert the below affirmative and other defenses.  No assertion of any defense is intended or may be construed as a concession that any particular issue or subject matter is relevant to the Government's allegations.  The defenses asserted herein are based on the Gold Star Claimants' knowledge, information, and belief at this time.  The Gold Star Claimants reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time.  Without admitting any of the facts alleged in the Verified Complaint except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the Government's claims, the Gold Star Claimants assert the following affirmative and other defenses:

1.     The Defendant Cryptocurrency was "blocked" by operation of law under Executive Order 13599 as soon as it entered the United States.

2.     The Defendant Cryptocurrency is a blocked asset of a terrorist party, Iran.

3.     The Defendant Cryptocurrency is the blocked asset of an agency and instrumentality of a terrorist party, the Iran-China Group.

4.      The Gold Star Claimants, as Judgment Creditors of Iran, possess an interest in the Defendant Cryptocurrency.

5.      The Gold Star Claimants, as Judgment Creditors of Iran, possess an interest in the Defendant Cryptocurrency that is superior to the Government's claim, as well as all other non-TRIA claimants, under TRIA, Pub. L. No. 107-297, § 201(a) (2002) (codified at 28 U.S.C. § 1610 addendum), notwithstanding the instant civil forfeiture action.

6.      The Gold Star Claimants are entitled to attach and execute upon the Defendant Cryptocurrency because they have satisfied TRIA.  Specifically, the Gold Star Claimants obtained their judgments against Iran—a terrorist party—based on an act of terrorism; the Defendant Cryptocurrency is blocked under the International Emergency Economic Powers Act; and the Defendant Cryptocurrency is owned by the Iran-China Group, an agency or instrumentality of Iran.

7.      The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V.  Because of their claim under TRIA, the Gold Star Claimants have a property interest in the Defendant Cryptocurrency governed by the Fifth Amendment.  As a result, forfeiting the Defendant Cryptocurrency to the Government without "due process of law" would violate the rights under the Fifth Amendment.

8.      The Fifth Amendment also provides "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V.  Because of the Gold Star Claimants' property interest in the Defendant Cryptocurrency, forfeiting that property to the Government would result in a taking of their property without just compensation.

9.      The Gold Star Claimants deny all allegations not expressly admitted or otherwise stated above and specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein or withdraw defenses as may be warranted

14

by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: February 9, 2026

Respectfully submitted,

/s/ Aaron E. Nathan

Michael J. Gottlieb
WILLKIE FARR & GALLAGHER LLP
2029 Century Park East
Los Angeles, CA 90067-2905
Tel:  (310) 855-3000
Fax:  (310) 855-3099
mgottlieb@willkie.com

Nicholas Reddick (*pro hac vice forthcoming*)
WILLKIE FARR & GALLAGHER LLP
333 Bush Street
San Francisco, CA 94104
Tel:  (415) 858-7400
Fax:  (415) 858-7599
nreddick@willkie.com

Lee Wolosky
Aaron E. Nathan
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Tel:  (212) 728-8000
Fax:  (212) 728-8111
lwolosky@willkie.com
anathan@willkie.com

*Counsel for Gold Star Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2026, I electronically filed the foregoing Gold Star Claimants' Answer to Verified Complaint *In Rem* via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the Government, in the above-captioned matter.


/s/ Aaron E. Nathan


Aaron E. Nathan
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Tel:  (212) 728-8000
Fax:  (212) 728-8111
anathan@willkie.com