Bruce Aylstock (FL, GA)*
Justin G. Witkin (FL, MS)*
Douglass A. Kreis (FL)*
Neil D. Overholtz (FL)* (1972-2022)
R. Jason Richards (FL, CO)*
Bobby J. "Brad" Bradford (FL, AL)*
Stephen H. Echsner (FL)*
Daniel J. Thornburgh (FL, MN)*
E. Samuel "Sam" Geisler (FL, IL)*
Jennifer M. Hoekstra (LA)*
S. Mary Liu (CA, FL)*
Chelsie R. Warner (MT, NV, WA, WY)*
Samantha M. Katen (FL, NC, CO)*
J. Christopher Klotz (AL, DC, FL, MS)*
W. Eric Stracener (MS)*
Caitlyn P. Miller (FL, AL, DC)*
Hannah R. Pfeifler (FL)*

* STATES IN WHICH ATTORNEY IS LICENSED TO PRACTICE LAW

**AYLSTOCK WITKIN KREIS OVERHOLTZ, PLC**

17 East Main Street, Suite 200 • Pensacola, Florida 32502
Phone: (850) 202-1010 • Fax: (850) 916-7449
www.AWKOLaw.com

Alexandra B. Echsner-Rasmussen (FL)*
Reagan Charleston Thomas (LA)*
Catherine A. Mitchell (AL)*
Savannah Green (FL)*
Jonathan Aylstock (FL, MN, MO)*
Emily Gardella (WA)*
Kimberly Tanner (MD)*
Pauls Toma (MI)*
Jean Martin (NC)*
Christopher Pollack (DC, IL, MI)*
Francesca Burne (FL, PA)*
Nathan C. Bess (FL)†*
Hillary M. Nappi (NY, NJ, PA, U.S. Supreme Court)†*
Madeline G. Theophilus (NY)†*

† OF COUNSEL

February 10, 2026

*Via ECF*

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:    *United States v. Approximately 127,271 Bitcoin*
              No. 25-cv-5745-RPK

Dear Judge Kovner:

      Our firm is Lead Counsel for seven (7) severely wounded U.S. Military Veterans and five (5) Gold Star Family Members relating to terrorist attacks perpetrated in Iraq during the War on Terror, for which the Islamic Republic of Iran has been found responsible. Following an evidentiary trial, a default judgment was entered by the Honorable Judge Ana C. Reyes in *Swinney, et al., v. Islamic Republic of Iran*, et al., Case No. 1:20-cv-02316-ACR (DC) (the "Swinney Judgment Creditors"). Each has a final, enforceable judgment, entered pursuant to 28 U.S.C. 1605A, against the Islamic Republic of Iran for damages caused by Iran's participation in and material support for those terrorist attacks.

      The Swinney Judgment Creditors request leave of Court to file a claim to the Defendant Cryptocurrency pursuant to 18 U.S.C. § 983(a) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"). This request seeks leave to file the claim after the December 29, 2025 deadline previously set by the Court. The Swinney Judgment Creditors' proposed claim and its exhibit are attached.

      Within the last five (5) days, counsel for Swinney Judgment Creditors learned that the Defendant Cryptocurrency is property of the Iran and China Investment Development Group ("Iran-China Group"), including allegations in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, No. 25-cv-07093 (E.D.N.Y.) and the Fritz Claimants' December 29, 2025 Notice of Verified Claim and Statement of Interest or Right in Property Subject to Forfeiture *in Rem* (ECF No. 29). The Iran-China Group, doing business on the blockchain as Lubian.com or Lubian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran.

The Honorable Rachel P. Kovner
February 10, 2026
Page 2

---

Section 201(a) of the Terrorism Risk Insurance Act ("TRIA") authorizes the Swinney Judgment Creditors to attach and execute on *any* blocked assets of Iran or *any* blocked assets of *any* agency and instrumentality of Iran, "[n]otwithstanding any other provision of law." The Defendant Cryptocurrency are blocked assets within the meaning of TRIA. Therefore, the Swinney Judgment Creditors possess an interest in as much of the Defendant Cryptocurrency as may be necessary to satisfy their outstanding compensatory damages judgments against Iran. Furthermore, their interest is superior to any interests that might be asserted by the United States or any claimants other than similarly-situated claimants who are entitled to enforce terrorism judgments under TRIA.

Good cause exists for extending the deadline for the Swinney Judgment Creditors to submit their claim. *See* Rule G(5)(a)(ii) (setting claim deadlines "[u]nless the court for good cause sets a different time"). The Swinney Judgment Creditors did not receive direct notice of this forfeiture action from the United States. Instead, their counsel only became aware of Iran's interest in the Defendant Cryptocurrency after the December 29, 2025 deadline when they reviewed the papers filed by the Fritz Claimants in their TRIA complaint and their Verified Notice of Claim in this proceeding. Once they became aware of their claim, the Swinney Judgment Creditors have acted promptly.

Allowing the Swinney Judgment Creditors to file their claim after the deadline also will not prejudice any other Rule G claimant. The Court has not yet ruled on any substantive issues affecting any claimant. In addition, it has extended the deadline for three other claimants to January 19, 2026. *See* Order dated December 18, 2025, and Order dated December 29, 2025. Moreover, the government will not be prejudiced. It received timely notice from other claimants that TRIA gives victims of Iranian terrorism authority to claim interests in the Defendant Cryptocurrency. The Swinney Judgment Creditors' claims are based on the same legal principles and rise from the same statutory authority as those claimants.

        Respectfully submitted,

        AWK Survivor Advocate Attorneys PLLC

        */s/ Hillary M. Nappi*
        Hillary M. Nappi

Attachments