**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM:ADR
F. #2024R00105

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 11, 2026

By ECF

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Approximately 127,271 Bitcoin
Civil Docket No. 25-5745 (RPK)

Dear Judge Kovner:

The government respectfully submits this letter, pursuant to the Court's February 11, 2026 order, to respond to the requests by claimants Warp Data Technology Lao Sole Co. Ltd ("Warp Data") and LuBian for pre-motion conferences regarding their anticipated motions to dismiss the above-captioned civil forfeiture action. *See* ECF Nos. 201, 202. These requests should be denied just as claimant Chen Zhi's was, and any motions by Warp Data and LuBian should similarly be held in abeyance until their standing in this case can be assessed, as prescribed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G").

I. Background and Discussion

As the Court is aware, on October 14, 2025, the government filed the verified complaint in this case (the "Complaint"), which seeks the forfeiture of 127,271 bitcoin previously in Chen's control (the "Defendant Cryptocurrency") as proceeds of fraud and property involved in money laundering. *See* ECF No. 1. The Complaint alleges that Chen operated forced-labor scam compounds across Cambodia that perpetrated cryptocurrency investment fraud schemes and that he laundered the proceeds of those schemes through various businesses, shell companies and cryptocurrency mining operations, including Warp Data and LuBian. *See id.* ¶ 42.

On January 19, 2026, an individual asserting to be Warp Data's "sole Manager" filed a claim, purportedly on behalf of Warp Data, stating that Warp Data owned all portions of the Defendant Cryptocurrency derived from bitcoin mining as well as other unspecified portions it was still "in the process of calculating." ECF No. 64 at ¶¶ 5-6. On January 20, 2026, an individual asserting to be a "member of the collective" of LuBian filed a claim, purportedly on

behalf of LuBian, stating that LuBian owned an unspecified portion of the Defendant Cryptocurrency "still being calculated" based on LuBian's "participation in operations connected to the mining" of that cryptocurrency. *See* ECF No. 79 at ¶¶ 4-5. Chen also filed a claim and thereafter requested a pre-motion conference for his anticipated motion to dismiss the Complaint. *See* ECF No. 75. The government opposed and asked that the Court hold any such motion in abeyance so the government could serve special interrogatories on Chen and, if need be, litigate his standing in the case, as Rule G contemplates. *See* ECF No. 122. The Court agreed that no pre-motion conference was needed and granted the government's request. *See* January 28, 2026 Docket Entry.[1]

Warp Data and LuBian now seek to dismiss the Complaint on substantially the same meritless grounds as Chen, broadly citing Chen's pre-motion letter. *See* ECF Nos. 201, 202. Their proposed motions are similarly unripe. Until the government has an opportunity to assess and potentially challenge their standing in this case, including through special interrogatories and any associated motions for relief, their proposed motions cannot be adjudicated. *See* Rules G(6)(c) and G(8)(c)(ii)(A); ECF No. 122 at 2 (citing cases).

II. Conclusion

For these reasons, the government respectfully requests that the Court deny Warp Data's and Lubian's requests for pre-motion conferences and hold any motions by them in

---

[1] The government served special interrogatories on Chen on February 6, 2026.

abeyance until their standing in the case can be determined under the procedures set forth in Rule G.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Alexander F. Mindlin
Tanisha R. Payne
Benjamin Weintraub
Andrew D. Reich
Rebecca M. Schuman
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

cc: Clerk of Court (RPK)
Counsel of Record