Jonathan P. Vuotto, Attorney No. 315601
McANDREW VUOTTO, LLC
13 Mt. Kemble Avenue
Morristown, New Jersey 07960
(973) 538-6308
Attorneys for the Breitweiser Claimants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-cv-5745 (RPK) |
| Plaintiff, | |
| -against- | |
| APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, | **VERIFIED ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS** |
| Defendants *in rem*. | |

Pursuant to Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Kristen Breitweiser, Individually and as Personal Representative of the Estate of Ronald M. Breitweiser; Caroline Breitweiser; Patricia Ryan, Individually and as Personal Representative of the Estate of John J. Ryan; Laura Ryan; Colin Ryan; Kristen Ryan; and Jacqueline Eaton, individually and as Personal Representative of the Estate of Robert D. Eaton (collectively, the "Breitweiser Claimants"), answer the Verified Complaint *In Rem* dated October 14, 2025 (the "Complaint") as follows:

1.    The Breitweiser Claimants admit that this is a civil forfeiture action *in rem* against the Defendant Cryptocurrency.    The Breitweiser Claimants deny that the Defendant Cryptocurrency should be forfeited to the United States to the extent such forfeiture would impair

or extinguish the Breitweiser Claimants' rights under the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610 note.

2.       Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3.       Paragraph 3 contains legal conclusions to which no response is required.  To the extent a response is required, the Breitweiser Claimants admit that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

4.       Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

5.       The Breitweiser Claimants admit only that the Complaint purports to describe the Defendant Cryptocurrency as consisting of approximately 127,271 Bitcoin. All remaining allegations in Paragraph 5 are denied.

6.       The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 6 and therefore deny them, except to the extent the paragraph alleges that the Defendant Cryptocurrency is presently in the custody of the United States.

7.       The Breitweiser Claimants refer to the statute set forth in Paragraph 7 for the specific provisions thereof.

8.       The Breitweiser Claimants refer to the statute set forth in Paragraph 8 for the specific provisions thereof.

9.       The Breitweiser Claimants refer to the statute set forth in Paragraph 9 for the specific provisions thereof.

10.    The Breitweiser Claimants refer to the statute set forth in Paragraph 10 for the specific provisions thereof.

11.    The Breitweiser Claimants refer to the statute set forth in Paragraph 11 for the specific provisions thereof.

12.    The Breitweiser Claimants refer to the statute set forth in Paragraph 12 for the specific provisions thereof.

13.    The Breitweiser Claimants refer to the statute set forth in Paragraph 13 for the specific provisions thereof.

14.    The Breitweiser Claimants refer to the statute set forth in Paragraph 14 for the specific provisions thereof.

15.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 15 and therefore deny them.

16.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 16 and therefore deny them. To the extent Paragraph 16 contains legal conclusions or characterizations regarding foreign state involvement, ownership, control, or attribution, no response is required, and any such allegations are denied. Nothing in this response waives or limits the Breitweiser Claimants' rights to assert priority under the Terrorism Risk Insurance Act based on facts established in this action or related proceedings.

17.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 17 and therefore deny them. To the extent Paragraph 17 contains legal conclusions, characterizations, or assertions regarding the identity, status, roles, affiliations, or relevance of any persons or entities, no response is required, and any such allegations are denied.

18.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 18 and therefore deny them.

19.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 19 and therefore deny them.

20.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 20 and therefore deny them.

21.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 21 and therefore deny them.

22.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 22 and therefore deny them.

23.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 23 and therefore deny them.

24.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 24 and therefore deny them.

25.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 25 and therefore deny them.

26.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 26 and therefore deny them.

27.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 27 and therefore deny them.

28.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 28 and therefore deny them.

29.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 29 and therefore deny them.

30.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 30 and therefore deny them.

31.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 31 and therefore deny them.

32.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 32 and therefore deny them.

33.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 33 and therefore deny them.

34.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 34 and therefore deny them.

35.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 35 and therefore deny them.

