

MELISSA S. FOX
mfox@steinmitchell.com | Direct 202.661.0907

2000 K Street, NW Suite 600
Washington, DC 20006

P 202.737.7777
F 202.296.8312

www.steinmitchell.com

February 13, 2026

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *United States v. Approximately 127,271 Bitcoin*, Case No. 1:25-cv-05745 (RPK)

Dear Judge Kovner,

    Our firm represents the victims of the attempted-kidnapping-turned-murders of Eitam Henkin and Naama Henkin, by Hamas terrorists, in front of their four minor children in Israel in 2015. As a result of the harm caused by this atrocity, the estates of Eitam and Naama Henkin and their four surviving children (the "Henkin Claimants") have obtained an enforceable judgment against the Islamic Republic of Iran ("Iran") in the amount of $52,049,000 in compensatory damages and $179,048,560 in punitive damages.[1] We respectfully request leave to file the attached verified claim on behalf of the Henkin Claimants after the December 29, 2025 deadline set by this Court.

    The Henkin Claimants are judgment creditors of Iran with claims to the cryptocurrency at issue in this matter. The Henkins' judgment is against a terrorist party and based on a claim for an act of terrorism within the meaning of section 201 of the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297. Accordingly, each of the Henkin Claimants has a claim superior to that of the United States government with respect to the defendant assets to the extent they are property of Iran or any of its agencies or instrumentalities.

    The Court may "for good cause set[ ] a different time by which a claimant may contest the forfeiture by filing a claim." *United States v. Approximately 127,271 bitcoin*, No. 1:25-CV-05745-RPK, 2025 WL 3652955, at *1 (E.D.N.Y. Dec. 11, 2025) (citing Fed. R. Civ. P. G(5)(a)(ii)). *See also United States v. $417,143.48, Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents*, 682 F. App'x 17, 19 (2d Cir. 2017) (recognizing that a court has "discretion in appropriate circumstances to depart from the strict compliance standard embodied by Rule G(5)."). To analyze good cause, earlier in this case the Court observed that "'[n]umerous courts have held'—in the analogous context where the Court extended the deadline for a late-filed claim—'that where putative

---

[1] The Honorable Royce C. Lamberth of the United States District Court for the District of Columbia granted final judgment in favor of the Henkin Claimants on June 18, 2024, in the matter captioned *Estate of Eitam Henkin, et al. v. The Islamic Republic of Iran, et al.*, Case No. 1:19-cv-01184. The names of each claimant (or initials of each minor claimant) are set forth in an attachment to the verification submitted herewith.

claimants have placed the court and the government on notice of their interest in the property and their intent to contest the forfeiture, courts will grant extensions of time, recognizing both the good-faith effort put forth and the lack of prejudice to the government under such circumstances.'" *Approximately 127,271 bitcoin* 2025, WL 3652955, at *1 (quoting *United States v. $175,918.00 in U.S. Currency*, 755 F. Supp. 630, 633 (S.D.N.Y. 1991)).

Good cause exists for extending the deadline for the Henkin Claimants to submit their claim. The Henkin Claimants did not receive direct notice of this forfeiture action from the United States despite the government's obligation under Rule G(4)(b)(i) to "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim[.]"[2] Nor was it clear from Government's complaint in this action that the assets at issue were traceable to the Iranian government. *See generally* ECF No. 1 (a lone reference in paragraph ¶ 16(u) to Iran as one of the locations across Asia where Lubian maintained bitcoin mining facilities). Without such notice, Counsel for the Henkin Claimants just recently learned about this cryptocurrency forfeiture proceeding and the case captioned *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, Civil Action No. 25-cv-07093 (E.D.N.Y.), a separate lawsuit in which the plaintiffs allege the cryptocurrency at issue in this matter is property of an agency or instrumentality of Iran called Iran and China Investment Development Group. Once counsel became aware of these claims, they acted promptly to submit their proposed verified claim in this matter. The Henkin Claimants therefore ask that the Court excuse any technical noncompliance with the procedural rules in light of their sufficient showing of interest in the cryptocurrency at issue. *See United States v. Premises & Real Prop. At 4492 S. Livonia Rd., Livonia, N.Y.*, 889 F.2d 1258, 1262 (2d Cir. 1989) ("When, as here, a claimant has made a sufficient showing of interest in the property through the filing with the court of a motion and accompanying affidavits, technical noncompliance with the procedural rules governing the filing of claims may be excused.").

No other parties will be prejudiced by allowing the Henkin Claimants to file their claim at this time. First, the Court has not adjudicated any substantive issues in this action. Second, the Court has previously extended the deadline for three other claimants to file their claims. *See* December 18, 2025 Order and December 29, 2025 Order. Finally, the U.S. government received timely notice of the existence of claims by other victims of Iranian terrorism, *see* ECF 29 and 30, whose claims are substantially identical to those of the Henkin Claimants.

We therefore respectfully request the Court permit the Henkin Plaintiffs to pursue collection on their judgment through the submission of their claim in this matter.

Respectfully submitted,

/s/ Melissa S. Fox
Melissa S. Fox

*Counsel for the Henkin Plaintiffs*

---

[2] Notably, the Henkin Claimants are approved claimants of the United States Victims of State Sponsored Terrorism ("USVSST") Fund administered by the U.S. Justice Department.