

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

February 13, 2026

**By ECF**

The Honorable Rachel P. Kovner
United States District Court Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**   *United States v. Approximately 127,271 Bitcoin ("BTC") previously stored at virtual currently addresses listed in Attachment A, and all proceeds traceable thereto,* No. 1:25-cv-05745

Dear Judge Kovner:

      We write on behalf of Claimants Steven M. Greenbaum, *et al.*, Carlos Acosta, *et al.*, Anna Beer, *et al.*, and Jason Kirschenbaum, *et al.* (collectively, "Claimants"). Claimants are all victims of Iranian-sponsored terrorism who hold unsatisfied compensatory damage judgments against the Islamic Republic of Iran. The Greenbaum Claimants' judgments arise from the murder of Judith Greenbaum, who was killed after a member of Hamas detonated a ten-pound bomb in a restaurant. *See Greenbaum v. Islamic Republic of Iran*, 451 F. Supp. 2d 90, 96 (D.D.C. 2006). The Acosta Claimants' judgment arises from the assassination of Rabbi Meir Kahane by a member of the terrorist group Al-Gam'aa Islamiyah, and a subsequent armed engagement between Carlos Acosta, a uniformed United States Postal police officer and the assassin. *See Acosta v. Islamic Republic of Iran*, 574 F. Supp. 2d 15, 20 (D.D.C. 2008). The Beer Claimants' judgment arises from the murder of Alan Beer, who was killed after another member of Hamas detonated a bomb on a public bus. *See Beer v. Islamic Republic of Iran*, 574 F. Supp. 2d 1, 6 (D.D.C. 2008). And likewise, the Kirschenbaum Claimants' judgment arises from yet another terrorist bombing carried out Hamas, which injured Jason Kirschenbaum's arm, leg, and back. *See Kirschenbaum v. Islamic Republic of Iran*, 572 F. Supp. 2d 200, 205-08 (D.D.C. 2008).

      Claimants write to join in the other requests pending before the Court and respectfully ask that they be granted an extension of time to file their attached verified claims to the Defendants *In Rem* at issue in this forfeiture proceeding. *See, e.g.*, ECF Nos. 66, 68, 73, 85, 106, 121, 124, 132, 160, 169, 188, 192, 211, 218. For the following reasons, Claimants' request should be granted.

      Claimants only recently learned about the Government's efforts to forfeit the Defendants *In Rem* through this action, as well as the factual allegations and evidentiary support submitted in

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante   Amsterdam   Baltimore   Beijing   Berlin   Birmingham   Boston   Brussels   Colorado Springs   Denver   Dubai   Dublin   Dusseldorf   Frankfurt   Hamburg   Hanoi   Ho Chi Minh City   Hong Kong   Houston   London   Los Angeles   Luxembourg   Madrid   Mexico City   Miami   Milan   Minneapolis   Monterrey   Munich   New York   Northern Virginia   Paris   Philadelphia   Riyadh   Rome   San Francisco   São Paulo   Shanghai   Silicon Valley   Singapore   Tokyo   Washington, D.C.   For more information see www.hoganlovells.com.

*Fritz v. Iran & China Investment Development Group, d/b/a Lubian.com*, Case No. 1:25-cv-07093 (E.D.N.Y.). Based on the allegations and evidence submitted in the *Fritz* case, Claimants only recently discovered that the Defendant *In Rem* is owned by an agency or instrumentality of Iran—specifically, the Iran and China Investment Development Group. Promptly upon discovering this information, Claimants filed the instant application seeking leave to file their verified claims establishing their superior right, title, and interest to the Defendant Property. As described in detail in the pleadings in the *Fritz* case, Iran has acted through the Iran and China Development Group to engage in a massive cryptocurrency-mining operation to obtain Bitcoin, evade U.S. sanctions, and frustrate judgment creditors efforts to enforce their judgments against Iran.

Under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (2002) (28 U.S.C. § 1610 Note), Claimants are entitled to execute on the Defendants *In Rem* to satisfy their compensatory damages judgments because the Defendants *In Rem* are "blocked assets" of an agency or instrumentality of a terrorist party. *See* TRIA § 201(a); *see also Kirschenbaum v. Assa Corp.*, 934 F.3d 191, 199 (2d Cir. 2019) (defining agency or instrumentality). Moreover, because the TRIA applies "[n]otwithstanding any other provision of law," Claimants have an interest in the Defendants *In Rem* that is superior to the United States' efforts to seek forfeiture of the same property. TRIA § 201(a); *see also Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428, 432 (D.C. Cir. 2023) (TRIA's notwithstanding clause "clearly requires courts to disregard other statutory provisions that conflict with the scope of the TRIA").

Further, there is good cause for extending Claimants' deadline to submit their claims to the Defendant Property. *See* Supp. Fed. R. Civ. P. G(5)(a)(ii). Here, the connection between Iran and the Defendant Property was not ready apparent, there have been no substantive adjudication of any relevant issues bearing on Claimants' claims, no party will be prejudiced by allowing Claimants to file their claims, and several other parties also have pending motions to extend their time to file claims. In addition, although they are known to the United States as victims of Iran-sponsored terrorism who have sought to execute on Iranian-owned property like the Defendants *In Rem*, the Claimants were not provided direct notice of this forfeiture proceeding. Under these circumstances, good cause exists and Claimants' motion should be granted. *See United States v. Approximately 127,271 bitcoin previously stored at virtual currency addresses listed in Attachment A*, No. 1:25-CV-05745-RPK, 2025 WL 3652955, at *1 (E.D.N.Y. Dec. 11, 2025); *see also United States v. Premises & Real Prop. at 4492 S. Livonia Rd., Livonia, N.Y.*, 889 F.2d 1258, 1262 (2d Cir. 1989).

Respectfully submitted,

/s/ Patrick N. Petrocelli

Patrick N. Petrocelli

Partner
patrick.petrocelli@hoganlovells.com
D (212) 918.3134