UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants *In Rem*. | Civil Action No. 1:25-cv-05745-RPK |

## VERIFIED CLAIM

The Greenbaum Claimants, Acosta Claimants, Beer Claimants, and Kirschenbaum Claimants (collectively, "Claimants"), hereby submit this verified claim pursuant to Rule G(5) of the Supplemental Rules for Admiralty for Maritime Claims and Asset Forfeiture Actions, and to assert an interest in the "Defendants *In Rem*," as that term is defined in the United States' Verified Complaint *In Rem* filed with this Court on October 14, 2025, as well as all property or interests in property derived from or traceable to the Defendants *In Rem*. ECF No. 1.[1] This verified claim is

---

[1] The "Greenbaum Claimants" are Alan Hayman, as Personal Representative of the Estate of Shirlee Hayman; Alan Hayman; and Steven M. Greenbaum. The "Acosta Claimants" are Carlos Acosta, as Fiduciary for the Estate of Maria Acosta; Carlos Acosta; Elizabeth Rich, as Executrix for the Estate of Irma Franklin; Elizabeth Rich, as Executrix for the Estate of Irving Franklin; Libby Kahane; Meir David Kahane, as Administrator for the Estate of Binyamin Kahane; Moshe Daniel Kaplan, as Administrator of the Estate of Cipporah Kaplan; Norman Kahane; Shulamit Dopelt, as Executor of the Estate of Sonya Kahane; Tova Ettinger; and Baruch Kahane. The "Beer Claimants" are Harry Beer, as Personal Representative of the Estate of Alan Beer; Harry Beer, as Administrator for the Estate of Anna Beer; Harry Beer; Estelle Carroll; and Phyllis Maisel. The "Kirschenbaum Claimants" are Jason Kirschenbaum; David Kirschenbaum; Isabelle Kirschenbaum, as Executrix for the Estate of Martin Kirschenbaum; Isabelle Kirschenbaum; Joshua Kirschenbaum; and Danielle Teitlebaum.

based on the personal knowledge of Claimants' counsel, information contained on the public docket in this action, information contained on the public dockets in the United States District Court for the District of Columbia, and information contained on the public docket in the action styled *Fritz v. Iran & China Investment Development Group, d/b/a Lubian.com*, Case No. 1:25-cv-07093 (E.D.N.Y.) ("*Fritz*").[2] Claimants' interests in the Defendants *In Rem* are described as follows:

## BACKGROUND

1.   Claimants hold judgments against the Islamic Republic of Iran ("Iran") for Iran's role in assisting various terrorist acts that injured Claimants.

2.   The "Greenbaum Judgment" was entered by the United States District Court for the District of Columbia on August 31, 2006. Judgment, *Greenbaum v. Islamic Republic of Iran*, Civil Action No. 1:02-cv-02148-RCL, Dkt. No. 31 (D.D.C. Aug. 31, 2006). The Greenbaum Judgment was revived on April 12, 2019. Order, *Greenbaum v. Islamic Republic of Iran*, Civil Action No. 1:02-cv-02148-RCL, Dkt. No. 57 (D.D.C. Apr. 12, 2019).

3.   The "Acosta Judgment" was entered by the United States District Court for the District of Columbia on August 26, 2008. Judgment, *Acosta v. Islamic Republic of Iran*, Civil Action No. 1:06-cv-00745-RCL, Dkt. No. 34 (D.D.C. Aug. 26, 2008). The Acosta Judgment was revived on July 24, 2020. Order, *Acosta v. Islamic Republic of Iran*, Civil Action No. 1:06-cv-00745-RCL, Dkt. No. 61 (D.D.C. July 24, 2020).

4.   The "Beer Judgment" was entered by the United States District Court for the District of Columbia on August 26, 2008. Judgment, *Beer v. Islamic Republic of Iran*, Civil Action

---

[2] Citations to "ECF No." are to documents filed in this action. Citations to "*Fritz* ECF No." are to documents filed in the *Fritz* action.

