**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
UNITED STATES OF AMERICA,                          :
:
Plaintiff,           :
:
-against-                   :          No. 1:25-cv-05745-RPK
:
APPROXIMATELY 127,271 BITCOIN ("BTC")   :          JURY TRIAL
PREVIOUSLY STORED AT THE VIRTUAL        :          DEMANDED
CURRENCY ADDRESSES LISTED IN            :
ATTACHMENT A, AND ALL PROCEEDS          :
TRACEABLE THERETO,                       :
:
Defendants In Rem.        :
:
--------------------------------------------------------------- x

## CHRISTIE AND GRATION  CLAIMANTS' ANSWER

Pursuant to Rule G(5)(b) of the Federal Rules of Civil Procedure, the Christie and

Gration Claimants, as previously listed and named in Doc. No. 146-1, hereby answer[1] through

their undersigned counsel the Complaint (Doc. No. 1) of Plaintiff the United States of America

("Government") against the in rem Defendants ("Defendant Assets") as follows, on personal

knowledge as to their own acts and on information and belief as to all other matters:

### NATURE OF THE ACTION

1.      The Christie and Gration Claimants admit the allegations in Paragraph 1, but deny that

the United States has any right, title, or interest in the Defendant Assets that is superior to the right,

title, or interest of the Christie and Gration Claimants in the Defendant Assets. To the contrary, by

operation of the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610 note, the Christie and

Gration Claimants as judgment creditors of the Islamic Republic of Iran hold an interest in the

Defendant Assets superior to the claims of the Government, as well as all other non-TRIA claimants in

---

[1] The Christie & Gration Claimants reserve all of their rights to amend this Answer and/or to assert in the future
appropriate counterclaims and cross-claims.

the forfeiture action here.

2.      This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Christie and Gration Claimants deny that any of the authorities referenced in Paragraph 2 confer on the United States any right, title or interest in the Defendant Assets that is superior to the right, title or interest of the Christie and Gration Claimants in the Defendant Assets.

<strong>JURISDICTION AND VENUE</strong>

3.      This paragraph contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the Christie and Gration Claimants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4.      This paragraph contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegation that acts and omissions giving rise to the forfeiture accrued in the Eastern District of New York.

<strong>THE DEFENDANTS IN REM</strong>

5.      Admitted in part, denied in part. The Christie and Gration Claimants admit that the Defendants In Rem consist of the Defendant Assets as identified in this paragraph and all proceeds traceable thereto. The Christie and Gration claimants further admit the Defendant Assets are the 127,271 Bitcoin that were previously stored at the addresses listed in Attachment A to the Verified Complaint. However, the Christie and Gration Claimants specifically deny that the Defendant Assets are the property of the Government. To the contrary, the Defendant Assets are the property of the Iran and China Investment Development Group ("Iran-China Group"), a joint venture between the underlying criminal defendants and the Islamic Revolutionary Guard Corps, doing business as LuBian and

2

mining the blockchain as Lubian.com, that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjani, Iran to assist that country's longstanding efforts to evade sanctions imposed by the United States and other countries.

6.      The Christie and Gration Claimants admit the allegations in Paragraph 6.

## RELEVANT STATUTES AND REGULATIONS

### A.    Wire Fraud

7.      This paragraph characterizes a statute that speaks for itself, and no response is required.

8.      This paragraph characterizes a statute that speaks for itself, and no response is required.

### B.    Money Laundering

9.      This paragraph characterizes a statute that speaks for itself, and no response is required.

10.     This paragraph characterizes a statute that speaks for itself, and no response is required.

11.     This paragraph characterizes a statute that speaks for itself, and no response is required.

12.     This paragraph characterizes and purports to quote a statute that speaks for itself, and no response is required.

### C.    Forfeiture Statutes

13.     This paragraph characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the Christie and Gration Claimants deny that any of the statutory authorities referenced in Paragraph 13 confer on the United States any right, title, or interest in the Defendant Assets that is superior to the right, title, or interest of the Christie and

3

Gration Claimants in the Defendant Assets To the contrary, by operation of the TRIA, the Christie and Gration Claimants as judgment creditors of the Islamic Republic of Iran hold an interest in the Defendant Assets superior to the claims of the Government, as well as all other non-TRIA claimants in the forfeiture action here.

