**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK**

Connie Wilson, Claimant, v. UNITED STATES OF AMERICA, Respondent.

Case No: 1:25-cv-05745 (RK)

**SUPPLEMENTAL DECLARATION OF CONNIE WILSON IN SUPPORT OF MOTION FOR RETURN OF PROPERTY AND AWARD OF CAFRA FEES (28 U.S.C. § 2465)**

I, Connie Wilson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. Statutory Exemption Under 38 U.S.C. § 5301: While the Court's Order of February 6, 2026, analyzed my request under "Substantial Hardship," these funds are governed by an absolute federal mandate. Under 38 U.S.C. § 5301, Veterans' benefits are strictly exempt from "attachment, levy, or seizure by or under any legal or equitable process whatever". My spouse is a 100% disabled Purple Heart veteran, and the Government lacks the statutory authority to maintain a seizure of these protected family support benefits.

2. **Rebuttal to Government's "Dissipation" Argument:** The Government has characterized the need to pay medical bills and debt as a "risk of dissipation". This is an inaccurate characterization of the purpose of VA benefits, which is the "maintenance and support" of the veteran and their family. Furthermore, this seizure forced the liquidation of an IRA that was generating a 44% annual yield. This is not "dissipation"; it is the catastrophic loss of a high-performance growth engine essential for the long-term survival of a disabled veteran and his household.

3. **Documented Cessation of Investigation (Fall 2025):** Following the Fall of 2025, all investigatory communication from Special Agent Tiffany Loar (USSS) ceased. This occurred despite my proactive attempts to provide forensic leads. This silence forced me to conduct a 2,000-hour independent forensic audit to protect my household and prove the source of funds.

4. **Factual Impossibility and Failure of Traceability:** The Government's seizure is based on conduct alleged to have occurred in 2024. However, the funds in question consist of Schwab wires deposited between January and May 2025. It is forensically impossible for funds deposited in 2025 to be "proceeds" of 2024 conduct. Furthermore, Special Agent Tiffany Loar stated she could not trace these funds to the groups under investigation.

5. **Real-Time Forensic Evidence Provided to Government:** I personally informed Agent Loar that I was observing "live" money movement and "dusting" transactions

    in real-time. I provided the specific digital trail, including IP addresses and blockchain hits, that identified the active deception.

6. **Untimely Service and Condition of Notice:** Due to the physical condition of the correspondence received on February 20, 2026—which arrived in a saturated state that compromised the legibility of the pages—Claimant was required to manually separate the documents to review the Court's February 6th Order. This procedural delay, combined with the delivery after the February 13th deadline, has impacted the Claimant's ability to provide a more immediate response.

+1

7. **Itemized Damages for Illegal Detention:** The Government's failure to comply with the February 13, 2026, deadline has caused the following damages under CAFRA (28 U.S.C. § 2465):

    - **Principal Sum:** $805,805.24.
    - **Statutory Interest:** $10,097.64 (as of Feb 17, 2026) plus $80.14 per day thereafter.
    - **Actual Damages:** $5,216.83 in HELOC interest and $770.90 in late penalties.
    - **Irreparable Injury:** Permanent loss of a 44% annual investment yield due to forced liquidation of retirement funds.
    - **Litigation Costs:** Reasonable costs for 2,000 hours of forensic labor performed by Claimant.

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:** February 23, 2026

**/s/ Connie Wilson Connie Wilson, Claimant**

---

**PROPOSED ORDER FOR RETURN OF PROPERTY AND AWARD OF CAFRA DAMAGES**

**UPON CONSIDERATION** of the Motion and the Government's continued failure to comply with the Court-ordered deadline of February 13, 2026;

**AND UPON FURTHER CONSIDERATION** of the documented delays and physical condition of notice provided to the Claimant;

**IT IS HEREBY ORDERED** that the United States shall return to the Claimant the principal sum of **$805,805.24** via Electronic Fund Transfer (EFT) into the Claimant's designated Schwab Checking Account.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 2465 (CAFRA), the United States shall pay:

1. **Statutory Interest:** $10,097.64 (plus $80.14 per day hereafter).
2. **Actual Damages:** $5,987.73 (HELOC interest and bank penalties).
3. **Irreparable Injury Costs:** Damages for the loss of the 44% annual investment yield.
4. **Litigation Costs:** Reasonable costs for 2,000 hours of forensic labor.

**SO ORDERED: Dated: _____, 2026**

**RACHEL P. KOVNER, UNITED STATES DISTRICT JUDGE**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2026, I served a true and correct copy of the foregoing Supplemental Declaration and Proposed Order upon the following counsel for the Respondent via the Court's ECF system (or via email for Pro Se filing):

**Alexander Mindlin and Benjamin Weintraub Assistant United States Attorneys Eastern District of New York**

**/s/ Connie Wilson Connie Wilson, Claimant**