**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM:ADR
F. #2024R00105

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 23, 2026

By ECF

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Approximately 127,271 Bitcoin
Civil Docket No. 25-5745 (RPK)

Dear Judge Kovner:

The government respectfully submits this letter pursuant to the Court's Individual Practice Rules to request a pre-motion conference with respect to its anticipated motions pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to strike certain improper claims and answers in this action or, in the alternative, for more definite statements as to those pleadings. For the reasons below, claimants Chen Zhi ("Chen"), Prince Holding Group ("Prince Group"), LuBian, Warp Data Technology Lao Sole Co. Ltd ("Warp Data"), Jian Yang ("Yang") and Yuan Tian ("Tian") have failed to comply with the pleading requirements of Rule G(5)(a). Accordingly, their claims are deficient and cannot proceed.[1] Furthermore, because Prince Group, Yang and Tian also have failed to comply with the requirements of Rule G(5)(b), their answers are similarly deficient.

I. Background

On October 14, 2025, the government filed the verified complaint in this case (the "Complaint"), which seeks the forfeiture of 127,271 bitcoin previously in Chen's control (the "Defendant Cryptocurrency") as proceeds of fraud and property involved in money laundering.

[1] The government has also served these claimants with special interrogatories pursuant to Rule G(6) in order to assess their constitutional standing in the case. As the government previously indicated, it will thereafter move to strike any claimants who fail to comply with Rule G(6) or who lack constitutional standing. *See* Rule G(8)(c). The Rule G(5) statutory deficiencies identified herein, however, are distinct from those concerns and raise threshold questions that must be addressed in the first instance, as described below, in order to ensure clarity about who is claiming what assets and on what basis. *See infra; see also* ECF No. 60 (discussing difference between statutory and constitutional standing).

*See* ECF No. 1. The Complaint alleges that Chen, who was the chairman of Prince Group, operated forced-labor scam compounds across Cambodia that perpetrated cryptocurrency investment fraud schemes, and that he laundered the proceeds of those schemes through various Prince Group businesses, shell companies and cryptocurrency mining operations, including Warp Data and LuBian. *See id.* ¶¶ 38-43. At various times thereafter, the above claimants filed barebones claims with respect to the Defendant Cryptocurrency that wholly fail to articulate their alleged interests—and even their own identities—sufficiently to establish statutory standing in the case. *See* ECF Nos. 27, 28, 63, 64, 67, 79. Prince Group, Yang and Tian also filed answers to the Complaint, which provide no additional information. *See* ECF Nos. 76, 200, 203.

II. The Pleadings are Deficient

Pursuant to Rule G(8)(c), the government may move at any time to strike a claim for failure to comply with the pleading standards set forth in Rule G(5). *United States v. Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents ($417,143.48)*, No. 13-CV-5567 (MKB), 2015 WL 5178121, at *4 (E.D.N.Y. Sept. 2, 2015), *aff'd sub nom. United States v. $417,143.48, Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents*, 682 F. App'x 17 (2d Cir. 2017). Among other things, Rule G(5)(a) requires that a claim "identify the specific property claimed," "identify the claimant," and "state the claimant's interest in the property." Rule G(5)(a)(i)(A), (B). Rule G(5)(a) is strictly construed; compliance is not a mere procedural technicality. *See $417,143.48*, 2015 WL 5178121 at *5-6; *United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 664-65 (3d Cir. 2007), *as amended* (May 14, 2007) (describing predecessor rule). It is well established that "in the Second Circuit blanket assertions of ownership are insufficient to establish a claim" because "a bald assertion of ownership, without more, could result in the Court entertaining a claim by an individual with no standing whatsoever." *United States v. $5,253.00 U.S. Currency,* No. 11-CV-6335, 2014 WL 122254, at *4 (W.D.N.Y. Jan. 13, 2014); *see also United States v. $410,000.00 In U.S. Currency*, No. 07-CV-0598, 2007 WL 4557647, at *4 (D.N.J. Dec. 21, 2007) (claimant "cannot passively rely on the Government's pleadings, but must instead affirmatively state his interest in the property at issue.").

As described below, the above claimants all fail to "identify the specific portions of the seized assets they claim and state their interests in it." *United States v. Approximately 127,271 Bitcoin Previously Stored at Virtual Currency Addresses Listed in Attachment A*, No. 25-CV-5745 (RPK), 2025 WL 3652955, at *1 (E.D.N.Y. Dec. 11, 2025) (citing *United States v. Premises & Real Prop. at 4492 S. Livonia Rd.*, 889 F.2d 1258, 1266 (2d Cir. 1989)). Multiple claimants further fail even to properly identify the entity making the claim.

