# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br> Plaintiffs,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br> Defendants *In Rem.* | Civil Action No. 1:25-cv-05745 (RPK) |

## NOTICE OF VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE IN REM

The Akins Claimants were servicemen injured in the 1996 attack on the Khobar Towers in Dhahran, Saudi Arabia, (the "Khobar Towers Bombing"), and their family members. The Akins Claimants have been awarded a total judgment of $104,700,000 in compensatory damages under 28 U.S.C. §1605A against the Islamic Republic of Iran ("Iran") and Islamic Revolutionary Guard Corps for their roles in sponsoring the Khobar Towers Bombing. The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4).

The Akins Claimants just recently learned about this forfeiture action and the allegations and evidence set forth in the complaint at Dkt. No. 1 in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com,* No. 1:25-cv-07093 (E.D.N.Y.) (the "Fritz Action"). Specifically, the Akins Claimants learned that the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group ("Iran-China Group"). *Fritz*, Dkt. No. 1 at 53. The Akins Claimants promptly sought leave to file this Notice upon learning of this information and this proceeding.

As alleged by the Fritz plaintiffs at Dkt. No. 1, the Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. Through this scheme, sanctioned Iranian oil and gas are converted into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems.

Based on the information newly revealed by the allegations in the *Fritz* Action, under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, the Akins Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "[n]otwithstanding any other provision of law." Accordingly, the Akins Claimants hereby assert their superior interest in so much of the Approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A, and all proceeds traceable thereto ("Defendant Cryptocurrency") as may ultimately be necessary to satisfy the Akins Claimants' outstanding compensatory damages judgments against Iran, plus post-judgment interest thereon. TRIA makes the Akins Claimants' interest in the Defendant Cryptocurrency senior to any interest of the U.S. government. In support of this Notice, the Akins Claimants state as follows:

**I.**     **The Akins Claimants Have Been Awarded A Total Judgment Of $104,700,000 In Compensatory Damages Against Iran.**

1.      The Akins Claimants were servicemen injured in the 1996 Khobar Towers Bombing and their family members.

2.      In 2018, the United States District Court for the District of Columbia determined that Iran was liable under 28 U.S.C. § 1605A for causing the Akins Claimants' damages and entered judgment awarding them compensatory damages.

2

3.      The damages awarded to the Akins Claimants total $104,700,000 in compensatory damages. *See* Judgment, *Akins, et al. v. Islamic Republic of Iran, et al.*, No. 1:17-cv-00675-BAH, Dkt. No. 30.

4.      To date, Iran has not paid any portion of any of the Akins Claimants' judgment. This judgment continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

**II.      The Akins Claimants Only Recently Learned Of The Relationship Between The Defendant Cryptocurrency And The Government Of Iran.**

9.      Based on information the Akins Claimants only recently learned, it appears that the Defendant Cryptocurrency is directly tied to the Iranian government, which was not clear from the forfeiture pleadings filed by the U.S. government.

10.     On December 26, 2025, other victims of Iran's state-sponsored terrorism filed a separate action alleging that LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist Iran's continuing efforts to evade U.S. sanctions. *See Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, Case No. 1:25-cv-07093 (E.D.N.Y.), Complaint for Execution and Turnover, Dkt. No. 1.

11.     Plaintiffs in the *Fritz* Action, along with another group of victims of Iran's state sponsored terrorism (the "Baxter Victims"), filed Notices of Verified Claims in this action on December 29, 2025. *See* Dkt. Nos. 29 and 30. Additional Notices of Verified Claims have since been filed in this action. *See, e.g.*, Dkt. Nos. 39, 52, 69, 70, 86, 88, 107, 112, 118, 125, 152, 163.

12.     Based on the information revealed in the allegations in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Akins Claimants now submit this Notice of Verified Claim.

### III.    Under TRIA, Akins Claimants Have A Senior Interest In The Defendant Cryptocurrency.

13.    In the context of a forfeiture action, at this stage of the proceedings, the Akins Claimants need only assert that they have a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (citation omitted). "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." *Id.* at 110 (citation omitted). Here, based on the information alleged in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Akins Claimants have far more than a "facially colorable interest" in the Defendant Cryptocurrency.

