**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiffs,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants *In Rem*. | Civil Action No. 1:25-cv-05745 (RPK) |

## NOTICE OF VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE IN REM

The Blais Claimants are a servicemember injured in the 1996 attack on the Khobar Towers in Dhahran, Saudi Arabia, (the "Khobar Towers Bombing") and the family members. The Blais Claimants have been awarded a total judgment of $28,801,792 in compensatory damages under 28 U.S.C. §1605A against the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Intelligence and Security, and Islamic Revolutionary Guard Corps for their roles in sponsoring the Khobar Towers Bombing. The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4).

The Blais Claimants just recently learned about this forfeiture action and the allegations and evidence set forth in the complaint at Dkt. No. 1 in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com,* No. 1:25-cv-07093 (E.D.N.Y.) (the "Fritz Action"). Specifically, the Blais Claimants learned that the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group ("Iran-China

Group"). *Fritz*, Dkt. No. 1 at 53. The Blais Claimants promptly sought leave to file this Notice upon learning of this information and this proceeding.

As alleged by the Fritz plaintiffs at Dkt. No. 1, the Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. Through this scheme, sanctioned Iranian oil and gas are converted into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems.

Based on the information newly revealed by the allegations in the *Fritz* Action, under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, the Blais Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "[n]otwithstanding any other provision of law." Accordingly, the Blais Claimants hereby assert their superior interest in so much of the Approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A, and all proceeds traceable thereto ("Defendant Cryptocurrency") as may ultimately be necessary to satisfy the Blais Claimants' outstanding compensatory damages judgments against Iran, plus post-judgment interest thereon. TRIA makes the Blais Claimants' interest in the Defendant Cryptocurrency senior to any interest of the U.S. government. In support of this Notice, the Blais Claimants state as follows:

### I.    The Blais Claimants Have Been Awarded A Total Judgment Of $28,801,792 In Compensatory Damages Against Iran.

1.    The Blais Claimants were a servicemember injured in the 1996 Khobar Towers Bombing and the family members.

2. In 2006, the United States District Court for the District of Columbia determined that Iran was liable under 28 U.S.C. § 1605A for causing the Blais Claimants' damages and entered judgment awarding them compensatory damages.

3. The damages awarded to the Blais Claimants total $28,801,792 in compensatory damages. *See* Judgment, *Blais, et al. v. Islamic Republic of Iran, et al.*, No. 1:02-cv-00285-RCL, Dkt. No. 43.

4. In 2018, the Court granted the Blais Claimants' motion to revive judgment for another twelve years, or to September 29, 2030. *See id.*, Dkt. No. 55.

5. To date, Iran has not paid any portion of any of the Blais Claimants' judgment. This judgment continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

**II.     The Blais Claimants Only Recently Learned Of The Relationship Between The Defendant Cryptocurrency And The Government Of Iran.**

9. Based on information the Blais Claimants only recently learned, it appears that the Defendant Cryptocurrency is directly tied to the Iranian government, which was not clear from the forfeiture pleadings filed by the U.S. government.

10. On December 26, 2025, other victims of Iran's state-sponsored terrorism filed a separate action alleging that LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist Iran's continuing efforts to evade U.S. sanctions. *See Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, Case No. 1:25-cv-07093 (E.D.N.Y.), Complaint for Execution and Turnover, Dkt. No. 1.

11. Plaintiffs in the *Fritz* Action, along with another group of victims of Iran's state sponsored terrorism (the "Baxter Victims"), filed Notices of Verified Claims in this action on

3

December 29, 2025. *See* Dkt. Nos. 29 and 30. Additional Notices of Verified Claims have since been filed in this action. *See, e.g.*, Dkt. Nos. 39, 52, 69, 70, 86, 88, 107, 112, 118, 125, 152, 163.

12. Based on the information revealed in the allegations in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Blais Claimants now submit this Notice of Verified Claim.

### III. Under TRIA, Blais Claimants Have A Senior Interest In The Defendant Cryptocurrency.

13. In the context of a forfeiture action, at this stage of the proceedings, the Blais Claimants need only assert that they have a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (citation omitted). "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." *Id.* at 110 (citation omitted). Here, based on the information alleged in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Blais Claimants have far more than a "facially colorable interest" in the Defendant Cryptocurrency.

14. The Blais Claimants are judgment creditors of Iran as a result of Iran's acts of state-sponsored terrorism. As has now been alleged, because the Iran-China Group was or is an agent or instrumentality of Iran, TRIA entitles the Blais Claimants to execute on the Defendant Cryptocurrency to satisfy those judgments "[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, the Blais Claimants have a possessory interest in the Defendant Cryptocurrency, which permits them to bring the claims asserted here.

