**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

Plaintiffs,

v.

APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,

Defendants *In Rem*.

Civil Action No. 1:25-cv-05745 (RPK)

**NOTICE OF VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE IN REM**

The Blank Claimants were the family members of servicemembers injured in the Khobar Towers in Dhahran, Saudi Arabia, (the "Khobar Towers Bombing"). The Blank Claimants have been awarded a total judgment of $5,625,000 in compensatory damages and $5,625,000 in punitive damages under 28 U.S.C. §1605A against the Islamic Republic of Iran ("Iran") for its role in sponsoring the Khobar Towers Bombing. The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4).

The Blank Claimants just recently learned about this forfeiture action and the allegations and evidence set forth in the complaint at Dkt. No. 1 in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, No. 1:25-cv-07093 (E.D.N.Y.) (the "Fritz Action"). Specifically, the Blank Claimants learned that the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group ("Iran-China Group"). *Fritz*, Dkt. No. 1 at 53. The Blank Claimants promptly sought leave to file this Notice upon learning of this information and this proceeding.

As alleged by the Fritz plaintiffs at Dkt. No. 1, the Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. Through this scheme, sanctioned Iranian oil and gas are converted into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems.

Based on the information newly revealed by the allegations in the *Fritz* Action, under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, the Blank Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "[n]otwithstanding any other provision of law." Accordingly, the Blank Claimants hereby assert their superior interest in so much of the Approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A, and all proceeds traceable thereto ("Defendant Cryptocurrency") as may ultimately be necessary to satisfy the Blank Claimants' outstanding compensatory damages judgments against Iran, plus post-judgment interest thereon. TRIA makes the Blank Claimants' interest in the Defendant Cryptocurrency senior to any interest of the U.S. government. In support of this Notice, the Blank Claimants state as follows:

## I. The Blank Claimants Have Been Awarded A Total Judgment Of $5,625,000 in Compensatory Damages And $5,625,000 In Punitive Damages Against Iran.

1. The Blank Claimants were family members of servicemembers injured in the 1996 Khobar Towers Bombing.

2. In 2021, the United States District Court for the District of Columbia determined that Iran was liable under 28 U.S.C. § 1605A for causing the Blank Claimants' damages and entered judgment awarding them compensatory damages.

3. The damages awarded to Blank Claimants total $5,625,000 in compensatory damages and $5,625,000 in punitive damages. *See* Judgment, *Blank, et al. v. Islamic Republic of Iran*, No. 1:19-cv-03645-BAH, Dkt. No. 21.

4. To date, Iran has not paid any portion of any of the Blank Claimants' judgment. This judgment continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

## II. The Blank Claimants Only Recently Learned Of The Relationship Between The Defendant Cryptocurrency And The Government Of Iran.

9. Based on information the Blank Claimants only recently learned, it appears that the Defendant Cryptocurrency is directly tied to the Iranian government, which was not clear from the forfeiture pleadings filed by the U.S. government.

10. On December 26, 2025, other victims of Iran's state-sponsored terrorism filed a separate action alleging that LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist Iran's continuing efforts to evade U.S. sanctions. *See Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, Case No. 1:25-cv-07093 (E.D.N.Y.), Complaint for Execution and Turnover, Dkt. No. 1.

11. Plaintiffs in the *Fritz* Action, along with another group of victims of Iran's state sponsored terrorism (the "Baxter Victims"), filed Notices of Verified Claims in this action on December 29, 2025. *See* Dkt. Nos. 29 and 30. Additional Notices of Verified Claims have since been filed in this action. *See, e.g.*, Dkt. Nos. 39, 52, 69, 70, 86, 88, 107, 112, 118, 125, 152, 163.

12. Based on the information revealed in the allegations in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Blank Claimants now submit this Notice of Verified Claim.

**III. Under TRIA, Blank Claimants Have A Senior Interest In The Defendant Cryptocurrency.**

13. In the context of a forfeiture action, at this stage of the proceedings, the Blank Claimants need only assert that they have a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (citation omitted). "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." *Id.* at 110 (citation omitted). Here, based on the information alleged in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Blank Claimants have far more than a "facially colorable interest" in the Defendant Cryptocurrency.

14. The Blank Claimants are judgment creditors of Iran as a result of Iran's acts of state-sponsored terrorism. As has now been alleged, because the Iran-China Group was or is an agent or instrumentality of Iran, TRIA entitles the Blank Claimants to execute on the Defendant Cryptocurrency to satisfy those judgments "[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, the Blank Claimants have a possessory interest in the Defendant Cryptocurrency, which permits them to bring the claims asserted here.

