## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiffs, | Civil Action No. 1:25-cv-05745 (RPK) |
| v. | |
| APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, | |
| Defendants *In Rem*. | |

## NOTICE OF VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE IN REM

The Brewer Claimants are a servicemember injured in the 1984 bombing of the United States Embassy Annex in East Beirut, Lebanon and his family member. The Brewer Claimants have been awarded a total judgment of $309,500,000 with $9,500,000 in compensatory damages and $300,000,000 in punitive damages under 28 U.S.C. §1605A against the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Intelligence and Security, and Islamic Revolutionary Guard Corps for their roles for their roles in sponsoring the bombing. The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4).

The Brewer Claimants just recently learned about this forfeiture action and the allegations and evidence set forth in the complaint at Dkt. No. 1 in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com,* No. 1:25-cv-07093 (E.D.N.Y.) (the "Fritz Action"). Specifically, the Brewer Claimants learned that the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group ("Iran-

China Group"). *Fritz*, Dkt. No. 1 at 53. The Brewer Claimants promptly sought leave to file this Notice upon learning of this information and this proceeding.

As alleged by the Fritz plaintiffs at Dkt. No. 1, the Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. Through this scheme, sanctioned Iranian oil and gas are converted into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems.

Based on the information newly revealed by the allegations in the *Fritz* Action, under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, the Brewer Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "[n]otwithstanding any other provision of law." Accordingly, the Brewer Claimants hereby assert their superior interest in so much of the Approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A, and all proceeds traceable thereto ("Defendant Cryptocurrency") as may ultimately be necessary to satisfy the Brewer Claimants' outstanding compensatory damages judgments against Iran, plus post-judgment interest thereon. TRIA makes the Brewer Claimants' interest in the Defendant Cryptocurrency senior to any interest of the U.S. government. In support of this Notice, the Brewer Claimants state as follows:

**I.    The Brewer Claimants Have Been Awarded A Total Judgment Of $309,500,000 With $9,500,000 In Compensatory Damages And $300,000,000 In Punitive Damages Against Iran.**

1.      The Brewer Claimants were a servicemember injured in the 1984 bombing of the United States Embassy Annex in East Beirut, Lebanon and his family member.

2.      In 2009, the United States District Court for the District of Columbia determined that Iran was liable under 28 U.S.C. § 1605A for causing the Brewer Claimants' damages and entered judgment awarding them compensatory damages and punitive damages.

3.      The damages awarded to Brewer Claimants total of $9,500,000 in compensatory damages and $300,000,000 in punitive damages. *See* Judgment, *Brewer, et al. v. Islamic Republic of Iran, et al.*, No. 1:08-cv-00534-ESH, Dkt. No. 21.

4.      In 2021, the Court granted the Brewer Claimants' motion to revive judgment for another twelve years, or to October 15, 2033. *See id*, Dkt. No. 32.

5.      To date, Iran has not paid any portion of any of the Brewer Claimants' judgment. This judgment continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

## II.     The Brewer Claimants Only Recently Learned Of The Relationship Between The Defendant Cryptocurrency And The Government Of Iran.

9.      Based on information the Brewer Claimants only recently learned, it appears that the Defendant Cryptocurrency is directly tied to the Iranian government, which was not clear from the forfeiture pleadings filed by the U.S. government.

10.     On December 26, 2025, other victims of Iran's state-sponsored terrorism filed a separate action alleging that LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist Iran's continuing efforts to evade U.S. sanctions. *See Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, Case No. 1:25-cv-07093 (E.D.N.Y.), Complaint for Execution and Turnover, Dkt. No. 1.

11.     Plaintiffs in the *Fritz* Action, along with another group of victims of Iran's state sponsored terrorism (the "Baxter Victims"), filed Notices of Verified Claims in this action on December 29, 2025. *See* Dkt. Nos. 29 and 30. Additional Notices of Verified Claims have since been filed in this action. *See, e.g.*, Dkt. Nos. 39, 52, 69, 70, 86, 88, 107, 112, 118, 125, 152, 163.

12.     Based on the information revealed in the allegations in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Brewer Claimants now submit this Notice of Verified Claim.

### III.    Under TRIA, Brewer Claimants Have A Senior Interest In The Defendant Cryptocurrency.

13.     In the context of a forfeiture action, at this stage of the proceedings, the Brewer Claimants need only assert that they have a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (citation omitted). "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." *Id.* at 110 (citation omitted). Here, based on the information alleged in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Brewer Claimants have far more than a "facially colorable interest" in the Defendant Cryptocurrency.

