**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiffs, | Civil Action No. 1:25-cv-05745 (RPK) |
| v. | |
| APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, | |
| Defendants *In Rem*. | |

## NOTICE OF VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE IN REM

The Thole Claimants are servicemembers injured and family members of servicemembers killed in the 1996 attack on the Khobar Towers in Dhahran, Saudi Arabia, (the "Khobar Towers Bombing"). The Thole Claimants have been awarded a total judgment of $34,250,000 in compensatory damages and $34,250,000 in punitive damages under 28 U.S.C. §1605A against the Islamic Republic of Iran ("Iran") for its role in sponsoring the Khobar Towers Bombing. The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4).

The Thole Claimants just recently learned about this forfeiture action and the allegations and evidence set forth in the complaint at Dkt. No. 1 in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com,* No. 1:25-cv-07093 (E.D.N.Y.) (the "Fritz Action"). Specifically, the Thole Claimants learned that the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group ("Iran-China

Group"). *Fritz*, Dkt. No. 1 at 53. The Thole Claimants promptly sought leave to file this Notice upon learning of this information and this proceeding.

As alleged by the Fritz plaintiffs at Dkt. No. 1, the Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. Through this scheme, sanctioned Iranian oil and gas are converted into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems.

Based on the information newly revealed by the allegations in the *Fritz* Action, under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, the Thole Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "[n]otwithstanding any other provision of law." Accordingly, the Thole Claimants hereby assert their superior interest in so much of the Approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A, and all proceeds traceable thereto ("Defendant Cryptocurrency") as may ultimately be necessary to satisfy the Thole Claimants' outstanding compensatory damages judgments against Iran, plus post-judgment interest thereon. TRIA makes the Thole Claimants' interest in the Defendant Cryptocurrency senior to any interest of the U.S. government. In support of this Notice, the Thole Claimants state as follows:

I.     **The Thole Claimants Have Been Awarded A Total Judgment Of $68,500,000 With $34,250,000 In Compensatory Damages And $34,250,000 In Punitive Damages Against Iran.**

1.     The Thole Claimants were servicemembers injured and family members of servicemembers killed in the 1996 Khobar Towers Bombing.

2.      In 2024, the United States District Court for the District of Columbia determined that Iran was liable under 28 U.S.C. § 1605A for causing the Thole Claimants' damages and entered judgment awarding them compensatory damages and punitive damages.

3.      The damages awarded to Thole Claimants total $34,250,000 in compensatory damages and $34,250,000 in punitive damages. *See* Judgment, *Thole, et al. v. Islamic Republic of Iran*, No. 1:23-cv-00793-BAH, Dkt. No. 20.

4.      To date, Iran has not paid any portion of any of the Thole Claimants' judgment. This judgment continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

## II.      The Thole Claimants Only Recently Learned Of The Relationship Between The Defendant Cryptocurrency And The Government Of Iran.

9.      Based on information the Thole Claimants only recently learned, it appears that the Defendant Cryptocurrency is directly tied to the Iranian government, which was not clear from the forfeiture pleadings filed by the U.S. government.

10.      On December 26, 2025, other victims of Iran's state-sponsored terrorism filed a separate action alleging that LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist Iran's continuing efforts to evade U.S. sanctions. *See Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, Case No. 1:25-cv-07093 (E.D.N.Y.), Complaint for Execution and Turnover, Dkt. No. 1.

11.      Plaintiffs in the *Fritz* Action, along with another group of victims of Iran's state sponsored terrorism (the "Baxter Victims"), filed Notices of Verified Claims in this action on December 29, 2025. *See* Dkt. Nos. 29 and 30. Additional Notices of Verified Claims have since been filed in this action. *See, e.g.*, Dkt. Nos. 39, 52, 69, 70, 86, 88, 107, 112, 118, 125, 152, 163.

12.     Based on the information revealed in the allegations in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Thole Claimants now submit this Notice of Verified Claim.

