## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiffs, | Civil Action No. 1:25-cv-05745 (RPK) |
| v. | |
| APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, | |
| Defendants *In Rem*. | |

## NOTICE OF VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE IN REM

The Valencia Claimants are servicemembers injured in the 1996 attack on the Khobar Towers in Dhahran, Saudi Arabia (the "Khobar Towers Bombing") and a family member of an injured servicemember. The Valencia Claimants have been awarded a total judgment of $31,465,000 with $15,500,000 in compensatory damages and $15,965,000 in punitive damages under 28 U.S.C. §1605A against the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Intelligence and Security, and Islamic Revolutionary Guard Corps for their roles in sponsoring the Khobar Towers Bombing. The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4).

The Valencia Claimants just recently learned about this forfeiture action and the allegations and evidence set forth in the complaint at Dkt. No. 1 in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com,* No. 1:25-cv-07093 (E.D.N.Y.) (the "Fritz Action"). Specifically, the Valencia Claimants learned that the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group

("Iran-China Group"). *Fritz*, Dkt. No. 1 at 53. The Valencia Claimants promptly sought leave to file this Notice upon learning of this information and this proceeding.

As alleged by the Fritz plaintiffs at Dkt. No. 1, the Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. Through this scheme, sanctioned Iranian oil and gas are converted into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems.

Based on the information newly revealed by the allegations in the *Fritz* Action, under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, the Valencia Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "[n]otwithstanding any other provision of law." Accordingly, the Valencia Claimants hereby assert their superior interest in so much of the Approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A, and all proceeds traceable thereto ("Defendant Cryptocurrency") as may ultimately be necessary to satisfy the Valencia Claimants' outstanding compensatory damages judgments against Iran, plus post-judgment interest thereon. TRIA makes the Valencia Claimants' interest in the Defendant Cryptocurrency senior to any interest of the U.S. government. In support of this Notice, the Valencia Claimants state as follows:

**I.    The Valencia Claimants Have Been Awarded A Total Judgment Of $31,465,000 With $15,500,000 In Compensatory Damages And $15,965,000 In Punitive Damages Against Iran.**

1.      The Valencia Claimants were servicemembers injured and a family member of a servicemember injured in the 1996 Khobar Towers Bombing.

2.      In 2010, the United States District Court for the District of Columbia determined that Iran was liable under 28 U.S.C. § 1605A for causing the Valencia Claimants' damages and entered judgment awarding them compensatory damages and punitive damages.

3.      The damages awarded to Valencia Claimants total $15,500,000 in compensatory damages and $15,965,000 in punitive damages. *See* Judgment, *Valencia, et al. v. Islamic Republic of Iran, et al.*, No. 1:08-cv-00533-RCL, Dkt. No. 31.

4.      In 2023, the Court granted the Valencia Claimants' motion to revive judgment for another twelve years, or to March 31, 2035. *See id*, Dkt. No. 46.

5.      To date, Iran has not paid any portion of any of the Valencia Claimants' judgment. This judgment continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

## II.      The Valencia Claimants Only Recently Learned Of The Relationship Between The Defendant Cryptocurrency And The Government Of Iran.

9.      Based on information the Valencia Claimants only recently learned, it appears that the Defendant Cryptocurrency is directly tied to the Iranian government, which was not clear from the forfeiture pleadings filed by the U.S. government.

10.     On December 26, 2025, other victims of Iran's state-sponsored terrorism filed a separate action alleging that LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist Iran's continuing efforts to evade U.S. sanctions. *See Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, Case No. 1:25-cv-07093 (E.D.N.Y.), Complaint for Execution and Turnover, Dkt. No. 1.

11.     Plaintiffs in the *Fritz* Action, along with another group of victims of Iran's state sponsored terrorism (the "Baxter Victims"), filed Notices of Verified Claims in this action on December 29, 2025. *See* Dkt. Nos. 29 and 30. Additional Notices of Verified Claims have since been filed in this action. *See, e.g.*, Dkt. Nos. 39, 52, 69, 70, 86, 88, 107, 112, 118, 125, 152, 163.

12.     Based on the information revealed in the allegations in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Valencia Claimants now submit this Notice of Verified Claim.

### III.    Under TRIA, Valencia Claimants Have A Senior Interest In The Defendant Cryptocurrency.

13.     In the context of a forfeiture action, at this stage of the proceedings, the Valencia Claimants need only assert that they have a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (citation omitted). "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." *Id.* at 110 (citation omitted). Here, based on the information alleged in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Valencia Claimants have far more than a "facially colorable interest" in the Defendant Cryptocurrency.

