## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiffs, | Civil Action No. 1:25-cv-05745 (RPK) |
| v. | |
| APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, | |
| Defendants *In Rem*. | |

## NOTICE OF VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE IN REM

Clayton Omar Zook was a servicemember injured in the 1996 attack on the Khobar Towers in Dhahran, Saudi Arabia, (the "Khobar Towers Bombing"). Clayton Omar Zook has been awarded a total judgment of $7,000,000 in compensatory damages and $7,000,000 in punitive damages under 28 U.S.C. §1605A against the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Intelligence and Security, and the Islamic Revolutionary Guard Corps for their roles in sponsoring the Khobar Towers Bombing. The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4).

Clayton Omar Zook just recently learned about this forfeiture action and the allegations and evidence set forth in the complaint at Dkt. No. 1 in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com,* No. 1:25-cv-07093 (E.D.N.Y.) (the "Fritz Action"). Specifically, Clayton Omar Zook learned that the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group ("Iran-China

Group"). *Fritz*, Dkt. No. 1 at 53. Clayton Omar Zook promptly sought leave to file this Notice upon learning of this information and this proceeding.

As alleged by the Fritz plaintiffs at Dkt. No. 1, the Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. Through this scheme, sanctioned Iranian oil and gas are converted into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems.

Based on the information newly revealed by the allegations in the *Fritz* Action, under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, Clayton Omar Zook has the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "[n]otwithstanding any other provision of law." Accordingly, Clayton Omar Zook hereby asserts his superior interest in so much of the Approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A, and all proceeds traceable thereto ("Defendant Cryptocurrency") as may ultimately be necessary to satisfy Clayton Omar Zook's outstanding compensatory damages judgments against Iran, plus post-judgment interest thereon. TRIA makes Clayton Omar Zook' interest in the Defendant Cryptocurrency senior to any interest of the U.S. government. In support of this Notice, Clayton Omar Zook states as follows:

**I.    Clayton Omar Zook Has Been Awarded A Total Judgment Of $7,000,000 In Compensatory Damages And $7,000,000 in Punitive Damages Against Iran.**

1.    Clayton Omar Zook was a servicemember injured in the 1996 Khobar Towers Bombing.

2.      In 2020, the United States District Court for the District of Columbia determined that Iran was liable under 28 U.S.C. § 1605A for causing Clayton Omar Zook's damages and entered judgment awarding him compensatory damages and punitive damages.

3.      The damages awarded to Clayton Omar Zook total $7,000,000 in compensatory damages and $7,000,000 in punitive damages. *See* Judgment, *Christie, et al. v. Islamic Republic of Iran, et al.*, No. 1:19-cv-01289-BAH, Dkt. No. 44.

4.      To date, Iran has not paid any portion of any of Clayton Omar Zook's judgment. This judgment continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

## II.    Clayton Omar Zook Only Recently Learned Of The Relationship Between The Defendant Cryptocurrency And The Government Of Iran.

9.      Based on information Clayton Omar Zook only recently learned, it appears that the Defendant Cryptocurrency is directly tied to the Iranian government, which was not clear from the forfeiture pleadings filed by the U.S. government.

10.     On December 26, 2025, other victims of Iran's state-sponsored terrorism filed a separate action alleging that LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist Iran's continuing efforts to evade U.S. sanctions. *See Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, Case No. 1:25-cv-07093 (E.D.N.Y.), Complaint for Execution and Turnover, Dkt. No. 1.

11.     Plaintiffs in the *Fritz* Action, along with another group of victims of Iran's state sponsored terrorism (the "Baxter Victims"), filed Notices of Verified Claims in this action on December 29, 2025. *See* Dkt. Nos. 29 and 30. Additional Notices of Verified Claims have since been filed in this action. *See, e.g.*, Dkt. Nos. 39, 52, 69, 70, 86, 88, 107, 112, 118, 125, 152, 163.

12.    Based on the information revealed in the allegations in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, Clayton Omar Zook now submits this Notice of Verified Claim.

