UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>      v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>                             Defendant, *In Rem*. | Civil Action No. 1:25-cv-05745 (RPK) |

**NOTICE OF SUPPLEMENTAL VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE IN REM**

The *O'Neill*, *Burnett*, *Ashton*, and *Ashton-Burlingame* Claimants[1] (together, the "9/11 Claimants") include over 10,454 family members and estate representatives of approximately 2,303 individuals who were victims of the September 11, 2001 terrorist attacks (the "9/11 Attacks"). The 9/11 Claimants have been awarded compensatory damages judgments under 28 U.S.C. §§ 1605A and 1605B against the Islamic Republic of Iran ("Iran") for its role in sponsoring the 9/11 Attacks.

This supplemental notice of verified claim and related documents supplements and relates back to the to the Verified Claim and associated documents submitted by the *O'Neill* Claimants,[2] to include a new judgment obtained on behalf of certain 9/11 plaintiffs represented by Anderson Kill P.C. as part of the *O'Neill* Claimants (the "Additional *O'Neill* Claimants"). This new judgment dated February 3, 2026, was issued in *In re Terrorist Attacks on September 11, 2001*, No. 03-

---

[1] The terms "*O'Neill Claimants*", "*Burnett Claimants*", "*Ashton Claimants*", and "*Ashton-Burlingame Claimants*" are defined in the respective verifications.

[2] *See* ECF Nos. 66, 69-70 (original claim asserted by the *O'Neill* Claimants); *see also* ECF Nos. 160, 162-63 (9/11 Claimants' Amended Claim).

1

MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF No. 11661, after the filing of the 9/11 Claimants' amended claim, ECF Nos. 160, 162-163.

The Additional *O'Neill* Claimants just recently learned about this forfeiture action, and the allegations in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, No. 1:25-cv-07093 (E.D.N.Y.), and the claims of the *Fritz* plaintiffs recently set forth in this action, ECF No. 29, that the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group ("Iran-China Group"). The Additional *O'Neill* Claimants promptly sought leave to file Notice upon learning of this information and this proceeding.[3]

As alleged by the *Fritz* plaintiffs, the Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. Through this scheme, sanctioned Iranian oil and gas are converted into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems.

Based on the information newly revealed by the allegations in the *Fritz* Suit, under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, the Additional *O'Neill* Claimants, as supplementing the *O'Neill* Claimants' claim, have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "[n]otwithstanding any other provision of law." Accordingly, the Additional *O'Neill* Claimants hereby assert their superior interest in so much of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the Additional *O'Neill*

---

[3] As explained in the Letter Motion filed on behalf of the 9/11 Claimants dated January 23, 2026, the *O'Neill* Claimants moved this Court, on January 19, 2026, to request leave for the *O'Neill* Claimants to file their verified claim.  *See* ECF Nos. 66, 69-70.  The 9/11 Claimants subsequently filed its Notice of Amended Verified Claim on February 2, 2026 to include all 9/11 Claimants' Verified Claims. *See* ECF Nos. 160, 162-63.

DOCS-100886233.1

Claimants' outstanding compensatory damages judgments against Iran, plus post-judgment interest thereon. TRIA makes the Additional *O'Neill* Claimants' interest in the Defendant Cryptocurrency senior to any interest of the U.S. government.

In support of this Notice, the Additional *O'Neill* Claimants state as follows:

### I. The Additional *O'Neill* Claimants Have Been Awarded Approximately $99,926,584.00 (exclusive of interest) in Compensatory Damages Against Iran.

1. On February 3, 2026, the U.S. District Court for the Southern District of New York determined that Iran was liable under 28 U.S.C. § 1605A for causing the Additional *O'Neill* Claimants' damages and entered judgments awarding the Additional *O'Neill* Claimants $99,926,584.00 in compensatory damages, exclusive of interest.

2. The name of each Additional *O'Neill* Claimant, the amount of compensatory damages awarded to such claimant, and the date and ECF No. of such judgment is listed in Exhibit 1 to the accompanying Verification of the Additional *O'Neill* Claimants' Claims.

