

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AFM
F. #2024R00105

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 2, 2026

By ECF

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  United States v. Approximately 127,271 Bitcoin
     Civil Docket No. 25-5745 (RPK)

Dear Judge Kovner:

      The government writes pursuant to the Court's January 28, 2026 order directing it to file a status report "disclosing [the government's] projected deadline to respond to claimant [Chen] Zhi's motion given the date he answered the interrogatories."

      On February 6, 2026, the government served counsel for Chen Zhi ("Chen") and Prince Holding Group ("Prince Group") with special interrogatories.[1]  Pursuant to Rule G(6)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Chen and Prince Group were required to serve answers or objections to these interrogatories within 21 days, *i.e.*, February 27, 2026.

      Neither Chen nor Prince Group have answered the government's special interrogatories.  Instead, during a phone call at 5:00 p.m. on February 27, 2026—the day the responses were due— counsel for both claimants told the government that it would produce interrogatory responses only if the government agreed to keep them "confidential," meaning, among other things, that the responses could not be incorporated in public filings on the docket, used to formulate interrogatories to other claimants, or shared with the Federal Bureau of Investigation, which is involved in the ongoing criminal case against Chen.  The responses would remain in this "confidential" state, counsel proposed, until a protective order could be negotiated regarding the government's use of the responses.

      Chen and Prince Group have been aware of the February 27 response deadline for three weeks but failed to raise the issue of a protective order until the close of business on the

---

[1]  The same attorneys represent both Chen and Prince Group.

final day.  Both claimants are now in default with respect to the deadline.  While the government is open to conferring with these claimants, it cannot accept their eleventh-hour proposal to deem materials "confidential," a designation that would have no contour, would preclude any meaningful use, and appears to have little or no precedent in this context.  Accordingly, the government will engage in good-faith discussions with their counsel over the course of this week in an effort to reach a resolution without the Court's intervention.[2]  On or before March 6, 2026, the government will advise the Court on the outcome of those discussions.

Meanwhile, the government's response deadline to Chen's forthcoming motion to dismiss is tolled on the additional basis that the government's motion to strike Chen's claim is presently being litigated.  *See* ECF No. 246 (Pre-Motion Letter); Rule G(8)(c)(ii)(A).

        Respectfully submitted,

        JOSEPH NOCELLA, JR.
        United States Attorney

By:    /s/
        Alexander Mindlin
        Tanisha R. Payne
        Benjamin Weintraub
        Andrew Reich
        Rebecca Schuman
        Assistant U.S. Attorneys
        (718) 254-7000

        Christopher B. Brown
        Supervisory Trial Attorney
        National Security Cyber Section
        National Security Division
        U.S. Department of Justice

---

[2]  To be clear, there appears to be little precedent for a protective order limiting the government's use of narrative interrogatory responses in civil forfeiture actions, nor is it clear how a single putative claimant could bilaterally negotiate a protective order in a case with multiple such claimants.  The government reserves its right to move to compel interrogatory responses from Chen Zhi and Prince Group, notwithstanding its commitment to confer with them.