UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                               Civil Action No. 25-cv-5745 (RPK)

APPROXIMATELY 127,271 BITCOIN (BTC), et al.,

    *Defendant In Rem*.

-----------------------------------------------------------------x

### CLAIMANT ATH LEEPINYO'S MOTION TO DISMISS CROSS-CLAIMS (Dkt. 252)

1. Claimant **Ath Leepinyo**, appearing pro se, respectfully moves pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), and Supplemental Rule G, to dismiss the Cross-Claims asserted in Docket No. 252 against him.

### INTRODUCTION

2. Docket No. 252 purports to assert cross-claims and counterclaims against "all other claimants," including Mr. Leepinyo.

3. Dismissal is warranted because:

1. The Cross-Claimants lack standing to assert claims against Mr. Leepinyo absent strict compliance with Supplemental Rule G;
2. Mr. Leepinyo was not served with Docket No. 252 as required by Federal Rule of Civil Procedure 5;
3. Docket No. 252 contains no Certificate of Service and is therefore procedurally defective; and
4. The Cross-Claims fail to state a legally cognizable claim for relief against him.

### ARGUMENT

#### I. The Cross-Claims Should Be Dismissed for Lack of Standing (Rule 12(b)(1))

4. This is a civil forfeiture action governed by Supplemental Rule G.

5. Only claimants who have filed a timely and legally sufficient verified claim have statutory standing to litigate interests in the Defendant Property.

6. To the extent Cross-Claimants failed to strictly comply with Rule G's filing requirements and deadlines, they lack standing to assert priority claims against Mr. Leepinyo.

7. Standing in forfeiture proceedings is strictly construed. Absent compliance with Rule G, Cross-Claimants may not assert cross-claims against other claimants.

8. Accordingly, dismissal is warranted under Rule 12(b)(1).

## II. The Cross-Claims Should Be Dismissed for Insufficient Service (Rule 12(b)(5))

9. Mr. Leepinyo was not served with Docket No. 252.

10. Federal Rule of Civil Procedure 5 requires that every pleading filed after the original complaint be served upon each party.

11. Because Mr. Leepinyo did not receive service of Docket No. 252:

- Service is insufficient;
- No response deadline has been triggered;
- The Court lacks authority to adjudicate claims against him.

12. Dismissal is therefore appropriate under Rule 12(b)(5).

## III. Docket No. 252 Is Procedurally Defective for Failure to Include a Certificate of Service

13. Federal Rule of Civil Procedure 5(d)(1) requires that any paper after the complaint must be accompanied by proof of service.

14. Docket No. 252 does not contain a Certificate of Service demonstrating that it was served upon Mr. Leepinyo.

15. The absence of a Certificate of Service renders Docket No. 252 procedurally defective and noncompliant with Rule 5.

16. Because the Cross-Claimants failed to file proof of service and failed to serve Mr. Leepinyo, the pleading should be dismissed or stricken.

## IV. The Cross-Claims Fail to State a Claim (Rule 12(b)(6))

17. The Cross-Claims seek broad declaratory and priority relief against "all other claimants" but:

- Do not allege specific conduct by Mr. Leepinyo;
- Do not plead facts showing his interest is subordinate;
- Do not establish a legally superior property right.

18. Conclusory assertions of priority are insufficient under Rule 8 and Rule 12(b)(6).

19. Dismissal is therefore warranted.

## CONCLUSION

For the foregoing reasons, Claimant Ath Leepinyo respectfully requests that the Court:

1. Dismiss the Cross-Claims against him;
2. Strike Docket No. 252 as procedurally defective;
3. Grant such further relief as the Court deems just and proper.

Dated: March 1, 2026

Respectfully submitted,

/s/ Ath Leepinyo

Ath Leepinyo
P.O. Box 2, Central Bangna Post Office
1093 Bangna-Trat Road Km. 3
Bangna, Bangkok 10260
Thailand
Email: leepinyo@protonmail.com

Pro Se Claimant

3

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2026, I served a true and correct copy of the foregoing Motion to Dismiss upon all counsel of record in this action:

☐ By filing through the Court's CM/ECF system;

 OR

X☐ By United States First Class mail, properly addressed and postage prepaid.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 26, 2026

/s/ Ath Leepinyo
Ath Leepinyo
