# Mitchell Allyn, Ltd.

1000 North Green Valley Parkway, Suite 440-575
Henderson, Nevada 89074-6170

Tel: +1 702 350 1208
Email: dmitchell@mitchellallyn.com

March 3, 2026

The Honorable Rachel P. Kovner
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *United States v. Approximately 127,271 Bitcoin*
              Case No. 25-cv-5745-RPK

Dear Judge Kovner:

    We represent the Havlish Claimants, four groups of judgment creditors who hold final, enforceable judgments against the Islamic Republic of Iran for its material support of the September 11, 2001, terrorist attacks. Pursuant to Your Honor's Individual Practice Rule IV(A), the Havlish Claimants respectfully request a pre-motion conference regarding their intent to file a motion to dismiss the cross-claims filed by the Breitweiser Claimants (ECF 216) for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

**Factual and Procedural Background**

    The Havlish Claimants have established that the 127,271 Bitcoin ("Defendant Cryptocurrency") subject to this forfeiture action is property of LuBian, a front for the Iran-China Group, which acts as an agency and instrumentality of the Islamic Republic of Iran. The Havlish Claimants filed their Notice of Claim on January 19, 2026, and soon intend to pursue enforcement of their judgments in a separate action pursuant to Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA").

    On February 11, 2026, the Breitweiser Claimants—who also hold judgments against Iran—filed a Verified Answer and Cross-Claims against other terror victims, including the Havlish Claimants. These cross-claims seek a judicial declaration of "super-priority" over all other creditors. Specifically, they assert priority rights for attachment and execution under N.Y. C.P.L.R. §§ 5234 and 6201, TRIA, and the Foreign Sovereign Immunities Act ("FSIA").

Judge Rachel Kovner
March 3, 2026
Page 2

## Grounds for Dismissal

The Breitweiser cross-claims fail as a matter of law for several independent reasons:

### A. Failure to Obtain the Mandatory Section 1610(c) Order

Under the FSIA, a judgment creditor who obtained a default judgment against a foreign state is strictly prohibited from beginning attachment or execution proceedings until the court has issued an order pursuant to 28 U.S.C. § 1610(c) . The Second Circuit strictly applies this mandate, requiring a specific judicial determination for *each* group of assets a creditor seeks to attach. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 291 (2d Cir. 2011).

Because the Breitweiser cross-claims explicitly seek to establish priority under state and federal execution and attachment statutes (N.Y. C.P.L.R. § 5234, Art. 62, and TRIA), their cross-claims constitute attachment and execution proceedings within the meaning of the FSIA. The Breitweiser Claimants do not possess a Section 1610(c) order—a statutory condition precedent—rendering their claims for priority premature and legally deficient.

### B. TRIA Does Not Provide a Right of Action Against Other Victims

The Breitweiser Claimants' reliance on TRIA as a basis for "super-priority" over other victims is misplaced. TRIA is a specialized enforcement statute designed to reach the assets of "terrorist parties" and their "agencies or instrumentalities." *See Levinson v. Kuwait Fin. House Malaysia Berhad*, 44 F.4th 91, 96-97 (2d Cir. 2022). The statute creates neither a right of action for one victim to sue another nor a hierarchy among judgment holders. Priorities among competing judgment creditors are determined solely by state law.

### C. The Cross-Claims Are Threadbare Legal Conclusions

The Breitweiser cross-claims fail to satisfy the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2008), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The cross-claims consist of naked assertions and "labels and conclusions" devoid of factual enhancement explaining *why* they have a priority over other similarly situated victims.

Judge Rachel Kovner
March 3, 2026
Page 3

### D. Baseless Alternative Relief Regarding the USVSST Fund

The Breitweiser Claimants' request for a declaration that the assets must be disposed of in compliance with the U.S. Victims of State Sponsored Terrorism Fund ("USVSSTF") is contrary to law. The USVSSTF is a rigid statutory scheme with explicit predicates for eligibility and funding. District courts have no authority to order that funds be deposited into the USVSSTF.

### Conclusion

For the foregoing reasons, the Havlish Claimants respectfully request that the Court hold a pre-motion conference or, in the alternative, enter a briefing schedule for the Havlish Claimants' motion to dismiss the Breitweiser cross-claims.

Sincerely,

Douglass A. Mitchell
(NV Bar No. 3775)
*Appearing Pro Hac Vice*
MITCHELL ALLYN, LTD.

cc: All Counsel of Record (via ECF)