UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>                Defendants in rem. | Civil Action No. 25-5745 (RPK) |

**CHRISTIE AND GRATION CLAIMANTS' ANSWER TO
CROSS-CLAIM OF BREITWISER CLAIMANTS**

       The Christie and Gration Claimants, as previously listed and named in Doc. No. 146-1, hereby answer through their undersigned counsel the Cross-Claim included with the Answer (Doc. No. 216) of the so-called Breitweiser Claimants as follows, on personal knowledge as to their own acts and on information and belief as to all other matters:

       1.       Paragraph 1 is a legal conclusion to which no response is required.

       2.       Paragraph 2 is a legal conclusion to which no response is required.

       3.       The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 3.

       4.       Paragraph 4 is a legal conclusion to which no response is required.

       5.       Paragraph 5 is a legal conclusion to which no response is required, except that the Christie and Gration Claimants deny that the Breitweiser Claimants have any "priority claims" to

the Defendant Assets superior to their own and lack knowledge sufficient to admit or deny whether the Breitweiser Claimants have "priority claims" superior to those of anyone else.

6. The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 6.

7. The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 7.

8. The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 8.

9. The Christie and Gration Claimants admit the allegations of Paragraph 9.

10. The Christie and Gration Claimants admit the allegations of Paragraph 10.

11. The Christie and Gration Claimants incorporate and reallege each and every response to Paragraphs 1 through 10 set forth above as though set forth in full here.

12. Paragraph 12 is a legal conclusion to which no response is required.

13. Paragraph 13 is a legal conclusion to which no response is required.

14. Paragraph 14 is a legal conclusion to which no response is required.

15. Paragraph 15 is a legal conclusion to which no response is required.

16. The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 16.

17. Paragraph 17 is a legal conclusion to which no response is required, but it is denied that the claims of the Christie and Gration Claimants to the Defendant Assets are subordinate to those asserted by the Breitweiser Claimants.

18. The Christie and Gration Claimants incorporate and reallege each and every response to Paragraphs 1 through 17 set forth above as though set forth in full here.

19. Paragraph 19 is a legal conclusion to which no response is required.

20. Paragraph 20 is a legal conclusion to which no response is required.

21. The Christie and Gration Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 21.

22. Paragraph 22 is a legal conclusion to which no response is required.

23. The Christie and Gration Claimants deny that the Breitweiser Claimants' rights, if any, to the Defendant Assets have any priority over the Christie and Gration Claimants' own rights to the same assets.

24. The Christie and Gration Claimants incorporate and reallege each and every response to Paragraphs 1 through 23 set forth above as though set forth in full here.

25. The Christie and Gration Claimants admit the allegations of Paragraph 25.

26. The Christie and Gration Claimants admit the allegations of Paragraph 26.

27. Paragraph 27 is a legal conclusion to which no response is required.

28. The Christie and Gration Claimants deny that the Breitweiser Claimants' rights, if any, to the Defendant Assets have any priority over the Christie and Gration Claimants' own rights to the same assets.

29. The Christie and Gration Claimants incorporate and reallege each and every response to Paragraphs 1 through 28 set forth above as though set forth in full here.

30. The Christie and Gration Claimants admit the allegations of Paragraph 30, but deny that ad hoc cross-claims for declaratory relief brought by individual claimant groups are the appropriate or superior method for resolving such controversies under the present circumstances.

31. The Christie and Gration Claimants deny that the Breitweiser Claimants' rights, if any, to the Defendant Assets have any priority over the Christie and Gration Claimants' own rights to the same assets.

The Christie and Gration Claimants expressly reserve all other potential responses and defenses (without conceding that they bear the burden on any of them) to this Cross-Claim, including without limitation that it fails to state a claim, that it is premature or otherwise nonjusticiable, that the Breitweiser Claimants lack standing, and that the Cross-Claim is barred in whole or in part by waiver, estoppel, unclean hands, or any other relevant equitable doctrine.

WHEREFORE, the Christie and Gration Claimants respectfully request that the Cross-Claim of the Breitweiser Claimants be denied in its entirety to the extent it seeks any priority over the claims of the Christie and Gration Claimants to the Defendant Assets, and furthermore denied in its entirety as inconsistent with a sensible, fair and efficient process for this Court to evaluate and adjudicate the numerous competing claims to the Defendant Assets that have been brought.

**JURY DEMAND**

The Christie and Gration Claimants demand a trial by jury on all issues triable by jury.

Dated: March 3, 2026                                        Respectfully submitted,

*/s/ John W. Brewer*
John W. Brewer
Avery Samet
AMINI LLC
131 W 35th Street, Floor 12
New York, NY  10001
Tel: (212) 490-4700
jbrewer@aminillc.com
asamet@aminillc.com

*Attorneys for the Christie and Gration Claimants*

5