MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com
————
WRITER'S CONTACT INFORMATION

tkasulis@maglaw.com
(212) 880-9555

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
KEFIRA WILDERMAN
————
RETIRED/PARTNER EMERITUS
PAUL R. GRAND
————
ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

March 4, 2026

**BY ECF**

Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Approximately 127,271 Bitcoin*, 25 Civ. 5745 (RPK)

Dear Judge Kovner:

We represent Claimant Jian Yang ("Claimant") in connection with the above-referenced action. We submit this letter in response to the Government's letter, dated February 23, 2026, requesting a pre-motion conference with respect to its proposed motion to strike Claimant's claim and answer for lack of statutory standing. In light of the representations in its February 13, 2026 letter, the Government should review the responses to the special interrogatories it recently served before filing a motion to strike. In any event, the pleadings plainly satisfy the requirements of Supplemental Rule G(5) and thus establish Claimant's statutory standing to contest the forfeiture.

**I.      Background**

On October 14, 2025, the Government filed the verified complaint in this case seeking the forfeiture of 127,271 bitcoin which it alleges are "heavily laundered cryptocurrency" amassed by Chen Zhi as of December 2020. *See* Doc. No. 1 ¶ 44. In relevant part, the Government alleges that "Chen and his co-conspirators laundered illicit proceeds by using the proceeds to fund large-scale cryptocurrency mining operations, including . . . the China-based Lu[B]ian," *id.* ¶ 42, and that a portion of the 25 addresses seized held funds from "addresses associated with Lu[B]ian," *id.* ¶ 45. After appearing through counsel on December 11, 2025, Claimant filed a verified notice of claim on January 19, 2026 asserting an ownership interest in 5,998 Bitcoin that were "held in the LuBian mining pool or in addresses otherwise 'associated with Lu[B]ian.'" Doc. No. 63 ¶ 5

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

The Honorable Rachel P. Kovner
March 4, 2026
Page 2

(quoting Doc. No. 1 ¶ 45). Claimant answered the complaint on February 9. Doc. 200. The Government served Claimant with special interrogatories on February 23. Doc. No. 245.

### II.     Argument

#### a. The Government Should Review Claimant's Responses to its Special Interrogatories Before Requesting a Pre-Motion Conference

As Your Honor is aware, the Court ordered the Government to "identify[] the timely filed claims that it intends to move to strike" by February 13. In response to that order, the Government stated that "it cannot, at this time, determine which other claimants [apart from the AWKO claimants HLF claimants, and Connie Wilson] should be struck for lack of standing until [it] has had an opportunity to assess each remaining claimant's standing with special interrogatories." Doc. No. 224 at 3. The Government represented that, instead, "[o]nce [it] has received responses to those interrogatories, it will determine whether the answers are adequate and, if not, move to compel" before "fil[ing] a motion to strike the claim for lack of standing or any other applicable basis." *Id.* The Government never stated, as it claims now, that it was only referring to motions to strike for lack of constitutional standing. *Compare* Doc. No. 246 at n.1 *with* Doc. No. 224 at 2–3. Nor was the Court's order limited to motions to strike for lack of constitutional standing.

In light of these prior representations, the Government should review Claimant's responses to the special interrogatories it served on February 23 before determining whether to move to strike. As set forth below, the Government has not identified any defects with Claimant's claim or answer that would deprive him of statutory standing. The arguments set forth in the Government's pre-motion letter go to the strength of Claimant's claim, not statutory standing, and suggest that the Government has rushed to judgment before reviewing (or even receiving) the responses to its own discovery requests.

#### b. Claimant's Notice of Claim and Answer Satisfy Supplemental Rule G(5)

Even if the Court considers the Government's request, the Government's proposed motion would fail on the merits. For the following reasons, the pleadings plainly satisfy the requirements of Supplemental Rule G(5) and thus establish Claimant's statutory standing to litigate his claim.

##### 1. Notice of Claim

The Government first contends that Claimant lacks statutory standing because his notice of claim fails to "identify the specific property claimed" and "state the claimant's interest in the property" under Supplemental Rule G(5)(a). Claimant's notice is unambiguous, however, that Claimant is claiming 5,998 Bitcoin "held in the LuBian mining pool or in addresses otherwise 'associated with Lu[B]ian'" and that he is stating his interest "including but not limited to as a bailor or the beneficiary of a constructive trust." Doc. No. 63 ¶¶ 5–6 (quoting Doc. No. 1 ¶ 45). The notice also describes how Claimant transferred his property to wallets controlled by Chen for

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

The Honorable Rachel P. Kovner
March 4, 2026
Page 3

safekeeping "in the hands of a Chen team" after Claimant was the victim of a theft of cryptocurrency, and how he learned that the "Chen team" was affiliated with LuBian. *See id.* ¶¶ 3–5. While the Government may consider this arrangement "unusual," *see* Doc. No. 246 at 3, it is in fact common in the formation of a bailor-bailee relationship. *See Timoshenko v. Gu*, No. 17-cv-2268 (KBF), 2017 WL 10221327, at *5 (S.D.N.Y. Aug. 28, 2017). The Government's own complaint, which itself acknowledges that a portion of the seized wallets held funds associated with LuBian, further "belies [the] notion" that Claimant "lack[s] statutory . . . standing to oppose [the] forfeiture." *United States v. Technodyne LLC*, 753 F.3d 368, 380 (2d Cir. 2014). In short, the notice of claim is more than sufficient to satisfy Supplemental Rule G(5)(a)'s requirement that Claimant "identify the specific property claimed" and "state [his] interest in the property."[1]

  *2. Answer*

The Government also contends that Claimant lacks statutory standing because his answer fails to comply with Supplemental Rule G(5)(b). But that rule only states that "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Claimant did so. The Government nevertheless asserts that Claimant's answer fails to satisfy this rule because his answer provides "no additional information or clarification" with respect to his interest in the claimed property. Doc. No. 246 at 3. That is not the purpose of an answer, which is to "admit or deny the allegations" in the complaint and "state in short and plain terms . . . defenses to each claim asserted." Fed. R. Civ. P. 8(b). As such, this is not a cognizable basis for the Government to move to strike Claimant's answer.

\* \* \*

For the foregoing reasons, we respectfully request that the Court decline to schedule a pre-motion conference or set a briefing schedule with respect to the Government's proposed motion at this time. Thank you for your consideration of this request.

Respectfully submitted,

*/s/ Telemachus P. Kasulis*
Telemachus P. Kasulis
Marissa Piccolo
MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO P.C.

---

[1] For similar reasons, the Government does not require a more definite statement to proceed with this case. But the Government cannot in any event invoke Federal Rule of Civil Procedure 12(e) to obtain a "more definite statement" from any claimant because a notice of claim is not a "pleading to which a responsive pleading is allowed." Fed. R. Civ. P. 12(e). A notice of claim is "the first step of contesting a civil forfeiture action" before the *claimant* files his responsive pleading to the complaint *in rem*; the Government never makes a responsive pleading in a civil-forfeiture action and thus does not require a more definite statement. *See* Committee Note on Rule G(5)(a)—2006.

Morvillo Abramowitz Grand Iason & Anello P.C.

The Honorable Rachel P. Kovner
March 4, 2026
Page 4

                                                565 Fifth Avenue
                                                New York, New York 10017
                                                Tel: (212) 880-9555
                                                tkasulis@maglaw.com
                                                mpiccolo@maglaw.com

cc:      Counsel of record (via ECF)