# Morvillo Abramowitz Grand Iason & Anello P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

———

WRITER'S CONTACT INFORMATION

tkasulis@maglaw.com
(212) 880-9555

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
KEFIRA WILDERMAN

———

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

———

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

March 4, 2026

**BY ECF**

Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *United States v. Approximately 127,271 Bitcoin*,
     **25 Civ. 5745 (RPK)**

Dear Judge Kovner:

  We represent Claimant Jian Yang ("Claimant") in connection with the above-referenced civil forfeiture action. We submit this letter in response to the crossclaim filed against Claimant and others by the putative Breitweiser Claimants on February 11, 2026. For the following reasons, Claimant respectfully requests that the Court hold in abeyance all crossclaims filed by putative claimants contesting the forfeiture of the Defendants *in rem* under the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610, including the putative Breitweiser Claimants (the "putative TRIA Claimants"), and related deadlines.[1] In the alternative, Claimant respectfully requests that the Court schedule a pre-motion conference to set forth the bases for his anticipated motion to dismiss the crossclaims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### I. Background

  On October 14, 2025, the government filed the verified complaint in this case seeking the forfeiture of approximately 127,271 bitcoin which it alleges are "heavily laundered cryptocurrency" containing the criminal proceeds amassed by Chen Zhi as of December 2020 (the

---

[1] As set forth below, the putative Breitweiser Claimants prematurely filed an answer containing a crossclaim on February 11, 2026, before the Court ruled that it would accept their claim as timely. Out of caution, Claimant has elected to file this response to the putative Breitweiser Claimants within the timeframe set forth in the Court's Individual Practice Rule IV(A)(2).

Morvillo Abramowitz Grand Iason & Anello P. C.

The Honorable Rachel P. Kovner
March 4, 2026
Page 2

"Defendants *in rem*").  *See* Doc. No. 1 ¶ 44.  After appearing through counsel on December 11, 2025, and indicating his intent to contest the forfeiture, Claimant filed a verified notice of claim on January 19, 2026, and answered the complaint on February 9.  *See* Doc. Nos. 15, 16, 63, 200.  Several putative claimants, including the putative Breitweiser Claimants, later appeared through counsel and moved for leave to file untimely claims to the Defendants *in rem* as property subject to attachment and execution by judgment-holding victims of terrorism under TRIA.  *See* Doc. No. 106; *see also, e.g.*, Doc Nos. 48, 52, 53, 56, 62, 66, 68, 72, 73.  After the Government filed its opposition to the putative claimants' motions, *see* Doc. No. 206, the Court directed all similarly situated putative claimants to file a reply by February 6.  Although the Court has yet to rule on the putative claimants' motions for leave to file untimely claims, on February 11, the putative Breitweiser Claimants answered the complaint and asserted a crossclaim against all non-sovereign parties in this action, including Claimant, "seek[ing] a declaration that . . . their claims are entitled to priority over all competing claims for purposes of attachment and execution, including but not limited to competing terrorism judgment creditors, execution creditors, and non-TRIA claimants."  Doc. No. 216 at 11.

## II.     Argument

### a. The Court Must Hold All Crossclaims by Putative TRIA Claimants and Related Deadlines in Abeyance

By prematurely filing an answer asserting a crossclaim against all non-sovereign parties on February 11, the putative Breitweiser Claimants have started a cascade before the Court has even ruled on whether they may contest the forfeiture.  Since then, three other putative claimants – the Hamen Claimants, AXA Insurance Claimants, and Iranian Terrorism Victim Claimants – have followed suit and brought near-identical crossclaims for priority.  *See* Docs. 225, 226, 252.  Some putative claimants have even answered the crossclaim.  *See* Doc Nos. 269–70.  Because the Court has yet to accept the putative underlying claims, it is Claimant's position that all answers and crossclaims are legal nullities. If the Court is inclined to accept these claims as timely, however, Claimant respectfully requests that the Court hold the crossclaims, related discovery, and deadlines in abeyance until it is determined whether the Defendants *in rem* are the property of Iran or its agents and instrumentalities subject to attachment and execution under TRIA.

