UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendant *In Rem*. | JURY TRIAL DEMANDED<br><br>Civil Action No. 25-5745 (RPK) |

**9/11 CLAIMANTS' ANSWER TO CROSS-CLAIMS BY BREITWEISER CLAIMANTS**

Pursuant to Rule G(5)(b) of the Federal Rules of Civil Procedure, the *O'Neill*, *Burnett*, *Ashton*, and *Ashton-Burlingame* Claimants (together, the "9/11 Claimants") (as amended from time to time),[1] on behalf of over 12,000 family members and individuals who either sustained physical injuries as victims of the September 11, 2001 terrorist attacks (the "9/11 Attacks") or are the estate representatives of individuals killed in the 9/11 Attacks and have been awarded compensatory damages judgments totaling over approximately $93,577,300,499, *exclusive of interest*, under 28 U.S.C. §§ 1605A and 1605B against the Islamic Republic of Iran ("Iran") for its role in sponsoring the 9/11 Attacks, hereby submit an answer to the Cross-Claims submitted by Kristen Breitweiser, Individually and as Personal Representative of the Estate of Ronald M. Breitweiser; Caroline Breitweiser; Patricia Ryan, Individually and as Personal Representative of the Estate of John J. Ryan; Laura Ryan; Colin Ryan; Kristen Ryan; and Jacqueline Eaton, individually and as Personal Representative of the Estate of Robert D. Eaton (collectively, the

---

[1] A full list of the 9/11 Claimants is included as exhibits to the Verifications of the 9/11 Claimants' Claims. *See* ECF Nos. 160-3, 160-7, 160-11, 160-15, 163-1, 163-5, 163-9, 163-15, 258-3, 260-1.

1

"Breitweiser Claimants"), dated February 11, 2026 (ECF No. 216), as follows:

## RESPONSE TO CROSS-CLAIM FOR PRIORITY

1.	Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

2.	Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

3.	Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 3.

4.	Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 4.

5.	Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 5.

6.	Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 6.

7.	Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

## FIRST COUNT
### (Priority Under CPLR § 5234 – Executions)

11. The 9/11 Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 12.

13. Paragraph 13 contains legal conclusions to which no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required.

15. Paragraph 15 contains legal conclusions to which no response is required.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, denied.

## SECOND COUNT
### (Priority Under CPLR Article 62 – Attachment)

18. The 9/11 Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 21.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 22.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, denied.

## THIRD COUNT
### (Priority Under TRIA § 201 and Federal Law)

24. The 9/11 Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

25. Paragraph 25 contains legal conclusions to which no response is required.

26. Paragraph 26 contains legal conclusions to which no response is required.

27. Paragraph 27 contains legal conclusions to which no response is required.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, denied.

## FOURTH COUNT
**(Declaratory Relief)**

29. The 9/11 Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, denied.

## AFFIRMATIVE AND OTHER DEFENSES

32. The defenses asserted herein are based on the 9/11 Claimants' knowledge, information, and belief at this time. The 9/11 Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Breitweiser Claimants' Cross-Claims except as may be specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the Breitweiser Claimants' and the government's claims, the 9/11 Claimants assert the following affirmative and other defenses:

## FIRST AFFIRMATIVE DEFENSE

33. The Breitweiser Claimants' first Two Counts—"Priority under CPLR § 5234 – Executions" and "Priority Under CPLR Article 62 – Attachment"—fail to state a claim against the 9/11 Claimants as a matter of law. Priority under CPLR §§ 6226 and 5234 is based upon which party first serves an execution upon the sheriff to levy against said property. At this time, no Claimant in this action has been granted an execution or attachment by any court, and therefore no Claimant has yet served the sheriff yet. Accordingly, the Breitweiser Claimants do not have

priority over any other Claimant, including the 9/11 Claimants, and the Breitweiser Claimants' first Two Counts of their cross-claim must therefore be dismissed.

## SECOND AFFIRMATIVE DEFENSE

34. The Breitweiser Claimants' Third Count—"Priority Under TRIA § 201 and Federal Law"—fails to state a claim against the 9/11 Claimants as a matter of law. Like the Breitweiser Claimants, the 9/11 Claimants hold compensatory damage judgments against Iran based on acts of terrorism, and are claimants under the Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"). TRIA does not create a right of action for claimant to sue another nor does it provide for a hierarchy of priority among judgment holders. Accordingly, TRIA does not provide any basis to give priority to the Breitweiser Claimants over the 9/11 Claimants, and this cross-claim must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

35. The Court should utilize the broad discretion granted to it by CPLR § 5240 to ensure that any execution or attachment issued in this case shall provide in substance that all claims based on compensatory damage judgments against Iran for acts of terrorism shall be granted on an equitable basis as to *all* such claimants, without excluding or giving priority to any such claimants.

Dated: March 4, 2026

Respectfully submitted,

**ANDERSON KILL P.C.**

By: */s/ Jerry S. Goldman*
    Jerry S. Goldman, Esq.
    Bruce E. Strong, Esq.
    Alexander A. Greene, Esq.
    7 Times Square, 15th Floor
    New York, NY 10036
    Tel.: (212) 278-1000
    jgoldman@andersonkill.com
    bstrong@andersonkill.com
    agreene@andersonkill.com
    *Attorneys for the O'Neill Claimants*

**KREINDLER & KREINDLER LLP**

By: */s/ Megan Wolfe Benett*
    Justin T. Green, Esq.
    Megan Wolfe Benett, Esq.
    485 Lexington Ave
    New York, NY 10017
    Tel.: (212) 973-3438
    jgreen@kreindler.com
    mbenett@kreindler.com
    *Attorneys for the Ashton Claimants*

**MOTLEY RICE LLC**

By: */s/ John M. Eubanks*
    John M. Eubanks, Esq.
    John C. Duane, Esq.
    28 Bridgeside Boulevard
    Mount Pleasant, SC 29465
    jeubanks@motleyrice.com
    jduane@motleyrice.com
    Tel.: (843) 216-9218
    *Attorneys for the Burnett Claimants*

**SPEISER KRAUSE, P.C.**
By: */s/ Jeanne M. O'Grady*
Jeanne M. O'Grady, Esq.
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
jog@speiserkrause.com
Tel.: (914) 220-5333
*Attorneys for the Ashton-Burlingame Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2026, I electronically filed the foregoing 9/11 Claimants' Answer to Cross-Claims by Breitweiser Claimants via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF in the above-captioned matter.

Dated: March 4, 2026                             /s/ *Jerry S. Goldman*
                                                                    Jerry S. Goldman

DOCS-100888919.3