**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax

**Jeffrey Brown**
*Partner*
Jeffrey.Brown@dechert.com
+1 212 698 3500  Direct
+1 212 698 3599  Fax

March 4, 2026

BY ECF

Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Approximately 127,271 Bitcoin,* **Case No. 25-cv-5745 (RPK)**

Dear Judge Kovner:

    On behalf of Claimant LuBian we write to respond to the Government's request for a pre-motion conference regarding its anticipated motion to strike LuBian's claim for failure to comply with the pleading requirements of Rule G(5)(a). ECF No. 246.  We do not believe that the Government's proposed motion is well taken and we respectfully submit that it can be disposed of without full briefing and further delay.

## LUBIAN'S CLAIM IS NOT DEFICIENT

    "In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court." *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014).[1] The Government makes clear that, at this stage, it is moving to strike based solely on "statutory deficiencies" while reserving the right to raise Article III standing arguments after claimants have responded to special interrogatories. *See* ECF No. 246 at 1 n.1. "Claimants have statutory standing to oppose forfeiture in a civil *in rem* proceeding if they claim an interest in the seized property, asserting that interest in the property in the manner set forth in the Forfeiture Rules." *United States v. Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents ($417,143.48)*, No. 13-cv-5567, 2015 WL 5178121, at *5 (E.D.N.Y. Sept. 2, 2015), *aff'd sub nom. United States v. $417,143.48, Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents*, 682 F. App'x 17 (2d Cir. 2017).

    The Forfeiture Rules mandate that a claim contesting forfeiture must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the

---

[1] Unless otherwise indicated, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted from quotations of cases and the parties' papers.



March 4, 2026
Page 2

property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D). Supp. R. G(5)(a)(i). The Forfeiture Rules also set forth strict timing requirements for the filing of a claim, "[u]nless the court for good cause sets a different time." *Id.* G(5)(a)(ii). The Government does not contend that LuBian's claim was untimely. Instead, the Government raises three arguments, each of which is addressed in turn below.

### The Government's Own Complaint Forecloses Its Standing Arguments

Before addressing the Government's specific contentions, it bears emphasis that the Government's standing arguments are fundamentally at odds with its own pleading. In the Complaint, the Government alleges that the Defendant Cryptocurrency includes commingled funds traceable to LuBian's "large-scale cryptocurrency mining operations" and "large sums of clean bitcoin dissociated from criminal proceeds." ECF No. 1 ¶ 42. The Complaint further alleges that the Defendant Cryptocurrency was "primarily funded by two categories of sources," one of which was "cryptocurrency mining, including addresses associated with LuBian." *Id.* ¶ 45. Having described LuBian's mining- and hosting-derived interest in the Defendant Cryptocurrency as a central predicate of its own forfeiture theory, the Government cannot now be heard to argue that LuBian has failed to identify or articulate that same interest. *See United States v. Technodyne LLC*, 753 F.3d 368, 380 (2d Cir. 2014) (finding claimants had statutory and Article III standing where the government had alleged in its complaint that the disputed assets were in the name of the claimant and that the claimant had purchased the assets).

### LuBian Has Adequately Stated Its Interest in the Defendant Cryptocurrency

The Government first argues that LuBian's claim "simply relies on the government's allegations and fails [to] adequately articulate its alleged interest in any particular assets." ECF No. 246 at 3. This argument has no basis in the Forfeiture Rules or the case law the Government cites. To assert statutory standing in the civil forfeiture context, "the burden is minimal and does not require that defendants explain in any detail the nature of their interest." *United States v. $410,000.00 In U.S. Currency*, No. 07-cv-0598, 2007 WL 4557647, at *5 (D.N.J. Dec. 21, 2007). LuBian has easily cleared this low bar by filing a verified claim stating that it has a property interest in the Defendant Cryptocurrency from its role in mining and hosting at "wallet addresses for which it held the private keys." ECF No. 79 ¶ 4. Neither the Forfeiture Rules nor the government's authority require claimants to describe their interest with "particular[ity]." *See Technodyne LLC*, 753 F.3d at 380 ("Litigants have statutory standing to oppose forfeiture in a civil *in rem* proceeding commenced by the government if they claim an interest in the seized property. . . .").

### LuBian's Claim Identifies the Claimant

The Government next argues that LuBian's claim "fails to identify the claimant." ECF No. 246 at 3. This argument is contradicted by the face of the claim itself. LuBian is identified

March 4, 2026
Page 3

by name in the caption and throughout the body of the verified claim filed at ECF No. 79. The Forfeiture Rules require only that a claim "identify the claimant" — they prescribe no particular form of identification. Supp. R. G(5)(a)(i)(B). LuBian's claim satisfies this requirement on its face.

### The Signatory Has Authority to Act on LuBian's Behalf

Finally, the Government suggests that it is not clear that the claim's signatory "may bring claims on LuBian's behalf." ECF No. 246 at 3. Courts have consistently held that a claim signed by an authorized representative of an entity satisfies Rule G(5)(a)(i)(C)'s signature requirement. *See, e.g.*, *United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 643 (7th Cir. 2015). The claim was signed under penalty of perjury by an individual acting on LuBian's behalf, and nothing in the Forfeiture Rules requires that a claimant submit additional documentation establishing a signatory's authority at the claim stage. To the extent the Government harbors a genuine concern about the signatory's authority, the appropriate mechanism to explore that question is through special interrogatories or discovery — not a motion to strike the claim in its entirety.

### CONCLUSION

For the foregoing reasons, and the reasons stated in Warp Data's related pre-motion conference letter, ECF No. 276, which we adopt by reference, LuBian respectfully submits that the government's proposed motion to strike LuBian's claim is without merit and should be denied.

Dated: March 4, 2026,                             Respectfully submitted,

                                                  By:    /s/ *Jeffrey Brown*

                                                  Jeffrey A. Brown
                                                  DECHERT LLP
                                                  Three Bryant Park
                                                  1095 Avenue of the Americas
                                                  New York, NY 10036
                                                  Tel.: +1 212 698 3500
                                                  jeffrey.brown@dechert.com
                                                  *Counsel for Claimant LuBian*
                                                  CC: Counsel of record (via ECF)