# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

**VIA ECF**

March 4, 2026

The Honorable Rachel P. Kovner
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *United States v. Approximately 127,271 Bitcoin*, No. 25-cv-5745 (RPK)

Dear Judge Kovner:

    Pursuant to Your Honor's Individual Practice Rule IV(a), the Gold Star Claimants join in the Havlish Claimants' request (ECF No. 267) for a pre-motion conference in anticipation of a motion to dismiss the Breitweiser Claimants' cross-claims. The Gold Star Claimants anticipate that they will file a joinder to the Havlish Claimants' forthcoming motion that adopts most of the arguments previewed in the Havlish Claimants' letter. The Gold Star Claimants anticipate that they would *not* join (and would accordingly file separate briefing) as to the following two issues:

    *First*, contrary to the Havlish Claimants' letter, an order pursuant to 28 U.S.C. § 1610(c) is not a necessary prerequisite to attachment or execution sought under TRIA. By its terms, Section 1610(c) applies only when "attachment or execution referred to in subsections (a) and (b) of this section," *i.e.* Section 1610. Neither Section 1610(a) nor 1610(b), which provide for exceptions to attachment and execution immunity under the FSIA, are at issue here. Further, even if they were, TRIA's "notwithstanding any other provision of law" clause means what it says: namely, that attachment and execution under TRIA are available notwithstanding any other provision of law, including the FSIA's own execution immunity provisions. *See Havlish v. Taliban*, 152 F.4th 339, 359 (2d Cir. 2025) ("[T]here can be no doubt that the FSIA's execution immunity provisions are superseded by the TRIA."); *see also Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 730 (11th Cir. 2014); *Osio v. Maduro Moros*, No. 21-cv-20706, 2025 WL 2336072, at *9 (S.D. Fla. Apr. 9, 2025). For these reasons, the various Iran creditors' race to obtain Section 1610(c) orders is of no moment in this TRIA case.

    *Second*, while the Gold Star Claimants agree that if TRIA's factual predicates are established, a successful TRIA creditor's claim would trump any argument that 34 U.S.C. § 20144(e)(2)(A) applies to the Defendant Bitcoin, if that does not occur then this Court may have power to declare that any forfeiture in this proceeding "aris[es] from a violation of any license, order, regulation, or prohibition issued under [IEEPA or TWEA], or *any related [criminal] conspiracy, scheme, or other Federal offense arising from the actions of, or doing business with or acting behalf of, a state sponsor of terrorism*," should those elements be established. 34 U.S.C. § 20144(e)(2)(A)(i), (ii) (emphasis added).

March 4, 2026
Page 2

        Respectfully submitted,

        /s/ Aaron E. Nathan

        Michael J. Gottlieb
        WILLKIE FARR & GALLAGHER LLP
        2029 Century Park East
        Los Angeles, CA 90067-2905
        Tel: (310) 855-3000
        Fax: (310) 855-3099
        mgottlieb@willkie.com

        Nicholas Reddick (*pro hac vice*)
        WILLKIE FARR & GALLAGHER LLP
        333 Bush Street
        San Francisco, CA 94104
        Tel: (415) 858-7400
        Fax: (415) 858-7599
        nreddick@willkie.com

        Lee Wolosky
        Aaron E. Nathan
        WILLKIE FARR & GALLAGHER LLP
        787 Seventh Avenue
        New York, NY 10019-6099
        Tel: (212) 728-8000
        Fax: (212) 728-8111
        lwolosky@willkie.com
        anathan@willkie.com

        *Counsel for Gold Star Claimants*

cc: All Counsel of Record (via ECF)