# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMIATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendant *In Rem*. | Civil Action No. 25-cv-5745 (RPK)<br><br>**JURY TRIAL DEMANDED** |

### HENKIN CLAIMANTS' ANSWER TO BREITWEISER CLAIMANTS' CROSS-CLAIMS

The *Henkin* Claimants[1] hereby answer and provide affirmative defenses to the Breitweiser Claimants' cross-claims, dated February 11, 2026 (ECF No. 216), as follows:

### RESPONSE TO CROSS-CLAIM FOR PRIORITY

1. This paragraph contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the *Henkin* Claimants admit that this Court has jurisdiction over the underlying forfeiture action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the *Henkin* Claimants admit that the underlying forfeiture action is pending in this District.

3. The *Henkin* Claimants lack knowledge sufficient to admit or deny the allegations in this paragraph concerning the Breitweiser Claimants' judgments. To the extent the paragraph

---

[1] A list identifying each of the *Henkin* Claimants is included as Exhibit B to the Verified Claim attached to the Letter Motion for Extension of Time to File Verified Claim by the Henkin Claimants in this matter (ECF No. 218-3).

1

asserts that the Breitweiser Claimants are entitled to priority or superior rights in the Defendant Cryptocurrency, the *Henkin* Claimants deny those allegations.

4. This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the *Henkin* Claimants admit that they assert an interest in the Defendant Cryptocurrency. The *Henkin* Claimants deny that the Breitweiser Claimants are entitled to priority over the *Henkin* Claimants' interest.

5. This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the *Henkin* Claimants deny that the Breitweiser Claimants are entitled to priority over the *Henkin* Claimants' interest in the Defendant Cryptocurrency and deny any remaining allegations inconsistent with the Henkin Claimants' rights.

6. The *Henkin* Claimants lack knowledge sufficient to admit or deny the allegations in this paragraph concerning the status and scope of the Breitweiser Claimants' judgments. To the extent this paragraph asserts that the Breitweiser Claimants are entitled to priority or superior rights in the Defendant Cryptocurrency, those allegations are denied.

7. The *Henkin* Claimants lack knowledge sufficient to admit or deny the allegations in this paragraph concerning service and satisfaction of the Breitweiser Claimants' judgments. To the extent this paragraph asserts entitlement to priority or superior rights in the Defendant Cryptocurrency, those allegations are denied.

8. The *Henkin* Claimants lack knowledge sufficient to admit or deny the allegations in this paragraph concerning the procedural steps taken by the Breitweiser Claimants. To the extent this paragraph asserts that the Breitweiser Claimants are entitled to priority or superior rights in the Defendant Cryptocurrency, those allegations are denied.

9. The *Henkin* Claimants deny the allegations in this paragraph to the extent they assert that the Breitweiser Claimants are entitled to priority or superior rights in the Defendant Cryptocurrency. The *Henkin* Claimants admit that the Defendant Cryptocurrency constitutes blocked assets subject to attachment and execution under TRIA § 201, but deny any remaining allegations inconsistent with the *Henkin* Claimants' rights.

10. The *Henkin* Claimants admit that multiple parties have asserted claims or interests in the Defendant Cryptocurrency in this action. To the extent this paragraph implies that any claimant holds rights superior to those of the *Henkin* Claimants, such allegations are denied.

## FIRST COUNT
### (Priority Under CPLR § 5234 – Executions)

11. The *Henkin* Claimants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

12. The *Henkin* Claimants deny that the Breitweiser Claimants are entitled to priority under state-law execution or attachment principles and deny any remaining allegations inconsistent with the *Henkin* Claimants' rights in the Defendant Cryptocurrency.

13. This paragraph contains legal conclusions to which no response is required.

14. This paragraph contains legal conclusions to which no response is required.

15. This paragraph contains legal conclusions to which no response is required.

16. The *Henkin* Claimants lack knowledge sufficient to admit or deny the allegations in this paragraph concerning the Breitweiser Claimants' diligence or good faith. To the extent this paragraph asserts that such conduct entitles the Breitweiser Claimants to priority or superior rights in the Defendant Cryptocurrency, those allegations are denied.

