UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>              Defendant *In Rem*. | Civil Action No. 25-5745 (RPK) |

## ***BAXTER* VICTIMS' ANSWER TO BREITWEISER CLAIMANTS' CROSSCLAIM**

Pursuant to 12(a)(1)(B) of the Federal Rules of Civil Procedure, the *Baxter* Victims hereby answer the Breitweiser Claimants' Crossclaim for Priority ("Crossclaim"), dated February 11, 2026 (ECF No. 216), as follows:[1]

### CROSSCLAIM FOR PRIORITY

1. Paragraph 1 contains jurisdictional and legal conclusions to which no response is required.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required.

3. The *Baxter* Victims deny that the Breitweiser Claimants hold final judgments against the Islamic Republic of Iran. The Breitweiser Claimants' purported final judgments are

---

[1] A full list of Claimants is included as Attachment A to the Verification of the *Baxter* Victims' Claims. *See* ECF No. 30-2.

inexecutable interlocutory orders entered against Iran in the 9/11 litigation pending in the Southern District of New York.

4. Paragraph 4 is a definition of a term, to which no response is required.

5. Paragraph 5 is a limitation of the purposes of the Crossclaim, to which no response is required. To the extent an answer is required, the *Baxter* Victims deny that the Breitweiser Claimants hold any priority rights over the *Baxter* Victims with respect to the Defendant Cryptocurrency.

6. The *Baxter* Victims deny that the Breitweiser Claimants hold final judgments against the Islamic Republic of Iran.

7. The *Baxter* Victims deny that the Breitweiser Claimants have served judgments on the Islamic Republic of Iran. The *Baxter* Victims otherwise lack sufficient knowledge to confirm or deny the allegations in Paragraph 7.

8. The *Baxter* Victims deny that the Breitweiser Claimants have timely filed a verified claim in this action. Given public reporting on Iran's connections to LuBian, the Breitweiser Claimants knew or should have known about their purported interests in the Defendant Cryptocurrency long before this Court's deadline for filing verified claims. But the Breitweiser Claimant filed their Verified Claim only on January 23, 2026—nearly one month after this Court's already extended deadline of December 29, 2025—and have acknowledged that their claim is untimely by seeking this Court's leave to file their claim after that deadline. *See* ECF Nos. 106, 106-1. The *Baxter* Victims admit that the Breitweiser Claimants are "pursuing" Section 1610(c) orders but deny that they have obtained such orders.

9. The *Baxter* Victims admit the allegations in Paragraph 9.

10. The *Baxter* Victims admit the allegations in Paragraph 10.

## FIRST COUNT
### (Priority Under CPLR § 5234 – Executions)

11. The *Baxter* Victims reincorporate and reallege each and every response to Paragraphs 1 through 10 set forth above as though fully set forth herein.

12. Paragraph 12 is a qualification of Count One, to which no response is required.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, the *Baxter* Victims admit the allegations in Paragraph 13.

14. Paragraph 14 characterizes a statute that speaks for itself, and no response is required.

15. Paragraph 15 characterizes a statute that speaks for itself, and no response is required.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the *Baxter* Victims deny that the Breitweiser Claimants have acted "diligently."

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, the *Baxter* Victims deny that the Breitweiser Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency.

## SECOND COUNT
### (Priority Under CPLR Article 62 – Attachment)

18. The *Baxter* Victims reincorporate and reallege each and every response to Paragraphs 1 through 17 set forth above as though fully set forth herein.

19. Paragraph 19 is a qualification of Count Two, to which no response is required.

20. Paragraph 20 characterizes a statute that speaks for itself, and no response is required.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, the *Baxter* Victims deny the allegations in Paragraph 21.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent that a response is required, the *Baxter* Victims deny that the Breitweiser Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency and otherwise lack sufficient knowledge to confirm or deny the allegations in Paragraph 22.

23. Paragraph 23 contains a legal conclusion to which no response is required. To the extent that a response is required, the *Baxter* Victims deny that the Breitweiser Claimants are "entitled to priority over all competing attachments" because the *Baxter* Victims are entitled to priority over the Breitweiser Claimants.

## THIRD COUNT
### (Priority Under TRIA § 201 and Federal Law)

24. The *Baxter* Victims reincorporate and reallege each and every response to Paragraphs 1 through 23 set forth above as though fully set forth herein.

25. Paragraph 25 characterizes a statute that speaks for itself, and no response is required.

26. Paragraph 26 contains a legal conclusion to which no response is required.

27. Paragraph 27 contains a legal conclusion to which no response is required. To the extent that a response is required, the *Baxter* Victims admit the allegation.

28. Paragraph 28 contains a legal conclusion to which no response is required. To the extent that a response is required, the *Baxter* Victims deny the allegation. The Breitweiser Claimants' purported interests are not superior to the interests of "competing claimants"; the *Baxter* Victims' claims are superior to the interests of the Breitweiser Claimants.

## FOURTH COUNT
### (Declaratory Relief)

29. The *Baxter* Victims reincorporate and reallege each and every response to Paragraphs 1 through 28 set forth above as though fully set forth here.

30. Paragraph 30 contains a legal conclusion to which no response is required. To the extent that a response is required, the *Baxter* Victims admit the allegations in Paragraph 30.

31. Paragraph 31 is a request, not an allegation, to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

The defenses asserted herein are based on the *Baxter* Victims' knowledge, information, and belief at this time. The *Baxter* Victims specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Crossclaim except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the Crossclaim, the *Baxter* Victims assert the following affirmative and other defenses:

1. The Breitweiser Claimants' Crossclaim fails to state a claim against the *Baxter* Claimants upon which relief can be granted.

2. Under TRIA, the *Baxter* Victims' interests in the Defendant Cryptocurrency are superior to those of any non-TRIA claimant, as well as to TRIA claimants who filed after the *Baxter* Victims.

3. The Breitweiser Claimants filed untimely claims and do not hold final judgments against Iran, so they are presently unable to execute against the Defendant Cryptocurrency under TRIA.

5

4. The *Baxter* Victims deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, crossclaims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: March 4, 2026
New York, New York

Respectfully submitted,

/s/ *Jason W. Myatt*
Robert L. Weigel
Jason W. Myatt
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
rweigel@gibsondunn.com
jmyatt@gibsondunn.com

Jessica L. Wagner (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
jwagner@gibsondunn.com

*Attorneys for* Baxter *Victims*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2026, I electronically filed the foregoing *Baxter* Victims' Answer to the Breitweiser Claimants' Crossclaim via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.

Dated: March 4, 2026                                        /s/ *Jason W. Myatt*
                                                            Jason W. Myatt