

JOSHUA M. AMBUSH, LLC | 106 OLD COURT RD | SUITE 303 | BALTIMORE, MD 21208 | USA
O: 410.484.2070 | WWW.AMBUSHLAW.COM

March 5, 2026

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *No. 1:25-cv-5745, United States v. Approximately 127,271 Bitcoin Etc.*

Dear Judge Kovner:

    We represent 434 judgment creditors (the "Ambush Claimants") of the Islamic Republic of Iran with claims to the defendant assets that the Government seeks to forfeit in this *in rem* action. Each of these claimants has previously obtained an enforceable but currently unsatisfied judgment against Iran in one of the following actions in the United States District Court for the District of Columbia: *Flanagan v. Islamic Republic of Iran*, No. 10-cv-1643; *Parhamovich v. Islamic Republic of Iran*, No. 17-cv-00061; *Schooley v. Islamic Republic of Iran*, No. 17-cv-01376; *Ackley v. Islamic Republic of Iran*, No. 20-cv-00621; and *Breezee v. Islamic Republic of Iran*, No. 23-cv-03392, in the aggregate amount of approximately $1.6 billion in compensatory damages plus post-judgment interest.

    The purpose of this letter is to request a one day extension of time, *i.e.* through today, for the Ambush Claimants to file their Answer, to protect the record, in response to the crossclaims filed on February 11, 2026, by the Breitweiser Claimants seeking priority over certain other claimants. (ECF 216.) As explained below, we believe that the Breitweiser Crossclaims were prematurely filed with their Answer, and, therefore, an Answer to those crossclaims is not necessary at this time.

    On February 6, 2026, the undersigned filed a Letter/Motion requesting the Court to accept the claims of the Ambush Claimants after the December 29, 2025 deadline, for "good cause" under Supplemental Rule G(5)(a)(ii)[1], and a Verified Claim and Statement of Interest or Right in Property Subject to Forfeiture *In Rem.* (ECF 188; 188-1-3.) As the Court is aware, many other claimants have filed Letter/Motions seeking the same relief, necessitated in great part due to the Government's failure to provide proper notice that the defendant assets might be property of an agency or an instrumentality of the Iranian Government, or otherwise subject to the claims of terrorism judgment creditors under section 201 of the Terrorism Risk Insurance Act.

---

[1] The Ambush Claimants will be filing shortly an supplement to their February 6, 2026, Letter/Motion to accept their post December 29, 2025, claims in this case. The supplement will address the Government's erroneous position that the "excusable neglect" standard should be used by this Court in addressing all claims filed after the December 29, 2025, deadline. Specifically, the supplement will contain an in-depth analysis of decision of the Second Circuit in *United States v. Starling,* 76 F.4th 92 (2nd Cir. 2023), which will demonstrate that "good cause" is the correct standard.

Rather than clogging the Court's already clogged docket in this case, with motions and letters, the Ambush Claimants await the Court's ruling on their Letter/Motion requesting the Court to accept their claims in this case. If the Court grants that Letter/Motion, the undersigned will decide what additional papers to file to protect the interests of the Ambush Claimants. On that note, we quote from the March 4, 2026, letter to the Court from Morvillo Abramowitz Grand Iason & Anello P.C., on behalf of Claimant Jian Yang, in connection with the Breitweiser Crossclaims:

> By prematurely filing an answer asserting a crossclaim…on February 11, 2026, the putative Breitweiser Claimants have started a cascade before the Court has even ruled on whether they may contest the forfeiture. Since then, three other putative claimants…have followed suit and brought near identical crossclaims for priority. [ECF 225; 252.] Some putative claimants have even answered the crossclaim… Because the Court has yet to accept the putative underlying claims, it is Claimant's position that all answers and crossclaims are legal nullities.

ECF 278.[2] The Ambush Claimants agree with the foregoing with respect to the crossclaims of the Breitweiser Claimants and, specifically, assert that those crossclaims were prematurely filed. Nevertheless, to protect the interests of the Ambush Claimants, the undersigned submits this Letter/Motion requesting that, if the Court accepts the Breitweiser Crossclaims as properly filed, that the Court accept the Ambush Claimants' Answer to Crossclaims of the Breitweiser Claimants, which is being filed with this Letter/Motion. The Ambush Claimants' Answer does not raise any issues that were not raised in the Answers to the Breitweiser crossclaims that were filed by several parties yesterday, which simply contests the claim of priority by the Breitweiser Claimants. Simply stated, the Breitweiser Claimants either have or do not have priority over other claimants.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Joshua M. Ambush
Joshua M. Ambush, Esq.
*Counsel for the Ambush Claimants*

CC: Counsel of Record (via ECF)
Enclosure

---

[2] We note that the "cascade" referred to in the referenced Letter-ECF 278, also includes motions to dismiss crossclaims (ECF 265; 266); Letter requesting Pre-Motion Conference (ECF 267; 287; 295); withdrawal of motion to dismiss (ECF 268); and withdrawal of crossclaim (Havlish Claimants; ECF 293.)