UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
UNITED STATES OF AMERICA,

      Plaintiff,

  v.

APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,

      Defendant, *In Rem*.
---------------------------------------------------------------x

Civil Action No. 1:25-cv-5745 (RPK)

## ANSWER OF AMBUSH CLAIMANTS TO CROSS-CLAIMS BY BREITWEISER CLAIMANTS

The Ambush Claimants submit this Answer to the Crossclaims filed by the Breitweiser Claimants, dated February 11, 2026 (ECF No. 216), as follows[1]:

## RESPONSE TO CROSS-CLAIM FOR PRIORITY

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required. To

---

[1] The Ambush Claimants incorporate by reference their Letter/Motion filed simultaneously with this Answer.

1

the extent a response is required, the Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

## FIRST COUNT
**(Priority Under CPLR § 5234 – Executions)**

11. The Ambush Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants lack knowledge sufficient to

confirm or deny the allegations in Paragraph 12.

13. Paragraph 13 contains legal conclusions to which no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required.

15. Paragraph 15 contains legal conclusions to which no response is required.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, denied.

## SECOND COUNT

### (Priority Under CPLR Article 62 – Attachment)

18. The Ambush Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 21.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 22.

23. Paragraph 23 contains legal conclusions to which no response is required.

To the extent a response is required, denied.

## THIRD COUNT
### (Priority Under TRIA § 201 and Federal Law)

24. The Ambush Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

25. Paragraph 25 contains legal conclusions to which no response is required.

26. Paragraph 26 contains legal conclusions to which no response is required.

27. Paragraph 27 contains legal conclusions to which no response is required.

28. Paragraph 28 contains legal conclusions to which no response is required.

To the extent a response is required, denied.

## FOURTH COUNT
### (Declaratory Relief)

29. The Ambush Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

30. Paragraph 30 contains legal conclusions to which no response is required.

To the extent a response is required, admitted.

31. Paragraph 31 contains legal conclusions to which no response is required.

To the extent a response is required, denied.

## AFFIRMATIVE AND OTHER DEFENSES

32. The defenses asserted herein are based on the Ambush Claimants' knowledge, information, and belief at this time. The Ambush Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Breitweiser Claimants' Crossclaims except as may be specifically set forth above, and without assuming any burden of proof, persuasion, or production not

4

otherwise legally assigned to it as to any element of the Breitweiser Claimants' and the government's claims, the Ambush Claimants assert the following affirmative and other defenses:

## FIRST AFFIRMATIVE DEFENSE

33. The Breitweiser Claimants' first Two Counts—"Priority under CPLR § 5234 – Executions" and "Priority Under CPLR Article 62 – Attachment"—fail to state a claim against the Ambush Claimants as a matter of law. Priority under CPLR §§ 6226 and 5234 is based upon which party first serves an execution upon the sheriff to levy against said property. At this time, no Claimant in this action has been granted an execution or attachment by any court, and therefore no Claimant has served the sheriff as yet. Accordingly, the Breitweiser Claimants do not have

priority over any other Claimant, including the Ambush Claimants, and the Breitweiser Claimants' first Two Counts of their cross-claim must therefore be dismissed.

## SECOND AFFIRMATIVE DEFENSE

34. The Breitweiser Claimants' Third Count—"Priority Under TRIA § 201 and Federal Law"—fails to state a claim against the Ambush Claimants as a matter of law. Like the Breitweiser Claimants, the Ambush Claimants hold compensatory damage judgments against Iran based on acts of terrorism, and are claimants under the Section 201 of the Terrorism Risk Insurance Act. ("TRIA"). TRIA does not create a right of action for claimant to sue another nor does it provide for a hierarchy of priority among judgment holders. Accordingly, TRIA does not provide any basis to give priority to the Breitweiser Claimants over the Ambush Claimants, and this cross-claim must be dismissed.

## **THIRD AFFIRMATIVE DEFENSE**

35. The Court should utilize the broad discretion granted to it by CPLR § 5240 to ensure that any execution or attachment issued in this case shall provide in substance that all claims based on compensatory damage judgments against Iran for acts of terrorism shall be granted on an equitable basis as to *all* such claimants, without excluding or giving priority to any such claimants.

Dated: March 5, 2026                                   Respectfully submitted,

 /s/ Joshua M. Ambush
Joshua M. Ambush, Esq.
Law Offices of Joshua M. Ambush, LLC
106 Old Court Road, Suite 303
Baltimore, Maryland 21208
Phone: (410) 484-2070
Email: joshua@ambushlaw.com
Counsel for the Ambush Claimants

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, I electronically filed the foregoing Ambush Claimants' Answer to Crossclaims by Breitweiser Claimants via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.


Dated: March 5, 2026                                                                  /s/ Joshua M. Ambush