UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>APPROXIMIATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>                Defendant *In Rem*. | Civil Action No. 25-5745 (RPK)<br><br>**JURY TRIAL DEMANDED** |

**HENKIN CLAIMANTS' ANSWER TO VERIFIED COMPLAINT *IN REM***

Pursuant to Rule G(5)(b) of the Federal Rules of Civil Procedure, the *Henkin* Claimants,[1] consisting of the Estates of parents Eitam and Naama Henkin, who were gunned down during an attempted kidnapping by Hamas terrorists, and the Henkins' four minor children,[2] who witnessed their parents' slaughter, hereby answer the government's Verified Complaint *In Rem*, dated October 14, 2025 (ECF No. 1) as follows:

**NATURE OF THE ACTION**

1.    The *Henkin* Claimants admit the allegations in Paragraph 1, but deny that the United States has any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Henkin* Claimants in the Defendant Cryptocurrency.

2.    Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, the *Henkin* Claimants deny that any of the authorities referenced in

---

[1] A list identifying each of the *Henkin* Claimants is included as Exhibit B to the Verified Claim attached to the Letter Motion for Extension of Time to File Verified Claim by the *Henkin* Claimants in this matter (ECF No. 218-3).
[2] One of the four minor children has reached the age of 18 since the October 2015 attack.

1

Paragraph 2 confer on the United States any right, title, or interest in the Defendant Cryptocurrency that is superior to the right, title, or interest of the *Henkin* Claimants in the Defendant Cryptocurrency.

## JURISDICTION AND VENUE

3. Paragraph 3 contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the *Henkin* Claimants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Paragraph 4 contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegation that acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

## THE DEFENDANTS IN REM

5. The *Henkin* Claimants admit that the Defendant Cryptocurrency is the 127,271 Bitcoin that was once stored at the addresses listed in Attachment A to its Verified Complaint.

6. On information and belief, the *Henkin* Claimants admit the allegations in Paragraph.

## RELEVANT STATUTES AND REGULATIONS

**A.   Wire Fraud**

7. Paragraph 7 characterizes a statute that speaks for itself, and no response is required.

8. Paragraph 8 characterizes a statute that speaks for itself, and no response is required.

B.  **Money Laundering**

9. Paragraph 9 characterizes a statute that speaks for itself, and no response is required.

10. Paragraph 10 characterizes a statute that speaks for itself, and no response is required.

11. Paragraph 11 characterizes a statute that speaks for itself, and no response is required.

12. Paragraph 11 characterizes a statute that speaks for itself, and no response is required.

C.  **Forfeiture Statutes**

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the *Henkin* Claimants deny that any of the authorities referenced in Paragraph 13 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Henkin* Claimants in the Defendant Cryptocurrency.

14. Paragraph 14 characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the *Henkin* Claimants deny that any of the authorities referenced in Paragraph 14 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Henkin* Claimants in the Defendant Cryptocurrency.

# FACTS

### A. Introduction

15. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 15.

### B. Relevant Individuals and Entities

16. On information and belief, the *Henkin* Claimants admit that LuBian was the cryptocurrency mining pool and front for the Iran and China Investment Development Group ("Iran-China Group"). The *Henkin* Claimants further admit, on information and belief, that the Iran-China Group maintained a Bitcoin mining facility in Iran. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 16, including subsections (a) through (t) and (v) through (y).

### C. Relevant Terms and Definitions

17. The *Henkin* Claimants admit the allegations in subsections (d) through (l) of Paragraph 17. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 17, including subsections (a) through (c).

### D. The Criminal Schemes

#### i. Background

18. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 18.

19. Paragraph 19 purports to quote a document that speaks for itself, and no response is required. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 19.

20. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 20.

### ii. The Fraud Schemes

21. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 21.

#### a. The Scam Compounds

22. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 22.

23. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 23.

24. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 24.

25. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 25.

26. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 26.

#### b. Use of Bribes and Violence in Furtherance of the Schemes

27. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 27.

28. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 28.

29. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 29.

30. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 30.

31. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 31.

    a. <u>The Brooklyn Network</u>

32. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 32.

33. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 33.

34. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 34.

35. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 35.

36. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 36.

37. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 37 and Footnote 2.

    iii. **<u>The Money Laundering Schemes</u>**

38. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 38.

39. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 39.

40. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 40 and Footnote 3.

41. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 41. Footnote 4 purports to quote a document that speaks for itself, and no response is required.

