**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

        Plaintiff,

  -against-

APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,

        Defendants *In Rem*.

Civil Action No. 1:25-cv-05745-RPK

---

**ANSWER OF THE GREENBAUM CLAIMANTS, ACOSTA CLAIMANTS, BEER CLAIMANTS, AND KIRSCHENBAUM CLAIMANTS TO THE VERIFIED COMPLAINT IN REM**

The Greenbaum Claimants, Acosta Claimants, Beer Claimants, and Kirschenbaum Claimants (collectively, "Claimants"),[1] by and through their undersigned counsel, hereby answer the Verified Complaint In Rem, filed at ECF No. 1 by Plaintiff the United States of America, as follows. Claimants' Answer is based on their personal knowledge, a reasonable investigation of

---

[1] The "Greenbaum Claimants" are Alan Hayman, as Personal Representative of the Estate of Shirlee Hayman; Alan Hayman; and Steven M. Greenbaum. The "Acosta Claimants" are Carlos Acosta, as Fiduciary for the Estate of Maria Acosta; Carlos Acosta; Elizabeth Rich, as Executrix for the Estate of Irma Franklin; Elizabeth Rich, as Executrix for the Estate of Irving Franklin; Libby Kahane; Meir David Kahane, as Administrator for the Estate of Binyamin Kahane; Moshe Daniel Kaplan, as Administrator of the Estate of Cipporah Kaplan; Norman Kahane; Shulamit Dopelt, as Executor of the Estate of Sonya Kahane; Tova Ettinger; and Baruch Kahane. The "Beer Claimants" are Harry Beer, as Personal Representative of the Estate of Alan Beer; Harry Beer, as Administrator for the Estate of Anna Beer; Harry Beer; Estelle Carroll; and Phyllis Maisel. The "Kirschenbaum Claimants" are Jason Kirschenbaum; David Kirschenbaum; Isabelle Kirschenbaum, as Executrix for the Estate of Martin Kirschenbaum; Isabelle Kirschenbaum; Joshua Kirschenbaum; and Danielle Teitlebaum.

the facts, information learned from public filings, and other information believed to be true on information and belief.

1. Claimants deny that the United States has any right, title, or interest in the defendants *in rem* that is subject to this forfeiture action (the "Defendant Cryptocurrency") that is superior to Claimants' right, title, or interest, and otherwise admit the allegations in this paragraph.

2. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Claimants deny that the United States has any right, title, or interest in the Defendant Cryptocurrency that is superior to Claimants' right, title, or interest, and otherwise admit the allegations in this paragraph.

3. The allegations in this paragraph state legal conclusions to which no response is required.

4. The allegations in this paragraph state legal conclusions to which no response is required.

5. Admit.

6. On information and belief, admit.

7. The allegations in this paragraph state legal conclusions to which no response is required.

8. The allegations in this paragraph state legal conclusions to which no response is required.

9. The allegations in this paragraph state legal conclusions to which no response is required.

10. The allegations in this paragraph state legal conclusions to which no response is required.

11. The allegations in this paragraph state legal conclusions to which no response is required.

12. The allegations in this paragraph state legal conclusions to which no response is required.

13. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Claimants deny that the United States has any right, title, or interest in the Defendant Cryptocurrency that is superior to Claimants' right, title, or interest.

14. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Claimants deny that the United States has any right, title, or interest in the Defendant Cryptocurrency that is superior to Claimants' right, title, or interest.

15. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. Claimants admit that Lubian maintained a bitcoin mining facility in Iran but deny that "Lubian was a Chinese bitcoin mining operation that maintained bitcoin mining facilities across Asia, including China." Claimants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. Claimants admit the allegations in subsections (d) through (*l*) of this paragraph and lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

18. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except note that this paragraph purports to quote a document which speaks for itself.

20. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

21. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except note that this paragraph purports to quote a website which speaks for itself.

22. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

31. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

34. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

36. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

37. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

39. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

41. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42. Claimants admit that the Iran-China Group did business as LuBian and operated a large-scale bitcoin mining operation on behalf of the Islamic Republic of Iran, including the Islamic Revolutionary Guard Corps. Claimants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

43. Claimants deny that some or all of the Defendant Cryptocurrency "were stored in unhosted cryptocurrency wallets personally controlled by Chen." Claimants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

44. Claimants deny that Chen "controlled and personally tracked" the "Chen Wallets." Claimants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

45. Claimants admit that "the above addresses were primarily funded by . . . cryptocurrency mining, including addresses associated with Lubian." Claimants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

46. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

47. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

48. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

49. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

50. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

51. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

52. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

53. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

54. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

55. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

56. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

57. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

58. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

59. Claimants deny that they need a license from OFAC to "transact" in the Defendant Cryptocurrency under section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. 107-297, Title II, § 201, 116 Stat. 2337, 2339 (28 U.S.C. § 1610 note) and otherwise, on information and belief, admit the allegations in this paragraph.

