

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Jonathan M. Kinney
Jonathan.kinney@us.dlapiper.com
T  212.335.4742
F  212.884.8542

March 6, 2026
*VIA* ECF

The Honorable Rachel P. Kovner
United States District Court Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Approximately 127,271 Bitcoin ("BTC") previously stored at virtual currency addresses listed in Attachment A, and all proceeds traceable thereto, No. 1:25-cv-05745

**Dear Judge Kovner:**

We write on behalf of Judgment Creditors the Estate of Michael Heiser, *et al.,* (collectively, the "Heiser Claimants"). The Heiser Claimants are all victims of Iranian-sponsored terrorism who hold unsatisfied compensatory damage judgments against the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps. (collectively, "Iran"). The Heiser Claimants, all citizens of the United States residing in the United States, are family members and the personal representatives of the estates of seventeen of the nineteen U.S. Air Force officers and airmen killed in the June 25, 1996 terrorist bombing of the Khobar Towers in Khobar, Saudi Arabia. *See Estate of Michael Heiser, et al. v. Islamic Republic of Iran, et al.,* Case No. 00-CV-2329 RCL (D.D.C.), *Estate of Millard D. Campbell, et al. v. Islamic Republic of Iran, et al.*, Case No. 01-CV-2104 RCL (D.D.C.).

Pursuant to 18 U.S.C. § 983(a) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"), the Heiser Claimants write to join in the other requests pending before the Court and respectfully ask that they be granted leave to file their attached verified claims to the Defendants *In Rem* at issue in this forfeiture proceeding. *See, e.g.,* ECF Nos. 66, 68, 73, 85, 106, 121, 124, 132, 160, 169, 188, 192, 211, 218, 223. For the following reasons, the Heiser Claimants' request should be granted.

The Heiser Claimants just recently learned about the Government's forfeiture request as to the Defendants *In Rem* in this proceeding, as well as the factual allegations and evidentiary support submitted in *Fritz v. Iran & China Investment Development Group, d/b/a Lubian.com*, Case No. 1:25-cv-07093 (E.D.N.Y.) ("*Fritz*"). Based on the allegations in the *Fritz* case, the Heiser Claimants only recently discovered that the Defendants *In Rem* is owned by an agency or



March 6, 2026
Page Two

instrumentality of Iran (i.e. the Iran and China Investment Development Group). Promptly upon discovering this information, the Heiser Claimants have filed this letter request seeking leave to file their verified claim, which is attached hereto, establishing their superior right, title, and interest to the Defendants *In Rem*. As explained in the *Fritz case,* Iran has acted through the Iran and China Investment Development Group to engage in a massive cryptocurrency-mining operation to obtain Bitcoin and evade U.S. sanctions.

Section 201(a) of the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (2002) (28 U.S.C. § 1610 Note) entitles the Heiser Claimants to execute on the Defendants *In Rem* to satisfy their compensatory damages judgments because the Defendants Cryptocurrency are "blocked assets" of an agency or instrumentality of a terrorist party. *See* TRIA § 201(a). Additionally, because the TRIA applies "[n]otwithstanding any other provision of law," the Heiser Claimants have an interest in the Defendants *In Rem* that is superior to the interest asserted by the United States. TRIA § 201(a).

Further, there is good cause for extending the Heiser Claimants' deadline to submit their claims to the Defendants *In Rem*. *See* Supp. Fed. R. Civ. P. G(5)(a)(ii). As made clear herein and in the other requests for leave to file verified claims, the connection between Iran and the Defendants *In Rem* has recently come to light, no party will be prejudiced by allowing the Heiser Claimants to file their claims, and several other parties also have pending motions to extend their time to file claims. The Heiser Claimants' verified claim is based on the same legal principles as the other claimants in this proceeding. Finally, like other claimants, although they are known to the United States as victims of Iran-sponsored terrorism who have actively sought to execute on Iranian-owned property*,* the Heiser Claimants were not provided any direct notice of this forfeiture proceeding. Under these circumstances, good cause exists and the Heiser Claimants' motion should be granted. *See United States v. Approximately 127,271 bitcoin previously stored at virtual currency addresses listed in Attachment A,* No. 1:25-CV-05745-RPK, 2025 WL 3652955, at *1 (E.D.N.Y. Dec. 11, 2025).

Respectfully Submitted,

*/s/ Jonathan M. Kinney*

Jonathan M. Kinney
Partner

1629085340.2