**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

        Plaintiff,

-against-

APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,

        Defendants *In Rem.*

Civil Action No. 1:25-cv-05745-RPK

---

**VERIFIED CLAIM**

    The Heiser Claimants[1] hereby submit this verified claim pursuant to Rule G(5) of the Supplemental Rules for Admiralty for Maritime Claims and Asset Forfeiture Actions, and to assert

---

[1] The Heiser Claimants include (1) the Estate of Michael Heiser, deceased; (2) the Estate of Gary Heiser, deceased; (3) the Estate of Frances Heiser, deceased; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Haun f/k/a Milagritos Perez-Dalis; (7) the Estate of Senator Haun, deceased; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) the Estate of Sandra M. Wetmore, deceased; (18) James V. Wetmore; (19) the Estate of Millard D. Campbell, deceased; (20) Marie R. Campbell; (21) the Estate of Bessie A. Campbell, deceased; (22) the Estate of Kevin J. Johnson, deceased; (23) Shyrl L. Johnson; (24) Gregoire Che Colson; (25) Kevin Johnson, Jr.; (26) Nicholas A. Johnson; (27) the Estate of Laura E. Johnson, deceased; (28) the Estate of Bruce Johnson, deceased; (29) the Estate of Joseph E. Rimkus, deceased; (30) Bridget Brooks; (31) the Estate of James R. Rimkus, deceased; (32) Anne M. Rimkus; (33) the Estate of Brent E. Marthaler, deceased; (34) Katie Marthaler Eicher f/k/a Katie L. Marthaler; (35) the Estate of Sharon Marthaler, deceased; (36) Herman C. Marthaler III; (37) Matthew Marthaler; (38) Kirk Marthaler; (39) the Estate of Thanh Van Nguyen, deceased; (40) Christopher R. Nguyen; (41) the Estate of Joshua E. Woody, deceased; (42) Dawn Woody; (43) Bernadine R. Beekman; (44) George A. Beekman; (45) Tracy M. Smith; (46) Jonica L. Woody; (47) Timothy Woody; (48) the Estate of Peter J. Morgera, deceased; (49) Michael Morgera; (50) Thomas Morgera; (51) the Estate of Kendall Kitson, Jr., deceased; (52) the Estate of Nancy R. Kitson, deceased; (53) the Estate of Kendall K. Kitson, deceased; (54) Steve K. Kitson; (55) the Estate of Nancy A. Kitson, deceased; (56) the Estate of Christopher Adams, deceased; (57) Catherine Adams; (58) John E. Adams; (59) Patrick D. Adams; (60) Michael T. Adams; (61) Daniel Adams; (62) Mary Kowalchuk, f/k/a Mary Young; (63) Elizabeth Wolf; (64) William Adams; (65) the Estate of Christopher Lester, deceased; (66) Cecil H. Lester; (67) Judy Lester; (68) Cecil H. Lester, Jr.; (69) Jessica F. Hatfield, f/k/a Jessica F. Lester; (70) the Estate of Jeremy A. Taylor, deceased; (71) Lawrence E. Taylor; (72) Vickie L. Taylor;(73) Starlina McCorkendale f/k/a Starlina D. Taylor; (74) the Estate of Patrick P. Fennig, deceased; (75) the Estate of Thaddeus C. Fennig, deceased; (76) Catherine Fennig; (77) Paul D. Fennig; and (78) Mark Fennig.

an interest in the "Defendants *In Rem*," as that term is defined in the United States' Verified Complaint *In Rem* filed with this Court on October 14, 2025, as well as all property or interests in property derived from or traceable to the Defendants *In Rem*. *See* Complaint, ECF No. 1.

The Heiser Claimants recently learned from the allegations in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com,* No. 25-cv-07093 (E.D.N.Y.) ("*Fritz*"), and from the Notice of Claim filed by the Fritz Claimants in this proceeding, that the Defendants *In Rem* at issue in this forfeiture action is property of an agency or instrumentality of Iran, specifically the Iran and China Investment Development Group ("Iran-China Group"). Upon learning this information, the Heiser Claimants promptly sought leave to file this verified claim.

