

**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax

**Jeffrey Brown**
*Partner*
Jeffrey.Brown@dechert.com
+1 212 698 3500  Direct
+1 212 698 3599  Fax

March 9, 2026

BY E-Mail

Alexander Mindlin (alexander.mindlin@usdoj.gov)
Tanisha R. Payne (tanisha.payne@usdoj.gov)
Benjamin Weintraub (benjamin.weintraub@usdoj.gov)
Andrew Reich (andrew.reich@usdoj.gov)
Rebecca Schuman (rebecca.schuman@usdoj.gov)
United States Attorney's Office
Eastern District of New York
271-A Cadman Plaza East
Brooklyn, NY 11201

Christopher B. Brown (christopher.brown8@usdoj.gov)
National Security Division
950 Pennsylvania Ave, N.W.
Suite 6744a
Washington, DC 20530

Re: *United States v. Approximately 127,271 Bitcoin,* **Case No. 25-cv-5745 (RPK)**

Dear Counsel:

    Pursuant to the Order dated February 17, 2026, and the Court's Individual Practice Rules, attached for service please find copies of LuBian's (1) Notice of Motion to Dismiss and (2) Memorandum of Law in Support.

Dated: March 9, 2026,           Respectfully submitted,

        By:  /s/ *Jeffrey Brown*

Jeffrey A. Brown
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel.: +1 212 698 3500
jeffrey.brown@dechert.com
*Counsel for Claimant LuBian*
CC: Counsel of record (via ECF)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                Plaintiff,

    -against-

APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,

                Defendants *In Rem*.

**SERVED ON MARCH 9, 2026**

No. 25-CV-5745 (RPK)

---

**CLAIMANT LUBIAN'S NOTICE OF MOTION TO DISMISS**

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law in Support of claimant LuBian's Motion to Dismiss, the undersigned attorney, on behalf of claimant LuBian, will move before the Honorable Rachel P. Kovner, United States District Judge, United States District Court for the Eastern District of New York, for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, dismissing the Verified Complaint *In Rem* together with such other and further relief as the Court may deem just and proper.

1

| | |
|---|---|
| Dated: New York, New York<br>March 9, 2026 | Respectfully submitted,<br><br>By: /s/ *Jeffrey A. Brown*<br>Jeffrey A. Brown<br>Dechert LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, NY 10036<br>Tel.: 212 698 3500<br>Jeffrey.Brown@dechert.com<br><br>*Counsel for Claimant LuBian*<br>CC: Counsel of record by ECF |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of Claimant LuBian's Motion to Dismiss was served on the United States of America this 9th day of March 2026 by electronic mail.

By: */s/ Jeffrey A. Brown*
Jeffrey A. Brown

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>   -against-<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>                Defendants *In Rem*. | <u>**SERVED ON MARCH 9, 2026**</u><br><br>No. 25-CV-5745 (RPK) |

**MEMORANDUM OF LAW OF CLAIMANT LUBIAN JOINING AND ADOPTING THE MOTIONS TO DISMISS FILED BY CLAIMANTS WARP DATA TECHNOLOGY LAO SOLE CO. AND CHEN ZHI**

 

D ECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 698-3500
Facsimile:  (212) 698-3599

*Counsel for Claimant LuBian*

1

# **INTRODUCTION**

More than five years ago, in December 2020, an unidentified hacker transferred roughly 127,000 bitcoin out of a set of cryptocurrency wallets. For years afterward, those assets sat on the public blockchain in addresses not controlled by their prior holders. On October 14, 2025, the government filed this civil forfeiture action alleging that the bitcoin—now in the possession of the United States—constitutes proceeds of wire fraud or property involved in money laundering (the "Defendant Cryptocurrency"). The Complaint does not explain how the government obtained the Defendant Cryptocurrency or when it did so. Instead, it advances a sweeping theory that the Defendant Cryptocurrency is forfeitable because it was somehow connected to an alleged global fraud conspiracy involving Chen Zhi, the Prince Group, and others.

