UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

United States of America,

  *Plaintiff*,

v.

Approximately 127,271 Bitcoin (BTC)

  *Defendant in rem.*

------------------------------------------------------x

Case No. 1:25-cv-05745 (RPK)

Hon. Rachel P. Kovner

CLAIMANT ATH LEEPINYO'S OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE CLAIM

  Claimant **Ath Leepinyo**, appearing **pro se**, respectfully submits this opposition to the Government's Motion to Strike his claim.

## I. INTRODUCTION

  1. The United States seeks to strike Claimant Ath Leepinyo's claim to the defendant Bitcoin.

  2. The motion should be denied because Claimant has alleged a **direct and traceable financial interest in the defendant property**.

  3. Claimant invested funds into **Prince Real Estate and related investment projects associated with Chen Zhi**.

  4. Those funds were converted into Bitcoin.

  5. The Government now seeks forfeiture of approximately **127,271 Bitcoin** allegedly connected to those operations.

  6. Because Claimant's funds were converted into the Bitcoin that is the subject of this forfeiture action, Claimant has a **direct financial interest in the defendant property**.

  7. The Government moves to strike Claimant's claim pursuant to **Supplemental Rule G(8)(c)**. However, at this stage the Court must accept Claimant's factual allegations as true and determine only

whether Claimant has alleged a **colorable interest in the defendant property**, which Claimant has clearly done.

## II. PROCEDURAL NOTE REGARDING SERVICE

8. The Government filed its motion to strike on **February 9, 2026**.

9. Claimant was **not served with the motion by email**, despite prior communications between Claimant and counsel for the United States through **leepinyo@protonmail.com**.

10. Government counsel previously communicated with Claimant by email, including a **December 5, 2025 meeting invitation and December 23, 2025 communications transmitting filings**. See Exhibit A hereto.

11. Claimant only became aware of the motion after reviewing the docket through CourtListener.

12. Nevertheless, Claimant files this opposition within the schedule set by the Court's **March 9, 2026 Order**, which established **April 27, 2026** as the response deadline.

## III. CLAIMANT HAS ARTICLE III STANDING

13. To contest a civil forfeiture action, a claimant must demonstrate **Article III standing** by asserting a **colorable ownership or financial interest in the defendant property**.

14. The Second Circuit has repeatedly held that the standing requirement in forfeiture cases is **not onerous** and requires only a plausible showing of ownership or financial interest. See **United States v. Cambio Exacto S.A.,** 166 F.3d 522, 527 (2d Cir. 1999).

15. Claimant invested funds into **Prince Real Estate and related projects associated with Chen Zhi**.

16. Claimant's investment totaled approximately **$62,500**, transferred on or about **September 28, 2018**. See Exhibit B hereto.

17. Claimant later learned that investor funds were **converted into Bitcoin**.

18. The Government now seeks forfeiture of Bitcoin connected to those same operations.

19. Claimant is not asserting a generalized creditor claim; rather, Claimant alleges that **his specific investment funds were converted into the Bitcoin that constitutes the defendant property**, giving rise to a

**traceable ownership interest sufficient to contest forfeiture**.

20. Claimant's financial interest in the defendant property therefore **exceeds $104,417.50**, representing the original investment of $62,500 plus statutory prejudgment interest calculated at **9% per year** from September 28, 2018 through March 10, 2026.

21. These allegations easily satisfy the **"colorable interest" standard required at the pleading stage.**

22. At the motion-to-strike stage, courts do not weigh evidence or resolve competing factual narratives but only determine whether the claimant has plausibly alleged an interest in the defendant property.

### IV. FACTUAL DISPUTES SHOULD NOT BE RESOLVED ON A MOTION TO STRIKE

23. At the motion-to-strike stage, courts do not resolve factual disputes regarding ownership of property.

24. The Second Circuit has emphasized that standing requires only a **colorable interest**, not definitive proof of ownership. See **United States v. $557,933.89, More or Less, in U.S. Funds,** 287 F.3d 66, 78 (2d Cir. 2002).

25. Where a claimant alleges that his funds were converted into the property that the Government seeks to forfeit, courts routinely allow the claim to proceed so that the factual record can be developed through discovery.

26. Because Claimant alleges precisely such a connection here, striking the claim at the pleading stage would be inappropriate.

