UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>　　　　　　Defendant *In Rem*. | Civil Action No. 25-cv-5745 (RPK) |

**FISHBECK CLAIMANTS' ANSWER TO CROSS-CLAIMS BY IBHLAW CLAIMANTS**

Pursuant to Fed. R. Civ. Pro 12 and Supplemental Rule G of the Federal Rules of Civil Procedure, the Fishbeck Claimants hereby answer the cross-claims asserted by the IBHLAW Claimants (ECF No. 236).

**ANSWER**

1. Admitted that this Court has jurisdiction over these claims.

2. Admitted that venue is proper.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied.

4. Admitted to the extent it is expected that certain other parties will defend against the Terrorism Risk Insurance Act ("TRIA") claims. Denied to the extent it asserts that the Fishbeck Claimants are defendants in this action or to the TRIA claims instead of co-claimants.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied.

6. Paragraph 6 contains legal conclusions to which no response is required. To the

extent an answer is required, it is denied.

7. On information and belief, the Fishbeck Claimants admit the allegations in paragraph 7.

8. Admitted.

## FIRST COUNT
### (Priority under CPLR 5234 – Executions)

9. Paragraph 9 contains no allegations to which a response is required. To the extent an answer is required, see paragraphs 1-8 above.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent one is required, it is denied to the extent it asserts that the IBHLAW Claimants' claims have priority over the Fishbeck Claimants.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent one is required, it is denied to the extent it asserts that the IBHLAW Claimants' claims have priority over the Fishbeck Claimants.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent one is required, it is denied to the extent it asserts that the IBHLAW Claimants' claims have priority over the Fishbeck Claimants.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent one is required, it is denied to the extent it asserts that the IBHLAW Claimants' claims have priority over the Fishbeck Claimants.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent one is required, it is denied to the extent it asserts that the IBHLAW Claimants' claims have

priority over the Fishbeck Claimants.

## SECOND COUNT
### (Priority under CPLR Article 62 – Attachment)

16. Paragraph 16 contains no allegations to which a response is required. To the extent an answer is required, see paragraphs 1-15 above.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent one is required, it is denied to the extent it asserts that the IBHLAW Claimants' claims have priority over the Fishbeck Claimants.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent one is required, it is denied to the extent it asserts that the IBHLAW Claimants' claims have priority over the Fishbeck Claimants.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent one is required, it is denied to the extent it asserts that the IBHLAW Claimants' claims have priority over the Fishbeck Claimant

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent one is required, it is denied to the extent it asserts that the IBHLAW Claimants' claims have priority over the Fishbeck Claimant.

21. Denied.

## THIRD COUNT
### (Priority under TRIA § 201)

22. Paragraph 22 contains no allegations to which a response is required. To the extent an answer is required, see paragraphs 1-21 above.

23. Paragraph 23 characterizes a statute that speaks for itself, and no response is required.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent one is required, admitted that the TRIA preempts other laws, and denied to the extent it asserts that the IBHLAW Claimants' claims have priority over the Fishbeck Claimants.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent one is required, admitted that the TRIA creates priority execution for terrorism judgments, and denied to the extent it asserts that the IBHLAW Claimants' claims have priority over the Fishbeck Claimants.

26. Admitted to the extent that non-TRIA claims are subordinate to TRIA claims. Denied to the extent it asserts that the IBHLAW Claimants' claims have priority over the Fishbeck Claimants.

### FOURTH COUNT
### (Declaratory Relief)

27. Paragraph 27 contains no allegations to which a response is required. To the extent an answer is required, see paragraphs 1-26 above.

28. Admitted.

29. Paragraph 29 contains no allegations to which a response is required. To the extent one is required, denied to the extent it asserts that the IBHLAW Claimants' claims have priority over the Fishbeck Claimants.

### AFFIRMATIVE DEFENSES

The defenses asserted herein are based on the Fishbeck Claimants' knowledge, information, and belief at this time. The Fishbeck Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the IBHLAW Claimants' cross-claims except as specifically set forth above, and without assuming any burden

of proof, persuasion, or production not otherwise legally assigned to it as to any element of the IBHLAW Claimants cross-claims, the Fishbeck Claimants assert the following affirmative and other defenses:

1. The IBHLAW Claimants' cross-claims fail to state a claim against the Fishbeck Claimants upon which relief can be granted.

2. The Fishbeck Claimants possess an interest in the Defendant Cryptocurrency that is of equal priority to the IBHLAW Claimants to the extent the IBHLAW Claimants have asserted valid claims pursuant to the TRIA, Pub. L. No. 107-297, § 201(a) (2002) (codified at 28 U.S.C. § 1610).

3. The TRIA does not provide for priority among TRIA claims, and the cross-claims contain no facts otherwise sufficient to establish priority for the IBHLAW Claimants over the Fishbeck Claimants.

4. The Fishbeck Claimants deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated:  March 10, 2026                                      Respectfully submitted,

                                                            THE NATIONS LAW FIRM

                                                             _/s/  Howard L. Nations_
                                                            Howard L. Nations
                                                            9703 Richmond Ave., Suite 200
                                                            Houston, Texas  77042
                                                            (713) 807-8400
                                                            (713) 807-8423 (Fax)
                                                            howard@howardnations.com

                                                            *Attorney for Fishbeck Claimants*