**B&F** | BOIES
SCHILLER
FLEXNER

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

March 11, 2026

**BY ECF**

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *United States v. Approximately 127,271 Bitcoin*, 25 Civ. 5745 (RPK)

Dear Judge Kovner:

We represent Claimants Chen Zhi and Prince Holding Group and write to respectfully request a pre-motion conference in advance of Claimants' anticipated motion under Federal Rule of Civil Procedure 26(c) for entry of a protective order governing discovery in this action.

The government has served Rule G(6) special interrogatories on Claimants. Although Claimants could take the position that they are not required to respond at all because the Complaint's own verified allegations establish their standing, we have nevertheless prepared lengthy responses that have been ready for production since February 27, 2026. We have not yet served those responses because they contain indisputably sensitive information, there is no protective order in place, and the government has refused to agree to even temporarily maintain the responses in confidence. We have, however, engaged in a lengthy conferral process with the government in an attempt to present the Court with a stipulated order. While the parties agree on most points, the government insists on provisions that effectively gut the entire order, and would allow the case team to share Claimants' responses with *anyone* in *any* government—local, state, federal, or foreign—who could in turn use those responses for *any* purpose. Accordingly, we now seek leave to move for a protective order governing the use of confidential information produced in discovery.

**Background**

On February 6, 2026, the government sent special interrogatories to Claimants' counsel, and we accepted service. *See* Exhibits A (Mr. Chen) and B (Prince Group). The interrogatories seek a broad range of confidential and sensitive information, including personally identifying information about Mr. Chen and others, sensitive corporate governance and ownership records for dozens of entities, and detailed transaction, financial, and business information that go well beyond the scope of Rule G(6), which limits special interrogatories to "the claimant's identity and relationship to the defendant property." Supp. R. G(6)(a). Nevertheless, Claimants prepared lengthy responses and objections, including detailed corporate and transactional information, as well as identifying information about dozens of entities and their directors and shareholders.

On February 25, 2026, Claimants requested the government's availability to confer on discovery issues. The government was not available until February 27 at 4:30 p.m., when the parties conferred. At that conferral, Claimants requested the government's position on a protective order, which it said it would need time to consider. We then proposed to produce Claimants' interrogatory responses that same day if the government agreed to keep the responses confidential pending negotiation and/or motion practice concerning a protective order under Rule 26(c).



Claimants' proposal did not, as the government claimed, bar the FBI from accessing the responses or preclude the government from using the responses to formulate interrogatories to other claimants. [ECF No. 263 at 1]. Nor was it an "eleventh-hour" sandbag. [*Id.* at 2]. We contacted the government 48 hours in advance, spoke at the earliest time they were available, and offered a temporary solution to allow for the immediate production of the interrogatory responses while the longer process of negotiating or litigating a protective order played out. This is fairly standard stuff, but the government did not agree, electing instead to first attempt to negotiate a protective order. [*See id.*] Those negotiations have delayed the production of Claimants' interrogatory responses, which in turn permits the government to delay responding to Claimants' motion to dismiss.

With respect to the negotiations, the government and Claimants have been exchanging proposed drafts based on Judge Eshkenazi's form protective order since March 2nd. While the parties agree on much of the proposed order, we have reached an impasse with respect to changes the government proposes to Paragraphs 5 and 7 and changes Claimants propose to Paragraphs 1 and 13. We are attaching as Exhibit C the proposed order with changes where there is no dispute (no highlighting), changes proposed by the government to which Claimants object (highlighted in yellow), and changes proposed by the Claimants to which the government objects (highlighted in blue).

## <u>Argument</u>

The government does not oppose the entry of a protective order. The question for the Court is thus not whether a protective order should be entered, but in what form. In any event, Claimants satisfy the standard for protective orders, which are routinely entered to safeguard sensitive personal information, protect non-parties from harassment and privacy risks, and preserve the confidentiality of commercial and financial data. Fed. R. Civ. P. 26(c)(1) (the Court may "for good cause" issue "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."); *see also, e.g.*, *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 421-22 (E.D.N.Y. 2007) (observing protective orders proper when they preclude a "revelation [that] has the potential to impinge on [a] company's privacy and property rights and inflict commercial harm").

The two disputed variations from Judge Eshkenazi's standard order proposed by Claimants largely go to logistical issues. While we believe that our proposal is the more workable one, ultimately these are questions of administration for the Court.

