# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | Civil Action No. |
| - against - | 25-CV-5745 |
| APPROXIMATELY 127,271 BITCOIN ("BTC"), AND ALL PROCEEDS TRACEABLE THERETO, | (Kovner, J.) |
| Defendants *In Rem*. | |

- - - - - - - - - - - - - - - - - - - X

### UNITED STATES' FIRST SET OF SPECIAL INTERROGATORIES TO CLAIMANT CHEN ZHI

The United States of America, pursuant to Supplemental Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G(6)"), hereby submits the following interrogatories (the "Interrogatories") to claimant Chen Zhi. All responses to the Interrogatories are to be in writing, under oath, and submitted within twenty-one (21) days of service, pursuant to Rule G(6) and Fed. R. Civ. P. 33(b) (signature by counsel is unacceptable). Any documents produced in response to the Interrogatories, as permitted under Fed. R. Civ. P. 33(d), shall also be provided within twenty-one (21) days from the date of service, to the United States Attorney's Office for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, NY 11201, Attn: Assistant United States Attorney Tanisha R. Payne.

### DEFINITIONS

1. "Chen," "you" and "your" shall refer to the claimant Chen Zhi, along with each of his representatives, agents, attorneys, and employees.

2. The "Defendant Cryptocurrency" shall refer to approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A of the

Verified Complaint, and all proceeds traceable thereto, which the government seeks to forfeit in this action.

    3.    The "Claim" shall refer to the "Claim of claimant Chen Zhi" filed on or about December 29, 2025, *see* ECF Dkt. No. 27.

    4.    The definitions and rules of construction set forth in Fed. R. Civ. P. 34(a) and Local Civil Rule 26.3 are incorporated herein and set forth, in pertinent part, below for your convenience:

    a. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise);

    b. "Concerning" means relating to, referring to, describing, evidencing, or constituting;

    c. "Document" includes all documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form;

    d. "Identify" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

    e. "Identify" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information;

    f. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association; and

    g. The following rules of construction apply to all discovery requests:

        i. All/Each. The terms "all" and "each" shall be construed as all and each;

        ii. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of

        the discovery request all responses that might otherwise be construed to be outside of its scope; and

    iii.    Number. The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

1. You shall provide separate responses to each Interrogatory.

2. Your response to each Interrogatory shall include such knowledge or information as is within your actual or constructive possession including, but not limited to, knowledge or information in the actual or constructive possession of your representatives, officers, agents, attorneys and employees.

3. Where facts set forth in answers to Interrogatories or portions thereof are supplied upon your information and belief, rather than your actual personal knowledge, the answer should so state and should specifically describe or identify the sources of such information and belief.

4. If you cannot answer the entire Interrogatory, answer to the fullest extent possible, specify your inability to answer the remainder, and state whatever information you have concerning the unanswered portion.

5. You must answer each Interrogatory fully and separately in writing under oath and execute the attached declaration. The full text of the Interrogatory to which you are responding should be restated before your answer.

6. The Interrogatories are continuing in nature, meaning that if, at any time after submitting your initial written responses and producing responsive documents, you obtain information, knowledge, or documents causing you to believe that the response to any Interrogatory was not true, correct, or complete when given, you are required to provide, by way of supplementary responses and productions, the true, correct, and complete answers to the

Interrogatory, in writing under oath, within ten (10) days following the date upon which such knowledge or documents were first obtained by you.

7. With respect to each answer to the Interrogatories, identify the person who prepared or supplied the information for such answer, including that person's name and business address.

8. If you contend that the answer to any of the Interrogatories is privileged in whole or in part, or otherwise object to any part of any of the Interrogatories, you are directed to comply with Civil Rule 26.2 of the Local Rules for the United States District Court for the Eastern District of New York.

9. If you identify any documents called for herein that have since been lost, discarded, destroyed, or otherwise disposed of, you shall so indicate and describe the documents by date; author(s); addressee(s), including persons receiving carbon or blind copies; general subject matter; the date on which the document was lost or destroyed; and, if destroyed, the reason for such destruction and the name of the person or persons requesting the destruction.

10. If only part of the Interrogatory is objected to, respond to the remaining portion and indicate the portion to which you are responding.

11. Unless otherwise specified below, the relevant time period for the following Interrogatories is from January 2014 until the present.

## SPECIAL INTERROGATORIES

1. State your full name and any prior names, including aliases or nicknames, and when and where you used each such name or alias or were known in that way. State your date of birth and place of birth. State all identification numbers on any official documents (such as a passport or driver's license) issued to you, and the date and place of issuance of such documents. If you have more than one passport, provide the requested information as to each passport. State

all countries of which you are, or have ever been, a citizen, and the time period you maintained such citizenship.

