# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

APPROXIMATELY 127,271 BITCOIN
("BTC") AND ALL PROCEEDS
TRACEABLE THERETO,

    Defendants *In Rem*.

- - - - - - - - - - - - - - - - - - - X

Civil Action No.
25-CV-5745

(Kovner, J.)

### UNITED STATES' FIRST SET OF SPECIAL INTERROGATORIES TO CLAIMANT PRINCE HOLDING GROUP

The United States of America, pursuant to Supplemental Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G(6)"), hereby submits the following interrogatories (the "Interrogatories") to claimant Prince Holding Group. All responses to the Interrogatories are to be in writing, under oath, and submitted within twenty-one (21) days of service, pursuant to Rule G(6) and Fed. R. Civ. P. 33(b) (signature by counsel is unacceptable). Any documents produced in response to the Interrogatories, as permitted under Fed. R. Civ. P. 33(d), shall also be provided within twenty-one (21) days from the date of service, to the United States Attorney's Office for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, NY 11201, Attn: Assistant United States Attorney Tanisha R. Payne.

### DEFINITIONS

1. "Prince Group," "you" and "your" shall refer to the claimant Prince Holding Group, along with each of its representatives, agents, attorneys, and employees.

2. "Zhi" shall refer to claimant Chen Zhi, along with each of his representatives, agents, attorneys, and employees.

3. The "Defendant Cryptocurrency" shall refer to approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A of the Verified Complaint, and all proceeds traceable thereto, which the government seeks to forfeit in this action.

4. The "Claim" shall refer to the Claim of Prince Holding Group filed on or about December 29, 2025, *see* ECF Dkt. No. 28.

5. The definitions and rules of construction set forth in Fed. R. Civ. P. 34(a) and Local Civil Rule 26.3 are incorporated herein and set forth, in pertinent part, below for Prince Group's convenience:

   a. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise);

   b. "Concerning" means relating to, referring to, describing, evidencing, or constituting;

   c. "Document" includes all documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form;

   d. "Identify" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

   e. "Identify" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information;

   f. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association; and

   g. The following rules of construction apply to all discovery requests:

      i. All/Each. The terms "all" and "each" shall be construed as all and each;

  ii. And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and

  iii. Number.  The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. You shall provide separate responses to each Interrogatory.

2. Prince Group's response to each Interrogatory shall include such knowledge or information as is within Prince Group's actual or constructive possession including, but not limited to, knowledge or information in the actual or constructive possession of Prince Group's representatives, officers, agents, attorneys and employees.

3. Where facts set forth in answers to Interrogatories or portions thereof are supplied upon Prince Group's information and belief, rather than Prince Group's actual personal knowledge, the answer should so state and should specifically describe or identify the sources of such information and belief.

4. If you cannot answer the entire Interrogatory, answer to the fullest extent possible, specify Prince Group's inability to answer the remainder, and state whatever information you have concerning the unanswered portion.

5. You must answer each Interrogatory fully and separately in writing under oath and execute the attached declaration.  The full text of the Interrogatory to which you are responding should be restated before Prince Group's answer.

6. The Interrogatories are continuing in nature, meaning that if, at any time after submitting Prince Group's initial written responses and producing responsive documents, you obtain information, knowledge, or documents causing you to believe that the response to any Interrogatory was not true, correct, or complete when given, you are required to provide, by

way of supplementary responses and productions, the true, correct, and complete answers to the Interrogatory, in writing under oath, within ten (10) days following the date upon which such knowledge or documents were first obtained by you.

7. With respect to each answer to the Interrogatories, identify the person who prepared or supplied the information for such answer, including that person's name and business address.

8. If you contend that the answer to any of the Interrogatories is privileged in whole or in part, or otherwise object to any part of any of the Interrogatories, you are directed to comply with Civil Rule 26.2 of the Local Rules for the United States District Court for the Eastern District of New York.

9. If you identify any documents called for herein that have since been lost, discarded, destroyed, or otherwise disposed of, you shall so indicate and describe the documents by date; author(s); addressee(s), including persons receiving carbon or blind copies; general subject matter; the date on which the document was lost or destroyed; and, if destroyed, the reason for such destruction and the name of the person or persons requesting the destruction.

10. If only part of the Interrogatory is objected to, respond to the remaining portion and indicate the portion to which you are responding.

11. Unless otherwise specified below, the relevant time period for the following Interrogatories is from January 2014 until the present.

