*** Filed ***
03:09 PM, 13 Mar, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,** Plaintiff, v. **$805,805.24 IN U.S. CURRENCY,** et al., Defendants.

Case No: 1:25-cv-05745-RPK

**CLAIMANT CONNIE WILSON'S EMERGENCY OPPOSITION TO GOVERNMENT'S REQUEST FOR PRE-MOTION CONFERENCE (DOC #246) AND DEMAND FOR FULL RELEASE OF ASSETS**

Claimant Connie Wilson, appearing *pro se*, respectfully submits this Opposition to the Government's letter (Doc #246). Claimant demands that the Court **deny** the Government's request for a conference as it relates to her assets and instead grant the **immediate and full release** of the $805,805.24 currently being withheld.

**1. The Government Has Defaulted on Statutory Deadlines** On February 24, 2026, Claimant filed a Hardship Petition (Doc #251) pursuant to **18 U.S.C. § 983(f)**. Under **§ 983(f)(3)**, the Government had **15 days** to release the property or respond. That deadline has expired. The Government (AUSA Alexander Mindlin) has ignored the statutory mandate and instead filed Doc #246 in an attempt to procedurally block the Claimant's due process.

**2. No Compromise: Full Release is Required to Avert Ruin** Claimant is an **Innocent Owner**. The Government has failed to establish any nexus between these retirement funds and a crime. The continued possession of these funds is causing **substantial hardship** as defined by § 983(f)(1)(C):

- **Tax Crisis:** Claimant faces an immediate $200,000 tax liability.
- **Irreparable Harm:** The Government is effectively using civil forfeiture to force the Claimant into insolvency by preventing her from paying legal tax obligations with her own legitimate funds.

**3. Hardship Outweighs Risk** Claimant has significant ties to the community and poses zero risk of "concealing or transferring" the funds. The funds are needed **in full** to satisfy the tax burden and provide for the Claimant's basic life necessities which have been jeopardized by this seizure.

**CONCLUSION** The Government's request for a pre-motion conference (Doc #246) is a delay tactic intended to circumvent the 30-day decision requirement of **18 U.S.C. § 983(f)(5)**.

Claimant Connie Wilson respectfully requests that the Court:

1. **GRANT** the Hardship Petition (Doc #251) immediately;

2. **ORDER** the **FULL RELEASE** of the $805,805.24 to the Claimant; and

3. **DENY** the Government's request for a conference to strike this claim.

---

**Connie Wilson, Claimant Pro Se**

8736 E 375 S Lafayette, IN 47905

765-426-1255

Dated: March 13, 2026 Respectfully submitted,

---

/S/   **Connie Wilson, Claimant Pro Se**


**CERTIFICATE OF SERVICE**

I hereby certify that on **March 16, 2026**, I served a true and correct copy of the foregoing **Emergency Response to Government's Request for Pre-Motion Conference (Doc #246)** upon the following counsel of record via **Email:**

**Alexander A. Mindlin Tanisha Payne** Assistant United States Attorneys United States Attorney's Office, EDNY 271 Cadman Plaza East Brooklyn, NY 11201 Email: Alexander.Mindlin@usdoj.gov **Email:** Tanisha.Payne@usdoj.gov