

Jonathan P. Vuotto, Esq.<br>
jpv@mcandrewvuotto.com<br>
Direct: (973) 532-6242

March 16, 2026

*Via ECF*

The Honorable Rachel P. Kovner
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re:** **United States v. Approximately 127,271 Bitcoin, Case No. 1:25-cv-05745 (RPK)**
           **Response to Prince Claimants and Warp Data Pre-Motion Conference Letters**

Dear Judge Kovner:

      This firm represents Kristen Breitweiser, individually and as Personal Representative of the Estate of Ronald M. Breitweiser, Caroline Breitweiser, Patricia Ryan, individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan, Kristen Ryan and Jacqueline Eaton-Garland, individually and as Personal Representative of the Estate of Robert D. Eaton (collectively, the "Breitweiser Claimants"). We submit this letter in response to the respective letters filed by claimants Chen Zhi and Prince Holding Group (collectively, the "Prince Claimants") (ECF No. 328) and claimant Warp Data Technology Lao Sole Co. Ltd. ("Warp Data") (ECF No. 334) requesting a pre-motion conference to discuss a proposed motion for a protective order governing discovery in this action.

      The Breitweiser Claimants acknowledge that the Court has not yet ruled on their motion for leave to file a verified claim. Nevertheless, because the Breitweiser Claimants have asserted a colorable interest in the Defendant Cryptocurrency based on their Judgments against Iran and their rights under the Terrorism Risk Insurance Act ("TRIA"), and presuming that the Court will ultimately grant such leave to the Breitweiser Claimants, we respectfully submit that it would be appropriate for the Breitweiser Claimants to participate in discussions regarding the scope of any protective order and to receive any responses to the Rule G(6) special interrogatories when they are served, subject to any such protective order.

      Supplemental Rule G(6) authorizes the government to serve special interrogatories limited to the claimant's identity and relationship to the defendant property, with answers or objections due within 21 days. The 2006 Advisory Committee Notes to Rule G(6) provide that "Special interrogatories served under Rule G(6) do not count against the presumptive 25-interrogatory limit established by Rule 33(a)," but specify that "Rule 33 procedure otherwise applies to these interrogatories." Thus, although Rule G(6) authorizes a specialized form of interrogatory directed to standing, the ordinary procedural framework governing interrogatories – including the procedures set forth in Rule 33 – remains applicable.

13 Mt. Kemble Avenue, Morristown, New Jersey 07960 (973) 538-6308
1 Blue Hill Plaza, Suite 1509, Pearl River, New York 10965 (212) 382-2208
www.mcandrewvuotto.com

Federal Rule of Civil Procedure 5 provides that, unless the rules provide otherwise, "a discovery paper required to be served on a party" must be "served on every party," "unless the court orders otherwise." Fed. R. Civ. P. 5(a)(1)(C). Interrogatory answers and objections constitute discovery papers required to be served because Rule 33 provides that the responding party "must serve its answers and any objections" within the prescribed time. Fed. R. Civ. P. 33(b)(2). Under this framework, absent a case-specific order, interrogatory requests and responses are ordinarily served on all parties as part of the ordinary discovery process unless the Court directs otherwise through a protective order.

Because the purpose of the special interrogatories is to test standing, the Breitweiser Claimants, who are competing for the same res, should be able to evaluate whether competing claimants actually have standing. This case involves numerous claimants to the Defendant Cryptocurrency asserting competing interests and whose recovery will likely depend on standing or priority. Because the Breitweiser Claimants hold Judgments against Iran and assert rights under TRIA to execute against blocked assets, their recovery depends on whether other claimants have standing and whether the Defendant Cryptocurrency is property of Iran or its agents or instrumentalities. Restricting access to interrogatory responses would therefore limit claimants' ability to evaluate competing claims and could complicate the orderly adjudication of entitlement to the res.

Although their claim is pending leave, the Breitweiser Claimants have asserted a facially colorable interest in the Defendant Cryptocurrency based on their judgments against Iran and their rights under TRIA. Courts in civil forfeiture actions recognize that a claimant need only demonstrate a facially colorable interest in the defendant property to establish standing at the pleading stage. *See United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 78 (2d Cir. 2002). Accordingly, the Breitweiser Claimants are potential claimants to the res and they should be permitted to monitor and evaluate discovery affecting their interests.

For these reasons, the Breitweiser Claimants respectfully submit that they should be permitted leave to engage with the government, the Prince Claimants and Warp Data (and any other parties producing interrogatory responses) in connection with the proposed protective order and to receive other parties' interrogatory responses, in compliance with any protective order that the Court ultimately issues.

We thank the Court for its consideration of our position.

        Respectfully submitted,

        */s/Jonathan P. Vuotto*
        Jonathan P. Vuotto

cc:    Counsel/Parties of Record