

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NJM:AFM                                        *271 Cadman Plaza East*
F. #2024R00105                                 *Brooklyn, New York 11201*

March 17, 2026

By ECF

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    United States v. Approximately 127,271 Bitcoin
                       Civil Docket No. 25-5745 (RPK)

Dear Judge Kovner:

        The government writes in response to claimant Chen Zhi's March 9, 2026 letter
motion, ECF No. 311, urging the Court to reconsider its prior order and set a briefing schedule
on Chen's motion for a more definite statement pursuant to Federal Rule of Civil Procedure
12(e).  The Court's original ruling was correct: motions under Rule 12(e), to the extent they are
even available to claimants in civil forfeiture cases, are decided alongside Federal Rule of Civil
Procedure 12(b) motions—that is to say, *after* the claimant has established standing by
responding to interrogatories and surviving the government's motion to strike his claim.  The
Court should stand by its original order and hold in abeyance the government's response to
Chen's motion unless and until Chen demonstrates standing.

        Notably, Chen's standing is in serious doubt, as his counsel has revealed that they
have not had any recent contact with him, he is no longer communicating with them or directing
this litigation, and their responses to the government's interrogatories will not be sworn and
signed by him as required.  Chen's standing—already shaky because of deficiencies in his
claim—will likely not survive a motion to strike.  There is thus every reason to toll the
government's response to his motion while Chen's standing is tested.

        A.      Procedural Background

        On January 19, 2026, Chen[1] filed a pre-motion letter previewing a motion to
dismiss pursuant to Rule 12(b) and a motion "under Rule 12(e) for a more definite statement."
*See* ECF No. 75 at 1; *id.* at 3 (setting forth anticipated argument).  He then asked the Court to
"hold a pre-motion conference, or, in the alternative, set a briefing schedule" on these motions.

---

        [1]      By convention, the government herein refers to papers filed by Chen's counsel as
originating with "Chen," although it appears that Chen is no longer at the wheel of this litigation.

*Id.* at 3.  The government opposed, citing cases holding that a claimant must establish standing before contesting forfeiture.  ECF No. 122.

On January 28, 2026, the Court denied Chen's request and declined to set a briefing schedule on his motions, instead holding in abeyance the government's response:

> In light of the parties' [] letters, the Court determines that a pre-motion conference is unnecessary. Claimant Chen Zhi may file his full motion to dismiss the action under Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(8)(b), and for a more definite statement under Federal Rule of Civil Procedure 12(e), by 2/6/2026.
>
> The government's deadline to respond is held in abeyance. Pursuant to Supplemental Rule G(6), the government may serve special interrogatories limited to claimant Zhi's identity and relationship to the defendant property by 2/9/2026. The government is directed to file a status report by 3/2/2026 disclosing its projected deadline to respond to claimant Zhi's motion given the date he answered the interrogatories.

Dkt. Order, Jan. 28, 2026.

On March 10, 2026,[2] Chen filed his anticipated Rule 12 motions.  ECF Nos. 312, 313.  He also filed a letter asking the Court, in effect, to reconsider its prior ruling as to the Rule 12(e) motion and require the government to respond to it early, before testing Chen's standing.  ECF No. 311 (the "Letter Motion").  The Letter Motion, in turn, relies on arguments advanced in Chen's memorandum of law supporting his motion for a more definite statement.  ECF No. 317 ("Mem.") at 20-25.

On March 10, 2026, the Court directed the government to respond to the Letter Motion.

B.        Applicable Law

*1.  The Standing Requirement in Civil Forfeiture Actions*

The rules governing civil forfeiture reflect the principle that "[a] claimant who lacks standing is not entitled to challenge the forfeiture on the merits."  Rule G Adv. Comm. Notes (2006).  Thus, Rule G identifies a variety of motions going to the merits of the litigation that may be brought only *after* the claimant has established statutory and constitutional standing and earned the right to engage in bilateral discovery with the government.

---

[2]        Chen's counsel obtained an extension of his deadline to file dispositive motions on February 4, 2026, citing "unexpected and time-sensitive demands arising out of other litigations."  ECF No. 168.

Most prominently, a claimant may not move to dismiss the government's complaint under Rule 12(b) and Rule G(8)(b) until she has established statutory and constitutional standing. R. G(8)(b)(i). Because special interrogatories are served to test the claimant's ability to establish standing, the government is not required to respond to a motion to dismiss until the claimant has responded to the special interrogatories, and if after reviewing those responses it chooses to challenge the claimant's standing by filing a motion to strike, its motion must be decided before any motion to dismiss. R. G(8)(c)(ii)(A).

