

**DECHERT**

Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax

**Jeffrey Brown**
*Partner*
Jeffrey.Brown@dechert.com
+1 212 698 3500  Direct
+1 212 698 3599  Fax

March 18, 2026

BY ECF

Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Approximately 127,271 Bitcoin,* **Case No. 25-cv-5745 (RPK)**

Dear Judge Kovner:

Our firm represents claimant LuBian in this action. We write to: (1) join in the request by
Claimants Chen Zhi and Prince Holding Group (the "Prince Claimants"), ECF No. 328, for entry
of a protective order governing discovery in this action, which Warp Data Technology Lao Sole
Co. Ltd. has also joined, ECF No. 334; and (2) respond to the letter filed by the Breitweiser
Claimants,[1] ECF No. 346, seeking access to claimants' responses to the government's Rule G(6)
special interrogatories.

## I.    LuBian Joins the Request for a Protective Order

The Prince Claimants have requested a pre-motion conference in advance of their anticipated
motion under Rule 26(c) for entry of a protective order. LuBian joins that request and agrees to
be bound by the protective order proposed by the Prince Claimants, incorporating by reference
the supporting arguments set forth in their March 11, 2026 letter.

As the Court is aware, on February 20, 2026, the government served special interrogatories on
LuBian. On March 13, 2026, we contacted the government by email to indicate that LuBian was
prepared to serve responses to the special interrogatories but asked for assurances that the
responses would be kept confidential pending the resolution of the motion for a protective order.
The government would not commit to keeping LuBian's responses confidential absent a
protective order in place. The government's special interrogatories seek a broad range of
confidential and sensitive information, including personally identifying information. LuBian

---

[1] The Court has not yet granted the Breitweiser Claimants leave to file a verified claim, and they are therefore not
claimants in this action. *See* ECF No. 346 at 1 (acknowledging that "the Court has not yet ruled on [their] motion for
leave to file a verified claim"). We refer to them as the "Breitweiser Claimants" for convenience only, without
conceding that they have any present entitlement to participate in this proceeding.



March 18, 2026
Page 2

shares the Prince Claimants' interest in ensuring that its responses are appropriately protected before being produced.

## II. The Breitweiser Claimants and Others Similarly Situated Should Not Be Permitted to Access Claimants' Interrogatory Responses Until They Have Established Standing

LuBian opposes the Breitweiser Claimants' request to receive claimants' responses to the Rule G(6) special interrogatories at this time. The Breitweiser Claimants have not established—and, critically, have not yet even been permitted to assert—a legally cognizable claim in this action. Allowing them access to highly sensitive confidential discovery at this preliminary stage would be premature and prejudicial.

### A. The Breitweiser Claimants Have Not Yet Established Standing

The Breitweiser Claimants acknowledge that the Court has not yet ruled on their motion for leave to file a verified claim. ECF No. 346 at 1. They are not currently parties to this litigation. Their participation in the discovery process, particularly their access to the confidential interrogatory responses of other claimants, is therefore not appropriate at this stage.

The purpose of Rule G(6) special interrogatories is expressly and narrowly focused on standing. Rule G(6) authorizes the government to serve special interrogatories limited to the claimant's identity and relationship to the defendant property. The threshold question of whether any claimant has standing must be resolved before that claimant is permitted to leverage the discovery process to evaluate the standing of others. To allow the Breitweiser Claimants access to claimants' interrogatory responses before their own standing has been confirmed would invert the proper sequence of these proceedings.

The Breitweiser Claimants' interest, and the interests of similarly situated potential claimants, in the defendant property is, at this point, purely speculative and contingent on multiple unresolved legal and factual questions, including whether their motion for leave to file a verified claim will be granted, whether their asserted rights under the Terrorism Risk Insurance Act ("TRIA") actually attach to the defendant property, and—critically—whether the underlying factual predicate for their claim is even accurate. The Breitweiser Claimants' theory depends on the premise that LuBian is an agent or instrumentality of Iran, an allegation that is far from established and which LuBian wholly denies. Until these threshold issues are resolved, treating the Breitweiser Claimants as parties entitled to receive the confidential discovery of claimants would be contrary to both the purpose of Rule G(6) and the principles underlying Rule 26(c).



