UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEWYORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                           Plaintiff,

     -against-

APPROXIMATELY 127,271 BITCOIN (BTC)
PREVIOUSLY STORED AT THE VIRTUAL
CURRENCY ADDRESSES LISTED IN
ATTACHMENT A, AND ALL PROCEEDS
TRACEABLE THERETO,
                Defendants *In Rem*.
-----------------------------------------------------------------X

Civil Action No. 1:25-CV-05745 (RPK)

### VERFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE *IN REM*

Pursuant to Rule G(5)(a) of the Federal Rules of Civil Procedures, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, United States citizens Sharon Weinstock[1], Moshe Weinstock[2], Geula Weinstock, Aryeh Weinstock, and Chaim Mishael Weinstock, and the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin and Shirley Dolgin (collectively, the "Weinstocks"), by and through their counsel, file this verified claim and assert their interest in any and all of the defendant properties that the United States seeks to forfeit in this action (the "Defendant Properties").

---

[1] Sharon Weinstock claims individually, as legal guardian of her daughter, Geula Weinstock, and as personal representative of the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin, and Shirely Dolgin.
[2] Moshe Weinstock claims individually, as legal guardian of his sister, Geula Weinstock, and as personal representative of the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin, and Shirley Dolgin.

A.  **The Weinstock Claimants**.

1.  The Weinstocks are the estate, family members, and estates of since-deceased family members of 19-year-old United States citizen, Yitzchak Weinstock, who was murdered in a 1993 Iran-sponsored Hamas terrorist attack (the "Attack")[3].

2.  The Weinstocks sued Iran for its role in the Attack under the terrorism exception to the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1605A and other applicable law.

3.  Despite receiving proper service and notice, Iran did not appear.

4.  Based upon evidentiary submissions, the United States District Court for the Southern District of Florida entered an enforceable final judgment in favor of the Weinstocks and against Iran, awarding the Weinstocks compensatory damages in the amount of $26,291,000[4].

5.  The Weinstocks served the judgment on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4). However, Iran has paid no portion of the Weinstocks' judgment, and the judgment continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

B.  **Defendant Property**.

6.  The Weinstocks assert this Verified Claim as to any and all of the defendant assets that the United States seeks to forfeit in this action (the "Defendants *In Rem*"), specifically including the Defendants *In Rem* identified in the Verified Complaint *In Rem* filed by the government herein. ECF No. 1 at 2, ¶¶ 5.

7.  The Defendants *In Rem* consist of the following: Approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A to the Verified Complaint *In Rem*, and all proceeds traceable thereto (the "Defendant Cryptocurrency"). *Id*.

---

[3] *Weinstock v. Islamic Republic of Iran*, Civil Action No. 17-cv-23272 (S.D. Fla. April 4, 2019), Dkt. No. 52.
[4] *Id*. at Dkt. No. 54, Exhibit A.

8.      As alleged by the government, "[t]he Defendant Cryptocurrency is currently in the custody of the United States at virtual currency addresses known to the government." Id. at ¶ 6.

### C. **The Weinstocks Have a Senior Interest in the Defendants *In Rem*.**

9.      The Weinstocks recently learned about this forfeiture action and the allegations and evidence set forth in the complaint at Dkt. No. 1 in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com,* No. 1:25-cv-07093 (E.D.N.Y.), which demonstrate that the Defendants *In Rem* at issue in this forfeiture action is property of Iran and China Investment Development Group ("ICG"), an agency or instrumentality of Iran within the meaning of Section 201(a) of the Terrorism Risk Insurance Act of 2002 (TRIA). *Fritz*, Dkt. No. 1 at 53; Pub. L. No. 107-297, 116 Stat. 2322, codified at 28 U.S.C. § 1610 Note. As alleged in *Fritz*, ICG, doing business as Lubian.com or Lubian, materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran.

10.      Additionally, the Islamic Republic of Iran, through ICF (and Lubian), used cryptocurrency mining and laundering mechanisms to generate and move value outside traditional financial channels in order to evade U.S. economic sanctions and finance state activities, including support for terrorist organizations.

11.      As alleged by the government, the Defendants *In Rem* (approximately 127,271 BTC) is traceable to this sanctions-evasion scheme.

