UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEWYORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,                                    Civil Action No. 1:25-CV-05745 (RPK)

                              Plaintiff,

      -against-

APPROXIMATELY 127,271 BITCOIN (BTC)
PREVIOUSLY STORED AT THE VIRTUAL
CURRENCY ADDRESSES LISTED IN
ATTACHMENT A, AND ALL PROCEEDS
TRACEABLE THERETO,
                  Defendants *In Rem*.
----------------------------------------------------------------X

### VERFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE *IN REM*

Pursuant to 18 U.S.C. § 983(a) and Rule G(5)(a) of the Federal Rules of Civil Procedures,

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, United States

citizens Christopher A. Mustard, Susanne Ceragioli, Jeffery Curtis Wilder, and Kristene Wilder

and the Estates of Pauline Wilder and William Wilder (collectively, the "Mustard Claimants"), by

and through their counsel, file this verified claim and assert their interest in any and all of the

defendant properties that the United States seeks to forfeit in this action (the "Defendants *In Rem*").

A.  **The Mustard Claimants**.

1.  The Mustard Claimants are a servicemember injured in the 1996 attack on the Khobar

Towers in Dhahran, Saudi Arabia and family members and estates of family members of

servicemembers injured in the Khobar Towers attack[1].

---

[1] *Mustard v. Islamic Republic of Iran*, Civil Action No. 21-cv-00163 (D.D.C. Feb. 6, 2023) , Dkt. No. 23.

1

2. The Mustard Claimants sued Iran for its role in the Attack under the terrorism exception to the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1605A and other applicable law.

3. Despite receiving proper service and notice, Iran did not appear.

4. Based upon evidentiary submissions, the United States District Court for the District of Columbia entered an enforceable final judgment in favor of the Mustard Claimants and against Iran, awarding the Mustard Claimants $27,500,000 in damages, consisting of $13,750,000 in compensatory damages and the same amount in punitive damages[2].

5. Thus, the Mustard Claimants hold a final judgment under 28 U.S.C. § 1605A against Iran in the total amount of $27,500,000.

6. The Mustard Claimants served the judgment on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4). However, Iran has paid no portion of the Mustard Claimants judgment, and the judgment continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

B. **Defendant Property**.

7. The Mustard Claimants assert this Verified Claim as to any and all of the defendant assets that the United States seeks to forfeit in this action (the "Defendants *In Rem*"), specifically including the Defendants *In Rem* identified in the Verified Complaint *In Rem* filed by the government herein. ECF No. 1 at 2, ¶¶ 5.

8. The Defendants *In Rem* consist of the following: Approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A to the Verified Complaint *In Rem*, and all proceeds traceable thereto (the "Defendant Cryptocurrency"). *Id*.

---

[2] *Mustard*, Dkt. No. 22, Exhibit B.

9.      As alleged by the government, "[t]he Defendant Cryptocurrency is currently in the custody of the United States at virtual currency addresses known to the government." Id. at ¶ 6.

C.  **The Mustard Claimants Have a Senior Interest in the Defendants *In Rem*.**

10.     The Mustard Claimants recently learned about this forfeiture action and the allegations and evidence set forth in the complaint at Dkt. No. 1 in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com,* No. 1:25-cv-07093 (E.D.N.Y.), which demonstrate that the Defendants *In Rem* at issue in this forfeiture action is property of Iran and China Investment Development Group ("ICG"), an agency or instrumentality of Iran within the meaning of Section 201(a) of the Terrorism Risk Insurance Act of 2002 (TRIA). *Fritz*, Dkt. No. 1 at 53; Pub. L. No. 107-297, 116 Stat. 2322, codified at 28 U.S.C. § 1610 Note. As alleged in *Fritz*, ICG, doing business as Lubian.com or Lubian, materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran.

11.     Additionally, the Islamic Republic of Iran, through ICF (and Lubian), used cryptocurrency mining and laundering mechanisms to generate and move value outside traditional financial channels in order to evade U.S. economic sanctions and finance state activities, including support for terrorist organizations.

12.     As alleged by the government, the Defendants *In Rem* (approximately 127,271 BTC) is traceable to this sanctions-evasion scheme.

13.     Under the facts as alleged in the Verified Complaint and in *Fritz*, ICG (including Lubian/Lubian.com) is an agency or instrumentality of Iran.  Therefore, the Defendants *In Rem* are blocked and subject to execution under TRIA. See *Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022).

14. Upon learning of these facts and the instant proceedings, the Mustard Claimants promptly sought leave to file this Verified Claim.

15. The Mustard Claimants hold a legally cognizable interest in the Defendants *In Rem* as terrorism judgment creditors pursuant to § 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), 28 U.S.C. § 1610 note.

16. The Defendants *In Rem* constitute, or are traceable to, blocked assets of Iran, a terrorist party or of an agency or instrumentality thereof within the meaning of TRIA § 201(d).

17. TRIA entitles the Mustard Claimants to execute on the Defendants *In Rem* to satisfy their judgment "notwithstanding any other provision of law." TRIA § 201(a).

18. TRIA's "notwithstanding" clause provides terrorism judgment holders rights in blocked property superior to other claimants, including the government. *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

19. Thus, to the extent any portion of the Defendants *In Rem* constitute property of Iran or its agencies or instrumentalities, the Mustard Claimants' judgment and TRIA give them a superior interest therein.

D. **Standing**.

20. The Mustard Claimants have statutory standing under Supplemental Rule G(5). They have Article III standing because disposition of the Defendants *In Rem* will impair their ability to satisfy their judgment.

E. **Timeliness and Service**.

21. As discussed above and in the Mustard Claimants' motion for extension of time, this Verified Claim should be deemed timely.

