UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

UNITED STATES OF AMERICA,

                         Plaintiff,

-against-

APPROXIMATELY 127,271 BITCOIN ("BTC")
PREVIOUSLY STORED AT THE VIRTUAL
CURRENCY ADDRESSES LISTED IN
ATTACHMENT A, AND ALL PROCEEDS
TRACEABLE THERETO,

                      Defendant in rem.

-----------------------------------------------------------------x

Case No. 1:25-cv-05745 (RPK)

Hon. Rachel P. Kovner

*** Filed ***
03:28 AM, 22 Mar, 2026
U.S.D.C. Eastern District of New York

## CLAIMANT ATH LEEPINYO'S MOTION TO DISMISS THE BREITWEISER CROSS-CLAIMS (ECF 216)

Claimant Ath Leepinyo ("Claimant"), proceeding pro se, respectfully moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Cross-Claims for Priority asserted by the Breitweiser Claimants at **ECF No. 216**.

## PRELIMINARY STATEMENT

1. The Breitweiser Claimants seek a sweeping declaration that they possess "super-priority" over all other claimants to the Defendant Cryptocurrency. (ECF 216)

2. This request is legally unsustainable. The Cross-Claims:

(a) seek adjudication of priority before any enforceable execution rights exist;
(b) ignore mandatory statutory prerequisites under the Foreign Sovereign Immunities Act ("FSIA");
(c) misapply the Terrorism Risk Insurance Act ("TRIA") as a mechanism for inter-creditor priority; and
(d) rely on conclusory allegations that fail to satisfy federal pleading standards.

3. Under controlling Supreme Court and Second Circuit precedent, the Cross-Claims must be dismissed.

## LEGAL STANDARD

4. To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain sufficient factual matter to state a claim that is plausible on its face. **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009); **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555 (2007).

5. The Second Circuit consistently applies this standard to require more than "labels and conclusions" or "naked assertions devoid of further factual enhancement." **Iqbal**, 556 U.S. at 678.

1

ARGUMENT

## I. THE CROSS-CLAIMS ARE PREMATURE AND BARRED BY FSIA § 1610(c)

6. The Breitweiser Claimants seek priority based on execution and attachment rights. However, under 28 U.S.C. § 1610(c), a judgment creditor must obtain a court order before initiating execution against foreign sovereign property.

7. The Second Circuit has held that § 1610(c): "requires a prior judicial determination that execution is warranted with respect to specifically identified property." **Walters v. Indus. & Com. Bank of China, Ltd.**, 651 F.3d 280, 291 (2d Cir. 2011).

8. Here, the Cross-Claims concede that such authorization is merely being "pursued." (ECF 216 ¶ 8).

9. Absent a § 1610(c) order, no execution or attachment rights exist, and therefore no claim to priority can arise.

10. Courts in this Circuit strictly enforce this requirement. *See* **Levin v. Bank of N.Y.**, 2011 WL 270830, at *11 (S.D.N.Y. Jan. 28, 2011).

11. Accordingly, Counts One through Three must be dismissed as premature.

## II. TRIA DOES NOT CREATE PRIORITY RIGHTS AMONG COMPETING CREDITORS

12. The Breitweiser Claimants rely heavily on TRIA § 201. This reliance is misplaced.

13. TRIA provides a mechanism to execute against blocked assets of terrorist parties; it does not establish a hierarchy among judgment creditors.

14. The Second Circuit has emphasized that TRIA is an enforcement statute—not a priority statute. *See* **Levinson v. Kuwait Fin. House Malaysia Berhad**, 44 F.4th 91, 96–97 (2d Cir. 2022).

15. Similarly, in **Kirschenbaum v. 650 Fifth Ave.**, the Second Circuit made clear that execution under TRIA depends on the nature of the asset—not on priority among creditors. 830 F.3d 107, 135 (2d Cir. 2016).

16. Nothing in TRIA authorizes one victim to assert "super-priority" over other victims.

17. Accordingly, Count Three fails as a matter of law.

## III. THE CROSS-CLAIMS FAIL TO SATISFY CPLR PRIORITY REQUIREMENTS

18. The Breitweiser Claimants invoke CPLR § 5234 and Article 62.

19. However, under New York law:

(a) priority under CPLR § 5234 requires delivery of execution; and
(b) attachment priority requires a valid levy or order of attachment.

20. The Cross-Claims do not allege:

(a) any writ of execution;
(b) any levy; or
(c) any perfected lien.

21. Instead, they rely on conclusory assertions of entitlement.

22. Without perfected enforcement rights, there is no basis for priority under New York law.

### IV. THE CROSS-CLAIMS FAIL TO STATE A PLAUSIBLE CLAIM UNDER IQBAL AND TWOMBLY

23. The Cross-Claims rely on a limited set of generalized allegations:

(a) that the claimants hold judgments;
(b) that they served Iran; and
(c) that they filed claims in this action (ECF 216 ¶¶ 6–9).

24. These allegations are common to numerous claimants and do not establish entitlement to priority.

25. The Second Circuit requires factual allegations sufficient to render claims plausible—not merely possible. **Iqbal**, 556 U.S. at 678.

26. Because the Cross-Claims fail to allege any facts distinguishing their claims from other creditors, they must be dismissed.

### V. DECLARATORY RELIEF IS IMPROPER AND UNRIPE

27. The Breitweiser Claimants seek declaratory relief establishing priority (ECF 216 ¶¶ 29–31).

28. However, declaratory relief requires an actual, ripe controversy.

29. Here:

(a) ownership of the Defendant Cryptocurrency is disputed;
(b) execution rights have not been established; and
(c) priority cannot be determined absent those findings.

30. The requested declaration would therefore be advisory and improper.

### CONCLUSION

31. For the foregoing reasons, Claimant Ath Leepinyo respectfully requests that the Court:

(a) dismiss all Cross-Claims asserted in ECF 216 pursuant to Rule 12(b)(6);
(b) deny all requests for declaratory relief; and
(c) grant such other and further relief as the Court deems just and proper.

Dated: March 22, 2026

Respectfully submitted,

3

/s/ Ath Leepinyo
Ath Leepinyo
P.O. Box 2
Central Bangna Post Office
1093 Bangna-Trat Road Km. 3
Bangna, Bangkok 10260
Thailand
Email: leepinyo@protonmail.com
Telephone: +66-82-092-539

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2026, I caused a true and correct copy of the foregoing Motion to Dismiss to be filed via the Court's CM/ECF system, which provides notice to all counsel of record, including counsel for the Breitweiser Claimants identified in ECF 216.


/s/ Ath Leepinyo
Ath Leepinyo

4