**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

  Plaintiffs,

v.

APPROXIMATELY 127,271 BITCOIN
(BTC) PREVIOUSLY STORED AT THE
VIRTUAL CURRENCY ADDRESSES
LISTED IN ATTACHMENT A, AND ALL
PROCEEDS TRACEABLE THERETO,

    Defendants *In Rem*.

Civil Action No. 1:25-cv-05745 (RPK)

### NOTICE OF VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE IN REM

The Mark Claimants are the family members and estate of family members of Michael Mark and Chava Mark, who together with their two children were victims of a terrorist attack by operatives of the Iran-sponsored Hamas terrorist organization. The Mark Claimants have been awarded a total judgment of $141,250,000 in compensatory damages and $141,250,000 in punitive damages under 28 U.S.C. §1605A against the Islamic Republic of Iran ("Iran") for providing material support to Hamas to carry out the attack. The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4).

The Mark Claimants just recently learned about this forfeiture action and the allegations and evidence set forth in the complaint at Dkt. No. 1 in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com,* No. 1:25-cv-07093 (E.D.N.Y.) (the "Fritz Action"). Specifically, the Mark Claimants learned that the Defendant Cryptocurrency at issue in this forfeiture action is property of the Iran and China Investment Development Group ("Iran-China

Group"). *Fritz*, Dkt. No. 1 at 53. The Mark Claimants promptly sought leave to file this Notice upon learning of this information and this proceeding.

As alleged by the Fritz plaintiffs at Dkt. No. 1, the Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. Through this scheme, sanctioned Iranian oil and gas are converted into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems.

Based on the information newly revealed by the allegations in the *Fritz* Action, under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, the Mark Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "[n]otwithstanding any other provision of law." Accordingly, the Mark Claimants hereby assert their superior interest in so much of the Approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A, and all proceeds traceable thereto ("Defendant Cryptocurrency") as may ultimately be necessary to satisfy the Mark Claimants' outstanding compensatory damages judgments against Iran, plus post-judgment interest thereon. TRIA makes the Mark Claimants' interest in the Defendant Cryptocurrency senior to any interest of the U.S. government. In support of this Notice, the Mark Claimants state as follows:

**I.      The Mark Claimants Have Been Awarded A Total Judgment Of $141,250,000 In Compensatory Damages and $141,250,000 in Punitive Damages Against Iran.**

1.      The Mark Claimants are Chava Mark, her surviving immediate family members and estates of now-deceased immediate family members. Chava Mark, together with her

2

husband, Michael Mark and two of their children were victims of a terrorist attack by Hamas operatives.

2.      In 2022, the United States District Court for the District of Columbia determined that Iran was liable under 28 U.S.C. § 1605A for causing the Mark Claimants' damages and entered judgment awarding them both compensatory and punitive damages.

3.      The damages awarded to Mark Claimants total $141,250,000 in compensatory damages and $141,250,000 in punitive damages. *See* Judgment, *Mark et al. v. Islamic Republic of Iran*, No. 1:20-cv-00651-TNM, Dkt. No. 41.

4.      To date, Iran has not paid any portion of any of the Mark Claimants' judgment. This judgment continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

## II.    The Mark Claimants Only Recently Learned Of The Relationship Between The Defendant Cryptocurrency And The Government Of Iran.

9.      Based on information the Mark Claimants only recently learned, it appears that the Defendant Cryptocurrency is directly tied to the Iranian government, which was not clear from the forfeiture pleadings filed by the U.S. government.

10.     On December 26, 2025, other victims of Iran's state-sponsored terrorism filed a separate action alleging that LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist Iran's continuing efforts to evade U.S. sanctions. *See Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, Case No. 1:25-cv-07093 (E.D.N.Y.), Complaint for Execution and Turnover, Dkt. No. 1.

11.     Plaintiffs in the *Fritz* Action, along with another group of victims of Iran's state sponsored terrorism (the "Baxter Victims"), filed Notices of Verified Claims in this action on

3

December 29, 2025. *See* Dkt. Nos. 29 and 30. Additional Notices of Verified Claims have since been filed in this action. *See, e.g.*, Dkt. Nos. 39, 52, 69, 70, 86, 88, 107, 112, 118, 125, 152, 163.

