**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

 Plaintiffs,

v.

APPROXIMATELY 127,271 BITCOIN
(BTC) PREVIOUSLY STORED AT THE
VIRTUAL CURRENCY ADDRESSES
LISTED IN ATTACHMENT A, AND ALL
PROCEEDS TRACEABLE THERETO,

    Defendants *In Rem*.

Civil Action No. 1:25-cv-05745 (RPK)

## NOTICE OF VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE IN REM

The Hirshfeld Claimants are the estate, heirs, and immediate family members of Yonadav

Hirshfeld, who was killed by a shooter affiliated with the Iranian sponsored terrorist organization

Hamas. The Hirshfeld Claimants have been awarded a total judgment of $191,950,000 in

compensatory and punitive damages under 28 U.S.C. §1605A against the Islamic Republic of

Iran ("Iran") for providing material support to Hamas to carry out the attack.[1] The judgment was

sent to Iran pursuant to 28 U.S.C. § 1608(a)(3) but was returned as undeliverable.

The Hirshfeld Claimants just recently learned about this forfeiture action and the

allegations and evidence set forth in the complaint at Dkt. No. 1 in *Fritz v. Iran and China*

*Investment Development Group d/b/a Lubian.com*, No. 1:25-cv-07093 (E.D.N.Y.) (the "Fritz

Action"). Specifically, the Hirshfeld Claimants learned that the Defendant Cryptocurrency at

issue in this forfeiture action is property of the Iran and China Investment Development Group

---

[1] The Court awarded the Hirshfeld claimants $41,950,000 in compensatory damages and $150
million in punitive damages.

("Iran-China Group"). *Fritz*, Dkt. No. 1 at 53. The Hirshfeld Claimants promptly sought leave to file this Notice upon learning of this information and this proceeding.

As alleged by the Fritz plaintiffs at Dkt. No. 1, the Iran-China Group, doing business on the blockchain as Lubian.com or LuBian, is an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran. Through this scheme, sanctioned Iranian oil and gas are converted into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems.

Based on the information newly revealed by the allegations in the *Fritz* Action, under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, the Hirshfeld Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "[n]otwithstanding any other provision of law." Accordingly, the Hirshfeld Claimants hereby assert their superior interest in so much of the Approximately 127,271 bitcoin ("BTC") previously stored at the virtual currency addresses listed in Attachment A, and all proceeds traceable thereto ("Defendant Cryptocurrency") as may ultimately be necessary to satisfy the Hirshfeld Claimants' outstanding compensatory damages judgments against Iran, plus post-judgment interest thereon. TRIA makes the Hirshfeld Claimants' interest in the Defendant Cryptocurrency senior to any interest of the U.S. government. In support of this Notice, the Hirshfeld Claimants state as follows:

I.     **The Hirshfeld Claimants Have Been Awarded A Total Judgment Of $191,950,000 In Damages Against Iran.**

1.     The Hirshfeld Claimants are the estate, heirs, and immediate family members of Yonadav Hirshfeld, who was killed by a shooter affiliated with Hamas.

2

2.      In 2018, the United States District Court for the District of Columbia determined that Iran was liable under 28 U.S.C. § 1605A for causing the Hirshfeld Claimants' damages and entered judgment awarding them compensatory and punitive damages.

3.      The damages awarded to Hirshfeld Claimants total $191,950,000 with $41,950,000 in compensatory damages and $150,000,000 in punitive damages. *See* Judgment, *Estate of Yonadav Hirshfeld et al. v. Islamic Republic of Iran, et al.*, No. 1:15-cv-01082-CKK, Dkt. No. 43.

4.      To date, Iran has not paid any portion of any of the Hirshfeld Claimants' judgment. This judgment continues to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

## II.     The Hirshfeld Claimants Only Recently Learned Of The Relationship Between The Defendant Cryptocurrency And The Government Of Iran.

9.      Based on information the Hirshfeld Claimants only recently learned, it appears that the Defendant Cryptocurrency is directly tied to the Iranian government, which was not clear from the forfeiture pleadings filed by the U.S. government.

