# GIBSON DUNN

Robert Weigel
Partner
T: +1 212.351.3845
M: +1 917.573.8265
rweigel@gibsondunn.com

March 25, 2026

<u>VIA CM/ECF</u>

The Honorable Clay H. Kaminsky
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *United States v. Approximately 127,271 Bitcoin*, No. 25-cv-5745 (RPK) (CHK)
       <u>*Fritz and Baxter Victims' Position on Entry of a Protective Order*</u>

Dear Judge Kaminsky:

The *Fritz* and *Baxter* Victims—over 2,400 victims of state-sponsored terrorism who collectively hold more than $25 billion in judgments against the Islamic Republic of Iran ("Iran")—timely filed claims in this case on December 29, 2025.  Dkts. 29, 30.[1]  They write in response to the filings from several claimants and the government regarding the entry of a protective order to govern the use of confidential information produced in this action, which Judge Kovner referred to Your Honor.  *See* Dkts. 328 (Chen Zhi and Prince Holding Group ("Prince Group")), 334 (Warp Data Technology Lao Sole Co. Ltd. ("Warp Data")), 346 (Breitweiser Claimants), 352 (United States), 353 (LuBian); *see also* Min. Order (Mar. 20, 2026).  The *Fritz* and *Baxter* Victims respectfully request that—as parties to this action—they be allowed to participate in discussions regarding a protective order and that the order allow them to receive any responses to the Supplemental Rule G(6) special interrogatories when they are served and all other discovery responses.

The proposed order that Chen and Prince Group have submitted would limit disclosure of their confidential discovery material to (as relevant here) "The Parties," a term they define to include only Chen, Prince Group, and the government, and potentially to other parties once they have "established standing" by overcoming a motion to strike or not receiving a timely motion to strike by the government.  Dkt. 328-3 ¶¶ 1(e), 5(a), 13.  But the governing rules require that discovery materials be served on *all* parties, and Chen and Prince Group have identified no basis for departing from that principle.  *See* Dkt. 328 at 2-3.  The government's proposed order, by contrast, rightly would allow any "party to this litigation that has signed this stipulated Protective Order" to access discovery materials produced by other parties.  Dkt.

---

[1] The *Fritz* Victims are also plaintiffs in *Fritz v. Iran & China Investment Development Group*, No. 25-cv-07093 (RPK), where they are seeking to attach the Defendant Cryptocurrency at issue in this forfeiture action under the Terrorism Risk Insurance Act on the ground that the Cryptocurrency are blocked assets of an instrumentality of Iran.

Page 2

352 Ex. A ¶¶ 1(e), 5(a).[2]  The *Fritz* and *Baxter* Victims respectfully submit that the appropriate course here is to allow all claimants who have timely filed a claim—and thus are proper parties—to participate in the discussions about the proposed protective order and to receive documents, including responses to special interrogatories, pursuant to the protective order.

Under Supplemental Rule G, which incorporates the Federal Rules of Civil Procedure "[t]o the extent that [it] does not address an issue," Supp. R. G(1), "[t]he extent and timing of discovery are governed by the ordinary rules," Supp. R. G advisory committee note (2006). And under those rules, "a discovery paper required to be served on a party" "must be served on every party," unless the court orders otherwise.  Fed. R. Civ. P. 5(a)(1)(C); *see, e.g.*, *In re WorldCom, Inc.*, 708 F.3d 327, 335 n.40 (2d Cir. 2013) (recognizing that "discovery papers … 'must be served on every party'").  Accordingly, all parties to this action—not just those receiving and responding to special interrogatories—are entitled to be served with all discovery papers.

