Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, Eighth Floor
Washington, DC 20005
cohenmilstein.com

# COHENMILSTEIN

March 26, 2026

*Via ECF Only*

The Honorable Rachel P. Kovner
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:        *United States v. Approximately 127,271 Bitcoin,* No. 1:25-cv-05745

Dear Judge Kovner:

We represent the Encinas Claimants and DiBenedetto Claimants, who are servicemembers killed or injured in the 1983 bombing of the United States Marine barracks in Beirut, Lebanon, their estates, and family members. Based on the harm suffered from this terrorist attack, the Encinas Claimants and DiBenedetto Claimants collectively hold judgments totaling $614,564,928.69, which include $138,415,524.48 in compensatory damages and $476,149,404.21 in punitive damages.[1]

We write to respectfully request an extension of time for the Encinas Claimants and DiBenedetto Claimants ("the Claimants") to file their attached verified claims to the Defendant Cryptocurrency at issue in this action.

Generally, a "motion to file a late claim against seized property is governed by the 'excusable neglect' standard of [Fed. R. Civ. P.] 6." *United States v. Real Prop. & Premises Located at 26421 Riverrock Way, Santa Clarita, Cal. 91350-3995*, No. 15-CV-6762 (ARR) (RML), 2025 WL 1291658, at *4 (E.D.N.Y. May 5, 2025). But as this Court noted in this Action, in an *in rem* forfeiture action, the Court may "for good cause set[ ] a different time by which a claimant may contest the forfeiture by filing a claim." *United States v. Approximately 127,271 bitcoin previously stored at virtual currency addresses listed in Attachment A*, No. 1:25-CV-05745-RPK, 2025 WL 3652955, at *1 (E.D.N.Y. Dec. 11, 2025) (citing Fed. R. Civ. P. G(5)(a)(ii)) ("*127,271 bitcoin*"); *see United States v. $417,143.48, Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents*, 682 F. App'x 17, 19 (2d Cir. 2017)

---

[1] *Encinas et al. v. Islamic Republic of Iran et al.*, No. 1:18-cv-02568, Dkt. Nos. 46, 60; *DiBenedetto et al. v. Islamic Republic of Iran et al.*, No. 1:16-cv-02429, Dkt. Nos. 38, 52.

March 26, 2026
Page 2

(recognizing that a court has "discretion in appropriate circumstances to depart from the strict compliance standard embodied by Rule G(5).”). Though this Circuit has not adopted express guidelines regarding the scope of good cause, "[n]umerous courts have held--in the analogous context where the Court extended the deadline for a late-filed claim--that where putative claimants have placed the court and the government on notice of their interest in the property and their intent to contest the forfeiture, courts will grant extensions of time, recognizing both the good-faith effort put forth and the lack of prejudice to the government under such circumstances." *127,271 bitcoin*, 2025 WL 3652955, at *1 (citation modified).

We respectfully submit that the Claimants meet the good cause and excusable neglect standards for extending the deadline to submit their claim. The Government's *in rem* complaint in this Action did not make clear that the assets at issue were traceable to the Iranian government. *See generally* ECF No. 1. The complaint instead focused on property seized from the illegal operations of the Prince Holding Group—a criminal enterprise operating in various countries. It mentioned Iran once, and only in the context of generally stating that "Lubian was a Chinese bitcoin mining operation that maintained bitcoin mining facilities across Asia, including in China and Iran." *Id.* ¶ 16(u).

Thus, the Claimants learned only this week about this forfeiture action and the allegations in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, No. 1:25-cv-07093 (E.D.N.Y.). In *Fritz*, the plaintiffs alleged that the Defendant Cryptocurrency at issue in this forfeiture action is the property of the Iran and China Investment Development Group ("Iran-China Group"). In their complaint, the *Fritz* plaintiffs asserted that the Iran-China Group did business on the blockchain as Lubian.com or Lubian and served as an agency or instrumentality of Iran that has materially supported Iran's efforts to evade U.S. sanctions by mining cryptocurrency in Iran.

Moreover, despite Rule G(5)'s requirements that it do so, the Government did not provide the Claimants any direct notice of the action despite being aware of the interests of victims of Iranian terrorism, including specifically the interests of the Relvas claimants who are approved claimants of the DOJ-administered United States Victims of State Sponsored Terrorism ("USVSST") Fund. *See* ECF Nos. 29 and 30; *see also* Rule G(4)(b)(i) (requiring that "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)."). As a result, none of the claimants received direct notice of this forfeiture action and the undersigned counsel became aware of Iran's interest in the Defendant Cryptocurrency on February 2, 2026, after the December 29, 2025 deadline imposed by this Court.

The Claimants, however, acted promptly upon becoming aware of their potential interest in the action. *See United States v. Premises & Real Prop. At 4492 S. Livonia Rd., Livonia, N.Y.*, 889

March 26, 2026
Page 3

F.2d 1258, 1262 (2d Cir. 1989) ("When, as here, a claimant has made a sufficient showing of interest in the property through the filing with the court of a motion and accompanying affidavits, technical noncompliance with the procedural rules governing the filing of claims may be excused."). And no other parties will be prejudiced by allowing the Claimants to file their claims. The Court has yet to adjudicate any substantive issues in this action, and the Government has received timely notice of the existence of claims by other victims of Iranian terrorism, whose claims are substantially related to those of the Claimants.

Finally, including under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, and 28 U.S.C. § 1610, the Claimants have the right to attach and execute on the property of Iran and its agencies and instrumentalities—including Iran-China Group—"[n]otwithstanding any other provision of law." Thus, the Claimants have an interest in as much of the Defendant Cryptocurrency as may be necessary to satisfy their outstanding compensatory damages judgments against Iran, plus post-judgment interest, which interest is superior to that of the U.S. government.

We thank the Court for its attention to this matter.

Sincerely,

*/s/ Robert A. Braun*_____
Robert A. Braun (Bar Code 5384748)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Counsel for All Claimants*