UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNITED STATES OF AMERICA
           Plaintiff                    Case No. 1:25-cv-05745-RPK

-against-

APPROXIMATELY 127,271 BITCOIN ("BTC")
PREVIOUSLY STORED AT THE VIRTUAL
CURRENCY ADDRESSES LISTED IN
ATTACHMENT A, AND ALL PROCEEDS
TRACEABLE THERETO
           Defendant
--------------------------------------------------------------X
CORRECTED COMPLAINT OF INTEREST
VERIFIED CLAIMS PURSUANT TO
SUPPLEMENTAL RULE G
--------------------------------------------------------------X

Pursuant to Federal Rules of Civil Procedure, Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Claimants identified in Schedule A ("Claimants"), submit these Verified Claims asserting their interests in a portion of the 127,271 Bitcoin ("Defendant Property"), as defined in the United States government's Verified Complaint *In Rem* ("Complaint").[1] *See* Dk 1.

Claimants allege as follows:

1. Claimants, and the amount of the Defendant Property each Claimant asserts an interest in, are identified via pseudonym in Schedule A, attached hereto.

2. Claimants each have an interest in a portion of the Defendant Property.

3. Claimants' interests are as lawful owners and/or beneficiaries of a portion of the Defendant Property.

---

[1] This Corrected Complaint is being submitted to correct discrepancies in Schedule A as originally submitted, and is otherwise unchanged.

1

4.   Each Claimant held a lawful ownership interest in the Defendant Property at the time it was stolen from them. No Claimant has ever voluntarily assigned, or abandoned their lawful ownership interest in the Defendant Property, and each Claimant continues to hold their lawful ownership interest in the Defendant Property.

5.   Each Claimant was a victim of the criminal offenses underlying the forfeiture of the Defendant Property. Specifically, each Claimant fell victim to the scheme(s) the Complaint describes. This sort of scheme is unfortunately common and results in the theft of billions of dollars in virtual currency annually. Perpetrators convinced most of the Claimants identified in Schedule A to download and use what appeared to be legitimate mobile investment applications meant for cryptocurrency trading.[2] These apps, in reality, were not connected to any legitimate developer, financial institution, or other organization. Malicious perpetrators created and controlled the apps and presented a façade of fake balances and transactions that appeared real. Claimants each deposited their virtual currency at the perpetrators' direction under the belief that they were sending funds to a legitimate exchange platform and into wallets in the custody and control of the Claimants. Instead, however, the perpetrators controlled the wallets and stole Claimants' funds.

6.   Blockchain tracing of Claimants' stolen cryptocurrency has been performed.  As reflected in the tracing reports, each Claimant's stolen cryptocurrency was laundered through a network of wallets believed to be owned or controlled by the Prince Group's criminal enterprise.

7.   Claimants' stolen assets were fraudulently taken by the perpetrators. Claimants did not voluntarily transfer ownership of their stolen assets to the perpetrators AND Claimants

---

[2] A few of the Claimants' assets were stolen through sophisticated impersonation schemes or through cyber attacks.

were not knowingly involved in any unlawful conduct. Claimants are innocent owners as defined under 18 U.S.C. § 983(d) and possesses superior ownership rights to the specific property derived from their stolen cryptocurrency proceeds.

8.   This filing constitutes a Verified Claim, not a discretionary petition for remission, as Claimant asserts a direct ownership interest rather than a request for administrative mitigation. However, should any of the Claimants' claims be denied in whole or in part, Claimant requests that this Verified Claim be converted into a Verified Petition for Remission.

Respectfully Submitted,

Date: March 30, 2026.                    THE HODA LAW FIRM, PLLC

Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
3120 Southwest Fwy Ste. 101
PMB 51811 Houston,
TX 77098 o. (832)
838-0036
marshal@thehodalawfirm.com

*Attorney for Claimants*

4

## SCHEDULE A

| Claimant No. | Claimant | Amount Claimed |
|---|---|---|
| 1 | S.A. | $211,273 |
| 2 | C.B. | $2,936,610 |
| 3 | C.B. | $176,816 |
| 4 | B.C. | $2,465,789 |
| 5 | C.D. | $417,306 |
| 6 | E.E. | $896,226 |
| 7 | S.F. | $353,201 |
| 8 | T.F. | $323,935 |
| 9 | D.F. | $1,407,167 |
| 10 | J.G. | $152,591 |
| 11 | D.G. | $624,698 |
| 12 | P.H. | $801,898 |
| 13 | Y.H. | $3,102,677 |
| 14 | R.H. | $1,307,119 |
| 15 | K.J. | $168,845 |
| 16 | M.K. | $375,803 |
| 17 | J.K. | $799,676 |
| 18 | R.L. | $175,849 |
| 19 | K.M. | $635,968 |

| 20 | D.M. | $238,289 |
|----|------|----------|
| 21 | R.M. | $510,499 |
| 22 | D.R. | $77,131 |
| 23 | W.R. | $1,401,237 |
| 24 | R.R. | $550,000 |
| 25 | J.S. | $253,869 |
| 26 | S.S. | $1,849,172 |
| 27 | W.S. | $513,934 |
| 28 | A.S. | $375,986 |
| 29 | G.S. | $2,172,324 |
| 30 | L.T. | $4,535,852 |
| 31 | S.T. | $619,221 |
| 32 | C.W. | $678,325 |
| 33 | T.W. | $421,810 |
| 34 | X.Z. | $263,372 |
| 35 | R.P. | $130,355 |
| 36 | D.B. | $51,651 |
| 37 | D.A. | $142,917 |
| 38 | S.A. | $42,101 |
| 39 | B.L. | $123,501 |
| 40 | S.N. | $887,799.28 |

| 41 | F.B. | $239,287.05 |
| 42 | N.F. | $1,492,565.23 |
| 43 | W.Z. | $90,834.40 |
| 44 | P.L. | $4,070,026 |