

# CLAIM FORM

## YOU MUST COMPLETE __ALL__ PARTS OF THIS FORM FOR THE ASSETS YOU ARE CLAIMING.

**Note**: There is no legal form or format required for filing a claim; this document is provided for your convenience. Please visit https://www.forfeiture.gov/FilingClaim.htm for more specific guidance on filing your claim with the appropriate seizing agency.

**Frivolous Claim Statement**:  If a court finds that a claimant's assertion of an interest in property was frivolous, the court may impose a civil fine. Title 18 United States Code, Subsection 983(h). A false statement or claim may subject a person to criminal prosecution under Title 18 United States Code, Sections 1001 and 1621.

**Privacy Act Notice**:  The Department of Justice is collecting this information for the purpose of processing your claim. Providing this information is voluntary; however, the information is necessary to process your application. Information collected is covered by Privacy Act System of Records Notice Department of Justice (DOJ), DOJ-002-DOJ Computer Systems Activity & Access Records, Federal Register (71 FR 29170). This information may be disclosed to contractors when necessary to accomplish an agency function, to law enforcement when there is a violation or potential violation of law, or in accordance with other published routine uses. For a complete list of routine uses, see the system of records notice listed above.

## SECTION I – CONTACT INFORMATION

| CLAIMANT INFORMATION | |
|---|---|
| **Claimant/Contact Name:** (Last, First) ███████ | |
| **Business/Institution Name:** (if applicable) | **Prisoner ID:** (if applicable) |
| **Address:** (Include Street, City, State, and Zip Code) | |
| **Social Security Number/Tax Identification Number:** (Enter N/A if you do not have one) N/A | |
| **Please provide an explanation why you do not have a Social Security Number, if above is N/A:** Claimant is a victim of a financial crime. If Claimant's SSN is not provided herein, claimant will provide the SSN upon request and via a secure link. | |
| **Phone:** (optional) | **Email:** (optional) |
| ATTORNEY INFORMATION (if applicable) | |
| **Attorney Name:** (Last, First) Hoda, Marshal J. | |
| **Attorney Title:** Founder | |
| **Firm Name:** (if applicable) The Hoda Law Firm, PLLC | |
| **Attorney Address:** (Include Street, City, State, and Zip Code) 3120 Southwest Fwy, Ste. 101, PMB 51811, Houston, TX 77098 | |
| **Are you an attorney filing this claim on behalf of your client?** ☒ YES ☐ NO | |
| **Attorney Phone:** (optional) (832) 848-0036 | **Attorney Email:** (optional) marshal@thehodalawfirm.com |

*If any of this information changes, you are responsible for notifying the agency of the new information.*

## SECTION II – ASSET LIST

*List each asset ID and asset description that you are claiming.*

| # | Asset ID | Asset Description |
|---|---|---|
| 1 | 24-FBI-009674 | approximately 127,271 Bitcoin ("BTC") |
| a | | 20,452.85228 BTC at address 3Pja5FPK1wFB9LkWWJai8XYL1qjbqqT9Ye |
| b | | 14,111.92546835 BTC at address 3FrM1He2ZDbsSKmYpEZQNGjFTLMgCZZkaf |
| c | | 2,999.09118947 BTC at address 3B1u4PsuFzww1P8if5jYmitXxpMs2EMSqt |
| d | | 1,000.08105870 BTC at address 3JJ8b7voMPSPChHazdHkrZMqxC7Cb4vNk2 |
| e | | 0.00736862 BTC at address 3PWNGS2357TnjRX7FpewqR3e3qsWwpFrJH |
| f | | 14,139.260 BTC at address 34Jpa4Eu3ApoPVUKNTN2WeuXVVq1jzxgPi |
| g | | 9,099.01146835 BTC at address 338uPVW8drux5gSemDS4gFLSGrSfAiEvpX |
| h | | 499.90936500 BTC at address |

