

**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569    Tel: 212-421-4100    Fax: 212-326-0806    pryorcashman.com

April 1, 2026

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:**    ***United States of America v. Approximately 127,271 Bitcoin (BTC)***
> ***Previously Stored at the Virtual Currency Addresses Listed in***
> ***<u>Attachment A, and All Proceeds Traceable Thereto</u>, No. 25-cv-05745 (RPK)***

Dear Judge Kovner,

We represent claimant Warp Data Technology Lao Sole Co. Ltd ("Warp Data"). We respectfully request a pre-motion conference regarding our anticipated motion to quash certain special interrogatories served by the government (the "Special Interrogatories").

**I.    Procedural Background**

The government initiated this civil forfeiture action on October 14, 2025, against cryptocurrency previously held at 25 virtual currency addresses (the "Defendant Cryptocurrency"). The Complaint alleges that Warp Data is "an entity registered in Laos that operated bitcoin mining facilities" (Compl. ¶ 16(t)), and that "extensive blockchain tracing" confirmed Warp Data's mining was a source of the Defendant Cryptocurrency (*id.* ¶ 45). Warp Data filed a claim asserting ownership of at least 47,680.03 BTC (the "Warp Data Bitcoin").

The government served Special Interrogatories under Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Warp Data served substantive responses, subject to appropriate objections, confirming that it owns the Bitcoin it mined and that Chen Zhi, Prince Holding Group, Warp Data (US) Technology Inc., and others have never had an ownership interest in Warp Data or its mining equipment. Warp Data also provided details about its corporate structure, business operations, and relationship with LuBian, which maintained the wallets containing the Warp Data Bitcoin until it was stolen in 2020. Warp Data declined to respond to some of the Special Interrogatories and to portions of the others for reasons summarized below. On March 20, 2026, the parties met and conferred. The government said it would send new inquiries clarifying its requests. On March 22, we emailed the government, asking it to explain how any further requests related to standing. On March 25, the government served "clarifying requests"—in reality, new interrogatories—without explaining their relevance to standing.

The Honorable Rachel P. Kovner
April 1, 2026
Page 2

## II.    Argument

### A.    Rule G(6) Authorizes Limited Inquiries Into Identity and Relationship to the Defendant Property

Rule G(6)(a) permits the government to "serve special interrogatories limited to the claimant's identity and relationship to the defendant property," but only to "gather information that bears on the claimant's standing." Rule G(6)(a) & Advisory Comm.'s Notes (2006). The purpose of special interrogatories is "to smoke out fraudulent claims." *United States v. $574,840*, 719 F.3d 648, 650 (7th Cir. 2013). Permissible inquiries are limited; a claimant must show only "a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 959 F.Supp.2d 81, 95 (D.D.C. 2013). The "standing inquiry" is distinct from the "merits determination that comes later," *id.* (quotations omitted), and claimants need only show a "facially colorable interest," *United States v. $557,933.89*, 287 F.3d 66, 79 (2d Cir. 2002).

### B.    The Government's Complaint Establishes Warp Data's Standing

"In determining standing to challenge a forfeiture, the Second Circuit looks to ownership and possession." *United States v. Amadea*, No. 23 Civ. 9304 (DEH), 2024 U.S. Dist. LEXIS 54490, at *1-2 (Mar. 22, 2024) (quoting *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 527 (2d Cir. 1999)). The government's own allegations clearly establish Warp Data's standing: the wallets containing the Defendant Cryptocurrency "were primarily funded by two categories of sources," the first of which is "cryptocurrency mining, including addresses associated with Lubian and Warp Data." (Compl. ¶ 45; *see also id.* ¶¶ 16(t), 42); *see United States v. Technodyne*, 753 F.3d 368 (2d Cir. 2014) (allegations in complaint sufficient to establish standing to challenge civil forfeiture).

Having identified Warp Data as the original miner of much of the *res*, and thus the entity that both owned and possessed that portion of the *res*, the government cannot now feign ignorance as to whether Warp Data has a "facially colorable interest" in the property it created.[1] *See United States v. $215,587.22*, 282 F. Supp. 3d 109, 113 (D.D.C. 2017) ("With their ownership and control acknowledged by Government, asking Claimants about, for example, the source of the funds and the circumstances of their ownership is unnecessary for the purpose of testing standing.").

### C.    The Contested Special Interrogatories Are Improper and Exceed Rule G(6)'s Scope

Warp Data has responded to the Special Interrogatories that bear on its identity and relationship to the Defendant Cryptocurrency. It has objected to the Special Interrogatories directed at its relationship not to the *res* but to individuals and entities that interest the government.

---

[1] Warp Data's interrogatory responses independently confirm its identity by providing its legal name, registration details, tax ID number, sole shareholder, and manager information. Notably, some of those details—for example, Warp Data's tax ID number—match the very information the government, through the Office of Foreign Assets Control, has used to identify Warp Data.

The Honorable Rachel P. Kovner
April 1, 2026
Page 3

This is not the time for merits discovery. The requests exceed Rule G(6)'s scope and are objectionable on other grounds because they seek information regarding:

**Assets Other than the Warp Data Bitcoin (Nos. 4-6, 8, 9, 15).** These Special Interrogatories inquire about assets other than the Defendant Cryptocurrency (*e.g.*, the origin of all funds in "source accounts") or portions of the Defendant Cryptocurrency other than the Warp Data Bitcoin (*e.g.*, that claimed by other claimants). Such requests exceed Rule G(6)'s scope. *See, e.g.*, *United States v. $272,000*, No. 16 Civ. 06564 (AMD), 2017 U.S. Dist. LEXIS 224211, at *13-14 (E.D.N.Y. Oct. 26, 2017) (declining to require claimant to identify "any and all bank accounts … in which [she] ha[s] any interest or which are held for [her] benefit" because request was "overbroad" and "seeks information about other properties or money that the claimant owns").

**Persons Other than Warp Data (Nos. 5-16).** These Special Interrogatories seek details about the operations, corporate structure, and beneficial ownership of entities and claimants other than Warp Data, as well as about who uses a particular email account. For example, they ask Warp Data to "[d]escribe LuBian's operations in detail and identify" LuBian's "financial accounts" and employees. These too fall outside Rule G(6)'s scope. *See Amadea*, 2024 U.S. Dist. LEXIS 54490, at *1-2 ("To the extent that the interrogatories seek information about relationships among third parties … it is unclear how this information bears on Claimants' relationship to the *res*.").

**Details Unnecessary to Establish Standing (Nos. 1-6).** These Special Interrogatories seek details well beyond what is needed to establish standing, are seemingly designed to facilitate early merits discovery, and are overbroad and unduly burdensome. Some seek the identity of everyone who has ever controlled the Defendant Cryptocurrency and the circumstances of every intermediate transfer. Some seek information not in Warp Data's possession, custody, or control, or information *exclusively* in the government's possession, such as details about the Defendant Cryptocurrency after it was stolen in 2020.

## Conclusion

Warp Data respectfully requests a conference to discuss its intent to move to quash the entirety of some Special Interrogatories and portions of the others.

Respectfully submitted,

 */s/ Jeffrey Alberts*
Jeffrey Alberts
Sidhardha Kamaraju
Katherine Reilly
David Abramowicz

cc: All counsel of record (via ECF)