UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants *in rem*. | Case No. 25-cv-5745 (RPK)<br><br>**AMENDED VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE *IN REM*** |

Kristen Breitweiser, individually and as Personal Representative of the Estate of Ronald Breitweiser, Caroline Breitweiser, Patricia Ryan, individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan, Kristen Ryan and Jacqui Eaton-Garland, individually and as Personal Representative of the Estate of Robert Eaton (collectively, "Claimants") state as follows:

1.      Claimants are Personal Representatives, and surviving family members, of victims of the 9/11 attacks.

2.      The U.S. District Court for the Southern District of New York in *In re Terrorist Attacks on September 11, 2001*, 03-MDL-1570 (GBD)(SN) (the "9/11 Litigation") determined that Iran is liable under 28 U.S.C. §§ 1605A and 1605B for causing Claimants' damages and entered a series of judgments awarding Claimants compensatory, solatium and punitive damages, and pre-judgment interest.

3.      On March 18, 2026, the United States District Court for the Southern District of New York entered an Order certifying certain judgments in the 9/11 Litigation, including Claimants' judgments, as final pursuant to Fed. R. Civ. P. 54(b). Following that Order, the Clerk

of Court issued certifications authorizing registration of Claimants' judgments pursuant to 28 U.S.C. § 1963. Although a notice of appeal has been filed from that Order, no stay has been entered. Accordingly, Claimants' judgments are final, entered, and presently enforceable.

4.　　A true and correct copy of the Judgments entered on behalf of Kristen Breitweiser, individually and as Personal Representative of the Estate of Ronald Breitweiser and Caroline Breitweiser are attached hereto as **Exhibit A** (collectively, the "Breitweiser Judgments").  The amounts owed under the Breitweiser Judgments are as follows:

a.  ECF 4011:

    i.  Economic damages: $45,385,507

    ii.  Solatium damages: $21,000,000

    iii.  Total principal: $66,385,507

    iv.  Prejudgment interest: 4.96% per year, compounded annually

    v.  Prejudgment period: September 11, 2001 to May 29, 2018

    vi.  Prejudgment interest: $82,694,722.18

    vii.  Judgment value as of May 29, 2018: $149,080,229.18

    viii.  Post-judgment interest rate (§1961): precise method 2.31% annually, compounded

    ix.  Post-judgment period: May 29, 2018 to April 2, 2026

    x.  Post-judgment interest:  $29,200,000

    xi.  Total as of April 2, 2026: $178,280,229.18

b.  ECF 3226:

    i.  Pain & suffering (compensatory): $2,000,000

    ii.  Punitive damages: $6,880,000

iii. Prejudgment interest: 9% simple interest

iv. Prejudgment period: September 11, 2001 to March 8, 2016

v. Prejudgment interest: $2,613,600

vi. Judgment Value as of March 08, 2016: $11,493,600

vii. Post-judgment interest rate (§1961): ~0.66% (week preceding March 8, 2016)

viii. Method: daily accrual, annual compounding

ix. Post-judgment interest: $782,700

x. Total as of April 2, 2026: $12,276,300

c. Grand Total of Breitweiser Judgments as of April 2, 2026: $190,556,529.18.

5. A true and correct copy of the Judgments entered on behalf of Patricia Ryan, individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan and Kristen Ryan are attached hereto as **Exhibit B** (the "Ryan Judgments"). The amounts owed under the Ryan Judgments are as follows:

a. ECF 3226

i. Pain & suffering (compensatory): $2,000,000

ii. Punitive damages: $6,880,000

iii. Prejudgment interest: 9% simple interest

iv. Prejudgment period: September 11, 2001 to March 8, 2016

v. Prejudgment interest: $2,613,600

vi. Judgment Value as of March 08, 2016: $11,493,600

vii. Post-judgment interest rate (§1961): ~0.66% (week preceding March 8, 2016)

