

## AMBUSH

JOSHUA M. AMBUSH, LLC | 106 OLD COURT RD | SUITE 303 | BALTIMORE, MD 21208 | USA
O: 410.484.2070 | WWW.AMBUSHLAW.COM

April 7, 2026

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *No. 1:25-cv-5745, United States v. Approximately 127,271 Bitcoin Etc.***

Dear Judge Kovner:

We represent 434 judgment creditors (the "Ambush Claimants") of the Islamic Republic of Iran with claims to the defendant assets that the Government seeks to forfeit in this *in rem* action. On February 6, 2026, the undersigned filed a Letter/Motion requesting the Court to accept the claims of the Ambush Claimants after the December 29, 2025 deadline, for "good cause" under Supplemental Rule G(5)(a)(ii), and a Verified Claim and Statement of Interest or Right in Property Subject to Forfeiture *In Rem.* (ECF 188; 188-1-3.) *See also*, Supplemental "Good Cause Letter", March 23, 2026; ECF 364.

The undersigned sent two letters to the Court with respect to crossclaims that have been filed in this case by various claimants who have not obtained an order granting the motion for leave to file a verified claim. (March 5, 2026; ECF 297; March 9, 2026; ECF 308.) Those letters are incorporated by reference. By Orders dated March 5; 6; 10; & 13, the Court ordered the crossclaims held in abeyance until a ruling on the various motions for leave to file a verified claim. The undersigned had hoped that any party that would file an answer after those clear Orders, would not include crossclaims in its answer; however, on March 17, 2026, (ECF 350), the Aceto Claimants *et al.* filed their answer and included crossclaims and counterclaims.

I am respectfully requesting that the Court issue an Order—identical to the March 5; 6; 10; & 13, Orders—holding in abeyance the crossclaims of the Aceto Claimants *et al*, pending resolution of their motion for leave to file a verified claim in this case. Such an Order will obviate the need for any of the numerous parties in this case having to file an answer to those crossclaims. In the alternative, the Ambush Claimants request an extension of time to file their answer to the crossclaims until April 13, 2026.

I respectfully suggest that for judicial efficiency, the Court issue a standing Order that all crossclaims/counterclaims filed by any party prior to the Court granting their motion for leave to file verified claim will be automatically held in abeyance pending the resolution of such motion.

We thank the Court for its attention to this matter.

Respectfully submitted,

<u>/s/ Joshua M. Ambush</u>
Joshua M. Ambush, Esq.
*Counsel for the Ambush Claimants*

CC: Counsel of Record (via ECF)