

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM:ADR
F. #2024R00105

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 7, 2026

<u>By ECF</u>

The Honorable Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    United States v. Approximately 127,271 Bitcoin
> <u>Civil Docket No. 25-5745 (RPK) (CHK)</u>

Dear Judge Kaminsky:

The government respectfully submits this letter in connection with the anticipated motion by claimant Warp Data Technology Lao Sole Co. Ltd ("Warp Data") to quash special interrogatories served on Warp Data by the government. *See* ECF No. 384. For the reasons set forth below, the government respectfully requests that its response to any motion to quash filed by Warp Data be held in abeyance until a determination is made on the pending request for a protective order in this case, so that the government can receive interrogatory responses from other claimants that have yet to provide them. Allowing the government to review interrogatory responses from other claimants, all of which will bear directly on Warp Data's claim, will allow integrated and consolidated briefing by the government, permit the government to surface common issues or conflicting assertions, provide a framework for the government's citation to sensitive information in its filings, and otherwise promote efficiency in this multilateral proceeding.

As background, the government has served special interrogatories to date on six claimants: Chen Zhi, Prince Holding Group, LuBian, Warp Data, Yuan Tian and Jian Yang.[1] Only two of those claimants—Warp Data and Yuan Tian—have answered their interrogatories in full. Others have answered partially or not at all, citing their need for a protective order. On March 11 and 17, claimant Chen Zhi and the government respectively proposed draft protective

---

[1] Pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"), "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Rule G(6).

orders to the Court; those motions are currently pending. *See* ECF Nos. 328, 352. Warp Data later joined Chen's request. *See* ECF No. 334.

As a preliminary matter, any response by the government to Warp Data's motion will necessarily reference and describe information contained in Warp Data's interrogatory responses, the treatment of which is addressed in the requested protective order. Moreover, given the legal and factual overlap in litigating special interrogatories and responses with respect to six separate claimants, the government submits that waiting a short time until all six sets of responses have been served (which the claimants have represented will happen following entry of the protective order) before litigating them is the most efficient approach. This would allow for potential consolidation of submissions, and would allow the Court to consider multiple similar issues together rather than piecemeal. It would also allow the government to take more consistent and informed positions with each claimant to resolve interrogatory compliance where possible.

Crucially, such an approach would also allow the government to review interrogatory responses holistically and assess the standing of each claimant, as the rules contemplate. That is a vital threshold determination that must be made in order to ensure that only parties with proper claims can proceed and influence outcomes in the case going forward. Based on the claims alone, it is not clear how and whether these six claimants' assertions of ownership are consistent with, or mutually exclusive with, one another. Several claimants, for example, have declined even to identify the specific portions of the Defendant Cryptocurrency that they claim to own and the virtual currency addresses at which that bitcoin was located. The case cannot proceed until the government receives interrogatory responses that provide that information, and those responses are best understood and distinguished if the government has the ability to assess them together.

The government thanks the Court for its consideration.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/_____
Alexander F. Mindlin
Tanisha R. Payne
Benjamin Weintraub
Andrew D. Reich
Rebecca M. Schuman
Alessandra Rafalson
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

cc:    Clerk of Court (CHK)
Counsel of Record

3