**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants *In Rem.* | Civil Action No. 1:25-cv-05745-RPK |

**ANSWER OF THE HEISER CLAIMANTS TO CROSSCLAIM OF THE ACETO CLAIMANTS, AKIN CLAIMANTS, BLAIS CLAIMANTS, BLANK CLAIMANTS, BREWER CLAIMANTS, THOLE CLAIMANTS, VALENCIA CLAIMANTS, WELCH CLAIMANTS, AND CLAYTON OMAR ZOOK**

The Heiser Claimants,[1] by and through their undersigned counsel, hereby answer the Cross-

Claims and Counterclaims of the Aceto Claimants, Akin Claimants, Blais Claimants, Blank

---

[1] The Heiser Claimants include (1) the Estate of Michael Heiser, deceased; (2) the Estate of Gary Heiser, deceased; (3) the Estate of Frances Heiser, deceased; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Haun f/k/a Milagritos Perez-Dalis; (7) the Estate of Senator Haun, deceased; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) the Estate of Sandra M. Wetmore, deceased; (18) James V. Wetmore; (19) the Estate of Millard D. Campbell, deceased; (20) Marie R. Campbell; (21) the Estate of Bessie A. Campbell, deceased; (22) the Estate of Kevin J. Johnson, deceased; (23) Shyrl L. Johnson; (24) Gregoire Che Colson; (25) Kevin Johnson, Jr.; (26) Nicholas A. Johnson; (27) the Estate of Laura E. Johnson, deceased; (28) the Estate of Bruce Johnson, deceased; (29) the Estate of Joseph E. Rimkus, deceased; (30) Bridget Brooks; (31) the Estate of James R. Rimkus, deceased; (32) Anne M. Rimkus; (33) the Estate of Brent E. Marthaler, deceased; (34) Katie Marthaler Eicher f/k/a Katie L. Marthaler; (35) the Estate of Sharon Marthaler, deceased; (36) Herman C. Marthaler III; (37) Matthew Marthaler; (38) Kirk Marthaler; (39) the Estate of Thanh Van Nguyen, deceased; (40) Christopher R. Nguyen; (41) the Estate of Joshua E. Woody, deceased; (42) Dawn Woody; (43) Bernadine R. Beekman; (44) George A. Beekman; (45) Tracy M. Smith; (46) Jonica L. Woody; (47) Timothy Woody; (48) the Estate of Peter J. Morgera, deceased; (49) Michael Morgera; (50) Thomas Morgera; (51) the Estate of Kendall Kitson, Jr., deceased; (52) the Estate of Nancy R. Kitson, deceased; (53) the Estate of Kendall K. Kitson, deceased; (54) Steve K. Kitson; (55) the Estate of Nancy A. Kitson, deceased; (56) the Estate of Christopher Adams, deceased; (57) Catherine Adams; (58) John E. Adams; (59) Patrick D. Adams; (60) Michael T. Adams; (61) Daniel Adams; (62) Mary Kowalchuk, f/k/a Mary Young; (63) Elizabeth Wolf; (64) William Adams; (65) the Estate of Christopher Lester, deceased; (66) Cecil H. Lester; (67) Judy

Claimants, Brewer Claimants, Thole Claimants, Valencia Claimants, Welch Claimants, and Clayton Omar Zook (together the "Aceto Group Claimants"), filed at ECF No. 350 as follows:

1.      The allegations in this paragraph state legal conclusions to which no response is required.

2.      The allegations in this paragraph state legal conclusions to which no response is required.

3.      The Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

4.      The allegations in this paragraph state legal conclusions to which no response is required.

5.      The Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

6.      The Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

7.      The Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

8.      The Heiser Claimants admit that the Defendant Cryptocurrency constitutes blocked assets of Iran and/or its agency or instrumentality, and is therefore subject to execution and attachment under TRIA § 201. The Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny those allegations.

