

## PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569    Tel: 212-421-4100    Fax: 212-326-0806                    pryorcashman.com

April 9, 2026

**VIA ECF**

The Honorable Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   *United States of America v. Approximately 127,271 Bitcoin (BTC)*
> *Previously Stored at the Virtual Currency Addresses Listed in*
> *Attachment A, and All Proceeds Traceable Thereto*, **No. 25-cv-05745 (RPK)**

Dear Judge Kaminsky,

We represent claimant Warp Data Technology Lao Sole Co. Ltd. ("Warp Data"). We respectfully submit this letter opposing the government's April 7, 2026 request (ECF 395 (the "Abeyance Request")) to hold its response to Warp Data's forthcoming motion to quash in abeyance.

The Abeyance Request is the government's latest attempt to delay any assessment of the merits of its case and prevent Warp Data from being heard in its attempt to recover its assets. The prejudice to Warp Data from continued delay cannot be overstated. This is not an ordinary civil dispute in which the government seeks a judgment and the defendant remains financially whole pending resolution. Here, the government has already seized and continues to hold valuable assets that belong to Warp Data. Warp Data is thus in a financial chokehold while the government asks this Court to delay proceedings for its own convenience. That property remains Warp Data's unless and until the government proves its entitlement to forfeit it. Every day of delay deepens Warp Data's injury.

10441334 v6
37153.00001

The Honorable Clay H. Kaminsky
April 9, 2026
Page 2

**Background**

On October 14, 2025, the government brought this civil forfeiture action for approximately 127,271 bitcoin (the "Defendant Cryptocurrency"). The government's complaint identifies Warp Data as a Laotian bitcoin mining operation that mined certain of the Defendant Cryptocurrency. (ECF 1). Warp Data filed a timely verified claim on January 19, 2026. (ECF 64).

In February, after Warp Data notified the Court of its intent to file a motion to dismiss the complaint, the government sought to hold its response to that motion in abeyance, pending the service of special interrogatories. Judge Kovner granted that relief, noting, however, that the government was entitled to "serve special interrogatories limited to each claimant's identity and relationship to the defendant property." (Text Order of Feb. 17, 2026). On March 9, Warp Data served a motion to dismiss the complaint, in which Warp Data identified several material and fatal deficiencies in the government's complaint. (ECF 309). The government has not yet served any response to that motion.

Instead, the government served a broad set of special interrogatories under Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, far exceeding the narrow subject matters set forth by Judge Kovner as appropriate grounds for inquiry. Indeed, Rule G(6) is a scalpel, not a dragnet: the rule itself permits only threshold inquiries into a claimant's identity and relationship to the defendant property to test standing, not to make inroads into merits discovery. The government's requests exceed that limit, as Warp Data's motion to quash will make clear.

Warp Data served responses and objections to the special interrogatories on March 13. The government concedes that Warp Data "answered [its] interrogatories in full" (Abeyance Request at 1), objecting to those requests that were improper under Rule G(6). On April 1, Warp Data sought a pre-motion conference on its motion to quash (ECF 384); on April 3, Judge Kovner directed Warp Data to file with this Court; four days later, the government filed the Abeyance Request.

**Discussion**

Rule G(6) draws a clear line: threshold standing inquiries come first; merits discovery comes later. Warp Data has given the government everything Rule G(6) allows. Yet the government asks to freeze proceedings while it fishes through other claimants' interrogatory responses for something that might "bear directly on Warp Data's claim." (Abeyance Request at 1). That is merits discovery dressed up as standing inquiry. *See United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 959 F. Supp. 2d 81, 95 (D.D.C. 2013) ("[C]ourts must not conflate the standing inquiry 'with the merits determination that comes later.'" (quoting *United States v. One-Sixth Share of James J. Bulger in All Present and Future Proceeds of Mass Millions Lottery Ticket No. M246233*, 326 F.3d 36, 41 (1st Cir. 2003))). The government cites no authority permitting it to further delay addressing Warp Data's claims—no case, no rule, no statute. If every other claimant withdrew tomorrow, the government would have no vehicle to demand such third-party information; it would have to proceed on the Rule G(6) record already in hand. The

The Honorable Clay H. Kaminsky
April 9, 2026
Page 3

government wants more time not because the rules permit it, but because delay serves its strategic interests.

