UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————————x

UNITED STATES OF AMERICA,      :

                 :

          Plaintiff,    :    **ORDER**

                 :

    -against-      :

                 :

APPROXIMATELY 127,271 BITCOIN (BTC) :    25-CV-5745 (RPK) (CHK)
PREVIOUSLY STORED AT THE VIRTUAL :
CURRENCY ADDRESSES LISTED IN    :
ATTACHMENT A, AND ALL PROCEEDS  :
TRACEABLE THERETO         :

                 :

        Defendant.   :

——————————————————————x

**CLAY H. KAMINSKY, United States Magistrate Judge:**

Claimants Chen Zhi and Prince Holding Group (together, the "Prince Claimants") request that this Court enter a protective order to govern discovery in this case.[1] ECF No. 328. The Government opposes the Prince Claimants' motion, urging the Court to enter its proposed protective order. ECF No. 352. For the reasons explained below, the Prince Claimants' Motion for a Protective Order is DENIED. The Court will enter the Government's proposed protective order.

I.    **Background**

On October 14, 2025, the Government initiated this *in rem* civil action seeking forfeiture of approximately 127,271 bitcoin (hereinafter "the Defendant Assets") as proceeds of fraud and money laundering in connection with a

---

[1] Claimant Warp Data Technology Lao Sole Co. Ltd. ("Warp Data") and LuBian have joined in the Prince Claimants' request. *See* ECF Nos. 334, 353. The Breitweister Claimants and *Fritz* and *Baxter* Claimants also filed responses to the Prince Claimants' motion stating their positions. *See* ECF Nos. 346, 369.

cryptocurrency investment fraud scheme. *See* ECF No. 1. Several parties have filed claims to the Defendant Assets. Although some claimants submitted claims before the deadline imposed by the Court, *see* December 11, 2025 Order, others filed untimely claims, which the Court has construed as motions for leave to file a verified claim. *See* January 15, 2026 Order. [2]

In February 2026, the Government served special interrogatories on the Prince Claimants pursuant to Supplemental Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See* ECF Nos. 328-1 (United States' Special Interrogatories to Claimant Chen Zhi), 328-2 (United States' Special Interrogatories to Claimant Prince Holding Group). These interrogatories sought information about the Prince Claimants so the Government could assess "the claimant's identity and relationship to the defendant property," as permitted by the Supplemental Rules. Supp. R. G(6)(a). Because the Prince Claimants' answers involve "a broad range of confidential and sensitive information," including personally identifying information and sensitive corporate governance and ownership records, they filed the instant motion on March 11, 2026, requesting that the Court enter a protective order governing the use of confidential information produced in discovery. ECF No. 328.

Although the Prince Claimants and the Government agree that a protective order should be entered in this case, they disagree over its terms. *See* ECF Nos. 328, 354. The Prince Claimants seek to add two provisions to the protective order—

---

[2] The Court has yet to rule on these motions.

reflected in Paragraphs 1 and 13—that limit the sharing of confidential documents to only the Prince Claimants and the Government, and parties that have established standing, rather than all parties properly before the Court who have signed the order. *See* ECF No. 328-3. The Government seeks to add two provisions—reflected in Paragraphs 5.b and 7.a—that would allow all government personnel access confidential discovery material and limit the use of that information to the purposes of this action, federal law enforcement, or the official business of the U.S. government. *See id.* Warp Data and LuBian have expressed support of the Prince Claimants' position, while the Breitweister Claimants argue that the protective order should extend to all claimants, regardless of whether the claimant has filed a timely claim. ECF Nos. 334, 353, 346. Like the Government, the *Fritz* and *Baxter* Claimants argue that any protective order should only extend to all timely claimants. ECF No. 369.

