

**McANDREW VUOTTO** LLC

ATTORNEYS AT LAW

Jonathan P. Vuotto, Esq.
jpv@mcandrewvuotto.com
Direct: (973) 532-6242

April 15, 2026

*Via ECF*

The Honorable Rachel P. Kovner
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***United States v. Approximately 127,271 Bitcoin*, Case No. 1:25-cv-05745 ("*Bitcoin*")**
***Fritz v. Iran And China Inv. Dev. Group*, Case No. 25-cv-7093 ("*Fritz*")**

Dear Judge Kovner:

This firm represents Kristen Breitweiser, individually and as Personal Representative of the Estate of Ronald M. Breitweiser and Caroline Breitweiser (collectively, "Breitweiser"), Patricia Ryan, individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan, Kristen Ryan (collectively, "Ryan") and Jacqueline Eaton-Garland, individually and as Personal Representative of the Estate of Robert D. Eaton ("Eaton") (collectively, the "Breitweiser Claimants"). We submit this letter to update the Court and in further support of our pending motions: (i) for leave to file a verified claim in the *Bitcoin* action [*Bitcoin* ECF No. 106]; and (ii) to intervene in the *Fritz* action [*Fritz* ECF Nos. 103-106].

On April 14, 2026, Judge Netburn in the 9/11 litigation issued an Opinion and Order granting certain parties' motions pursuant to 28 U.S.C. § 1610(c), to permit attachment and execution on the Bitcoin that is the subject of the *Bitcoin* and *Fritz* actions, specifically finding that the successful movants established the notice and timing requirements of § 1610(c). A true and correct copy of Judge Netburn's Opinion and Order is attached hereto as **Exhibit A**.

Breitweiser and Ryan are among the successful movants who obtained the SDNY's § 1610(c) order and thus authorization to attach and execute on the Bitcoin.

Eaton's § 1610(c) motion was denied without prejudice because, due to an error by Eaton's prior counsel, Eaton's Judgment was not properly served. We have taken immediate action to properly serve the Judgment, however. A true and correct copy of the Clerk's Certificate of Mailing of the Judgment to the Islamic Republic of Iran, and dispatch of the Judgment and the required supporting documents to the Secretary of State for service of Iran by diplomatic means, is attached hereto as **Exhibit B**. When we receive the diplomatic notes and supporting documents from the State Department, we will immediately renew Eaton's § 1610(c) motion before the SDNY, and because the error in service was the only reason for denying the motion without prejudice, we believe that the anticipated motion will be granted, similarly to Breitweiser's and Ryan's motions.

The SDNY's § 1610(c) Order confirms that Breitweiser and Ryan have satisfied the statutory procedural prerequisites under 28 U.S.C. § 1610(c) necessary to pursue attachment and execution. As the SDNY recognized, § 1610(c) serves as the required procedural gateway to enforcement, and Breitweiser and Ryan have now cleared that threshold. As the SDNY further recognized, § 1610(c) constitutes a procedural determination regarding notice and timing, while questions regarding the applicability of TRIA and the attachability of specific assets are appropriately resolved in this Court. Specifically, the Order reflects a judicial determination that the notice and timing requirements of the Foreign Sovereign Immunities Act have been met with respect to their Iran judgments, thereby authorizing them to proceed with enforcement efforts against identified assets, including the Defendant Cryptocurrency at issue in the *Bitcoin* and *Fritz* actions. The SDNY's Order places Breitweiser and Ryan among the judgment creditors who have satisfied the statutory prerequisites for enforcement, distinguishing them from claimants who have not yet met those requirements.

Having satisfied that prerequisite, Breitweiser and Ryan stand in the precise posture contemplated by Congress for active enforcement proceedings, including intervention and claim assertion in related actions involving the same res. The combination of: (i) final federal judgments against Iran; (ii) the SDNY's § 1610(c) authorization; and (iii) TRIA's mandate permitting execution against blocked assets "notwithstanding any other provision of law," establishes a present, legally protectable interest in the Defendant Cryptocurrency that is not contingent or speculative.

Intervention as of right is warranted under Rule 24(a)(2). Breitweiser and Ryan possess a direct, substantial, and legally protectable interest in the Defendant Cryptocurrency by virtue of their final federal judgments against Iran and the SDNY's § 1610(c) Order, which authorizes them to pursue enforcement against identified assets. The Bitcoin and Fritz proceedings will determine whether the Defendant Cryptocurrency constitutes property subject to attachment or execution and will resolve competing claims to that same res. Disposition of those proceedings in the absence of Breitweiser and Ryan would, as a practical matter, impair or impede their ability to protect and enforce their interests. Without participation in these proceedings, Breitweiser and Ryan would be excluded from the adjudication of rights in the very res against which execution has now been authorized, creating a substantial risk of impairment of their interests. Existing parties do not adequately represent those interests, as they advance divergent theories regarding ownership, priority, and the applicability of TRIA that may conflict with, or fail to account for, the Breitweiser Claimants' distinct judgments and enforcement rights. Accordingly, intervention as of right is appropriate.

Eaton's temporary absence of a § 1610(c) certification is purely procedural and curable, as the SDNY denied the motion without prejudice solely due to a service defect. Courts routinely permit participation where entitlement is imminent and the deficiency is technical, particularly where, as here, the claimant's substantive rights mirror those already recognized.

Accordingly, we respectfully submit that the Breitweiser Claimants, including Eaton, should be granted permission to pursue their Claim in *Bitcoin*, intervene in *Fritz*, and otherwise take all necessary and appropriate action to pursue and defend their rights to seek enforcement of their respective Judgments.

We thank the Court for its consideration of this submission.

Respectfully submitted,

*/s/Jonathan P. Vuotto*
Jonathan P. Vuotto

cc:    Counsel/Parties of Record