# EXHIBIT A

Verified Responses and Objections to First Set of Special Interrogatories to Claimant Warp Data Technology Lao Sole Co. Ltd.

[REDACTED]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     - against –<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC")<br>PREVIOUSLY STORED AT THE VIRTUAL<br>CURRENCY ADDRESSES LISTED IN<br>ATTACHMENT A, AND ALL PROCEEDS<br>TRACEABLE THERETO,<br><br>     Defendants *in rem*. | No. 25 Civ. 05745 (RPK) |

**VERIFIED RESPONSES AND OBJECTIONS TO FIRST SET OF SPECIAL INTERROGATORIES TO CLAIMANT WARP DATA TECHNOLOGY LAO SOLE CO. LTD**

Warp Data Technology Lao Sole Co. Ltd. ("Claimant" or "Warp Data"), pursuant to Supplemental Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G(6)"), by and through its attorneys, Pryor Cashman LLP, hereby responds and objects to Plaintiff United States of America's First Set of Special Interrogatories to Claimant Warp Data (the "Interrogatories" and each an "Interrogatory").

The Responses and Objections set forth herein are based on Claimant's knowledge, investigation, and analysis to date. Claimant reserves the right to supplement and amend these Responses and Objections should Claimant become aware of additional information.

**GENERAL OBJECTIONS**

1.      Claimant objects to the interrogatories on the grounds that Claimant's standing to contest forfeiture is not reasonably in dispute because Plaintiff's Verified Complaint alleges facts sufficient to show standing at this stage.

2. Claimant objects to the interrogatories to the extent they seek information already in Plaintiff's possession, custody, or control.

3. Claimant objects to any interrogatory that exceeds the limited scope of Rule G(6), which permits special interrogatories "limited to claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property."

4. Claimant objects to the interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Claimant hereby asserts those privileges and protections in response to any interrogatory that may be construed as calling for privileged or protected information, and objects to such interrogatories on those bases. Nothing in Claimant's responses is intended to be or shall be deemed a waiver of any rights under such privileges or protections.

5. Claimant objects to the interrogatories to the extent they are overly broad, are unduly burdensome, are not limited to a reasonable timeframe, or seek information that is not reasonably accessible. Responding to the government's overly broad requests is particularly burdensome in this case because Warp Data is based in Laos, many of its employees do not speak or are not fluent in English, and many of the underlying documents counsel would need to review to respond to all of these sweeping interrogatories were written in Lao and must be interpreted through the application of Lao law. Moreover, the government imposed what it described as "sweeping sanctions" on Warp Data the same day that it filed this forfeiture action, making it more difficult for Warp Data to litigate this forfeiture action.

6.  Claimant objects to the interrogatories to the extent they assume facts that have not been established or admitted by Claimant.

7.  Claimant objects to the interrogatories to the extent they call for legal conclusions.

8.  Nothing in these responses should be construed as waiving any rights or objections that might be available to Claimant; nor should Claimant's response to any interrogatory be deemed an admission of relevancy, materiality, or admissibility concerning any information or document.

9.  Claimant objects to the definitions and instructions to the extent they are overly broad, burdensome, or inconsistent with the applicable federal and local rules.

**SPECIFIC RESPONSES & OBJECTIONS**

**SPECIAL INTERROGATORY NO. 1:**

State the full legal name of the entity filing the Claim (referred to herein as "Warp Data") and identify: (a) the date and place of incorporation or registration; (b) the entity's address, and the address of its registered agent(s); (c) all persons involved in the creation of the entity; (d) all operating agreements or other governing documents; (e) all affiliates, subsidiaries and parent companies of the entity; (f) the address of any website maintained by or on behalf of the entity; (g) all corporate officers or directors; (h) all persons or entities who have an ownership or other interest in the entity and percentage of ownership; and (i) the business of the entity (describe in detail).

