UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

UNITED STATES OF AMERICA,

       *Plaintiff,*

v.

APPROXIMATELY 127,271 BITCOIN (BTC),

       *Defendants In Rem.*

-------------------------------------------------------x

Civil Action No. 1:25-cv-05745 (RPK)

## MEMORANDUM OF LAW IN SUPPORT OF CLAIMANT ATH LEEPINYO'S MOTION TO DISMISS AND IN OPPOSITION TO COUNTERCLAIMS AND CROSS-CLAIMS ASSERTED BY ENCINAS AND DIBENEDETTO CLAIMANTS

### PRELIMINARY STATEMENT

Claimant Ath Leepinyo ("Leepinyo" or "Claimant") respectfully submits this memorandum of law in support of his motion to dismiss the counterclaims and cross-claims (the "TRIA Claims") asserted by the Encinas and DiBenedetto Claimants (the "TRIA Claimants").

The TRIA Claimants seek sweeping declaratory relief that would grant them categorical priority over all other claimants to the Defendant Cryptocurrency based on the Terrorism Risk Insurance Act ("TRIA"). Their theory is legally defective, procedurally premature, and fundamentally inconsistent with basic principles of property law.

TRIA does not grant terrorism judgment creditors a super-priority over property that does not belong to Iran in the first instance. Nor does it permit such creditors to bypass threshold determinations of ownership, tracing, and competing equitable interests.

Claimant Leepinyo asserts a direct property interest arising from a failed real estate transaction in which funds—converted into Bitcoin—were wrongfully retained. Those funds, and any traceable proceeds, are subject to restitution and constructive trust in favor of Leepinyo.

Because the TRIA Claims ignore these threshold issues and seek impermissibly broad relief, they must be dismissed.

### FACTUAL BACKGROUND

1

1. Claimant Ath Leepinyo entered into an agreement to purchase a condominium unit from Prince Real Estate Group in Cambodia through its representative, Chen Zhi.

2. In connection with that transaction, Leepinyo paid purchase funds that were converted into Bitcoin.

3. The condominium unit was never delivered to Leepinyo.

4. Title to the condominium was improperly retained in the name of Prince Real Estate Group.

5. Under applicable law, Leepinyo is entitled to rescission of the transaction and return of the purchase funds.

6. As a result, Leepinyo holds a restitutionary and equitable ownership interest in the funds paid, including any traceable cryptocurrency and proceeds thereof.

## ARGUMENT

### I. THE TRIA CLAIMS FAIL BECAUSE THEY DO NOT PLAUSIBLY ALLEGE THAT ALL DEFENDANT ASSETS ARE OWNED BY IRAN

TRIA applies only to "blocked assets of" a terrorist party or its agency or instrumentality. The TRIA Claimants' pleading fails to plausibly allege that all of the Defendant Cryptocurrency is owned by Iran or any qualifying entity.

Instead, the pleadings reflect that the Defendant Cryptocurrency may include a mixture of sources, including newly mined Bitcoin and funds associated with third parties. The TRIA Claimants ignore the existence of competing ownership claims, including Claimant Leepinyo's direct property interest.

Because TRIA applies only to property actually owned by a terrorist party or its instrumentality, the failure to plausibly allege such ownership is fatal to the TRIA Claims.

### II. TRIA DOES NOT OVERRIDE SUPERIOR PROPERTY INTERESTS OF THIRD PARTIES

Even where TRIA applies, it permits execution only against property belonging to the terrorist party. It does not authorize seizure of property owned by third parties.

Claimant Leepinyo's interest arises from a failed transaction in which funds were wrongfully retained. Under well-established principles of restitution, such funds—and their traceable proceeds—are subject to a constructive trust.

A constructive trust confers an equitable ownership interest that is superior to the claims of general creditors. Accordingly, to the extent the Defendant Cryptocurrency includes assets traceable to Leepinyo's funds, those assets are not subject to execution under TRIA.

### III. THE TRIA CLAIMS ARE PREMATURE AND NOT RIPE

The TRIA Claimants seek a declaration of priority before the Court has determined:

(a) ownership of the Defendant Cryptocurrency;
(b) traceability of specific funds; and
(c) validity of competing claims.

Such relief is premature. Priority cannot be determined in the abstract without first resolving who owns the property at issue.

Because these threshold issues remain unresolved, the TRIA Claims do not present a ripe controversy and must be dismissed.

### IV. THE REQUEST FOR BLANKET DECLARATORY RELIEF IS LEGALLY DEFECTIVE

The TRIA Claimants seek sweeping declarations that they hold priority over all competing claimants and that all other claims are subordinate.

This request is improper because it:

(a) disregards the individualized nature of competing claims;
(b) attempts to resolve factual disputes without adjudication; and
(c) would effectively grant dispositive relief without trial.

Declaratory relief must be grounded in concrete facts, not speculative entitlement. The TRIA Claimants' request fails this standard.

### V. NEW YORK EXECUTION PRIORITY LAW DOES NOT APPLY AT THIS STAGE

The TRIA Claimants rely on CPLR §§ 5234 and Article 62 to assert priority. These provisions govern execution procedures among judgment creditors and do not determine ownership of disputed property.

At this stage, federal forfeiture law governs, and it requires adjudication of ownership and competing interests before any distribution or priority determination.

Accordingly, reliance on New York execution priority law is misplaced and premature.

### VI. EQUITABLE PRINCIPLES BAR THE RELIEF SOUGHT

Equity does not permit one group of claimants to obtain priority over assets that include funds wrongfully taken from others.

Where assets are subject to restitutionary claims and constructive trust, equity requires that those interests be resolved before any distribution to general creditors.

Granting the TRIA Claimants' requested relief would improperly elevate them at the expense of claimants, like Leepinyo, who assert direct ownership of identifiable funds.

## CONCLUSION

For the foregoing reasons, Claimant Ath Leepinyo respectfully requests that the Court:

1. Dismiss the TRIA Claimants' counterclaims and cross-claims in their entirety pursuant to Rule 12(b)(6);
2. Deny any request for declaratory relief regarding priority;
3. Preserve Claimant Leepinyo's rights to assert ownership and restitution claims; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Ath Leepinyo
Ath Leepinyo
Claimant, Pro Se
P.O. Box 2
Central City Bangna Post Office
1090 Moo 12 Bangna-Trad Road
Bangna, Bangkok 10260
Thailand
Telephone: +011-66-82-092-5390
Email: leepinyo@protonmail.com