

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| AFM:ADR | *271 Cadman Plaza East* |
| F. #2024R00105 | *Brooklyn, New York 11201* |

April 20, 2026

<u>By ECF</u>

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:    <u>United States v. Approximately 127,271 Bitcoin</u>
> <u>Civil Docket No. 25-5745 (RPK)</u>

Dear Judge Kovner:

The government respectfully submits this letter pursuant to the Court's January 28, 2026 and February 17, 2026 orders directing the government to provide updates with respect to the pending motions to dismiss the Complaint in this matter filed by claimants Chen Zhi ("Chen"), LuBian and Warp Data Technology Lao Sole Co. Ltd ("Warp Data"), in light of their obligation to answer the special interrogatories served by the government.

As described below, these claimants have not yet provided proper answers to the government's interrogatories. The government expects to litigate their compliance and, ultimately, their standing in the case, along with that of claimants Prince Holding Group ("Prince Group"), Yuan Tian ("Tian") and Jian Yang ("Yang"). Pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"), such matters must be resolved before the government responds to the motions to dismiss.

The government served special interrogatories on Chen and Prince Group on February 6, 2026; on LuBian and Warp Data on February 20, 2026; and on Tian and Yang on February 23, 2026.[1] Pursuant to Rule G(6)(b), these claimants were required to serve answers or objections to the interrogatories within 21 days, *i.e.*, by February 27, 2026 for Chen and Prince Group; by March 13, 2026 for LuBian and Warp Data; and by March 16, 2026 for Tian and Yang.

---

[1]    Pursuant to Rule G, "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Rule G(6).

None of Chen, Prince Group or LuBian provided responses by their respective deadlines, instead informing the government that they intended to move the Court for a protective order. On March 11 and 17, 2026, counsel for Chen and Prince Group and the government respectively submitted proposed protective orders. On April 14, 2026, Judge Kaminsky entered the government's proposed order. *See* ECF No. 405.

Counsel for Chen and Prince Group thereafter signed the protective order and provided objections and purported responses to the government's special interrogatories. However, those responses were improper and deficient. Chen's responses were neither made nor sworn by Chen, as explicitly required under the relevant rules, and neither claimant answered key threshold questions about their respective claims. In an effort to narrow the gap between these submissions and what the law requires, the government reached out to counsel for a meet and confer, which will take place on April 24, 2026.

LuBian has thus far failed to sign the protective order, despite having joined Chen's and Prince Group's protective order motion. As of the filing of this letter, LuBian still has not provided responses to the government's special interrogatories, more than five weeks past the statutory deadline. Follow-up inquiries by the government to counsel have gone unanswered. Warp Data moved before Judge Kaminsky to quash the government's special interrogatories, *see* ECF No. 411, and provided the government with objections and limited non-responsive information that failed to describe basic elements of its claim. The government will oppose that motion but has asked Judge Kaminsky to permit it to do so after it receives outstanding responses from remaining claimants. *See* ECF No. 395. Warp Data signed the protective order earlier today.

Lastly, Tian and Yang have both signed the protective order. Tian sent the government limited interrogatory responses and, following a meet and confer, agreed to provide additional information. Yang initially provided a partial set of responses and indicated that he would provide additional responses once a protective order was entered; he provided those additional responses this afternoon. Information initially received from both of these claimants was deficient in key respects, including that it did not identify the claimed property or draw any connection between these claimants' asserted losses and property constituting the *res* in this case.

The government anticipates moving before Judge Kaminsky to compel compliance by these claimants with its special interrogatories. To the extent necessary, the government may seek additional discovery to investigate the claimants' standing. Following that litigation (and resolution of the motion to quash by Warp Data), the government, as it has previously indicated, will likely move to strike certain claimants from the action. Meanwhile, the government's response deadline to the motions to dismiss remains tolled pending the special

2

interrogatory process and related litigation and the government's forthcoming motions to strike. *See* Rule G(8)(c)(ii)(A).

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     /s/                            

Alexander F. Mindlin
Tanisha R. Payne
Benjamin Weintraub
Andrew D. Reich
Rebecca M. Schuman
Alessandra V. Rafalson
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

cc:  Clerk of Court (RPK)
      Counsel of Record

3
