

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| AFM:ADR | *271 Cadman Plaza East* |
| F. #2024R00105 | *Brooklyn, New York 11201* |

April 21, 2026

<u>By ECF</u>

The Honorable Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:     United States v. Approximately 127,271 Bitcoin
> <u>Civil Docket No. 25-5745 (RPK) (CHK)</u>

Dear Judge Kaminsky:

The government respectfully submits this motion to compel claimant LuBian to comply with the government's special interrogatories as required by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G").

The government served special interrogatories on LuBian on February 20, 2026.[1] Pursuant to Rule G(6)(b), LuBian was required to serve answers or objections to the interrogatories within 21 days, *i.e.*, by March 13, 2026. LuBian did not do so. Instead, LuBian informed the government that it intended to join the pending motion for a protective order filed by claimants Chen Zhi ("Chen") and Prince Holding Group ("Prince Group"). On April 14, 2026, following submissions by Chen and Prince Group and by the government, the Court entered the government's proposed protective order. *See* ECF No. 405. LuBian has thus far failed to sign it despite having joined Chen's and Prince Group's motion. *See* ECF No. 353. And, more than five weeks following the expiration of the statutory deadline to respond to the

---

[1]     Pursuant to Rule G, "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Rule G(6); *see also United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 642 (9th Cir. 2012) (explaining that "Rule G(6)(a) . . . gives the government the right to question the claimant regarding the claimant's identity and relationship to the defendant property, and to gather information that bears on the claimant's standing" (citations and internal quotation marks omitted)).

government's special interrogatories, LuBian still has not provided any response to those interrogatories.  Follow-up inquiries by the government to counsel have gone unanswered.

If a claimant fails to respond to the government's special interrogatories, the government may file a motion to compel responses pursuant to Federal Rule of Civil Procedure 37 and ultimately move to strike the claim pursuant to Rule G.  *See United States v. Vazquez-Alvarez*, 760 F.3d 193, 196 (2d Cir. 2014); *$133,420.00 in U.S. Currency*, 672 F.3d at 635; *see also, e.g.*, *United States v. $410,000.00 in U.S. Currency*, 2007 WL 4557647, at *7 & n.5 (D.N.J. 2007) (granting government's motion to compel responses to special interrogatories); *United States v. $2,409 in U.S. Currency*, 2010 WL 2670982, at *1 (D. Md. June 24, 2010) (striking claim for failing to respond to special interrogatories within 21 days).

LuBian has failed to respond to the government's special interrogatories as required by Rule G.  The government therefore respectfully requests that the Court compel LuBian to immediately do so.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:      /s/
Alexander F. Mindlin
Tanisha R. Payne
Benjamin Weintraub
Andrew D. Reich
Rebecca M. Schuman
Alessandra V. Rafalson
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

cc:      Clerk of Court (CHK)
Counsel of Record

2