AFM/NJM/BGK: ADR/BW/RMS/TRP
F. 2025V02069

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X
UNITED STATES OF AMERICA,

          Plaintiff,

  -against-

APPROXIMATELY 127,271 BITCOIN ("BTC")
PREVIOUSLY STORED AT THE VIRTUAL
CURRENCY ADDRESSES LISTED IN
ATTACHMENT A, AND ALL PROCEEDS
TRACEABLE THERETO,

        Defendants *In Rem*.
_____X
CLAIMANTS IDENTIFIED IN SCHEDULE A,

         Claimants
_____X

**SCHEDULE A AWKO CLAIMANTS' REQUEST FOR EXTENSION OF TIME TO RESPOND TO COURT ORDER (DKT. 394)**

Civil Action No.: 25-cv-05745 (RPK)

COMES NOW the Claimants identified in Schedule A ("AWKO Claimants") by and through their undersigned counsel and hereby request an extension of time to respond to the Court's Order filed on April 7, 2026 (Dkt. No. 394) and states as follows:

## I. PRELIMINARY STATEMENT

The AWKO Claimants—444 individuals who assert they are victims of cryptocurrency fraud schemes described in the Government's complaint—respectfully move this Court, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), for an extension of time to comply with the Court's April 21, 2026 deadline to refile their claims and claim verifications using Claimants' full legal names. Specifically, the AWKO Claimants request that the deadline be extended until the Court has ruled on the Government's Motion to Strike the AWKO Claimants which may entirely moot the need for refiling claims with their full name.

Equity strongly favors this brief extension of the refiling deadline. The AWKO claimants, through their counsel, are attempting to meet and confer with the Government to deliberate on the threshold issues at the core of the Motion to Strike. Furthermore, compelling 444 fraud victims to publicly disclose their legal identities before the Court has had the opportunity to consider a potentially dispositive threshold motion—whether or not these Claimants have standing to bring claims—would cause harm to these Victim-Claimants. If the Motion to Strike is granted, the refiling obligation evaporates. Granting the extension preserves the status quo, protects the claimants' privacy interests, and avoids requiring an irreversible act before the Court can rule on a pending dispositive motion. The Government suffers no cognizable prejudice from a brief extension.

## II.    PROCEDURAL BACKGROUND

1. The Government commenced this civil forfeiture action on October 14, 2025, seeking the forfeiture of approximately 127,271 Bitcoin (BTC) previously stored at virtual currency addresses identified in Attachment A to the Complaint.

2. The AWKO Claimants are 444 individuals who have asserted claims in this proceeding based on their status as alleged victims of cryptocurrency fraud schemes detailed in the Government's complaint. These Victim-Claimants filed their claims and claim verifications on December 15, 2025, using pseudonyms to protect their identities from public disclosure. (Dkt. No. 19).

3. On December 15, 2025, the AWKO Claimants previously moved this Court for leave to proceed under pseudonyms to preserve the confidentiality of Claimants' identities while participating in this litigation citing concerns about threats to financial security as victims and revictimization. (Dkt. No. 18).

4. On April 7, 2026, the Court issued a Memorandum and Order denying without prejudice the AWKO Claimants' motion to proceed under pseudonyms. The Court directed the AWKO Claimants to file their claims and claim verifications using their full legal names by April 21, 2026. (Dkt. No. 394).

5. On March 30, 2026, the Government filed a Motion to Strike the AWKO Claimants' forfeiture claims, and the procedural posture asserted against the claimants. That motion raises threshold legal and factual issues that, if resolved in the Government's favor, would moot or substantially alter the obligation to refile the AWKO claims under Claimants' legal names. (Dkt. No 376). The AWKO Claimants are set to file its response to the Government's Motion on or before April 27, 2026, per this Court's direction. (*See* Order Establishing a Proposed Briefing Schedule).

6. The AWKO Claimants have not previously filed any motions for extensions of time on this particular matter.

7. Compliance with the April 21, 2026, deadline before the Motion to Strike is resolved would require 444 claimants to permanently expose their legal identities in a public court record— an act that, once taken, cannot be undone regardless of how the Court later rules on the pending motion.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A).

"Good cause" under Rule 6(b) is construed broadly, permitting the court discretion to extend deadlines with a non-rigorous standard where the interests of justice so require. *See Wang*

*v. Omni Hotels Mgmt. Corp.*, 607 F. Supp. 3d 219, 222 (D. Conn. 2022) (quoting *Manigault v. ABC Inc.*, No. 18-3133, 2019 WL 6340254 (2d Cir. Nov. 27, 2019). The burden of showing good cause falls upon the movant. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007); *See also Reeder v. Wright*, No. 9:24-CV-514 (AJB/DJS), 2025 WL 3295072, at *3 (N.D.N.Y. Nov. 26, 2025).

Courts in this Circuit routinely grant extensions of time where, for instance: (1) the moving party has articulated a legitimate reason for the requested extension; (2) whether the movants have acted in good faith; (3) no undue prejudice would result to the non-moving party; and (4) the extension serves the efficient and just resolution of the proceedings. *Knox v. Palestine Liberation Org.*, 229 F.R.D. 65, 68 (S.D.N.Y. 2005) (quoting *Williams v. KFC Nat. Management Co.*, 391 F.3d 411, 415 (2d Cir.2004)); *See also United States v. Provenzi*, 349 F.R.D. 600, 603 (W.D.N.Y. 2025), aff'd, No. 21-CV-398-LJV-JJM, 2025 WL 3718175 (W.D.N.Y. Dec. 23, 2025)*; Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 253 (W.D.N.Y. 2012) (quoting *Mendez v. Barlow*, 2008 WL 2039499, *2 (W.D.N.Y.2008)).

