MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

mpiccolo@maglaw.com
(212) 880-9408

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***
KEFIRA WILDERMAN

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

May 4, 2026

**BY ECF**

Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***United States v. Approximately 127,271 Bitcoin*, 25 Civ. 5745 (RPK)**

Dear Judge Kovner:

We represent Claimant Jian Yang ("Claimant") in connection with the above-referenced civil forfeiture action. On April 20, 2026, counsel for several putative claimants[1] filed a joint letter requesting that the Court hold in abeyance all crossclaims asserted by putative claimants until the Court rules on their pending motions for leave to file untimely claims. *See* Doc. No. 420 at 1. The following day, the Court entered an order holding the crossclaims filed by the putative DiBenedetto and Encinas Claimants in abeyance, but the Court's order did not address other crossclaims referenced in the letter which have yet to be held in abeyance, namely the crossclaims asserted by the putative Hirshfeld and Mark Claimants (*see* Doc. No. 406 at 14). Claimant notes that while the docket entry accompanying the answer filed by the putative DiBenedetto and Encinas Claimants correctly states that the answer contains crossclaims and counterclaims, the docket entry associated with the Hirshfeld and Mark Claimants does not. *Compare* Doc. No. 406 *with* Doc. No. 414.

Accordingly, Claimant respectfully requests that the Court enter a separate order holding the crossclaims filed by the putative Hirshfeld and Mark Claimants in abeyance. In the

[1] The putative Mark Claimants, Hirshfeld Claimants, Encinas Claimants, DiBenedetto Claimants, Relvas Claimants, Elvis (fka Michael) Rusnak Claimants, Aceto Claimants, Akins Claimants, Blais Claimants, Blank Claimants, Brewer Claimants, Thole Claimants, Valencia Claimants, Welch Claimants, Clayton Omar Zook Claimants, Weinstock Claimants, Mustard Claimants, Johnson Claimants, and Heching Claimants.

alternative, Claimant incorporates by reference the arguments set forth in his letter filed on March 4, 2026. *See* Doc. No. 278.[2] If the Court declines to hold these crossclaims in abeyance, Claimant would respectfully request that the Court schedule a pre-motion conference to set forth the bases for his anticipated motion to dismiss the crossclaims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See id.* at 2–3.

Thank you for your consideration of this request.

Respectfully submitted,

*/s/ Marissa Piccolo*
Telemachus P. Kasulis
Marissa Piccolo
MORVILLO ABRAMOWITZ
GRAND IASON & ANELLO P.C.
565 Fifth Avenue
New York, New York 10017
Tel: (212) 880-9555
tkasulis@maglaw.com
mpiccolo@maglaw.com

cc: Counsel of record (via ECF)

---

[2] The putative Hirshfeld and Mark Claimants prematurely filed an answer containing crossclaims on April 14, 2026, before the Court ruled that it would accept their claims to the *res* as timely. Because the Court has yet to accept the underlying claims, it is Claimant's position that the answer and crossclaims are legal nullities. Out of caution, however, Claimant has elected to file this response to the putative Hirshfeld and Mark Claimants within the timeframe set forth in the Court's Individual Practice Rule IV(A)(2).