UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Case No. 1:25-cv-05745 (RPK)
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case No. 1:25-cv-05745

APPROXIMATELY 127,271 BITCOIN (BTC),

Defendant Property.



---

SUPPLEMENTAL AFFIDAVIT
(TRANSACTION-LEVEL COMMUNICATION EVIDENCE AND FRAUD CONTROL)

---

I, Louis Michael Sylvain Selvon, declare under penalty of perjury as follows:

---

## 1. INTRODUCTION

This Supplemental Affidavit is submitted to provide additional evidentiary support to my previously filed materials, including:

- Supplemental Affidavit and Notice of Victim Interest (Dkt. 400);

- Supplemental Clarification – Aggregation Wallet Identification (Dkt. 401); and

- Verified Claim pursuant to Supplemental Rule G(5) (Dkt. 424).

This submission introduces contemporaneous communications between the Affiant and individuals operating under the fraudulent platforms "CMC Trust" and "Swapbridge," which directly correspond to blockchain transaction activity already submitted to the Court.

---

## 2. PURPOSE OF THIS SUPPLEMENT

The purpose of this affidavit is to:

a. Demonstrate that each transfer was induced and directed by the perpetrators;
b. Establish that destination wallet addresses were controlled by those perpetrators;
c. Correlate communication timestamps with blockchain transaction records; and
d. Provide further support that the transfers were not voluntary investments but fraud-induced misappropriations.

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Case No. 1:25-cv-05745 (RPK)

## 3. COMMUNICATION EVIDENCE – CMC TRUST

The Affiant engaged in communications with an individual identifying as "Phillip (CMC Trust). Savic"

These communications demonstrate:

- Provision of specific wallet addresses for deposits;

- Instructions to convert assets prior to transfer;

- Active coordination of transaction timing; and

- Confirmation of receipt following transfers.

For example:

- The Affiant was instructed to convert funds and transfer to a specified address: "Convert it to USD T and I will send you your USDT Address…"

- The perpetrator provided wallet addresses directly and requested confirmation of transfer completion.

- The Affiant encountered technical barriers (gas fees, network issues), during which the perpetrator continued to direct and troubleshoot the transfer process.

These communications demonstrate that:

- The Affiant did not independently select destination addresses;

- The perpetrators exercised control over transaction execution;

- Transfers were performed under direction and reliance on representations made.

## 4. COMMUNICATION EVIDENCE – SWAPBRIDGE

The Affiant also engaged with an individual identifying as "Sean Griffin" associated with the "Swapbridge" platform.

These communications demonstrate:

- Direct provision of Bitcoin deposit addresses;

- Real-time monitoring of inbound transfers;

- Immediate confirmation of receipt into platform-controlled accounts;

- Encouragement to continue deposits and increase investment amounts.

For example:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Case No. 1:25-cv-05745 (RPK)

- A Bitcoin deposit address was provided for transfer: bc1q2xp0h6y8avm7qn34d079r4puqhs8g35t2357c3 (as later formally identified in Dkt. 401).

- The perpetrator confirmed receipt shortly after transfer and stated funds were being added to the platform account.

These communications establish:

- Centralized control of deposit infrastructure;

- Absence of individualized wallet ownership;

- Immediate custody of funds by the perpetrators upon transfer.

## 5. SYNCHRONIZATION WITH BLOCKCHAIN EVIDENCE

The communication records align temporally with blockchain transaction data previously submitted in Dkt. 400.

Specifically:

- Messages requesting transfers correspond directly with recorded transaction timestamps;

- Wallet addresses provided in communications match those appearing in blockchain tracing exhibits;

- Confirmation messages coincide with transaction confirmations on-chain.

This synchronization creates a direct and traceable link between:

- The inducement (communications);

- The execution (transactions); and

- The destination (controlled wallet infrastructure identified in prior filings).

This provides transaction-level specificity that is not dependent on generalized accounting methodologies.

## 6. COMMON SCHEME AND COORDINATED STRUCTURE

The communications and tracing evidence collectively demonstrate a coordinated fraudulent scheme involving multiple platform identities, including:

- "CMC Trust"; and

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Case No. 1:25-cv-05745 (RPK)

- "Swapbridge."

These platforms operated in parallel and exhibited consistent characteristics:

- Controlled deposit instructions;

- Shared laundering patterns;

- Routing into exchange infrastructure; and

- Absence of legitimate withdrawal functionality.

The use of multiple brands does not represent independent operations, but rather a coordinated system utilizing common infrastructure previously identified in Dkt. 400 and Dkt. 401.

---

## 7. RECOVERY SCAM INDICATORS

Subsequent communications (2025) demonstrate the use of recovery-scam tactics.

These include:

- Demands for additional payments as a condition of withdrawal;

- Claims of "liquidation fees" or "broker fees";

- Assertions that funds could only be released upon payment.

For example:

- A demand was made for:
  "20% of the profits you earned... as a broker fee."

These communications confirm:

- Continued control over the funds after initial transfer;

- Absence of legitimate account ownership by the Affiant;

- Use of coercive tactics to extract further funds.

---

## 8. LEGAL CHARACTERISATION OF TRANSFERS

The evidence provided herein establishes that:

a. Transfers were induced by material misrepresentations regarding legitimacy, licensing, and operation of the platforms;

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Case No. 1:25-cv-05745 (RPK)

b. The perpetrators directed all deposit instructions, including wallet addresses and conversion steps, demonstrating control over the destination of funds;

c. The Affiant was led to believe that accounts were personally controlled, when in fact all access and withdrawal functionality remained under the control of the perpetrators;

d. Subsequent communications demonstrate recovery-scam tactics, including demands for additional fees as a condition of withdrawal.

Accordingly, the transfers constitute fraud-induced misappropriation and were not voluntary investments.

## 9. RELATION TO PRIOR TRACING AND DOJ ALIGNMENT

This communication evidence reinforces the blockchain tracing already submitted in Dkt. 400, which demonstrates:

- Aggregation of funds into controlled wallet clusters;

- Splitting, commingling, and re-routing of assets;

- Convergence into exchange-linked infrastructure including HTX, Kyrrex, and Binance.

The communications provide the missing evidentiary bridge between:

- Human inducement; and

- Blockchain movement of funds.

## 10. OWNERSHIP AND CONTROL

These communications demonstrate that:

- The Affiant did not exercise meaningful control over the transferred assets;

- The perpetrators controlled both destination and subsequent movement of funds;

- Access to accounts and withdrawal functionality remained exclusively under perpetrator control.

The transfers were executed under deception and direction such that legal title did not pass in any meaningful sense.

Accordingly:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Case No. 1:25-cv-05745 (RPK)
The Affiant retains an ownership and equitable interest in the property traceable to the Defendant Property.

---

## 11. CONCLUSION

This Supplemental Affidavit establishes:

- Direct inducement of each transfer;

- Perpetrator control over destination wallet infrastructure;

- Transaction-level linkage between communications and blockchain evidence;

- Continuity of fraud through recovery-scam activity.

This evidence further supports:

- Recognition of the Affiant as a victim of fraud;

- Preservation of the Affiant's interest in the Defendant Property;

- Consideration in forfeiture, restitution, and remission proceedings.

---

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: 5th of May 2026

---

Louis Michael Sylvain Selvon
Blair Athol NSW 2560
Australia

Email: louisselvon@gmail.com