# EXHIBIT A

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> -against-<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>    Defendants *in rem,*<br><br><hr>CHEN ZHI,<br><br>     Claimant. | No. 25 Civ. 05745 (RPK)<br><br>**CLAIMANT CHEN ZHI'S OBJECTIONS AND RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF SPECIAL INTERROGATORIES** |

Pursuant to Rule G(6)(a) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, Rules 26 and 33 of the Federal Rules of Civil Procedure, and all applicable local rules, Claimant Chen Zhi ("Claimant"), by and through his undersigned counsel, hereby objects and responds to Plaintiff United States of America's ("Plaintiff") First Set of Special Interrogatories (Nos. 1–18). These Objections and Responses are made solely for the purpose of and in relation to this action.

The Objections and Responses set forth in this document are based on Claimant's knowledge, investigations, and analysis to date. As discovery proceeds, Claimant may become aware of additional facts or evidence and his analysis of the case may change. Claimant reserves all rights to supplement and amend his objection and responses accordingly.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## I.    GLOBAL OBJECTIONS

1.    Claimant objects to the Interrogatories on the grounds that Plaintiff's Verified Complaint alleges facts sufficient to show standing at this stage, and accordingly, Claimant's standing to contest forfeiture is not reasonably in dispute, and the interrogatories are therefore served for an improper purpose.

2.    Claimant objects to the instructions, definitions, and Interrogatories to the extent they purport to include forms of information not discoverable under the Supplemental Rules, Federal Rules, Local Rules, or any other applicable authority.

3.    Claimant objects to the Interrogatories to the extent that they do not contain limitations as to time.

4.    Claimant objects to the Interrogatories to the extent that responding would require Claimant to violate any applicable foreign law.

5.    Claimant objects to the Interrogatories to the extent that responding would require Claimant to violate Claimant's privilege against self-incrimination.

6.    Claimant objects to the Interrogatories to the extent they seek information that was developed in anticipation of litigation, constitutes work product, contains or reflects attorney-client communications, or is otherwise privileged or protected from disclosure by law. To the extent that any Interrogatory may be construed as calling for information that is protected by any applicable privilege or protection, Claimant hereby asserts those privileges and protections and objects to the Interrogatories on those bases. Nothing contained herein shall be deemed a waiver of any rights under such privileges and protections, and Claimant expressly reserves the right to assert such privileges and protections with respect to any matter contained in response to these Interrogatories. The inadvertent production of any information that is subject to any privileges and/or protections

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

is not intended to relinquish such privileges or protections and shall not be deemed a waiver of any applicable privilege or protection, in whole or in part, and Plaintiff shall, upon Claimant's request, immediately return or destroy any such information inadvertently produced without any review or copying by Plaintiff or their agents after notice of the inadvertent production.

7.      Nothing in these responses should be construed as waiving any rights or objections that might be available to Claimant; nor should Claimant's response to any interrogatory be deemed an admission of relevancy, materiality, or admissibility concerning any information or document.

8.      Claimant has not at this time fully completed his investigation in this action. To the extent responses are provided, such responses are based solely upon such information and evidence as are available and specifically known to Claimant at this time and disclose only those factual contentions and legal conclusions available to Claimant at this time. Further discovery, investigation, research and analysis is expected to reveal additional facts, add meaning to currently known facts, and/or establish entirely new factual contentions and legal conclusions, which may lead to substantial additions or changes to the information provided herein. Claimant reserves the right to add or change any and all responses herein as additional facts are ascertained, legal research is completed, and analyses are undertaken.

## II.    SPECIFIC OBJECTIONS AND RESPONSES

**SPECIAL INTERROGATORY NO. 1**:

State your full name and any prior names, including aliases or nicknames, and when and where you used each such name or alias or were known in that way. State your date of birth and place of birth. State all identification numbers on any official documents (such as a passport or driver's license) issued to you, and the date and place of issuance of such documents. If you have

3

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

more than one passport, provide the requested information as to each passport. State all countries of which you are, or have ever been, a citizen, and the time period you maintained such citizenship.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1**:

Claimant objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, custody, and control. For example, Plaintiff's Verified Complaint states that Claimant "was a citizen of China, Cambodia, Vanuatu, St. Lucia and Cyprus and resided in Cambodia, Singapore, Taiwan and the United Kingdom."

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts and is in fact four interrogatories.

Subject to the forgoing objections, Claimant states as follows:

- Chen Zhi (a.k.a. Vincent Chen)

- ███████████████████████

- █████████████████

- ██████████████████████████████████████████

  ██████████████████████████

  - ▪ ████████████████████████████████████

- ██████████████

  - ▪ ██████ – ████████████████

  - ▪ ██████ – ████████████████

  - ▪ ████████ – ██████████████

  - ▪ ██████ – ████████████████

- ████████████████████

  - ▪ ████████████████████████

4

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



○ ███████████████████

■ ██████████████████████████

**SPECIAL INTERROGATORY NO. 2**:

State all of your residential addresses, including your current and most recent addresses and all other residential addresses used by you for the last twelve (12) years. State your current telephone and mobile phone number(s), your e-mail address(es), and the usernames and web addresses of any social networking accounts or websites that you maintain or that are maintained on your behalf.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly-burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control. For example, Plaintiff's Verified Complaint states that Claimant "was a citizen of China, Cambodia, Vanuatu, St. Lucia and Cyprus and resided in Cambodia, Singapore, Taiwan and the United Kingdom."

