# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> -against- <br><br> APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, <br><br> Defendants *in rem,* <br><br> PRINCE HOLDING GROUP, <br><br> Claimant. | No. 25 Civ. 05745 (RPK) <br><br> **CLAIMANT PRINCE HOLDING GROUP'S OBJECTIONS AND RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF SPECIAL INTERROGATORIES** |

Pursuant to Rule G(6)(a) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, Rules 26 and 33 of the Federal Rules of Civil Procedure, and all applicable Local Rules, Claimant Prince Holding Group ("Claimant"), by and through its undersigned counsel, hereby objects and responds to Plaintiff United States of America's ("Plaintiff") First Set of Special Interrogatories (Nos. 1–14). These Objections and Responses are made solely for the purpose of and in relation to this action.

The Objections and Responses set forth in this document are based on Claimant's knowledge, investigation, and analysis to date. As discovery proceeds, Claimant may become aware of additional facts or evidence and its analysis of the case may change. Claimant reserves all rights to supplement and amend its objection and responses accordingly.

1

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## I.    GLOBAL OBJECTIONS

1.      Claimant objects to the interrogatories on the grounds that Plaintiff's Verified Complaint alleges facts sufficient to show Claimant's standing at this stage and, accordingly, Claimant's standing to contest forfeiture is not reasonably in dispute and the interrogatories are therefore served for an improper purpose.

2.      Claimant objects to the instructions, definitions, and interrogatories to the extent they purport to include forms of information not discoverable under the Supplemental Rules, Federal Rules, Local Rules, or any other applicable authority.

3.      Claimant objects to the interrogatories to the extent that they do not contain any limitation as to time.

4.      Claimant objects to the interrogatories to the extent that responding would require Claimant to violate any applicable foreign law.

5.      Claimant objects to the interrogatories to the extent they seek information that was developed in anticipation of litigation, constitutes work product, contains or reflects attorney-client communications, or is otherwise privileged or protected from disclosure by law. To the extent that any interrogatory may be construed as calling for information that is protected by any applicable privilege or protection, Claimant hereby asserts those privileges and protections and objects to the interrogatories on those bases. Nothing contained herein shall be deemed a waiver of any rights under such privileges and protections, and Claimant expressly reserves the right to assert such privileges and protections with respect to any matter contained in response to these interrogatories. The inadvertent production of any information that is subject to any privileges and/or protections is not intended to relinquish such privileges or protections and shall not be deemed a waiver of any applicable privilege or protection, in whole or in part, and Plaintiff shall, upon Claimant's request,

2

immediately return or destroy any such information inadvertently produced without any review or copying by Plaintiff or its agents after notice of the inadvertent production.

6.      Nothing in these Responses should be construed as waiving any rights or objections that might be available to Claimant; nor should Claimant's Response to any interrogatory be deemed an admission of relevancy, materiality, or admissibility concerning any information or document.

7.      Claimant has not at this time fully completed its investigation in this action. To the extent responses are provided, such responses are based solely upon such information and evidence as are available and specifically known to Claimant at this time, and disclose only those factual contentions and legal conclusions available to Claimant at this time. Further discovery, investigation, research and analysis is expected to reveal additional facts, add meaning to currently known facts, and/or establish entirely new factual contentions and legal conclusions, which may lead to substantial additions or changes to the information provided herein. Claimant reserves the right to add or change any and all responses herein as additional facts are ascertained, legal research is completed, and analyses are undertaken.

## II.      SPECIFIC OBJECTIONS AND RESPONSES

**SPECIAL INTERROGATORY NO. 1**:

State the full legal name of the entity filing the claim (referred to herein as "Prince Group") and identify: (a) the date and place of incorporation or registration; (b) the entity's address, and the address of its registered agent(s); (c) all persons involved in the creation of the entity; (d) all operating agreements or other governing documents; (e) all subsidiaries and parent companies of the entity; (f) the address of any website maintained by or on behalf of the entity; (g) all corporate

3

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

officers or directors; (h) all persons or entities who have an ownership or other interest in the entity and percentage of ownership; and (i) the business of the entity (describe in detail).

**RESPONSE TO SPECIAL INTERROGATORY NO. 1**:

Claimant objects to this Interrogatory as overbroad as to time and scope, overly burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. For example, this Interrogatory seeks "all subsidiaries and parent companies" with no limitation or association with this action or the Defendant Cryptocurrency. Claimant further objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, custody, and control. For example, Plaintiff's Verified Complaint states that Claimant "was a Cambodian-registered corporate holding company that operated more than 100 business entities in over thirty countries. Chen Zhi was the founder and Chairman of Prince Group."

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts and is in fact at least nine interrogatories.

Subject to the forgoing objections, Claimant states as follows:

- Claimant is formally registered with the Kingdom of Cambodia as ក្រុមហ៊ុន ព្រីនស៍ រៀល អ៊ីស្ទេត (ខេមបូឌា) គ្រុប ៦.ក, or "Prince Real Estate (Cambodia) Group Co., Ltd.", and does business under the English-language name "Prince Holding Group," as identified in Plaintiff's Verified Complaint. *See* Complaint, ECF No. 1, ¶ 16(o) ("Prince Group was a Cambodian-registered corporate holding company that operated more than 100 business entities in over thirty countries. Chen Zhi was the founder and Chairman of Prince Group.")

4

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- o Pursuant to Pursuant to Fed. R. Civ. P. 33(d), business records concerning the formation and shareholders of Prince Real Estate (Cambodia) Group Co., Ltd. accompany this Response. ██████

  ██████████████████

- Claimant's business address is the Prince Holding Group Building, Plov Koh Pich, Phum 14, Tonle Basak Sangkat, Chamkar Mon Khan, Phnom Penh Capital, Cambodia.

- Claimant's website is https://www.princeholdinggroup.com/.

- Claimant is the parent organization of a conglomerate of business entities operating in the real estate, financial services, and consumer services sectors.

  - o Claimant's current (and certain former) subsidiaries, affiliates, and related entities are detailed in the accompanying Appendix A.

- Pursuant to Fed. R. Civ. P. 33(d), accompanying this response are organizing documents, articles of incorporation, shareholder agreements, and liquidation documents, as applicable, for the following entities (*see*

  ████████████████

  - ■ ████████████████
  - ■ ████████████
  - ■ ████████████████
  - ■ ████████████████████
  - ■ ████████████████
  - ■ ████████████████

5

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- ████████████████████████████
- ████████████████████████
- █████████████████████████
- ███████████████████████████
- ███████████████████████████████
- ██████████████████████████████
- ██████████████████
- ███████████████████
- ████████████████
- ██████████████████
- █████████████████████
- ████████████████████
- ███████████████
- ████████████████████████
- █████████████████████
- ██████████████████████
- ██████████████████████
- ███████████████████████
- █████████████
- █████████
- ███████████████
- ████████████████████
- ██████████████████

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- ███████████████
- ████████████████████████████████████
- ██████████████████████
- ███████████████████████████
- ████████████
- ██████████████████████
- █████████████
- █████████████
- ████████████████████
- ████████████████████
- █████████████████████
- ████████████████
- █████████████
- ████████████████
- ████████
- ███████████████████████████████
- █████████████████████████
- █████████████████
- ███████████████████████
- ███████████
- ███████████
- ██████████████████
- █████████████

7

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



8

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



- In addition to the directors and shareholders listed at Appendix A, Cliff Teo (Teo Kang-Yeow) is a person likely to have knowledge of at least four Claimant-affiliated entities: Greenbay Properties Co., Ltd. (澄碩有限公司), Drew Properties Co., Ltd. (博居有限公司), Huntsman Investments Co., Ltd. (邁羽有限公司), and Binary Properties Co., Ltd. (睿督有限公司). In 2023, these entities filed criminal and civil complaints against Mr. Teo in Taiwanese courts for making unauthorized transactions, totaling

9

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

approximately $30 million, from these entities into personal accounts owned by Mr. Teo. In or around August 2024, the criminal action was ongoing and the civil court found Mr. Teo liable and ordered restitution to be paid to the Claimant affiliated entities in the amount of approximately $18,698,969, but Mr. Teo fled Taiwan before either action was resolved. Mr. Teo has maintained his fugitive status and his whereabouts remain unknown, but he has since been quoted as a source in press reporting on the present action. Claimant understands that reporting by the same journalist who has relied on Mr. Teo as a source was used as the basis for certain search and seizure applications in the United Kingdom, and accordingly, Claimant believes that Mr. Teo's information may already be available to Plaintiff.

**SPECIAL INTERROGATORY NO. 2**:

State the names, addresses, phone numbers, email addresses and other contact information for all persons or entities holding more than a 10 percent interest in the entity, and the fraction of the interest held by that person or entity.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly-burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case.

10

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Subject to the forgoing objections, Claimant refers Plaintiff to Claimant's response to Special Interrogatory No. 1 and accompanying documents.

**SPECIAL INTERROGATORY NO. 3**:

The Defendant Cryptocurrency comprises assets previously held at the virtual currency addresses listed in Attachment A of the Verified Complaint. You have asserted a claim to all of the assets previously held at each of those 25 addresses. Accordingly, for each of the 25 addresses, provide the following information in detail:

     a.    The nature of your interest in the virtual assets previously stored at that address. For example, state whether you claim an interest as an owner of the property, a custodian, a bailee, an entity with a secured, unsecured or equitable interest in the property, or otherwise, and how and in what jurisdiction that interest was established and memorialized. Identify any documents memorializing that interest.

     b.    State whether the interest described above is an interest in the property held by you directly, or is an interest held by an entity that you own or control, in whole or in part, and what entity.

     c.    State the names, addresses, phone numbers, and contact details of any individual or entity who, in addition to yourself, has any interest in the virtual assets, and the nature and extent of that interest. For an entity, also state its place of incorporation or registration, contact details of registered agents and all beneficial owners of such entity, and your relationship to the entity. If any entity named in response to this interrogatory is owned or controlled in whole or in part by another entity, provide the same information with respect to the beneficial ownership of that entity.

     d.    The time and circumstances of your acquisition of any interest in the virtual assets previously stored at that address.

11

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

e.    All virtual currency addresses, or accounts (including accounts at virtual currency exchanges and traditional fiat currency accounts), from which any of the virtual assets at that address originated (the "source accounts") and through which such assets passed (the "intermediate accounts").

f.    Any individual or entity that had ownership or control of the source accounts or the intermediate accounts, including the individuals or entities that possessed or had access to the private keys. Explain your relationship to each individual or entity identified.

g.    The origin of all funds, including traditional fiat currency and virtual assets, in the source accounts, and the circumstances that led to the deposit of the funds in those source accounts. If the source of any of the funds or assets was cryptocurrency mining, state where the mining operations were located and describe them in detail, including how, when, and by whom they were funded.

h.    State whether, at each stage in the transfer of the funds from the source accounts through the intermediate accounts, the funds were under your control and, if so, the manner in which you exercised such control.

**<u>RESPONSE TO SPECIAL INTERROGATORY NO. 3</u>**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control. For example, Plaintiff's Verified Complaint states that "Chen and his co-conspirators

12

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

also laundered illicit proceeds through functional Prince Group business units," and that "proceeds that had been laundered through Prince Group's mining operations, were stored in unhosted cryptocurrency wallets personally controlled by Chen." — (i.e., the digital wallets identified in Schedule A to Plaintiff's Verified Complaint). Claimant further objects that this Interrogatory seeks to impermissibly shift Plaintiff's burden to prove forfeitability of the defendant property under 19 U.S.C. 983(c)(1).

Claimant further objects to this Interrogatory on the grounds that it improperly seeks expert testimony in the form of blockchain tracing evidence.

Claimant further objects to this Interrogatory on the grounds that Plaintiff delayed filing this action to the prejudice of Claimant, and Claimant accordingly lacks access to certain information requested due to Plaintiff's delay.

Claimant further objects to this Interrogatory on the grounds that the operative complaint in this action does not include sufficient detail regarding the seizure and custody of the Defendant Cryptocurrency and, although Claimant has requested such information, Plaintiff has not disclosed it. Accordingly, Claimant reserves the right to update and amend these responses once such information is produced in discovery in this action.

Claimant further objects to this Interrogatory on the grounds that it seeks information about 25 different addresses and contains numerous subparts, which amount to at least 200 separate interrogatories.

Subject to the forgoing objections, Claimant states as follows:

- Claimant claims an ownership interest in a portion of the Defendant Cryptocurrency in an amount which is still being investigated. Claimant has been diligently attempting to trace funds in each of the digital wallets

13

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

identified in Schedule A to Plaintiff's Verified Complaint and this work is ongoing. As Plaintiff is aware, Plaintiff has held the Defendant Cryptocurrency since at least June or July of 2024, and therefore has had ample time to begin tracing the Defendant Cryptocurrency, yet Plaintiff's Verified Complaint does not trace the entirety of the Defendant Cryptocurrency. Plaintiff cannot reasonably demand that Claimant complete, in a fraction of the time available to Plaintiff, a tracing exercise Plaintiff itself has not performed. Claimant has also been prejudiced in tracing the Defendant Cryptocurrency by the extreme delay in bringing this action, namely, the Defendant Cryptocurrency was stolen in December of 2020 and presumed lost, so many records relating to related entities, specific lines of business, particular clients, or sources of revenue are no longer available due to this five-year period of delay. Nonetheless, Claimant is attempting to identify and retrieve any available and relevant records and will supplement these responses as needed.

- Claimant further claims a bailor interest in the same Defendant Cryptocurrency through its chairman, Chen Zhi, as detailed below.

- Claimant further claims an interest in the same Defendant Cryptocurrency as the beneficiary of a constructive trust. Specifically, in December of 2020 the Defendant Cryptocurrency was stolen. Accordingly, any successive possessors could not have acquired good title and thus held the Defendant Cryptocurrency in trust for the rightful owners, including Claimant.

14

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- Claimant's ownership interests arise under the laws of Cambodia, where Claimant conducts business. Claimant presently lacks sufficient information about the 2020 theft of the Defendant Cryptocurrency to determine whether its status as a beneficiary of a constructive trust may also arise under the laws of any other jurisdiction.

- Claimant's interest in the Defendant Cryptocurrency arises from its businesses and associated revenue streams. Specifically, prior to the December 2020 theft of the Defendant Cryptocurrency, Claimant, directly and through subsidiaries and affiliates, received cryptocurrency as payment, primarily across two business streams. First, certain of Claimant's gaming businesses accepted payments in cryptocurrency. Second, some tenants of properties in Cambodia owned by Claimant and its subsidiaries and affiliates paid rent in cryptocurrency, in particular during the COVID-19 pandemic, when Claimant was forced to shut down various businesses and rent out their commercial space due to pandemic-related business disruptions. As stated above, Claimant is still working to determine which of the Defendant Cryptocurrency is traceable to Claimant's subsidiaries or affiliates, but has been frustrated by the loss of records due to the extreme delay in bringing this action following the 2020 theft of the Defendant Cryptocurrency.

- Information about Claimant's current and former subsidiaries, affiliates, and related companies can be found in Appendix A.

15

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- During the relevant period, Claimant and its subsidiaries and affiliates generally did not operate in the cryptocurrency business, nor did they maintain secure custodial mechanisms for holding cryptocurrency received as payment.

- Claimant is aware that Chen Zhi, Lubian, Jian Yang, and Warp Data Technology Lao Sole Co., Ltd. ("Warp Data") have claimed an interest in the Defendant Cryptocurrency. Claimant does not have information about any other potential claimants to the Defendant Cryptocurrency. Chen Zhi, Lubian, Jian Yang, and Warp Data are represented by counsel in this action.

- Claimant is still working diligently to trace the Defendant Cryptocurrency, but Claimant is not aware of any "traditional fiat currency accounts" controlled by Claimant from which the Defendant Cryptocurrency originated.

- The Defendant Cryptocurrency was not in Claimant's possession at the time of the 2020 theft, and Claimant did not have access to the digital wallets the Defendant Cryptocurrency was stolen from, although Claimant understands that Claimant's Chairman, Chen Zhi, did have such access at that time.

16

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



**SPECIAL INTERROGATORY NO. 4**:

Unless such information has been provided in your response above, identify any and all individuals or entities that, in addition to yourself, have exercised control over any virtual assets that are part of the Defendant Cryptocurrency and which assets specifically, the dates and manner in which such individual or entity exercised such control, the circumstances whereby such individual or entity ceased to exercise such control and your relationship to such individual or entity.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control.

Claimant further objects to this Interrogatory on the grounds that Plaintiff delayed filing this action to the prejudice of Claimant, and Claimant accordingly lacks access to certain information requested due to Plaintiff's delay.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Claimant further objects to this Interrogatory on the grounds that the operative complaint in this action does not include sufficient detail regarding the seizure and custody of the Defendant Cryptocurrency and, although Claimant has requested such information, Plaintiff has not disclosed it. Accordingly, Claimant reserves the right to update and amend these responses once such information is produced in discovery in this action.

Subject to the forgoing objections, Claimant refers Plaintiff to Claimant's response to Special Interrogatory No. 3.

**SPECIAL INTERROGATORY NO. 5**:

Identify and provide the contact information for any person who has knowledge of any of the facts relevant to each of the foregoing interrogatories. Identify any and all documents containing information relevant to your responses to each of the foregoing interrogatories. Identify all forms of electronic communication, including but not limited to text messages and emails, and their related phone numbers and email addresses, used to exchange information regarding the interests of yourself and/or others in the Defendant Cryptocurrency, or the control and disposition of such property. To the extent it is necessary to gain access to such communications, provide the passwords and encryption keys.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent

18

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

it seeks duplicative information, including information already in Plaintiff's possession, custody, and control.

Claimant further objects that by seeking "passwords and encryption keys" for "access to such communications" this Interrogatory effectively seeks production or inspection of documents and thus exceeds the permissible scope of Rule G(6).

Claimant further objects that the request to identify "any and all documents containing information relevant to your responses" is unduly burdensome and oppressive.

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts which amount to at least three separate interrogatories.

Subject to the forgoing objections, Claimant refers Plaintiff to Claimant's response to Special Interrogatory No. 1 and accompanying documents.

**SPECIAL INTERROGATORY NO. 6**:

Identify each individual or individuals who has had access to the email account ▮▮▮▮▮▮▮▮▮▮▮▮ and the time at which such individual or individuals had access.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6).

Subject to the forgoing objections, the identified email address was not and is not associated with Claimant, and Claimant has no information responsive to this Interrogatory.

**SPECIAL INTERROGATORY NO. 7**:

Describe any relationship Prince Group (or any individual or entity related to Prince Group) has, or has ever had, to the LuBian cryptocurrency mining pool ("LuBian") or any of its parent or

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

subsidiary entities, and when it had such a relationship, including, but not limited to: (a) any ownership interest or investment by the individual or entity; (b) any membership, employment, advisory or consulting relationship, or any other relationship by the individual or entity; (c) any LuBian-associated financial accounts or accounts at virtual currency exchanges for which the individual or entity was an accountholder, owner, signatory or beneficiary, or for which the individual or entity had any access or control; and (d) any associated virtual currency addresses the individual or entity had access to or control over, including by holding or having access to the private keys or otherwise.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control. For example, Plaintiff's Verified Complaint states that Claimant "personally maintained records of the wallet addresses and seed phrases associated with the private keys for each." Claimant further objects that this Interrogatory seeks to impermissibly shift Plaintiff's burden to prove forfeitability of the defendant property under 19 U.S.C. 983(c)(1).

Claimant objects to the definition provided for "LuBian" as vague, inaccurate, and inconsistent with claims filed by other claimants in this action.

20

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Claimant further objects to this Interrogatory that it seeks information from another claimant. Claimant cannot and does not purport to speak on behalf of any other claimant or non-party to this action in responding to this Interrogatory.

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts and is in fact at least four interrogatories.

Subject to the forgoing objections, Claimant states as follows:



## SPECIAL INTERROGATORY NO. 8:

Describe LuBian's operations in detail and identify: (a) its ownership and operating structure, including that of any parent or subsidiary entities; (b) the dates it began and ceased operations; (c) the countries in which it operated and what those operations consisted of; (d) each

21

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

physical address at which it has conducted operations; (e) all persons involved in its creation and operation; (f) all operating agreements or other governing documents; (g) any relationship it has or has ever had to the governments of the People's Republic of China and Iran; (h) all names used by it; and (i) all financial accounts and virtual currency addresses used by it.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control.

Claimant objects to the definition provided for "LuBian" as vague, inaccurate, and inconsistent with claims filed by other claimants in this action.

Claimant further objects to this Interrogatory that it seeks information from another claimant. Claimant cannot and does not purport to speak on behalf of any other claimant or non-party to this action in responding to this Interrogatory.

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts, which amount to at least nine separate interrogatories.

Subject to the forgoing objections, Claimant refers Plaintiff to Claimant's response to Special Interrogatory No. 7. Claimant otherwise has no information responsive to this Interrogatory.

22

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**SPECIAL INTERROGATORY NO. 9**:

Identify all persons who: (a) have knowledge of LuBian's business and operations; (b) have an ownership interest in LuBian or have invested in it; and (c) have served as a member, employee, officer, manager, director, or principal of LuBian.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control.

Claimant objects to the definition provided for "LuBian" as vague, inaccurate, and inconsistent with claims filed by other claimants in this action.

Claimant further objects to this Interrogatory that it seeks information from another claimant. Claimant cannot and does not purport to speak on behalf of any other claimant or non-party to this action in responding to this Interrogatory.

Subject to the forgoing objections, Claimant refers Plaintiff to Claimant's response to Special Interrogatory No. 7. Claimant otherwise has no information responsive to this Interrogatory.

**SPECIAL INTERROGATORY NO. 10**:

Provide the following information with respect to each of the following entities: Warp Data Technology Lao Sole Co. Ltd., Future Technology Investment, Amber Hill Ventures Limited,

23

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Lateral Bridge Global Limited, Hing Seng Limited, Amiga Entertainment Limited and Ableton Prestige Global Limited:

a.    State what relationship, if any, Prince Group (or any individual or entity related to Prince Group) has or has had with the entity or its subsidiaries or parent entities and identify: (i) any ownership interest in the entity; (ii) any positions currently or previously held at the entity by Prince Group or associated individuals, including but not limited to, president, director, manager, employee, shareholder, or member; (iii) any associated financial accounts or accounts at virtual currency exchanges for which Prince Group or associated individuals were an accountholder, owner, signatory or beneficiary, or for which they had any access or control; and (iv) any associated virtual currency addresses Prince Group or associated individuals had access to or control over, including by holding or having access to the private keys or otherwise.

b.    Describe in detail the business of the entity, and identify: (i) its date of incorporation or registration; (ii) each address at which the entity has conducted business; (iii) all persons involved in the creation of the entity; (iv) all operating agreements or other governing documents; (v) all subsidiaries and parent companies of the entity; and (vi) all names used by the entity.

c.    Identify all persons who: (i) have knowledge of the entity's business and operations; (ii) have an ownership interest in the entity; (iii) have invested in the entity; and (iv) have served as an employee, officer, manager, director, or principal of the entity.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly burdensome and seeking information that is irrelevant or

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control.

Claimant further objects to this Interrogatory because it seeks information from another claimant. Claimant cannot and does not purport to speak on behalf of any other claimant or non-party to this action in responding to this Interrogatory.

Claimant further objects to this Interrogatory on the grounds that Plaintiff delayed filing this action to the prejudice of Claimant, and Claimant accordingly lacks access to certain information requested due to Plaintiff's delay.

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts, which amount to at least 98 separate interrogatories.

Subject to the forgoing objections, Claimant states as follows:

- Warp Data:
  - o Warp Data is not affiliated with Claimant.

- Future Technology Investment:
  - o Claimant is not presently aware of any relationship it has with Future Technology Investment. Claimant understands that Future Technology Investment lists Yang Fan as its sole director. Mr. Yang worked for various Claimant affiliated and related entities in 2018 and 2019 but was terminated in or around 2020, upon discovery that he had engaged in self-dealing and unauthorized diversion of assets from Claimant.

- Amber Hill Ventures Limited:

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

- Claimant is not presently aware of any relationship it has with Amber Hill Ventures Limited. Claimant understands that Amber Hill Ventures Limited lists Yang Fan as its sole director.

- Lateral Bridge Global Limited:

  - Claimant is not presently aware of any relationship it has to Lateral Bridge Global Limited.

- Hing Seng:

  - Claimant is not presently aware of any relationship between Claimant and Hing Seng.

- Amiga Entertainment Limited:

  - Claimant is not affiliated with Amiga Entertainment Limited, a separate entity registered in the Isle of Man.

- Ableton Prestige Global Limited:

  - Claimant is not affiliated with Ableton Prestige Global Limited, a separate entity registered in the Isle of Man.

## SPECIAL INTERROGATORY NO. 11:

Describe in detail the current and past relationship(s) between Prince Group and Chen Zhi. Among other things, provide the following information:

a.    The extent to which Chen Zhi has an ownership interest in Prince Group, or in any other entity that, in turn, has an ownership interest in it.

b.    Whether Chen Zhi personally, or acting through one or more third parties, exercises or has ever exercised any control over Prince Group or its assets.

26

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

c.      Whether Chen Zhi, any family members of Chen Zhi, or any persons associated with Chen Zhi in any business is a director or shareholder of Prince Group.

d.      Whether Chen Zhi is presently directing the affairs of Prince Group and, if not, who is.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control. For example, Plaintiff's Verified Complaint states "[s]ince approximately 2015, Chen Zhi, also known as "Vincent," served as Chairman of Prince Holding Group ("Prince Group"), a Cambodian corporate conglomerate that operated dozens of business entities in more than thirty countries."

Claimant further objects to this Interrogatory that it seeks information from another claimant. Claimant cannot and does not purport to speak on behalf of any other claimant or non-party to this action in responding to this Interrogatory.

Claimant further objects to this Interrogatory on the grounds that it contains numerous subparts and is in fact at least four interrogatories.

Subject to the forgoing objections, Claimant states as follows:

- Chen Zhi is the Chairman of Claimant and possesses ownership interests in Claimant and certain of its current and former subsidiaries, affiliates, and

27

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

related entities, as identified in Appendix A and documents accompanying this response. ███████████████████

- Chen Zhi exercised control over Claimant by virtue of his ownership interest in Claimant and in various current and former subsidiaries, affiliates, and related entities, as identified in Appendix A and documents accompanying this response.

- Chen Zhi is currently detained in the People's Republic of China, and at this time Claimant is operated through authority provided by Chen Zhi.

- Numerous Claimants subsidiaries, affiliates, and related entities companies, including Prince Bank Plc, have been placed in liquidation or otherwise seized following the institution of this action, and are thus not presently in Claimant's control.

## SPECIAL INTERROGATORY NO. 12:

Identify any documents, emails, text messages, or other communications relating in any way to the relationship between Chen Zhi and Prince Group.

## RESPONSE TO SPECIAL INTERROGATORY NO. 12:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Plaintiff has alleged that Chen Zhi was the founder and Chairman of Claimant, so as written, this Interrogatory would seek virtually any communication regarding Claimant for a period exceeding ten years.

28

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Based on the forgoing objections, Claimant cannot respond to this Interrogatory in the current form, but is willing to meet and confer to clarify and limit the scope of this Interrogatory.

**SPECIAL INTERROGATORY NO. 13**:

Your lawyers also represent Chen Zhi and have asserted a claim on his behalf in this action. State the relationship between your interest in the Defendant Cryptocurrency and Chen Zhi's interest in the Defendant Cryptocurrency, and explain the difference between his interest and yours.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6).

This Interrogatory is vague and ambiguous as to the terms "the relationship between your interest" and "Chen Zhi's interest" and "explain the difference between his interest and yours."

Claimant further objects to this Interrogatory that it seeks information from another claimant. Claimant cannot and does not purport to speak on behalf of any other claimant or non-party to this action in responding to this Interrogatory.

Claimant also objects that this Interrogatory calls for a legal conclusion or prematurely calls for application of law to fact.

To the extent that this Interrogatory seeks production of attorney-client privileged information, Claimant further objects on such grounds.

Subject to the forgoing objections, Claimant states as follows:

- Claimant is a corporate party and Chen Zhi is an individual. Claimant otherwise refers Plaintiff to Claimant's response to Special Interrogatory No. 3.

29

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

**SPECIAL INTERROGATORY NO. 14**:

For the purpose of identifying potential witnesses whose depositions may be taken, provide the names, addresses and contract information of all individuals employed by or associated with Prince Group who possess information relating to the relationship between that entity and Chen Zhi. If such persons are represented by counsel, also provide the contact information for such counsel.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14**:

Claimant objects that this Interrogatory is not limited to Claimant's "identity and relationship to the defendant property," and instead constitutes merits discovery, and thus exceeds the permissible scope of Rule G(6). Claimant further objects to this Interrogatory as overbroad as to time and scope, overly burdensome and seeking information that is irrelevant or disproportionate to the needs of the case. Plaintiff has alleged that Chen Zhi was the founder and Chairman of Claimant, so as written, this Interrogatory would seek the names, addresses and contact information of virtually every employee or agent of Claimant or any of its subsidiaries or affiliates for a period exceeding ten years.

Subject to the forgoing objections, Claimant refers Plaintiff to Claimant's response to Special Interrogatory No. 1 and accompanying documents.

//

//

30

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Dated: February 27, 2026

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By:  /s/_____

Matthew L. Schwartz
Peter Skinner
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, Floor 20
New York, NY 10001
Telephone:     (212) 446-2300
Facsimile:     (212) 446-2350
mschwartz@bsfllp.com
pskinner@bsfllp.com

Dan G. Boyle
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, California 90067
Telephone:     (213) 629-9040
dboyle@bsfllp.com

*Attorneys for Claimant Prince Holding Group*

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## VERIFICATION

I certify under penalty of perjury under the laws of the United States of America that the foregoing responses to the United States' Special Interrogatories to Claimant Prince Holding Group are true and correct to the best of my knowledge and belief.

PRINCE HOLDING GROUP

DATE: ███████

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I certify that on April 15, 2026, I caused or caused to be served the foregoing

on Plaintiff's counsel of record via electronic means.

/s/
Dan G. Boyle

32

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER