

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| AFM:ADR | *271 Cadman Plaza East* |
| F. #2024R00105 | *Brooklyn, New York 11201* |

June 26, 2026

By ECF

The Honorable Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    United States v. Approximately 127,271 Bitcoin
> Civil Docket No. 25-5745 (RPK) (CHK)

Dear Judge Kaminsky:

   The government respectfully submits this letter pursuant to the Protective Order in the above case, *see* ECF No. 405, indicating its objections to the designation of certain information as Confidential Discovery Material by claimants Chen Zhi ("Chen") and Prince Holding Group ("Prince Group").  On June 26, 2026, the government filed a motion to compel compliance by Chen and Prince Group with the government's special interrogatories previously served on them, following their deficient responses.  *See* ECF Nos. 468, 469 ("Gov. Mot.").  Pursuant to the Protective Order, the government submitted its motion and accompanying exhibits (which included the responses) in redacted form reflecting counsel's assertions of confidentiality.[1]  *See* Protective Order ¶ 8.  As described further below, certain of the designations are improper and the Court should direct that the redacted information be unsealed.[2]

---

[1]   Counsel initially designated their entire responses (which included the government's interrogatories themselves) as confidential.  The government informed counsel that this was improper and they subsequently provided versions with extensive confidentiality designations.  The government once again attempted to confer with counsel to come to an agreement about their designations on several topics the government intended to address in its publicly filed motion to compel.  In response, counsel agreed to de-designate the fact of Chen's 100% ownership of Prince Real Estate (Cambodia) Group Co. Ltd., but declined to change its designations on the remaining items the government raised, discussed below.

[2]   In this letter, the government limits its objections to designated information that is referenced, and thus currently redacted, in the government's motion to compel.  The government reserves the right to make additional objections to other designations in Chen's and Prince Group's interrogatory responses should they be referenced in future filings.

Pursuant to the Protective Order, the following limited categories of information can be designated as Confidential Discovery Material by a party producing records and other information in this action (a "Producing Party"):

a. Sensitive commercial information relating to the Producing Party's business, including, but not limited to: tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

b. Sensitive personnel data of the Producing Party or its employees, including but not limited to, information regarding employment applications; employment references; wages and income; benefits; employee evaluations; medical evaluation and treatment and related records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

c. Medical or mental health records;

d. Records restricted or prohibited from disclosure by statute;

e. Non-public criminal history; and

f. Other information that the Court designates Confidential Discovery Material, after application to the Court for such designation.

Protective Order ¶ 2.

Chen's and Prince Group's designations exceed these limited provisions. *First*, counsel marked as confidential the names of the two signatories who improperly signed Chen's interrogatory responses on behalf of Chen. *See* Gov. Mot. Ex. A at 40; Gov. Mot. at 2, 6. These designations are improper as the identities of these individuals do not constitute sensitive commercial information, sensitive employment information, or any other category of Confidential Discovery Material contemplated by the Protective Order. Indeed, Judge Kovner has already squarely rejected similar attempts to proceed anonymously in this case. *See* ECF No. 394 (sealed order); April 22, 2026 Docket Order ("The public's "right to know who is using" its courts applies even at the early stages of a case and without regard to the claimants' ultimate success. *See, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 187-89 (2d Cir. 2008) (citation omitted); *see Citizens First Nat'l Bank of Princeton v. Cincinnati Ins.*, 178 F.3d 943, 945 (7th Cir. 1999) (noting that public 'has an interest in what goes on at all stages of a judicial proceeding').").

2

*Second*, counsel marked as confidential various responses describing entities other than Chen and Prince Group, including claimants Warp Data and Lubian, and information about Chen's and Prince Group's relationships with those entities (including in connection with the facts underlying their claims).  *See* Gov Mot. Ex. A at 17-18, 20-21, 24-25, 26-28, 30-31; Gov. Mot. Ex. B at 16-17, 21; Gov. Mot. at 7, 10-12.  Again, information about entities other than Chen and Prince Group does not constitute sensitive commercial information of Chen and Prince Group, particularly where Chen himself asserts that the Defendant Cryptocurrency consisted of his personal savings.  There is no basis to redact this information, much less so when it is central to the litigation of this action.  *See also In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 254-56 (S.D.N.Y. 2009) (rejecting party's confidentiality designations of information about a third-party entity and about the party's dealings with that entity where concerns of commercial harm were not sufficiently supported by specific facts).

For these reasons, the Court should determine that the confidentiality designations in Chen's interrogatory responses, *see* Gov. Mot. Ex. A, at pages 17-18, 20-21, 24-25, 26-28, 30-31 and 40, and in Prince Group's interrogatory responses, *see* Gov. Mot. Ex. B, at pages 6-17 and 21, are improper, and should direct that they be de-designated.  The Court should further direct that the government's motion to compel, which references this information, be unsealed in its entirety (excluding exhibits).

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/_____

Alexander F. Mindlin
Benjamin Weintraub
Andrew D. Reich
Alessandra V. Rafalson
Tanisha R. Payne
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

cc:    Clerk of Court (CHK)
Counsel of Record

3