

June 29, 2026

**BY ECF**

The Honorable Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *United States v. Approximately 127,271 Bitcoin*, 25 Civ. 5745 (RPK)

Dear Judge Kaminsky:

We represent Claimants Chen Zhi and Prince Holding Group ("Claimants").  On June 26, 2026, the government filed a motion to compel further responses to Claimants' special interrogatory responses that does not comply with the Court's Individual Practices and Rules because, among other reasons, it was not submitted jointly with Claimants' position.  That same day, we asked the government to withdraw its motion and to resubmit it in compliance with the Court's rules.  The government has not responded and has not even sent Claimants the unredacted version of its submission.  We respectfully request that the Court strike the government's motion or, alternatively, grant Claimants relief from certain of the Court's Individual Practices and Rules so that Claimants are not prejudiced by the government's departures from those rules.

The Court's Individual Rules and Practices (as of June 15, 2026) govern how discovery disputes may be raised.  *See* Individual Practices and Rules of Magistrate Judge Clay H. Kaminsky, available at https://www.nyed.uscourts.gov/pub/rules/CHK-MLR.pdf.  Specifically, Individual Rule II.C. states that, "[i]n lieu of separate letters, the parties must describe their dispute(s) in a single letter motion, jointly composed, filed on ECF as a 'Motion.'  A party may write separately only if the other party fails to cooperate regarding the joint submission.  The letter motion may not exceed five pages." *Id.* § II.C.  The Court's rules also require that "parties must clearly state the issues requiring resolution and the specific relief sought as to each dispute. … If necessary, the parties should excerpt the at-issue material; they should not attach, unless absolutely necessary, entire sets of discovery requests. The Court will not entertain generalized, bulk objections to discovery requests or responses." *Id.* § II.C.2.

The government's motion to compel ignores the Court's rules in multiple ways. Most prominently, the motion is not "jointly composed"—to be clear, the government did not coordinate with Claimants' counsel on any portion of its submission.  And even if the government had attempted to cooperate on a joint submission and Claimants had refused (which did not happen), the government's submission would have been limited to five pages, not the thirteen-page application the government filed. The motion also lacks specificity, failing to identify which interrogatory responses the government claims are deficient.  *See* Mot. at 13 ("the government respectfully requests that the Court compel Chen and Prince Group to properly respond to the government's special interrogatories pursuant to Rule G(6).").  Finally, the motion attached "entire sets of discovery requests," which the Court's Rules specifically direct parties not to do unless "absolutely necessary," which is not the case here.



When a party defies a Court's individual Rules, its pleadings may be stricken. *See CareMatrix Corp. v. Kaplan*, No. 05-CV-3173(TCP)(GRB), 2012 WL 13102106, at *2 (E.D.N.Y. July 3, 2012) ("[C]ourts have resorted to strict sanctions where disregard for … individual rules leads to vexatious litigation practices."); *see also Andrews v. Freemantlemedia N.A., Inc.*, 13 Civ. 5174 (NRB), 2014 WL 6686590, at *14 (S.D.N.Y. Nov. 20, 2014) (plaintiffs' "violation [of individual Rule requiring pre-motion conference] alone would justify a decision to strike plaintiffs' motions" and "such a decision is particularly warranted here where, rather than a technical error, the failure to comply with our Individual Rules represented little more than a 'blatant end-run' around our page limitations"). We respectfully submit that the most efficient way to address the government's dispute with Claimants' interrogatory responses is for the Court to strike the motion to compel and to direct the government to file a joint submission that complies with Court's Individual Rules and Practices in form and substance — that is, a joint submission that identifies the issues requiring resolution and the specific interrogatory responses the government contends are insufficient.

Alternatively, Claimants respectfully request the following relief so as not to be prejudiced by the government's departures from the Court's Individual Practices and Rules:

- A deadline of July 17 to file their response to the motion to compel and the government's challenges to Claimants' confidentiality designations (ECF No. 470);
- A page limit of 15 pages for Claimants' response to the government's motion to compel; and
- Clarification that, consistent with the Court's Individual Practices and Rules, the government is not permitted a reply.

Respectfully,

BOIES SCHILLER FLEXNER LLP

*/s/ Peter M. Skinner*
Matthew L. Schwartz
Peter M. Skinner
55 Hudson Yards
New York, New York 10001

Dan G. Boyle
2029 Century Park East, Suite 1520
Los Angeles, California 90067

*Counsel for Claimants Chen Zhi and Prince Holding Group*

2