36.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 36 and therefore deny them.

37.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 37 and therefore deny them.

38.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 38 and therefore deny them. To the extent the allegations contain factual characterizations, conclusions regarding provenance, attribution, source, ownership, or legal significance of the Defendant Cryptocurrency, such allegations are denied.

39.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 39 and therefore deny them. To the extent the allegations contain factual characterizations, conclusions regarding provenance, attribution, source, ownership, or legal significance of the Defendant Cryptocurrency, such allegations are denied.

40.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 40 and therefore deny them. To the extent the allegations contain factual characterizations, conclusions regarding provenance, attribution, source, ownership, or legal significance of the Defendant Cryptocurrency, such allegations are denied.

41.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 41 and therefore deny them. To the extent the allegations contain factual characterizations, conclusions regarding provenance, attribution, source, ownership, or legal significance of the Defendant Cryptocurrency, such allegations are denied.

42.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 42 and therefore deny them. To the extent the allegations contain factual characterizations, conclusions regarding provenance, attribution, source, ownership, or legal significance of the Defendant Cryptocurrency, such allegations are denied.

43.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 43 and therefore deny them. To the extent the allegations contain factual characterizations, conclusions regarding provenance, attribution, source, ownership, or legal significance of the Defendant Cryptocurrency, such allegations are denied. Nothing in these responses waives or limits the Breitweiser Claimants' asserted priority rights under the Terrorism Risk Insurance Act or other applicable law.

44.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 44 and therefore deny them. To the extent the allegations assert or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

45.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 45 and therefore deny them. To the extent the allegations assert or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

46.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 46 and therefore deny them. To the extent the allegations assert or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

47.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 47 and therefore deny them. To the extent the allegations assert or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

48.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 48 and therefore deny them. To the extent the allegations assert or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

49.    The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 49 and therefore deny them. To the extent the allegations assert

or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

50.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 50 and therefore deny them. To the extent the allegations assert or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

51.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 51 and therefore deny them.

52.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 52 and therefore deny them.

53.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 53 and therefore deny them.

54.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 54 and therefore deny them.

55.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 55 and therefore deny them.

56.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 56 and therefore deny them.

57.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 57 and therefore deny them.

58.     The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 58 and therefore deny them.

59.     Admitted only to the extent that criminal and regulatory actions have been brought as alleged. All remaining allegations in Paragraph 59 are denied.

60.     Paragraph 60 contains allegations that incorporate prior Paragraphs. The Breitweiser Claimants incorporate and reallege each and every response to the foregoing Paragraphs of the Complaint as though fully restated herein.

61.     Paragraph 61 is denied. The Breitweiser Claimants deny that the Defendant Cryptocurrency constitutes or is derived from proceeds subject to forfeiture free and clear of their asserted statutory rights. The Breitweiser Claimants further assert that, pursuant to the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610 note, qualifying blocked assets are subject to execution by holders of terrorism judgments notwithstanding any other provision of law, and that any disposition of the Defendant Cryptocurrency must preserve those statutory rights.

62.     Paragraph 62 is denied. The Breitweiser Claimants deny that the Defendant Cryptocurrency is liable to forfeiture in a manner that extinguishes or impairs their asserted rights under TRIA or other applicable federal law.

63.     Paragraph 63 contains allegations that incorporate prior Paragraphs. The Breitweiser Claimants incorporate and reallege each and every response to the foregoing Paragraphs of the Complaint as though fully restated herein.

64.     Paragraph 64 is denied. The Breitweiser Claimants deny that the Defendant Cryptocurrency constitutes property involved in or traceable to money laundering subject to forfeiture free and clear of their asserted statutory rights under TRIA.

65.     Paragraph 65 is denied. The Breitweiser Claimants deny that forfeiture may be ordered without adjudication and preservation of their asserted rights under the Terrorism Risk Insurance Act and applicable law.

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Breitweiser Claimants possess a legally cognizable statutory interest in the Defendant Cryptocurrency sufficient to confer standing, including priority execution rights under TRIA.

2.      The Breitweiser Claimants assert statutory execution rights under TRIA § 201, notwithstanding any competing forfeiture claims, that must be preserved and adjudicated prior to any forfeiture or disposition of the Defendant Cryptocurrency.

3.      Upon information and belief, and as alleged by the United States, the Defendant Cryptocurrency constitutes blocked assets of a terrorist party or its agency or instrumentality within the meaning of TRIA.

4.      Any forfeiture or disposition of the Defendant Cryptocurrency without due process to adjudicate and preserve the Breitweiser Claimants' asserted statutory interests would violate the Fifth Amendment, including the prohibition on uncompensated takings.

5.      TRIA's "notwithstanding" clause supersedes, to the extent of any conflict,  the forfeiture statutes relied upon by the United States.

6.      To the extent equitable principles are applied, such principles cannot override statutory priority rights conferred by TRIA or constitutional due process protections.

7.      To the extent forfeiture is imposed in a manner that operates punitively against the Breitweiser Claimants' asserted statutory interests, such forfeiture would be constitutionally excessive .

8.      Alternatively, any forfeiture or disposition of the Defendant Cryptocurrency must comply with the U.S. Victims of State Sponsored Terrorism Fund statutory scheme, 34 U.S.C. § 20144(e).

9.      The Breitweiser Claimants reserve the right to amend this Answer and to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the discovery of information during further proceedings, and to pursue alternative remedies under any and all applicable law.

## CROSS-CLAIM FOR PRIORITY

### (Against All Other Non-Sovereign Claimants Asserting an Interest in the Cryptocurrency Who Appear in This Action)

This Cross-Claim (the "Claim") is asserted by Kristen Breitweiser, Individually and as Personal Representative of the Estate of Ronald M. Breitweiser; Caroline Breitweiser; Patricia Ryan, Individually and as Personal Representative of the Estate of John J. Ryan; Laura Ryan; Colin Ryan; Kristen Ryan; and Jacqueline Eaton, Individually and as Personal Representative of the Estate of Robert D. Eaton (collectively, the "Breitweiser Claimants") against all other non-sovereign claimants asserting an interest in the Defendant Cryptocurrency who appear in this action (the "Priority Defendants"), excluding the United States, any foreign sovereign, and any party not properly before the Court.  The Breitweiser Claimants seek a declaration that, as a matter of New York and federal law, their claims are entitled to priority over all competing claims for purposes of attachment and execution, including but not limited to competing terrorism judgment creditors, execution creditors, and non-TRIA claimants, and allege as follows:

1.      This Court has jurisdiction over this Claim pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and 1367, and under Supplemental Rule G.

2.      Venue is proper in this District because this Claim is ancillary to, and arises from, the same res and forfeiture proceeding pending before this Court.

3.      The Breitweiser Claimants are judgment creditors of the Islamic Republic of Iran, holding final, unsatisfied judgments for compensatory damages arising from acts of state-sponsored terrorism.

4.      The Priority Defendants include all non-sovereign parties who assert any interest – legal, equitable, possessory, or contingent – in the Defendant Cryptocurrency that is the subject of this action.

5.      This Claim is asserted for the limited purpose of preserving the Breitweiser Claimants' priority rights and does not seek adjudication of priority as against any claimant until the universe of claimants in this action is established. This Claim does not assert any cause of action against the United States or any foreign sovereign, and seeks no relief against any sovereign entity, other than execution against blocked assets as authorized by TRIA.

6.      The Breitweiser Claimants hold valid, final judgments entered by the United States District Court for the Southern District of New York under 28 U.S.C. § 1605A for acts of state-sponsored terrorism.

7.      Those judgments have been properly served on Iran pursuant to 28 U.S.C. § 1608(a)(4) and remain unsatisfied.

8.      The Breitweiser Claimants have timely: (i) filed a Verified Claim in this action; and (ii) pursued and obtained (or are pursuing) judicial authorization under FSIA § 1610(c), to the extent required, to enforce their judgments.

9.      The Defendant Cryptocurrency constitutes, on information and belief, blocked assets of Iran or its agency or instrumentality and is therefore subject to attachment and execution under TRIA § 201.

10.     Multiple parties now assert competing interests in the Defendant Cryptocurrency, including other judgment creditors and non-TRIA claimants.

**FIRST COUNT**

**(Priority Under CPLR § 5234 – Executions)**

11.     The Breitweiser Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

12.     This Count is pleaded in the alternative and only to the extent that state-law execution or attachment principles are determined to apply in aid of federal judgment enforcement following forfeiture or disposition of the res.

13.     Federal courts routinely apply state execution priority rules, including CPLR § 5234, in aid of federal judgments and execution proceedings.

14.     CPLR § 5234(b) establishes a priority regime among judgment creditors executing on the same property, keyed to the time of delivery of execution, levy, and related enforcement steps.

15.     Under CPLR § 5234(c), where executions are returned unsatisfied or partially satisfied, priority is preserved for creditors who first perfect execution rights.

16.     The Breitweiser Claimants have acted diligently and in good faith to: (i) secure FSIA § 1610(c) authorization; (ii) assert their claims in this action; and (iii) pursue execution against the Defendant Cryptocurrency.

17.     To the extent competing judgment creditors have not satisfied the statutory prerequisites for execution, or did so later in time, their claims are subordinate to the Breitweiser Claimants under CPLR § 5234.

## SECOND COUNT

### (Priority Under CPLR Article 62 – Attachment)

18.     The Breitweiser Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

19.     This Count is pleaded in the alternative and only to the extent that state-law execution or attachment principles are determined to apply in aid of federal judgment enforcement following forfeiture or disposition of the res.

20.     CPLR Article 62 governs prejudgment and post-judgment attachment and establishes priority based on the timing of attachment orders, levy, and perfection of attachment liens.

21.     The Breitweiser Claimants' attachment rights arise from final judgments, statutory authorization under TRIA, and judicial permission under FSIA § 1610(c).

22.     To the extent other claimants seek attachment of the Defendant Cryptocurrency without satisfying TRIA or FSIA requirements, their attachments are invalid or subordinate as a matter of law.

23.     The Breitweiser Claimants are therefore entitled to priority over all competing attachments under CPLR Article 62.

## THIRD COUNT

### (Priority Under TRIA § 201 and Federal Law)

24.     The Breitweiser Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

25.     TRIA § 201(a) provides that, "[n]otwithstanding any other provision of law," blocked assets of a terrorist party or its agency or instrumentality shall be subject to execution by holders of terrorism judgments.

26.     TRIA's "notwithstanding" clause preempts inconsistent state and federal law, overrides competing claims not grounded in TRIA, and elevates qualifying terrorism judgment creditors over all non-TRIA claimants.

27.     Federal courts have consistently recognized that TRIA creates a priority execution regime favoring holders of terrorism judgments over competing non-TRIA claimants, subject to the procedural sequencing required by forfeiture and execution law.

28.     Accordingly, even if competing claimants satisfy federal forfeiture and/or state-law execution or attachment requirements, their claims are subordinate to the Breitweiser Claimants' TRIA-based rights.

## **FOURTH COUNT**

### **(Declaratory Relief)**

29.     The Breitweiser Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

30.     An actual and justiciable controversy exists concerning the relative priority of the parties' interests in the Defendant Cryptocurrency.

31.     The Breitweiser Claimants seek a declaration that: (i) they hold priority rights for attachment and execution purposes over all Priority Defendants; (ii) any competing executions and/or attachments are subordinate to the Breitweiser Claimants' executions and/or attachments; and (iii) any distribution of the Defendant Cryptocurrency must respect that priority.

## PRAYER FOR RELIEF

**WHEREFORE**, the Breitweiser Claimants respectfully request that the Court:

A.    Declare that the Breitweiser Claimants' interests have priority over all other parties for attachment and execution purposes under CPLR § 5234, CPLR Article 62, TRIA § 201, FSIA § 1610, and applicable federal law;

B.    Declare that any competing executions, attachments, liens, or asserted interests are subordinate to the Breitweiser Claimants' rights for attachment and execution purposes;

C.    Order that the Defendant Cryptocurrency be preserved and maintained subject to the Court's jurisdiction, and that no distribution or disposition affecting the priority of claimants occur unless and until the Breitweiser Claimants' asserted statutory rights are adjudicated, consistent with applicable forfeiture procedures and without prejudice to the United States' authority to pursue forfeiture;

D.    Protective Alternative Relief — USVSST Fund: In the alternative, and only if the Court determines that the Defendant Cryptocurrency, or any portion thereof, is not lawfully subject to attachment and execution by the Breitweiser Claimants under TRIA, FSIA, CPLR § 5234, or CPLR Article 62, declare that any forfeiture, remission, or other disposition of such assets must comply with the United States Victims of State Sponsored Terrorism Fund statutory scheme set forth in 34 U.S.C. § 20144(e), and that no disposition inconsistent with that statutory framework may occur; and

E.    Grant the Breitweiser Claimants such other and further relief as the Court deems just and proper.

16

Dated: Pearl River, New York
   February 11, 2026

         McANDREW VUOTTO, LLC
         Attorneys for the Breitweiser Claimants

         By:  */s/Jonathan P. Vuotto*
           Jonathan P. Vuotto
           1 Blue Hill Plaza, Suite 1509
           Pearl River, New York 10965
           (212) 382-2208
           jpv@mcandrewvuotto.com

## **VERIFICATION**

I, Kristen Breitweiser, of full age, being duly sworn according to law, upon my oath do depose and say:

1.    I am a Claimant in this matter and submit this Verified Claim on behalf of myself and as Personal Representative of the Estate of Ronald Breitweiser.

2.    I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.

*/s/Kristen Breitweiser*
Kristen Breitweiser

Dated: February 11, 2026

18

## **VERIFICATION**

I, Caroline Breitweiser, of full age, being duly sworn according to law, upon my oath do depose and say:

1. I am a Claimant in this matter.

2. I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.

*/s/Caroline Breitweiser*

Caroline Breitweiser

Dated: February 11, 2026

19

## **VERIFICATION**

I, Patricia Ryan, of full age, being duly sworn according to law, upon my oath do depose and say:

1.      I am a Claimant in this matter and submit this Verified Claim on behalf of myself and as Personal Representative of the Estate of John J. Ryan.

2.      I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.

*/s/Patricia Ryan*
Patricia Ryan

Dated: February 11, 2026

20

## **<u>VERIFICATION</u>**

I, Laura Ryan, of full age, being duly sworn according to law, upon my oath do depose and say:

1.      I am a Claimant in this matter.

2.      I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.


*/s/Laura Ryan*       
Laura Ryan

Dated: February 11, 2026

## **VERIFICATION**

I, Colin Ryan, of full age, being duly sworn according to law, upon my oath do depose and say:

1.     I am a Claimant in this matter.

2.     I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.


                                                   */s/Colin Ryan*
                                                   Colin Ryan

Dated: February 11, 2026

22

## <u>VERIFICATION</u>

I, Kristen Ryan, of full age, being duly sworn according to law, upon my oath do depose and say:

1.      I am a Claimant in this matter.

2.      I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.


*/s/Kristen Ryan*
Kristen Ryan

Dated: February 11, 2026

23

## **VERIFICATION**

I, Jacqui Eaton-Garland, of full age, being duly sworn according to law, upon my oath do depose and say:

1.    I am a Claimant in this matter and submit this Verified Claim on behalf of myself and as Personal Representative of the Estate of Robert Eaton.

2.    I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.

*/s/Jacqui Eaton-Garland*
Jacqui Eaton-Garland

Dated: February 11, 2026

24