No. 1:06-cv-00473-RCL, Dkt. No. 29 (D.D.C. Aug. 26, 2008). The Judgment was revived on July 24, 2020. Order, *Beer v. Islamic Republic of Iran*, Civil Action No. 1:06-cv-00473-RCL, Dkt. No. 60 (D.D.C. July 24, 2020).

5. The "Kirschenbaum Judgment" was entered by the United States District Court for the District of Columbia on August 26, 2008. Judgment, *Kirschenbaum v. Islamic Republic of Iran*, Civil Action No. 1:03-cv-01708-RCL, Dkt. No. 31 (D.D.C. Aug. 26, 2008). The Kirschenbaum Judgment was revived on July 24, 2020. Order, *Kirschenbaum v. Islamic Republic of Iran*, Civil Action No. 1:03-cv-01708-RCL, Dkt. No. 62 (D.D.C. July 24, 2020).

6. As used herein, the term "Judgments" refers collectively to the Greenbaum Judgment, the Acosta Judgment, the Beer Judgment, and the Kirschenbaum Judgment.

7. The Judgments were entered against Iran and are based on claims for which Iran is not immune under section 1605A or 1605(a)(7) (as such section was in effect on January 27, 2008) of title 28, United States Code. *See Greenbaum v. Islamic Republic of Iran*, 451 F. Supp. 2d 90, 101 (D.D.C. 2006); *Acosta v. Islamic Republic of Iran*, 574 F. Supp. 2d 15 (D.D.C. 2008); *Beer v. Islamic Republic of Iran*, 574 F. Supp. 2d 1 (D.D.C. 2008); *Kirschenbaum v. Islamic Republic of Iran*, 572 F. Supp. 2d 200 (D.D.C. 2008).

8. The Greenbaum Judgment awarded the Greenbaum Claimants $19,879,023 in compensatory damages. The Greenbaum Judgment remains outstanding. Specifically, after accounting for post-judgment interest and reducing for recoveries obtained to date, as of January 31, 2026, the Greenbaum Claimants are entitled to compensatory damages of at least $28,646,750.46. The Greenbaum Claimants are also entitled to additional post-judgment interest on the Greenbaum Judgment, which continues to accrue pursuant to 28 U.S.C. § 1961.

9. The Acosta Judgment awarded the Acosta Claimants $50,172,000 in compensatory damages. The Acosta Judgment remains outstanding. Specifically, after accounting for post-judgment interest and reducing for recoveries obtained to date, as of January 31, 2026, the Acosta Claimants are entitled to compensatory damages of at least $26,443,142.05. The Acosta Claimants are also entitled to additional post-judgment interest on the Acosta Judgment, which continues to accrue pursuant to 28 U.S.C. § 1961.

10. The Beer Judgment awarded the Beer Claimants $13,000,000 in compensatory damages. The Beer Judgment remains outstanding. Specifically, after accounting for post-judgment interest and reducing for recoveries obtained to date, as of January 31, 2026, the Beer Claimants are entitled to compensatory damages of at least $10,959,144.55. The Beer Claimants are also entitled to additional post-judgment interest on the Beer Judgment, which continues to accrue pursuant to 28 U.S.C. § 1961.

11. The Kirschenbaum Judgment awarded the Kirschenbaum Claimants $13,750,000 in compensatory damages. The Kirschenbaum Judgment remains outstanding. Specifically, after accounting for post-judgment interest and reducing for recoveries obtained to date, as of January 31, 2026, the Kirschenbaum Claimants are entitled to compensatory damages of at least $11,648,820.92. The Kirschenbaum Claimants are also entitled to additional post-judgment interest on the Kirschenbaum Judgment, which continues to accrue pursuant to 28 U.S.C. § 1961.

## **CLAIMANT'S INTERESTS IN THE DEFENDANTS *IN REM***

12. Claimants' interests in the Defendants *In Rem* are based on the Judgments and section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. 107-297, Title II, § 201, 116 Stat. 2337, 2339 (28 U.S.C. § 1610 note).

13. Section 201(a) of the TRIA states:

4

> Notwithstanding any other provision of law, and except as provided in subsection (b) [of this note], in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605A or 1605(a)(7) (as such section was in effect on January 27, 2008) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

14. All of the requirements of Section 201(a) of TRIA are satisfied. Accordingly, Claimants are entitled to satisfy the Judgments with the Defendants *In Rem*.

15. First, Iran is a "terrorist party" under the TRIA because Iran is, and has been since 1984, "a foreign state designated as a state sponsor of terrorism." TRIA § 201(d)(4); *see also* Determination Pursuant to Section 6(i) of the Expert Administration Act of 1979—Iran, 49 Fed. Reg. 2836-02 (Jan. 23, 1984).

16. Second, as detailed above, the Judgments were obtained against Iran on claims for which Iran was not immune under section 1605A or 1605(a)(7) (as such section was in effect on January 27, 2008) of title 28, United States Code.

17. Third, Claimants are seeking the satisfy the Judgments, which are awards of compensatory damages for which Iran has been adjudged liable.[3]

18. Fourth, the Defendants *In Rem* are blocked assets of Iran's or of an agency or instrumentality of Iran.

19. The Defendants *In Rem* are subject to forfeiture (a) under "18 U.S.C. § 981(a)(1)(C), as property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, or a conspiracy to commit such offense, in violation

---

[3] Some Claimants also obtained punitive damage awards as part of their Judgments.

5

of 18 U.S.C. § 1349"; or (b) under "18 U.S.C. § 981(a)(1)(A), as property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, or property traceable to such property, or a conspiracy to commit such offense." ECF No. 1 ¶ 2. The government specifically alleges that the Defendants *In Rem* were involved in or derived from money-laundering operations conducted by Chen Zhi and Prince Holding Group, an alleged front for Chen's transnational criminal organization. *Id.* ¶¶ 20, 38-43.

20. One scheme relied on by the government in seeking forfeiture of the Defendants *In Rem* involved using stolen cryptocurrency to fund a "large-scale cryptocurrency mining operation[]" called "Lubian," which was "the sixth largest bitcoin mining operation in the world," and which produced "large sums of clean bitcoin dissociated from criminal proceeds." *Id.* ¶ 42.

21. According to the government, "Lubian was a Chinese bitcoin mining operation that maintained bitcoin mining facilities across Asia, including in China and Iran." *Id.* ¶ 16(u).

22. Based on information Claimants only recently learned, the Defendants *In Rem* are directly tied to Iran, which was not otherwise clear from the Verified Complaint filed by the government in this action.

23. On December 26, 2025, other victims of Iran's state-sponsored terrorism commenced a separate action alleging that LuBian was the cryptocurrency mining pool for the Iran and China Investment Development Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist Iran's longstanding efforts to evade U.S. sanctions. *See generally Fritz*, ECF No. 1.

24. Accordingly, based on the allegations in the *Fritz* action, the Iran and China Investment Development Group is an agency or instrumentality of Iran within the meaning of the TRIA because it "(1) was a means through which a material function of [Iran] is accomplished,

6

(2) provided material services to, on behalf of, or in support of [Iran], or (3) was owned, controlled, or directed by [Iran]." *Kirschenbaum v. 650 Fifth Ave. & Related Props.*, 830 F.3d 107, 135 (2d Cir. 2016); *see also Kirschenbaum v. Assa Corp.*, 934 F.3d 191, 198 (2d Cir. 2019); *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 732 (11th Cir. 2014).

25.     As for the requirement that the Defendants *In Rem* are "blocked assets," that requirement is also satisfied here. The TRIA defines "blocked assets" as "any asset seized or frozen by the United States" under certain executive orders or regulations. TRIA § 201(d)(2)(A); *see also Estate of Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9, 18 n.6 (D.D.C. 2011). At the very least, the Defendants *In Rem* have been seized or frozen under Executive Order 13,599 and its related regulations. Under Executive Order 13,599 and its related regulations, all of Iran's property, including the property of its agencies and instrumentalities, is blocked. *See* Blocking Property of the Government of Iran and Iranian Financial Institutions, 77 Fed. Reg. 6659, § 1(a) (Feb. 5, 2012); *see also* 31 C.F.R. Part 560. Accordingly, the Defendants *In Rem* are blocked assets within the meaning of the TRIA.

26.     Finally, to the extent some other provision of law conflicts with the scope of the TRIA, *see, e.g.*, 18 U.S.C. § 983(d)(6)(B)(i), the "notwithstanding" clause in section 201(a) of the TRIA operates such "that the TRIA prevails over [any such] conflicting provisions of law." *Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428, 433 (D.C. Cir. 2023).

*     *     *

27.     For all the reasons stated above, Claimants have a legally cognizable interest in, and valid claims to, so much of the Defendants *In Rem* as are necessary to fully satisfy the Judgments. Claimants' rights to, titles to, and interests in the Defendants *In Rem* are superior to any right to, title to, or interest in the Defendants *In Rem* held by the United States or any other party in interest. Accordingly, Claimants are entitled to so much of the Defendants *In Rem* as is necessary to fully satisfy the outstanding amounts of the Judgments at the time of execution, in an amount to be determined at the time of execution and in no event less than the existing outstanding amounts of the Judgments, as set forth above.

| | |
|---|---|
| New York, New York | Respectfully submitted, |
| | /s/ Patrick N. Petrocelli |
| | James L. Bernard |
| | Patrick N. Petrocelli |
| | HOGAN LOVELLS US LLP |
| | 390 Madison Avenue |
| | New York, NY 10017 |
| | Tel.: (212) 918-3000 |
| | Fax: (212) 918-3100 |
| | james.bernard@hoganlovells.com |
| | patrick.petrocelli@hoganlovells.com |
| | |
| | *Counsel for the Greenbaum Claimants, the Acosta Claimants, the Beer Claimants, and the Kirschenbaum Claimants* |

**VERIFICATION**

Patrick N. Petrocelli, an attorney duly licensed to practice law before the Courts of the State of New York and this Court, declares under penalties of perjury under 28 U.S.C. § 1746 as follows:

1. I am a partner in the law firm Hogan Lovells US LLP, counsel to (a) Alan Hayman, as Personal Representative of the Estate of Shirlee Hayman; Alan Hayman; and Steven M. Greenbaum (the "Greenbaum Claimants"); (b) Carlos Acosta, as Fiduciary for the Estate of Maria Acosta; Carlos Acosta; Elizabeth Rich, as Executrix for the Estate of Irma Franklin; Elizabeth Rich, as Executrix for the Estate of Irving Franklin; Libby Kahane; Meir David Kahane, as Administrator for the Estate of Binyamin Kahane; Moshe Daniel Kaplan, as Administrator of the Estate of Cipporah Kaplan; Norman Kahane; Shulamit Dopelt, as Executor of the Estate of Sonya Kahane; Tova Ettinger; and Baruch Kahane (the "Acosta Claimants"); (c) Harry Beer, as Personal Representative of the Estate of Alan Beer; Harry Beer, as Administrator for the Estate of Anna Beer; Harry Beer; Estelle Carroll; and Phyllis Maisel (the "Beer Claimants"); and (d) Jason Kirschenbaum; David Kirschenbaum; Isabelle Kirschenbaum, as Executrix for the Estate of Martin Kirschenbaum; Isabelle Kirschenbaum; Joshua Kirschenbaum; and Danielle Teitlebaum (the "Kirschenbaum Claimants").

2. All the statements contained herein and in the foregoing Verified Claim are based on my personal knowledge; reflected in the official dockets of this Court and the United States District Court for the District of Columbia; and/or based on the laws, Executive Orders, and regulations of the United States.

3. All the statements contained herein and in the foregoing Verified Claim are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 13, 2026, in New York, New York.

                                          Patrick N. Petrocelli