14.    This paragraph characterizes a statute that speaks for itself, and no response is required.  To the extent a response is required, the Christie and Gration Claimants deny that any of the statutory authorities referenced in Paragraph 14 confer on the United States any right, title, or interest in the Defendant Assets that is superior to the right, title, or interest of the Christie and Gration Claimants in the Defendant Assets. To the contrary, by operation of TRIA, the Christie and Gration Claimants as judgment creditors of the Islamic Republic of Iran hold an interest in the Defendant Assets superior to the claims of the Government, as well as all other non-TRIA claimants in the forfeiture action here.

**FACTS**

### A.    Introduction

15.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 15.

### B.    Relevant Individuals and Entities

16.    The Christie and Gration Claimants admit that the Iran-China Group, through Lubian, maintained a bitcoin mining facility in Iran. The Christie and Gration Claimants specifically deny that "Lubian was a Chinese bitcoin mining operation that maintained bitcoin mining facilities across Asia, including China." To the contrary, the Defendant Assets are the property of the Iran-China Group, a joint venture between the underlying criminal defendants and the Islamic Revolutionary Guard Corps, doing business as LuBian and mining the blockchain as Lubian.com, that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran

to assist that country's longstanding efforts to evade sanctions imposed by the United States and other countries. The Christie and Gration Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 16, including subsections (a) through (t) and (v) through (y).

### C.    Relevant Terms and Definitions

17.    Admitted in part. The Christie and Gration Claimants admit the allegations in subsections (d) through (l) of this paragraph. The Christie and Gration claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 17, including subsections (a) through (c).

### D.    The Criminal Schemes

#### i.    Background

18.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 18.

19.    This paragraph purports to quote a document that speaks for itself, and no response is required. The Christie and Gration Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 19.

20.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 20.

#### ii.    The Fraud Schemes

21.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 21.

##### a.    The Scam Compounds

22.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 22.

23.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 23.

24.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 24.

25.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 25.

26.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 26.

**b.    The Use of Bribes and Violence in Furtherance of the Schemes**

27.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 27.

28.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 28.

29.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 29.

30.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 30.

31.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 31.

**c.    The Brooklyn Network**

32.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 32.

33.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 33.

34.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny

the allegations in Paragraph 34.

35.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 35.

36.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 36.

37.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 37 and Footnote 2.

### iii.    The Money Laundering Schemes

38.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 38.

39.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 39.

40.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 40 and Footnote 3.

41.    Footnote 4 purports to quote a document that speaks for itself, and no response is required. The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 41.

42.    Admitted in part, denied in part. The Christie and Gration Claimants admit that the Iran-China Group doing business as LuBian operated a Bitcoin mining facility that "produced large sums of clean bitcoin dissociated from criminal proceeds" and this was the sixth largest Bitcoin mining operation in the world at one time. The Christie and Gration Claimants specifically deny that Lubian was based in China, and that Lubian's "profit is considerable because there is no cost – that is, the operating capital for the business comprised money stolen from Prince Group's many victims." To the contrary, the Defendant Assets are the property of the Iran-China Group, a joint

venture between the underlying criminal defendants and the Islamic Revolutionary Guard Corps, doing business as LuBian and mining the blockchain as Lubian.com, that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade sanctions imposed by the United States and other countries. The profit was considerable and there was no costs because the electricity was provided at no cost by the Islamic Revolutionary Guard Corps at no cost with the assent of the Supreme Leader, Ayatollah Ali Khamenei. The Christie and Gration Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 42.

43.     Denied in part. The Christie and Gration Claimants deny any implication or assertion that the wallets containing the Defendant Assets were exclusively controlled by Chen. To the contrary, the wallets were controlled by the Iran-China Group and some, or all, of the Defendant Assets were mined by the Islamic Revolutionary Guard Corps as part of a scheme to evade sanctions imposed by the United States and other countries. The Christie and Gration claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 43 and Footnote 5.

**E.     The Defendants In Rem**

44.     The Christie and Gration Claimants admit the allegations in Footnote 7 and that the Government is seeking to forfeit Bitcoin that was stored at the various cryptocurrency addresses identified in the table following Paragraph 44. The Christie and Gration Claimants deny that the table following Paragraph 44 accurately identifies the amount of Bitcoin stored at each address in December 2020, provides a complete list of all addresses containing the Iran-China Group's Bitcoin in December 2020, or identifies all of the Bitcoin owned by the Iran-China Group that is currently in the Government's possession. The Christie and Gration Claimants also deny that the Defendant Assets comprise solely the proceeds of Chen's fraud

"packaged as heavily laundered cryptocurrency." At least 11,166.51 BTC of the Defendant Assets are directly traceable to Bitcoin mined by the Iran-China Group's Rafsanjani mine, and all of the Defendant Assets constituted the Iran-China Group's pool-level reserve of Bitcoin, which was controlled by the Iran-China Group doing business as LuBian. Further, some, or all, of the Defendant Assets were mined by Iran, through the Iran-China Group doing business as LuBian, as part of a scheme to evade sanctions imposed by the United States and other countries. The Christie and Gration Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 44 and Footnote 6.

45.    Admitted in part. The Christie and Gration Claimants admit that at least some of the cryptocurrency addresses were "funded by...cryptocurrency mining, including addresses associated with Lubian." The Christie and Gration Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 45 and Footnote 8.

46.    The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 46 and the included table of cluster indexes.

47.    Admitted in part. The Christie and Gration Claimants admit that the four cryptocurrency wallet addresses listed in Cluster Index-4 as described in subsection (d) and Footnote 9 of Paragraph 47 were associated with the Iran-China Group doing business as LuBian and were funded at least in part using the newly mined proceeds of the Iran-China Group's Bitcoin mining operations. The Christie and Gration Claimants deny any implication that the other cryptocurrency wallet addresses described in subsections (a) through (c) and (e) through (m) of Paragraph 47 were not associated with the Iran-China Group doing business as LuBian. To the contrary, all of the wallets described in Paragraph 47 were held by the Iran-China Group doing business as LuBian. On information and belief, the Christie and Gration Claimants also deny that Paragraph 47 accurately identifies the total amount of Bitcoin stored at the address(es)

constituting each Cluster in December 2020. The Christie and Gration Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 47 and Footnote 9, including subparagraphs (a) through (m).

48.     Denied in part. The Christie and Gration Claimants deny that all of the Defendant Assets went "through a process of high-volume disaggregation and funneling" "across a complex network of hosted and unhosted cryptocurrency wallets" "before it ultimately converged into the Chen wallets," as at least some of the Defendant Assets were Bitcoin that was newly mined by the Iran-China Group doing business as LuBian. The Christie and Gration Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 48.

49.     The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 49.

50.     The Christie and Gration Claimants admit that the Defendant Assets encompasses Bitcoin directly traceable to cryptocurrency that was newly mined by the Iran-China Group doing business as LuBian, though the Christie and Gration Claimants calculate that number as encompassing at least 11,166.51 BTC. The Christie and Gration Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 50 and the following graphic.

51.     The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 51.

52.     The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 52.

53.     The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 53.

54.     The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 54.

55.     The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 55, including subsections (a) through (g).

56.     The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 56.

57.     The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 57.

58.     Admitted in part. On information and belief, the Christie and Gration Claimants admit that the Defendant Assets are in the possession of the United States. The Christie and Gration Claimants are without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 58.

### F.     Criminal and Regulatory Actions

59.     On information and belief, the Christie and Gration Claimants admit the allegations in Paragraph 59, but they deny any implication that they need a license from the United States Department of the Treasury's Office of Foreign Assets Control to attach and execute against the Defendant Assets under the TRIA.

### FIRST CLAIM FOR RELIEF
### (Proceeds Traceable to Wire Fraud)

60.     The Christie and Gration Claimants incorporate and reallege each and every response to Paragraphs 1 through 59 set forth above as though set forth in full here.

61.     Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, the Christie and Gration Claimants deny that any of the allegations in Paragraph 61 confer on the United States any right, title, or interest in

the Defendant Assets that is superior to the right, title, or interest of the Christie and Gration Claimants in the Defendant Assets.

62.      Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, the Christie and Gration Claimants deny that any of the allegations in Paragraph 62 confer on the United States any right, title, or interest in the Defendant Assets that is superior to the right, title, or interest of the Christie and Gration Claimants in the Defendant Assets. To the contrary, by operation of TRIA, the Christie and Gration Claimants as judgment creditors of the Islamic Republic of Iran hold an interest in the Defendant Assets superior to the claims of the Government, as well as all other non-TRIA claimants in the forfeiture action here.

## SECOND CLAIM FOR RELIEF
### (Property Involved in Money Laundering)

63.      The Christie and Gration Claimants incorporate and reallege each and every response to Paragraphs 1 through 62 set forth above as though set forth in full here.

64.      This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Christie and Gration Claimants deny that any of the allegations in Paragraph 64 confer on the United States any right, title, or interest in the Defendant Assets that is superior to the right, title, or interest of the Christie and Gration Claimants in the Defendant Assets.

65.      This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Christie and Gration Claimants deny that any of the allegations in Paragraph 65 confer on the United States any right, title, or interest in the Defendant Assets that is superior to the right, title, or interest of the Christie and Gration Claimants in the Defendant Assets. To the contrary, by operation of TRIA, the Christie and

Gration Claimants as judgment creditors of the Islamic Republic of Iran hold an interest in the Defendant Assets superior to the claims of the Government, as well as all other non-TRIA claimants in the forfeiture action here.

## AFFIRMATIVE AND OTHER DEFENSES

The defenses asserted herein are based on the Christie and Gration Claimants' knowledge, information, and belief at this time. The Christie and Gration Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Complaint except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the government's claims, the Christie and Gration Claimants assert the following affirmative and other defenses:

1.      The Defendant Assets were "blocked" by operation of law under Executive Order 13599 as soon as it entered the United States.

2.      The Defendant Assets are a blocked asset of a terrorist party within the meaning of the TRIA, namely Iran and/or Iran's agency or instrumentality the Iran-China Group.

3.      The Christie and Gration Claimants, as judgment creditors of the Islamic Republic of Iran, by operation of the TRIA, hold an interest in the Defendant Assets superior to the claims of the Government, as well as all other non-TRIA claimants, in the forfeiture action here.

4.      The Christie and Gration Claimants are entitled under TRIA to attach and execute upon the Defendant Assets because they have unsatisfied judgments against Iran based on acts of terrorism for which Iran is legally responsible.

13

5.      The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. Because of their claim under TRIA, the Christie and Gration Claimants have a property interest in the Defendant Assets governed by the Fifth Amendment. As a result, forfeiting the Defendant Assets to the government without "due process of law" would violate the Christie and Gration Claimants' rights under the Fifth Amendment.

6.      The Fifth Amendment also provides "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Because of the Christie and Gration Claimants' property interest in the Defendant Assets, forfeiting that property to the government would result in a taking of their property without just compensation.

7.      The Christie and Gration Claimants deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

**WHEREFORE**, the Christie and Gration Claimants demand judgment recognizing their right to execute and levy on the Defendant Assets to the full amount of their unsatisfied judgments against the Islamic Republic of Iran and denying the relief requested by the Government to the extent inconsistent with that.

## JURY DEMAND

The Christie and Gration Claimants demand a trial by jury on all issues triable by jury.

14

Dated: February 20, 2026    Respectfully submitted,


          */s/ John W. Brewer*
          John W Brewer
          Avery Samet
          AMINI LLC
          131 W 35th Street, Floor 12
          New York, NY  10001
          Tel: (212) 490-4700
          jbrewer@aminillc.com
          asamet@aminillc.com

          *Attorneys for the Christie and Gration Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2026, I electronically filed the foregoing Gold Star Claimants' Answer to Verified Complaint In Rem via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including the attorneys for the Government, in the above-captioned matter.

/s/ John W. Brewer
John W Brewer
AMINI LLC
131 W 35th Street, Floor 12
New York, NY  10001
Tel: (212) 490-4700
jbrewer@aminillc.com