***Chen & Prince Group.*** Chen's claim simply quotes back allegations in the Complaint before declaring Chen a "bailee" and a "beneficiary of a constructive trust" without any further explanation. ECF No. 27 ¶¶ 2-5. The claim does not identify the bailor or the nature or circumstances of any alleged constructive trust. *See, e.g.*, *United States v. $154,853.00 in U.S. Currency*, 744 F.3d 559, 563 (8th Cir. 2014) (affirming dismissal of bailee claim that failed to identify the bailor as required by Rule G(5)(a)(iii)); *United States v. $557,933.89 in U.S. Funds*, No. 95-CV-3978 (JG), 1998 WL 817651, *3 (E.D.N.Y. 1998) (no statutory standing where bailee failed to identify the bailor); *In re 650 Fifth Ave. & Related Props.*, No. 08-CV-10934 (KBF), 2017 WL 3834795, at *2 (S.D.N.Y. Sept. 1, 2017) (failure to allege elements of

constructive trust under state law renders claim insufficient), *aff'd sub nom. Levin v. United States*, 774 F. App'x 49 (2d Cir. 2019); *United States v. Perez*, 2025 WL 3485192 (D. Mass. Nov. 6, 2025) (same). Prince Group's claim, which is signed by Chen and was submitted through his lawyers, is even sparser than Chen's and similarly quotes back allegations in the Complaint before declaring Prince Group a "beneficiary of a constructive trust." ECF No. 28 ¶¶ 2-3. It provides no further explanation that would allow the government to assess the claim. *See supra*. Nor does it identify which assets Prince Group claims at the 25 relevant virtual currency addresses, or distinguish Prince Group's claim in any way from Chen's apparently overlapping and competing claim. Most importantly, the claim fails even to properly identify the claimant. There is no such legal entity as "Prince Holding Group" and several Prince Group-related entities have been dissolved, are no longer controlled by Chen, or, as is the case with Warp Data, have made competing claims in this case. *See* Rule G(5)(a)(i)(B) (claim must "identify the claimant"); *United States v. $67, 775.00 in U.S. Currency*, No. 10-CV-3410, 2012 WL 1901384, at *3 (D. Md. May 24, 2012) (describing "failure to clearly identify the actual claimant"); *see also Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 384 (2d Cir. 2021) (entity without "legal existence" lacks standing to bring legal claims). Prince Group's answer contains no additional information or clarification. *See* ECF No. 76.

***LuBian & Warp Data.*** LuBian's claim was submitted by an individual purporting to be a LuBian software developer and "member of the collective," and states that LuBian owned an unspecified portion of the Defendant Cryptocurrency "still being calculated" based on its involvement in bitcoin mining. *See* ECF No. 79 ¶¶ 4-5. LuBian's blanket claim simply relies on the government's allegations and fails adequately to articulate its alleged interest in any particular assets. Like Prince Group's claim, it also fails to identify the claimant—it is not clear what entity the LuBian "collective" is or that any such entity still exists. *See supra*. Nor is it clear that this software developer who wishes to remain anonymous may bring claims on LuBian's behalf. Warp Data's claim, like LuBian's, asserts ownership over all portions of the Defendant Cryptocurrency derived from bitcoin mining as well as other unspecified portions it is still "in the process of calculating." ECF No. 64 ¶¶ 5-6. It is deficient for the same reasons.

***Yang & Tian.*** Yang claims he transferred several thousand bitcoin to wallets controlled by Chen for safekeeping by an unspecified team associated with LuBian. *See* ECF No. 63 ¶¶ 3-6. He does not identify the virtual currency addresses that he alleges held his funds, or even the addresses from which he sent the funds to Chen/LuBian. Nor does he offer any explanation for this unusual arrangement, or even clearly explain Chen's and LuBian's roles in it. Yang asserts that he is a "bailor" and "beneficiary of a constructive trust"; he fails adequately to allege either. *See supra*. Tian claims to own approximately 6.6 bitcoin constituting the Defendant Cryptocurrency but states that she is "still in the process" of determining the precise amount. *See* ECF No. 67 ¶¶ 2-5. She recites her various purchases and sales of bitcoin but does not identify where they were held, much less allege that they were held at any of the 25 addresses relevant to this case. Instead, Tian simply asserts that, "[u]pon information and belief," her holdings were transferred to wallets that were seized by the government. That does not suffice. *See supra*. Yang's and Tian's answers contain no additional information or clarification. *See* ECF Nos. 200, 203.

## III. Conclusion

For these reasons, the government respectfully requests that the Court hold a pre-motion conference with respect to the government's anticipated motions to strike these pleadings for failure to comply with Rule G(5) or for more definite statements. Alternatively, should the Court prefer, the government requests the court set a briefing schedule without a hearing.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Alexander F. Mindlin
Tanisha R. Payne
Benjamin Weintraub
Andrew D. Reich
Rebecca M. Schuman
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

cc: Clerk of Court (RPK)
Counsel of Record