14.    The Akins Claimants are judgment creditors of Iran as a result of Iran's acts of state-sponsored terrorism. As has now been alleged, because the Iran-China Group was or is an agent or instrumentality of Iran, TRIA entitles the Akins Claimants to execute on the Defendant Cryptocurrency to satisfy those judgments "[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, the Akins Claimants have a possessory interest in the Defendant Cryptocurrency, which permits them to bring the claims asserted here.

15.    Specifically, TRIA provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on the "blocked assets" of that terrorist party or its "agency or instrumentality" "to satisfy such judgment to the extent of any compensatory damages." Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002), codified at 28 U.S.C. § 1610 Note. TRIA's cornerstone is the statute's broad "notwithstanding" clause, which aims to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce [their] judgments." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391-92 (2009)

(Kennedy, J., concurring). The notwithstanding clause "mak[es] plain that the force of the [statute] extends everywhere" and "supersede[s] all other laws." *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted). Accordingly, because it expressly overrides conflicting laws, TRIA's notwithstanding clause necessarily overrides "the civil-forfeiture statute." *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

16.     Because the Akins Claimants satisfy the requirements of TRIA, their interest in the Defendant Cryptocurrency necessarily is superior to the claims of the U.S. government, as well as all other non-TRIA claimants, in this forfeiture action. To start, as explained above, the Akins Claimants hold a judgment for compensatory damages against Iran based on an act of terrorism under 28 U.S.C. § 1605A. Next, Iran is a "terrorist party" because it has been designated as a state sponsor of terrorism under the Export Administration Act of 1979. *See* TRIA § 201(d)(4); Executive Order No. 13599, 77 Fed. Reg. 6659 (Feb. 5, 2012). Additionally, as alleged in the *Fritz* Action, the Iran-China Group operated as Iran's agency or instrumentality by materially helping Iran avoiding U.S. sanctions, while providing the material function to Iran of laundering its energy resources through cryptocurrency mining, at Iran's direction and behest. *See Fritz* Action, Dkt. No. 70, Plaintiffs' Memorandum of Law in Support of Motion for Attachment, at 13–17 (Dec. 28, 2025); *see also Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107, 135 (2d Cir. 2016). Finally, under TRIA, "[b]locked assets" include "any asset seized or frozen by the United States" pursuant to the International Emergency Economic Powers Act. TRIA § 201(d)(2)(A).

17.     The U.S. government has used its authority under that statute to "block" all Iranian property in the United States, including the property of agencies or instrumentalities of

Iran. 31 C.F.R. §§ 560.211, 594.201(a)(5); *Kirschenbaum*, 830 F.3d at 120. As a result, if the Iran-China Group is an agency or instrumentality of Iran, all property of the Iran-China Group qualifies as a blocked asset under TRIA. *See Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022). Because the Defendant Cryptocurrency is property of the Iran-China Group, it is therefore blocked and subject to execution by the Akins Claimants under TRIA.

18.    Pursuant to 18 U.S.C. § 983(a) and Rule G, the Akins Claimants hereby assert a protective, prophylactic claim against such amount of the Defendant Cryptocurrency—as the property of an agency or instrumentality of Iran—as may ultimately be necessary to satisfy the outstanding compensatory damages owed to them under their judgment against Iran, plus post-judgment interest, based on the date the Defendant Cryptocurrency is valued for purposes of judgment. The Akins Claimants' claim is senior to the U.S. government's claim. Notwithstanding the U.S. government's forfeiture efforts, the Akins Claimants reserve all rights and remedies available in law and equity to enforce their interest in the Defendant Cryptocurrency.

19.    This claim is verified under penalty of perjury by the attached (or separately filed) §1746 declaration, executed by an authorized signatory on behalf of the Akins Claimants.


Dated: February 24, 2026

                    */s/ Robert A. Braun*
                    Robert A. Braun (Bar Code 5384748)
                    **COHEN MILSTEIN SELLERS & TOLL PLLC**
                    1100 New York Ave. NW ● Eighth Floor
                    Washington, DC 20005
                    (202) 408-4600
                    RBraun@cohenmilstein.com

6

*Attorney for Akins Claimants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiffs, | Civil Action No. 1:25-cv-05745 (RPK) |
| v. | |
| APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, | |
| Defendants *In Rem*. | |

## VERIFICATION OF AKINS CLAIMANTS' CLAIMS

Robert A. Braun, an attorney duly licensed to practice law in New York, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a partner in the law firm Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave NW #800, Washington, DC 20005.

2.      The statements regarding the D.D.C. judgments/service and related matters are within my personal knowledge and/or based on review of the official dockets. Statements regarding ownership/instrumentality of the Defendant are based on allegations and filings in *Fritz v. Iran & China Investment Development Group*, No. 1:25-cv-07093 (E.D.N.Y.) ("*Fritz* Action").

3.      Cohen Milstein represents the Akins Claimants in this action.

4.      The Akins Claimants have been awarded a compensatory damages judgment totaling $104,700,000 under 28 U.S.C. § 1605A against the Islamic Republic of Iran ("Iran") and the Islamic Revolutionary Guard Corps for their role in the 1996 attack on the Khobar Towers in

Dhahran, Saudi Arabia. *See* Judgment, Case No. 1:17-cv-00675-BAH, Dkt. No. 30, attached hereto as Exhibit 1.

5.      The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as Exhibit 2.

6.      As detailed in a related action pending in this Court—the *Fritz* Action—the 127,271 Bitcoin that constitute the Defendant Cryptocurrency in the instant action belong to Iran and China Investment Development Group ("Iran-China Group"), doing business as Lubian.com or LuBian. *See Fritz* Action, Dkt. No. 1. The Iran-China Group is an agency or instrumentality of Iran. *Id.* ¶ 20. Accordingly, its assets are blocked by operation of U.S. law. *See* Executive Order No. 13599, 77 Fed. Reg. 6659, 6659 (Feb. 5, 2012).

7.      To preserve the Akins Claimants' ability to pursue execution and turnover of the 127,271 Bitcoin—which constitute the Defendant Cryptocurrency in this action—on behalf of the Akins Claimants pursuant to N.Y. CPLR 3020(d), I hereby notice and verify the claims of the Akins Claimants against the Defendant Cryptocurrency. Because the Terrorism Risk Insurance Act ("TRIA") allows victims of terrorism with judgments against state sponsors of terrorism to pursue execution and turnover against blocked assets of those terrorist states or their agents or instrumentalities—including such assets that have been "seized" by the U.S. government— "notwithstanding any other provision of law," TRIA § 201(a), I hereby notice and verify the Akins Claimants' superior interest in so much of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the outstanding compensatory damages owed to the Akins Claimants on their judgments against Iran, plus pre- and post-judgment interest.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: February 24, 2026

*/s/ Robert A. Braun*
Robert A. Braun (D.C. Bar 1023352)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Attorney for Akins Claimants*

# Exhibit 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TODD AKINS, *et al.*,

                Plaintiffs,

                v.

ISLAMIC REPUBLIC OF IRAN, *et al.*,

                Defendants.

Civil Action No. 17-675 (BAH)

Chief Judge Beryl A. Howell

## ORDER

Upon consideration of the plaintiffs' Motion to Take Judicial Notice of Evidence in Related Prior Cases and For Entry of Default Judgment as to Liability and For Appointment of a Special Master to Assess Damages ("Motion as to Liability"), ECF No. 22, and Motion for Default Judgment as to Damages, ECF No. 25, the related legal memoranda in support thereof, the exhibits and declarations attached thereto, and the entire record herein, for the reasons stated in the accompanying Memorandum Opinion issued contemporaneously with this Order, it is hereby

**ORDERED** that the plaintiffs' Motions for Default Judgment as to Liability and for Default Judgment as to Damages are **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that the part of the plaintiffs' Motion as to Liability asking the Court to Take Judicial Notice is **GRANTED**; and it is further

**ORDERED** that the part of the plaintiffs' Motion as to Liability asking the Court to Appoint a Special Master is **DENIED**; and it is further

1

Case 1:25-cv-05745-RPK Document 249-2 Filed 02/24/06/18 Page 13 of 39 PageID #:
7052
Case 1:17-cv-00675-BAH Document 30 Filed 09/10/18 Page 2 of 8

**ORDERED** that the plaintiffs' Motions as to Liability and for Default Judgment as to Damages are **DENIED** with respect to plaintiff Christopher Galletto; and it is further

**ORDERED** that the plaintiffs' Motions as to Liability and for Default Judgment as to Damages are **GRANTED** with respect to all remaining plaintiffs, who the Court finds have established their "claims or right to relief by evidence satisfactory to the court," 28 U.S.C. § 1608(e); and it is further

**ORDERED** that the defendants the Islamic Republic of Iran and Islamic Revolutionary Guard Corps shall be jointly and severally liable for compensatory damages in the amount of $104,700,000, which shall be allocated in the following manner:

- Service member plaintiffs Todd Akins, George C. Anthony, Charles Blank, John Gaydos, Gregory Eric Leinenbach, Jerry Timothy Sasser, Frank David Sills III, Alan Jeffrey Wade, and Eric Dale Ziegler are each entitled to the sum of $5,000,000;

- Service member plaintiffs James Hurst, Nicholas L. MacKenzie, Jason Porter Remar, Matthew G. Spicer, and Tracy Matthew Winter are each entitled to the sum of $2,500,000;

- Service member plaintiff Thomas R. Lawrence is entitled to the sum of $1,500,000;

- Plaintiff spouses Linda Kay Blank, Barbara Gaydos, Joy Leinenbach, and Nancy Kilfoyle are each entitled to the sum of $4,000,000;

- Plaintiff spouse Cathy Eunha Kim Spicer-Lindsy is entitled to the sum of $2,000,000;

- Plaintiff spouse Robyn Elizabeth Lawrence is entitled to the sum of $1,200,000;

- Plaintiff parents Jerry Timothy Sasser, Sr., Deborah Homs, Bonnie C. Wade, Thomas H. Wade, Richard M. Williams are each entitled to the sum of $2,500,000;

- Plaintiff parent Angela Rose is entitled to the sum of $1,250,000;

- Plaintiff parents Kimi Lawrence and Bruce Russell Lawrence are each entitled to the sum of $750,000;

- Plaintiff children Nathan Blank, Ethan Gaydos, and Elizabeth Gaydos are each entitled to the sum of $1,500,000;

- Plaintiff child Christian William Spicer is entitled to the sum of $750,000;

- Plaintiff siblings Andrew P. Blank, Deborah Millraney, Michael Kevin Wade, and Kimberly Watters Sasser are each entitled to the sum of $1,250,000;

- Plaintiff sibling Christopher G. Spicer is entitled to the sum of $625,000;

- Plaintiff sibling Andrea Jo Grimson is entitled to the sum of $375,000; and it is further

**ORDERED** that the plaintiffs shall, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order to the defendants; and it is further

**ORDERED** that the Clerk of the Court close this case.

**SO ORDERED**

Date: September 10, 2018

*This is a final and appealable Order.*

_____
BERYL A. HOWELL
Chief Judge

# Exhibit 2



**United States Department of State**

*Washington, D.C.   20520*

August 27, 2019

Ms. Angel D. Caesar
United States District Court
For the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Todd Akins, et al. v. Islamic Republic of Iran, et al., 1:17-cv-00675 (BAH)**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of an Order and Notice of Default Judgment to the Islamic Republic of Iran and the Iranian Islamic Revolutionary Guard Corps  pursuant to 28 U.S.C. Section 1608(a)(4) as defendants in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs.  The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1054-IE, dated July 2, 2019 and delivered on July 3, 2019 and diplomatic note No. 1066-IE, dated July 23, 2019 and delivered on July 24, 2019.  Certified copies of these diplomatic notes are enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Overseas Citizens Services
Office of Legal Affairs

RECEIVED
Mail Room

AUG 2 9 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Cc: Paul Gaston
    1901 Pennsylvania Ave. NW, Suite 607
    Washington, DC 20006



## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
(Signature of Consular Officer)

_____
Brianna E. POWERS
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

August 15, 2019
(Date)

.che Eidgenossenschaft
.ation suisse
Jerazione Svizzera
.federaziun svizra

**Federal Department of Foreign Affairs FDFA**

28487

K.346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 26896 dated June 11, 2019 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance: Todd Akins, et al. v. Islamic Republic of Iran, et al., 1:17-cv-00675 (BAH)

- Note No. 1054-IE addressed to The Islamic Republic of Iran

  dated July 2, 2019 and proof of service, dated July 3, 2019 as well as the certification by the Swiss Federal Chancellery dated August 13, 2019.

  The section has received the corresponding documents on June 24, 2019. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on July 3, 2019. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

- Note No. 1066-IE addressed to The Iranian Islamic Revolutionary Guard Corps

  dated July 23, 2019 and proof of service, dated July 24, 2019 as well as the certification by the Swiss Federal Chancellery dated July 30, 2019.

  The section has received the corresponding documents on June 24, 2019. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on July 24, 2019. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, August 13, 2019

*Enclosure(s) mentioned*



To the

Embassy of the

United States of America

Berne

## SPECIFIC AUTHENTICATION CERTIFICATE

| | |
|---|---|
| Confederation of Switzerland | ) |
| Bern, Canton of Bern | ) SS: |
| Embassy of the United States of America | ) |

certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Alessandra MANOIERO
(Typed name of Official who executed the annexed document)

_____
(Signature of Consular Officer)

_____
Brianna E. POWERS
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

August 15, 2019
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1054-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit Todd Akins, et al. v. Islamic Republic of Iran, et al., 1:17-cv-000675 (BAH), in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits an Order herewith. The U.S District Court for the District of Columbia has requested service of the document. This note constitutes transmittal of the document to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order, the Embassy is enclosing a Notice of Default Judgement prepared by the plaintiffs, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, 02 July, 2019

Attachments:
1. Order and Notice of Default Judgment
2. Translations



**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, René Seiler, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland certify herewith that this is a true copy of the Diplomatic Note No. 1054-IE, dated July 02, 2019, delivery of this note and its enclosures was attempted on July 03, 2019, but the Iranian Ministry Foreign Affairs refused its acceptance.

René Seiler
Deputy Head of the Foreign Interests Section

Tehran, 03 July, 2019

---

**APOSTILLE**

**(Convention de la Haye du 5 octobre 1961)**

1. Country: SWISS CONFEDERATION

   This public document

2. has been signed by          René Seiler

3. acting in the capacity of of Deputy Head of the Foreign Interests Section

4. bears the seal/stamp of

   EMBASSY OF SWITZERLAND IN IRAN

   **Certified**

5. at Berne                          6. the 1 3 A u g u s t 2019

7. by Gaëlle Cafaro-Vullierat

   functionary of the Swiss federal Chancellery

8. No................ 0 1 9 5 2 6

9. Seal/stamp:                          10. Signature:

   Swiss federal Chancellery

<div dir="rtl">

ترجمه غیر رسمی

سفارت سوئیس
قسمت حافظ منافع خارجی

شماره IE– 1054

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان تاد اکینز و سایرین بر علیه جمهوری اسلامی ایران و سایرین، تحت پرونده مدنی شماره (BAH) 1:17-cv-000675 که در دادگاه منطقه ای ایالات متحده آمریکا برای منطقه کلمبیا مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده، یک فقره حکم را ایفاد می نماید. برابر مقررات فصل 28 بخش 1608 بند (الف)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدرک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر حکم، اطلاعیه حکم غیابی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد. لطفاً توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه فوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم غیابی، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده و مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران، بتاریخ یازدهم تیر ماه ۱۳۹۸ (۲ جولای ۲۰۱۹)

پیوست: 1- حکم و اطلاعیه حکم غیابی
2- ترجمه ها



اداره امور آمریکا
وزارت امور خارجه
جمهوری اسلامی ایران
تهران

</div>

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Alessandra MANOIERO
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Brianna E. POWERS
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

August 15, 2019
(Date)

nweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1066-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit Todd Akins, et al. v. Islamic Republic of Iran, et al., 1:17-cv-000675 (BAH), in the U.S. District Court for the District of Columbia. The Iranian Islamic Revolutionary Guard Corps is a defendant in this case. The Embassy transmits an Order herewith. The U.S District Court for the District of Columbia has requested service of the document. This note constitutes transmittal of the document to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order, the Embassy is enclosing a Notice of Default Judgement prepared by the plaintiffs, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, 23 July, 2019



Attachments:
1. Order and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs
Islamic Republic of Iran
Department of American Affairs
Tehran**



SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
(Signature of Consular Officer)

Brianna E. POWERS
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

August 15, 2019
(Date)

.che Eidgenossenschaft
.ation suisse
.ierazione Svizzera
.rfederaziun svizra

**Federal Department of Foreign Affairs FDFA**

28487

K.346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 26896 dated June 11, 2019 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance: Todd Akins, et al. v. Islamic Republic of Iran, et al., 1:17-cv-00675 (BAH)

- Note No. 1054-IE addressed to The Islamic Republic of Iran

   dated July 2, 2019 and proof of service, dated July 3, 2019 as well as the certification by the Swiss Federal Chancellery dated August 13, 2019.

   The section has received the corresponding documents on June 24, 2019. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on July 3, 2019. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

- Note No. 1066-IE addressed to The Iranian Islamic Revolutionary Guard Corps

   dated July 23, 2019 and proof of service, dated July 24, 2019 as well as the certification by the Swiss Federal Chancellery dated July 30, 2019.

   The section has received the corresponding documents on June 24, 2019. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on July 24, 2019. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, August 13, 2019

*Enclosure(s) mentioned*



To the

Embassy of the

United States of America

Berne

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

certify that the annexed document is executed by the genuine signature and seal of the
following named official who, in an official capacity, is empowered by the laws of Switzerland
to execute that document.

certify under penalty of perjury under the laws of the United States that the foregoing is true
and correct.

_____
Alessandra MANOIERO
(Typed name of Official who executed the annexed document)

_____
(Signature of Consular Officer)

_____
Brianna E. POWERS
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

August 15, 2019
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1054-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit Todd Akins, et al. v. Islamic Republic of Iran, et al., 1:17-cv-000675 (BAH), in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits an Order herewith. The U.S District Court for the District of Columbia has requested service of the document. This note constitutes transmittal of the document to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order, the Embassy is enclosing a Notice of Default Judgement prepared by the plaintiffs, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, 02 July, 2019

Attachments:
1. Order and Notice of Default Judgment
2. Translations



**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, René Seiler, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland certify herewith that this is a true copy of the Diplomatic Note No. 1054-IE, dated July 02, 2019, delivery of this note and its enclosures was attempted on July 03, 2019, but the Iranian Ministry Foreign Affairs refused its acceptance.

René Seiler
Deputy Head of the Foreign Interests Section

Tehran, 03 July, 2019

---

**APOSTILLE**

**(Convention de la Haye du 5 octobre 1961)**

1. Country: SWISS CONFEDERATION

   This public document

2. has been signed by      René Seiler

3. acting in the capacity of of Deputy Head of the Foreign Interests Section

4. bears the seal/stamp of

   EMBASSY OF SWITZERLAND IN IRAN

   **Certified**

5. at Berne                                      6. the 13 August 2019

7. by Gaëlle Cafaro-Vullierat

   functionary of the Swiss federal Chancellery

8. No................... 019526

9. Seal/stamp:                          10. Signature:

   Swiss federal Chancellery

<div dir="rtl">

ترجمه غیر رسمی

سفارت سوئیس
قسمت حافظ منافع خارجی

شماره IE– 1054

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراما" توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان تاد اکینز و سایرین بر علیه جمهوری اسلامی ایران و سایرین، تحت پرونده مدنی شماره 1:17-cv-000675 (BAH) که در دادگاه منطقه ای ایالات متحده آمریکا برای منطقه کلمبیا مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده، یک فقره حکم را ایفاد می نماید. برابر مقررات فصل 28 بخش 1608 بند (الف)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدرک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر حکم، اطلاعیه حکم غیابی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد. لطفا" توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه فوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم غیابی، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده و مراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران، بتاریخ یازدهم تیر ماه ۱۳۹۸ (۲ جولای ۲۰۱۹)

پیوست: 1- حکم و اطلاعیه حکم غیابی
2- ترجمه ها



اداره امور آمریکا
وزارت امور خارجه
جمهوری اسلامی ایران
تهران

</div>

## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Alessandra MANOIERO
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Brianna E. POWERS
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

August 15, 2019
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1066-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit Todd Akins, et al. v. Islamic Republic of Iran, et al., 1:17-cv-000675 (BAH), in the U.S. District Court for the District of Columbia. The Iranian Islamic Revolutionary Guard Corps is a defendant in this case. The Embassy transmits an Order herewith. The U.S District Court for the District of Columbia has requested service of the document. This note constitutes transmittal of the document to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order, the Embassy is enclosing a Notice of Default Judgement prepared by the plaintiffs, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran, 23 July, 2019



Attachments:
1. Order and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Patricia Weber Singh, Head of the Foreign Interests Section of the Embassy of Switzerland, certify herewith that this is a true copy of the Diplomatic Note No. 1066-IE, dated July 23, and delivery of this note and its enclosures was attempted on July 24, 2019, but the Iranian Ministry of Foreign Affairs refused its acceptance



Patricia Weber Singh
Head of the Foreign Interests Section

Tehran, 24 July, 2019

## APOSTILLE
### (Convention de la Haye du 5 octobre 1961)

1. Country:  SWISS CONFEDERATION

   This public document

2. has been signed by          Patricia Weber Singh

3. acting in the capacity of Head of the Foreign Interests Section

4. bears the seal/stamp of

   EMBASSY OF SWITZERLAND IN IRAN

   Certified

5. at Berne                    6.    the  30 July 2019

7. by  Alessandra Manoiero
   functionary of the Swiss federal Chancellery

8. No...........013498

9. Seal/stamp:                 10.  Signature:

   Swiss federal Chancellery          





1066 – IE

SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

Brianna E Powers, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 26896 dated June 11, 2019, which was transmitted to the Swiss Ministry of Foreign Affairs on June 12, 2019 for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

_____
(Signature of Consular Officer)

Brianna E. POWERS
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

August 15, 2019
(Date)



*Embassy of the United States of America*

June 11, 2019

CONS NO.  26896

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern


Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities
Act (FSIA) – Todd Akins, et al. v. Islamic Republic of Iran, et al., 1:17-cv-00675 (BAH)


REF:    -----


The Department of State has requested the delivery of the enclosed Order and Notice of Default
Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the
Foreign Sovereign Immunities Act in the matter of Todd Akins, et al. v. Islamic Republic of
Iran, et al., 1:17-cv-00675 (BAH).

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the
documents to the American Interests Section of the Swiss Embassy in Tehran.  There are two
defendants to be served in this case: the Islamic Republic of Iran and the Iranian Islamic
Revolutionary Guard Corps.  The American Interests Section should transmit the Order and
Notice of Default Judgment to the Iranian Ministry of Foreign Affairs under cover of one
diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery.  The
American Interests Section should execute certifications of the diplomatic notes, which will be
forwarded by the Department of State to the requesting court in the United States.

Enclosed are two appropriate parts of a message the Embassy received from the Department of
State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the
Swiss Embassy in Tehran receives the documents as well as the date the Interests Section
forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Todd Akins, et al. v. Islamic Republic of Iran, et al., 1:17-cv-000675 (BAH), in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits an Order herewith. The U.S. District Court for the District of Columbia has requested service of the document. This note constitutes transmittal of the document to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order, the Foreign Interests Section is enclosing a Notice of Default Judgment prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Order and Notice of Default Judgment
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT IRANIAN ISLAMIC REVOLUTIONARY GUARD CORPS:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Todd Akins, et al. v. Islamic Republic of Iran, et al., 1:17-cv-000675 (BAH), in the U.S. District Court for the District of Columbia. The Iranian Islamic Revolutionary Guard Corps is a defendant in this case. The Foreign Interests Section transmits an Order herewith. The U.S. District Court for the District of Columbia has requested service of the document. This note constitutes transmittal of the document to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order, the Foreign Interests Section is enclosing a Notice of Default Judgment prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Order and Notice of Default Judgment
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT IRANIAN ISLAMIC REVOLUTIONARY GUARD CORPS**