15. Specifically, TRIA provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on the "blocked assets" of that terrorist party or its "agency or instrumentality" "to satisfy such judgment to the extent of any

4

compensatory damages." Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002), codified at 28 U.S.C. § 1610 Note. TRIA's cornerstone is the statute's broad "notwithstanding" clause, which aims to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce [their] judgments." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391-92 (2009) (Kennedy, J., concurring). The notwithstanding clause "mak[es] plain that the force of the [statute] extends everywhere" and "supersede[s] all other laws." *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted). Accordingly, because it expressly overrides conflicting laws, TRIA's notwithstanding clause necessarily overrides "the civil-forfeiture statute." *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

16. Because the Blais Claimants satisfy the requirements of TRIA, their interest in the Defendant Cryptocurrency necessarily is superior to the claims of the U.S. government, as well as all other non-TRIA claimants, in this forfeiture action. To start, as explained above, the Blais Claimants hold a judgment for compensatory damages against Iran based on an act of terrorism under 28 U.S.C. § 1605A. Next, Iran is a "terrorist party" because it has been designated as a state sponsor of terrorism under the Export Administration Act of 1979. *See* TRIA § 201(d)(4); Executive Order No. 13599, 77 Fed. Reg. 6659 (Feb. 5, 2012). Additionally, as alleged in the *Fritz* Action, the Iran-China Group operated as Iran's agency or instrumentality by materially helping Iran avoiding U.S. sanctions, while providing the material function to Iran of laundering its energy resources through cryptocurrency mining, at Iran's direction and behest. *See Fritz* Action, Dkt. No. 70, Plaintiffs' Memorandum of Law in Support of Motion for Attachment, at 13–17 (Dec. 28, 2025); *see also Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107, 135 (2d Cir.

5

2016). Finally, under TRIA, "[b]locked assets" include "any asset seized or frozen by the United States" pursuant to the International Emergency Economic Powers Act. TRIA § 201(d)(2)(A).

17. The U.S. government has used its authority under that statute to "block" all Iranian property in the United States, including the property of agencies or instrumentalities of Iran. 31 C.F.R. §§ 560.211, 594.201(a)(5); *Kirschenbaum*, 830 F.3d at 120. As a result, if the Iran-China Group is an agency or instrumentality of Iran, all property of the Iran-China Group qualifies as a blocked asset under TRIA. *See Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022). Because the Defendant Cryptocurrency is property of the Iran-China Group, it is therefore blocked and subject to execution by the Blais Claimants under TRIA.

18. Pursuant to 18 U.S.C. § 983(a) and Rule G, the Blais Claimants hereby assert a protective, prophylactic claim against such amount of the Defendant Cryptocurrency—as the property of an agency or instrumentality of Iran—as may ultimately be necessary to satisfy the outstanding compensatory damages owed to them under their judgment against Iran, plus post-judgment interest, based on the date the Defendant Cryptocurrency is valued for purposes of judgment. The Blais Claimants' claim is senior to the U.S. government's claim. Notwithstanding the U.S. government's forfeiture efforts, the Blais Claimants reserve all rights and remedies available in law and equity to enforce their interest in the Defendant Cryptocurrency.

19. This claim is verified under penalty of perjury by the attached (or separately filed) §1746 declaration, executed by an authorized signatory on behalf of the Blais Claimants.

Dated: February 24, 2026

                                             */s/ Robert A. Braun*

Robert A. Braun (Bar Code 5384748)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Attorney for Blais Claimants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br> Plaintiffs,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br> Defendants *In Rem*. | Civil Action No. 1:25-cv-05745 (RPK) |

**<u>VERIFICATION OF BLAIS CLAIMANTS' CLAIMS</u>**

Robert A. Braun, an attorney duly licensed to practice law in New York, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner in the law firm Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave NW #800, Washington, DC 20005.

2. The statements regarding the D.D.C. judgments/service and related matters are within my personal knowledge and/or based on review of the official dockets. Statements regarding ownership/instrumentality of the Defendant are based on allegations and filings in *Fritz v. Iran & China Investment Development Group*, No. 1:25-cv-07093 (E.D.N.Y.) ("*Fritz* Action").

3. Cohen Milstein represents the Blais Claimants in this action.

4. The Blais Claimants have been awarded a compensatory damages judgment totaling $28,801,792 under 28 U.S.C. § 1605A against the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Intelligence and Security, and the Islamic Revolutionary Guard Corps for

their roles in the 1996 attack on the Khobar Towers in Dhahran, Saudi Arabia. *See* Judgment, Case No. 1:02-cv-00285-RCL, Dkt. No. 43, attached hereto as Exhibit 1.

5. The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as Exhibit 2.

6. In 2018, the Court granted the Blais Claimants' motion to revive judgment for another twelve years, or to September 29, 2030, attached hereto as Exhibit 3.

7. As detailed in a related action pending in this Court—the *Fritz* Action—the 127,271 Bitcoin that constitute the Defendant Cryptocurrency in the instant action belong to Iran and China Investment Development Group ("Iran-China Group"), doing business as Lubian.com or LuBian. *See Fritz* Action, Dkt. No. 1. The Iran-China Group is an agency or instrumentality of Iran. *Id.* ¶ 20. Accordingly, its assets are blocked by operation of U.S. law. *See* Executive Order No. 13599, 77 Fed. Reg. 6659, 6659 (Feb. 5, 2012).

8. To preserve the Blais Claimants' ability to pursue execution and turnover of the 127,271 Bitcoin—which constitute the Defendant Cryptocurrency in this action—on behalf of the Blais Claimants pursuant to N.Y. CPLR 3020(d), I hereby notice and verify the claims of the Blais Claimants against the Defendant Cryptocurrency. Because the Terrorism Risk Insurance Act ("TRIA") allows victims of terrorism with judgments against state sponsors of terrorism to pursue execution and turnover against blocked assets of those terrorist states or their agents or instrumentalities—including such assets that have been "seized" by the U.S. government—"notwithstanding any other provision of law," TRIA § 201(a), I hereby notice and verify the Blais Claimants' superior interest in so much of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the outstanding compensatory damages owed to the Blais Claimants on their judgments against Iran, plus pre- and post-judgment interest.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: February 24, 2026

*/s/ Robert A. Braun*
Robert A. Braun (D.C. Bar 1023352)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Attorney for Blais Claimants*

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PAUL ALEXANDER BLAIS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 02-285 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## JUDGMENT

In accord with the Findings of Fact and Conclusions of Law issued this date, it is hereby

ORDERED that Default Judgment be entered in favor of plaintiffs and against defendants, jointly and severally, in the amount of $28,801,792.00, of which $21,801,792.00 shall be allocated to Paul Blais; $3,500,000.00 shall be allocated to Mr. and Mrs. Taylor, each. It is further

ORDERED that plaintiffs, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Judgment and the Findings of Fact and Conclusions of Law issued this date to defendants. It is further

ORDERED that this case be terminated from the dockets of this Court.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, September 29, 2006.

# Exhibit 2



# United States Department of State

*Washington, D.C. 20520*

June 18, 2007

Ms. Nancy Mayer-Whittington
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**RECEIVED**

JUN 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: Paul A. Blais, et al. v. Islamic Republic
of Iran, et al., Case No. 1:02CV00285

Dear Ms. Mayer-Whittington:

I am writing regarding the Court's request for service of Default Judgments, Findings of Fact and Conclusions of Law and Notices of Default Judgment pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. 1608(a)(4), upon defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security and the Iranian Revolutionary Guard Corps in the above mentioned lawsuit.

Because the United States does not maintain diplomatic relations with the government of Iran, the Department of State is assisted by the U.S. Interests Section of the Embassy of Switzerland in Teheran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were transmitted to the Iranian Ministry of Foreign Affairs under cover of diplomatic notes, numbers 1056-IE, 1057-IE and 1058-IE, dated and delivered April 22, 2007.

While the Iranian Ministry of Foreign Affairs returned the service documents to the Embassy of Switzerland, 28 U.S.C. 1608(c)(1) provides that service shall be deemed effective as of the date of transmittal indicated in the certified copy of the diplomatic note. We see no reason that the return of these documents should invalidate the effectiveness of service under 28 U.S.C. 1608(a)(4).

In accordance with the procedures established for the implementation of the Foreign Sovereign Immunities Act, I am enclosing copies of the documents transmitted as well as certified copies of the diplomatic notes used to transmit them to the Iranian Ministry of Foreign Affairs. For each defendant served this includes the authenticated certification of the Head of the U.S. Interests Section at the Swiss Embassy in Teheran and the certification of the Vice Consul of the U.S. Embassy in Bern.

Should you have any questions regarding this matter, please do not hesitate to contact me at (202) 736-9115.

Sincerely,

*[signature: William P. Fritzlen]*

William P. Fritzlen
Attorney Adviser
Office of Policy Review and Interagency Liaison

Enclosures As Stated

Cc: Paul Gaston
1120 19th Street, NW
Washington, DC 20036

# Exhibit 3

IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLUMBIA

PAUL ALEXANDER BLAIS, *et al*,   *
                                 *
        Plaintiffs                *
                                 *    Civil Action No.
                                 *    ~~00-2328 (RMU)~~ RCL
                                 *    02-285
ISLAMIC REPUBLIC OF IRAN, et al  *
                                 *
        Defendants                *

ORDER

Upon consideration of Judgment Creditors' Motion to Revive Judgment of September 29, 2006, the Court hereby GRANTS such motion. The Judgment is extended in favor of the Judgement Creditors and against the Defendants for another twelve years, or September 29, 2030.

SO ORDERED, this __16th__ day of __October__, 2018.

_Royce C. Lamberth_
United States District Judge