15. Specifically, TRIA provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on the "blocked assets" of that terrorist party or its "agency or instrumentality" "to satisfy such judgment to the extent of any compensatory damages." Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002), codified at 28 U.S.C. § 1610 Note. TRIA's cornerstone is the statute's broad "notwithstanding" clause, which aims to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce [their] judgments." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391-92 (2009)

(Kennedy, J., concurring). The notwithstanding clause "mak[es] plain that the force of the [statute] extends everywhere" and "supersede[s] all other laws." *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted). Accordingly, because it expressly overrides conflicting laws, TRIA's notwithstanding clause necessarily overrides "the civil-forfeiture statute." *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

16. Because the Blank Claimants satisfy the requirements of TRIA, their interest in the Defendant Cryptocurrency necessarily is superior to the claims of the U.S. government, as well as all other non-TRIA claimants, in this forfeiture action. To start, as explained above, the Blank Claimants hold a judgment for compensatory damages against Iran based on an act of terrorism under 28 U.S.C. § 1605A. Next, Iran is a "terrorist party" because it has been designated as a state sponsor of terrorism under the Export Administration Act of 1979. *See* TRIA § 201(d)(4); Executive Order No. 13599, 77 Fed. Reg. 6659 (Feb. 5, 2012). Additionally, as alleged in the *Fritz* Action, the Iran-China Group operated as Iran's agency or instrumentality by materially helping Iran avoiding U.S. sanctions, while providing the material function to Iran of laundering its energy resources through cryptocurrency mining, at Iran's direction and behest. *See Fritz* Action, Dkt. No. 70, Plaintiffs' Memorandum of Law in Support of Motion for Attachment, at 13–17 (Dec. 28, 2025); *see also Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107, 135 (2d Cir. 2016). Finally, under TRIA, "[b]locked assets" include "any asset seized or frozen by the United States" pursuant to the International Emergency Economic Powers Act. TRIA § 201(d)(2)(A).

17. The U.S. government has used its authority under that statute to "block" all Iranian property in the United States, including the property of agencies or instrumentalities of

Iran. 31 C.F.R. §§ 560.211, 594.201(a)(5); *Kirschenbaum*, 830 F.3d at 120. As a result, if the Iran-China Group is an agency or instrumentality of Iran, all property of the Iran-China Group qualifies as a blocked asset under TRIA. *See Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022). Because the Defendant Cryptocurrency is property of the Iran-China Group, it is therefore blocked and subject to execution by the Blank Claimants under TRIA.

18. Pursuant to 18 U.S.C. § 983(a) and Rule G, the Blank Claimants hereby assert a protective, prophylactic claim against such amount of the Defendant Cryptocurrency—as the property of an agency or instrumentality of Iran—as may ultimately be necessary to satisfy the outstanding compensatory damages owed to them under their judgment against Iran, plus post-judgment interest, based on the date the Defendant Cryptocurrency is valued for purposes of judgment. The Blank Claimants' claim is senior to the U.S. government's claim. Notwithstanding the U.S. government's forfeiture efforts, the Blank Claimants reserve all rights and remedies available in law and equity to enforce their interest in the Defendant Cryptocurrency.

19. This claim is verified under penalty of perjury by the attached (or separately filed) §1746 declaration, executed by an authorized signatory on behalf of the Blank Claimants.

Dated: February 24, 2026

*/s/ Robert A. Braun*____________
Robert A. Braun (Bar Code 5384748)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Attorney for Blank Claimants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiffs,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants *In Rem*. | Civil Action No. 1:25-cv-05745 (RPK) |

**VERIFICATION OF BLANK CLAIMANTS' CLAIMS**

Robert A. Braun, an attorney duly licensed to practice law in New York, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner in the law firm Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave NW #800, Washington, DC 20005.

2. The statements regarding the D.D.C. judgments/service and related matters are within my personal knowledge and/or based on review of the official dockets. Statements regarding ownership/instrumentality of the Defendant are based on allegations and filings in *Fritz v. Iran & China Investment Development Group*, No. 1:25-cv-07093 (E.D.N.Y.) ("*Fritz* Action").

3. Cohen Milstein represents the Blank Claimants in this action.

4. The Blank Claimants have been awarded a compensatory damages judgment totaling $5,625,000 and punitive damages judgment totaling $5,625,000 under 28 U.S.C. § 1605A against the Islamic Republic of Iran ("Iran") for its role in the 1996 attack on the Khobar

Towers in Dhahran, Saudi Arabia. *See* Judgment, Case No. 1:19-cv-03645-BAH, Dkt. No. 21, attached hereto as Exhibit 1.

5. The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as Exhibit 2.

6. As detailed in a related action pending in this Court—the *Fritz* Action—the 127,271 Bitcoin that constitute the Defendant Cryptocurrency in the instant action belong to Iran and China Investment Development Group ("Iran-China Group"), doing business as Lubian.com or LuBian. *See Fritz* Action, Dkt. No. 1. The Iran-China Group is an agency or instrumentality of Iran. *Id.* ¶ 20. Accordingly, its assets are blocked by operation of U.S. law. *See* Executive Order No. 13599, 77 Fed. Reg. 6659, 6659 (Feb. 5, 2012).

7. To preserve the Blank Claimants' ability to pursue execution and turnover of the 127,271 Bitcoin—which constitute the Defendant Cryptocurrency in this action—on behalf of the Blank Claimants pursuant to N.Y. CPLR 3020(d), I hereby notice and verify the claims of the Blank Claimants against the Defendant Cryptocurrency. Because the Terrorism Risk Insurance Act ("TRIA") allows victims of terrorism with judgments against state sponsors of terrorism to pursue execution and turnover against blocked assets of those terrorist states or their agents or instrumentalities—including such assets that have been "seized" by the U.S. government—"notwithstanding any other provision of law," TRIA § 201(a), I hereby notice and verify the Blank Claimants' superior interest in so much of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the outstanding compensatory damages owed to the Blank Claimants on their judgments against Iran, plus pre- and post-judgment interest.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: February 24, 2026

*/s/ Robert A. Braun*
Robert A. Braun (D.C. Bar 1023352)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Attorney for Blank Claimants*

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDITH BLANK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Civil Action No. 19-3645 (BAH)<br><br>Chief Judge Beryl A. Howell |

**ORDER**

Upon consideration of plaintiffs' Motion to Take Judicial Notice of Evidence in Prior Related Cases and for Entry of Default Judgment as to Liability and Damages, ECF No. 18, the legal memorandum and attached exhibits and declarations in support of the motion, and the entire record herein, for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that plaintiffs' motion is **GRANTED**; the Court finds that plaintiffs have established their "claims or right to relief by evidence satisfactory to the court," 28 U.S.C. § 1608(e); and it is further

**ORDERED** that defendant shall be liable for compensatory damages in the amount of $5,625,000 and punitive damages in the amount of $5,625,000, which shall be allocated in the following manner:

- Plaintiff-parent Edith Blank is entitled to $2,500,000 in solatium damages and $2,500,000 in punitive damages;
- Plaintiff-parent Judith MacKenzie is entitled to $1,250,000 in solatium damages and $1,250,000 in punitive damages;

- Plaintiff-sibling Christine Cramblett is entitled to $1,250,000 in solatium damages and $1,250,000 in punitive damages; and
- Plaintiff-sibling David MacKenzie is entitled to $625,000 in solatium damages and $625,000 in punitive damages; and it is further

**ORDERED** that plaintiffs shall, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order to defendants; and it is further

**ORDERED** that the Clerk of the Court shall close this case.

**SO ORDERED**

Date: July 17, 2021

*This is a final and appealable Order.*

BERYL A. HOWELL
Chief Judge

# Exhibit 2



United States Department of State

*Washington, D.C. 20520*

March 6, 2025

Ms. Angela D. Caesar
United States District Court
For The District of Columbia
333 Constitution Ave. NW
Washington, DC 20001

**Re: *Edith Blank, et al. v. Islamic Republic of Iran,* 1:19-cv-03645 (BAH)**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of an Order and Notice of Default Judgment to the Islamic Republic of Iran pursuant to 28 U.S.C. Sections 1608(a)(4) and (e) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1017-IE, dated February 10, 2025 and delivered on February 11, 2025. A certified copy of the diplomatic note is enclosed.[1]

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser
L/CA/POG/GC

[1] Please note that performance by the Department of State of its statutory functions under 28 U.S.C. § 1608 should not be construed as an indication in any way of the United States' position or views on whether plaintiffs have properly complied with all statutory requirements of the FSIA, the status or character of a defendant, whether service was properly effected, or the merits of any claims or defenses. *See* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Foreign-Sovereign-Immunities-Act.html.

RECEIVED
Mail Room
MAR 14 2025
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Cc: Paul G. Gaston
Law Office of Paul G. Gaston
1101 Connecticut Ave. NW, Suite 450
Washington, DC 20036

Case 1:25-cv-00645-BAH Document 29-1 Filed 03/14/25 Page 14 of 9

## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I, Scott M. DRISKEL, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 28452 dated January 3, 2025, which was transmitted to the Swiss Ministry of Foreign Affairs on January 8, 2025, for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 25, 2025
(Date)



*Embassy of the United States of America*

January 3, 2025

CONS NO. 28452

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – **Edith Blank, et al. v. Islamic Republic of Iran, 1:19-cv-03645 (BAH)**

REF: ----

The Department of State has requested the delivery of the enclosed Order and Notice of Default Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter Edith Blank, et al. v. Islamic Republic of Iran, 1:19-cv-03645 (BAH).

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There is one defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section should transmit the Order and Notice of Default Judgment to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

EMBASSY OF THE UNITED STATES OF AMERICA ★ BERN

**-GIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit ***Edith Blank, et al. v. Islamic Republic of Iran*, 1:19-cv-03645 (BAH)** in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits an Order herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Order, the Foreign Interests Section is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Order and Notice of Default Judgment

2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**

SPECIFIC AUTHENTICATION CERTIFICATE

nfederation of Switzerland )
rn, Canton of Bern ) SS:
mbassy of the United States of America )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 25, 2025
(Date)



Case 1:19-cv-03645-BAH Document 249-4 Filed 02/21/25 Page 20 of 24

Eidgenossenschaft
...on suisse
...razione Svizzera
...federaziun svizra

**Federal Department of Foreign Affairs FDFA**

37229

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 28452 dated January 3, 2025 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:
**Edith Blank, et al. v. Islamic Republic of Iran, 1:19-cv-03645 (BAH)**
Note 1017-IE, addressed to the Islamic Republic of Iran

dated February 10, 2025 and proof of service, dated February 11, 2025 as well as the certification by the Swiss Federal Chancellery dated February 19, 2025.

The section has received the above-mentioned documents on January 21, 2025. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on February 11, 2025. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, February 19, 2025




*Enclosure(s) mentioned*

To the
Embassy of the
United States of America

Berne



SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Gaëlle CAFARO-VULLIERAT
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)



Consul of the United States of America
(Title of Consular Officer)

February 25, 2025
(Date)

…ne Eidgenossenschaft
…ération suisse
…nfederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1017 -IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit ***Edith Blank, et al. v. Islamic Republic of Iran,*** **1:19-cv-03645 (BAH)**, in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits an Order herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Order, the Embassy is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran – February 10, 2025

EMBASSY OF SWITZERLAND IN IRAN

Attachments:
1. Order and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

Case 1:25-cv-01545-RPK-BAH Document 249-4 Filed 08/14/25 Page 23 of 24 PageID #: 7118

I, Dominique Baeriswyl, Head of the Foreign Interests Section of the Embassy of Swi... certify herewith that this is a true copy of Diplomatic Note No. 1017-IE, dated February 10, ... delivery of this note and its enclosures was attempted on February 11, 2025, but the Iranian Mi... Foreign Affairs refused its acceptance.

Dominique Baeriswyl
Head of the Foreign Interests Section

Tehran – February 11, 2025

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

   **This public document**

2. **has been signed by** Dominique Baeriswyl
3. **acting in the capacity of Head of the Foreign Interests Section**
4. **bears the seal/stamp of**

   EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION

   TEHERAN

**Certified**

5. **at Berne**
6. **the** 19 February 2025
7. **by** Gaëlle Cafaro-Vullierat
   **functionary of the Swiss federal Chancellery**
8. **No** 004243
9. **Seal/stamp:**

   Swiss federal Chancellery

10. **Signature:**



Case 1:19-cv-03645-BAH Document 249-4 Filed 03/14/25 Page 24 of 24

ترجمه غیر رسمی

سفارت سوئیس

**قسمت حافظ منافع خارجی**

شماره 1017–IE

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان **Edith Blank و دیگران علیه جمهوری اسلامی ایران، تحت پرونده مدنی شماره 1:19-cv-03645 (BAH)** که در دادگاه منطقه ای ایالات متحده برای منطقه کلمبیا مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده، منطقه کلمبیا، یک فقره دستور را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (a)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدرک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر دستور، یک فقره اطلاعیه حکم غیابی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد. لطفاً توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم غیابی، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو، مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده مراتب احترامات فائقه خود نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران – بتاریخ بیست و دوم بهمن ماه ۱۴۰۳ (۱۰ فوریه ۲۰۲۵)




پیوست: ۱- دستور و اطلاعیه حکم غیابی
۲- ترجمه ها

**اداره امور آمریکا**
**وزارت امور خارجه**
**جمهوری اسلامی ایران**
**تهران**