14.     The Brewer Claimants are judgment creditors of Iran as a result of Iran's acts of state-sponsored terrorism. As has now been alleged, because the Iran-China Group was or is an agent or instrumentality of Iran, TRIA entitles the Brewer Claimants to execute on the Defendant Cryptocurrency to satisfy those judgments "[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, the Brewer Claimants have a possessory interest in the Defendant Cryptocurrency, which permits them to bring the claims asserted here.

4

15.     Specifically, TRIA provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on the "blocked assets" of that terrorist party or its "agency or instrumentality" "to satisfy such judgment to the extent of any compensatory damages." Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002), codified at 28 U.S.C. § 1610 Note. TRIA's cornerstone is the statute's broad "notwithstanding" clause, which aims to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce [their] judgments." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391-92 (2009) (Kennedy, J., concurring). The notwithstanding clause "mak[es] plain that the force of the [statute] extends everywhere" and "supersede[s] all other laws." *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted). Accordingly, because it expressly overrides conflicting laws, TRIA's notwithstanding clause necessarily overrides "the civil-forfeiture statute." *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

16.     Because the Brewer Claimants satisfy the requirements of TRIA, their interest in the Defendant Cryptocurrency necessarily is superior to the claims of the U.S. government, as well as all other non-TRIA claimants, in this forfeiture action. To start, as explained above, the Brewer Claimants hold a judgment for compensatory damages against Iran based on an act of terrorism under 28 U.S.C. § 1605A. Next, Iran is a "terrorist party" because it has been designated as a state sponsor of terrorism under the Export Administration Act of 1979. *See* TRIA § 201(d)(4); Executive Order No. 13599, 77 Fed. Reg. 6659 (Feb. 5, 2012). Additionally, as alleged in the *Fritz* Action, the Iran-China Group operated as Iran's agency or instrumentality by materially helping Iran avoiding U.S. sanctions, while providing the material function to Iran

5

of laundering its energy resources through cryptocurrency mining, at Iran's direction and behest. *See Fritz* Action, Dkt. No. 70, Plaintiffs' Memorandum of Law in Support of Motion for Attachment, at 13–17 (Dec. 28, 2025); *see also Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107, 135 (2d Cir. 2016). Finally, under TRIA, "[b]locked assets" include "any asset seized or frozen by the United States" pursuant to the International Emergency Economic Powers Act. TRIA § 201(d)(2)(A).

17.    The U.S. government has used its authority under that statute to "block" all Iranian property in the United States, including the property of agencies or instrumentalities of Iran. 31 C.F.R. §§ 560.211, 594.201(a)(5); *Kirschenbaum*, 830 F.3d at 120. As a result, if the Iran-China Group is an agency or instrumentality of Iran, all property of the Iran-China Group qualifies as a blocked asset under TRIA. *See Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022). Because the Defendant Cryptocurrency is property of the Iran-China Group, it is therefore blocked and subject to execution by the Brewer Claimants under TRIA.

18.    Pursuant to 18 U.S.C. § 983(a) and Rule G, the Brewer Claimants hereby assert a protective, prophylactic claim against such amount of the Defendant Cryptocurrency—as the property of an agency or instrumentality of Iran—as may ultimately be necessary to satisfy the outstanding compensatory damages owed to them under their judgment against Iran, plus post-judgment interest, based on the date the Defendant Cryptocurrency is valued for purposes of judgment. The Brewer Claimants' claim is senior to the U.S. government's claim. Notwithstanding the U.S. government's forfeiture efforts, the Brewer Claimants reserve all rights and remedies available in law and equity to enforce their interest in the Defendant Cryptocurrency.

19.     This claim is verified under penalty of perjury by the attached (or separately filed) §1746 declaration, executed by an authorized signatory on behalf of the Brewer Claimants.

Dated: February 24, 2026

*/s/ Robert A. Braun*_____
Robert A. Braun (Bar Code 5384748)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Attorney for Brewer Claimants*

7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiffs, | Civil Action No. 1:25-cv-05745 (RPK) |
| v. | |
| APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, | |
| Defendants *In Rem*. | |

## VERIFICATION OF BREWER CLAIMANTS' CLAIMS

Robert A. Braun, an attorney duly licensed to practice law in New York, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a partner in the law firm Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave NW #800, Washington, DC 20005.

2.      The statements regarding the D.D.C. judgments/service and related matters are within my personal knowledge and/or based on review of the official dockets. Statements regarding ownership/instrumentality of the Defendant are based on allegations and filings in *Fritz v. Iran & China Investment Development Group*, No. 1:25-cv-07093 (E.D.N.Y.) ("*Fritz Action*").

3.      Cohen Milstein represents the Brewer Claimants in this action.

4.      The Brewer Claimants have been awarded $9,500,000 in compensatory damages and $300,000,000 in punitive damages totaling $309,500,000 under 28 U.S.C. § 1605A against the Islamic Republic of Iran ("Iran") for its role in the 1984 bombing of the United States

Embassy Annex in East Beirut, Lebanon. *See* Judgment, Case No. 1:08-cv-00534-ESH, Dkt. No. 21, attached hereto as Exhibit 1.

5.      The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as Exhibit 2.

6.      In 2021, the Court granted the Brewer Claimants' motion to revive judgment for another twelve years, or to October 15, 2033, attached hereto as Exhibit 3.

7.      As detailed in a related action pending in this Court—the *Fritz* Action—the 127,271 Bitcoin that constitute the Defendant Cryptocurrency in the instant action belong to Iran and China Investment Development Group ("Iran-China Group"), doing business as Lubian.com or LuBian. *See Fritz* Action, Dkt. No. 1. The Iran-China Group is an agency or instrumentality of Iran. *Id.* ¶ 20. Accordingly, its assets are blocked by operation of U.S. law. *See* Executive Order No. 13599, 77 Fed. Reg. 6659, 6659 (Feb. 5, 2012).

8.      To preserve the Brewer Claimants' ability to pursue execution and turnover of the 127,271 Bitcoin—which constitute the Defendant Cryptocurrency in this action—on behalf of the Brewer Claimants pursuant to N.Y. CPLR 3020(d), I hereby notice and verify the claims of the Brewer Claimants against the Defendant Cryptocurrency. Because the Terrorism Risk Insurance Act ("TRIA") allows victims of terrorism with judgments against state sponsors of terrorism to pursue execution and turnover against blocked assets of those terrorist states or their agents or instrumentalities—including such assets that have been "seized" by the U.S. government—"notwithstanding any other provision of law," TRIA § 201(a), I hereby notice and verify the Brewer Claimants' superior interest in so much of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the outstanding compensatory damages owed to the Brewer Claimants on their judgments against Iran, plus pre- and post-judgment interest.

2

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: February 24, 2026

*/s/ Robert A. Braun*
Robert A. Braun (D.C. Bar 1023352)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Attorney for Brewer Claimants*

3

# Exhibit 1

Case 1:25-cv-05745-RBK—ESP Document 249-5 Filed 02/24/26 Page 12 of 32 PageID #:
7131
Case 1:08-cv-00534-ESH Document 21 Filed 10/15/2009 Page 1 of 2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____ )
                                       )
**RICHARD PAUL BREWER,** *et al.***,**   )
                                       )
      **Plaintiffs,**        )
                                       )
      **v.**                  )     **Civil Action No.  08-0534 (ESH)**
                                       )
**ISLAMIC REPUBLIC OF IRAN,** *et al.***,** )
                                       )
      **Defendants.**         )
_____ )


## ORDER AND JUDGMENT

Pursuant to Fed. R. Civ. P. 58, and for the reasons set forth by the Court in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that plaintiffs' Motion for Default Judgment [dkt. #19], is GRANTED; it is

**FURTHER ORDERED** that the Court enters final judgment against defendants the Islamic Republic of Iran ("Iran"), the Ministry of Information and Security of Iran ("MOIS"), and the Iranian Revolutionary Guard Corps ("IRGC"), jointly and severally, and in favor of plaintiff Richard Paul Brewer for damages in the amount of $7,000,000 for pain and suffering; it is

**FURTHER ORDERED** that the Court enters final judgment against defendants Iran, MOIS, and IRGC, jointly and severally, and in favor of plaintiff Joyce Louise Leydet for damages in the amount of $2,500,000 for pain and suffering; it is

**FURTHER ORDERED** that the Court enters final judgment against defendants Iran, MOIS, and IRGC, jointly and severally, and in favor of plaintiffs for punitive damages in the amount of $300,000,000; and it is

**FURTHER ORDERED** that plaintiffs, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order and Judgment and the Memorandum Opinion issued this date to defendants.

**SO ORDERED**.


_____
/s/
ELLEN SEGAL HUVELLE
United States District Judge


Date: October 15, 2009

# Exhibit 2



**United States Department of State**

*Washington, D.C. 20520*

June 9, 2010

Ms. Nancy Mayer-Whittington
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

    **Re: Richard Paul Brewer, et al. v. Islamic Republic of Iran, et al.,
Case Number 01:08-CV-00534**

Dear Ms. Mayer-Whittington:

    I am writing regarding the Court's request for service of Orders, Judgments and Notices of Default Judgment pursuant to 28 U.S.C. 1608(a)(4) upon defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security and the Iranian Revolutionary Guard Corps in the above mentioned lawsuit.

    Because the United States does not maintain diplomatic relations with the government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were transmitted to the Iranian Ministry of Foreign Affairs under cover of diplomatic notes 1041-IE, 1042-IE and 1043-IE, each dated and delivered on April 12, 2010.

    I am enclosing certified copies of the diplomatic notes used to transmit these documents to the Iranian Ministry of Foreign Affairs. This includes the authenticated certification of the Head of the U.S. Interests Section at the Swiss Embassy in Tehran and the certification of the Vice Consul of the U.S. Embassy in Bern.

**RECEIVED**

JUN 1 1 2010

Clerk, U.S. District and
Bankruptcy Courts

Should you have any questions regarding this matter, please do not hesitate to contact me at (202) 736-9115.

Sincerely,

William P. Fritzlen
Attorney Adviser
Office of Policy Review and Interagency Liaison

Enclosures As Stated

Cc:   Paul G. Gaston
Law Offices of Paul G. Gaston
1776 Massachusetts Ave., NW, Suite 806
Washington, DC 20036

SPECIFIC AUTHENTICATION CERTIFICATE

federation of Switzerland        )
n, Canton of Bern                ) SS:
assy of the United States of America )


ward P. Birsner, a consular officer at the Embassy of
nited States at Bern, Switzerland, certify that this
true copy of Embassy note number 18977 dated March 30,
which was transmitted to the Swiss Ministry of
gn Affairs on March 31, 2009 for further transmission
e American Interests Section of the Swiss Embassy in
, Iran.




(Signature of Consular Officer)



_____Edward P. BIRSNER_____
(Typed name of Consular Officer)



nsul General of the United States of America
(Title of Consular Officer)



May 21, 2010
(Date)

*Embassy of the United States of America*

March 30, 2010

CONS NO.    18977

Federal Department of Foreign
 Affairs
Foreign Interests Service
Bundeshaus Nord
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the
Foreign Sovereign Immunities Act (FSIA) - Richard Paul
BREWER, et al. v. Islamic Republic of Iran, et al., Case No.
08-0534

REF:      ----

The Department of State has requested the delivery of the
enclosed Orders and Judgments to the Ministry of Foreign
Affairs of the Islamic Republic of Iran pursuant to the
Foreign Sovereign Immunities Act in the matter of Richard
Paul Brewer, et al. v. Islamic Republic of Iran, et al., Case
No. 08-0534.

The Embassy is herewith requesting the Swiss Ministry of
Foreign Affairs to transmit the documents to the American
Interests Section of the Swiss Embassy in Tehran.   The
Islamic Republic of Iren, the Iranian Ministry of Information
and Security and the Iranian Revolutionary Guard Corps are
defendants in this case.   The American Interests Section
should transmit the Orders and Judgments to the Iranian
Ministry of Foreign Affairs under cover of three diplomatic
notes utilizing the language provided in the enclosed
instructions.

Transmittal should be done in a manner which enables the
Embassy to confirm delivery.   The American Interests Section
should execute certifications of the diplomatic notes, which
will be forwarded by the Department of State to the
requesting court in the United States.

Enclosed are the appropriate parts of a message the Embassy received from the Department of State as well as three sets of documents for the Islamic Republic of Iran, the Iranian Ministry of Information and Security and the Iranian Revolutionary Guard Corps.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

SPECIFIC AUTHENTICATION CERTIFICATE

| ederation of Switzerland    )
| Canton of Bern             ) SS:
| ssy of the United States of America )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
(Signature of Consular Officer)


_____Edward P. BIRSNER_____
(Typed name of Consular Officer)


onsul General of the United States of America
(Title of Consular Officer)


_____May 21, 2010_____
(Date)

Confederaziun svizra

**Federal Department of Foreign Affairs FDFA**

K 252 22-USA/IRAN 02 - 4

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons note No. 18977 dated March 30, 2010 regarding judicial assistance and has the honor to convey following documents of the US Interests Section of the Embassy of Switzerland in Tehran:

- Judicial Assistance: Lawsuit Richard Paul Brewer, et al. v. Islamic Republic of Iran et al., Case No. 08 0534.
- Note No. 1041-IE addressed to the Islamic Republic of Iran, Note 1042-IE addressed to the Iranian Ministry of Information and Security and Note No. 1043-IE addressed to the Iranian Revolutionary Guard Corps, dated April 12, 2010 and proof of service, dated April 12, 2010, as well as the certification by the Swiss Federal Chancellery dated April 30, 2010.

The section has received the above mentioned documents on April 11, 2010. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic notes on April 12, 2010. The reception of the mentioned documents was refused without comment the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, April 30, 2010

*Enclosure mentioned*



To the
Embassy of the
United States of America

Berne

## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland          )
Bern, Canton of Bern                  ) SS:
Embassy of the United States of America )


I certify that the annexed document is executed by the
genuine signature and seal of the following named official
who, in an official capacity, is empowered by the laws of
Switzerland to execute that document.

I certify under penalty of perjury under the laws of the
United States that the foregoing is true and correct.


_____Ruth EGGER_____
(Typed name of Official who executed the annexed document)



_____
(Signature of Consular Officer)



_____Edward P. BIRSNER_____
(Typed name of Consular Officer)



Consul General of the United States of America
(Title of Consular Officer)



_____May 21, 2010_____
(Date)

Confederaziun svizra

**Embassy of Switzerland in Iran**

No. 1041-IE

The Embassy of Switzerland in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Richard Paul Brewer, et al.  v. Islamic Republic of Iran, et al., Case Number 08-0534, which is pending in the Federal District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in that lawsuit. The Foreign Interests Section transmits a Memorandum and Order herewith. The U.S. Federal District Court has requested the transmittal of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608 (a)(4).

In addition to the Memorandum and Order, the Foreign Interests Section is enclosing a notice of default judgment prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the default judgment.

The Foreign Interests Section has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment. Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses. Consistent with practice, the United States Department of State is available to discuss with counsel the requirements of U.S. law. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1 – Memorandum and Order
2 – Translations

Tehran – April 12, 2010 (Farvardin 23, 1389)

Ministry of Foreign Affairs of the
Islamic Republic of Iran
Department General of Protocol
Tehran

I, Manuela Mäder, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Tehran certify that this is a true copy of the diplomatic note number 1041 -IE dated April 12, 2010 and delivered to the Iranian Ministry of Foreign Affairs on April 12, 2010.



Manuela Mäder
Deputy Head of Foreign Interests Section

Tehran – April 12, 2010



| | | |
|---|---|---|
| | **APOSTILLE** | |
| | **(Convention de la Haye du 5 octobre 1961)** | |
| 1. | Country: SWISS CONFEDERATION | |
| | This public document | |
| 2. | has been signed by      Manuela Mäder | |
| 3. | acting in the capacity of officers | |
| 4. | bears the seal/stamp of | |
| | Embassy of Switzerland US Interests Section Tehran | |
| | **Certified** | |
| 5. | at Berne | 6.      the 30 April 2010 |
| 7. | by  Ruth Egger | |
| | functionary of the Swiss federal Chancellery | |
| 8. | No ............ 008050 | |
| 9. | Seal/stamp: | 10.  Signature: |
| | Swiss federal Chancellery | Ruth Egger |

<u>SPECIFIC AUTHENTICATION CERTIFICATE</u>

ederation of Switzerland          )
, Canton of Bern                  ) SS:
ssy of the United States of America )


tify that the annexed document is executed by the
ne signature and seal of the following named official
in an official capacity, is empowered by the laws of
erland to execute that document.

tify under penalty of perjury under the laws of the
d States that the foregoing is true and correct.


_____Ruth EGGER_____
d name of Official who executed the annexed document)


_____
(Signature of Consular Officer)


_____Edward P. BIRSNER_____
(Typed name of Consular Officer)


Consul General of the United States of America
(Title of Consular Officer)


_____May 21, 2010_____
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Embassy of Switzerland in Iran**

No. 1042-IE

The Embassy of Switzerland in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Richard Paul Brewer, et al. v. Islamic Republic of Iran, et al., Case Number 08-0534, which is pending in the Federal District Court for the District of Columbia. The Iranian Ministry of Information and Security is a defendant in that lawsuit. The Foreign Interests Section transmits a Memorandum and Order herewith. The U.S. Federal District Court has requested the transmittal of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608 (a)(4).

In addition to the Memorandum and Order, the Foreign Interests Section is enclosing a notice of default judgment prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the default judgment.

The Foreign Interests Section has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment. Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses. Consistent with practice, the United States Department of State is available to discuss with counsel the requirements of U.S. law. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1 – Memorandum and Order
2 – Translations

Tehran – April 12, 2010 (Farvardin 23, 1389)

Ministry of Foreign Affairs of the
Islamic Republic of Iran
Department General of Protocol

I, Manuela Mäder, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Tehran certify that this is a true copy of the diplomatic note number 1042 -IE dated April 12, 2010 and delivered to the Iranian Ministry of Foreign Affairs on April 12, 2010.



Manuela Mäder
Deputy Head of Foreign Interests Section

Tehran – April 12, 2010

---

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. Country: SWISS CONFEDERATION

   This public document

2. has been signed by      Manuela Mäder

3. acting in the capacity of officers

4. bears the seal/stamp of

   Embassy of Switzerland US Interests Section Tehran

   **Certified**

5. at Berne              6.       the 30 April 2010

7. by  Ruth Egger
   functionary of the Swiss federal Chancellery

   No ....  0 0 8 0 5 1

9. Seal/stamp:                    10.  Signature:

   Swiss federal Chancellery

                                        Ruth Egger



SPECIFIC AUTHENTICATION CERTIFICATE

ederation of Switzerland        )
, Canton of Bern               ) SS:
ssy of the United States of America )


tify that the annexed document is executed by the
ne signature and seal of the following named official
in an official capacity, is empowered by the laws of
erland to execute that document.

tify under penalty of perjury under the laws of the
d States that the foregoing is true and correct.


_____     Ruth EGGER     _____
d name of Official who executed the annexed document)


_____
(Signature of Consular Officer)


_____Edward P. BIRSNER_____
(Typed name of Consular Officer)


onsul General of the United States of America
(Title of Consular Officer)


_____May 21, 2010_____
(Date)

Confederaziun svizra

**Embassy of Switzerland in Iran**

No. 1043-IE

The Embassy of Switzerland in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Richard Paul Brewer, et al. v. Islamic Republic of Iran, et al., Case Number 08-0534, which is pending in the Federal District Court for the District of Columbia. The Iranian Revolutionary Guard Corps is a defendant in that lawsuit. The Foreign Interests Section transmits a Memorandum and Order herewith. The U.S. Federal District Court has requested the transmittal of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608 (a)(4).

In addition to the Memorandum and Order, the Foreign Interests Section is enclosing a notice of default judgment prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the default judgment.

The Foreign Interests Section has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment. Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses. Consistent with practice, the United States Department of State is available to discuss with counsel the requirements of U.S. law. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1 – Memorandum and Order
2 – Translations

Tehran – April 12, 2010 (Farvardin 23, 1389)

Ministry of Foreign Affairs of the
Islamic Republic of Iran
Department General of Protocol
Tehran

I, Manuela Mäder, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Tehran certify that this is a true copy of the diplomatic note number 1043 -IE dated April 12, 2010 and delivered to the Iranian Ministry of Foreign Affairs on April 12, 2010.



Manuela Mäder
Deputy Head of Foreign Interests Section

Tehran – April 12, 2010

---

**APOSTILLE**
(Convention de la Haye du 5 octobre 1961)

1. Country: SWISS CONFEDERATION

   This public document

2. has been signed by    Manuela Mäder

3. acting in the capacity of officers

4. bears the seal/stamp of

   Embassy of Switzerland US Interests Section Tehran

   Certified

5. at Berne               6.      the 30 April 2010

7. by Ruth Egger
   functionary of the Swiss federal Chancellery

8. No  008052



9. Seal/stamp:                    10. Signature:

   Swiss federal Chancellery

                                      Ruth Egger

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THIS DISTRICT OF COLUMBIA

RICHARD PAUL BREWER, et al.

Plaintiffs

v.                                                    Civil Action No. 08-0534 (ESH)

ISLAMIC REPUBLIC OF IRAN, et al.

Defendants

**ORDER**

Upon consideration of Judgment Creditors' Motion to Revive Judgment of October 15,
2009, the Court hereby GRANTS such motion. The Judgment is extended in favor of the
Judgment Creditors and against the Defendants for another twelve years, or until October 15,
2033.

SO ORDERED, this ____ day of _____, 2021.

ELLEN SEGAL HUVELLE
United States District Judge