### III.    Under TRIA, Thole Claimants Have A Senior Interest In The Defendant Cryptocurrency.

13.     In the context of a forfeiture action, at this stage of the proceedings, the Thole Claimants need only assert that they have a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (citation omitted). "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." *Id.* at 110 (citation omitted). Here, based on the information alleged in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Thole Claimants have far more than a "facially colorable interest" in the Defendant Cryptocurrency.

14.     The Thole Claimants are judgment creditors of Iran as a result of Iran's acts of state-sponsored terrorism. As has now been alleged, because the Iran-China Group was or is an agent or instrumentality of Iran, TRIA entitles the Thole Claimants to execute on the Defendant Cryptocurrency to satisfy those judgments "[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, the Thole Claimants have a possessory interest in the Defendant Cryptocurrency, which permits them to bring the claims asserted here.

15.     Specifically, TRIA provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on the "blocked assets" of that terrorist party or its "agency or instrumentality" "to satisfy such judgment to the extent of any compensatory damages." Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002), codified at 28 U.S.C. § 1610 Note. TRIA's cornerstone is the statute's broad "notwithstanding" clause,

which aims to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce [their] judgments." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391-92 (2009) (Kennedy, J., concurring). The notwithstanding clause "mak[es] plain that the force of the [statute] extends everywhere" and "supersede[s] all other laws." *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted). Accordingly, because it expressly overrides conflicting laws, TRIA's notwithstanding clause necessarily overrides "the civil-forfeiture statute." *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

16.    Because the Thole Claimants satisfy the requirements of TRIA, their interest in the Defendant Cryptocurrency necessarily is superior to the claims of the U.S. government, as well as all other non-TRIA claimants, in this forfeiture action. To start, as explained above, the Thole Claimants hold a judgment for compensatory damages against Iran based on an act of terrorism under 28 U.S.C. § 1605A. Next, Iran is a "terrorist party" because it has been designated as a state sponsor of terrorism under the Export Administration Act of 1979. *See* TRIA § 201(d)(4); Executive Order No. 13599, 77 Fed. Reg. 6659 (Feb. 5, 2012). Additionally, as alleged in the *Fritz* Action, the Iran-China Group operated as Iran's agency or instrumentality by materially helping Iran avoiding U.S. sanctions, while providing the material function to Iran of laundering its energy resources through cryptocurrency mining, at Iran's direction and behest. *See Fritz* Action, Dkt. No. 70, Plaintiffs' Memorandum of Law in Support of Motion for Attachment, at 13–17 (Dec. 28, 2025); *see also Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107, 135 (2d Cir. 2016). Finally, under TRIA, "[b]locked assets" include "any asset seized or frozen

by the United States" pursuant to the International Emergency Economic Powers Act. TRIA §
201(d)(2)(A).

17.     The U.S. government has used its authority under that statute to "block" all
Iranian property in the United States, including the property of agencies or instrumentalities of
Iran. 31 C.F.R. §§ 560.211, 594.201(a)(5); *Kirschenbaum*, 830 F.3d at 120. As a result, if the
Iran-China Group is an agency or instrumentality of Iran, all property of the Iran-China Group
qualifies as a blocked asset under TRIA. *See Levinson v. Kuwait Finance House (Malaysia)
Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022). Because the Defendant Cryptocurrency is property of
the Iran-China Group, it is therefore blocked and subject to execution by the Thole Claimants
under TRIA.

18.     Pursuant to 18 U.S.C. § 983(a) and Rule G, the Thole Claimants hereby assert a
protective, prophylactic claim against such amount of the Defendant Cryptocurrency—as the
property of an agency or instrumentality of Iran—as may ultimately be necessary to satisfy the
outstanding compensatory damages owed to them under their judgment against Iran, plus post-
judgment interest, based on the date the Defendant Cryptocurrency is valued for purposes of
judgment. The Thole Claimants' claim is senior to the U.S. government's claim.
Notwithstanding the U.S. government's forfeiture efforts, the Thole Claimants reserve all rights
and remedies available in law and equity to enforce their interest in the Defendant
Cryptocurrency.

19.     This claim is verified under penalty of perjury by the attached (or separately filed)
§1746 declaration, executed by an authorized signatory on behalf of the Thole Claimants.

Dated: February 24, 2026

*/s/ Robert A. Braun*

6

Robert A. Braun (Bar Code 5384748)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Attorney for Thole Claimants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiffs, | Civil Action No. 1:25-cv-05745 (RPK) |
| v. | |
| APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, | |
| Defendants *In Rem*. | |

## VERIFICATION OF THOLE CLAIMANTS' CLAIMS

Robert A. Braun, an attorney duly licensed to practice law in New York, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.     I am a partner in the law firm Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave NW #800, Washington, DC 20005.

2.     The statements regarding the D.D.C. judgments/service and related matters are within my personal knowledge and/or based on review of the official dockets. Statements regarding ownership/instrumentality of the Defendant are based on allegations and filings in *Fritz v. Iran & China Investment Development Group*, No. 1:25-cv-07093 (E.D.N.Y.) ("*Fritz Action*").

3.     Cohen Milstein represents the Thole Claimants in this action.

4.     The Thole Claimants have been awarded $34,250,000 in compensatory damages and $34,250,000 in punitive damages totaling $68,500,000 under 28 U.S.C. § 1605A against the Islamic Republic of Iran ("Iran") for its role in the 1996 attack on the Khobar Towers in

Dhahran, Saudi Arabia. *See* Judgment, Case No. 1:23-cv-00793-BAH, Dkt. No. 20, attached hereto as Exhibit 1.

5.     The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as Exhibit 2.

6.     As detailed in a related action pending in this Court—the *Fritz* Action—the 127,271 Bitcoin that constitute the Defendant Cryptocurrency in the instant action belong to Iran and China Investment Development Group ("Iran-China Group"), doing business as Lubian.com or LuBian. *See Fritz* Action, Dkt. No. 1. The Iran-China Group is an agency or instrumentality of Iran. *Id.* ¶ 20. Accordingly, its assets are blocked by operation of U.S. law. *See* Executive Order No. 13599, 77 Fed. Reg. 6659, 6659 (Feb. 5, 2012).

7.     To preserve the Thole Claimants' ability to pursue execution and turnover of the 127,271 Bitcoin—which constitute the Defendant Cryptocurrency in this action—on behalf of the Thole Claimants pursuant to N.Y. CPLR 3020(d), I hereby notice and verify the claims of the Thole Claimants against the Defendant Cryptocurrency. Because the Terrorism Risk Insurance Act ("TRIA") allows victims of terrorism with judgments against state sponsors of terrorism to pursue execution and turnover against blocked assets of those terrorist states or their agents or instrumentalities—including such assets that have been "seized" by the U.S. government— "notwithstanding any other provision of law," TRIA § 201(a), I hereby notice and verify the Thole Claimants' superior interest in so much of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the outstanding compensatory damages owed to the Thole Claimants on their judgments against Iran, plus pre- and post-judgment interest.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: February 24, 2026

/s/ Robert A. Braun
Robert A. Braun (D.C. Bar 1023352)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Attorney for Thole Claimants*

# Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

DAVID E. THOLE, *et al.*,

               Plaintiffs,

               v.

ISLAMIC REPUBLIC OF IRAN,

               Defendant.

Civil Action No. 23-793

Judge Beryl A. Howell

---

**ORDER**

Upon consideration of plaintiffs' Motion for Entry of Default Judgment and to Take Judicial Notice of Evidence in Related Prior Cases, ECF No. 16, the legal memoranda in support of the motion, the exhibits and declarations submitted in support of the motion, and the entire record herein, for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that, upon finding that plaintiffs have established their "claims or right to relief by evidence satisfactory to the court," 28 U.S.C. § 1608(e), plaintiffs' motion is **GRANTED**; it is further

**ORDERED** that defendant shall be liable for compensatory damages in the amount of $34,250,000 and punitive damages in the amount of $34,250,000, resulting in a total award of $68,500,000, which shall be allocated in the following manner:

1. Servicemember plaintiffs Juan Antonio Manrique and John D. Brooks, who each suffered injuries resulting in VA disability ratings between 40–60%, are entitled to $6,000,000 in pain and suffering damages and $6,000,000 in punitive damages;

1

2.    Servicemember plaintiffs David E. Thole and Joan M. Thole, who each suffered severe physical and psychological injuries, are each entitled to $5,000,000 in pain and suffering damages and $5,000,000 in punitive damages;

3.    Servicemember plaintiffs Michael W. Bass and Darrin J. Bosin, who each suffered severe psychological injuries, are entitled to $3,000,000 in pain and suffering damages and $3,000,000 in punitive damages;

4.    Plaintiff parent Maria V. Hughes is entitled to $2,500,000 in solatium damages and $2,500,000 in punitive damages;

5.    Plaintiff siblings Gail Ann Balcom, Cyntia M. Anthony, and Alfred Anthony are each entitled to $1,250,000 in solatium damages and $1,250,000 in punitive damages; it is further

**ORDERED** that plaintiffs shall, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order to defendant; it is further

**ORDERED** that plaintiffs' Motion to Expedite, ECF No. 19, is **DENIED AS MOOT**; it is further

**ORDERED** that the Clerk of the Court shall close this case.

**SO ORDERED.**

Date: May 16, 2024

*This is a final and appealable Order.*

_____
**BERYL A. HOWELL**
United States District Judge

2

# Exhibit 2



**United States Department of State**

*Washington, D.C.  20520*

March 6, 2025

Ms. Angela D. Caesar
United States District Court
For the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

      Re: *David E. Thole, et al. v. Islamic Republic of Iran*, 1:23-cv-00793-BAH

Dear Ms. Caesar:

      I am writing regarding the Court's request for transmittal of an Order and Notice of Default Judgment to the Islamic Republic of Iran pursuant to 28 U.S.C. Sections 1608(a)(4) and (e) as a defendant in the above referenced lawsuit.

      Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1016-IE, dated February 10, 2025, and delivered on February 11, 2025.  A certified copy of the diplomatic note is enclosed.[1]

                              Sincerely,

                              Jared N. Hess
                              Attorney Adviser
                      Office of the Legal Adviser
                              L/CA/POG/GC

---

[1] Please note that performance by the Department of State of its statutory functions under 28 U.S.C. § 1608 should not be construed as an indication in any way of the United States' position or views on whether plaintiffs have properly complied with all statutory requirements of the FSIA, the status or character of a defendant, whether service was properly effected, or the merits of any claims or defenses. *See* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Foreign-Sovereign-Immunities-Act.html.

RECEIVED
Mail Room

MAR 14 2025

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Cc:     Paul G. Gaston
           Law Office of Paul G. Gaston
           1101 Connecticut Ave., Suite 450
           Washington, DC 20036



## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland       )
Bern, Canton of Bern       ) SS:
Embassy of the United States of America   )



I, Scott M. DRISKEL, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 28451 dated January 3, 2025, which was transmitted to the Swiss Ministry of Foreign Affairs on January 8, 2025, for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

_____

(Signature of Consular Officer)

_____
Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 25, 2025
(Date)



*Embassy of the United States of America*

January 3, 2025

CONS NO.    28451

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – **David E. Thole, et al. v. Islamic Republic of Iran, 1:23-cv-00793-BAH**

REF:    ----

The Department of State has requested the delivery of the enclosed Order and Notice of Default Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter David E. Thole, et al. v. Islamic Republic of Iran, 1:23-cv-00793-BAH.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran. There is one defendant to be served in this case: the Islamic Republic of Iran. The American Interests Section should transmit the Order and Notice of Default Judgment to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

GIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit **David E. Thole, et al. v. Islamic Republic of Iran, 1:23-cv-00793-BAH** in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits an Order herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Order, the Foreign Interests Section is enclosing a Notice of Default Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Order and Notice of Default Judgment

2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**



## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland          )
Bern, Canton of Bern                  ) SS:
Embassy of the United States of America  )


I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.



_____
(Signature of Consular Officer)


_____Scott M. DRISKEL_____
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


_____February 25, 2025_____
(Date)

...ugenossenschaft
...on suisse
...erazione Svizzera
...nfederaziun svizra

**Federal Department of Foreign Affairs FDFA**

37230

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 28451 dated January 3, 2025 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:
**David E. Thole, et al. v. Islamic Republic of Iran, 1:23-cv-00793-BAH**
Note 1016-IE, addressed to the Islamic Republic of Iran

dated February 10, 2025 and proof of service, dated February 11, 2025 as well as the certification by the Swiss Federal Chancellery dated February 19, 2025.

The section has received the above-mentioned documents on January 21, 2025. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on February 11, 2025. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, February 19, 2025

_Enclosure(s) mentioned_



To the
Embassy of the
United States of America

Berne

## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.



Gaëlle CAFARO-VULLIERAT
(Typed name of Official who executed the annexed document)

(Signature of Consular Officer)

Scott M. DRISKEL
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

February 25, 2025
(Date)

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1016 -IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit *David E. Thole, et al. v. Islamic Republic of Iran*, **1:23-cv-00793-BAH**, in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits an Order herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Sections 1608(a)(4) and (e).

In addition to the Order, the Embassy is enclosing a Notice of Default Judgment prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran – February 10, 2025



Attachments:
1. Order and Notice of Default Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Dominique Baeriswyl, Head of the Foreign Interests Section of the Embassy of Switzerland, certify herewith that this is a true copy of Diplomatic Note No. 1016-IE, dated February 10, delivery of this note and its enclosures was attempted on February 11, 2025, but the Iranian Ministry of Foreign Affairs refused its acceptance.

Dominique Baeriswyl
Head of the Foreign Interests Section

Tehran – February 11, 2025

---

## APOSTILLE
### (Convention de la Haye du 5 octobre 1961)

1. Country:  SWISS CONFEDERATION

   This public document

2. has been signed by          Dominique Baeriswyl

3. acting in the capacity of Head of the Foreign Interests Section

4. bears the seal/stamp of

   EMBASSY OF SWITZERLAND U.S. INTERESTS SECTION

   TEHERAN

   Certified

5. at Berne                              6. the    19 February 2025

7. by Gaëlle Cafaro-Vullierat
   functionary of the Swiss federal Chancellery

8. No................. 0 0 4 2 4 2

9. Seal/stamp:                          10. Signature:

   Swiss federal Chancellery

ترجمه غیر رسمی
سفارت سوئیس
**قسمت حافظ منافع خارجی**

شماره IE–1016

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان دیویو د ، ثول و دیگران **علیه جمهوری اسلامی ایران، تحت پرونده مدنی شماره BAH-cv-00793-23:1** که در دادگاه منطقه ای ایالات متحده برای منطقه کلمبیا مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده، منطقه کلمبیا، یک فقره حکم را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (a)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدرک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر حکم، یک فقره اعلامیه حکم غیابی که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد. لطفاً توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می تواند بعد از مدت زمان معقول از دادن اطلاع از حکم غیابی، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل دادگاه صورت گیرد. از این رو، مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده مراتب احترامات فائقه خود نسبت به وزارت امور خارجه جمهوری اسلامی ایران را تجدید می نماید.

تهران – بتاریخ بیست و دوم بهمن ماه ۱۴۰۳ (۱۰ فوریه ۲۰۲۵)



پیوست: ۱- حکم و اعلامیه حکم غیابی
۲- ترجمه ها

اداره امور آمریکا
وزارت امور خارجه
جمهوری اسلامی ایران
تهران