14.     The Valencia Claimants are judgment creditors of Iran as a result of Iran's acts of state-sponsored terrorism. As has now been alleged, because the Iran-China Group was or is an agent or instrumentality of Iran, TRIA entitles the Valencia Claimants to execute on the Defendant Cryptocurrency to satisfy those judgments "[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, the Valencia Claimants have a possessory interest in the Defendant Cryptocurrency, which permits them to bring the claims asserted here.

15.    Specifically, TRIA provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on the "blocked assets" of that terrorist party or its "agency or instrumentality" "to satisfy such judgment to the extent of any compensatory damages." Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002), codified at 28 U.S.C. § 1610 Note. TRIA's cornerstone is the statute's broad "notwithstanding" clause, which aims to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce [their] judgments." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391-92 (2009) (Kennedy, J., concurring). The notwithstanding clause "mak[es] plain that the force of the [statute] extends everywhere" and "supersede[s] all other laws." *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted). Accordingly, because it expressly overrides conflicting laws, TRIA's notwithstanding clause necessarily overrides "the civil-forfeiture statute." *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

16.    Because the Valencia Claimants satisfy the requirements of TRIA, their interest in the Defendant Cryptocurrency necessarily is superior to the claims of the U.S. government, as well as all other non-TRIA claimants, in this forfeiture action. To start, as explained above, the Valencia Claimants hold a judgment for compensatory damages against Iran based on an act of terrorism under 28 U.S.C. § 1605A. Next, Iran is a "terrorist party" because it has been designated as a state sponsor of terrorism under the Export Administration Act of 1979. *See* TRIA § 201(d)(4); Executive Order No. 13599, 77 Fed. Reg. 6659 (Feb. 5, 2012). Additionally, as alleged in the *Fritz* Action, the Iran-China Group operated as Iran's agency or instrumentality by materially helping Iran avoiding U.S. sanctions, while providing the material function to Iran

of laundering its energy resources through cryptocurrency mining, at Iran's direction and behest. *See Fritz* Action, Dkt. No. 70, Plaintiffs' Memorandum of Law in Support of Motion for Attachment, at 13–17 (Dec. 28, 2025); *see also Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107, 135 (2d Cir. 2016). Finally, under TRIA, "[b]locked assets" include "any asset seized or frozen by the United States" pursuant to the International Emergency Economic Powers Act. TRIA § 201(d)(2)(A).

17.    The U.S. government has used its authority under that statute to "block" all Iranian property in the United States, including the property of agencies or instrumentalities of Iran. 31 C.F.R. §§ 560.211, 594.201(a)(5); *Kirschenbaum*, 830 F.3d at 120. As a result, if the Iran-China Group is an agency or instrumentality of Iran, all property of the Iran-China Group qualifies as a blocked asset under TRIA. *See Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022). Because the Defendant Cryptocurrency is property of the Iran-China Group, it is therefore blocked and subject to execution by the Valencia Claimants under TRIA.

18.    Pursuant to 18 U.S.C. § 983(a) and Rule G, the Valencia Claimants hereby assert a protective, prophylactic claim against such amount of the Defendant Cryptocurrency—as the property of an agency or instrumentality of Iran—as may ultimately be necessary to satisfy the outstanding compensatory damages owed to them under their judgment against Iran, plus post-judgment interest, based on the date the Defendant Cryptocurrency is valued for purposes of judgment. The Valencia Claimants' claim is senior to the U.S. government's claim. Notwithstanding the U.S. government's forfeiture efforts, the Valencia Claimants reserve all rights and remedies available in law and equity to enforce their interest in the Defendant Cryptocurrency.

19.     This claim is verified under penalty of perjury by the attached (or separately filed)

§1746 declaration, executed by an authorized signatory on behalf of the Valencia Claimants.

Dated: February 24, 2026

/s/ Robert A. Braun_____
Robert A. Braun (Bar Code 5384748)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Attorney for Valencia Claimants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br> Plaintiffs,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br> Defendants *In Rem*. | Civil Action No. 1:25-cv-05745 (RPK) |

## VERIFICATION OF VALENCIA CLAIMANTS' CLAIMS

Robert A. Braun, an attorney duly licensed to practice law in New York, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a partner in the law firm Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave NW #800, Washington, DC 20005.

2.      The statements regarding the D.D.C. judgments/service and related matters are within my personal knowledge and/or based on review of the official dockets. Statements regarding ownership/instrumentality of the Defendant are based on allegations and filings in *Fritz v. Iran & China Investment Development Group*, No. 1:25-cv-07093 (E.D.N.Y.) ("*Fritz Action*").

3.      Cohen Milstein represents the Valencia Claimants in this action.

4.      The Valencia Claimants have been awarded $15,500,000 in compensatory damages and $15,965,000 in punitive damages totaling $31,465,000 under 28 U.S.C. § 1605A against the Islamic Republic of Iran ("Iran") for its role in the 1996 attack on the Khobar Towers

in Dhahran, Saudi Arabia. *See* Judgment, Case No. 1:08-cv-00533-RCL, Dkt. No. 31, attached hereto as Exhibit 1.

5.       The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as Exhibit 2.

6.       In 2023, the Court granted the Valencia Claimants' motion to revive judgment for another twelve years, or to March 31, 2035, attached hereto as Exhibit 3.

7.       As detailed in a related action pending in this Court—the *Fritz* Action—the 127,271 Bitcoin that constitute the Defendant Cryptocurrency in the instant action belong to Iran and China Investment Development Group ("Iran-China Group"), doing business as Lubian.com or LuBian. *See Fritz* Action, Dkt. No. 1. The Iran-China Group is an agency or instrumentality of Iran. *Id.* ¶ 20. Accordingly, its assets are blocked by operation of U.S. law. *See* Executive Order No. 13599, 77 Fed. Reg. 6659, 6659 (Feb. 5, 2012).

8.       To preserve the Valencia Claimants' ability to pursue execution and turnover of the 127,271 Bitcoin—which constitute the Defendant Cryptocurrency in this action—on behalf of the Valencia Claimants pursuant to N.Y. CPLR 3020(d), I hereby notice and verify the claims of the Valencia Claimants against the Defendant Cryptocurrency. Because the Terrorism Risk Insurance Act ("TRIA") allows victims of terrorism with judgments against state sponsors of terrorism to pursue execution and turnover against blocked assets of those terrorist states or their agents or instrumentalities—including such assets that have been "seized" by the U.S. government—"notwithstanding any other provision of law," TRIA § 201(a), I hereby notice and verify the Valencia Claimants' superior interest in so much of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the outstanding compensatory damages owed to the Valencia Claimants on their judgments against Iran, plus pre- and post-judgment interest.

2

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: February 24, 2026

>/s/ Robert A. Braun
>Robert A. Braun (D.C. Bar 1023352)
>**COHEN MILSTEIN SELLERS & TOLL PLLC**
>1100 New York Ave. NW ● Eighth Floor
>Washington, DC 20005
>(202) 408-4600
>RBraun@cohenmilstein.com
>
>*Attorney for Valencia Claimants*

# Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CIELITO VALENCIA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 08-cv-533 (RCL) |
| | ) | |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER AND JUDGMENT

In accordance with the Memorandum Opinion issued this date, it is hereby

ORDERED that final judgment is entered in favor of plaintiffs and against all defendants; it is furthermore

ORDERED that plaintiffs are awarded $15,500,000 in compensatory damages and $15,965,000 in punitive damages, to be distributed as follows:

1.      plaintiff Cielito Valencia is entitled to $5,000,000 in compensatory damages and $5,150,000 in punitive damages;

2.      plaintiff Luz Southard is entitled to $2,500,000 in compensatory damages and $2,575,000 in punitive damages;

3.      plaintiff Steven Wolfe is entitled to $3,000,000 in compensatory damages and $3,090,000 in punitive damages; and

4.      plaintiff Sonya Turner Broadway is entitled to $5,000,000 in compensatory damages and $5,150,000 in punitive damages; it is furthermore

ORDERED that defendants shall be liable, jointly and severally, for the entire $31,465,000 amount; it is furthermore

ORDERED that plaintiffs shall, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order and Judgment, and the Memorandum Opinion issued this date, to defendants.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on March 31, 2010.

# Exhibit 2



United States Department of State

*Washington. D.C. 20520*

November 14, 2011

Ms. Angela D. Caesar
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re: Valencia, et al. v. Islamic Republic of Iran, et al.,Case Number
01:08-CV-00533 *RCL***

Dear Ms. Caesar:

I am writing regarding the Court's request for service of
Memorandum Opinions and Orders and Judgments and notices of default
judgment pursuant to 28 U.S.C. 1608(a)(4) upon the Islamic Republic of
Iran, the Iranian Ministry of Information and Security and the Iranian
Revolutionary Guard Corps as defendants in the above mentioned lawsuit.

Because the United States does not maintain diplomatic relations with
the government of Iran, the Department of State is assisted by the Foreign
Interests Section of the Embassy of Switzerland in Tehran in delivering
these documents to the Iranian Ministry of Foreign Affairs. The documents
were transmitted to the Iranian Ministry of Foreign Affairs under cover of
diplomatic notes 1119-IE, 1120-IE and 1121-IE, each dated September 26,
2011 and delivered on September 26, 2011.

I am enclosing certified copies of the diplomatic notes used to
transmit them to the Iranian Ministry of Foreign Affairs. This includes the
authenticated certification of the Head of the U.S. Interests Section at the
Swiss Embassy in Tehran and the certification of the Vice Consul of the
U.S. Embassy in Bern.

**RECEIVED**

NOV 16 2011

Clerk, U.S. District and
Bankruptcy Courts

RECEIVED
Mail Room

NOV 16 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Should you have any questions regarding this matter, please do not hesitate to contact me at (202) 736-9115.

Sincerely,

William P. Fritzlen
Attorney Adviser
Office of Policy Review and Interagency Liaison

Enclosures As Stated

Cc:    Paul G. Gaston
       Law Offices of Paul G. Gaston
       1776 Massachusetts Ave., NW, Suite 750
       Washington, DC  20036



RECEIVED
Mail Room

NOV 16 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

SPECIFIC AUTHENTICATION CERTIFICATE

deration of Switzerland          )
  Canton of Bern                 ) SS:
sy of the United States of America )


Seth Kolb, a consular officer at the Embassy of the
States at Bern, Switzerland, certify that this is a
opy of Embassy note number 20729 dated September 7,
which was transmitted to the Swiss Ministry of
n Affairs on September 8, 2011 for further
ission to the American Interests Section of the Swiss
y in Tehran, Iran.


_____
(Signature of Consular Officer)


_____S. Seth KOLB_____
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


October 31, 2011
(Date)

RECEIVED
Mail Room

NOV 16 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

*Embassy of the United States of America*

September 7, 2011

CONS NO.    **20729**

Federal Department of Foreign
 Affairs
Foreign Interests Service
Bundeshaus Nord
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the
Foreign Sovereign Immunities Act (FSIA) - Cielito Valencia et
al. v. The Islamic Republic of Iran, et al., Case No. 08-cv-
533

REF:       ----

The Department of State has requested the delivery of the
enclosed Memorandum Opinions and Orders and Judgments to the
Ministry of Foreign Affairs of the Islamic Republic of Iran
pursuant to the Foreign Sovereign Immunities Act in the
matter of Cielito Valencia et al. v. The Islamic Republic of
Iran, et al., Case No. 08-cv-533.

The Embassy is herewith requesting the Swiss Ministry of
Foreign Affairs to transmit the documents to the American
Interests Section of the Swiss Embassy in Tehran.   The
Islamic Republic of Iran, the Iranian Ministry of Information
and Security and the Iranian Revolutionary Guard Corps are
defendants in this case.   The American Interests Section
should transmit the Memorandum Opinions and Orders and
Judgments to the Iranian Ministry of Foreign Affairs under
cover of three diplomatic notes utilizing the language
provided in the enclosed instructions.

Transmittal should be done in a manner which enables the
Embassy to confirm delivery.   The American Interests Section
should execute certifications of the diplomatic notes, which
will be forwarded by the Department of State to the
requesting court in the United States.

Enclosed are three appropriate parts of a message the Embassy received from the Department of State as well as three sets of documents for the Islamic Republic of Iran, the Iranian Ministry of Information and Security and the Iranian Revolutionary Guard Corps.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.





SPECIFIC AUTHENTICATION CERTIFICATE

deration of Switzerland        )
    Canton of Bern             ) SS:
sy of the United States of America )


c ify that the annexed document bears the genuine seal
t  Swiss Federal Department of Foreign Affairs.

ce ify under penalty of perjury under the laws of the
it  States that the foregoing is true and correct.


_____
(Signature of Consular Officer)


_____S. Seth KOLB_____
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


October 31, 2011
(Date)

RECEIVED
Mail Room

NOV 16 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Federal Department of Foreign Affairs FDFA**

29021

K.252.22-USA/IRAN 02 – 4

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons note No. 20729 dated September 7, 2011 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

- Judicial Assistance: Lawsuit Cielito Valencia, et al. v. The Islamic Republic of Iran, et al., Case No. 08-cv-533.
- Note No. 1119-IE addressed to The Islamic Republic of Iran and Note 1120-IE addressed to The Iranian Ministry of Information and Security and Note 1121-IE addressed to The Iranian Revolutionary Guard Corps, dated September 18, 2011 and proof of service, dated September 26, 2011, as well as the certification by the Swiss Federal Chancellery, dated October 14, 2011.

The section has received the above mentioned documents on September 15, 2011. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic notes on September 26, 2011. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, October 14, 2011

*Enclosure mentioned*

To the
Embassy of the
United States of America

Berne



SPECIFIC AUTHENTICATION CERTIFICATE

federation of Switzerland          )
, Canton of Bern                   ) SS:
ssy of the United States of America )

tify that the annexed document is executed by the
ne signature and seal of the following named official
in an official capacity, is empowered by the laws of
erland to execute that document.

tify under penalty of perjury under the laws of the
d States that the foregoing is true and correct.

_____Ruth EGGER_____
Ty d name of Official who executed the annexed document)

_____
(Signature of Consular Officer)

_____S. Seth KOLB_____
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

_____October 31, 2011_____
(Date)



RECEIVED
Mail Room

NOV 16 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Embassy of Switzerland in Iran**

No. 1119-IE

    The Embassy of Switzerland, Foreign Interests Section in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Cielito Valencia, et al. v. Islamic Republic of Iran, et al, Case No. 08-cv-533, which is pending in the U.S. Federal District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in that lawsuit. The Embassy transmits a Memorandum Opinion and Judgment and Order herewith. The U.S. Federal District Court has requested the transmittal of these documents. This note constitutes transmittal of these documents to the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608 (a)(4).

    In addition to the Memorandum Opinion and Judgment and Order, the Embassy is enclosing a notice of default judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the default judgment.

    The Embassy has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment. Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses. Consistent with practice, the United States Department of State is available to discuss with counsel the requirements of U.S. law. The United States Government is not a party to this litigation and cannot represent other parties in this matter.

    The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1- Memorandum and Order
2- Translations

Tehran, 18 September 2011

**Ministry of Foreign Affairs of the
Islamic Republic of Iran**

I, Edith Salamanca, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Tehran certify that this is a true copy of the diplomatic note number 1119-IE dated September 18, 2011 and delivered to the Iranian Ministry of Foreign Affairs on September 26 , 2011.

Edith Salamanca
Deputy Head of Foreign Interests Section

Tehran – September 26, 2011

---

## APOSTILLE
### (Convention de la Haye du 5 octobre 1961)

1. Country:  SWISS CONFEDERATION

   This public document

2. has been signed by   Edith Salamanca

3. acting in the capacity of officer

4. bears the seal/stamp of

   Embassy of Switzerland US Interests Section Tehran

   **Certified**

5. at Berne           6.      the 14 October 2011

7. by  Ruth Egger
   functionary of the Swiss federal Chancellery

8. No  0 1 7 9 7 3



9. Seal/stamp:                    10.  Signature:

   Swiss federal Chancellery

                                        Ruth Egger

ترجمه غیر رسمی

سفارت سوئیس

شماره E- ۱۱۱۹

سفارت سوئیس ، قسمت حافظ منافع خارجی در تهران با اظهار تعارفات خود به وزارت امور خارجیه جمهوری اسلامی ایران احتراما" توجه آن وزارت محترم را به دعوی حقوقی تحت عنوان سیلیتو والنسیا و افراد دیگر علیه جمهوری اسلامی ایران و افراد دیگر تحت پرونده شماره cv-۵۳۳-۰۸ که در دادگاه بخش فدرال ایالات متحده آمریکا برای ناحیه کلمبیا مفتوح میباشد جلب مینماید . جمهوری اسلامی ایران طرف خوانده در این پرونده میباشد . سفارت بنا به درخواست دادگاه فدرال ناحیه ای ایالات متحده بدینوسیله یک فقره حکم غیر قطعی و حکم و نتیجه دادرسی را ایفاد میدارد . برابر مقررات فصل ۲۸ بخش ۱۶۰۸ بند (الف) (٤) مجموعه قوانین ایالات متحده ، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی میگردد .

این سفارت علاوه بر حکم غیر قطعی و حکم و نتیجه دادرسی فوق الاشعار یک فقره حکم قصور تهیه شده توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی را به پیوست ایفاد میدارد . خاطرنشان میسازد که طبق قوانین ایالات متحده آمریکا ، توقیف و ضبط قانونی اموال و اقدام به اجرای حکم برابر با فصل ۲۸ بخش ۱۶۱۰ مجموعه قوانین ایالات متحده آمریکا ممکن است پس از مدت زمانی منطقی بعد از اعلام حکم قصور آغاز گردد .

بدینوسیله اشعار میدارد که طبق قوانین ایالات متحده آمریکا هر گونه دفاع مربوط به قلمرو قضایی و یا دفاع دیگری از جمله عنوان نمودن مصونیت مبنی بر حاکمیت بایستی خطاب به دادگاهی صورت گیرد که موضوع در آن مفتوح میباشد و از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه میگردد . این مشاور حقوقی میتواند در صورت تمایل به اقامه اعتراض قانونی به اقدامات اولیه و یا اقدامات مربوط به اجرای حکم قصور راهنمایی لازم را ارائه دهد . در غیر اینصورت سیر کار پرونده بدون آنکه فرصت ارائه شواهد و دفاعیه وجود داشته باشد ادامه پیدا خواهد کرد . وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو در مورد قوانین مربوطه میباشد . دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود .

سفارت سوئیس ، قسمت حافظ منافع خارجی موقع را مغتنم شمرده احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران تجدید مینماید .

تهران ، بتاریخ بیست و هفتم شهریور ماه ۱۳۹۰  (۱۸ سپتامبر ۲۰۱۱)



پیوست : ۱- حکم غیر قطعی و نتیجه دادرسی
۲- ترجمه ها

وزارت امور خارجه جمهوری اسلامی ایران
تهران

SPECIFIC AUTHENTICATION CERTIFICATE

ederation of Switzerland        )
, Canton of Bern               ) SS:
ssy of the United States of America )


tify that the annexed document is executed by the
ne signature and seal of the following named official
in an official capacity, is empowered by the laws of
erland to execute that document.

tify under penalty of perjury under the laws of the
d States that the foregoing is true and correct.


_____Ruth EGGER_____
d name of Official who executed the annexed document)



(Signature of Consular Officer)


_____S. Seth KOLB_____
(Typed name of Consular Officer)



Consul of the United States of America
(Title of Consular Officer)


_____October 31, 2011_____
(Date)



RECEIVED
Mail Room

NOV 1 6 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

**Embassy of Switzerland in Iran**

No. 1120-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Cielito Valencia, et al. v. Islamic Republic of Iran, et al, Case No. 08-cv-533, which is pending in the U.S. Federal District Court for the District of Columbia. The Iranian Ministry of Information and Security is a defendant in that lawsuit. The Embassy transmits a Memorandum Opinion and Judgment and Order herewith. The U.S. Federal District Court has requested the transmittal of these documents. This note constitutes transmittal of these documents to the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608 (a)(4).

In addition to the Memorandum Opinion and Judgment and Order, the Embassy is enclosing a notice of default judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the default judgment.

The Embassy has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment. Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses. Consistent with practice, the United States Department of State is available to discuss with counsel the requirements of U.S. law. The United States Government is not a party to this litigation and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1- Memorandum and Order
2- Translations

Tehran, 18 September 2011

**Ministry of Foreign Affairs of the
Islamic Republic of Iran
Tehran**

I, Edith Salamanca, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Tehran certify that this is a true copy of the diplomatic note number 1120-IE dated September 18, 2011 and delivered to the Iranian Ministry of Foreign Affairs on September 26 , 2011.



Edith Salamanca
Deputy Head of Foreign Interests Section

Tehran – September 26, 2011

---

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. Country: SWISS CONFEDERATION

   This public document

2. has been signed by   Edith Salamanca

3. acting in the capacity of officer

4. bears the seal/stamp of

   Embassy of Switzerland US Interests Section Tehran

   Certified

5. at Berne              6.      the 14 October 2011

7. by  Ruth Egger
   functionary of the Swiss federal Chancellery

8. No  017972

9. Seal/stamp:                    10.  Signature:

   Swiss federal Chancellery

                                        Ruth Egger

سفارت سوئیس

شماره ‪-IE‬ ۱۱۲۰

سفارت سوئیس ، قسمت حافظ منافع خارجی در تهران با اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران احترام" توجه آن وزارت محترم را به دعوی حقوقی تحت عنوان سیلیتو والنسیا و افراد دیگر علیه جمهوری اسلامی ایران و افراد دیگر تحت پرونده شماره ۰۸-cv-۵۳۳ که در دادگاه بخش فدرال ایالات متحده آمریکا برای ناحیه کلمبیا مفتوح میباشد جلب مینماید . وزارت اطلاعات و امنیت ایران طرف خوانده در این پرونده میباشد . سفارت بنا به درخواست دادگاه فدرال ناحیه ای ایالات متحده بدینوسیله یک فقره حکم غیر قطعی و حکم و نتیجه دادرسی را ایفاد میدارد . برابر مقررات فصل ۲۸ بخش ۱۶۰۸ بند (الف) (٤) مجموعه قوانین ایالات متحده ، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی میگردد .

این سفارت علاوه بر حکم غیر قطعی و حکم و نتیجه دادرسی فوق الاشعار یک فقره حکم قصور تهیه شده توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی را به پیوست ایفاد میدارد . خاطرنشان میسازد که طبق قوانین ایالات متحده آمریکا ، توقیف و ضبط قانونی اموال و اقدام به اجرای حکم برابر با فصل ۲۸ بخش ۱۶۱۰ مجموعه قوانین ایالات متحده آمریکا ممکن است پس از مدت زمانی منطقی بعد از اعلام حکم قصور آغاز گردد .

بدینوسیله اشعار میدارد که طبق قوانین ایالات متحده آمریکا هر گونه دفاع مربوط به قلمرو قضایی و یا دفاع دیگری از جمله عنوان نمودن مصونیت مبنی بر حاکمیت بایستی خطاب به دادگاهی صورت گیرد که موضوع در آن مفتوح میباشد و از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه میگردد . این مشاور حقوقی میتواند در صورت تمایل به اقامه اعتراض قانونی به اقدامات اولیه و یا اقدامات مربوط به اجرای حکم قصور راهنمایی لازم را ارائه دهد . در غیر اینصورت سیر کار پرونده بدون آنکه فرصت ارائه شواهد و دفاعیه وجود داشته باشد ادامه پیدا خواهد کرد . وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو در مورد قوانین مربوطه میباشد . دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود .

سفارت سوئیس ، قسمت حافظ منافع خارجی موقع را مغتنم شمرده احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران تجدید مینماید .

تهران ، بتاریخ بیست و هفتم شهریور ماه ۱۳۹۰ (۱۸ سپتامبر ۲۰۱۱)



پیوست : ۱- حکم غیر قطعی و نتیجه دادرسی
۲- ترجمه ها

وزارت امور خارجه جمهوری اسلامی ایران
تهران

SPECIFIC AUTHENTICATION CERTIFICATE

...eration of Switzerland           )
...Canton of Bern                   ) SS:
...y of the United States of America )


...ify that the annexed document is executed by the
...e signature and seal of the following named official
... an official capacity, is empowered by the laws of
...rland to execute that document.

...ify under penalty of perjury under the laws of the
...States that the foregoing is true and correct.


_____Ruth EGGER_____
...name of Official who executed the annexed document)


(Signature of Consular Officer)


_____S. Seth KOLB_____
(Typed name of Consular Officer)


Consul of the United States of America
(Title of Consular Officer)


October 31, 2011
(Date)


RECEIVED
Mail Room

NOV 16 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

ısche Eidgenossenschaft
ération suisse
ederazione Svizzera
ıfederaziun svizra

Embassy of Switzerland in Iran

No 1121-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran and has the honor to refer the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit Cielito Valencia, et al.  v. Islamic Republic of Iran, et al, Case No. 08-cv-533, which is pending in the U.S. Federal District Court for the District of Columbia. The Iranian Revolutionary Guard Corps is a defendant in that lawsuit. The Embassy transmits a Memorandum Opinion and Judgment and Order herewith. The U.S. Federal District Court has requested the transmittal of these documents. This note constitutes transmittal of these documents to the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608 (a)(4).

In addition to the Memorandum Opinion and Judgment and Order, the Embassy is enclosing a notice of default judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the default judgment.

The Embassy has been advised that under the laws of the United States, any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court before which the matter is pending, for which reason it is advisable to consult an attorney in the United States. Such legal counsel can advise about raising legal objections, if any, either in the underlying proceeding or should there be a proceeding relating to enforcement of the default judgment. Otherwise, proceedings will continue without an opportunity to present evidence or possible defenses. Consistent with practice, the United States Department of State is available to discuss with counsel the requirements of U.S. law. The United States Government is not a party to this litigation and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Attachments:

1- Memorandum and Order
2- Translations

Tehran, 18 September 2011



**Ministry of Foreign Affairs of the
Islamic Republic of Iran
Tehran**

I, Edith Salamanca, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in Tehran certify that this is a true copy of the diplomatic note number 1121-IE dated September 18, 2011 and delivered to the Iranian Ministry of Foreign Affairs on September 26 , 2011.

Edith Salamanca
Deputy Head of Foreign Interests Section

Tehran – September 26, 2011

---

**APOSTILLE**
**(Convention de la Haye du 5 octobre 1961)**

1. **Country:** SWISS CONFEDERATION

   **This public document**

2. **has been signed by**   Edith Salamanca

3. **acting in the capacity of officer**

4. **bears the seal/stamp of**

   Embassy of Switzerland US Interests Section Tehran

   **Certified**

5. **at Berne**                 6.        the 14 October 2011

7. **by**  Ruth Egger
   **functionary of the Swiss federal Chancellery**

8. **No** 017971



9. **Seal/stamp:**                    10.  Signature:

   Swiss federal Chancellery        ...................................

                                        **Ruth Egger**

ترجمه غیر رسمی

سفارت سوئیس

شماره IE‑ ۱۱۲۱

سفارت سوئیس ، قسمت حافظ منافع خارجی در تهران با اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران احتراماً" توجه آن وزارت محترم را به دعوی حقوقی تحت عنوان سیلیتو والنسیا و افراد دیگر علیه جمهوری اسلامی ایران و افراد دیگر تحت پرونده شماره ۰۸‑cv‑۵۳۳ که در دادگاه بخش فدرال ایالات متحده آمریکا برای ناحیه کلمبیا مفتوح میباشد جلب مینماید . سپاه پاسداران انقلاب ایران طرف خوانده در این پرونده میباشد . سفارت بنا به درخواست دادگاه فدرال ناحیه ای ایالات متحده بدینوسیله یک فقره حکم غیر قطعی و حکم و نتیجه دادرسی را ایفاد میدارد . برابر مقررات فصل ۲۸ بخش ۱۶۰۸ بند (الف) (۴) مجموعه قوانین ایالات متحده ، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی میگردد .

این سفارت علاوه بر حکم غیر قطعی و حکم و نتیجه دادرسی فوق الاشعار یک فقره حکم قصور تهیه شده توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی را به پیوست ایفاد میدارد . خاطرنشان میسازد که طبق قوانین ایالات متحده آمریکا ، توقیف و ضبط قانونی اموال و اقدام به اجرای حکم برابر با فصل ۲۸ بخش ۱۶۱۰ مجموعه قوانین ایالات متحده آمریکا ممکن است پس از مدت زمانی منطقی بعد از اعلام حکم قصور آغاز گردد .

بدینوسیله اشعار میدارد که طبق قوانین ایالات متحده آمریکا هر گونه دفاع مربوط به قلمرو قضایی و یا دفاع دیگری از جمله عنوان نمودن مصونیت مبنی بر حاکمیت بایستی خطاب به دادگاهی صورت گیرد که موضوع در آن مفتوح میباشد و از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه میگردد . این مشاور حقوقی میتواند در صورت تمایل به اقامه اعتراض قانونی به اقدامات اولیه و یا اقدامات مربوط به اجرای حکم قصور راهنمایی لازم را ارائه دهد . در غیر اینصورت سیر کار پرونده بدون آنکه فرصت ارائه شواهد و دفاعیه وجود داشته باشد ادامه پیدا خواهد کرد . وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو در مورد قوانین مربوطه میباشد . دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود .

سفارت سوئیس ، قسمت حافظ منافع خارجی موقع را مغتنم شمرده احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران تجدید مینماید .

تهران ، بتاریخ بیست و هفتم شهریور ماه ۱۳۹۰ (۱۸ سپتامبر ۲۰۱۱)



پیوست : ۱‑ حکم غیر قطعی و نتیجه دادرسی
۲‑ ترجمه ها

وزارت امور خارجه جمهوری اسلامی ایران
تهران



# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIELITO VALENCIA, et al.

Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN, et al.

Defendants.

Civil Action No. 08-533 (RCL)

**ORDER**

Upon consideration of Judgment Creditors' Motion to Revive Judgment of March 31, 2011, the Court hereby GRANTS such motion. The Judgment is extended in favor of the Judgment Creditors and against the Defendants for another twelve years, or until March 31, 2035.

SO ORDERED, this ___3rd___ day of ___March___, 2023.

_____
Royce C. Lamberth
United States District Court Judge