### III.    Under TRIA, Clayton Omar Zook Has A Senior Interest In The Defendant Cryptocurrency.

13.    In the context of a forfeiture action, at this stage of the proceedings, Clayton Omar Zook needs only assert that they have a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (citation omitted). "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." *Id.* at 110 (citation omitted). Here, based on the information alleged in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, Clayton Omar Zook has far more than a "facially colorable interest" in the Defendant Cryptocurrency.

14.    Clayton Omar Zook is a judgment creditor of Iran as a result of Iran's acts of state-sponsored terrorism. As has now been alleged, because the Iran-China Group was or is an agent or instrumentality of Iran, TRIA entitles Clayton Omar Zook to execute on the Defendant Cryptocurrency to satisfy those judgments "[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, Clayton Omar Zook has a possessory interest in the Defendant Cryptocurrency, which permits them to bring the claims asserted here.

15.    Specifically, TRIA provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on the "blocked assets" of that terrorist party or its "agency or instrumentality" "to satisfy such judgment to the extent of any compensatory damages." Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002), codified at 28 U.S.C. § 1610 Note. TRIA's cornerstone is the statute's broad "notwithstanding" clause,

4

which aims to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce [their] judgments." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391-92 (2009) (Kennedy, J., concurring). The notwithstanding clause "mak[es] plain that the force of the [statute] extends everywhere" and "supersede[s] all other laws." *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted). Accordingly, because it expressly overrides conflicting laws, TRIA's notwithstanding clause necessarily overrides "the civil-forfeiture statute." *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

16.    Because Clayton Omar Zook satisfies the requirements of TRIA, their interest in the Defendant Cryptocurrency necessarily is superior to the claims of the U.S. government, as well as all other non-TRIA claimants, in this forfeiture action. To start, as explained above, Clayton Omar Zook holds a judgment for compensatory damages against Iran based on an act of terrorism under 28 U.S.C. § 1605A. Next, Iran is a "terrorist party" because it has been designated as a state sponsor of terrorism under the Export Administration Act of 1979. *See* TRIA § 201(d)(4); Executive Order No. 13599, 77 Fed. Reg. 6659 (Feb. 5, 2012). Additionally, as alleged in the *Fritz* Action, the Iran-China Group operated as Iran's agency or instrumentality by materially helping Iran avoiding U.S. sanctions, while providing the material function to Iran of laundering its energy resources through cryptocurrency mining, at Iran's direction and behest. *See Fritz* Action, Dkt. No. 70, Plaintiffs' Memorandum of Law in Support of Motion for Attachment, at 13–17 (Dec. 28, 2025); *see also Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107, 135 (2d Cir. 2016). Finally, under TRIA, "[b]locked assets" include "any asset seized or frozen

by the United States" pursuant to the International Emergency Economic Powers Act. TRIA § 201(d)(2)(A).

17.     The U.S. government has used its authority under that statute to "block" all Iranian property in the United States, including the property of agencies or instrumentalities of Iran. 31 C.F.R. §§ 560.211, 594.201(a)(5); *Kirschenbaum*, 830 F.3d at 120. As a result, if the Iran-China Group is an agency or instrumentality of Iran, all property of the Iran-China Group qualifies as a blocked asset under TRIA. *See Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022). Because the Defendant Cryptocurrency is property of the Iran-China Group, it is therefore blocked and subject to execution by Clayton Omar Zook under TRIA.

18.     Pursuant to 18 U.S.C. § 983(a) and Rule G, Clayton Omar Zook hereby asserts a protective, prophylactic claim against such amount of the Defendant Cryptocurrency—as the property of an agency or instrumentality of Iran—as may ultimately be necessary to satisfy the outstanding compensatory damages owed to them under their judgment against Iran, plus post-judgment interest, based on the date the Defendant Cryptocurrency is valued for purposes of judgment. Clayton Omar Zook's claim is senior to the U.S. government's claim. Notwithstanding the U.S. government's forfeiture efforts, Clayton Omar Zook reserves all rights and remedies available in law and equity to enforce their interest in the Defendant Cryptocurrency.

19.     This claim is verified under penalty of perjury by the attached (or separately filed) §1746 declaration, executed by an authorized signatory on behalf of Clayton Omar Zook.

Dated: February 24, 2026

*/s/ Robert A. Braun*

6

Robert A. Braun (Bar Code 5384748)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Attorney for Clayton Omar Zook*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiffs, | Civil Action No. 1:25-cv-05745 (RPK) |
| v. | |
| APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, | |
| Defendants *In Rem*. | |

## <u>VERIFICATION OF ACETO CLAIMANTS' CLAIMS</u>

Robert A. Braun, an attorney duly licensed to practice law in New York, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a partner in the law firm Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave NW #800, Washington, DC 20005.

2.      The statements regarding the D.D.C. judgments/service and related matters are within my personal knowledge and/or based on review of the official dockets. Statements regarding ownership/instrumentality of the Defendant are based on allegations and filings in *Fritz v. Iran & China Investment Development Group*, No. 1:25-cv-07093 (E.D.N.Y.) ("*Fritz Action*").

3.      Cohen Milstein represents Clayton Omar Zook in this action.

4.      Clayton Omar Zook has been awarded a damages judgment totaling $14,000,000—$7,000,000 in compensatory damages and $7,000,000 in punitive damages— under 28 U.S.C. § 1605A against the Islamic Republic of Iran ("Iran") for its role in the 1996

attack on the Khobar Towers in Dhahran, Saudi Arabia. *See* Judgment, Case No. 1:19-cv-01289-BAH, Dkt. No. 44, attached hereto as Exhibit 1.

5.      The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as Exhibit 2.

6.      As detailed in a related action pending in this Court—the *Fritz* Action—the 127,271 Bitcoin that constitute the Defendant Cryptocurrency in the instant action belong to Iran and China Investment Development Group ("Iran-China Group"), doing business as Lubian.com or LuBian. *See Fritz* Action, Dkt. No. 1. The Iran-China Group is an agency or instrumentality of Iran. *Id.* ¶ 20. Accordingly, its assets are blocked by operation of U.S. law. *See* Executive Order No. 13599, 77 Fed. Reg. 6659, 6659 (Feb. 5, 2012).

7.      To preserve Clayton Omar Zook's ability to pursue execution and turnover of the 127,271 Bitcoin—which constitute the Defendant Cryptocurrency in this action—on behalf of Clayton Omar Zook pursuant to N.Y. CPLR 3020(d), I hereby notice and verify the claims of Clayton Omar Zook against the Defendant Cryptocurrency. Because the Terrorism Risk Insurance Act ("TRIA") allows victims of terrorism with judgments against state sponsors of terrorism to pursue execution and turnover against blocked assets of those terrorist states or their agents or instrumentalities—including such assets that have been "seized" by the U.S. government—"notwithstanding any other provision of law," TRIA § 201(a), I hereby notice and verify Clayton Omar Zook's superior interest in so much of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the outstanding compensatory damages owed to Clayton Omar Zook on their judgments against Iran, plus pre- and post-judgment interest.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: February 24, 2026

*/s/ Robert A. Braun*
Robert A. Braun (D.C. Bar 1023352)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Attorney for Clayton Omar Zook*

3

# Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GLENN TYLER CHRISTIE, *et al.*,

        Plaintiffs,

        v.

ISLAMIC REPUBLIC OF IRAN, *et al.*,

        Defendants.

Civil Action No. 19-1289 (BAH)

Chief Judge Beryl A. Howell

## ORDER

Upon consideration of plaintiffs' Motion to Take Judicial Notice of Evidence in Related Prior Cases and for Entry of Default Judgment as to Liability and Damages, ECF No. 29, plaintiffs' Motion for Default Judgment as to Liability and Damages and Entry of Final Judgment, ECF No. 35, the legal memoranda in support of the motions, the provided exhibits and declarations, and the entire record herein, for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that plaintiffs' motions are **GRANTED**; the Court finds that plaintiffs have established their "claims or right to relief by evidence satisfactory to the court," 28 U.S.C. § 1608(e); and it is further

**ORDERED** that defendants shall be liable for compensatory damages in the amount of $132,000,000 and punitive damages in the amount of $132,000,000, both of which are multiplied by the prime interest rate factor of 3.33%, resulting in a total award of $879,120,000, which shall be allocated in the following manner:

- Service-member plaintiffs Glenn Tyler Christie, Clayton Omar Zook, Joseph Martin Jackson, Christopher Pius Nagel, Bryant Keith White, Nathan Frederick Baloy, and Jackie Swogger

1

are each entitled to $7,000,000 in pain and suffering damages and $7,000,000 in punitive damages, both of which are multiplied by the prime interest rate factor of 3.33%;

- Service-member plaintiffs Ricky Lee Morse, Scott Elliot Rikard, William Christian Nevins, Timothy Michael Schomaker, and Steven Neal Wilson are each entitled to $6,000,000 in pain and suffering damages and $6,000,000 in punitive damages, both of which are multiplied by the prime interest rate factor of 3.33%;

- Service-member plaintiff LeSandro Edwin Santiago is entitled to $5,000,000 in pain and suffering damages and $5,000,000 in punitive damages, both of which are multiplied by the prime interest rate factor of 3.33%;

- Service-member plaintiff Chad Allen McCullough is entitled to $3,000,000 in pain and suffering damages and $3,000,000 in punitive damages, both of which are multiplied by the prime interest rate factor of 3.33%.

- Plaintiff-spouses Sandra Olivia Bouse, Georgiana White, Kristina Nevins, and Kimberly Michelle Wilson are each entitled to $4,000,000 in solatium damages and $4,000,000 in punitive damages, both of which are multiplied by the prime interest rate factor of 3.33%;

- Plaintiff-parents Janet Louise Christie, Janet Lynn Douglass, Sheila Lynn Jackson, William Richard Jackson, Bernardine Clementine Nagel, and Jackie Douglas Swogger are each entitled to an award of $2,500,000 in solatium damages and $2,500,000 in punitive damages, both of which are multiplied by the prime interest rate factor of 3.33%;

- Plaintiff-child RaeAnn Beth Nagel is entitled to $1,500,000 in solatium damages and $1,500,000 in punitive damages, both of which are multiplied by the prime interest rate factor of 3.33%;

- Plaintiff-siblings and half-siblings Crystal Lynn Love, Gregory Anthony Russell, Melissa Dawn Timko, Michael John Nagel, Gerard Paul Nagel, Patrick James Nagel, Robert Charles Nagel, Terese Marie Hunnel, Carolyn Ann Nagel, and Mary Margaret Wilmes are each entitled to $1,250,000 in solatium damages and $1,250,000 in punitive damages, both of which are multiplied by the prime interest rate factor of 3.33%.

**ORDERED** that plaintiffs shall, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order to defendants; and it is further

**ORDERED** that the Clerk of the Court shall close this case.

**SO ORDERED**

Date: July 2, 2020

*This is a final and appealable Order.*

BERYL A. HOWELL
Chief Judge

# Exhibit 2



United States Department of State

*Washington, D.C. 20520*

March 25, 2021

Ms. Angela D. Caesar
Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**Re: Glenn Tyler Christie, et al. v. The Islamic Republic of Iran, et al., 1:19-cv-01289 (BAH)**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of an Order, Entry of Default, Memorandum and Opinion, and Notice of Default Judgment to the Islamic Republic of Iran, Islamic Revolutionary Guard Corps, and Iranian Ministry of Intelligence and Security pursuant to 28 U.S.C. Sections 1608(a)(4) and (e) as defendants in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic notes Nos. 1018-IE, 1019-IE, and 1020-IE, dated February 25, 2021 and delivered on March 3, 2021. Certified copies of these diplomatic notes are enclosed.

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Assistant Legal Adviser for Consular Affairs

RECEIVED

APR - 1 2021

Angela D. Caesar, Clerk of Court
U.S. Bankruptcy Court, District of Columbia

Cc:    Adora Sauer
        MM~Law, LLC
        980 North Michigan Ave., Suite 1400
        Chicago, IL 60611