3. The compensatory damages judgments identified in Exhibit 1 are in the process of being served on Iran.

4. To date, Iran has not paid any portion of any of the Additional *O'Neill* Claimants' judgments, and not one of Additional *O'Neill* Claimants' judgments has been satisfied. The Additional *O'Neill* Claimants' judgments continue to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

### II. The U.S. Government Commenced This Forfeiture Action Against the Defendant Cryptocurrency Without Disclosing Its Extensive Connections To Iran

5. On October 14, 2025, the U.S. government initiated the instant civil forfeiture action against approximately 127,271 Bitcoin once stored in the virtual-currency addresses identified in Attachment A of its complaint. *See* ECF 1 ("Forfeiture Compl.") at 1 & Attachment.

On the same day, this Court issued an arrest warrant *in rem* for Defendant Cryptocurrency pursuant to 18 U.S.C. § 981(a)(1)(C) and (a)(1)(A). *See* ECF 3.

6. The U.S. government alleges the Defendant Cryptocurrency is subject to condemnation and forfeiture by the United States: (1) under 18 U.S.C. § 981(a)(1)(C), as property that constitutes proceeds or is derived from proceeds of a violation of the wire fraud statute or a conspiracy to violate that statute, 18 U.S.C. §§ 1343, 1349; and (2) under 18 U.S.C. § 981(a)(1)(A), as property that was involved in or is derived from property involved in a money laundering transaction, an attempted money laundering transaction, or a conspiracy to make a money laundering transaction, 18 U.S.C. § 1956. *See* Forfeiture Compl. ¶ 2. Specifically, the U.S. government alleges that the Defendant Cryptocurrency was involved in or derived from money-laundering operations conducted by Chen Zhi and Prince Holding Group, an alleged front for Chen's transnational criminal organization. *Id.* at ¶¶ 20, 38-43.

7. According to the U.S. government, one such scheme involved using stolen cryptocurrency to fund a "large-scale cryptocurrency mining operation[ ]" called "Lubian," which was the "sixth largest bitcoin mining operation in the world" "[f]or some of the time it was active" and produced "large sums of clean bitcoin dissociated from criminal proceeds." *Id*. ¶ 42.

8. The U.S. government describes "Lubian" as "a Chinese bitcoin mining operation that maintained bitcoin mining facilities across Asia, including in China and **Iran**." *Id.* ¶ 16(u) (emphasis added). However, the U.S. government did not include information that put the Additional *O'Neill* Claimants on notice that the bitcoin mining operation involved conduct attributable to the Iranian Government, or otherwise that the Additional *O'Neill* Claimants had a basis to claim any of the Defendant Cryptocurrency.

### IV. The Additional *O'Neill* Claimants Recently Learned of the Relationship Between the Defendant Cryptocurrency and the Government of Iran

9. Based on information the Additional *O'Neill* Claimants only recently learned, it appears that the Defendant Cryptocurrency is directly tied to Iran, which was not clear from the forfeiture pleadings commenced by the U.S. government.

10. On December 26, 2025, other victims of Iran's state-sponsored terrorism commenced a separate action alleging that LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist Iran's longstanding efforts to evade U.S. sanctions. *See Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, No. 1:25-cv-07093 (E.D.N.Y.), Complaint for Execution and Turnover, ECF No. 1.

11. The *Fritz* plaintiffs in the *Fritz* action, along with another group of victims of Iran's state-sponsored terrorism (the "*Baxter* Victims"), filed Notices of Verified Claims in this action on December 29, 2025. *See* ECF Nos. 29 and 30.

12. Based on the information revealed in the allegations in the *Fritz* action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Additional *O'Neill* Claimants now submit this supplemental Notice of Verified Claim to be considered as part of the *O'Neill* Claimants' Claim. *See generally*, ECF Nos. 29 and 30.

### V. Under TRIA, the Additional *O'Neill* Claimants Have a Senior Interest in the Defendant Cryptocurrency

13. In the context of a forfeiture action, at this stage of the proceedings, the Additional *O'Neill* Claimants need only assert that they have a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (citation omitted). "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." *Id.* (citation omitted). Here, based on the information alleged in the *Fritz* action and summarized

5

by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the 9/11 Claimants have far more than a "facially colorable interest" in the Defendant Cryptocurrency.

14. The Additional *O'Neill* Claimants are judgment creditors of Iran as a result of Iran's acts of state-sponsored terrorism. As has now been alleged, because the Iran-China Group was or is an agent or instrumentality of Iran, TRIA entitles the Additional *O'Neill* Claimants to execute on the Defendant Cryptocurrency to satisfy those judgments "[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, the Additional *O'Neill* Claimants have a possessory interest in the Defendant Cryptocurrency, which permits them to bring the claims asserted here.

15. Specifically, TRIA provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on the "blocked assets" of that terrorist party or its "agency or instrumentality" "to satisfy such judgment to the extent of any compensatory damages." Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002), codified at 28 U.S.C. § 1610 Note. TRIA's cornerstone is the statute's broad "notwithstanding" clause, which aims to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce [their] judgments." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391-92 (2009) (Kennedy, J., concurring). The notwithstanding clause "mak[es] plain that the force of the [statute] extends everywhere" and "'supersede[s] all other laws.'" *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted). Accordingly, because it expressly overrides "conflict[ing] laws," TRIA's notwithstanding clause necessarily overrides "the civil-forfeiture statute." *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

16. Because the Additional *O'Neill* Claimants satisfy the requirements of TRIA, their interest in the Defendant Cryptocurrency necessarily is superior to the claims of the U.S.

6

government, as well as all other non-TRIA claimants, in this forfeiture action. First, as explained above, the Additional *O'Neill* Claimants hold judgments for compensatory damages against Iran based on an act of terrorism under 28 U.S.C. § 1605A. Second, Iran is a "terrorist party" because it has been designated as a state sponsor of terrorism under the Export Administration Act of 1979. *See* TRIA § 201(d)(4); Executive Order No. 13599, 77 Fed. Reg. 6659 (Feb. 5, 2012). Third, as alleged in the *Fritz* action, the Iran-China Group operated as Iran's agency or instrumentality by materially helping Iran avoiding U.S. sanctions, while providing the material function to Iran of laundering its energy resources through cryptocurrency mining, at Iran's direction and behest. *Fritz* Suit, ECF 70, Plaintiffs' Memorandum of Law in Support of Motion for Attachment, at 13-17 (Dec. 28, 2025); *see Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107, 135 (2d Cir. 2016). Fourth, under TRIA, "[b]locked assets" include "any asset seized or frozen by the United States" pursuant to the International Emergency Economic Powers Act. TRIA § 201(d)(2)(A).

20. The U.S. government has used its authority under that statute to "block" all Iranian property in the United States, including the property of agencies or instrumentalities of Iran. 31 C.F.R. §§ 510.211, 594.201(a)(5); *Kirschenbaum*, 830 F.3d at 120. As a result, if the Iran-China Group is an agency or instrumentality of Iran, all property of the Iran-China Group qualifies as a blocked asset under TRIA. *See Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022). Because the Defendant Cryptocurrency is property of the Iran-China Group, it is therefore blocked and subject to execution by the Additional *O'Neill* Claimants under TRIA.

Pursuant to 28 U.S.C. § 983(a) and Rule G, the Additional *O'Neill* Claimants hereby assert a protective, prophylactic claim against such amount of the Defendant Cryptocurrency—as the property of an agency or instrumentality of Iran—as may ultimately be necessary to satisfy the outstanding compensatory damages owed to them under their judgments against Iran, plus post-

7

judgment interest, based on the date the Defendant Cryptocurrency is valued for purposes of judgment. The Additional *O'Neill* Claimants' claim (as supplementing the *O'Neill* Claimants, and thus as part of the 9/11 Claimants') is senior to the U.S. government's claim. Notwithstanding the U.S. government's forfeiture efforts, the Additional *O'Neill* Claimants reserve all rights and remedies available in law and equity to enforce their interest in the Defendant Cryptocurrency.

Dated: February 27, 2026

                                        **ANDERSON KILL P.C.**

                          By: */s/ Jerry S. Goldman*

                              Jerry S. Goldman, Esq.
                              Bruce Strong, Esq.
                              Ethan Greenberg, Esq.
                              Samuel Braverman, Esq.
                              Alexander Greene, Esq.
                              Amy Weiss, Esq.
                              7 Times Square, 15th Floor
                              New York, New York 10036
                              jgoldman@andersonkill.com
                              Tel:  (212) 278-1000
                              Fax:  (212) 278-1733
                              *Attorneys for the O'Neill Claimants*