Putting aside whether a crossclaim for "priority" is a cognizable crossclaim, the putative Breitweiser Claimants acknowledge that such a crossclaim may be pleaded "only to the extent that state-law execution or attachment principles are determined to apply in aid of federal judgment enforcement [under TRIA] following forfeiture or disposition of the *res*." Doc. No. 216 at 13.  Though the putative Breitweiser Claimants represent that they will not seek "adjudication of priority against any claimant until the universe of claimants in this action is established," *id.* at 12, that may be well before it is determined whether the assets are subject to attachment and execution under TRIA.  In addition, the question of attachment under TRIA is intertwined with questions regarding the forfeitability of the Defendants *in rem* given the emerging dispute over whether Chen

Morvillo Abramowitz Grand Iason & Anello P. C.

The Honorable Rachel P. Kovner
March 4, 2026
Page 3

or the Iran-China group controlled several relevant addresses. By holding these crossclaims in abeyance, the Court and the parties will avoid unnecessarily expending resources to simultaneously litigate priority alongside the forfeitability of the Defendants *in rem*. This is especially when the Government has indicated its intent to move to strike the underlying TRIA claims on grounds applicable to the crossclaims and, if that motion were granted, the Court may find it appropriate to decline to exercise supplemental jurisdiction and dismiss the crossclaims altogether. *See* Doc. No. 126 at 6–7.

### b. The Putative Crossclaims for Priority are Not Cognizable

Should the Court accept the claims and answers that have been filed by the putative TRIA claimants and decline to hold the crossclaims in abeyance, Claimant respectfully requests that the Court schedule a pre-motion conference or set a briefing schedule with respect to his anticipated motion to dismiss the crossclaims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

To begin, the crossclaim itself states it may be pleaded "only to the extent that state-law execution or attachment principles are determined to apply in aid of federal judgment enforcement [under TRIA] following forfeiture or disposition of the *res*," which has not yet occurred. Doc. No. 216 at 13. As a result, the crossclaim is not ripe for review and must be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction. *See Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148 (1967) (describing how the "basic rationale" of the ripeness doctrine is "to prevent the courts . . . from entangling themselves in abstract disagreements").

In addition, the putative claimants lack a private right of action under TRIA to bring a crossclaim for priority in a civil-forfeiture action. While TRIA enables judgment-holding victims of terrorism to attach and execute on property owned by Iran and its agents or instrumentalities, the statute neither expressly nor impliedly creates a cause of action for "priority" amongst claimants.[2] Indeed, the very purpose of this action is for the Court to determine whether the Defendants *in rem* are subject to forfeiture by the United States or to otherwise dispose of the *res* between competing claimants. As another district court has observed, there is "no scenario" in which a crossclaim for priority would be "relevant" in this civil forfeiture action. *United States v. $2,350,000.00 In Lieu of One Parcel of Prop. Located at 895 Lake Ave., Greenwich, Conn.*, 718 F. Supp. 2d 215, 229 n. 7 (D. Conn. Apr. 22, 2010). If the United States successfully establishes the forfeitability of the Defendants *in rem* and no claimant "defeats the forfeiture," the putative cross-claimants "would not be entitled to the declaration they seek" – that they have priority over all non-sovereign claimants. *Id.* Conversely, "[i]f the Defendant Property is not forfeited, but [Claimant] is the prevailing innocent owner, the [putative TRIA claimants] would obviously not be entitled to the declaration they seek" because the Court would have found that the Defendants *in rem* are the property of Claimant and *not* property subject to attachment and execution under

---

[2] While this letter focuses on defects particular to a crossclaim for "priority," others have identified various issues with the putative TRIA claimants' ability to attach to the Defendants *in rem* which necessarily affect the crossclaim. *See, e.g.*, Doc. No. 246 at 2–3; Doc. No. 267 at 2–3.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

The Honorable Rachel P. Kovner
March 4, 2026
Page 4

TRIA.  *Id.*  As a result, this crossclaim is not cognizable and must be dismissed under Rule 12(b)(6).

\*   \*   \*

For the foregoing reasons, we respectfully request that the Court hold all crossclaims filed by the putative TRIA claimants and related deadlines in abeyance or, alternatively, schedule a pre-motion conference to further elucidate the defects that compel dismissal of the putative claimants' crossclaim.  Thank you for your consideration of this request.

    Respectfully submitted,

    */s/ Telemachus P. Kasulis*
    Telemachus P. Kasulis
    Marissa Piccolo
    MORVILLO ABRAMOWITZ
    GRAND IASON & ANELLO P.C.
    565 Fifth Avenue
    New York, New York 10017
    Tel: (212) 880-9555
    tkasulis@maglaw.com
    mpiccolo@maglaw.com

cc:    Counsel of record (via ECF)