17. The *Henkin* Claimants deny the allegations in this paragraph to the extent they assert that CPLR § 5234 governs priority in this action or that the Breitweiser Claimants hold rights superior to those of the *Henkin* Claimants in the Defendant Cryptocurrency.

## SECOND COUNT
### (Priority Under CPLR Article 62 – Attachment)

18. The *Henkin* Claimants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

19. The *Henkin* Claimants deny that the Breitweiser Claimants are entitled to priority under CPLR Article 62 or any state-law attachment principles and deny any remaining allegations inconsistent with the *Henkin* Claimants' rights in the Defendant Cryptocurrency.

20. The *Henkin* Claimants deny that CPLR Article 62 entitles the Breitweiser Claimants to priority over the *Henkin* Claimants' interest in the Defendant Cryptocurrency and deny any remaining allegations inconsistent with the *Henkin* Claimants' rights.

21. The *Henkin* Claimants lack knowledge sufficient to admit or deny the allegations in this paragraph concerning the basis of the Breitweiser Claimants' asserted attachment rights. To the extent this paragraph asserts that such rights entitle the Breitweiser Claimants to priority over the *Henkin* Claimants' interest in the Defendant Cryptocurrency, those allegations are denied.

22. The *Henkin* Claimants deny the allegations in this paragraph to the extent they assert that any claimant's rights, including those of the *Henkin* Claimants, are invalid or subordinate, and deny that the Breitweiser Claimants are entitled to priority over the *Henkin* Claimants' interest in the Defendant Cryptocurrency.

23. The *Henkin* Claimants deny that the Breitweiser Claimants are entitled to priority over the *Henkin* Claimants' interest in the Defendant Cryptocurrency under CPLR Article 62 or otherwise, and deny any remaining allegations inconsistent with the *Henkin* Claimants' rights.

## THIRD COUNT
### (Priority Under TRIA § 201 and Federal Law)

24. The *Henkin* Claimants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

25. This paragraph contains legal conclusions to which no response is required.

26. This paragraph contains legal conclusions to which no response is required.

27. This paragraph contains legal conclusions to which no response is required.

28. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the *Henkin* Claimants deny that any claimant's rights, including those of the *Henkin* Claimants, are subordinate to the Breitweiser Claimants' purported TRIA-based rights, and deny any remaining allegations inconsistent with the *Henkin* Claimants' interest in the Defendant Cryptocurrency.

## FOURTH COUNT
### (Declaratory Relief)

29. The *Henkin* Claimants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

30. The *Henkin* Claimants admit that multiple parties have asserted competing interests in the Defendant Cryptocurrency. To the extent this paragraph asserts that the Breitweiser Claimants are entitled to declaratory relief or priority over the *Henkin* Claimants' interest, those allegations are denied.

31. The *Henkin* Claimants deny that the Breitweiser Claimants are entitled to the declaratory relief sought in this paragraph and deny that the Breitweiser Claimants hold priority over the *Henkin* Claimants' interest in the Defendant Cryptocurrency.

## AFFIRMATIVE DEFENSES

The defenses asserted herein are based on the *Henkin* Claimants' knowledge, information, and belief at this time. The *Henkin* Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the cross-claims except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the cross-claims, the *Henkin* Claimants assert the following affirmative and other defenses:

1. The Breitweiser Claimants fail to state claims upon which relief can be granted as a matter of law.

2. The Breitweiser Claimants do not have priority over any other claimant pursuant to (but not limited to) CPLR § 5240.

3. The *Henkin* Claimants incorporate by reference any defense that any other claimant pleads in response to the Breitweiser Claimants' cross-claims, in whole or in part.

Dated: March 2, 2026

        Respectfully submitted,

         /s/ Kevin L. Attridge
Kevin L. Attridge (*pro hac vice*)
Melissa S. Fox (N.Y. Bar No. 4507729)
**STEIN MITCHELL BEATO & MISSNER LLP**
2000 K Street, N.W.
Suite 600
Washington, D.C. 20006
Tel: (202) 737-7777
Fax: (202) 296-8312
kattridge@steinmitchell.com

*Counsel for the Henkin Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2026, I electronically filed the foregoing via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF in the above-captioned matter.

Dated: March 4, 2026                           /s/ *Kevin L. Attridge*
                                                                                  Kevin L. Attridge