42. Upon information and belief, the *Henkin* Claimants admit that the Iran-China Group doing business as LuBian operated a Bitcoin mining facility that "produced large sums of clean bitcoin dissociated from criminal proceeds." The *Henkin* Claimants also admit, on information and belief, that this was the sixth largest Bitcoin mining operation in the world for some of the time it was active. On information and belief, the *Henkin* Claimants deny that the Iran-China Group was based in China. On information and belief, the Iran-China Group was instead an Iranian joint-stock company funded by Chinese investors that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. sanctions, and LuBian was the name of its cryptocurrency mining pool. The *Henkin* Claimants deny any implication that Chen provided all of the financial support for the Iran-China Group's mining operations. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 42.

43. On information and belief, the *Henkin* Claimants deny the implication that the wallets containing the Defendant Cryptocurrency were exclusively controlled by Chen. Rather, on information and belief, the Iran-China Group doing business as LuBian controlled the wallets containing the Defendant Cryptocurrency. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 43 and Footnote 5.

7

### E. The Defendants *In Rem*

44. Upon information and belief, the *Henkin* Plaintiffs deny that the addresses in unhosted wallets were "controlled and personally tracked by Chen" and that, as stated in footnote 6, that Chen "personally maintained records of the wallet addresses and seed phrases associated with the private keys for each." To the contrary, on information and belief, the wallets were controlled by the Iran-China Group and some, or all, of the Defendant Cryptocurrency was mined by the Islamic Revolutionary Guard Corps as part of a scheme to evade U.S. sanctions. Upon information and belief, the *Henkin* Claimants deny that the table following Paragraph 44 accurately identifies the amount of Bitcoin stored at each address in December 2020, provides a complete list of all addresses containing the Iran-China Group's Bitcoin in December 2020, or identifies all of the Bitcoin owned by the Iran-China Group that is currently in the government's possession. The *Henkin* Claimants also, on information and belief, deny that the Defendant Cryptocurrency comprises solely the proceeds of Chen's fraud packaged as heavily laundered cryptocurrency. At least 11,166.51 BTC of the Defendant Cryptocurrency are directly traceable to Bitcoin mined by the Iran-China Group's Rafsanjan mine, and all of the Defendant Cryptocurrency constituted the Iran-China Group's pool-level reserve of Bitcoin. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 44 and Footnote 7.

45. The *Henkin* Claimants admit that at least some of the cryptocurrency addresses were funded using Bitcoin newly mined by the Iran-China Group doing business as LuBian. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 45 and Footnote 8.

46. The *Henkin* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 46 and the included table of cluster indexes.

47. On information and belief, the *Henkin* Claimants admit that the four cryptocurrency wallet addresses listed in Cluster Index-4 as described in subsection (d) and Footnote 9 of Paragraph 47 were associated with the Iran-China Group doing business as LuBian and were funded at least in part using the newly mined proceeds of the Iran-China Group's Bitcoin mining operations. To the extent that this paragraph contends that certain cluster indexes were controlled solely by Chen and/or Prince Group, on information and belief, those contentions are specifically denied. Upon information and belief, the *Henkin* Claimants also deny that Paragraph 47 accurately identifies the total amount of Bitcoin stored at the address(es) constituting each Cluster in December 2020. The *Henkin* Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 47 and Footnote 9, including subparagraphs (a) through (m).

48. The *Henkin* Claimants deny that all of the Defendant Cryptocurrency went "through a process of high-volume disaggregation and funneling before it ultimately converged into the Chen wallets," as at least some of the Defendant Cryptocurrency was Bitcoin that was newly mined by the Iran-China Group doing business as LuBian. The *Henkin* Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 48.

49. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 49.

50. Upon information and belief, the *Henkin* Claimants admit that the Defendant Cryptocurrency encompasses Bitcoin directly traceable to cryptocurrency that was newly mined by the Iran-China Group doing business as LuBian, though the *Henkin* Claimants calculate that number as encompassing at least 11,166.51 BTC. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 50.

51. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 51.

52. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 52.

53. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 53.

54. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 54.

55. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 55, including subsections (a) through (g).

56. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 56.

57. The *Henkin* Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 57.

58. Upon information and belief, the *Henkin* Claimants admit in part the allegations in Paragraph 58, in that the Defendant Cryptocurrency is in the possession of the United States. The *Henkin* Claimants are without sufficient knowledge to admit or deny the remainder of the paragraph.

    **F.**    **Criminal and Regulatory Actions**

59. Upon information and belief, the *Henkin* Claimants admit in part the allegations in Paragraph 59, in that Chen was indicted and his assets were blocked following the imposition of sanctions by OFAC. The Indictment itself and sanctions measures imposed by OFAC speak for themselves and no response is required.

### FIRST CLAIM FOR RELIEF
### (Proceeds Traceable to Wire Fraud)

60. The *Henkin* Claimants incorporate and reallege each and every response to Paragraphs 1 through 59 set forth above as though set forth in full here.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, the *Henkin* Claimants deny that any of the allegations in Paragraph 61 confer on the United States any right, title, or interest in the Defendant Cryptocurrency that is superior to the right, title, or interest of the *Henkin* Claimants in the Defendant Cryptocurrency.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, the *Henkin* Claimants deny that any of the allegations in Paragraph 62 confer on the United States any right, title, or interest in the Defendant Cryptocurrency that is superior to the right, title, or interest of the *Henkin* Claimants in the Defendant Cryptocurrency.

### SECOND CLAIM FOR RELIEF
### (Property Involved in Money Laundering)

63. The *Henkin* Claimants incorporate and reallege each and every response to Paragraphs 1 through 62 set forth above as though set forth in full here.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, the *Henkin* Claimants deny that any of the allegations in Paragraph 64 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Henkin* Claimants in the Defendant Cryptocurrency.

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, the *Henkin* Claimants deny that any of the allegations in Paragraph 65 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Henkin* Claimants in the Defendant Cryptocurrency.

## AFFIRMATIVE DEFENSES

The defenses asserted herein are based on the *Henkin* Claimants' knowledge, information, and belief at this time. The *Henkin* Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Complaint except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the government's claims, the *Henkin* Claimants assert the following affirmative and other defenses:

1.  The Defendant Cryptocurrency was "blocked" by operation of law under Executive Order 13599 as soon as it entered the United States.

2.  The Defendant Cryptocurrency is a blocked asset of a terrorist party, the Islamic Republic of Iran.

3.  The Defendants Cryptocurrency is the blocked asset of an agency and instrumentality of a terrorist party, the Iran-China Group.

4.  The *Henkin* Claimants, as Judgment Creditors of the Islamic Republic of Iran, by operation of TRIA, 28 U.S.C. § 1610 note, hold an interest in the Defendant Cryptocurrency superior to the claims of the Government, as well as all other non-TRIA claimants, in the forfeiture action here.

5.  The *Henkin* Claimants are entitled to attach and execute upon the Defendant Cryptocurrency because they have satisfied TRIA. The *Henkin* Claimants obtained their judgments against Iran—a terrorist party—based on an act of terrorism; the Defendant Cryptocurrency is blocked under the International Emergency Economic Powers Act including through Executive

Orders issued thereunder; and the Defendant Cryptocurrency is owned by the Iran-China Group, an agency or instrumentality of Iran.

6. The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. Because of their claim under TRIA, the *Henkin* Claimants have a property interest in the Defendant Cryptocurrency governed by the Fifth Amendment. As a result, forfeiting the Defendant Cryptocurrency to the government without "due process of law" would violate the *Henkin* Claimants' rights under the Fifth Amendment.

7. The Fifth Amendment also provides "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Because of the *Henkin* Claimants' property interest in the Defendant Cryptocurrency, forfeiting that property to the government would result in a taking of their property without just compensation.

8. The *Henkin* Claimants deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

9. The *Henkin* Claimants incorporate by reference any defense that any other claimant pleads in response to the complaint, in whole or in part.

Dated: March 5, 2026                              Respectfully submitted,

                                                       /s/ *Kevin L. Attridge*
                                              Kevin L. Attridge (*pro hac vice*)
                                              Melissa S. Fox (N.Y. Bar No. 4507729)
                                              STEIN MITCHELL BEATO & MISSNER LLP
                                              2000 K Street, N.W. Suite 600
                                              Washington, D.C. 20006
                                              Tel: (202) 737-7777
                                              Fax: (202) 296-8312
                                              kattridge@steinmitchell.com
                                              mfox@steinmitchell.com

                                              *Counsel for the Henkin Claimants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, I electronically filed the foregoing via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF in the above-captioned matter.

                                       /s/ *Kevin L. Attridge*
                                       Kevin L. Attridge