60. Claimants incorporate and restate their answers to each and ever response to Paragraphs 1 through 59 set forth above as though set forth fully here.

61. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Claimants deny that the United States has any right, title, or interest in the Defendant Cryptocurrency that is superior to Claimants' right, title, or interest.

62. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Claimants deny that the United States has any right, title, or interest in the Defendant Cryptocurrency that is superior to Claimants' right, title, or interest.

63. Claimants incorporate and restate their answers to each and ever response to Paragraphs 1 through 59 set forth above as though set forth fully here.

64. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Claimants deny that the United States has any right, title, or interest in the Defendant Cryptocurrency that is superior to Claimants' right, title, or interest.

65. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Claimants deny that the United States has any right,

title, or interest in the Defendant Cryptocurrency that is superior to Claimants' right, title, or interest.

66. The allegations in the WHEREFORE clause state legal conclusions to which no response is required. To the extent a response is required, Claimants deny that the United States has any right, title, or interest in the Defendant Cryptocurrency that is superior to Claimants' right, title, or interest.

## DEFENSES

Claimants have superior right to, title to, and interest in so much of the Defendant Cryptocurrency as is necessary to fully satisfy their outstanding judgments against the Islamic Republic of Iran. As of January 31, 2026, Claimants' collective outstanding judgments total approximately $77,697,857.98, not including additional post-judgment interest that continues to accrue pursuant to 28 U.S.C. § 1961. *See* ECF No. 223-1 ¶¶ 8-11. Accordingly, Claimants assert the following defenses and affirmative defenses.

### First Defense [TRIA § 201(a)]

Claimants have superior right to, title to, and interest in the Defendant Property under section 201 of the TRIA. Section 201(a) of the TRIA states:

> Notwithstanding any other provision of law, and except as provided in subsection (b) [of this note], in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605A or 1605(a)(7) (as such section was in effect on January 27, 2008) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

9

All of the requirements of section 201(a) of the TRIA are satisfied. *See* ECF No. 223-1. Accordingly, Claimants are entitled to satisfy their outstanding judgments with the Defendant Cryptocurrency.

### Second Defense [Innocent Owner]

Under 18 U.S.C. § 983(d), Claimants are innocent owners of so much of the Defendant Cryptocurrency as is necessary to satisfy their outstanding judgments. To the extent Claimants do not strictly satisfy any requirements of 18 U.S.C. § 983(d), the "notwithstanding" clause in section 201(a) of the TRIA operates such that the TRIA prevails over any such conflicting provisions of law.

### Third Defense [Takings]

The United States' claim to a superior interest in so much of the Defendant Cryptocurrency as is necessary to satisfy Claimants' outstanding judgments is barred by the Takings Clause of the Fifth Amendment of the United States Constitution.

### Fourth Defense [Due Process]

The United States' claim to a superior interest in so much of the Defendant Cryptocurrency as is necessary to satisfy Claimants' outstanding judgments is barred by Claimants' rights to procedural and substantive due process under the United States Constitution.

###

**Reservation of Rights and Defenses**

Claimants deny all allegations not expressly admitted herein, and Claimants also deny all allegations which state, infer, or imply that the United States has a superior interest in so much of the Defendant Cryptocurrency as is necessary to satisfy Claimants' outstanding judgments. Claimants' defenses and affirmative defenses are based on their current understanding, information, and belief. Claimants reserve the right to assert additional defenses and affirmative defenses as necessary and appropriate as additional facts are learned.

| | |
|---|---|
| Dated: New York, NY<br>March 6, 2026 | Respectfully submitted,<br><br>/s/ Patrick N. Petrocelli<br>James L. Bernard<br>Patrick N. Petrocelli<br>HOGAN LOVELLS US LLP<br>390 Madison Avenue<br>New York, NY 10017<br>Tel.: (212) 918-3000<br>Fax: (212) 918-3100<br>james.bernard@hoganlovells.com<br>patrick.petrocelli@hoganlovells.com<br><br>*Counsel for the Greenbaum Claimants, the Acosta Claimants, the Beer Claimants, and the Kirschenbaum Claimants* |