This verified claim is based on the personal knowledge of the Heiser Claimants' counsel, information contained on the public docket in this action, information contained on the public dockets in the United States District Court for the District of Columbia, and information contained on the public docket in the *Fritz* action. The Heiser Claimants' interests in the Defendants *In Rem* are described as follows:

**I.     Background**

1. The Heiser Claimants are all victims of Iranian-sponsored terrorism who hold unsatisfied compensatory damage judgments against the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps. (collectively, "Iran"). The Heiser Claimants, all citizens of the United States residing in the United States, are family members and the personal representatives of the estates of seventeen of the nineteen U.S. Air Force officers and airmen killed in the June 25, 1996 terrorist bombing of the Khobar Towers in Khobar, Saudi Arabia. *See Estate of Michael Heiser, et al. v. Islamic Republic*

*of Iran, et al.,* Civil Action No. 1:00-cv-02329-RCL (D.D.C.), *Estate of Millard D. Campbell, et al. v. Islamic Republic of Iran, et al.,* Civil Action No. 1:01-cv-2104-RCL (D.D.C.).

2.      The Heiser Claimants hold an unsatisfied judgment under 28 U.S.C. § 1605A against Iran.  The judgment is comprised of two parts: (1) a judgment dated December 22, 2006 in the original amount of $254,431,903.00, plus post-judgment interest (the "December 2006 Judgment") and (2) a supplemental judgment dated September 30, 2009, in the original amount of $331,658,063.00, plus post-judgment interest (the "September 2009 Judgment") (together, the "Judgment"). *See* Judgment, *Estate of Michael Heiser, et al. v. Islamic Republic of Iran, et al.,* Civil Action No. 1:00-cv-02329-RCL, Dkt. Nos. 134 (D.D.C. Dec. 22, 2006), 147 (D.D.C. Sept. 30, 2009). The December 2006 Judgment was revived on March 25, 2018. Order, *Estate of Michael Heiser, et al. v. Islamic Republic of Iran,* Civil Action No. 1:00-cv-02329-RCL, Dkt. No. 294 (D.D.C. March 30, 2018).  The September 2009 Judgment was revived on August 18, 2021. *See id.,* Dkt. No. 299 (D.D.C. August 18, 2021). The Judgment accrues post-judgment interest pursuant to 28 U.S.C. § 1961 and has not been fully satisfied. Copies of the December 2006 Judgment and September 2009 Judgment are attached to this Notice of Claim as Exhibits A and B.

3.      The Heiser Claimants hold the Judgment under 28 U.S.C. § 1605A, thereby entitling the Heiser Claimants to enforce the Judgment in accordance with 28 U.S.C. § 1610, *et seq*., and section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. 107-297, Title II, § 201, 116 Stat. 2337, 2339 (28 U.S.C. § 1610 note). The Judgment was entered against Iran and is based on claims for which Iran is not immune under section 1605A or 1605(a)(7) (as such section was in effect on January 27, 2008) of title 28, United States Code.

## II. The Government filed this Forfeiture Action but failed to disclose any connection to Iran.

4. The Complaint in this proceeding alleges that "Chen Zhi and top executives at Prince Group engaged in schemes to defraud victims around the world through fraudulent cryptocurrency investment scams and other fraudulent schemes that resulted in the misappropriation of billions of dollars" and that Chen "laundered Prince Group's illicit profits, including the Defendant Cryptocurrency, through a variety of complex money laundering networks." Complaint, ECF No. 1 at ¶¶ 20, 38.

5. The Government seeks forfeiture of the Defendants *In Rem* based on a scheme that involved "China-based Lubian" through which "Chen and his co-conspirators laundered illicit proceeds by using the proceeds to fund large-scale cryptocurrency mining operations." *Id.* ¶ 42. Lubian is described as "a Chinese bitcoin mining operation that maintained bitcoin mining facilities across Asia, including in China and Iran" and as "the sixth largest bitcoin mining operation in the world." *Id.* ¶¶ 16(u); 42.

6. Based on the filings in the *Fritz* action, which the Heiser Claimants only recently learned about, the Defendants *In Rem* are directly tied to Iran. This connection to Iran was not made clear in the Complaint filed in this action.

7. The *Fritz* action was filed on December 26, 2025 by other victims of Iran's state-sponsored terrorism, who alleged that LuBian was the cryptocurrency mining pool for the Iran-China Group. The *Fritz* action alleges that the Iran-China Group is an Iranian joint-stock company which has partnered with the Iranian government to assist Iran's longstanding efforts to evade U.S. sanctions. *See generally Fritz,* ECF No. 1.

8. The Heiser Claimants did not receive any notice of this proceeding, the connection to Iran, and were not aware of their interest in the Defendants *In Rem.* Any delay by the Heiser

4

Claimants in filing their claims is not the result of inexcusable neglect because the Heiser Claimants had no reason to know of their interest in this proceeding and have acted with diligence upon becoming aware of their potential interest in the Defendants *In Rem*. *See U.S. v. $417,143.48*, 2015 WL 5178121, at *9 (E.D.N.Y. Sept. 2, 2015) ("In the case of an untimely claim, courts generally permit a party to file a belated claim if the party demonstrates excusable neglect for failure to timely file, in line with the standards set forth in Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure.").

> **III.    Under TRIA, the Heiser Claimants have an interest in the Defendants *In Rem* that is superior to the Government and other non-TRIA claimants.**

9. At this stage of the government's forfeiture proceeding, the Heiser Claimants must assert only that they have a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 110 (2d Cir. 2025) (citation omitted). Based on the information alleged in the *Fritz* action, the Heiser Claimants have a "facially colorable interest" in the Defendants *In Rem.*

10. The Heiser Claimants' interest in the Defendants *In Rem* is based on the Judgment against Iran and section 201 of TRIA. TRIA § 201 requires that blocked assets of a terrorist state be made available to satisfy certain judgments:

> Notwithstanding any other provision of law … in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

TRIA § 201.

11. Here, all of the requirements of Section 201(a) of TRIA are satisfied and as a result, the Heiser Claimants are entitled to satisfy the Judgment against such amount of the Defendants

5

*In Rem* as may be necessary to satisfy the outstanding compensatory damages, plus post-judgment interest of the Judgment.

12. Pursuant to 28 U.S.C. § 1610(g), the Heiser Claimants are entitled to enforce the Judgment by executing against property of Iran, property of an agency or instrumentality of Iran, and property of separate juridical entities in which Iran has an interest, direct or indirect. *See* 28 U.S.C. § 1610(g). As explained herein, the Judgment was obtained against Iran on claims for which Iran was not immune under section 1605A or 1605(a)(7) (as such section was in effect on January 27, 2008) of title 28, United States Code.

13. The Heiser Claimants are seeking to satisfy the Judgment, which are awards of compensatory and punitive damages for which Iran has been adjudged liable. The Islamic Republic of Iran is a designated state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)). Iran is also designated a "state sponsor of terrorism" under 28 U.S.C. §1605A, 1610, *et seq.* Therefore, Iran, its political subdivisions, and its agencies and instrumentalities are terrorist parties within the meaning of TRIA, and the Heiser Claimants' Judgment against Iran constitutes a judgment against a "terrorist party" as defined in Section 201(d)(4) of TRIA.

14. Based on the allegations in the *Fritz* action, the Iran-China Group is an agency or instrumentality of Iran within the meaning of the TRIA because it "(1) was a means through which a material function of [Iran] is accomplished, (2) provided material services to, on behalf of, or in support of [Iran], *or* (3) was owned, controlled, or directed by [Iran]." *Kirschenbaum v. Assa Corp.*, 934 F.3d 191, 199 (2d Cir. 2019).

15. Finally, the Defendants *In Rem* are blocked assets of Iran's or of an agency or instrumentality of Iran. The Defendants *In Rem* are subject to forfeiture "pursuant to (a) 18 U.S.C.

6

§ 981(a)(1)(C), as property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, or a conspiracy to commit such offense, in violation of 18 U.S.C. § 1349; and/or (b) 18 U.S.C. § 981(a)(1)(A), as property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, or property traceable to such property, or a conspiracy to commit such offense." Complaint, ECF No. 1 ¶ 2. TRIA defines "blocked assets" as "any asset seized or frozen by the United States" under certain executive orders or regulations. TRIA § 201(d)(2)(A); *see also Estate of Heiser v. Islamic Republic of Iran,* 807 F. Supp. 2d 9, 18 n.6 (D.D.C. 2011). All of Iran's property, including the property of its agencies and instrumentalities, is blocked under Executive Order 13,599 and its related regulations. *See* Blocking Property of the Government of Iran and Iranian Financial Institutions, 77 Fed. Reg. 6659, § 1(a) (Feb. 5, 2012); *see also* 31 C.F.R. Part 560. Accordingly, the Defendants *In Rem* are blocked assets within the meaning of TRIA and subject to execution by the Heiser Claimants under TRIA. *See Levinson v. Kuwait Finance House (Malaysia) Berhad,* 44 F.4th 91, 98 n.6 (2d Cir. 2022)

16.     To the extent some other provision of law conflicts with the scope of TRIA, *see, e.g.,* 18 U.S.C. § 983(d)(6)(B)(i), the "notwithstanding" clause in section 201(a) of TRIA operates such "that the TRIA prevails over [any such] conflicting provisions of law." *Greenbaum v. Islamic Republic of Iran,* 67 F.4th 428, 433 (D.C. Cir. 2023); *see also Weinstein v. Islamic Republic of Iran,* 609 F.3d 43, 53 (2d Cir. 2010) (citation omitted).

17.     For all the reasons stated above, the Heiser Claimants have a legally cognizable interest in and valid claims to the Defendants *In Rem* as are necessary to fully satisfy the Judgment. The Heiser Claimants satisfy the requirements of TRIA and the Heiser Claimants' rights to, titles to, and interests in the Defendants *In Rem* are superior to any right to, title to, or interest in the Defendants *In Rem* held by the United States or any other party in interest. Accordingly, pursuant

7

to 18 U.S.C. § 983(a) and Rule G, the Heiser Claimants hereby assert a claim to the Defendants *In Rem* as may ultimately be necessary to satisfy the outstanding amounts of the Judgment, plus post-judgment interest, based on the date the Defendants *In Rem* is valued for purposes of judgment. Notwithstanding the U.S. government's forfeiture efforts, the Heiser Claimants reserve all rights and remedies available in law and equity to enforce their interest in the Defendants *In Rem*.

Dated: March 6, 2026            Respectfully submitted,

**DLA PIPER LLP (US)**

/s/ *Jonathan M. Kinney*
Jonathan M. Kinney
New York State Bar No. 5259072
jonathan.kinney@us.dlapiper.com
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Counsel for Estate of Michael Heiser, et al.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>-against-<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>    Defendants *In Rem.* | Civil Action No. 1:25-cv-05745-RPK |

**VERIFICATION**

Jonathan M. Kinney, an attorney duly licensed to practice law before the Courts of the State of New York and this Court, declares under penalties of perjury under 28 U.S.C. § 1746 as follows:

1. I am a Partner in the law firm DLA Piper LLP (US), counsel to the Heiser Claimants, further identified in the Judgments attached hereto as Exhibits A and B.

2. All the statements contained herein and in the foregoing Verified Claim are based on my personal knowledge; reflected in the official dockets of this Court and the United States District Court for the District of Columbia; and/or based on the laws, Executive Orders, and regulations of the United States.

3. All the statements contained herein and in the foregoing Verified Claim are true and correct to the best of my knowledge, information, and belief.

1629207353.3

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 6, 2026, in New York, New York

_____
Jonathan M. Kinney