Claimant LuBian respectfully moves to dismiss the Complaint under Rule 12(b) of the Federal Rules of Civil Procedure and Rule G of the Supplemental Rules. Rather than submit a full memorandum repeating arguments already presented to the Court, LuBian adopts and incorporates by reference the memoranda of law filed by claimants Warp Data Technology Lao Sole Co. ("Warp Data") and Chen Zhi. Those memoranda demonstrate that the Complaint fails as a matter of law because the government does not plausibly allege that the Defendant Cryptocurrency constitutes proceeds of wire fraud, fails to plead a viable money-laundering theory, fails to explain how or when the Defendant Cryptocurrency was seized as required by Supplemental Rule G, and fails to establish venue in this District. LuBian adopts those arguments in full and joins in the relief requested in those motions.

Although LuBian relies on those memoranda, several aspects of the Complaint warrant brief additional discussion as they relate specifically to the government's allegations concerning LuBian. The Complaint acknowledges that the Defendant Cryptocurrency was funded in significant part by bitcoin mining activity, including through addresses the government associates

2

with LuBian. Mining rewards are newly generated assets created by the Bitcoin network; they are not "proceeds" of any crime. Yet the government nonetheless asserts that the Defendant Cryptocurrency is forfeitable either as proceeds of wire fraud or as property involved in money laundering. Even accepting the Complaint's allegations as true, neither theory is plausibly alleged.

The central defect in the government's theory is chronological. The Complaint repeatedly alleges that the Defendant Cryptocurrency had already been accumulated in the relevant wallets by December 2020. Yet the Complaint's only fraud allegations pleaded with any specificity concern conduct beginning in 2021, including activity attributed to a purported "Brooklyn Network." Property that was generated before the alleged fraud occurred cannot logically represent the proceeds of that fraud.

That temporal disconnect defeats the government's first forfeiture theory. Before property can be forfeited as the proceeds of wire fraud, there must first be fraud generating those proceeds. The Complaint does not identify any such fraud with particularity before the Defendant Cryptocurrency was mined and accumulated. Instead, as explained in detail in the memoranda filed by Warp Data and Chen Zhi, the Complaint relies on generalized narratives about alleged scam activity in Southeast Asia and on a later-arising fraud narrative tied to conduct in New York. LuBian adopts those arguments and incorporates them here by reference.

The government's alternative theory—that the cryptocurrency was "involved in" money laundering—fails for similar reasons. The Complaint largely relies on patterns of cryptocurrency transfers among blockchain addresses and asserts that certain addresses allegedly associated with LuBian received both mining rewards and transfers from other sources. From this, the government suggests that illicit funds were commingled with mined bitcoin. But describing a transaction pattern does not establish a violation of the money-laundering statutes. Those statutes require

3

allegations that the transactions involved criminal proceeds and were undertaken for the purpose of concealing the nature, source, or ownership of those proceeds. The Complaint does not plausibly allege either element.

Nor does the government's reliance on partial mining funding cure these defects. Even if some addresses associated with LuBian received both mined bitcoin and transfers from other sources, that fact does not establish that the non-mining funds were criminal proceeds, that LuBian itself engaged in wrongdoing, or that any particular bitcoin now in the government's possession is traceable to unlawful activity. Civil forfeiture requires particularized allegations tying the defendant property to criminal conduct. The Complaint provides none.

Finally, the Complaint's silence regarding how the government obtained the Defendant Cryptocurrency underscores the inadequacy of its pleading. The tracing allegations stop in December 2020, after which the Complaint simply states that the cryptocurrency was later transferred to additional addresses and is now in the government's custody. The government does not identify when it obtained the property, from whom it was obtained, or by what means. As the other claimants have explained, that omission independently violates the pleading requirements governing civil forfeiture actions.

In short, the government seeks the extraordinary remedy of forfeiture of billions of dollars in cryptocurrency without plausibly alleging that the property is connected to any crime. The Complaint's narrative fails on its own terms because the bitcoin it seeks to forfeit was allegedly mined and accumulated before the fraud that supposedly produced it.

## **CONCLUSION**

For the reasons explained in the memoranda filed by Warp Data and Chen Zhi, and for the additional reasons set forth above, the Court should dismiss the Verified Complaint *In Rem*.

Dated: New York, New York  
March 9, 2026

DECHERT LLP

By: /s/ *Jeffrey A. Brown*  
Jeffrey A. Brown  
Three Bryant Park  
1095 Avenue of the Americas  
New York, NY 10036  
Tel.: 212 698 3500  
Jeffrey.Brown@dechert.com

*Counsel for Claimant LuBian*