### V. CLAIMANT HAS ADEQUATELY IDENTIFIED HIS INTEREST UNDER SUPPLEMENTAL RULE G

27. Supplemental Rule G requires that a claimant identify the nature of his interest in the defendant property.

28. Claimant has done so by stating that:

• he paid funds for the purchase of a condominium property
• those funds were converted into cryptocurrency assets
• the Government now seeks forfeiture of those assets

29. These allegations sufficiently identify Claimant's interest in the property.

## VI. CLAIMANT IS NOT A MERE UNSECURED CREDITOR

30. The Government incorrectly characterizes Claimant as an unsecured creditor who voluntarily transferred funds to Prince Real Estate.

31. That characterization is inaccurate.

32. Claimant's payment of **$62,500** was made for the **specific purpose of purchasing a condominium property** through Prince Real Estate and related entities controlled by Chen Zhi.

33. The condominium property that Claimant paid for was **never delivered**, and the property title was instead issued in the name of entities associated with Prince Real Estate.

34. Under the **Civil Code of the Kingdom of Cambodia (2007)**, contractual payments made for the purchase of property remain subject to **restitution when the promised performance is not delivered**. See **Civil Code of the Kingdom of Cambodia arts. 391, 392 (2007)** (providing remedies including restitution where contractual obligations are not performed).

35. Where a seller fails to perform the contractual obligation to transfer property, Cambodian law provides that the buyer may demand **return of the purchase funds**.

36. Accordingly, Claimant's funds were not voluntarily relinquished as unsecured investment capital. Rather, they were **purchase funds that remain subject to restitution and return** when the promised property was not delivered.

37. Because those funds were converted into the cryptocurrency assets that are now the subject of this forfeiture action, Claimant maintains a **traceable ownership interest in the defendant property**.

## VII. EQUITY AND FAIRNESS FAVOR ALLOWING THE CLAIM

38. Civil forfeiture proceedings exist to determine the competing interests of all parties claiming rights in property.

39. Striking Claimant's claim at this early stage would prevent an investor who alleges direct financial loss from presenting evidence regarding the origin of the seized cryptocurrency assets.

40. Allowing Claimant's claim to proceed will not prejudice the Government and will allow the Court to fully adjudicate ownership interests in the defendant property.

## VIII. CONCLUSION

For the foregoing reasons, Claimant **Ath Leepinyo respectfully requests that the Court deny the Government's Motion to Strike his claim.**

Dated: March 10, 2026

                    Respectfully submitted,

                    <u>/s/ Ath Leepinyo</u>
                    Ath Leepinyo
                    Claimant, Pro Se

                    P.O. Box 2
                    Central City Bangna Post Office
                    1090 Moo 12 Bangna-Trad Road
                    Bangna, Bangkok 10260
                    Thailand

                    Telephone: +011-66-82-092-5390
                    Email: leepinyo@protonmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

United States of America,

    *Plaintiff*,

v.

Approximately 127,271 Bitcoin (BTC)

    *Defendant in rem*.

Case No. 1:25-cv-05745 (RPK)

Hon. Rachel P. Kovner

---------------------------------------------------x

## DECLARATION OF ATH LEEPINYO

I, Ath Leepinyo, declare as follows:

1. I am the claimant in this action.

2. I invested funds into Prince Real Estate and related projects associated with Chen Zhi.

3. My investment totaled approximately $62,500, transferred on or about September 28, 2018.

4. My payment of $62,500 was made for the purchase of a specific condominium property through Prince Real Estate.

5. The condominium property was never delivered to me, and the property title was issued to entities associated with Prince Real Estate instead.

6. As a result, under Cambodian Law, the funds paid for the property remain subject to return to me and were not voluntarily relinquished as unsecured investment funds.

7. I later learned that investor funds were converted into Bitcoin.

8. The United States now seeks forfeiture of approximately 127,271 Bitcoin connected to those operations.

9. My claim is based on the fact that my funds were converted into the Bitcoin that is now the subject of this forfeiture proceeding.

10. Applying a 9% annual interest rate, the accrued interest from September 28, 2018 through March 10, 2026 is approximately $41,917.50, resulting in a total claim value of approximately $104,417.50.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: March 10, 2026

/s/ Ath Leepinyo
Ath Leepinyo
Claimant, Pro Se

P.O. Box 2
Central City Bangna Post Office
1090 Moo 12 Bangna-Trad Road
Bangna, Bangkok 10260
Thailand

Telephone: +011-66-82-092-5390
Email: leepinyo@protonmail.com

7

Exhibit A



8

_____

## Microsoft Teams   [Need help?](#)

### US v. 127,271 Bitcoin

**From:** Payne, Tanisha (USANYE) <Tanisha.Payne@usdoj.gov>   Dec 23, 2025
**To:** Lee Lee

Hello Mr. Leepinyo, please see the correspondence attached. Thank you.

Tanisha R. Payne

Assistant United States Attorney

Asset Forfeiture Section

U.S. Attorney's Office – Eastern District of New York

271-A Cadman Plaza East

Brooklyn, NY  11201

(718) 254-6358



586.67 KB  3 files attached,  1 embedded image

- image009.png   10.58 KB
- Letter to Cl... 5..pdf   146.04 KB
- Rule G. Fo... em.pdf   152.64 KB
- Individual ... PK.pdf   277.40 KB


**Prince Real Estate Group**
柬埔寨 | 太子地产集团

ព្រីនស៍ រៀល អ៊ីស្តេត (ខេមបូឌា) ក្រុម ហ.ក
柬埔寨太子地产集团有限公司


太子中央广场
PRINCE CENTRAL PLAZA

បង្កាន់ដៃទទួលប្រាក់
收據單

លេខ / 編號: **803229**

កាលបរិច្ឆេទ / 日期: 28 / 9 / H

ឈ្មោះអ្នកបង់ប្រាក់ / 顧客名字: ATH LEEPINYO

ផ្ទះលេខ / 房號: B-24-27      ប្រភេទ / 類型: RHB

ចំនួនទឹកប្រាក់ជាអក្សរ / 合計（大寫）: Sixty thousand and forty-five dollars

$60045-

បរិយាយ / 描述: 全款

ហត្ថលេខា និង ឈ្មោះអ្នកបង់ប្រាក់
顧客名字與簽字

អ្នកទទួលប្រាក់
收款人

គណនេយ្យករ
复核

KINGDOM OF CAMBODIA
PRINCE REAL ESTATE
(CAMBODIA) GROUP
CO., LTD
FINANCE



ព្រីនស៍ រៀល អ៊ីស្តេត (ខេមបូឌា) ក្រុប ៦.ក
柬埔寨太子地产集团有限公司

收據單

លេខ/編號: 803220
កាលបរិច្ឆេទ/日期: 28/9/18

ឈ្មោះអ្នកបង់ប្រាក់/顧客名字: ATH LEEPINYO
ផ្ទះលេខ/房號: B-24-27
ប្រភេទ/類型: Cash
ចំនួនទឹកប្រាក់ជាអក្សរ/合計（大寫）: Two hundred dollars

$200.00

បរិយាយ/描述: 房款

ហត្ថលេខា និង ឈ្មោះអ្នកបង់ប្រាក់
顧客名字與簽字

អ្នកទទួលប្រាក់
收款人

គណនេយ្យករ
复核

12

**Prince Real Estate Group** 柬埔寨 | 太子地产集团

ព្រីនស៍ រៀល អ៊ីស្តេត (ខេមបូឌា) ក្រុប ខ.ក
柬埔寨太子地产集团有限公司

បង្កាន់ដៃទទួលប្រាក់ / 收據單

លេខ / 編號: **803097**
កាលបរិច្ឆេទ / 日期: 11 / 9 / 18

ឈ្មោះអ្នកបង់ប្រាក់ / 顧客名字: ATH LEEJIVYO
ផ្ទះលេខ / 房號: B-24-07      ប្រភេទ / 類型: Cash
ចំនួនទឹកប្រាក់ជាអក្សរ / 合計（大寫）: Two thousand dollars

$2000.00

បរិយាយ / 描述: 定金

ហត្ថលេខា និង ឈ្មោះអ្នកបង់ប្រាក់    អ្នកទទួលប្រាក់    គណនេយ្យករ
顧客名字與簽字              收款人        复核

## CERTIFICATE OF SERVICE

I certify that on March 10, 2026, I served the foregoing Claimant Ath Leepinyo's Opposition to Motion to Strike upon counsel for the United States by email and/or first-class mail.

Dated: March 10, 2026

                                  /s/ Ath Leepinyo
                                  Ath Leepinyo
                                  Claimant, Pro Se