*Paragraph 1:* Claimant's proposal would have limited the scope of Paragraph 1 to Claimants Chen Zhi, Prince Holding Group, and the government. This is simply a mechanical question. Claimants have no objection to the Court entering a protective order that applies to all parties, but given the sheer number of claimants who will need to be heard, we respectfully submit that it may not be practical to litigate a one-size-fits-all order for this case and that doing so is likely to cause substantial delay. If other claimants do not agree to be bound by this order, they can raise whatever discrete issues they have with the government—and, if necessary, the Court—as they arise.

*Paragraph 13 and Attachment A:* Mirroring the proposed change to Paragraph 1, Paragraph 13 deals with who gets access to "Confidential Discovery Material." The form order provides that any newly-joined parties must sign on to that order to get access to the material, which makes sense in most cases. However there are many, many claimants in this case and they are not similarly situated. We do not oppose the dissemination of confidential discovery to those claimants who will be involved in merits litigation (*i.e.*, those who have standing to assert their claim) and who agree to be bound by the protective order by signing Attachment A. But we respectfully request that sensitive information

2



not be shared with just anyone who has made an appearance in the case, since many of the claims will not proceed past the threshold standing inquiry. We have proposed revisions to Paragraphs 13 and Attachment A accordingly.

The changes from the form order proposed by the government, in contrast, are deeply substantive, and go to whether "Confidential Discovery Material" is really confidential at all.

*Paragraphs 5.b and 7.a:*  Under Judge Eshkenazi's form order, Paragraph 5 defines a series of "Qualified Recipients" who may get access to Confidential Discovery Material, including the parties, counsel, and the like. Paragraph 7.a then specifies that those Qualified Recipients must hold that material "in confidence," and that "it shall be used only for purposes of this action."

The government's proposal changes both paragraphs and, when taken together, destroys any protection for Claimants' confidential information. It proposes a brand new paragraph 5.b, which would add to the list of Qualified Recipients "Government personnel, including but not limited to federal, state, local, and foreign law enforcement," and "policy and regulatory personnel," which would basically permit *any* person associated with *any* government access to confidential discovery.

That might be acceptable if anyone who received the material signed on to the order and could use the confidential discovery "only for purposes of this action." But the government also proposes to alter paragraph 7.a to allow the material to be used "for federal law enforcement or for the official business of the U.S. government." Taken together, the government's changes allow, among other things, any "policy and regulatory personnel" to receive and use confidential discovery "for the official business of the U.S. government." That could mean anything—including for example speaking to reporters or sending social media posts.

This is a civil forfeiture proceeding, and confidential discovery should be confined to those who are litigating this civil case and those who are supporting those lawyers. To permit otherwise would transform civil discovery into a tool for the government to conduct criminal and regulatory enforcement. The government already has ample powers to pursue its enforcement priorities, including grand jury subpoenas, administrative subpoenas, whistleblower programs, and reporting programs under the Bank Secrecy Act, to name but a few. The government should not be permitted an end-run around the few limitations that apply to those broad powers by allowing it to share confidential information disclosed in this case with all government personnel for effectively any purpose. That is particularly true in the case of Mr. Chen and the Prince Group, whose claims [ECF Nos. 27 and 28] invoked Supplemental Rule E(8), which "expressly restricted" their appearance to litigation of their civil forfeiture claims.

Further, it is no limitation at all to say the use of confidential information is confined to "official business of the U.S. government," as the government should have no *unofficial* business. Nor is it a limitation to say the use of the information is confined to the United States government, as the government's proposed revisions allow it to share confidential information with state, local and foreign government personnel, and it has no ability to control what those governments do with the information once they receive it. If the government has a legitimate need to use confidential discovery produced in this case elsewhere, the answer is for it to seek permission to do so with Claimants' consent or over its objection. But the government should not be given a blank check in advance to effectively do whatever it wants with the sensitive personal and business information it receives from Claimants in this case.



**Conclusion**

Claimants respectfully request that the Court hold a pre-motion conference. Alternatively, while the Court could set a briefing schedule on a motion for entry of a protective order, Claimants request that the Court treat this letter as their motion and enter their proposed version. A clean version of Claimants' proposed protective order is attached as Exhibit D.

Respectfully,

BOIES SCHILLER FLEXNER LLP

 /s/ *Matthew L. Schwartz*
Matthew L. Schwartz
Peter M. Skinner
55 Hudson Yards
New York, New York 10001

Dan G. Boyle
2029 Century Park East, Suite 1520
Los Angeles, California 90067

*Counsel for Claimants Chen Zhi*
*and Prince Holding Group*

4