    2. State all of your residential addresses, including your current and most recent addresses and all other residential addresses used by you for the last twelve (12) years. State your current telephone and mobile phone number(s), your e-mail address(es), and the usernames and web addresses of any social networking accounts or websites that you maintain or that are maintained on your behalf.

    3. State your current and past employment, including the name of your employer, your title or position, the address where you worked, your responsibilities, and the wages or other compensation you received. If you own or have ever owned a business, in whole or in part, identify the business (including but not limited to the business name, address and telephone number and the identification of all co-owners) and describe the nature of the business and its organizational structure. State all of your business addresses, including your current addresses and all business addresses used by you for the last twelve (12) years. State your current business telephone and mobile phone number(s), your e-mail address(es), and the usernames and web addresses of any social networking accounts or websites maintained by your business(es) or on their behalf.

    4. The Defendant Cryptocurrency comprises assets previously held at the virtual currency addresses listed in Attachment A of the Verified Complaint. You have asserted a claim to all of the assets previously held at each of those 25 addresses. Accordingly, for each of the 25 addresses, provide the following information in detail:

      a. The nature of your interest in the virtual assets previously stored at that address. For example, state whether you claim an interest as an owner of the property, a

custodian, a bailee, a person with a secured, unsecured, marital or equitable interest in the property, or otherwise, and how and in what jurisdiction that interest was established and memorialized. Identify any documents memorializing that interest.

    b. State whether the interest described above is a personal interest in the property held by you directly, or is an interest held by an entity that you own or control, in whole or in part, and what entity.

    c. State the names, addresses, phone numbers, and contact details of any individual or entity who, in addition to yourself, has any interest in the virtual assets, and the nature and extent of that interest.  For an entity, also state its place of incorporation or registration, contact details of registered agents and all beneficial owners of such entity, and your relationship to the entity.  If any entity named in response to this interrogatory is owned or controlled in whole or in part by another entity, provide the same information with respect to the beneficial ownership of that entity.

    d. The time and circumstances of your acquisition of any interest in the virtual assets previously stored at that address.

    e. All virtual currency addresses, or accounts (including accounts at virtual currency exchanges and traditional fiat currency accounts), from which any of the virtual assets at that address originated (the "source accounts") and through which such assets passed (the "intermediate accounts").

    f. Any individual or entity that had ownership or control of the source accounts or the intermediate accounts, including the individuals or entities that possessed or had access to the private keys.  Explain your relationship to each individual or entity identified.

g.  The origin of all funds, including traditional fiat currency and virtual assets, in the source accounts, and the circumstances that led to the deposit of the funds in those source accounts. If the source of any of the funds or assets was cryptocurrency mining, state where the mining operations were located and describe them in detail, including how, when, and by whom they were funded.

h.  State whether, at each stage in the transfer of the funds from the source accounts through the intermediate accounts, the funds were under your control and, if so, the manner in which you exercised such control.

5.  Unless such information has been provided in your response above, identify any and all individuals or entities that, in addition to yourself, have exercised control over any virtual assets that are part of the Defendant Cryptocurrency and which assets specifically, the dates and manner in which such individual or entity exercised such control, the circumstances whereby such individual or entity ceased to exercise such control and your relationship to such individual or entity.

6.  Identify and provide the contact information for any person who has knowledge of any of the facts relevant to each of the foregoing interrogatories. Identify any and all documents containing information relevant to your responses to each of the foregoing interrogatories. Identify all forms of electronic communication, including but not limited to text messages and emails, and their related phone numbers and email addresses, used to exchange information regarding the interests of yourself and/or others in the Defendant Cryptocurrency, or the control and disposition of such property. To the extent it is necessary to gain access to such communications, provide the passwords and encryption keys.

7. Identify each individual or individuals who has had access to the email account 1228btc@gmail.com, and the time at which such individual or individuals had access.

8. State what relationship, if any, you have with Prince Holding Group or its subsidiaries and identify: (a) any ownership interest; (b) any offices you currently or previously held, including but not limited to, president, director, manager, employee, shareholder, or member; and (c) any Prince Holding Group financial accounts for which you were an accountholder, owner, signatory, or beneficiary, or otherwise had access to.

9. Describe in detail the business of Prince Holding Group and identify: (a) the name, date, and place of incorporation of the holding entity/entities, or subsidiaries, if any, which you assert had control at any time over any virtual assets contained in the Defendant Cryptocurrency; (b) each address at which such entity has conducted business; (c) all operating agreements or other governing documents of such entity; (d) all subsidiaries and parent companies of such entity; (e) all persons who have knowledge of the entity's business operations; (f) all persons who have an ownership interest in the entity; (g) all persons who have invested any funds in the entity; and (h) all persons who have served as an employee, officer, manager, director or principal of the entity.

10. Describe any relationship you have, or have ever had, to the LuBian cryptocurrency mining pool ("LuBian") or any of its parent or subsidiary entities and when you had such a relationship, including, but not limited to: (a) any ownership interest or investment by you; (b) any membership, employment, advisory or consulting relationship, or any other relationship; (c) any LuBian-associated financial accounts or accounts at virtual currency exchanges for which you were an accountholder, owner, signatory or beneficiary, or for which you

had any access or control; and (d) any associated virtual currency addresses you had access to or control over, including by holding or having access to the private keys or otherwise.

11. Describe LuBian's operations in detail and identify: (a) its ownership and operating structure, including that of any parent or subsidiary entities; (b) the dates it began and ceased operations; (c) the countries in which it operated and what those operations consisted of; (d) each physical address at which it has conducted operations; (c) all persons involved in its creation and operation; (d) all operating agreements or other governing documents; (e) any relationship it has or has ever had to the governments of the People's Republic of China and Iran; (f) all names used by it; (g) all financial accounts and virtual currency addresses used by it; and (h) the nature of its relationship, if any, to Prince Holding Group.

12. Identify all persons who: (a) have knowledge of LuBian's business and operations; (b) have an ownership interest in LuBian or have invested in it; and (c) have served as a member, employee, officer, manager, director, or principal of LuBian.

13. Provide the following information with respect to each of the following entities: Warp Data Technology Lao Sole Co. Ltd., Future Technology Investment, Amber Hill Ventures Limited, Lateral Bridge Global Limited, Hing Seng Limited, Amiga Entertainment Limited and Ableton Prestige Global Limited:

    a. State what relationship, if any, you have with the entity or its subsidiaries or parent entities and identify: (i) any ownership interest; (ii) any positions you currently or previously held, including but not limited to, president, director, manager, employee, shareholder, or member; (iii) any associated financial accounts or accounts at virtual currency exchanges for which you were an accountholder, owner, signatory or beneficiary, or for which you

had any access or control; and (iv) any associated virtual currency addresses you had access to or control over, including by holding or having access to the private keys or otherwise.

    b. Describe in detail the business of the entity, and identify: (i) its date of incorporation or registration; (ii) each address at which the entity has conducted business; (iii) all persons involved in the creation of the entity; (iv) all operating agreements or other governing documents; (v) all subsidiaries and parent companies of the entity; and (vi) all names used by the entity.

    c. Identify all persons who: (i) have knowledge of the entity's business and operations; (ii) have an ownership interest in the entity; (iii) have invested in the entity; and (iv) have served as an employee, officer, manager, director, or principal of the entity.

  14. State your current whereabouts and the length of time you have resided in that location.

  15. Describe all of your international travel for the 12 months preceding the unsealing of your indictment in *United States v. Chen Zhi*, No. 25-CR-312 (RPK), on October 14, 2025, and for the time since then.

  16. State the number of times you have traveled to the United States in the past twelve (12) years and any applications you have made, whether or not successful, for visas to travel to or reside in the United States.

  17. State whether or not you are presently incarcerated in another country for commission of criminal conduct in that country or any other country and, if so: (a) state the charges and allegations against you and the location of your incarceration, and (b) confirm that you have personally reviewed and answered the Interrogatories and state the manner by which you did so.

18. State whether you are aware that you have been charged with crimes in a federal indictment in the Eastern District of New York and that a warrant has been issued for your arrest, and describe your plans for traveling to the United States to answer the pending criminal charges.

Sign the attached Verification and forward along with your responses (signature of counsel is not acceptable).

Dated:   Brooklyn, New York
         February 6, 2026

                                      JOSEPH NOCELLA, JR.
                                      United States Attorney
                                      Eastern District of New York
                                      *Attorney for Plaintiff*

By:    /s/_____
        Alexander F. Mindlin
        Tanisha R. Payne
        Andrew D. Reich
        Benjamin L. Weintraub
        Rebecca M. Schuman
        Assistant United States Attorneys
        (718) 254-7000

By:    */s/*_____
        Christopher B. Brown
        Deputy Chief
        National Security Cyber Section
        United States Department of Justice

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | **VERIFICATION** |
| - against - | Docket No. 25-CV-5745 (RPK) |
| APPROXIMATELY 127,271 BITCOIN ("BTC") AND ALL PROCEEDS TRACEABLE THERETO, | |
| Defendants *In Rem*. | |

- - - - - - - - - - - - - - - - - - X

I, Chen Zhi, hereby declare under penalty of perjury that the foregoing responses to the United States' Special Interrogatories to Claimant Chen Zhi are true, accurate, and complete to the best of my knowledge and belief.

_____
CHEN ZHI

On the ____ day of _____ in the year 2026 before me, the undersigned, personally appeared Chen Zhi, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above and that by his signature on the within instrument, he executed the same on his own behalf.

_____
NOTARY PUBLIC