## **SPECIAL INTERROGATORIES**

1. State the full legal name of the entity filing the claim (referred to herein as "Prince Group") and identify: (a) the date and place of incorporation or registration; (b) the entity's address, and the address of its registered agent(s); (c) all persons involved in the creation of the entity; (d) all operating agreements or other governing documents; (e) all subsidiaries and parent companies of the entity; (f) the address of any website maintained by or on behalf of the entity; (g) all corporate officers or directors; (h) all persons or entities who have an ownership or other interest in the entity and percentage of ownership; and (i) the business of the entity (describe in detail).

2. State the names, addresses, phone numbers, email addresses and other contact information for all persons or entities holding more than a 10 percent interest in the entity, and the fraction of the interest held by that person or entity.

3. The Defendant Cryptocurrency comprises assets previously held at the virtual currency addresses listed in Attachment A of the Verified Complaint. You have asserted a claim to all of the assets previously held at each of those 25 addresses. Accordingly, for each of the 25 addresses, provide the following information in detail:

    a. The nature of your interest in the virtual assets previously stored at that address. For example, state whether you claim an interest as an owner of the property, a custodian, a bailee, an entity with a secured, unsecured or equitable interest in the property, or otherwise, and how and in what jurisdiction that interest was established and memorialized. Identify any documents memorializing that interest.

   b. State whether the interest described above is an interest in the property held by you directly, or is an interest held by an entity that you own or control, in whole or in part, and what entity.

   c. State the names, addresses, phone numbers, and contact details of any individual or entity who, in addition to yourself, has any interest in the virtual assets, and the nature and extent of that interest. For an entity, also state its place of incorporation or registration, contact details of registered agents and all beneficial owners of such entity, and your relationship to the entity. If any entity named in response to this interrogatory is owned or controlled in whole or in part by another entity, provide the same information with respect to the beneficial ownership of that entity.

   d. The time and circumstances of your acquisition of any interest in the virtual assets previously stored at that address.

   e. All virtual currency addresses, or accounts (including accounts at virtual currency exchanges and traditional fiat currency accounts), from which any of the virtual assets at that address originated (the "source accounts") and through which such assets passed (the "intermediate accounts").

   f. Any individual or entity that had ownership or control of the source accounts or the intermediate accounts, including the individuals or entities that possessed or had access to the private keys. Explain your relationship to each individual or entity identified.

   g. The origin of all funds, including traditional fiat currency and virtual assets, in the source accounts, and the circumstances that led to the deposit of the funds in those source accounts. If the source of any of the funds or assets was cryptocurrency mining, state where

the mining operations were located and describe them in detail, including how, when, and by whom they were funded.

    h. State whether, at each stage in the transfer of the funds from the source accounts through the intermediate accounts, the funds were under your control and, if so, the manner in which you exercised such control.

    4. Unless such information has been provided in your response above, identify any and all individuals or entities that, in addition to yourself, have exercised control over any virtual assets that are part of the Defendant Cryptocurrency and which assets specifically, the dates and manner in which such individual or entity exercised such control, the circumstances whereby such individual or entity ceased to exercise such control and your relationship to such individual or entity.

    5. Identify and provide the contact information for any person who has knowledge of any of the facts relevant to each of the foregoing interrogatories. Identify any and all documents containing information relevant to your responses to each of the foregoing interrogatories. Identify all forms of electronic communication, including but not limited to text messages and emails, and their related phone numbers and email addresses, used to exchange information regarding the interests of yourself and/or others in the Defendant Cryptocurrency, or the control and disposition of such property. To the extent it is necessary to gain access to such communications, provide the passwords and encryption keys.

    6. Identify each individual or individuals who has had access to the email account 1228btc@gmail.com, and the time at which such individual or individuals had access.

    7. Describe any relationship Prince Group (or any individual or entity related to Prince Group) has, or has ever had, to the LuBian cryptocurrency mining pool ("LuBian") or

any of its parent or subsidiary entities, and when it had such a relationship, including, but not limited to: (a) any ownership interest or investment by the individual or entity; (b) any membership, employment, advisory or consulting relationship, or any other relationship by the individual or entity; (c) any LuBian-associated financial accounts or accounts at virtual currency exchanges for which the individual or entity was an accountholder, owner, signatory or beneficiary, or for which the individual or entity had any access or control; and (d) any associated virtual currency addresses the individual or entity had access to or control over, including by holding or having access to the private keys or otherwise.

8. Describe LuBian's operations in detail and identify: (a) its ownership and operating structure, including that of any parent or subsidiary entities; (b) the dates it began and ceased operations; (c) the countries in which it operated and what those operations consisted of; (d) each physical address at which it has conducted operations; (e) all persons involved in its creation and operation; (f) all operating agreements or other governing documents; (g) any relationship it has or has ever had to the governments of the People's Republic of China and Iran; (h) all names used by it; and (i) all financial accounts and virtual currency addresses used by it.

9. Identify all persons who: (a) have knowledge of LuBian's business and operations; (b) have an ownership interest in LuBian or have invested in it; and (c) have served as a member, employee, officer, manager, director, or principal of LuBian.

10. Provide the following information with respect to each of the following entities: Warp Data Technology Lao Sole Co. Ltd., Future Technology Investment, Amber Hill Ventures Limited, Lateral Bridge Global Limited, Hing Seng Limited, Amiga Entertainment Limited and Ableton Prestige Global Limited:

      a.      State what relationship, if any, Prince Group (or any individual or entity related to Prince Group) has or has had with the entity or its subsidiaries or parent entities and identify: (i) any ownership interest in the entity; (ii) any positions currently or previously held at the entity by Prince Group or associated individuals, including but not limited to, president, director, manager, employee, shareholder, or member; (iii) any associated financial accounts or accounts at virtual currency exchanges for which Prince Group or associated individuals were an accountholder, owner, signatory or beneficiary, or for which they had any access or control; and (iv) any associated virtual currency addresses Prince Group or associated individuals had access to or control over, including by holding or having access to the private keys or otherwise.

      b.      Describe in detail the business of the entity, and identify: (i) its date of incorporation or registration; (ii) each address at which the entity has conducted business; (iii) all persons involved in the creation of the entity; (iv) all operating agreements or other governing documents; (v) all subsidiaries and parent companies of the entity; and (vi) all names used by the entity.

      c.      Identify all persons who: (i) have knowledge of the entity's business and operations; (ii) have an ownership interest in the entity; (iii) have invested in the entity; and (iv) have served as an employee, officer, manager, director, or principal of the entity.

11.      Describe in detail the current and past relationship(s) between Prince Group and Chen Zhi. Among other things, provide the following information:

      a.      The extent to which Chen Zhi has an ownership interest in Prince Group, or in any other entity that, in turn, has an ownership interest in it.

      b.      Whether Chen Zhi personally, or acting through one or more third parties, exercises or has ever exercised any control over Prince Group or its assets.

    c. Whether Chen Zhi, any family members of Chen Zhi, or any persons associated with Chen Zhi in any business is a director or shareholder of Prince Group.

    d. Whether Chen Zhi is presently directing the affairs of Prince Group and, if not, who is.

  12. Identify any documents, emails, text messages, or other communications relating in any way to the relationship between Chen Zhi and Prince Group.

  13. Your lawyers also represent Chen Zhi and have asserted a claim on his behalf in this action. State the relationship between your interest in the Defendant Cryptocurrency and Chen Zhi's interest in the Defendant Cryptocurrency, and explain the difference between his interest and yours.

  14. For the purpose of identifying potential witnesses whose depositions may be taken, provide the names, addresses and contract information of all individuals employed by or associated with Prince Group who possess information relating to the relationship between that entity and Chen Zhi. If such persons are represented by counsel, also provide the contact information for such counsel.

Sign the attached Verification and forward along with your responses (signature of counsel is not acceptable).

Dated:    Brooklyn, New York
          February 6, 2026

                                      JOSEPH NOCELLA, JR.
                                      United States Attorney
                                      Eastern District of New York
                                      *Attorney for Plaintiff*

By:    /s/_____
         Alexander F. Mindlin
         Tanisha R. Payne
         Andrew D. Reich
         Benjamin L. Weintraub
         Rebecca M. Schuman
         Assistant United States Attorneys
         (718) 254-7000


By:    */s/*_____
         Christopher B. Brown
         Deputy Chief
         National Security Cyber Section
         United States Department of Justice

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

APPROXIMATELY 127,271 BITCOIN
("BTC") AND ALL PROCEEDS
TRACEABLE THERETO,

Defendants *In Rem*.

- - - - - - - - - - - - - - - - - - X

**VERIFICATION**

Docket No. 25-CV-5745 (RPK)

I, _____, hereby declare under penalty of perjury that the foregoing responses to the United States' Special Interrogatories to Claimant Prince Holding Group are true, accurate, and complete to the best of my knowledge and belief.

PRINCE HOLDING GROUP

By: _____

(name of representative)

On the ____ day of _____ in the year 2026 before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above and that by her signature on the within instrument, she executed the same on her own behalf.

_____
NOTARY PUBLIC