Similarly, a motion to suppress the use of property as evidence may be brought only by a party who has both Fourth Amendment standing to contest the lawfulness of the seizure and statutory and constitutional standing to contest the forfeiture action itself. R. G(8)(a); *United States v. $167,070.00 in U.S. Currency*, 2014 WL 3697252, at *3-4 (D. Nev. July 23, 2014) (when claimant files a motion to suppress, the court must undertake two separate inquiries: whether he has Article III standing to contest the forfeiture action, and if so, whether he has Fourth Amendment standing to contest the seizure). *See United States v. $39,000 in U.S Currency,* 951 F.3d 740 (6th Cir. 2020) (affirming district court's refusal to consider motion to suppress filed by claimant who invoked the Fifth Amendment with respect to all discovery requests and so failed to establish standing to contest the forfeiture action).

Finally, a claimant may move to stay the proceedings only if the court determines, among other findings, that he "has standing to assert a claim in the civil forfeiture proceedings." 18 U.S.C. § 981(g)(2)(B). *See United States v. $410,000.00 in U.S. Currency,* 2007 WL 4557647, at *5 (D.N.J. 2007) (under 18 U.S.C. § 981(g)(2), claimant cannot request a stay without first demonstrating both statutory and Article III standing to contest the forfeiture); *United States v. $1,231,349.68 in Funds,* 227 F. Supp. 2d 130, 133 (D.D.C. 2002) (because only a claimant may seek a stay under § 981(g)(2), person whose claim is stricken under the fugitive disentitlement doctrine is not eligible to seek a stay).

Courts applying Rule G's standing requirement have emphasized the bar that it imposes on substantive motion practice by litigants who have not shown standing. Thus, in *United States v. Vasquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014) (per curiam), the Second Circuit held that "[s]tanding is a prerequisite to challenging the forfeiture," such that "[w]ithout standing, the claimant lacks the right to bring *any motion, regardless of the basis*." 760 F.3d at 197 (emphasis added). The court added: "Without standing, [a claimant] is simply a stranger to the litigation." *Id.*; *see also, e.g.*, *United States v. $417,143.48, Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents*, 682 F. App'x 17, 19 (2d Cir. 2017) ("A claimant who lacks standing is not entitled to challenge the forfeiture on the merits." (quoting advisory committee notes to Supplemental Rules)); *United States v. Twenty Miljam-350 IED Jammers*, 669 F.3d 78, 91 (2d Cir. 2011) ("In order to interpose a challenge to a civil *in rem* forfeiture action brought by the government, a claimant must have standing within the meaning of Article III of the Constitution."); *United States v. Cambio Exacto*, 166 F.3d 522, 526 (2d Cir. 1999) (standing is a threshold question, required "[i]n order to contest" forfeiture complaint).

Thus, courts have foreclosed substantive motion practice by litigants without standing, even outside the broadly written proscriptions of Rule G. *See United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (applying *Vasquez-Alvarez* to foreclose claimant who failed to demonstrate standing from raising "innocent owner" defense established in 18 U.S.C. § 983(d));

3

*cf. United States v. $306,900 in United States Currency*, No. 24-CV-2688, 2025 WL 1583540 (S.D. Ill. June 2, 2025) (tolling government's response to claimant's "motion for judgment and to stay proceedings" until after claimant responds to special interrogatories); *United States. v. $104,250.00 in U.S. Currency*, 947 F. Supp. 2d 560, 565 (D. Md. 2013) ("[T]he claimant must respond to the special interrogatories, and [the] court must determine whether the claimant has standing to contest the forfeiture, before [the] court addresses any other issue that the claimant may raise").[3]

### 2. Rule 12(e) in the Civil Forfeiture Context

In ordinary civil practice, motions pursuant to Rule 12(e) are "disfavored" and face an exceptionally high bar. *Greater N.Y. Auto. Dealers Ass'n v. Env't Sys. Testing*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002); *see also, e.g.*, *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 233 F.R.D. 133, 135 (S.D.N.Y. 2005) (same); *accord Mathis v. Quicken Loans*, No. 07-CV-10981, 2007 WL 3227598 (E.D. Mich., September 7, 2007) ("Rule 12(e) motions are disfavored by most courts and are rarely granted . . ..").  Wright and Miller observe that "the availability of a motion for a more definite statement is quite restricted," adding that "the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small; Rule 12(e) is designed to remedy unintelligibility, not to address a general lack of details." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed.); *see also, e.g.*, *Price v. City of Troy*, No. 12-CV-815, 2014 WL 2926479, at *3 (N.D.N.Y. June 26, 2014) ("[Rule 12(e)] is designed to strike at unintelligibility rather than want of detail and . . . allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement.").  The line between appropriate arguments for a Rule 12(b) motion and appropriate arguments for a Rule 12(e) motion is notably blurry.  Litigants routinely move in the alternative, and courts frequently convert one to the other. *See Pendarvis v. Wilson*, No. 22-CV-3142, 2023 WL 11988175, at *7 (D. S.C. Aug. 11, 2023) (collecting cases regarding conversion of Rule 12 motions).

Courts have particularly cautioned against allowing movants to strategically use Rule 12(e) as a method for obtaining discovery in advance of a Rule 12(b)(6) motion. *See, e.g.*, *Brown-Carter v. Jovia Fin. Fed. Credit Union*, No. 24-CV-03688, 2024 WL 3659595, at *1 (E.D.N.Y. June 12, 2024) ("Rule 12(e) is meant to rectify incomprehensible or confused pleadings, not to add detail or substitute for the discovery process." (internal quotation marks and citation omitted)); *Akridge v. Whole Foods Mkt. Grp., Inc.*, No. 20-CV-10900, 2022 WL 955945, at *4 (S.D.N.Y. Mar. 30, 2022) ("[Rule 12(e)] motions are generally disfavored . . . and are not intended to substitute for the normal discovery process."); *cf.* Wright and Miller § 1376

---

[3]    Chen argues that the Second Circuit opened the door to Rule 12(e) motions by plaintiffs without standing in *United States v. Starling*, 76 F.4th 92, 101 n.4 (2d Cir. 2023). *See* Mem. 22.  But *Starling* says nothing of the sort.  It stands for the unremarkable (and tautological) principle that a would-be claimant's failure to strictly comply with the timing requirements of Rule G should not always be held against the claimant with respect to a motion for extension of time to file a claim.  *Starling* distinguished such preliminary threshold matters from motions which "follow from establishing the initial claim," where a lack of statutory standing would present an "obstacle."

(underscoring that Rule 12(e) motions "are not to be used as a means of securing discovery," and courts should "avoid[] any possibility that the permissive allowance of Rule 12(e) motions seeking detailed factual allegations will shift the burden of fact elicitation from the discovery phase back to the pleadings").  Indeed:

> [T]here should be a bias against the use of the Rule 12(e) motion as a precursor to a Rule 12(b)(6) motion or as a method for seeking out a threshold defense.  This practice is not authorized by the language of the rule and experience has shown that a willingness to grant Rule 12(e) motions often leads to delay, harassment, and proliferation of the pleading stage without any commensurate gain in issue definition or savings in time.

Wright & Miller § 1376.

If Rule 12(e) motions are disfavored in ordinary practice, they are all-but-unavailable in contexts where the complaint faces a heightened statutory pleading requirement, such as securities cases subject to the Private Securities Litigation Reform Act ("PSLRA").  *See* 15 U.S.C. § 78u-4(b)(1) (complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and . . . all facts on which [plaintiff's] belief is formed").  Instead, the PSLRA's "special heightened pleading requirements . . . generally are policed by a motion to dismiss under Rule 12(b)(6) rather than a motion under Rule 12(e)" because "noncompliance with the stringent pleading demands of the statute should be treated as equivalent to a failure to state a claim for relief under the statute."  Wright & Miller § 1376.

The same is true in the context of civil forfeiture, where the government must meet a heightened statutory pleading requirement stricter than what Federal Rule of Civil Procedure 8 requires.  *See* R. G(2)(f) (complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial"); *cf. United States v. 73DT Bus. Enters.*, No. 24-CV-370, 2025 WL 3456045, at *3 (2d Cir. Dec. 2, 2025) (summary order) (describing this as a "heightened pleading requirement"); *United States v. All Assets Held in Raymond James & Assocs. Acct. No. XXXXXXXX in Name of Deltora Enters. Grp. Co. Ltd.*, No. 19-CV-377, 2025 WL 3683271, at *9 (E.D.N.Y. Dec. 18, 2025) (same).

Because a heightened particularity requirement is baked into the civil forfeiture rules, claimants near-universally use a motion to dismiss pursuant to Rule G(8)(b) as their vehicle for challenging the adequacy of the pleadings.  Indeed, courts disagree as to whether Rule 12(e) motions, which are mentioned nowhere in Rule G, are even available to claimants in the civil forfeiture context.  *See, e.g.*, *United States v. Real Prop. Located at 19 Crane Park, Hattiesburg, Lamar Cnty., Miss.*, No. 18-CV-165, 2022 WL 2898914, at *3 (S.D. Miss. July 21, 2022) ("While Rule G permits the filing of a motion to dismiss under Rule 12(b) and G(8)(b)(i), it does not permit the filing of a motion for a more definite statement under Rule 12(e)." (citations omitted)); *cf. United States v. $39,000 In Canadian Currency*, 801 F.2d 1210, 1216 (10th Cir. 1986) (Rule 12(e) motions are available in ordinary litigation to ameliorate "the imprecision of notice pleading," whereas in civil forfeiture context, heightened pleading standard means that they should be unnecessary).

In the rare cases where claimants *do* bring Rule 12(e) motions, they are never decided before the government has had an opportunity to move to strike. Chen cites no case where the cart is put before the horse as he urges, and the government is aware of none. Typically, Rule 12(e) motions are brought in tandem with Rule 12(b) motions and ruled on together. *See, e.g.*, *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, No. 17-CV-2989, 2018 WL 4096340, at *5 (N.D. Tex. Aug. 28, 2018) (granting motion to dismiss and declining to reach motion for more definite statement); *United States v. $134,972.34 Seized from FNB Bank, Acct. No.-£5351*, 94 F. Supp. 3d 1224, 1226 (N.D. Ala. 2015) (claimant moved to dismiss and, alternately, for more definite statement, which court denied); *United States v. $15,860 in U.S. Currency*, 962 F. Supp. 2d 835, 837 (D. Md. 2013) (same); *United States v. $109,086.00*, No. 04-CV-3727, 2005 WL 1923613, at *1 (S.D. Tex. Aug. 10, 2005) (same); *United States v. All Funds in Credit Suisee Priv. Banking Acct. No. 0251-844548-6 in Name of Alexandria Inv.*, No. 05-CV-3910, 2005 WL 5250030, at *3 (C.D. Cal. Sept. 20, 2005) (same).

C.    The Court Should Rest on its Prior Scheduling Order

Chen urges the Court to read into Rule G a novel exception that would allow him to litigate his Rule 12(e) motion against the government before establishing standing. There is no such exception, as Chen evidently knows, as his January 19, 2026 request for a briefing schedule made no attempt to distinguish between Rule 12(b) and Rule 12(e) motions from a procedural standpoint. Granting Chen's request would be inefficient in the extreme and have no basis in law. The forfeiture rules properly recognize that a party without standing has no demonstrated stake in the action and cannot bring motions that go to the merits of the case. Thus, the Court's earlier ruling, tolling the government's response to Chen's Rule 12(e) motion, was correct and should not be disturbed.

Chen urges the Court to take his standing for granted, claiming that he "obviously" has standing in this action and so should be allowed to jump the line without his standing being tested. Mem. 23. In fact, Chen's standing is in serious doubt. Chen's lawyers are not in communication with him and have indicated that they are unable to provide interrogatories signed or sworn by their client (or even answered by him, for that matter). Further, Chen's verified claim is fatally vague. For example, he asserts that he held the Defendant Cryptocurrency as a bailee but fails to identify the bailor, as Rule G explicitly requires. He also claims to be the beneficiary of a constructive trust but sets forth none of the grounds on which a constructive trust could be imposed under state law.

There is thus every reason to subject Chen's standing to testing before he can contest the forfeiture, as Rule G and Second Circuit law require.

6

*1. Chen Must Establish Standing Before Bringing His Rule 12(e) Motion*

Chen argues that Rule G contains a silent, never-before-applied exception that allows him to bring his Rule 12(e) motion without establishing standing. It does not, for multiple overlapping reasons.

First, as outlined above, Rule 12(e) motions, disfavored in ordinary practice, are vanishingly rare when brought by claimants in the civil forfeiture context, because the interest that they vindicate (definite, particularized pleading practice by the government) is articulated in the pleading standard itself. *See 19 Crane Park,* 2022 WL 2898914, at *3 (holding that Rule G "does not permit" Rule 12(e) motions). The necessary relief is instead available through a motion to dismiss for failure to state a claim pursuant to Rule 12(b). *Cf.* Wright & Miller § 1376 (PSLRA's heightened pleading standards are "policed by a motion to dismiss under Rule 12(b)(6) rather than a motion under Rule 12(e)."). In turn, Rule G(8)(b)(1) specifically holds back motion practice under Rule 12(b) until after the claimant has established standing.

Courts have applied Rule G(8)(b)(1)'s bar to a wide variety of motions that a claimant might seek to bring without standing, recognizing that "[w]ithout standing, the claimant lacks the right to bring any motion, regardless of the basis" and "is simply a stranger to the litigation." *Vasquez-Alvarez*, 760 F.3d at 197. A claimant without standing may not "interpose a challenge," *Jammers*, 669 F.3d at 91, "contest" the action, *Cambio Exacto*, 166 F.3d at 526, or "challenge the forfeiture on the merits," *$417,143.48*, 682 F. App'x at 19 (quoting Rule G advisory committee notes). Along similar lines, courts have required a claimant to demonstrate standing before raising an innocent-owner defense, *Ross*, 161 F.4th at 109, moving to suppress, or moving to stay.

For Chen to be right—*i.e.*, for the government to be obligated to respond to his Rule 12(e) motion before he demonstrates standing—Rule G would have to contain a highly aberrant exception. That exception would privilege claimants' Rule 12(e) motions—a category of motion so vanishingly rare that courts are uncertain they exist in cases like this one—elevating them above Rule 12(b) motions and conferring priority treatment, despite the fact that Rule 12(e) motions, if claimants may bring them in the civil forfeiture context, are so similar to Rule 12(b) motions that courts *sua sponte* have the authority to restyle motions from one category to the other. Chen's claimed exception would do all this *sub silentio*, with no discussion in Rule G or in any case, ever. That would be convenient for Chen, but it is not the law.

A review of Chen's Rule 12(e) motion confirms that it is best tracked alongside his Rule 12(b) motion and, accordingly, that the Court need not rush to address it. As a preliminary matter, Rule 12(e) relief cannot possibly be necessary here because Chen's counsel already has answered the complaint on behalf of Chen's company. *See* ECF No. 76 (answer filed by Boies Schiller Flexner LLP on behalf of Prince Group on Jan. 19, 2026). Thus, Chen cannot seriously claim that he "cannot reasonably prepare a response" to the pleading, the condition precedent for a Rule 12(e) motion. The complaint is clearly not "too vague to allow Mr. Chen to frame a responsive pleading," Mem. 13, because Chen's lawyers have already done so. *See United States v. All Funds on Deposit at Old Mut. of Bermuda Ltd.*, No. 13-CV-294, 2014 WL 12618068, at *1 (S.D. Tex. June 24, 2014) (denying motion for more definite statement because "it is clear that the complaint was not so vague or ambiguous that [the

7

claimants could not frame a response" since they "filed an answer in which they responded to each paragraph of the complaint and asserted defenses"); *cf. Boswell v. Panera Bread Co.*, 91 F. Supp. 3d 1141, 1144 (E.D. Mo. 2015) ("The fact that Defendants filed an answer undermines their argument that Plaintiffs' pleadings are so 'unintelligible' that Defendants cannot prepare a reasonable response.").

Looking to the substance of the motion, it contains a variety of claims that go to the sufficiency of the pleadings, although they are packaged as requests for information that Chen claims to need in order to formulate his defenses. Chen asserts, for example, that he requires discovery in order to formulate due-process and statute-of-limitations arguments. Mem. 13-18. But without improper early discovery, he will ably advance these arguments in a motion to dismiss – arguing that lacunae in the complaint are fatal under Rule G's heightened pleading standard. Chen also claims to need evidence about how the Defendant Cryptocurrency was obtained in order to "fashion a motion to suppress." Mem. 19-20. But Chen does not even really attempt to argue that the complaint is unintelligible in this respect; he simply wants more detail, which is properly remedied through discovery, *not* a Rule 12(e) motion. *See Brown-Carter*, 2024 WL 3659595, at *1 ("Rule 12(e) is meant to rectify incomprehensible or confused pleadings, not to add detail or substitute for the discovery process." (internal quotation marks and citation omitted)); *Price*, 2014 WL 2926479, at *3 ("The rule is designed to strike at unintelligibility rather than want of detail and . . . allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement."). In any event, Chen's argument that he needs early discovery so that he can move to suppress before establishing standing is particularly inapposite because, as mentioned earlier, Chen must first respond to special interrogatories and establish statutory and constitutional standing—as well as Fourth Amendment "standing to contest the lawfulness of the seizure," Rule G(8)(a)—before he can make a motion to suppress.

### 2. *Chen Likely Lacks Standing*

The question of Chen's standing is far from academic. Chen labors to frame his standing as a foregone conclusion, urging the Court to let him jump the line because there is "no serious question" that he "obviously has standing." Mem. 22-23. In fact, Chen's standing is in serious doubt.

First and foremost, in a telephone call with the government on February 6, 2026, Chen's counsel asserted that they are not able to communicate with Chen and that their interrogatory responses (which they have not yet produced) will not be signed by Chen at all, let alone signed under oath. That is fatal to his standing. *See* Fed. R. Civ. P. 33(b)(3), b(5) (responses to interrogatories must be signed under oath by the person who answers them); *cf. United States v. $14,610.00 United States Currency*, No. 14-CV-1637, 2016 WL 3181995, at *9 (S.D. Ind. June 8, 2016) (striking claim because interrogatory responses not signed under oath); *United States v. Approximately $67,900.00 in U.S. Currency*, No. 13-CV-1173, 2013 WL 6440211, at *2 (E.D. Cal. Dec. 9, 2013) (same); *United States v. $39,557.00, More or Less, in U.S. Currency*, 683 F. Supp. 2d 335, 340-41 (D.N.J. 2010) (concluding that a party's lack of compliance with Rule 33(b)(3) by, *inter alia*, failing to sign interrogatory answers was sufficient grounds to strike its claim).

Moreover, Chen's claim raises serious questions about the nature of his interest in the case. Although Chen's lawyers now trumpet that the Defendant Cryptocurrency is "obviously" Chen's, his signed, sworn claim in this action is far more circumspect. There, Chen asserted, without elaboration, that he "has an ownership and possessory interest in the Defendant [Cryptocurrency], including as the beneficiary of a constructive trust and as bailee." ECF No. 27, ¶ 2. That is a violation of Rule G(5)(a)(iii), which requires that "[a] claim filed by a person asserting an interest as a bailee must identify the bailor, and if filed on the bailor's behalf must state the authority to do so." Chen did neither: his claim was simply silent as to the bailor's identity or delegation of authority. To the extent Chen's counsel attempt to address this question in their interrogatory responses (when they eventually produce them), that will not suffice to rectify the claim because "[t]he Supplemental Rules are clear: the verified claim, not some other filing, must describe the claimant's interest." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.,* No. 04-CV-798, 2020 WL 7640213, at \*11 (D.D.C. Dec. 23, 2020) (underscoring that the claimant's "interrogatory responses do not cure the deficiencies in his claim").

Finally, Chen's claim does not explain his relationship to the corporate entities who have filed what appear to be competing claims to all or part of the Defendant Property. If the property in fact belongs to a corporate entity and not to Chen personally, he does not have standing to contest the forfeiture. The special interrogatories that the government has served on Chen's counsel are designed in large part to address this issue. *See United States v. All Assets Held in Account Number 80020796 (Doraville Properties)*, 299 F. Supp. 3d 121, 138-39 (D.D.C. 2018) (even the sole shareholder of a corporation does not have standing to contest the forfeiture of the corporation's assets); *United States v. New Silver Palace Rest.*, 810 F. Supp. 440, 442 (E.D.N.Y. 1992) (corporate shareholders lack standing to challenge forfeiture of corporate assets); *United States v. All Assets Held in Raymond James & Assoc., Inc.,* 2025 WL 3683271, at \*4 (E.D.N.Y. Dec. 18, 2025) (shareholders lack standing to contest forfeiture of corporate assets even if they serve as directors and control the assets; collecting cases).

Because Chen's standing is subject to serious challenge, there is every reason to require that he demonstrate that standing before challenging the forfeiture.

9

D. Conclusion

   For the foregoing reasons, the government respectfully requests that the Court deny the Letter Motion.

<div style="margin-left: 50%;">

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:  /s/       
Alexander F. Mindlin
Tanisha R. Payne
Benjamin Weintraub
Andrew D. Reich
Rebecca M. Schuman
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

</div>

cc:  Clerk of Court (RPK)
    Counsel of Record