**DECHERT**

B. The Prince Claimants' Proposed Protective Order Correctly Limits Access to Claimants Who Have Established Standing

The Prince Claimants' proposed protective order specifically addresses the situation presented here: There are many claimants in this action and they are not similarly situated. Accordingly, the proposal requests that sensitive information not be shared with just anyone who has made an appearance in the case, since many of the claims will not proceed past the threshold standing inquiry. LuBian endorses this approach as sound and practical.

The Prince Claimants do not oppose the dissemination of confidential discovery to those claimants who will be involved in merits litigation, *i.e.*, those who have standing to assert their claim and who agree to be bound by the protective order. This is a sensible line. The Breitweiser Claimants have not yet crossed it. The government has also represented that it "does not oppose some limitation on the sharing of discovery among claimants." ECF No. 352 at 2.

C. The Breitweiser Claimants' Reliance on the Procedural Framework of Rules 5 and 33 Is Misplaced

The Breitweiser Claimants contend that Rule 5 provides that "a discovery paper required to be served on a party" must be "served on every party," and that interrogatory answers and objections constitute discovery papers required to be served because Rule 33 provides that the responding party "must serve its answers and any objections." ECF No. 346 at 2.

This argument misses the mark for two reasons. First, the Breitweiser Claimants are not currently parties to this action—their motion for leave to file a verified claim remains pending—and Rule 5 therefore does not require that they receive discovery served on others. Second, and more fundamentally, both Rule 5 and the broader procedural framework are expressly subject to contrary court order. The very premise of a Rule 26(c) protective order is that it provides just such an order, narrowing or conditioning the ordinary default rules for sharing discovery. The Court can and should exercise that authority here to prevent discovery from being shared with claimants whose standing remains unresolved.

D. The Breitweiser Claimants' Purported Interest in Evaluating Competing Claims Does Not Justify Premature Access

The Breitweiser Claimants argue that because the purpose of the special interrogatories is to test standing, they, as potential claimants competing for the same *res*, should be able to evaluate whether competing claimants have standing. By this logic, any person with any asserted interest in the defendant property—whether or not their claim has been recognized by the Court—could demand access to the confidential discovery of every claimant. That result would undermine the protections that the Prince Claimants' proposed order is designed to provide and would expose parties like LuBian to having their sensitive personal and business information reviewed by



March 18, 2026
Page 4

entities and individuals whose entitlement to participate in this litigation has not yet been adjudicated.

The Breitweiser Claimants assert that courts in civil forfeiture actions recognize that a claimant need only demonstrate a facially colorable interest in the defendant property to establish standing at the pleading stage. ECF No. 346 at 2. But even accepting that standard, the question of whether the Breitweiser Claimants satisfy even this threshold remains pending before the Court. The mere assertion of a colorable interest is not the equivalent of judicial determination of standing, and it should not suffice to open the door to the confidential discovery of other claimants.

## III.    Conclusion

For the reasons set forth above, LuBian respectfully requests that the Court: (1) enter the protective order as proposed by the Prince Claimants, and permit LuBian to participate in and be bound by that order; and (2) deny the Breitweiser Claimants' request to access claimants' responses to the government's Rule G(6) special interrogatories unless and until the Breitweiser Claimants have been granted leave to file a verified claim and have established their standing in this action.

Dated: March 18, 2026                                          Respectfully submitted,


By:    /s/ *Jeffrey Brown*

Jeffrey A. Brown
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel.: +1 212 698 3500
jeffrey.brown@dechert.com
*Counsel for Claimant LuBian*
CC: Counsel of record (via ECF)