12.      Under the facts as alleged in the Verified Complaint and in *Fritz*, ICG (including Lubian/Lubian.com) is an agency or instrumentality of Iran.  Therefore, the Defendants *In Rem* are blocked and subject to execution under TRIA. See *Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022).

13.    Upon learning of these facts and the instant proceedings, the Weinstocks promptly sought leave to file this Verified Claim.

14.    The Weinstocks hold a legally cognizable interest in the Defendants *In Rem* as terrorism judgment creditors pursuant to § 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), 28 U.S.C. § 1610 note.

15.    The Defendants *In Rem* constitute, or are traceable to, blocked assets of Iran, a terrorist party or of an agency or instrumentality thereof within the meaning of TRIA § 201(d).

16.    TRIA entitles the Weinstocks to execute on the Defendants *In Rem* to satisfy their judgment "notwithstanding any other provision of law." TRIA § 201(a).

17.    TRIA's "notwithstanding" clause provides terrorism judgment holders rights in blocked property superior to other claimants, including the government. *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

18.    Thus, to the extent any portion of the Defendants *In Rem* constitute property of Iran or its agencies or instrumentalities, the Weinstock's judgment and TRIA give them a superior interest therein.

D.  **Standing**.

19.    The Weinstocks have statutory standing under Supplemental Rule G(5). They have Article III standing because disposition of the Defendants *In Rem* will impair their ability to satisfy their judgment.

E.  **Timeliness and Service**.

20.    As discussed above and in the Weinstocks' motion for extension of time, this Verified Claim should be deemed timely.

21.     The Weinstocks are serving this Verified Claim on the United States consistent with Supplemental Rule G(5).

F.  **Reservation of Rights**.

22.     The Weinstocks reserve all rights to seek execution, attachment, turnover, or other relief under TRIA section 201(a), the FSIA, 28 U.S.C. §§ 1605A, 1610(a) and (g), Fed. R. Civ. P. 69, and other applicable law.

Dated: March 20, 2026                        Respectfully submitted,


                                             LAW OFFICE OF ASHER PERLIN

                                             By:  /s/ Asher Perlin_____
                                                     Asher Perlin
                                             4300 Biscayne Boulevard, Suite 203
                                             Miami, Florida 33137
                                             786-687-0404
                                             asher@asherpelin.com
                                             Counsel for the Weinstock Claimants

## VERIFICATION

I, Sharonbeth (Dolgin) Weinstock declare:

1.      I am a claimant in the Verified Claim ("Claim") of the Weinstock Judgment Creditor Claimants (the "Claimants") pursuant to Supplemental Rule G(5) in the forfeiture action captioned *United States v. Approximately 127.271 Bitcoin (BTC) Previously Stored at Virtual Currency Addresses Listed in Attachment A and All Proceeds Traceable Thereto*, No. 1:25-CV-05745 (RPK).

2.      The Claimants are the plaintiffs in a complaint pursuant to Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 and other applicable law, which resulted in a final judgment against the Islamic Republic of Iran, establishing the Claimants' rights, pursuant to the Terrorism Risk Insurance Act, to the Defendants In Rem that are the subject of this forfeiture proceeding. See, *Weinstock v. Islamic Republic of Iran*, Civil Action No. 17-cv-23272 (S.D. Fla. 2019).

3.      I have read the Claim and, to the best of my knowledge, know the contents and information contained therein to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 3/20/2026

*Sharonbeth (Dolgin) Weinstock*
Sharon B. Weinstock, individually, as guardian of Geula Weinstock, and as personal representative of the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin, and Shirley Dolgin

_____
Moshe Y. Weinstock, individually, as guardian of Geula Weinstock, and as personal representative of the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin, and Shirley Dolgin

_____
Aryeh T. Weinstock

_____
Chaim Mishael Weinstock

**VERIFICATION**

I, _Moshe Weinstock_ , declare:

1.      I am a claimant in the Verified Claim ("Claim") of the Weinstock Judgment Creditor Claimants (the "Claimants") pursuant to Supplemental Rule G(5) in the forfeiture action captioned *United States v. Approximately 127,271 Bitcoin (BTC) Previously Stored at Virtual Currency Addresses Listed in Attachment A and All Proceeds Traceable Thereto*, No. 1:25-CV-05745 (RPK).

2.      The Claimants are the plaintiffs in a complaint pursuant to Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 and other applicable law, which resulted in a final judgment against the Islamic Republic of Iran, establishing the Claimants' rights, pursuant to the Terrorism Risk Insurance Act, to the Defendants In Rem that are the subject of this forfeiture proceeding. See, *Weinstock v. Islamic Republic of Iran*, Civil Action No. 17-cv-23272 (S.D. Fla. 2019).

3.      I have read the Claim and, to the best of my knowledge, know the contents and information contained therein to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: __3/20/2026__

<br>

_____
Sharon B. Weinstock, individually, as guardian of
Geula Weinstock, and as personal representative of
the Estates of Yitzchak Weinstock, Dov Weinstock,
Simon Dolgin, and Shirley Dolgin


_Moshe Weinstock_
_____
Moshe Y. Weinstock, individually, as guardian of
Geula Weinstock, and as personal representative of
the Estates of Yitzchak Weinstock, Dov Weinstock,
Simon Dolgin, and Shirley Dolgin


_____
Aryeh T. Weinstock


_____
Chaim Mishael Weinstock

## VERIFICATION

I, **ARYeh T WeINSfock**, declare:

1.     I am a claimant in the Verified Claim ("Claim") of the Weinstock Judgment Creditor Claimants (the "Claimants") pursuant to Supplemental Rule G(5) in the forfeiture action captioned *United States v. Approximately 127,271 Bitcoin (BTC) Previously Stored at Virtual Currency Addresses Listed in Attachment A and All Proceeds Traceable Thereto*, No. 1:25-CV-05745 (RPK).

2.     The Claimants are the plaintiffs in a complaint pursuant to Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 and other applicable law, which resulted in a final judgment against the Islamic Republic of Iran, establishing the Claimants' rights, pursuant to the Terrorism Risk Insurance Act, to the Defendants In Rem that are the subject of this forfeiture proceeding. See, *Weinstock v. Islamic Republic of Iran*, Civil Action No. 17-cv-23272 (S.D. Fla. 2019).

3.     I have read the Claim and, to the best of my knowledge, know the contents and information contained therein to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 3/20/2026

_____
Sharon B. Weinstock, individually, as guardian of Geula Weinstock, and as personal representative of the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin, and Shirley Dolgin

_____
Moshe Y. Weinstock, individually, as guardian of Geula Weinstock, and as personal representative of the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin, and Shirley Dolgin

_____
Aryeh T. Weinstock

_____
Chaim Mishael Weinstock

**VERIFICATION**

I, ___Chaim Mishael Weinstock___, declare:

1.      I am a claimant in the Verified Claim ("Claim") of the Weinstock Judgment Creditor Claimants (the "Claimants") pursuant to Supplemental Rule G(5) in the forfeiture action captioned *United States v. Approximately 127,271 Bitcoin (BTC) Previously Stored at Virtual Currency Addresses Listed in Attachment A and All Proceeds Traceable Thereto*, No. 1:25-CV-05745 (RPK).

2.      The Claimants are the plaintiffs in a complaint pursuant to Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 and other applicable law, which resulted in a final judgment against the Islamic Republic of Iran, establishing the Claimants' rights, pursuant to the Terrorism Risk Insurance Act, to the Defendants In Rem that are the subject of this forfeiture proceeding. See, *Weinstock v. Islamic Republic of Iran*, Civil Action No. 17-cv-23272 (S.D. Fla. 2019).

3.      I have read the Claim and, to the best of my knowledge, know the contents and information contained therein to be true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: ___19/03/2026___

_____
Sharon B. Weinstock, individually, as guardian of Geula Weinstock, and as personal representative of the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin, and Shirley Dolgin

_____
Moshe Y. Weinstock, individually, as guardian of Geula Weinstock, and as personal representative of the Estates of Yitzchak Weinstock, Dov Weinstock, Simon Dolgin, and Shirley Dolgin

_____
Aryeh T. Weinstock

*Mishael Weinstock*
Mishael Weinstock (Mar 19, 2026 23:06:08 GMT+2)
_____
Chaim Mishael Weinstock