4

22.     The Mustard Claimants are serving this Verified Claim on the United States consistent with Supplemental Rule G(5).

F.  **Reservation of Rights**.

23.     The Mustard Claimants reserve all rights to seek execution, attachment, turnover, or other relief under TRIA section 201(a), the FSIA, 28 U.S.C. §§ 1605A, 1610(a) and (g), Fed. R. Civ. P. 69, and other applicable law.

Dated: March 23, 2026                                Respectfully submitted,


                                                     LAW OFFICE OF ASHER PERLIN

                                                     By:__/s/ Asher Perlin_____
                                                             Asher Perlin
                                                     4300 Biscayne Boulevard, Suite 203
                                                     Miami, Florida 33137
                                                     786-687-0404
                                                     asher@asherpelin.com
                                                     *Counsel for the Mustard Claimants*

# VERIFICATIONS

**VERIFICATION**

I, (Name) Christopher A. Mustard                    , declare:

1.      I am a claimant in the Verified Claim ("Claim") of the Mustard Judgment Creditor Claimants (the "Claimants") pursuant to Supplemental Rule G(5) in the forfeiture action captioned *United States v. Approximately 127,271 Bitcoin (BTC) Previously Stored at Virtual Currency Addresses Listed in Attachment A and All Proceeds Traceable Thereto*, No. 1:25-CV-05745 (RPK).

2.      The Claimants are the plaintiffs in a complaint pursuant to Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 and other applicable law, which resulted in a final judgment against the Islamic Republic of Iran, establishing the Claimants' rights, pursuant to the Terrorism Risk Insurance Act, to the Defendants In Rem that are the subject of this forfeiture proceeding. See, *Mustard v. Islamic Republic of Iran*, Civil Action No. 21-cv-00163 (D.D.C. Feb. 6, 2023).

3.      I have read the Claim and, to the best of my knowledge, know the contents and information contained therein to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    20/03/2026

Signed: *ChristopherAMustard* _____

Name:    Christopher A. Mustard

**VERIFICATION**

I, (Name) Susanne Ceragioli                    , declare:

1.    I am a claimant in the Verified Claim ("Claim") of the Mustard Judgment Creditor Claimants (the "Claimants") pursuant to Supplemental Rule G(5) in the forfeiture action captioned *United States v. Approximately 127,271 Bitcoin (BTC) Previously Stored at Virtual Currency Addresses Listed in Attachment A and All Proceeds Traceable Thereto*, No. 1:25-CV-05745 (RPK).

2.    The Claimants are the plaintiffs in a complaint pursuant to Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 and other applicable law, which resulted in a final judgment against the Islamic Republic of Iran, establishing the Claimants' rights, pursuant to the Terrorism Risk Insurance Act, to the Defendants In Rem that are the subject of this forfeiture proceeding. See, *Mustard v. Islamic Republic of Iran*, Civil Action No. 21-cv-00163 (D.D.C. Feb. 6, 2023).

3.    I have read the Claim and, to the best of my knowledge, know the contents and information contained therein to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    20/03/2026

Signed: _Susanne Ceragioli (Mar 20, 2026 07:40:04 EDT)_____
Name:    Susanne Ceragioli_____

7

**VERIFICATION**

I, (Name) Kristene Wilder _____, declare:

1.      I am a claimant in the Verified Claim ("Claim") of the Mustard Judgment Creditor Claimants (the "Claimants") pursuant to Supplemental Rule G(5) in the forfeiture action captioned *United States v. Approximately 127,271 Bitcoin (BTC) Previously Stored at Virtual Currency Addresses Listed in Attachment A and All Proceeds Traceable Thereto*, No. 1:25-CV-05745 (RPK).

2.      The Claimants are the plaintiffs in a complaint pursuant to Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 and other applicable law, which resulted in a final judgment against the Islamic Republic of Iran, establishing the Claimants' rights, pursuant to the Terrorism Risk Insurance Act, to the Defendants In Rem that are the subject of this forfeiture proceeding. See, *Mustard v. Islamic Republic of Iran*, Civil Action No. 21-cv-00163 (D.D.C. Feb. 6, 2023).

3.      I have read the Claim and, to the best of my knowledge, know the contents and information contained therein to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: ___20/03/2026

Signed: *Kristene Wilder, individually, and on behalf of the Estates of Pauline and William Wilder*
Kristene Wilder, individually, and on behalf of the Estates of Pauline and William Wilder (Mar 20, 2026 07:05:21 PDT)

Name: Kristene Wilder

8

**VERIFICATION**

I, (Name) Jeffery Wilder                          , declare:

1.      I am a claimant in the Verified Claim ("Claim") of the Mustard Judgment Creditor Claimants (the "Claimants") pursuant to Supplemental Rule G(5) in the forfeiture action captioned *United States v. Approximately 127,271 Bitcoin (BTC) Previously Stored at Virtual Currency Addresses Listed in Attachment A and All Proceeds Traceable Thereto*, No. 1:25-CV-05745 (RPK).

2.      The Claimants are the plaintiffs in a complaint pursuant to Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 and other applicable law, which resulted in a final judgment against the Islamic Republic of Iran, establishing the Claimants' rights, pursuant to the Terrorism Risk Insurance Act, to the Defendants In Rem that are the subject of this forfeiture proceeding. See, *Mustard v. Islamic Republic of Iran*, Civil Action No. 21-cv-00163 (D.D.C. Feb. 6, 2023).

3.      I have read the Claim and, to the best of my knowledge, know the contents and information contained therein to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    20/03/2026

Signed: _____
Name:  Jeffery Wilder

9