12.     Based on the information revealed in the allegations in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Mark Claimants now submit this Notice of Verified Claim.

### III.    Under TRIA, Mark Claimants Have A Senior Interest In The Defendant Cryptocurrency.

13.     In the context of a forfeiture action, at this stage of the proceedings, the Mark Claimants need only assert that they have a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (citation omitted). "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." *Id.* at 110 (citation omitted). Here, based on the information alleged in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Mark Claimants have far more than a "facially colorable interest" in the Defendant Cryptocurrency.

14.     The Mark Claimants are judgment creditors of Iran as a result of Iran's acts of state-sponsored terrorism. As has now been alleged, because the Iran-China Group was or is an agent or instrumentality of Iran, TRIA entitles the Mark Claimants to execute on the Defendant Cryptocurrency to satisfy those judgments "[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, the Mark Claimants have a possessory interest in the Defendant Cryptocurrency, which permits them to bring the claims asserted here.

15.     Specifically, TRIA provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on the "blocked assets" of that terrorist party or its "agency or instrumentality" "to satisfy such judgment to the extent of any

4

compensatory damages." Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002), codified at 28 U.S.C. § 1610 Note. TRIA's cornerstone is the statute's broad "notwithstanding" clause, which aims to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce [their] judgments." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391-92 (2009) (Kennedy, J., concurring). The notwithstanding clause "mak[es] plain that the force of the [statute] extends everywhere" and "supersede[s] all other laws." *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted). Accordingly, because it expressly overrides conflicting laws, TRIA's notwithstanding clause necessarily overrides "the civil-forfeiture statute." *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

16.    Because the Mark Claimants satisfy the requirements of TRIA, their interest in the Defendant Cryptocurrency necessarily is superior to the claims of the U.S. government, as well as all other non-TRIA claimants, in this forfeiture action. To start, as explained above, the Mark Claimants hold a judgment for compensatory damages against Iran based on an act of terrorism under 28 U.S.C. § 1605A. Next, Iran is a "terrorist party" because it has been designated as a state sponsor of terrorism under the Export Administration Act of 1979. *See* TRIA § 201(d)(4); Executive Order No. 13599, 77 Fed. Reg. 6659 (Feb. 5, 2012). Additionally, as alleged in the *Fritz* Action, the Iran-China Group operated as Iran's agency or instrumentality by materially helping Iran avoiding U.S. sanctions, while providing the material function to Iran of laundering its energy resources through cryptocurrency mining, at Iran's direction and behest. *See Fritz* Action, Dkt. No. 70, Plaintiffs' Memorandum of Law in Support of Motion for Attachment, at 13–17 (Dec. 28, 2025); *see also Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107,

5

135 (2d Cir. 2016). Finally, under TRIA, "[b]locked assets" include "any asset seized or frozen by the United States" pursuant to the International Emergency Economic Powers Act. TRIA § 201(d)(2)(A).

17.     The U.S. government has used its authority under that statute to "block" all Iranian property in the United States, including the property of agencies or instrumentalities of Iran. 31 C.F.R. §§ 560.211, 594.201(a)(5); *Kirschenbaum*, 830 F.3d at 120. As a result, if the Iran-China Group is an agency or instrumentality of Iran, all property of the Iran-China Group qualifies as a blocked asset under TRIA. *See Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022). Because the Defendant Cryptocurrency is property of the Iran-China Group, it is therefore blocked and subject to execution by the Mark Claimants under TRIA.

18.     Pursuant to 18 U.S.C. § 983(a) and Rule G, the Mark Claimants hereby assert a protective, prophylactic claim against such amount of the Defendant Cryptocurrency—as the property of an agency or instrumentality of Iran—as may ultimately be necessary to satisfy the outstanding compensatory damages owed to them under their judgment against Iran, plus post-judgment interest, based on the date the Defendant Cryptocurrency is valued for purposes of judgment. The Mark Claimants' claim is senior to the U.S. government's claim. Notwithstanding the U.S. government's forfeiture efforts, the Mark Claimants reserve all rights and remedies available in law and equity to enforce their interest in the Defendant Cryptocurrency.

19.     This claim is verified under penalty of perjury by the attached (or separately filed) §1746 declaration, executed by an authorized signatory on behalf of the Mark Claimants.

Dated: March 24, 2026

/s/ Robert A. Braun_____
Robert A. Braun (Bar Code 5384748)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

Asher Perlin (Bar Code 2712586)
LAW OFFICE OF ASHER PERLIN
4300 Biscayne Boulevard
Suite 203
Miami, Florida 33137
(786) 687-0404
asher@asherperlin.com

*Counsel for Mark Claimants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br> Plaintiffs,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>    Defendants *In Rem*. | Civil Action No. 1:25-cv-05745 (RPK) |

## VERIFICATION OF MARK CLAIMANTS' CLAIMS

Robert A. Braun, an attorney duly licensed to practice law in New York, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner in the law firm Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave NW #800, Washington, DC 20005.

2. The statements regarding the D.D.C. judgments/service and related matters are within my personal knowledge and/or based on review of the official dockets. Statements regarding ownership/instrumentality of the Defendant are based on allegations and filings in *Fritz v. Iran & China Investment Development Group*, No. 1:25-cv-07093 (E.D.N.Y.) ("*Fritz* Action").

3. Cohen Milstein represents the Mark Claimants in this action.

4. The Mark Claimants have been awarded $141,250,000 in compensatory damages and $141,250,000 in punitive damages under 28 U.S.C. § 1605A against the Islamic Republic of

Iran ("Iran") for its role in the attack against the Mark family. *See* Judgment, Case No. 1:20-cv-00651-TNM, Dkt. No. 41, attached hereto as Exhibit 1.

5.      The judgment was served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4), attached hereto as Exhibit 2.

6.      As detailed in a related action pending in this Court—the *Fritz* Action—the 127,271 Bitcoin that constitute the Defendant Cryptocurrency in the instant action belong to Iran and China Investment Development Group ("Iran-China Group"), doing business as Lubian.com or LuBian. *See Fritz* Action, Dkt. No. 1. The Iran-China Group is an agency or instrumentality of Iran. *Id.* ¶ 20. Accordingly, its assets are blocked by operation of U.S. law. *See* Executive Order No. 13599, 77 Fed. Reg. 6659, 6659 (Feb. 5, 2012).

7.      To preserve the Mark Claimants' ability to pursue execution and turnover of the 127,271 Bitcoin—which constitute the Defendant Cryptocurrency in this action—on behalf of the Mark Claimants pursuant to N.Y. CPLR 3020(d), I hereby notice and verify the claims of the Mark Claimants against the Defendant Cryptocurrency. Because the Terrorism Risk Insurance Act ("TRIA") allows victims of terrorism with judgments against state sponsors of terrorism to pursue execution and turnover against blocked assets of those terrorist states or their agents or instrumentalities—including such assets that have been "seized" by the U.S. government— "notwithstanding any other provision of law," TRIA § 201(a), I hereby notice and verify the Mark Claimants' superior interest in so much of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the outstanding compensatory damages owed to the Mark Claimants on their judgments against Iran, plus pre- and post-judgment interest.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

2

Dated: March 24, 2026

*/s/ Robert A. Braun*
Robert A. Braun (D.C. Bar 1023352)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

Asher Perlin (Bar Code 2712586)
LAW OFFICE OF ASHER PERLIN
4300 Biscayne Boulevard
Suite 203
Miami, Florida 33137
(786) 687-0404
asher@asherperlin.com


*Counsel for Mark Claimants*

3

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CHAVA RACHEL MARK,** *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:20-cv-00651 (TNM) |
| **ISLAMIC REPUBLIC OF IRAN**, | |
| Defendant. | |

## <u>ORDER</u>

Upon consideration of the Plaintiffs' Motion for Default Judgment, the pleadings, and relevant law, for the reasons set forth in the accompanying Memorandum Opinion it is hereby

**ORDERED** that Plaintiffs' [33] Motion for Default Judgment is GRANTED IN PART and DENIED IN PART. The motion is granted in part insofar as individual Plaintiffs are awarded the following damages:

- Chava Mark is awarded $9,000,000 in pain and suffering damages, $13,000,000 in solatium damages, and $22,000,000 in punitive damages for a total of $44,000,000;

- Tehila Mark is awarded $5,000,000 in pain and suffering damages, $10,000,000 in solatium damages, and $15,000,000 in punitive damages for a total of $30,000,000;

- Pdaya Mark is awarded $3,000,000 in pain and suffering damages, $10,000,000 in solatium damages, and $13,000,000 in punitive damages for a total of $26,000,000;

- The Estate of Shlomi Mark is awarded $10,000,000 in solatium damages and $10,000,000 in punitive damages for a total of $20,000,000;

- Shira Mark Harif is awarded is awarded $10,000,000 in solatium damages and $10,000,000 in punitive damages for a total of $20,000,000;

- Netanel Mark is awarded $11,250,000 in solatium damages and $11,250,000 in punitive damages for a total of $22,500,000;

- Yehoshua Mark is awarded $10,000,000 in pain and suffering damages and $10,000,000 in punitive damages for a total of $20,000,000;

- Miriam Mark is awarded $10,000,000 in solatium damages and $10,000,000 in punitive damages for a total of $20,000,000;

- Orit Mark Ettinger is awarded $11,250,000 in solatium damages and $11,250,000 in punitive damages for a total of $22,500,000;

- R.L.M. is awarded $11,250,000 in solatium damages and $11,250,000 in punitive damages for a total of $22,500,000;

- E.B.M. is awarded $11,250,000 in solatium damages and $11,250,000 in punitive damages for a total of $22,500,000;

- Ayelett Batt is awarded $2,500,000 in pain and suffering damages and $2,500,000 in punitive damages for a total of $5,000,000;

- Elisheva Hirshfeld is awarded $1,250,000 in pain and suffering damages and $1,250,000 in punitive damages for a total of $2,500,000;

- Aryeh Batt is awarded $1,250,000 in pain and suffering damages and $1,250,000 in punitive damages for a total of $2,500,000;

- Avi Batt is awarded $1,250,000 in pain and suffering damages and $1,250,000 in punitive damages for a total of $2,500,000.

The motion is also granted in part insofar as Plaintiffs seek punitive damages but denied in part insofar as Plaintiffs seek three times the amount of compensatory damages. The Court

2

awards an amount in punitive damages equal to compensatory damages, $141,250,000, to be apportioned, as described above, according to Plaintiffs' compensatory damages.

The motion is denied in part insofar as Plaintiffs seek costs and allowance of reasonable fees for their counsel and experts.

**SO ORDERED**.

This is a final, appealable Order.  The Clerk of Court is directed to close the case.

2022.09.08
10:28:06 -04'00'

Dated: September 8, 2022

TREVOR N. McFADDEN
United States District Judge

# Exhibit 2



**United States Department of State**

*Washington, D.C.* **20520**

June 20, 2023

Angela D. Caesar
Clerk of the Court
United States District Court
For the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20011



RECEIVED
Mail Room

JUN 30 2023

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

**Re:** *Chava Rachel Mark, et al. v. Islamic Republic of Iran*, **1:20-cv-00651-TNM**

Dear Ms. Caesar:

I am writing regarding the Court's request for transmittal of an Order and Notice of Judgment to the Islamic Republic of Iran pursuant to 28 U.S.C. Section 1608(a)(4) as a defendant in the above referenced lawsuit.

Because the United States does not maintain diplomatic relations with the Government of Iran, the Department of State is assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran in delivering these documents to the Iranian Ministry of Foreign Affairs. The documents were delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note No. 1034-IE, dated April 4, 2023, and delivered on April 5, 2023. A certified copy of the diplomatic note is enclosed.[1]

Sincerely,

Jared N. Hess
Attorney Adviser
Office of the Legal Adviser
L/CA/POG/GC

---

[1] Please note that performance by the Department of State of its statutory functions under 28 U.S.C. § 1608 should not be construed as an indication in any way of the United States' position or views on whether plaintiffs have properly complied with all statutory requirements of the FSIA, the status or character of a defendant, whether service was properly effected, or the merits of any claims or defenses. *See* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Foreign-Sovereign-Immunities-Act.html.

Cc:     Law Office of Asher Perlin
        4600 Sheridan St., Suite 303
        Hollywood, FL, 33021



SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland )
Bern, Canton of Bern ) SS:
Embassy of the United States of America )

I, Hayward M. Alto, a consular officer at the Embassy of the United States at Bern, Switzerland, certify that this is a true copy of Embassy note number 28007 dated March 21, 2023, which was transmitted to the Swiss Ministry of Foreign Affairs on March 22, 2023, for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran.

_____
(Signature of Consular Officer)

_____Hayward M. ALTO_____
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

April 18, 2023
(Date)



*Embassy of the United States of America*

March 21, 2023

CONS NO.   28007

Federal Department of Foreign Affairs
Foreign Interests Section
Kochergasse 10
Federal Palace North
Office #4.001
3003 Bern

Subject: JUDICIAL ASSISTANCE: Service of process under the Foreign Sovereign Immunities Act (FSIA) – Chava Rachel Mark, et al. V. The Islamic Republic of Iran, 1:20-cv-00651 (TNM)

REF:   ----

The Department of State has requested the delivery of the enclosed Order and Notice of Default Judgment to the Ministry of Foreign Affairs of the Islamic Republic of Iran pursuant to the Foreign Sovereign Immunities Act in the matter Order and Notice of Default Judgment.

The Embassy is herewith requesting the Swiss Ministry of Foreign Affairs to transmit the documents to the American Interests Section of the Swiss Embassy in Tehran.  There is one defendant to be served in this case: the Islamic Republic of Iran.  The American Interests Section should transmit the Order and Notice of Default Judgment to the Iranian Ministry of Foreign Affairs under cover of one diplomatic note utilizing the language provided in the enclosed instructions.

Transmittal should be done in a manner which enables the Embassy to confirm delivery. The American Interests Section should execute certifications of the diplomatic notes, which will be forwarded by the Department of State to the requesting court in the United States.

Enclosed is one appropriate part of a message the Embassy received from the Department of State as well two sets of documents for each defendant.

The Embassy would appreciate being informed of the date the American Interests Section of the Swiss Embassy in Tehran receives the documents as well as the date the Interests Section forwards the documents to the Iranian authorities.

SPP's assistance is much appreciated.

**BEGIN TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN:**

The Embassy of Switzerland, Foreign Interests Section in Tehran refers the Ministry of Foreign Affairs of the Islamic Republic of Iran to the lawsuit *Chava Rachel Mark, et al. v. The Islamic Republic of Iran*, 1:20-cv-00651 (TNM) in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Foreign Interests Section transmits an Order herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order, the Foreign Interests Section is enclosing a Notice of Judgment, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Foreign Interests Section has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

Attachments:

1. Order and Notice of Judgment
2. Translations

**END TEXT OF DIPLOMATIC NOTE REGARDING DEFENDANT ISLAMIC REPUBLIC OF IRAN**



## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland           )
Bern, Canton of Bern                   ) SS:
Embassy of the United States of America  )

I certify that the annexed document bears the genuine seal of the Swiss Federal Department of Foreign Affairs.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
(Signature of Consular Officer)

_____Hayward M. ALTO_____
(Typed name of Consular Officer)

Consul of the United States of America
(Title of Consular Officer)

April 18, 2023
(Date)

rische Eidgenossenschaft
ération suisse
rederazione Svizzera
onfederaziun svizra

**Federal Department of Foreign Affairs FDFA**

K. 346-01-02-01-USA/IRAN

The Federal Department of Foreign Affairs presents its compliments to the Embassy of the United States of America and refers to Cons Note No. 28007 dated March 21, 2023 regarding judicial assistance and has the honor to convey following documents of the U.S. Interests Section of the Embassy of Switzerland in Tehran:

Judicial Assistance:

**Chava Rachel Mark, et al. v. The Islamic Republic of Iran, 1:20-cv-00651 (TNM)**
- Note 1034-IE addressed to the Government of the Islamic Republic of Iran

dated April 04, 2023 and proof of service, dated April 05, 2023 as well as the certification by the Swiss Federal Chancellery dated April 12, 2023.

The section has received the above mentioned documents on April 03, 2023. It has transmitted these to the Iranian Ministry of Foreign Affairs together with its diplomatic note on April 05, 2023. The reception of the mentioned documents was refused the same day by the Iranian Ministry of Foreign Affairs.

The Federal Department of Foreign Affairs avails itself of this opportunity to renew to the Embassy of United States of America the assurances of its highest consideration.

Berne, April 12, 2023

_Enclosure(s) mentioned_

To the
Embassy of the
United States of America

Berne

## SPECIFIC AUTHENTICATION CERTIFICATE

Confederation of Switzerland            )
Bern, Canton of Bern                    ) SS:
Embassy of the United States of America )

I certify that the annexed document is executed by the genuine signature and seal of the following named official who, in an official capacity, is empowered by the laws of Switzerland to execute that document.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

<u>        Lara LORELLA        </u>
(Typed name of Official who executed the annexed document)



<u>                </u>
(Signature of Consular Officer)

<u>    Hayward M. ALTO    </u>
(Typed name of Consular Officer)

<u>Consul of the United States of America</u>
(Title of Consular Officer)

<u>April 18, 2023</u>
(Date)

.zerische Eidgenossenschaft
.fédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in Iran
**Foreign Interests Section**

No. 1034-IE

The Embassy of Switzerland, Foreign Interests Section in Tehran, presents its compliments to the Ministry of Foreign Affairs of the Islamic Republic of Iran, and has the honor to refer the Ministry to the lawsuit *Chava Rachel Mark, et al. v. The Islamic Republic of Iran*, 1:20-cv-00651 (TNM) in the U.S. District Court for the District of Columbia. The Islamic Republic of Iran is a defendant in this case. The Embassy transmits an Order herewith. The U.S. District Court for the District of Columbia has requested service of these documents. This note constitutes transmittal of these documents to the Government of the Islamic Republic of Iran as contemplated in Title 28, United States Code, Section 1608(a)(4) and (e).

In addition to the Order, the Embassy is enclosing a Notice of Judgement, prepared by the plaintiff, which summarizes the nature of the case and includes references to U.S. laws concerning suits against foreign States. Please note that under U.S. law, attachment and execution proceedings pursuant to Title 28, United States Code, Section 1610 may commence after a reasonable period of time from the giving of notice of the Default Judgment.

The Embassy has been advised that under U.S. law any jurisdictional or other defense including claims of sovereign immunity must be addressed to the court, for which reason it is advisable to consult an attorney in the United States. It is the practice of the U.S. Department of State to be available to discuss the requirements of U.S. law with counsel. The U.S. Government is not a party to this case and cannot represent other parties in this matter.

The Embassy of Switzerland, Foreign Interests Section, avails itself of this opportunity to renew to the Ministry of Foreign Affairs of the Islamic Republic of Iran the assurances of its highest consideration.

Tehran – April 04, 2023

Attachments:
1. Order and Notice of Judgment
2. Translations

**Ministry of Foreign Affairs**
**Islamic Republic of Iran**
**Department of American Affairs**
**Tehran**

I, Pia Müller, Deputy Head of the Foreign Interests Section of the Embassy of Switzerland in h. herewith that this is a true copy of Diplomatic Note No. 1034-IE, dated April 04, 2023. The de, this note and its enclosures was attempted on April 05, 2023, but the Iranian Ministry of Foreign A. refused its acceptance.

Pia Müller
Deputy Head of the Foreign Interests Section

Tehran - April 05, 2023

## APOSTILLE
### (Convention de La Haye du 5 octobre 1961)

1. **Country:** SWISS CONFEDERATION
   **This public document**

2. **has been signed by**      Pia Müller

3. **acting in the capacity of Deputy Head of the Foreign Interests Section**

4. **bears the seal/stamp of**

   Embassy of Switzerland US Interests Section, Tehran

**Certified**

5. **at Berne**      6.      **the** 12 April 2023

7. **by** Lara Lorella
   **functionary of the Swiss federal Chancellery**

8. **No** 0 0 8 9 1 2

9. **Seal/stamp:**      10. **Signature:**

   Swiss federal Chancellery

<div dir="rtl">

ترجمه غیر رسمی

سفارت سوئیس

**قسمت حافظ منافع خارجی**

شماره IE – 1034

سفارت سوئیس، قسمت حافظ منافع خارجی در تهران، ضمن اظهار تعارفات خود به وزارت امور خارجه جمهوری اسلامی ایران، احتراماً توجه آن وزارتخانه محترم را به دعوا ی حقوقی تحت عنوان  دایان چاوا راشل مارک و دیگران  علیه جمهوری اسلامی ایران، تحت پرونده مدنی شماره (TNM)  1:20-cv-00651 که در دادگاه منطقه ای ایالات متحده برای منطقه کلمبیا مفتوح میباشد، جلب می نماید. جمهوری اسلامی ایران طرف خوانده در این پرونده می باشد. سفارت سوئیس بنا به درخواست دادگاه منطقه ای ایالات متحده برای منطقه کلمبیا، یک فقره حکم را ایفاد می دارد. برابر مقررات فصل 28 بخش 1608 بند (الف)(4) و (e) مجموعه قوانین ایالات متحده، این یادداشت به منزله ابلاغ مدارک مذکور به دولت جمهوری اسلامی ایران تلقی می گردد.

سفارت علاوه بر حکم، اعلامیه حکم قضاوت که توسط شاکی دائر بر خلاصه ماهیت پرونده و مشتمل بر رونوشتی از مجموعه قوانین ایالات متحده آمریکا در خصوص دادخواست علیه دولتهای خارجی تهیه شده است، را به پیوست ایفاد می دارد. لطفاً توجه داشته باشید که متعاقب مقررات فصل 28 بخش 1610 مجموعه قوانین ایالات متحده آمریکا، اقدامات اجرائی و حکم می توانند بعد از مدت زمان معقول از دادن اطلاع از حکم غیابی، آغاز گردد.

سفارت بدینوسیله اشعار می دارد که بموجب قوانین ایالات متحده آمریکا، هر گونه دفاع مربوط به قلمرو قضائی و اداری و یا دفاع دیگری، از جمله عنوان نمودن مصونیت دولت ها، باید در مقابل  دادگاه صورت گیرد. از این رو مشورت با یک مشاور حقوقی در ایالات متحده آمریکا توصیه می گردد. وزارت امور خارجه ایالات متحده آمریکا آماده گفتگو با مشاور در مورد قوانین مربوطه میباشد. دولت ایالات متحده آمریکا از طرفین این پرونده نبوده و نماینده هیچ یک از طرفین نخواهد بود.

سفارت سوئیس، قسمت حافظ منافع خارجی، موقع را مغتنم شمرده ٔمراتب احترامات فائقه خود را نسبت به وزارت امور خارجه جمهوری اسلامی ایران تجدید می نماید.

تهران - بتاریخ پانزدهم فروردین ماه ۱۴۰۲ (۴ آوریل ۲۰۲۳)

پیوست: ۱ – حکم و اعلامیه حکم قضاوت

۲ - ترجمه ها



اداره امور آمریکا

وزارت امور خارجه

جمهوری اسلامی ایران

تهران

</div>