10.     On December 26, 2025, other victims of Iran's state-sponsored terrorism filed a separate action alleging that LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist Iran's continuing efforts to evade U.S. sanctions. *See Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, Case No. 1:25-cv-07093 (E.D.N.Y.), Complaint for Execution and Turnover, Dkt. No. 1.

11.     Plaintiffs in the *Fritz* Action, along with another group of victims of Iran's state sponsored terrorism (the "Baxter Victims"), filed Notices of Verified Claims in this action on

December 29, 2025. *See* Dkt. Nos. 29 and 30. Additional Notices of Verified Claims have since been filed in this action. *See, e.g.*, Dkt. Nos. 39, 52, 69, 70, 86, 88, 107, 112, 118, 125, 152, 163.

12.     Based on the information revealed in the allegations in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Hirshfeld Claimants now submit this Notice of Verified Claim.

### III.     Under TRIA, Hirshfeld Claimants Have A Senior Interest In The Defendant Cryptocurrency.

13.     In the context of a forfeiture action, at this stage of the proceedings, the Hirshfeld Claimants need only assert that they have a "facially colorable interest" in the property at issue. *United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (citation omitted). "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." *Id.* at 110 (citation omitted). Here, based on the information alleged in the *Fritz* Action and summarized by the Notices of Verified Claims filed by the other terrorism victim claimants in this action, the Hirshfeld Claimants have far more than a "facially colorable interest" in the Defendant Cryptocurrency.

14.     The Hirshfeld Claimants are judgment creditors of Iran as a result of Iran's acts of state-sponsored terrorism. As has now been alleged, because the Iran-China Group was or is an agent or instrumentality of Iran, TRIA entitles the Hirshfeld Claimants to execute on the Defendant Cryptocurrency to satisfy those judgments "[n]otwithstanding any other provision of law." TRIA § 201(a). Accordingly, the Hirshfeld Claimants have a possessory interest in the Defendant Cryptocurrency, which permits them to bring the claims asserted here.

15.     Specifically, TRIA provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on the "blocked assets" of that terrorist party or its "agency or instrumentality" "to satisfy such judgment to the extent of any

4

compensatory damages." Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002), codified at 28 U.S.C. § 1610 Note. TRIA's cornerstone is the statute's broad "notwithstanding" clause, which aims to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce [their] judgments." *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391-92 (2009) (Kennedy, J., concurring). The notwithstanding clause "mak[es] plain that the force of the [statute] extends everywhere" and "supersede[s] all other laws." *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted). Accordingly, because it expressly overrides conflicting laws, TRIA's notwithstanding clause necessarily overrides "the civil-forfeiture statute." *Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

16.     Because the Hirshfeld Claimants satisfy the requirements of TRIA, their interest in the Defendant Cryptocurrency necessarily is superior to the claims of the U.S. government, as well as all other non-TRIA claimants, in this forfeiture action. To start, as explained above, the Hirshfeld Claimants hold a judgment for compensatory damages against Iran based on an act of terrorism under 28 U.S.C. § 1605A. Next, Iran is a "terrorist party" because it has been designated as a state sponsor of terrorism under the Export Administration Act of 1979. *See* TRIA § 201(d)(4); Executive Order No. 13599, 77 Fed. Reg. 6659 (Feb. 5, 2012). Additionally, as alleged in the *Fritz* Action, the Iran-China Group operated as Iran's agency or instrumentality by materially helping Iran avoiding U.S. sanctions, while providing the material function to Iran of laundering its energy resources through cryptocurrency mining, at Iran's direction and behest. *See Fritz* Action, Dkt. No. 70, Plaintiffs' Memorandum of Law in Support of Motion for Attachment, at 13–17 (Dec. 28, 2025); *see also Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107,

5

135 (2d Cir. 2016). Finally, under TRIA, "[b]locked assets" include "any asset seized or frozen by the United States" pursuant to the International Emergency Economic Powers Act. TRIA § 201(d)(2)(A).

17.    The U.S. government has used its authority under that statute to "block" all Iranian property in the United States, including the property of agencies or instrumentalities of Iran. 31 C.F.R. §§ 560.211, 594.201(a)(5); *Kirschenbaum*, 830 F.3d at 120. As a result, if the Iran-China Group is an agency or instrumentality of Iran, all property of the Iran-China Group qualifies as a blocked asset under TRIA. *See Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022). Because the Defendant Cryptocurrency is property of the Iran-China Group, it is therefore blocked and subject to execution by the Hirshfeld Claimants under TRIA.

18.    Pursuant to 18 U.S.C. § 983(a) and Rule G, the Hirshfeld Claimants hereby assert a protective, prophylactic claim against such amount of the Defendant Cryptocurrency—as the property of an agency or instrumentality of Iran—as may ultimately be necessary to satisfy the outstanding compensatory damages owed to them under their judgment against Iran, plus post-judgment interest, based on the date the Defendant Cryptocurrency is valued for purposes of judgment. The Hirshfeld Claimants' claim is senior to the U.S. government's claim. Notwithstanding the U.S. government's forfeiture efforts, the Hirshfeld Claimants reserve all rights and remedies available in law and equity to enforce their interest in the Defendant Cryptocurrency.

19.    This claim is verified under penalty of perjury by the attached (or separately filed) §1746 declaration, executed by an authorized signatory on behalf of the Hirshfeld Claimants.

Dated: March 24, 2026

                  */s/ Robert A. Braun*\
                  Robert A. Braun (Bar Code 5384748)\
                  **COHEN MILSTEIN SELLERS & TOLL PLLC**\
                  1100 New York Ave. NW ● Eighth Floor\
                  Washington, DC 20005\
                  (202) 408-4600\
                  RBraun@cohenmilstein.com

                  Paul G. Gaston (pro hac vice)\
                  The Law Offices of Paul G. Gaston\
                  1101 Connecticut Avenue, NW, Suite 450\
                  Washington DC 20036\
                  (202) 296-5856\
                  paul@gastonlawoffice.com

                  *Counsel for Hirshfeld Claimants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br> Plaintiffs,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>    Defendants *In Rem*. | Civil Action No. 1:25-cv-05745 (RPK) |

**VERIFICATION OF HIRSHFELD CLAIMANTS' CLAIMS**

Robert A. Braun, an attorney duly licensed to practice law in New York, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a partner in the law firm Cohen Milstein Sellers & Toll PLLC, 1100 New York Ave NW #800, Washington, DC 20005.

2.      The statements regarding the D.D.C. judgments/service and related matters are within my personal knowledge and/or based on review of the official dockets. Statements regarding ownership/instrumentality of the Defendant are based on allegations and filings in *Fritz v. Iran & China Investment Development Group*, No. 1:25-cv-07093 (E.D.N.Y.) ("*Fritz* Action").

3.      Cohen Milstein represents the Hirshfeld Claimants in this action.

4.      The Hirshfeld Claimants have been awarded $191,950,000 in total with $41,950,000 in compensatory damages and $150,000,000 in punitive damages under 28 U.S.C. § 1605A against the Islamic Republic of Iran ("Iran") for its role in the killing of Yonadav

Hirshfeld. *See* Judgment, Case No. 1:15-cv-01082-CKK, Dkt. No. 43, attached hereto as Exhibit 1.

5.    The judgment was served via DHL on Iran pursuant to 28 U.S.C. § 1608(a)(3) but was returned as undeliverable, attached hereto as Exhibit 2.

6.    As detailed in a related action pending in this Court—the *Fritz* Action—the 127,271 Bitcoin that constitute the Defendant Cryptocurrency in the instant action belong to Iran and China Investment Development Group ("Iran-China Group"), doing business as Lubian.com or LuBian. *See Fritz* Action, Dkt. No. 1. The Iran-China Group is an agency or instrumentality of Iran. *Id.* ¶ 20. Accordingly, its assets are blocked by operation of U.S. law. *See* Executive Order No. 13599, 77 Fed. Reg. 6659, 6659 (Feb. 5, 2012).

7.    To preserve the Hirshfeld Claimants' ability to pursue execution and turnover of the 127,271 Bitcoin—which constitute the Defendant Cryptocurrency in this action—on behalf of the Hirshfeld Claimants pursuant to N.Y. CPLR 3020(d), I hereby notice and verify the claims of the Hirshfeld Claimants against the Defendant Cryptocurrency. Because the Terrorism Risk Insurance Act ("TRIA") allows victims of terrorism with judgments against state sponsors of terrorism to pursue execution and turnover against blocked assets of those terrorist states or their agents or instrumentalities—including such assets that have been "seized" by the U.S. government—"notwithstanding any other provision of law," TRIA § 201(a), I hereby notice and verify the Hirshfeld Claimants' superior interest in so much of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the outstanding compensatory damages owed to the Hirshfeld Claimants on their judgments against Iran, plus pre- and post-judgment interest.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: March 24, 2026

/s/ Robert A. Braun
Robert A. Braun (D.C. Bar 1023352)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com


Paul G. Gaston (pro hac vice)
The Law Offices of Paul G. Gaston
1101 Connecticut Avenue, NW, Suite 450
Washington DC 20036
(202) 296-5856
paul@gastonlawoffice.com

*Counsel for Hirshfeld Claimants*

3

# Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ESTATE OF YONADAV HIRSHFELD, *et al*,
Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN,
Defendant.

Civil Action No. 15-1082 (CKK)

**ORDER**
(August 30, 2018)

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby this 30th

day of August, 2018,

ORDERED that this Court GRANTS Plaintiffs' [30] Motion for Default Judgment against

Defendant the Islamic Republic of Iran ("Iran") and awards damages totaling $191,950,000.00 to

the Plaintiffs herein. More specifically, the Estate of decedent Yonadav Hirshfeld shall be awarded

$1,000,000.00 in damages for Yonadav Hirshfeld's pain and suffering. Yonadav Hirshfeld's

parents, Elisheva and Zemach Hirshfeld, shall be awarded $5,000,000.00 each in solatium

damages and $950,000.00 jointly in economic damages. Yonadav's twelve siblings — Shalom

Hirshfeld, Zimrat Bracha Zuckerman, Haya Hamital Novik, Yedidya Hirshfeld, Hana Shandorfy,

David Yinon Hirshfeld, Aviya Freedman, Nehemiya Hirshfeld, Amiel Hirshfeld, Elyashiv

Schmuel Hirshfeld, and minors EH and SH (through their mother) — shall each be awarded

$2,500,000.00 in solatium damages. Punitive damages against Iran are awarded in the amount of

$150,000,000.00 to the family of Yonadav Hirshfeld.

**THIS IS A FINAL APPEALABLE ORDER**.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

# Exhibit 2

CO 939
Rev. 9/2017

# UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

ESTATE OF YONADAV HIRSHFELD et al
_____
Plaintiff(s)

vs.                                    Civil Action No.: 15-cv-01082-CKK

ISLAMIC REPUBLIC OF IRAN
_____
Defendant(s)

## CERTIFICATE OF MAILING

I hereby certify under penalty of perjury, that on the __14th__ day of _____September_____, 20 _18_ ,
I mailed:

1. ☐ One copy of the summons and complaint by registered mail, return receipt requested , to
   the individual of the foreign state, pursuant to the provisions of FRCP 4(f)(2)(C)(ii).

2. ☒ One copy of the default judgment ▼, together with a translation of each into
   the official language of the foreign state, by DHL ▼, to the head of
   the ministry of foreign affairs, pursuant to the provisions of 28 U.S.C. § 1608(a)(3).

3. ☐ Two copies of the summons, complaint and notice of suit , together with a translation of each
   into the official language of the foreign state, by certified mail, return receipt requested , to the
   U.S. Department of State, CA/OSC/L, SA-17, 10th Floor, Washington, DC 20522-1710, ATTN:
   Director of Overseas Citizens Services, pursuant to the provisions of 28 U.S.C. § 1608(a)(4).

4. ☐ One copy of the summons and complaint , together with a translation of each into the official
   language of the foreign state, by registered mail, return receipt requested , to the agency or
   instrumentality of the foreign state, pursuant to 28 U.S.C. § 1608(b)(3)(B).

ANGELA D. CAESAR, CLERK

By: _____/S/ T. Davis_____
Deputy Clerk