The filings regarding a protective order fail to identify any basis to depart from that principle here.  As the government rightly points out, Chen and Prince Group's proposal is not "consistent with the relevant rules" and would "excuse[]" them "from the same procedures" they seek to impose on other claimants.  Dkt. 352 at 2.  And given the multiple briefing tracks happening in parallel, there is no reason to exclude claimants who are presently parties in this action from receiving discovery as it is being served on the government until all of the government's current (or hypothetical future) challenges to claimants' standing have been resolved.[3]  The Chen proposal only to share discovery responses with the government, the self-defined "Parties," and "those who have standing to assert their claim," Dkt. 328 at 2, is immediately self-defeating.  LuBian and Warp Data also seek to join as "Parties" to the protective order, Dkts. 334, 353, which Chen and the Prince Group have not opposed, but the standing of all of these claimants—Chen, the Prince Group, LuBian, and Warp Data—is unresolved and currently under scrutiny by the government (indeed, the government served special interrogatories on them precisely to assess this issue). Chen, the Prince Group, LuBian, and Warp Data have not explained why it is appropriate for them—and only them—to count as "Parties" and to share discovery responses amongst themselves, even while it is unclear whether they have standing, while simultaneously excluding other claimants in the action. Rather than such a lopsided proposal, the most straightforward approach is the one the government has proposed:  Allowing all timely claimants in this case to count as "Parties" and to access discovery materials as soon as they agree to and sign the protective order.  Dkt. 352 Ex. A ¶¶ 1(a), 13.

---

[2] The government has asserted that it "does not oppose some limitation on the sharing of discovery among claimants" but has not set out any justification for doing so.  Dkt. 352 at 2.

[3] To date, the government has not challenged the standing of the *Fritz* and *Baxter* Victims, though it has reserved its right to do so in the future.  Dkt. 224 at 2.

Page 3


The *Fritz* and *Baxter* Victims thus submit that the protective order should cover—and facilitate access to discovery materials by—all parties properly in this action. That category includes all claimants like the *Fritz* and *Baxter* Victims who have timely filed claims, but it should not include the putative claimants that have sought leave to file claims out of time after failing to file before the deadline set (and later extended) by this Court. Their motions have not yet been granted, so they have not yet actually filed claims. *See, e.g.*, Min. Order (Jan. 15, 2026) ("constru[ing]" a claim filed out of time "as a motion for leave to file a verified claim"). The putative claimants thus are not yet proper parties to this action, and the government has argued that their requests for leave to file should be denied. Dkt. 126; *see also* Dkt. 353 at 2 (LuBian asserting that putative claimants "are not currently parties to this litigation" and should not be allowed to "participat[e] in the discovery process"); *cf. Moses v. City of Perry*, 90 F.4th 501, 505 (6th Cir. 2024) (in the intervention context, "a nonparty does not become a party until the district court grants the motion to intervene" (citing *Robert Ito Farm, Inc. v. Cnty. of Maui*, 842 F.3d 681 (9th Cir. 2016)). Accordingly, the protective order should require the service of all discovery papers on all the parties currently in the case—but it should not permit putative parties to access those materials unless and until the Court permits them to participate as parties in these proceedings.

Finally, the *Fritz* and *Baxter* Victims express reservation about the government's proposal to require that confidential discovery material disclosed under the protective order can be shown to potential witnesses overseas only in the presence of a party's counsel. Dkt. 352 Ex. A ¶ 7(f). The *Fritz* and Baxter Victims have been working with expert witnesses overseas, and if this provision is construed to mean that a party's counsel must be physically present with potential witnesses for them to review confidential information, it will significantly hamper their investigation and litigation preparation. In an age of video conferencing, the *Fritz* and *Baxter* Victims respectfully submit that parties' counsel should be able to show confidential discovery material to potential witnesses remotely.

Thank you for considering these concerns. The *Fritz* and *Baxter* Victims respectfully request that they be included in any protective order and able to participate in continuing discussions about such order.


Respectfully,

GIBSON, DUNN & CRUTCHER

*/s/ Robert L. Weigel*

Robert L. Weigel

*Attorney for Fritz and Baxter Victims*