| | | |
|---|---|---|
| | | 3J4sTPyD1g6KvNUSJxjwLs4iaPeDPqxUZr |
| i | | 3,000.09125022 BTC at address 33uEsaGLcF9H46Dvzx1kMnuMCQ13ndkAjV |
| j | | 9,500.99220072 BTC at address 3KabDvdetZXDHNm9HXowLc9SppiSXKn7UU |
| k | | 15,033.29416267 BTC at address 38Md7BghVmV7XUUT1Vt9CvVcc5ssMD6ojt |
| l | | 0.02415042 BTC at address 3GaB3nRWA1PLc3XQkkbpVtFwYYZEuMxD4i |
| m | | 3,000.09118974 BTC at address 32i6n2vXhjvJg1vniURFy7A5VK6eG6oDgg |
| n | | 4,500.00841044 BTC at address 3HuUiXmKN3beQSoM97kWjK1fesWWJvKvaZ |
| o | | 0.5084661 BTC at address 34MFtk9iMxYcUPZWXHfiGfqz4o7X3kpJbV |
| p | | 156.04996844 BTC at address 3LjTXe31gepN8nW3AZyKpyD2QwbtmfjNwm |
| q | | 2,700.44863780 BTC at address 3MHa8JJ3bu8j3x3iQHhqsrZvk1EjBQmC78 |
| r | | 10,500.04293955 BTC at address 3AWpzKtkHfWsiv9RGXKA3Z8951LefsUGXQ |
| s | | 4,500.00941044 BTC at address 34KYo7VdVr5CJ7m4hYhH9RpwqXhbsTrw4T |
| t | | 251.6000482 BTC at address 3DdFSGcXaP2rZ9CaL3tjnqRARvQ5K3VW4a |
| u | | 212.5930613 BTC at address 39B6oSa58qNpFMGpuowtRHAYp3fM4ghXRq |
| v | | 8,611.07446862 BTC at address 3NmHmQte2rP8pS54U3B8LPYQKkpG1pFF69 |
| w | | 2.16989588 BTC at address BA3PEF4BMoy9y3kdMRUdMhL8Gp24vikhF |
| x | | 1,500.01255361 BTC at address 389JrNcn8trYgYi2EtHi4X7bTCqtVbep86 |
| y | | 1,500.00 BTC at address 339khCuymVi4FKbW9hCHkH3CQwdopXiTvA |

**SECTION III – INTEREST IN PROPERTY**

*Identify your interest in each of the assets you are claiming. If you are filing for multiple assets and the responses are not the same for each asset, please print out multiple copies of this page to submit with the claim. If you have documentation that supports your interest in the claimed assets (e.g., bill of sale, retail installment agreements, contracts, titles or mortgages), please include copies of the documents with the submission of the claim.*

| INTEREST IN PROPERTY INFORMATION | |
|---|---|
| **Asset ID** | **Asset Description** |
| 24-FBI-009674 | See above 1.a through 1.y |
| | |

**In the space below, please explain why you have a valid, good faith, and legally recognizable interest in this asset:**

I.      **Narrative Description of Claimant's Victimization and Interest in Seized Property:**

The Claimant is a victim of a cryptocurrency investment fraud—commonly referred to as a "pig butchering" scam—perpetrated by individuals believed to be affiliated with or operating under the direction of The Prince Group. The fraudulent scheme began when the Claimant was contacted by an individual using a false or fictitious identity on social media. Over time, the perpetrator developed a relationship of trust through consistent and seemingly genuine communication. After establishing trust, the conversation shifted toward purported cryptocurrency investment opportunities. The perpetrator then directed the Claimant to move the discussion to a secure, end-to-end encrypted messaging application where detailed instructions were provided for opening a legitimate cryptocurrency exchange account.

On or about May 1, 2025, and acting on those instructions, the Claimant lawfully acquired cryptocurrency using personal funds and subsequently transferred those assets to what was represented to be wallet(s) owned and controlled by the Claimant held on a legitimate trading platform. Unbeknownst to the Claimant, the trading platform recommended by the perpetrators was fraudulent (BitPay) and the destination addresses provided were controlled by the perpetrators themselves. Once the transfers were completed, the Claimant lost access to the cryptocurrency and was unable to withdraw or recover the assets.

In total, the perpetrators of the fraudulent scheme misappropriated approximately \$\$130,355.32, which the Claimant hereby seeks to recover through this action.

Blockchain analysis later revealed that the cryptocurrency transferred by the Claimant was funneled through a series of intermediary wallets and mixing services designed to obscure the source and ultimate destination of the funds. Through tracing analysis, we have identified that certain transaction flows terminated in wallets believed to be owned or controlled by entities or persons associated with The Prince Group. These findings are consistent with patterns observed in related federal investigations into The Prince Group's laundering of stolen cryptocurrency through layered transactions and exchange-based obfuscation.

While the funds stolen from the Claimant cannot be conclusively traced to a specific address included in the government's seizure due to the deliberate complexity of the laundering scheme, the Claimant asserts that the seized cryptocurrency—totaling approximately 127,271 Bitcoin—is comprised, in whole or in part, of the proceeds of fraud perpetrated by The Prince Group. Accordingly, the Claimant asserts a legal and equitable interest in the seized digital assets pursuant to 18 U.S.C. §§ 981 and 983 and Supplemental Rule G(5), to the extent such assets represent the fruits of the fraudulent scheme that victimized the Claimant.

II.     **Assets Traced to Huione**

Moreover, a portion of Plaintiff's stolen assets were traced to Huione. Public reporting and U.S. regulatory findings describe Huione Group as a Cambodia-based financial conglomerate whose payment and crypto platforms processed many billions of dollars tied to pig-butchering scams, cyber thefts, and other illicit activity across Southeast Asia, including flows through major global exchanges. It is likely that the Prince Group's fraud and money laundering enterprise depended on Huione and Huione Pay as key financial intermediaries that received, moved, and obscured the proceeds of criminal cryptocurrency schemes, including the assets stolen from the Claimant in this case. For instance, a Huione branch located in the Sianhoukville Provice of Cambodia is within a close proximity to the Jien Bei

Prince Group Compound located in the same province, making Huione a convenient partner in the Prince Group's criminal enterprise.

### III.    Prince Group's criminal scheme:

According to DOJ and related public materials, the Prince Group – led by Chairman Chen Zhi – operated forced-labor scam compounds in Cambodia that executed large-scale cryptocurrency investment fraud ("pig butchering") targeting victims in the United States and worldwide. These fraud operations generated billions of dollars in criminal proceeds that were funneled into unhosted wallets and then laundered through layered crypto transactions and shell entities before consolidating in wallets now subject to forfeiture in this action.

Public analyses of on-chain activity and the civil forfeiture filings reflect that more than 127,271 Bitcoin now seized by the United States were controlled by Chen and his lieutenants and are alleged to be proceeds and instrumentalities of this global fraud and money laundering enterprise. These same materials describe the use of professional "money houses" and crypto off-ramping services to convert scam proceeds into fiat and then back into "clean" cryptocurrency as part of Prince Group's laundering cycle.

### IV.    Role of Huione and Huione Pay:

Huione Group is a Phnom Penh-headquartered financial conglomerate whose businesses include Huione Pay, an OTC banking and cryptocurrency platform, and related services that facilitate both fiat and virtual asset transfers. Investigations by U.S. authorities and independent analysts have found that Huione-linked infrastructure received on the order of tens of billions of dollars' worth of cryptocurrency since 2021, much of it associated with online investment scams, pig-butchering schemes, and other cyber-enabled crimes concentrated in the same geographic and criminal ecosystem as the Prince Group's compounds.

Regulators have determined that Huione Group and its payment arm constitute a primary money-laundering concern, and Cambodia's central bank has withdrawn Huione Pay's license due to widespread non-compliance and the use of its platforms to cash out and disguise criminal proceeds. Reporting further shows that Huione Pay and its Telegram-based "guarantee" marketplace offered off-ramping, crypto-to-fiat exchange, and technical support for scam operations, and were used as a laundering channel that moved very large volumes of tainted cryptocurrency through major exchanges such as Binance and OKX.

### V.    Nexus between Huione flows and Prince Group proceeds:

The Prince Group's scam compounds operated in Cambodia and targeted victims in the United States and around the word. Investigative reporting and sanctions materials describe the broader "scam compound" ecosystem as relying on specialized financial intermediaries in Cambodia to convert victim cryptocurrency into spendable funds. Upon information and belief, Huione is one of the principal hubs for processing those flows.

In parallel, on-chain analyses of the wallets associated with Chen Zhi and Prince Group reflect that scam proceeds moved from victim-facing platforms through intermediary wallets and exchanges, including regional OTC and payment providers in Cambodia, before being consolidated into the unhosted wallets that held the 127,271 BTC at issue here. These findings are consistent with the pattern seen in other pig-butchering and Southeast Asian scam-compound cases, where Huione and Huione Pay functioned as a primary bridge between fraudulent platforms and the larger crypto and banking system.

### VI.    Argument tying claimant's losses to the defendant property:

Claimant's funds followed precisely this pattern: after being stolen through online investment fraud schemes of the same type and in the same region as those attributed to the Prince Group, their assets were transferred to wallets and accounts at Huione and Huione Pay, where they were mixed with other scam proceeds and off-ramped or re-cycled into additional cryptocurrency. Given Huione's documented role as a principal money-laundering conduit for pig-butchering and related cryptocurrency frauds in Cambodia, and the geographic, temporal, and operational overlap with the Prince Group's forced-labor scam compounds, the transfers of claimant's assets to Huione are probative circumstantial evidence that their stolen funds entered the same laundering pipeline that fed the Prince Group's wallets.

Because the bitcoin and other virtual assets routed through Huione and associated intermediaries were commingled and laundered into the unhosted wallets now seized, there is a reasonable and factually supported basis to conclude that the defendant cryptocurrency includes, in whole or in part, traceable proceeds of the fraud perpetrated on many U.S. victims. At a minimum, the demonstrated convergence of (1) the Prince Group's Cambodian scam-compound operations, (2) Huione's role as a primary payment and laundering hub for the same class of scams, and (3) the documented transfers of claimant's stolen assets to Huione and Huione Pay establishes the requisite nexus between claimant's losses and the defendant property for purposes of standing and remission.

### VII.    Statement of Interest Pursuant to Rule G(5)(a)(i)(B)

The Claimant asserts an ownership, possessory, and equitable interest in the seized property identified in this action, to the extent that such property represents proceeds of the fraudulent scheme perpetrated by The Prince Group and its associated actors. The Claimant's interest arises from the direct loss of cryptocurrency transferred under false pretenses to digital wallet addresses later determined to be associated with The Prince Group's criminal enterprise. Although the precise path of the stolen cryptocurrency was deliberately obfuscated through layering and mixing transactions, resulting in complex tracing challenges, the Claimant has a bona fide ownership interest in the victimized funds that form part of the pool of proceeds from which the seized assets were derived. The Claimant submits this verified claim in accordance with Supplemental Rule G(5) of the Federal Rules of Civil Procedure to preserve and assert all rights, title, and interest in the seized digital currency to the extent it constitutes or is derived from the Claimant's stolen property.

### VIII.    Reservation of Rights:

To the extent that the Claimant's claim to the seized property is denied, in whole or in part, the Claimant expressly reserves all rights to seek alternative relief available under law, including the right to convert this claim into a Petition for Remission pursuant to 28 C.F.R. Part 9, or any other applicable statutory or regulatory remedy. The filing of this claim shall not be construed as a waiver of any rights, remedies, or causes of action that the Claimant may have in connection with the fraudulent scheme described herein or with respect to any related proceedings involving The Prince Group or its principals.

**In the space below, please list any documents you are including in support of your interest in the asset(s).  If none are included, please explain why.**

**Upon request from the government, Plaintiff is prepared to produce the following documents supporting this Claim:**

1. **Communications with the perpetrators**
2. **Financial Statements**
3. **Blockchain Tracing Evidence**
4. **Screenshots of transactions and/or the fraudulent website**
5. **Additional evidence within the possession of Claimant concerning or related to the investment scam**

## SECTION IV – RECOVERY OF LOSS

*Complete this section for assets you have recovered all or a portion of your losses either via an insurance claim and/or via some other source of recovery.  If you have more recovery of loss information than may fit on this page, print out multiple copies of this page to attach with the claim and indicate which assets apply to each page. If you have not received any recovery of your losses, then leave this section blank.*

| RECOVERY OF LOSS INFORMATION | |
| --- | --- |
| Asset ID | Asset Description |
|  |  |
|  |  |

| INSURANCE CLAIM INFORMATION (if applicable) | |
| --- | --- |
| Name of Insured: (Last, First) | |
| Policy Number: | Claim Number: |

| Name of Insurance Company: | Name of Insurance Agent: (Last, First) |
|---|---|
| **Insurance Company Address**: (Include Street, City, State, and Zip Code) | |
| **Phone**: (optional) | **Email**: (optional) |
| **Have you received compensation from the insurance company?**  ☐ YES      ☐ NO | **Amount of Compensation**: |

**If other sources of recovery exist (e.g., restitution, returns on investment or other settlements), please list and describe the details below.**

| OTHER SOURCE(S) OF RECOVERY (if applicable) | |
|---|---|
| **Source of Recovery 1**: | **Amount of Recovery**: |
| **Source of Recovery 2**: | **Amount of Recovery**: |

**In the space below, please list any documents you are including in support of your claim of recovery of loss. If none are included, please explain why.**

## <u>SECTION V – DECLARATION</u>

*The following declaration must be completed by the claimant.*

I attest and declare under penalty of perjury that my claim is not frivolous and the information provided in support of my claim is true and correct to the best of my knowledge and belief.



**Signature**

**Printed Name**

12/16/2025

**Date**

If a court finds that a claimant's assertion of an interest in property was frivolous, the court may impose a civil fine. Title 18 United States Code, Subsection 983(h). A false statement or claim may subject a person to criminal prosecution under Title 18 United States Code, Sections 1001 and 1621.