    viii.  Method: daily accrual, annual compounding

    ix.  Post-judgment interest: $782,700

    x.  Total as of April 2, 2026: $12,276,300

b.  <u>ECF 3387:</u>

    i.  Patricia Ryan Solatium: $12,500,000

    ii.  Laura Ryan Solatium: $8,500,000

    iii.  Colin Ryan Solatium: $8,500,000

    iv.  Kristen Ryan Solatium: $8,500,000

    v.  Total Judgment Value: $38,000,000

c.  <u>ECF 5999:</u>

    i.  Economic Damages: $21,160,744

    ii.  Prejudgment Interest: 4.96% per year, compounded annually

    iii.  Prejudgment period: September 11, 2001 to February 21, 2020

    iv.  Prejudgment interest: $31,813,060

    v.  Judgment value as of February 21, 2020: $52,973,804

    vi.  Post-judgment interest rate (§1961): precise method ~1.56% annually, compounded

    vii.  Post-judgment period: February 21, 2020 to April 2, 2026

    viii.  Post-judgment interest: $5,200,000

    ix.  Total as of April 2, 2026: $58,173,804

d.  <u>Grand Total of Ryan Judgments as of April 2, 2026:</u> $108,450,104.

6.    A true and correct copy of the Judgments entered on behalf of Jacqui Eaton-Garland, individually and as Personal Representative of the Estate of Robert Eaton are attached

hereto as **Exhibit C** (the "Eaton Judgments").  The amounts owed under the Eaton Judgments are as follows:

    a.  ECF 5452, ECF 5376, ECF 3226

        i.  Economic Damages: $20,689,993

        ii.  Solatium Damages: $12,500,000

        iii.  Pain & suffering (compensatory): $2,000,000

        iv.  Total Principal: $35,189,993

        v.  Prejudgment interest: 4.96% per year, compounded annually

        vi.  Prejudgment period: September 11, 2001 to January 7, 2020

        vii.  Prejudgment interest: $50,241,736

        viii.  Judgment value as of January 7, 2020: $85,431,729

        ix.  Post-judgment interest rate (§1961): precise method 1.57% annually, compounded

        x.  Post-judgment period: January 7, 2020 to April 2, 2026

        xi.  Post-judgment interest: $8,720,000

        xii.  <u>Grand Total of Eaton Judgments as of April 2, 2026</u>: $94,151,729.

7.    The amounts set forth herein are based on Claimants' current calculations and are provided for informational purposes; Claimants' judgments continue to accrue post-judgment interest, and Claimants reserve the right to supplement or revise these amounts.

8.    All of the above-referenced Claimants' judgments have been served on Iran through diplomatic means pursuant to 28 U.S.C. § 1608(a)(4).

9.    To date, Iran has not paid any portion of any of Claimants' judgments, and other than the nominal distributions received through the USVSST Fund, Claimants' judgments remain

unsatisfied.  Claimants' judgments continue to accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

10.    On October 14, 2025, the U.S. government (the "U.S.") initiated the instant civil forfeiture action against approximately 127,271 Bitcoin once stored in the virtual-currency addresses identified in Attachment A of its complaint.  [ECF Doc. 1 ("Complaint") at 1 & Attachment.]  Also on October 14, 2025, this Court issued an arrest warrant *in rem* for the Defendant Cryptocurrency pursuant to 18 U.S.C. §981(a)(1)(C) and (a)(1)(A). [ECF Doc. 3.]

11.    The U.S. alleges that the Defendant Cryptocurrency is subject to condemnation and forfeiture by the United States: (1) under 18 U.S.C. § 981(a)(1)(C), as property that constitutes proceeds or is derived from proceeds of a violation of the wire fraud statute or a conspiracy to violate that statute, 18 U.S.C. §§ 1343, 1349; and (2) under 18 U.S.C. § 981(a)(1)(A), as property that was involved in or is derived from property involved in a money laundering transaction, an attempted money laundering transaction, or a conspiracy to make a money laundering transaction, 18 U.S.C. § 1956.  [Complaint, ¶ 2A.]  The U.S. alleges that the Defendant Cryptocurrency was involved in or derived from money-laundering operations conducted by Chen Zhi and Prince Holding Group.  [Complaint, ¶¶ 20, 38-43.]

12.    The U.S. alleges that one scheme involved using stolen cryptocurrency to fund a "large-scale cryptocurrency mining operation[ ]" called "Lubian," which was the "sixth largest bitcoin mining operation in the world" "[f]or some of the time it was active" and produced "large sums of clean bitcoin dissociated from criminal proceeds."  [Complaint, ¶ 42.]

13.    The U.S. alleges that "Lubian" is "a Chinese bitcoin mining operation that maintained bitcoin mining facilities across Asia, including in China and Iran."  [Complaint, ¶16(u).]  The U.S. did not allege information that notified Claimants that the bitcoin mining

operation involved conduct attributable to the Iranian government, or otherwise that Claimants had a basis for a claim to the Defendant Cryptocurrency.

14. Based on information Claimants recently learned, it appears that the Defendant Cryptocurrency is proximately connected with Iran, which was previously unclear.

15. On December 26, 2025, other victims of Iran's state-sponsored terrorism commenced a separate action alleging that LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Iran to assist Iran's efforts to evade U.S. sanctions. [*Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, No. 1:25-cv-07093 (E.D.N.Y.), Complaint for Execution and Turnover, ECF Doc. 1.] The *Fritz* plaintiffs, along with another group of victims of Iran's state-sponsored terrorism, filed Notices of Verified Claims in this action on December 29, 2025. [ECF Docs. 29 and 30.]

16. Claimants learned about the U.S.'s forfeiture action and of the possibility that the Defendant Cryptocurrency at issue may be property of an agency or instrumentality of Iran, through a filing in the 9/11 Litigation on January 16, 2026. On or about January 19, 2026, at least two other groups of 9/11 victims have filed requests to extend the claim deadline along with Claims against the Defendant Cryptocurrency.

17. Claimants have a "facially colorable interest" in the property at issue in this action. [*United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025) (citation omitted).] "[W]hether [they] ultimately prove[ ] the existence of that interest is a question for a later stage in the proceedings." [*Id*. (citation omitted).] Based on the information alleged in the *Fritz* action and summarized by the Claims filed by the other terrorism victim claimants in this action, Claimants have, at the very minimum, a "facially colorable interest" in the Defendant Cryptocurrency.

18.     Claimants are judgment creditors of Iran as a result of Iran's acts of state-sponsored terrorism.  As has now been alleged, because the Iran-China Group is an agent or instrumentality of Iran, the Terrorism Risk Insurance Act ("TRIA") entitles Claimants to execute on the Defendant Cryptocurrency to satisfy those judgments "[n]otwithstanding any other provision of law."  [TRIA §201(a).]  Accordingly, Claimants have a possessory interest in the Defendant Cryptocurrency, which permits them to bring the claims asserted here.

19.     TRIA provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on "blocked assets" of the terrorist party or its "agency or instrumentality" "to satisfy such judgment to the extent of any compensatory damages."  [Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002), codified at 28 U.S.C. § 1610 Note.]  TRIA's "notwithstanding" clause aims to "enable" victims "to execute on" terrorists' assets by preventing other provisions of law from "bar[ring] victims' efforts to enforce [their] judgments."  [*Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Elahi*, 556 U.S. 366, 391-92 (2009) (Kennedy, J., concurring).]  The "notwithstanding" clause "mak[es] plain that the force of the [statute] extends everywhere" and "'supersede[s] all other laws.'"  [*Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010) (citation omitted).]  Because TRIA expressly overrides "conflict[ing] laws," its "notwithstanding" clause overrides "the civil-forfeiture statute."  [*Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).]

20.     Claimants satisfy the requirements of TRIA.  Therefore, Claimants assert that their interest in the Defendant Cryptocurrency is superior to the U.S.'s claims and all other non-TRIA claimants in this forfeiture action.

21.     Claimants hold judgments for compensatory damages against Iran based on an act of terrorism under 28 U.S.C. §§ 1605A and 1605B.

22.     Iran is a "terrorist party" because it has been designated as a state sponsor of terrorism under the Export Administration Act of 1979.  [TRIA §201(d)(4); Executive Order No. 13599, 77 Fed. Reg. 6659 (Feb. 5, 2012).]

23.     On information and belief, the Iran-China Group operated as Iran's agency or instrumentality by materially helping Iran avoiding U.S. sanctions, while providing the material function to Iran of laundering its energy resources through cryptocurrency mining, at Iran's direction and behest.  [ECF Doc. 70.]

24.     Under TRIA, "[b]locked assets" include "any asset seized or frozen by the United States" pursuant to the International Emergency Economic Powers Act.  [TRIA §201(d)(2)(A).]

25.     The U.S. has used its authority under the International Emergency Economic Powers Act to "block" all Iranian property in the United States, including the property of agencies or instrumentalities of Iran.  [31 C.F.R. §§ 510.211, 594.201(a)(5).]  Because, on information and belief, the Iran-China Group is an agency or instrumentality of Iran, all property of the Iran-China Group qualifies as a blocked asset under TRIA.  [*Levinson v. Kuwait Finance House (Malaysia) Berhad*, 44 F.4th 91, 98 n.6 (2d Cir. 2022).]  Because the Defendant Cryptocurrency is property of the Iran-China Group, which, on information and belief, is an agency or instrumentality of Iran, the Defendant Cryptocurrency is "blocked" and subject to execution by Claimants under TRIA.

26.     Pursuant to 28 U.S.C. § 983(a) and Rule G, Claimants hereby assert a protective claim against such amount of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the outstanding compensatory damages owed to them under their Judgments against Iran, plus post-judgment interest, based on the date the Defendant Cryptocurrency is valued for purposes

9

of judgment, which claim is senior to the U.S.'s claim. Claimants will supplement these amounts and their enforcement posture as necessary, including upon entry of orders pursuant to 28 U.S.C. § 1610(c).

27.    Claimants reserve all rights and remedies available in law and equity to enforce their interest in the Defendant Cryptocurrency.

Dated:  April 6, 2026                                  Respectfully submitted:

                                        _/s/Jonathan P. Vuotto_____
                                        Jonathan P. Vuotto
                                        McANDREW VUOTTO, LLC
                                        1 Blue Hill Plaza, Suite 1509
                                        Pearl River, New York 10965
                                        (212) 382-2208
                                        jpv@mcandrewvuotto.com
                                        Attorneys for Claimants

## <u>VERIFICATION</u>

I, Kristen Breitweiser, of full age, being duly sworn according to law, upon my oath do depose and say:

1.    I am a Claimant in this matter and submit this Verified Claim on behalf of myself and as Personal Representative of the Estate of Ronald Breitweiser.

2.    I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.



_____
Kristen Breitweiser

Dated: April 6, 2026

11

## <u>VERIFICATION</u>

I, Caroline Breitweiser, of full age, being duly sworn according to law, upon my oath do depose and say:

1.     I am a Claimant in this matter.

2.     I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.



_____

Caroline Breitweiser

Dated: April 6, 2026

## VERIFICATION

I, Patricia Ryan, of full age, being duly sworn according to law, upon my oath do depose and say:

1.      I am a Claimant in this matter and submit this Verified Claim on behalf of myself and as Personal Representative of the Estate of John J. Ryan.

2.      I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.

/s/ Patricia Ryan

Patricia Ryan

Dated: April 6, 2026

13

<u>**VERIFICATION**</u>

I, Laura Ryan, of full age, being duly sworn according to law, upon my oath do depose and say:

1.      I am a Claimant in this matter.

2.      I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.

/s/ Laura Ryan

Laura Ryan

Dated: April 6, 2026

14

## VERIFICATION

I, Colin Ryan, of full age, being duly sworn according to law, upon my oath do depose and say:

1.    I am a Claimant in this matter.

2.    I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.

/s/ Colin Ryan

Colin Ryan

Dated: April 6, 2026

## VERIFICATION

I, Kristen Ryan, of full age, being duly sworn according to law, upon my oath do depose and say:

1.    I am a Claimant in this matter.

2.    I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.

/s/ Kristen Ryan

Kristen Ryan

Dated: April 6, 2026

16

## VERIFICATION

I, Jacqui Eaton-Garland, of full age, being duly sworn according to law, upon my oath do depose and say:

1.      I am a Claimant in this matter and submit this Verified Claim on behalf of myself and as Personal Representative of the Estate of Robert Eaton.

2.      I have read the foregoing Verified Claim and declare under penalty of perjury that all of the factual allegations contained herein are true and correct to the best of my knowledge and all documents attached hereto are true and accurate copies of said documents.

Jacqui Eaton-Garland

Dated: April 6, 2026

17