---

Lester; (68) Cecil H. Lester, Jr.; (69) Jessica F. Hatfield, f/k/a Jessica F. Lester; (70) the Estate of Jeremy A. Taylor, deceased; (71) Lawrence E. Taylor; (72) Vickie L. Taylor;(73) Starlina McCorkendale f/k/a Starlina D. Taylor; (74) the Estate of Patrick P. Fennig, deceased; (75) the Estate of Thaddeus C. Fennig, deceased; (76) Catherine Fennig; (77) Paul D. Fennig; and (78) Mark Fennig.

9.      The Heiser Claimants admit the allegations in Paragraph 9.

**FIRST COUNT**
**(Priority under CPLR 5234—Executions, as modified by CPLR 5240)**

10.     The Heiser Claimants restate their answers to the foregoing paragraphs as if fully set forth herein.

11.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

12.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

13.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

14.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

15.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information

3

sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

## SECOND COUNT
### (Priority under CPLR Article 62 – Attachment, as modified by CPLR 5240)

16. The Heiser Claimants restate their answers to the foregoing paragraphs as if fully set forth herein.

17. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

18. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

19. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

## THIRD COUNT
### (Priority under TRIA § 201)

20. The Heiser Claimants restate their answers to the foregoing paragraphs as if fully set forth herein.

21. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants admit that the allegations in

the paragraph accurately quote a portion of section 201(a) of the TRIA and otherwise refer to the full text of the TRIA.

22.     The allegations in this paragraph state legal conclusions to which no response is required.

23.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

24.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

**FOURTH COUNT**
**(Declaratory Relief)**

25.     The Heiser Claimants restate their answers to the foregoing paragraphs as if fully set forth herein.

26.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

27.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

**JURY DEMAND**

The allegations in the Jury Demand state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations.

**PRAYER FOR RELIEF**

28.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

29.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

30.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

31.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

32.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

33.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

34.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

35.     The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

The Heiser Claimants hereby allege the following defenses to the Cross-Claims and Counterclaims filed by the Aceto Group Claimants:

1.     The Aceto Group Claimants fail to state claims upon which relief can be granted.

2.     The Aceto Group Claimants' judgments, executions, attachments, 1610(c) orders, and/or any other legal or equitable claim to the property that is the subject of this forfeiture action (the "Property") are premature, defective, and/or invalid.

3.     The Heiser Claimants have superior right, title, and interest to the Property.

4.     Alternatively, the Heiser Claimants are entitled to an equitable distribution of the Property, including, but not limited to, under CPLR 5240.

5.     The Aceto Group Claimants' Cross-claims and Counterclaims are legal nullities as they are premature because the Court has yet to accept their putative underlying claims as timely.

## RESERVATION OF RIGHTS

The Heiser Claimants deny all allegations not expressly admitted herein. The Heiser Claimants' defenses and affirmative defenses are based on their current understanding, information, and belief. The Heiser Claimants specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be

warranted by the revelation of information during further proceedings, and to pursue alternative

remedies under civil forfeiture law.

Dated: April 7, 2026                          Respectfully submitted,

                                              **DLA PIPER LLP (US)**

                                              /s/ *Jonathan M. Kinney*
                                              Jonathan M. Kinney
                                              New York State Bar No. 5259072
                                              jonathan.kinney@us.dlapiper.com
                                              1251 Avenue of the Americas, 27th Floor
                                              New York, New York 10020-1104
                                              Telephone: (212) 335-4500
                                              Facsimile: (212) 335-4501

                                              and

                                              Dale K. Cathell
                                              Virginia R. Callahan
                                              DLA PIPER LLP (US)
                                              650 S. Exeter Street, Suite 1100
                                              Baltimore, MD 21202
                                              Telephone:  410-580-3000
                                              Facsimile:  410-580-3001
                                              dale.cathell@us.dlapiper.com
                                              virginia.callahan@us.dlapiper.com


                                              *Counsel for Estate of Michael Heiser, et al.*

8