The government's concession that Warp Data has answered its interrogatories "in full" undercuts its request for further delay, essentially acknowledging that Warp Data's motion is ripe for this Court to address. Warp Data's motion to quash targets interrogatories that exceeded Rule G(6) and were thus improper. As set forth in Warp Data's pre-motion letter (ECF 384), when Warp Data attempted to meet and confer with the government, the government only expanded its requests, setting forth additional questions, rather than trying to narrow or withdraw its overbroad inquiries. The government's desire to continue to gather information it thinks may support its claims is not an adequate or proper reason for further delay.

The government contends that it needs more time because it is "not clear how and whether these six claimants' assertions of ownership are consistent with, or mutually exclusive with, one another." (Abeyance Request at 2). But that does not justify delay. No rule requires claimants' claims to align harmoniously before forfeiture litigation may proceed. The question facing a court on a motion to strike for lack of standing is whether a claimant has a colorable interest in the property, not whether the claim is consistent with other claims. Different claimants can, and often do, have colorable claims to an interest in property that are utterly inconsistent with each other. The government—and the claimants—may explore these inconsistencies in general discovery, but there is no basis for delaying the proceedings so the government can prematurely explore the possibility of such inconsistencies before general discovery begins. *See, e.g.*, *United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 78 n.8 (2d Cir. 2002) (noting that a "jury may be properly asked to adjudicate cross-claims among multiple claimants, each with colorable but to some extent competing claims of interest in the defendant property (assuming, of course, the government fails to moot these claims by succeeding on its forfeiture claim)"). The threshold issue is Warp Data's standing, and the motion to quash is the proper vehicle for resolving it. Indeed, should the government conclude that there is an issue with Warp Data's standing, the manner in which to address it is through the government's anticipated motion to strike, not its opposition to Warp Data's motion to quash.

Nor can the government rely on the lack of a protective order in this case. When serving Warp Data's responses and objections to the government's interrogatories, we proposed a solution to this issue to the government—namely, that the parties treat the interrogatory responses as confidential pending resolution of the protective order issue. The government flatly refused that approach. For the government to now cite to the need for a protective order as a reason to delay adjudication of the government's improper special interrogatories is disingenuous. Nor is it an actual reason for delay, because the parties could simply proceed in the manner that we proposed— file the briefing under seal until the Court enters a protective order, and then file public versions that are consistent with whatever the order requires.

The government began this case, when claimants to the Defendant Cryptocurrency were first coming forward, by insisting that speed was necessary. It opposed even modest extensions, arguing that "[t]he parties in this case have an obligation to move efficiently toward a resolution on the merits" and that Rule G exists to bring claimants forward "so that the court may hear all

The Honorable Clay H. Kaminsky
April 9, 2026
Page 4

interested parties and resolve the dispute without delay." (ECF 10 (internal quotation marks omitted)). Now that claimants have emerged challenging its allegations, and forcing it, presumably, to conduct further investigation, the government no longer seems to believe that delay is problematic. The government's request for further delay here is especially pernicious in light of the fact that it has already held its response to Warp Data's motion to dismiss in abeyance. That motion to dismiss raises serious questions about the sufficiency of the government's allegations as to the tracing of the Defendant Cryptocurrency and about the total absence of information as to what happened to the Defendant Cryptocurrency between when it was stolen in a hack in late 2020 and when the government filed its complaint in 2025. The government should not be permitted to needlessly delay addressing those issues, and to use this time to belatedly attempt to buttress its case, in a strategic effort to fend off the claims of those whose property it seized.

Warp Data has already waited more than five years to recover its stolen property. It respectfully requests that the Court deny the Abeyance Request so that the motion to quash and the related standing litigation may proceed.

Respectfully submitted,

 */s/ David Abramowicz*
David Abramowicz
Jeffrey Alberts
Sidhardha Kamaraju
Katherine Reilly

cc: All counsel of record (via ECF)