## II.    Analysis

Under Rule 26(c), courts have broad discretion whether to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *Grief v. Nassau Cnty.*, 246 F. Supp. 3d 560, 565–66 (E.D.N.Y. 2017). The party seeking the protective order bears the burden of establishing good cause for the order. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). Good cause exists where "a party shows that disclosure will result in a clearly defined, specific and serious injury." *Woodson v. Home Depot U.S.A., Inc.*, No. 23-CV-3676, 2024 WL 1174507, at *2 (E.D.N.Y. Mar.

19, 2024) (quoting *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006)).

First, the Court finds it appropriate that the protective order extend to all claimants—not just the Prince Claimants and the Government. Supplemental Rule G(6) authorizes the Government to serve special interrogatories "limited to the claimant's identity and relationship to the defendant property." Although the Supplemental Rules do not address the process of serving discovery papers under Rule G(6), the Supplemental Rules incorporate the Federal Rules of Civil Procedure "to the extent [the] rule does not address an issue." Supp. R. G(1). Thus, discovery papers "must be served on every party" unless otherwise ordered by the court. Fed. R. Civ. P. 5(a)(1)(C). The Court finds no reason to deviate from that practice here. Allowing each party to join the protective order will enable those parties to evaluate competing claims. Further, entering a single protective order that applies to all parties supports judicial efficiency and prevents the Court from entering dozens of individual protective orders governing discovery in this case. Thus, the protective order shall apply to all parties to this action—*i.e.*, all claimants who have timely filed their claim or are later permitted to file a claim out of time—and have signed the stipulated protective order. *See United States v. Murillo*, No. CR 93-20131 JW, 1995 WL 616657, at *1 (N.D. Cal. Oct. 16, 1995) ("To become a party to a civil forfeiture action, an individual must timely file a claim."); *United States v. $16,978.29 in U.S. Currency*, No. 3:12-CV-00425-MMDPWG, 2013 WL 4715267, at *1 (D. Nev. Aug. 29, 2013) ("[T]o become a party to the forfeiture action, the

4

interested party must file a claim."); *cf. United States v. Steell*, No. CR 95-00048, 1995 WL 803743, at *2 (E.D.N.Y. Oct. 10, 1995) (individual who did not file a claim in a civil forfeiture proceeding "did not become a party to the forfeiture").

Second, the Court finds that the Prince Claimants' proposed language in Paragraph 13 unnecessarily limits the scope of the order to claimants who have established standing. As noted by the Government and the *Fritz* and *Baxter* Claimants, this limitation would essentially excuse the Prince Claimants from the same procedures they seek to impose, as the Prince Claimants' standing in this case has not yet been resolved.

Third, the Prince Claimants have not shown that the Government's proposed language in Paragraphs 5.b and 7.a would "result in a clearly defined, specific and serious injury." *Woodson*, 2024 WL 1174507, at *2. The Government's proposed language authorizes "government personnel" to receive confidential discovery material and limits the use of confidential material to this case or "federal law enforcement or for the official business of the U.S. Government." ECF No. 328-3. Although the Prince Claimants argue that this language is overbroad, they have not identified any specific harm or prejudice, other than a general interest in confidentiality. That is not sufficient to show good cause. *See Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

Finally, the *Fritz* and *Baxter* Claimants expressed reservations over the Government's proposal in Paragraph 7(f) requiring all confidential discovery material be shown to overseas witnesses only in the presence of counsel. *See* ECF No. 369. The *Fritz* and *Baxter* Claimants note that the provision—if construed to require physical presence of counsel—would make preparation of the case unduly challenging. The Court does not read this provision to require the physical presence of counsel when showing confidential discovery material to overseas witnesses, as long as counsel ensures that the witnesses do not retain a copy of any confidential material.

For the reasons set forth above, the Prince Claimants' motion is DENIED. The Court will enter the Government's proposed confidentiality order, which will be entered on the docket by separate order.

SO ORDERED.

/s/Clay H. Kaminsky

CLAY H. KAMINSKY
United States Magistrate Judge

Dated:    April 14, 2026
          Brooklyn, New York

6