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and

3

relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad and unduly burdensome, including because it contains multiple subparts and is in fact numerous interrogatories, and also to the extent it purports to require that Claimant identify "all" persons, entities, or documents in response to multiple subparts,  and to "describe in detail" the business of the entity. Claimant further objects to this Interrogatory as vague and ambiguous, including as to the terms "persons involved in the creation of the entity," "other governing documents," "affiliates," and "other interest in the entity." Claimant further objects to this Interrogatory on the ground that it seeks information already in the government's possession, custody, or control, including that Claimant is "an entity registered in Laos that operated bitcoin mining facilities" (Compl. ¶ 16(t)) and that Claimant was a "large-scale cryptocurrency mining operation[]" (*id.* ¶ 42).  Accordingly, Claimant declines to respond to this Interrogatory, except to note the following:



███████████████████

**SPECIAL INTERROGATORY NO. 2:**

State the names, addresses, phone numbers, email addresses, and other contact information for all persons or entities holding more than a ten (10) percent interest in the entity, and the fraction of the interest held by that person or entity.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory, except to note the following:

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

**SPECIAL INTERROGATORY NO. 3:**

Your Claim was signed and verified by Duangtavanh Vongnalath, an individual asserting to be the "sole Manager" of Warp Data. Explain in detail this individual's role at Warp Data and the source of this individual's authority, past and present, to direct Warp Data's affairs. Also provide:

a.      Duangtavanh Vongnalath's full name and any prior names or aliases, place and date of birth, identification numbers on any official documents (such as a passport or driver's license),

5

country or countries of citizenship, current and prior residential and business addresses, personal and business phone numbers, and personal and business email addresses.

b.      Duangtavanh Vongnalath's employment history and history of association with Warp Data, including what entity/entities employed and compensated this individual, title or positions held and when they were held, location of work and when Duangtavanh Vongnalath worked at those locations, job responsibilities, and wages or other compensation received.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Claimant objects to this Interrogatory because it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory, except to note the following:





**<u>SPECIAL INTERROGATORY NO. 4</u>:**

The Defendant Cryptocurrency comprises assets previously held at the 25 virtual currency addresses listed in Attachment A of the Verified Complaint. You have asserted a claim to assets previously held at multiple such addresses. Accordingly, for each of the addresses that held assets to which you are asserting a claim, provide the following information in detail:

a.    The nature of your interest in the virtual assets previously stored at that address. For example, state whether you claim an interest as an owner of the property, a custodian, a bailee, an entity with a secured, unsecured or equitable interest in the property, or otherwise, and how and in what jurisdiction that interest was established and memorialized. Identify any documents memorializing that interest.

b.    State whether the interest described above is an interest in the property held by you directly, or is an interest held by an entity that you own or control, in whole or in part, and what entity.

c.    State the names, addresses, phone numbers, and contact details of any individual or entity who, in addition to yourself, has any interest in the virtual assets, and the nature and extent of that interest. For an entity, also state its place of incorporation or registration, contact details of registered agents and all beneficial owners of such entity, and your relationship to the entity. If any entity named in response to this interrogatory is owned or controlled in whole or in part by another entity, provide the same information with respect to the beneficial ownership of that entity.

d.      The time and circumstances of your acquisition of any interest in the virtual assets previously stored at that address.

e.      All virtual currency addresses, or accounts (including accounts at virtual currency exchanges and traditional fiat currency accounts), from which any of the virtual assets at that address originated (the "source accounts") and through which such assets passed (the "intermediate accounts").

f.      Any individual or entity that had ownership or control of the source accounts or the intermediate accounts, including the individuals or entities that possessed or had access to the private keys. Explain your relationship to each individual or entity identified.

g.      The origin of all funds, including traditional fiat currency and virtual assets, in the source accounts, and the circumstances that led to the deposit of the funds in those source accounts. If the source of any of the funds or assets was cryptocurrency mining, state where the mining operations were located and describe them in detail, including how, when, and by whom they were funded.

h.      State whether, at each stage in the transfer of the funds from the source accounts through the intermediate accounts, the funds were under your control and, if so, the manner in which you exercised such control.

i.      For any virtual assets you allege were mined by Warp Data, state whether and for how long Warp Data had an ownership interest in those assets after they were mined and the nature of that interest. For example, if assets were mined and then stored at certain virtual currency addresses and/or transferred to additional addresses, state the nature of Warp Data's ownership of those assets in each location they were stored. Identify any other individual or entity who also had an ownership interest in those assets at any time after they were mined, and the nature and time

period of that ownership interest. If Warp Data relinquished control of any such assets, state when and to whom and under what circumstances.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Claimant objects to this Interrogatory because it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory on the ground that it seeks information already in the government's possession, custody, or control, including that Claimant's mining operations "produced large sums of clean bitcoin" (Compl. ¶ 42) and that "extensive blockchain tracing" established that cryptocurrency mining by Warp Data was a source of the Defendant Cryptocurrency (*id.* ¶ 45). Claimant further objects to this Interrogatory to the extent that it seeks information that is either equally available to the government, including information on the public blockchain ledger, or in the exclusive possession, custody, or control of the government, including information about the Defendant Cryptocurrency during the time period from December 28, 2020, until the filing of the Complaint on October 14, 2025. Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories. Claimant objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. Claimant further objects to this Interrogatory on the ground that the operative complaint does not include sufficient detail regarding the seizure and custody of the Defendant Cryptocurrency. Claimant further objects to this Interrogatory to the extent that it seeks information not in Claimant's possession, custody, or control, including information about specific wallets or assets other than the bitcoin owned by Claimant, and

information about the Defendant Cryptocurrency during the time period from December 28, 2020, until the filing of the Complaint on October 14, 2025. Accordingly, Claimant declines to respond to this Interrogatory, except to note the following:



**SPECIAL INTERROGATORY NO. 5:**

Unless such information has been provided in your response above, identify any and all individuals or entities that, in addition to yourself, have exercised control over any virtual assets that are part of the Defendant Cryptocurrency and which assets specifically, the dates and manner in which such individual or entity exercised such control, the circumstances whereby such individual or entity ceased to exercise such control, and your relationship to such individual or entity.

10

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Claimant objects to this Interrogatory because it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks information not in Claimant's possession, custody, or control, including by requesting that Claimant identify "any and all individuals or entities that . . . have exercised control over *any* virtual assets that are part of the Defendant Cryptocurrency" (emphasis added), a portion of which is not part of Claimant's claim. Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory, except to note that ███████████████████████████████ ████████████████████████

**SPECIAL INTERROGATORY NO. 6:**

Identify and provide the contact information for any person who has knowledge of any of the facts relevant to each of the foregoing interrogatories. Identify any and all documents containing information relevant to your responses to each of the foregoing interrogatories. Identify all forms of electronic communication, including but not limited to text messages and emails, and their related phone numbers and email addresses, used to exchange information regarding the interests of yourself and/or others in the Defendant Cryptocurrency, or the control and disposition

11

of such property. To the extent it is necessary to gain access to such communications, provide the passwords and encryption keys.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Claimant objects to this Interrogatory because it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects on the ground that this Interrogatory requests information relating to "each of the foregoing interrogatories," including Interrogatories that also, independently, exceed the permissible scope of Rule G(6). Claimant further objects to this Interrogatory to the extent it seeks information not in Claimant's possession, custody, or control, including by requesting information relating to "all forms of electronic communications . . . used to exchange information regarding the interests of . . . others in the Defendant Cryptocurrency," a portion of which is not part of Claimant's claim. Claimant further objects to this Interrogatory to the extent it seeks information about or relating to other claims or claimants. Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory, except to note that

███████████████████████████████████████████████

**SPECIAL INTERROGATORY NO. 7:**

Identify each individual or individuals who has had access to the email account 1228btc@gmail.com and the time at which such individual or individuals had access.

12

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Claimant objects to this interrogatory on the ground that it is not limited to Claimant's "identity and relationship to the defendant property"—or, indeed, to any individual's or entity's relationship to the defendant property—and thus exceeds the permissible scope of Rule G(6). Claimant further objects on the ground that it seeks information not in Claimant's possession, custody, or control. Accordingly, Claimant declines to respond to this Interrogatory.

**SPECIAL INTERROGATORY NO. 8:**

Describe any relationship Warp Data (or any individual or entity related to Warp Data) has, or has ever had, to Prince Holding Group or any of its parent or subsidiary entities (including the entity that is a claimant in this forfeiture action) and when it had such a relationship, including, but not limited to: (a) any ownership interest or investment by the individual or entity; (b) any membership, employment, advisory or consulting relationship, or any other relationship by the individual or entity; (c) any Prince Holding Group-associated financial accounts or accounts at virtual currency exchanges for which the individual or entity was an accountholder, owner, signatory or beneficiary, or for which the individual or entity had any access or control; and (d) any associated virtual currency addresses the individual or entity had access to or control over, including by holding or having access to the private keys or otherwise.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Claimant objects to this Interrogatory because it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad,

unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects on the ground that it seeks information not in Claimant's possession, custody, or control. Claimant further objects to the extent that this Interrogatory seeks information about another claimant, Prince Holding Group, and is thus properly directed to Prince Holding Group, not to Warp Data. Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory, except to note that ███████████████████ ███████████████████████████████████████████████ ██████████████████████████████████████

## SPECIAL INTERROGATORY NO. 9:

Describe any relationship Warp Data (or any individual or entity related to Warp Data) has, or has ever had, to the LuBian cryptocurrency mining operation ("LuBian") or any of its parent or subsidiary entities, and when it had such a relationship, including, but not limited to: (a) any ownership interest or investment by the individual or entity; (b) any membership, employment, advisory or consulting relationship, or any other relationship by the individual or entity; (c) any LuBian-associated financial accounts or accounts at virtual currency exchanges for which the individual or entity was an accountholder, owner, signatory or beneficiary, or for which the individual or entity had any access or control; and (d) any associated virtual currency addresses the individual or entity had access to or control over, including by holding or having access to the private keys or otherwise.

## RESPONSE TO SPECIAL INTERROGATORY NO. 9:

Claimant objects to this Interrogatory because it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship

14

to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects on the ground that it seeks information not in Claimant's possession, custody, or control. Claimant further objects to the extent that this Interrogatory seeks information about another claimant, LuBian, and is thus properly directed to LuBian, not to Warp Data. Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory, except to note the following:

████████████████████████████████████████

**SPECIAL INTERROGATORY NO. 10:**

Describe LuBian's operations in detail and identify: (a) its ownership and operating structure, including that of any parent or subsidiary entities; (b) the dates it began and ceased operations; (c) the countries in which it operated and what those operations consisted of (d) each physical address at which it has conducted operations; (e) all persons involved in its creation and operation; (f) all operating agreements or other governing documents; (g) any relationship it has or has ever had to the governments of the People's Republic of China and Iran; (h) all names used by it; and (i) all financial accounts and virtual currency addresses used by it.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Claimant objects to this Interrogatory because it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship

15

to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects on the ground that it seeks information not in Claimant's possession, custody, or control. Claimant further objects that this Interrogatory seeks information about another claimant, LuBian, and is thus properly directed to LuBian, not to Warp Data. Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory, except to note that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## SPECIAL INTERROGATORY NO. 11:

Identify all persons who: (a) have knowledge of LuBian's business and operations; (b) have an ownership interest in LuBian or have invested in it; and (c) have served as a member, employee, officer, manager, director, or principal of LuBian.

## RESPONSE TO SPECIAL INTERROGATORY NO. 11:

Claimant objects to this Interrogatory because it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects on the ground that it seeks information not in Claimant's possession, custody, or control. Claimant further objects that this Interrogatory seeks information

16

about another claimant, LuBian, and is thus properly directed to LuBian, not to Warp Data. Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory.

**SPECIAL INTERROGATORY NO. 12:**

Provide the following information with respect to each of the following entities: Warp Data (US) Technology Inc., Future Technology Investment, Amber Hill Ventures Limited, Lateral Bridge Global Limited, Hing Seng Limited, Amiga Entertainment Limited and Ableton Prestige Global Limited:

a.      State what relationship, if any, Warp Data (or any individual or entity related to Warp Data) has or has had with the entity or its subsidiaries or parent entities and identify: (i) any ownership interest in the entity; (ii) any positions currently or previously held at the entity by Warp Data or associated individuals, including but not limited to, president, director, manager, employee, shareholder, or member; (iii) any associated financial accounts or accounts at virtual currency exchanges for which Warp Data or associated individuals were an accountholder, owner, signatory or beneficiary, or for which they had any access or control; and (iv) any associated virtual currency addresses Warp Data or associated individuals had access to or control over, including by holding or having access to the private keys or otherwise.

b.      Describe in detail the business of the entity and identify: (i) its date of incorporation or registration; (ii) each address at which the entity has conducted business; (iii) all persons involved in the creation of the entity; (iv) all operating agreements or other governing documents; (v) all subsidiaries and parent companies of the entity; and (vi) all names used by the entity.

c.    Identify all persons who: (i) have knowledge of the entity's business and operations; (ii) have an ownership interest in the entity; (iii) have invested in the entity; and (iv) have served as an employee, officer, manager, director, or principal of the entity.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Claimant objects to this Interrogatory because it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects on the ground that it seeks information not in Claimant's possession, custody, or control. Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory, except to note that ████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

**SPECIAL INTERROGATORY NO. 13:**

Describe in detail the current and past relationship(s) between Warp Data and Chen Zhi. Among other things, provide the following information:

a.    The extent to which Chen Zhi has an ownership interest in Warp Data, or in any other entity that, in turn, has an ownership interest in it.

b.      Whether Chen Zhi personally, or acting through one or more third parties, exercises or has ever exercised any control over Warp Data or its assets.

c.      Whether Chen Zhi, any family members of Chen Zhi, or any persons associated with Chen Zhi in any business is a director or shareholder of Warp Data.

d.      Whether Chen Zhi is presently directing the affairs of Warp Data and, if not, who is.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Claimant objects to this Interrogatory because it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory as vague and ambiguous, including as to the term "associated with." Claimant further objects on the ground that it seeks information not in Claimant's possession, custody, or control. Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory, except to note that ██████████████████ ████████████████████████████████████████████ ████████████████

**SPECIAL INTERROGATORY NO. 14:**

Identify any documents, emails, text messages, or other communications relating in any way to the relationship between Chen Zhi and Warp Data.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Claimant objects to this Interrogatory because it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects on the ground that it seeks information not in Claimant's possession, custody, or control. Accordingly, Claimant declines to respond to this Interrogatory.

**SPECIAL INTERROGATORY NO. 15:**

State the relationship between your interest in the Defendant Cryptocurrency and that asserted by claimants Chen Zhi and Prince Holding Group, and explain the difference between their interests and yours.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

Claimant objects to this Interrogatory because it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects on the ground that it seeks information not in Claimant's possession, custody, or control. Claimant further objects to the extent that this Interrogatory seeks information about claims asserted by other claimants, and is thus properly directed to those

20

claimants, not to Warp Data. Accordingly, Claimant declines to respond to this Interrogatory, except to note that ██████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████

## SPECIAL INTERROGATORY NO. 16:

For the purpose of identifying potential witnesses whose depositions may be taken, provide the names, addresses and contract information of all individuals employed by or associated with Warp Data who possess information relating to the relationship between that entity and Chen Zhi. If such persons are represented by counsel, also provide the contact information for such counsel.

## RESPONSE TO SPECIAL INTERROGATORY NO. 16:

Claimant objects to this Interrogatory because it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted the government to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects on the ground that it seeks information not in Claimant's possession, custody, or control. Accordingly, Claimant declines to respond to this Interrogatory.

Dated: New York, New York
       March 13, 2026

**PRYOR CASHMAN LLP**

By: */s/ Jeffrey Alberts*
    Jeffrey Alberts
    Sidhardha Kamaraju
    Katherine Reilly
    David Abramowicz
    7 Times Square
    New York, NY 10036
    Tel.: 212-326-0800
    Email: jalberts@pryorcashman.com

*Attorneys for Claimant Warp Data Technology Lao Sole Co. Ltd*

22

## VERIFICATION

I, Duangtavanh Vongnalath, sole Manager of claimant Warp Data Technology Lao Sole Co. Ltd, declare under penalty of perjury under the laws of the United States of America that I am authorized to sign this verification on behalf of claimant Warp Data Technology Lao Sole Co. Ltd and that the facts stated in the foregoing claim are true to the best of my knowledge and belief.

Executed: March 12 , 2026

_Duangtavanh Vongnalath._
_____
Duangtavanh Vongnalath

23