## IV.    ARGUMENT

### A. **Victim-Claimants are Still Attempting to Meet and Confer Regarding the Motion to Strike**

Good cause for an extension exists where, as here, Victim-Claimants are attempting to meet and confer with the Government regarding its Motion to Strike. The Government's Motion raises threshold legal and procedural challenges to the AWKO claims. At this point, counsel for the Victim-Claimants are attempting to meet and confer with the Government about their motion, including discussion on threshold legal issues and postures at the core of the Government's Motion.

By engaging in direct discussions, both parties have the opportunity to clarify their positions and potentially reach agreements that may reduce the need for further litigation or court intervention. This collaborative effort not only promotes judicial efficiency but also ensures that the parties are fully informed about each other's arguments and concerns before the Court is asked to rule on the motion. Granting an extension to allow this process to unfold serves the interests of justice by fostering meaningful dialogue and potentially streamlining the proceedings.

Without adequate time to conduct and continue these discussions, important procedural and factual issues may remain unresolved, resulting in unnecessary court filings and potentially avoidable disputes. Allowing the Victim-Claimants additional time to confer with the Government ensures that all relevant matters are addressed efficiently, and that any subsequent filings are both accurate and responsive to the issues at hand. This approach not only safeguards the parties' rights but also supports the Court's goal of orderly and fair adjudication.

### B.  The Pending Motion to Strike May Moot the Obligation to Refile Entirely

Good cause for an extension also exists where, as here, a pending dispositive motion threatens to render the underlying obligation irrelevant. The Government's Motion to Strike the AWKO claims raises threshold legal and procedural challenges to the Government's forfeiture claims. Should the Court grant the Motion to Strike—whether in whole or in part—the requirement for the AWKO Claimants to refile by April 21, 2026, would be rendered entirely unnecessary. Directing 444 claimants to disclose their legal identities before the Court has resolved this threshold issue would result in an irreversible exposure serving no earnest purpose and causing harm that cannot be undone regardless of the outcome of the pending motion to strike. To require 444 claimants to take an step that a subsequent ruling may render wholly unnecessary inverts the proper sequence of judicial decision-making and wastes the resources of the parties and the Court.

**C. An Extension Preserves the Court's Ability to Rule Before an Irrevocable Act Occurs**

The Court retains broad inherent authority to manage its docket and to preserve the status quo pending the resolution of pending motions, particularly where compliance with a deadline would result in irreversible consequences. *See, e.g. In re PG&E Corp. Sec. Litig.,* 100 F.4th 1076, 1086 (9th Cir. 2024); *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Extending April 21, 2026, deadline until a ruling on the Motion to Strike serves this principle directly. It allows the Court to consider and rule on the threshold motion in an orderly manner, without being confronted with an irreversible action—the permanent public disclosure of 444 claimants' identities. Preserving the status quo is the least invasive course of action and is fully consistent with the Court's authority under Rule 6(b) and its inherent powers.

**D. No Prejudice Results to the Government from this Brief Extension**

The Government suffers no cognizable prejudice from a brief extension of the refiling deadline. This is not a situation where delay would cause the loss of evidence, the dissipation of assets, or interference with any ongoing law enforcement activity. The Defendant *In Rem*—approximately 127,271 Bitcoin (BTC)—is already subject to this Court's jurisdiction and is not at risk of dissipation during any brief extension. Any marginal delay to the Government's interests from a brief extension is vastly outweighed by the concrete and irreparable harm to the claimants that would result from premature public disclosure. *See, e.g. Nken v. Holder*, 556 U.S. 418, 434–35 (2009) (weighing harm to each party in determining whether to preserve the status quo pending further proceedings); *Virginian Ry. Co. v. United States,* 272 U.S. 658 (1926).

Additionally, the AWKO Claimants previously provided the Government with the full names of each claimant. This brief delay would not prevent the Government from receiving information it already has. Instead, this delay would allow the threshold questions at the core of the Government's own Motion to Strike to be answered unambiguously.

## V.    CONCLUSION

For the foregoing reasons, the AWKO Claimants respectfully request that the Court enter an Order:

1. Extend the April 21, 2026, deadline for the AWKO Claimants to refile their claims and claim verifications using their full legal names until the Court has issued a ruling on the Government's Motion to Strike the AWKO Claims; and

2.  Granting such other and further relief as the Court deems just and proper.

Dated: April 21, 2026,                    Respectfully Submitted,


*/s/Hillary M. Nappi*
Hillary M. Nappi (NY Bar No. 5204045)
**AWK Survivor Advocate Attorneys PLLC**
**Of-counsel to Aylstock, Witkin, Kreis**
**& Overholtz**
1133 Westchester Ave., Suite N-224
White Plains, NY 10604
Telephone: (914) 468-4840
Email: hnappi@awk-saa.com

-and-

*/s/ Daniel J. Thornburgh*
Daniel J. Thornburgh *(Pro Hac Vice)*
FL Bar No. 0042661
**AYLSTOCK, WITKIN,**

**KREIS & OVERHOLTZ, PLLC**
Email: dthornburgh@awkolaw.com
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Facsimile: (850) 916-7449

*Attorneys for Claimants*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on April 21, 2026, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

*/s/ Hillary M. Nappi*
Hillary M. Nappi (NY Bar No. 5204045)
AWK Survivor Advocate Attorneys PLLC
Of-counsel to Aylstock, Witkin, Kreis
& Overholtz
1133 Westchester Ave., Suite N-224
White Plains, NY 10604
Telephone: (914) 468-4840
Email: hnappi@awk-saa.com