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts and is in fact at least four interrogatories.

Subject to the forgoing objections, Claimant states as follows:

- ██████████████████████████

██████████████████

5

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



**SPECIAL INTERROGATORY NO. 3**:

State your current and past employment, including the name of your employer, your title or position, the address where you worked, your responsibilities, and the wages or other compensation you received. If you own or have ever owned a business, in whole or in part, identify the business (including but not limited to the business name, address and telephone number and the identification of all co-owners) and describe the nature of the business and its organizational structure. State all of your business addresses, including your current addresses and all business addresses used by you for the last twelve (12) years. State your current business telephone and mobile phone number(s), your e-mail address(es), and the usernames and web addresses of any social networking accounts or websites maintained by your business(es) or on their behalf

**RESPONSE TO SPECIAL INTERROGATORY NO. 3**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as

6

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

overbroad as to time and scope, overly-burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control. For example, Plaintiff's Verified Complaint states "[s]ince approximately 2015, Chen Zhi, also known as 'Vincent,' served as Chairman of Prince Holding Group ('Prince Group'), a Cambodian corporate conglomerate that operated dozens of business entities in more than thirty countries."

Claimant further objects to the Interrogatory on the grounds that the term "owned a business, in whole or in part" is vague.

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts and is in fact at least four interrogatories.

Subject to the forgoing objections, Claimant states as follows:

- From 2005 to 2010, Claimant owned and operated an internet café and gaming center called Champion Internet Café (冠军网吧), at Ao Jiang Scenic City (傲江景城) in Fuzhou, Fujian, China. This internet café was profitable, and Claimant earned approximately ￥800,000-900,000 per year from this business, with additional earnings from selling consumer items at the internet café such as drinks and cigarettes.

- By 2010, Claimant's internet café began to decline in profitability due to market saturation, and Claimant decided to leave this line of business. By this time, Claimant had earned between ￥5,000,000-6,000,000 from this business.

- In 2011, Claimant moved to Cambodia on the suggestion of a family member that wanted to begin investing in Cambodian real estate, based on policy changes in

7

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Cambodia at that time which provided lucrative tax exemptions for Chinese investors.

- On or around August 24, 2011, Claimant and a business partner formed Cambodian Heng Xin Real Estate Company Limited ("Heng Xin"). Claimant used his prior earnings, as well as loans from family members and others, to initially capitalize Heng Xin with approximately $500,000. At the time of its incorporation, Claimant's partner held a 100% ownership interest, but during their partnership Claimant acquired a 49% interest in Heng Xin.

- Heng Xin was a real estate brokerage company, focusing on providing full spectrum real estate services to Cambodian and China-based clients looking for real estate investments in Cambodia.

- Heng Xin was significantly profitable, largely due to widespread Chinese investment in Cambodia during this period in time. Claimant's distributions from Heng Xin (converted to U.S. Dollars) were roughly as follows:

8

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- In total, Claimant received approximately $37.4 million in distributions from his business with Heng Xin.

- On or around September 17, 2018, Claimant and and his partner sold their interests in Heng Xin. Claimant elected to sell his interest in Heng Xin in order to focus on his other businesses, as detailed below. Claimant's share of the sale proceeds of Heng Xin was approximately $19.6 million, and thus his total earnings from the Heng Xin business through 2018 was roughly $54.3 million.

- On or around January 9, 2015, Claimant formed Prince Real Estate (Cambodia) Investment Company, Limited (柬埔寨太子房地产投资有限公司) ("Prince Real Estate"), which operated to buy, sell, and develop commercial and residential real property in Cambodia. Claimant held a majority interest in the entity but generally did not oversee all day-to-day operations.

- Prince Real Estate was capitalized over time with approximately $10 million, largely from Claimant's distributions from Heng Xin.

- While Heng Xin was a brokerage, Prince Real Estate was focused on full-cycle property development and was substantially more profitable even than Heng Xin. For example:

    o ███████ █████ ████████████████████████████████████

      ██████████████████████████████████████████

      ██████████████████████████████████████████

      ██████████████████████████████████████████

      ██████████████████████████████████████

      ██████████████████████████████████

9

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



- During this period of time, Claimant also personally invested in land in
  Cambodia. For example, in 2014 after obtaining his Cambodian passport and
  doing in-depth research on the Cambodian property market, Claimant invested in
  land in the Sihanoukville area in the west port of Cambodia, which is the leading
  deep-water port in Cambodia. Claimant borrowed $2 million from a business
  associate , and along with $2.23 million of his own capital, purchased a plot of
  land in Sihanoukville. Claimant ultimately sold that land in 2018 for roughly $41

10

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

million, resulting in a net profit of $36.7 million. Claimant bought a similar parcel in 2016 for approximately $4.96 million, which he sold in 2019 for roughly $39.72 million, realizing a profit of approximately $34.76 million.

- In 2016, Claimant established the Jin Bei Group, in Cambodia, focused on hospitality, leisure and vacation, hotel accommodation, and tourism. Claimant sold his interest in the Jin Bei Group in 2018 for roughly $40 million.

- On or around 2017, Claimant formed Prince Real Estate (Cambodia) Group Co., Limited – commonly referred to as Prince Holding Group. By this time, Claimant's business lines had diversified and included financial services and information technology services, as well as the development and operation of resorts and hotels, beach and yacht clubs, supermarkets, shopping malls, resorts, agricultural complexes, casinos, watchmaking, and catering businesses.

  o Pursuant to Pursuant to Fed. R. Civ. P. 33(d), business records concerning the formation and shareholder interests in Prince Real Estate (Cambodia) Group Co., Ltd. accompany this response. *See* Bates Nos. CZ_001190–CZ001296.

  o Prince Real Estate (Cambodia) Group Co., Ltd. has had numerous affiliates, subsidiaries, and related entities, in many of which Claimant held or holds an interest, which included the following (additional details on certain of these entities can be found in Appendix A):

    ▪ ██████████████████████████████████

    ▪ ████████████████████████████

    ▪ ████████████████████

11

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- ▪ ██████████████████████████
- ▪ ████████████████
- ▪ ███████████████████
- ▪ ██████████████████
- ▪ ██████████
- ▪ ████████████████
- ▪ ███████████████████████
- ▪ ██████████████
- ▪ █████████████
- ▪ ████████████████████
- ▪ ██████████████
- ▪ ███████████████████
- ▪ ███████████████████
- ▪ ███████████████████
- ▪ ███████████████████████████
- ▪ █████████████
- ▪ ██████████████████████████
- ▪ ██████████████████

- Additionally, Claimant personally owned, had a beneficial interest in, or invested in other business entities, directly or indirectly, which were not part of Prince Holding Group, including the following:

  - o ████████████

12

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

○

▪ These entities are addressed in more detail in Claimant's Response to Special Interrogatory No. 13.

- Claimant was also appointed to several government roles, which were unpaid. He served as an adviser to the Cambodian Ministry of the Interior, a position equivalent to an undersecretary of state. He also acted in an unpaid advisory capacity to a former Cambodian Prime Minister.

**SPECIAL INTERROGATORY NO. 4**:

The Defendant Cryptocurrency comprises assets previously held at the virtual currency addresses listed in Attachment A of the Verified Complaint. You have asserted a claim to all of the assets previously held at each of those 25 addresses. Accordingly, for each of the 25 addresses, provide the following information in detail:

a. The nature of your interest in the virtual assets previously stored at that address. For example, state whether you claim an interest as an owner of the property, a custodian, a bailee, a person with a secured, unsecured, marital or equitable interest in the property, or otherwise, and how and in what jurisdiction that interest was established and memorialized. Identify any documents memorializing that interest.

b. State whether the interest described above is a personal interest in the property held by you directly, or is an interest held by an entity that you own or control, in whole or in part, and what entity.

13

c.   State the names, addresses, phone numbers, and contact details of any individual or entity who, in addition to yourself, has any interest in the virtual assets, and the nature and extent of that interest. For an entity, also state its place of incorporation or registration, contact details of registered agents and all beneficial owners of such entity, and your relationship to the entity. If any entity named in response to this interrogatory is owned or controlled in whole or in part by another entity, provide the same information with respect to the beneficial ownership of that entity.

d.   The time and circumstances of your acquisition of any interest in the virtual assets previously stored at that address.

e.   All virtual currency addresses, or accounts (including accounts at virtual currency exchanges and traditional fiat currency accounts), from which any of the virtual assets at that address originated (the "source accounts") and through which such assets passed (the "intermediate accounts").

f.   Any individual or entity that had ownership or control of the source accounts or the intermediate accounts, including the individuals or entities that possessed or had access to the private keys. Explain your relationship to each individual or entity identified.

g.   The origin of all funds, including traditional fiat currency and virtual assets, in the source accounts, and the circumstances that led to the deposit of the funds in those source accounts. If the source of any of the funds or assets was cryptocurrency mining, state where the mining operations were located and describe them in detail, including how, when, and by whom they were funded.

h.   State whether, at each stage in the transfer of the funds from the source accounts through the intermediate accounts, the funds were under your control and, if so, the manner in which you exercised such control.

14

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**RESPONSE TO SPECIAL INTERROGATORY NO. 4**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly-burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control. For example, Plaintiff's Verified Complaint states that Claimant "personally maintained records of the wallet addresses and seed phrases associated with the private keys for each."

Claimant further objects that this Interrogatory seeks to impermissibly shift Plaintiff's burden to prove forfeitability of the defendant property under 19 U.S.C. 983(c)(1).

Claimant further objects to this Interrogatory on the grounds that it improperly seeks expert testimony in the form of blockchain tracing evidence.

Claimant further objects to this Interrogatory on the grounds that Plaintiff delayed filing this action to the prejudice of Claimant, and Claimant accordingly lacks access to certain information due to Plaintiff's delay. For example, one employee, Yang Fan, who was responsible for certain of these alleged transfers or entities, was terminated in or about 2020 after his self-dealing and diversion of corporate assets was discovered and is now unavailable to Claimant.

Claimant further objects to this Interrogatory on the grounds that the operative complaint in this action does not include sufficient detail regarding the seizure and custody of the Defendant Cryptocurrency. Accordingly, Claimant reserves the right to update and amend these responses once such information is produced in discovery in this action.

15

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Claimant further objects to this Interrogatory on the grounds that it seeks information about 25 separate addresses and contains numerous subparts and is in fact at least 200 interrogatories. Subject to the forgoing objections, Claimant states as follows:

- Claimant claims a possessory interest in the entirety of the Defendant Cryptocurrency. As admitted in Plaintiff's Verified Complaint, Claimant possessed the Defendant Cryptocurrency through his possession of the private keys for the digital wallets holding the Defendant Cryptocurrency, before it was stolen in December of 2020.

- Claimant claims an ownership interest in a portion of the Defendant Cryptocurrency in an amount which is still being investigated. Claimant has been diligently attempting to trace funds in each of the digital wallets identified in Schedule A to Plaintiff's Verified Complaint, and this work is ongoing. As Plaintiff is aware, Plaintiff has held the Defendant Cryptocurrency since at least June-July of 2024, and likely had far longer to begin tracing the Defendant Cryptocurrency, yet Plaintiff's Verified Complaint does not trace the entirety of the Defendant Cryptocurrency; Plaintiff cannot reasonably request Claimant to have done so in a fraction of the time available to Plaintiff. Claimant has also been prejudiced in tracing the Defendant Cryptocurrency by the extreme delay in bringing this action, namely, the Defendant Cryptocurrency was stolen in December of 2020 and presumed lost, so many records relating to related entities, specific lines of business, particular clients, or sources of revenue are no longer available due to this five-year period of delay. Nonetheless, Claimant is attempting to identify and

16

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

retrieve any available and relevant records and will supplement these responses as needed.

- Claimant further claims an interest in the same Defendant Cryptocurrency as the beneficiary of a constructive trust. Specifically, in December of 2020 the Defendant Cryptocurrency was stolen, and thus any successive possessors of the Defendant Cryptocurrency could not have acquired good title and thus held the Defendant Cryptocurrency in trust for the rightful owners, including Claimant.

- Claimant similarly claims an interest in the Defendant Cryptocurrency as a bailee of Prince Holding Group.

- Claimant's interests arise under the laws of Cambodia, where Claimant previously did business. Claimant presently lacks sufficient information about the 2020 theft of the Defendant Cryptocurrency to determine if Claimant's interest as a beneficiary of a constructive trust arises under the laws of any other jurisdiction.

- Claimant is still attempting to trace the Defendant Cryptocurrency, but Claimant's ownership interest generally was acquired through the purchase of cryptocurrency with his business income, and Claimant's sources of income are addressed in response to Special Interrogatories No. 3 and 13.

- Claimant is aware that Prince Holding Group, Lubian, Jian Yang, and Warp Data have also claimed an interest in the Defendant Cryptocurrency.

- Prince Holding Group, Lubian, Jian Yang, and Warp Data are represented by counsel in this action.

- █████████████████████████████████████████████████████
  █████████████████████████████████████████████████████

17

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



**SPECIAL INTERROGATORY NO. 5**:

Unless such information has been provided in your response above, identify any and all individuals or entities that, in addition to yourself, have exercised control over any virtual assets that are part of the Defendant Cryptocurrency and which assets specifically, the dates and manner in which such individual or entity exercised such control, the circumstances whereby such individual or entity ceased to exercise such control and your relationship to such individual or entity.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly-burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control.

18

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Claimant further objects to this Interrogatory on the grounds that Plaintiff delayed filing this action to the prejudice of Claimant, and Claimant accordingly lacks access to certain information requested due to Plaintiff's delay.

Claimant further objects to this Interrogatory on the grounds that the operative complaint in this action does not include sufficient detail regarding the seizure and custody of the Defendant Cryptocurrency, and that Claimant has requested such information, which Plaintiff has not disclosed. Accordingly, Claimant reserves the right to update and amend these responses once such information is produced in discovery in this action.

Subject to the forgoing objections, Claimant refers Plaintiff to Claimant's Response to Special Interrogatory No. 4.

**SPECIAL INTERROGATORY NO. 6**:

Identify and provide the contact information for any person who has knowledge of any of the facts relevant to each of the foregoing interrogatories. Identify any and all documents containing information relevant to your responses to each of the foregoing interrogatories. Identify all forms of electronic communication, including but not limited to text messages and emails, and their related phone numbers and email addresses, used to exchange information regarding the interests of yourself and/or others in the Defendant Cryptocurrency, or the control and disposition of such property. To the extent it is necessary to gain access to such communications, provide the passwords and encryption keys.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as

19

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

to time and scope, overly-burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control.

Claimant further objects that by seeking "passwords and encryption keys" for "access to such communications" this Interrogatory effectively seeks production or inspection of documents and thus exceeds the permissible scope of Rule G(6).

Claimant further objects that the request to identify "any and all documents containing information relevant to your responses" is unduly burdensome and oppressive.

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts and is in fact at least three interrogatories.

Subject to the forgoing objections, Claimant refers Plaintiff to Claimant's Responses to Special Interrogatories Nos. 3 and 4.

**SPECIAL INTERROGATORY NO. 7**:

Identify each individual or individuals who has had access to the email account ███████████, and the time at which such individual or individuals had access

**RESPONSE TO SPECIAL INTERROGATORY NO. 7**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6).

Subject to the forgoing objections, Claimant states as follows:

- ████████
- ████████

20

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- ██████████████████████████████████████████████████

  ███████████████████████████████

**SPECIAL INTERROGATORY NO. 8**:

State what relationship, if any, you have with Prince Holding Group or its subsidiaries and identify: (a) any ownership interest; (b) any offices you currently or previously held, including but not limited to, president, director, manager, employee, shareholder, or member; and (c) any Prince Holding Group financial accounts for which you were an accountholder, owner, signatory, or beneficiary, or otherwise had access to

**RESPONSE TO SPECIAL INTERROGATORY NO. 8**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly-burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. For example, this Interrogatory seeks "any Prince Holding Group financial accounts" with no limitation or association with this action or the Defendant Cryptocurrency.

Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control. For example, Plaintiff's Verified Complaint states "[s]ince approximately 2015, Chen Zhi, also known as "Vincent," served as Chairman of Prince Holding Group ("Prince Group"), a Cambodian corporate conglomerate that operated dozens of business entities in more than thirty countries."

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts and is in fact at least three interrogatories.

21

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Subject to the forgoing objections, Claimant states as follows:

- Claimant is the Chairman of Prince Holding Group, a Cambodian conglomerate that comprises numerous entities in the sectors of real estate development, financial services, and consumer services.

- Claimant has a majority interest in many of Prince Holding Group's affiliated and subsidiary entities, and Claimant accordingly refers Plaintiff to Claimant's Response to Special Interrogatory No. 3.

    o Pursuant to Fed. R. Civ. P. 33(d), business records for certain entities in which Claimant has or had an interest, including but not limited to those Prince Holding Group entities in which Claimant holds or held an interest, accompany this response. ████████████████

## SPECIAL INTERROGATORY NO. 9:

Describe in detail the business of Prince Holding Group and identify: (a) the name, date, and place of incorporation of the holding entity/entities, or subsidiaries, if any, which you assert had control at any time over any virtual assets contained in the Defendant Cryptocurrency; (b) each address at which such entity has conducted business; (c) all operating agreements or other governing documents of such entity; (d) all subsidiaries and parent companies of such entity; (e) all persons who have knowledge of the entity's business operations; (f) all persons who have an ownership interest in the entity; (g) all persons who have invested any funds in the entity; and (h) all persons who have served as an employee, officer, manager, director or principal of the entity.

## RESPONSE TO SPECIAL INTERROGATORY NO. 9:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly-burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control.

Claimant further objects to this Interrogatory that it seeks information from another claimant. Claimant cannot and does not purport to speak on behalf of any other claimant or non-party to this action in responding to this Interrogatory.

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts and is in fact at least eight interrogatories.

Subject to the forgoing objections, Claimant refers Plaintiff to Claimant's Response to Special Interrogatory No. 3.

**SPECIAL INTERROGATORY NO. 10**:

Describe any relationship you have, or have ever had, to the LuBian cryptocurrency mining pool ("LuBian") or any of its parent or subsidiary entities and when you had such a relationship, including, but not limited to: (a) any ownership interest or investment by you; (b) any membership, employment, advisory or consulting relationship, or any other relationship; (c) any LuBian-associated financial accounts or accounts at virtual currency exchanges for which you were an accountholder, owner, signatory or beneficiary, or for which you had any access or control; and (d) any associated virtual currency addresses you had access to or control over, including by holding or having access to the private keys or otherwise.

23

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## RESPONSE TO SPECIAL INTERROGATORY NO. 10:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly-burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control. For example, Plaintiff's Verified Complaint states that Claimant "personally maintained records of the wallet addresses and seed phrases associated with the private keys for each." Claimant further objects that this Interrogatory seeks to impermissibly shift Plaintiff's burden to prove forfeitability of the defendant property under 19 U.S.C. 983(c)(1).

Claimant objects to the definition provided for "LuBian" as vague, inaccurate, and inconsistent with claims filed by other claimants in this action.

Claimant further objects to this Interrogatory that it seeks information from another claimant. Claimant cannot and does not purport to speak on behalf of any other claimant or non-party to this action in responding to this Interrogatory.

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts and is in fact at least four interrogatories.

Subject to the forgoing objections, Claimant states as follows:

-

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



## SPECIAL INTERROGATORY NO. 11:

Describe LuBian's operations in detail and identify: (a) its ownership and operating structure, including that of any parent or subsidiary entities; (b) the dates it began and ceased operations; (c) the countries in which it operated and what those operations consisted of; (d) each physical address at which it has conducted operations; (c) all persons involved in its creation and operation; (d) all operating agreements or other governing documents; (e) any relationship it has or has ever had to the governments of the People's Republic of China and Iran; (f) all names used by it; (g) all financial accounts and virtual currency addresses used by it; and (h) the nature of its relationship, if any, to Prince Holding Group.

25

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**<u>RESPONSE TO SPECIAL INTERROGATORY NO. 11</u>**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly-burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control.

Claimant objects to the definition provided for "LuBian" as vague, inaccurate, and inconsistent with claims filed by other claimants in this action.

Claimant further objects to this Interrogatory that it seeks information from another claimant. Claimant cannot and does not purport to speak on behalf of any other claimant or non-party to this action in responding to this Interrogatory.

Claimant further objects to this Interrogatory on the grounds that Plaintiff delayed filing this action to the prejudice of Claimant, and Claimant accordingly lacks access to certain information requested due to Plaintiff's delay.

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts (two of which appear to be duplicative) and is in fact at least ten interrogatories.

Subject to the forgoing objections, Claimant states as follows:

- ███████████████████████████████████████████

  ██████████████████████

26

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- ███████████████████████████████████████████████████████████████

  ███████████████████████████████████████████████████████████████

  ████████████████████████████████████████

- ███████████████████████████████████████████████████████████████

  ███████████████████████████████████████████████████████████████

  ███████████████████████████████████████████████████████████████

  ████████████████████████████████████████████████████████████████

- ███████████████████████████████████████████████████████████████

  ███████████████████████████████████████████████████████████████

  ████████████████████████████████████████████████████████████████

  ███████████████████████████████████████████████████████████████

  ███████████████████████████████████████████████████████████████

  ████████████████████████████

- ███████████████████████████████████████████████████████████████

  ███████████████████████████████████████████████████████████████

  ███████████████████████████████████████████████████████████████

  ███████████████████████████████████████████████████████████████

  ████████████████████████████████████████████████████████████████

- ███████████████████████████████████████████████████████████████

  █████████████████████████████████████████████

- ███████████████████████████████████████████████████████

---

[1] *See China's National Computer Virus Emergency Response Center Issues Technical Analysis Over US Govt Bitcoins Seizure, Calling It a Typical Case of "Thieves Falling Out,"* Global Times (Nov. 9, 2025), https://www.globaltimes.cn/page/202511/1347745.shtml.

27

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

-

**SPECIAL INTERROGATORY NO. 12**:

Identify all persons who: (a) have knowledge of LuBian's business and operations; (b) have an ownership interest in LuBian or have invested in it; and (c) have served as a member, employee, officer, manager, director, or principal of LuBian

**RESPONSE TO SPECIAL INTERROGATORY NO. 12**

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly-burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control.

Claimant objects to the definition provided for "LuBian" as vague, inaccurate, and inconsistent with claims filed by other claimants in this action.

Claimant further objects to this Interrogatory that it seeks information from another claimant. Claimant cannot and does not purport to speak on behalf of any other claimant or non-party to this action in responding to this Interrogatory.

Claimant further objects to this Interrogatory on the grounds that Plaintiff delayed filing this action to the prejudice of Claimant, and Claimant accordingly lacks access to certain information requested due to Plaintiff's delay.

28

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts (two of which appear to be duplicative) and is in fact at least ten interrogatories.

Subject to the forgoing objections, Claimant refers Plaintiff to Claimant's Responses to Special Interrogatory Nos. 10 and 11.

**SPECIAL INTERROGATORY NO. 13**:

Provide the following information with respect to each of the following entities: Warp Data Technology Lao Sole Co. Ltd., Future Technology Investment, Amber Hill Ventures Limited, Lateral Bridge Global Limited, Hing Seng Limited, Amiga Entertainment Limited and Ableton Prestige Global Limited:

a. State what relationship, if any, you have with the entity or its subsidiaries or parent entities and identify: (i) any ownership interest in the entity; (ii) any positions currently or previously held, including but not limited to, president, director, manager, employee, shareholder, or member; (iii) any associated financial accounts or accounts at virtual currency exchanges for which you were an accountholder, owner, signatory or beneficiary, or for which you had any access or control; and (iv) any associated virtual currency addresses you had access to or control over, including by holding or having access to the private keys or otherwise.

b. Describe in detail the business of the entity, and identify: (i) its date of incorporation or registration; (ii) each address at which the entity has conducted business; (iii) all persons involved in the creation of the entity; (iv) all operating agreements or other governing documents; (v) all subsidiaries and parent companies of the entity; and (vi) all names used by the entity.

c. Identify all persons who: (i) have knowledge of the entity's business and operations; (ii) have an ownership interest in the entity; (iii) have invested in the entity; and (iv) have served as an employee, officer, manager, director, or principal of the entity.

29

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**RESPONSE TO SPECIAL INTERROGATORY NO. 13**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly-burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control.

Claimant further objects to this Interrogatory that it seeks information from another claimant. Claimant cannot and does not purport to speak on behalf of any other claimant or non-party to this action in responding to this Interrogatory.

Claimant further objects to this Interrogatory on the grounds that Plaintiff delayed filing this action to the prejudice of Claimant, and Claimant accordingly lacks access to certain information requested due to Plaintiff's delay.

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts and is in fact at least 98 interrogatories.

Subject to the forgoing objections, Claimant states as follows:

- Warp Data:

  o ████████████████████████████████████

  ████████████████████████████████████

  ██████████████████████████

  o ████████████████████████████████████

  ████████████████████████

30

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- ○ ████████████████████████████████

  ███████████████████████

- Future Technology Investment

  - ○ Claimant is not presently aware of having any interest in Future Technology Investment.

  - ○ Claimant understands Future Technology Investment was registered by Yang Fan, who served as its sole director.

  - ○ Yang Fan previously worked for subsidiaries of Prince Holding Group, of which Claimant is Chairman, from on or about 2018 to on or about 2020, but was terminated after it was discovered he had been diverting corporate funds.

- Amber Hill

  - ○ Claimant is not presently aware of having any interest in Amber Hill.

  - ○ Claimant understands Amber Hill was an entity registered in the British Virgin Islands by Yang Fan.

  - ○ Yang Fan previously worked for subsidiaries of Prince Holding Group, of which Claimant is Chairman, from on or about 2018 to on or about 2020, but was terminated after it was discovered he had been diverting corporate funds.

- Lateral Bridge Global

  - ○ Claimant is not presently aware of having any interest in Lateral Bridge Global.

31

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- According to publicly-available records, Lateral Bridge Global was registered and incorporated on January 21, 2020, in the British Virgin Islands. It was registered by Sertus Incorporation Ltd., with Marsha Corum serving as agent. From on or around February 3, 2020, to in or around December 2025, Lateral Bridge Global's sole director was Tang Mingui.

- Hing Seng

  - Claimant is not presently aware of having any interest in Hing Seng.

- Amiga Entertainment Limited

  - Claimant is the ultimate beneficial co-owner, together with his wife, Li Caiyun, of Amiga Entertainment Limited. The Claimant is the settlor and, alongside Ms. Li, a co-beneficiary of the Ableton Prestige Global Trust. The Trust's assets are held through its corporate trustee, Abundance Limited, which holds Ableton Prestige Global Limited. Ableton Prestige Global Limited is the sole shareholder and parent company of Amiga Entertainment Limited.

    -

  - Amiga Entertainment Limited is an entity that develops gaming software and licensed online gaming software in business-to-business transactions. It was maintained as a separate entity from Ableton Prestige Global Limited because of the different licensing requirements for each entity's business.

32

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Ableton Prestige Global Limited and Amiga Entertainment Limited entered into a licensing agreement.

o Bank accounts for Amiga Entertainment Limited were held at Capital International Bank Limited. These accounts were frozen subject to an order of an Isle of Man court on May 16, 2024.

o Amiga achieved significant success in building a strong customer base. At the time its assets in the Isle of Man were frozen, a balance of in excess of £94,000,000 was held in Amiga's Capital Bank account. Since it began operations, Amiga earned approximately £380,682,000 through the time of the freezing order.

o The freezing order was obtained on the basis of, *inter alia*, allegations that Amiga was involved in offering wagers to consumers in China. ████

████████████████████████████████████████

████████████████████████████████████████

████████████████    ████████████████████████

███████████████████████████████████████ —

███████████

o Claimant does not and has never overseen day-to-day operations of Amiga Entertainment Limited.

- Ableton Prestige Global Limited

o Claimant is the settlor and, alongside Mrs. Li, a co-beneficiary of the Ableton Prestige Global Trust. The Trust's assets are held through its corporate trustee, Abundance Limited, which holds Ableton Prestige Global

33

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Limited. Ableton Prestige Global Limited is the sole shareholder and parent company of Amiga Entertainment Limited.

o    Abundance Limited is a trust service provider and private limited company incorporated in the Isle of Man on February 16, 2024. ███████ ██████████████████████████████████████████████ ██████████

o    Ableton Prestige Global Limited is an Isle of Man-based gaming business that operated primarily at the business-to-consumer level.

o    Ableton Prestige Global Limited received a license to operate in the gaming sector from the Gambling Services Commission of the Isle of Man on September 26, 2018.

o    Ableton Prestige Global Limited was the parent company and owner of Amiga Entertainment Limited, which operated at the business-to-business level. This separation was intended to comply with GSC licensing regulations concerning the gaming industry.

o    Ableton Prestige Global Limited was the parent company and owner of Aperia (IOM) Limited. Aperia is a service company for Ableton Prestige Global Ltd., and its primary function is as a VAT mitigation vehicle for the Ableton Group.

o    Ableton Prestige Global Limited also acquired the rights to several gaming software products which it licensed to Amiga Entertainment Limited through a non-exclusive grant of rights entered into by the two entities on January 2, 2020.

34

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- ○ Bank accounts for Ableton Prestige Global Limited were held at Capital International Bank Limited. These accounts were frozen subject to an order of an Isle of Man court on May 16, 2024.

- ○ ████████████████████████████████████████████████ ████████████████████████████████████████

**SPECIAL INTERROGATORY NO. 14**:

State your current whereabouts and the length of time you have resided in that location.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6).

Subject to the forgoing objections, Claimant states as follows:

- Claimant is currently detained in the People's Republic of China and has been so detained since January of 2026.

**SPECIAL INTERROGATORY NO. 15**:

Describe all of your international travel for the 12 months preceding the unsealing of your indictment in *United States v. Chen Zhi*, No. 25-CR-312 (RPK), on October 14, 2025, and for the time since then.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15**:

Claimant objects to this Interrogatory as overbroad as to time and scope, overly-burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control.

35

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Subject to the forgoing objections, Claimant states as follows:

- ███████████████████████████████████████████████

  ███████████████████████████████████████████████

  ███████████████████████

- ███████████████████████████████████████████████

  ███████████████████████████████████

- ███████████████████████████████████████████████████

  ███████████████████████

- ██████████████████████████████████████████████

  ███████████████████████

- ██████████████████████████████████████████████

  ████████████████████

- ███████████████████████████████████████████████████

  ███████████████████████████████████████████████

- ██████████████████████████████████████████████

  ███████████████████████

- ████████████████████████████████████████████

  ███████████████████

- █████████████████████████████████████████████████████

  ██  ████████████████████████████████████████████    ████████████████

36

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**SPECIAL INTERROGATORY NO. 16**:

State the number of times you have traveled to the United States in the past twelve (12) years and any applications you have made, whether or not successful, for visas to travel to or reside in the United States

**RESPONSE TO SPECIAL INTERROGATORY NO. 16**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly-burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control.

Subject to the forgoing objections, Claimant states as follows:



**SPECIAL INTERROGATORY NO. 17**:

State whether or not you are presently incarcerated in another country for commission of criminal conduct in that country or any other country and, if so: (a) state the charges and allegations against you and the location of your incarceration, and (b) confirm that you have personally reviewed and answered the Interrogatories and state the manner by which you did so.

37

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**RESPONSE TO SPECIAL INTERROGATORY NO. 17**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6).

Subject to the forgoing objections, Claimant states as follows:

- Claimant is currently detained in the People's Republic of China.

- ██████████████████████████████████████████
  ████████████████████████

- ████████████████████████████████████████
  ██████████████████████████████████████████████
  ████ ████████████████████████████████████████
  ██████

- ██████████████ ██████ ██████████████████████
  ████████████████████

**SPECIAL INTERROGATORY NO. 18**:

State whether you are aware that you have been charged with crimes in a federal indictment in the Eastern District of New York and that a warrant has been issued for your arrest, and describe your plans for traveling to the United States to answer the pending criminal charges.

**RESPONSE TO SPECIAL INTERROGATORY NO. 18**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6).

Subject to the forgoing objection, Claimant states as follows:

38

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- Claimant is currently detained in the People's Republic of China and is unable to travel to the United States.

Dated: February 27, 2026

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By: /s/ _____

Matthew L. Schwartz
Peter Skinner
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone:    (212) 446-2300
Facsimile:    (212) 446-2350
mschwartz@bsfllp.com
pskinner@bsfllp.com

Dan G. Boyle
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, California 90067
Telephone:  (213) 629-9040
dboyle@bsfllp.com

*Attorneys for Claimant*
*Chen Zhi*

39

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## VERIFICATION

I certify under penalty of perjury under the laws of the United States of America that the foregoing responses to the United States' Special Interrogatories to Claimant Chen Zhi are true, accurate, and complete to the best of Claimant's knowledge and belief prior to his unavailability as of January 6, 2026.

CHEN ZHI

Power of Attorney:



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 15, 2026, I caused or caused to be served the foregoing

on Plaintiff's counsel of record via electronic means.

/s/
Dan G. Boyle

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Chen Zhi - Appendix A



| Entity Name | Incorporation Date | | |
|---|---|---|---|
| Even Sincerity Limited (誠均有限公司) (BVI) | 2/13/2018 | | |
| Prince Bank Plc. | 4/28/2015 | | |
| Prince Global Group Limited (太子環球集團有限公司) (BVI) | 8/3/2018 | | |
| Prince Global Holdings Limited (太子環球控股有限公司) (BVI) | 8/3/2018 | | |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Chen Zhi - Appendix A



| Entity Name | Incorporation Date | Current Shareholdings | Directors |
|---|---|---|---|
| Prince Real Estate Cambodia Group Co., Ltd. (Prince Real Estate (Cambodia) Investment Co., Ltd.) | 1/9/2015 | 100% Chen Zhi | Chen Zhi(Chairman) Chen Zhi (Chairman) |
| Respectful Steed Limited (尊駒有限公司)(BVI) | 2/3/2018 | | |
| Robust Harmony Limited (健和有限公司) (BVI) | 2/22/2018 | | |
| Sword River Limited (劍河有限公司)(BVI) | 2/3/2018 | | |
| Towards Sunshine Limited (向暉有限公司向暉有限公司) (BVI) | 2/8/2018 | | |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER