

**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax

**Jeffrey Brown**
*Partner*
Jeffrey.Brown@dechert.com
+1 212 698 3500  Direct
+1 212 698 3599  Fax

July 9, 2026

BY ECF

Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: ***United States v. Approximately 127,271 Bitcoin, No. 25-cv-5745 (RPK)(CHK); Fritz et al. v. Iran and China Investment Development Group, No. 25-cv-7093 (RPK)(CHK); Relvas et al. v. Iran and China Investment Development Group, No. 26-cv-0642 (RPK)(CHK)***

Dear Judge Kovner:

We represent LuBian, a claimant in the above-captioned civil forfeiture action, *United States v. Approximately* 127,271 Bitcoin (BTC), No. 25-cv-5745 (the "Forfeiture Action"). We respectfully submit this letter motion on LuBian's behalf requesting that the Court stay the proceedings in *Fritz et al. v. Iran and China Investment Development Group*, No. 25-cv-7093 ("Fritz"), and *Relvas et al. v. Iran and China Investment Development Group*, No. 26-cv-0642 ("Relvas" and together with Fritz, the "Attachment Proceedings"), pending final resolution of the Forfeiture Action.

**BACKGROUND**

On October 14, 2025, the Government commenced the Forfeiture Action, seeking civil forfeiture of approximately 127,271 Bitcoin (the "Defendant Cryptocurrency") as alleged proceeds of fraud and money laundering. LuBian timely filed a claim asserting its ownership interest in the Defendant Cryptocurrency.

On December 26, 2025, the Fritz plaintiffs, judgment creditors of Iran, filed a separate action against "Iran and China Investment Development Group" (an entity that has no relationship to LuBian), seeking attachment and turnover of the Defendant Cryptocurrency pursuant to the Terrorism Risk Insurance Act of 2002, 28 U.S.C. § 1610 note ("TRIA"), and New York CPLR §§ 5225 and 5227. On February 5, 2026, the Relvas plaintiffs, also judgment creditors of Iran, filed a parallel action against the same entity, seeking execution and turnover of the Defendant Cryptocurrency on the same TRIA theory. Both the Fritz and Relvas actions target LuBian's interest in the Defendant Cryptocurrency, despite the fact that LuBian has no connection to Iran, the Islamic Republic of Iran, or any entity associated therewith, the Government's allegations in the Forfeiture Action notwithstanding.



July 9, 2026
Page 2

The Attachment Proceedings were previously deemed related to the Forfeiture Action on the Government's requests. *See* ECF Nos. 102 & 235 in the Forfeiture Action. Both are now assigned to this Court alongside the Forfeiture Action.

LuBian has not appeared in either the Fritz or Relvas proceedings. On February 2, 2026, this Court denied the Fritz plaintiffs' emergency motion for an *ex parte* writ of attachment and observed that "it seems unlikely that another court would grant an emergency writ of attachment as to assets that are the subject of an *in rem* action in this district, given the general principle that two courts should abstain from 'vying for possession or control of the same property.'" Feb. 2, 2026, Text Order in Fritz (quoting *Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174, 191-92 (2d Cir. 2018)). LuBian understood this order as a practical signal that the Court viewed its *in rem* jurisdiction over the Defendant Cryptocurrency in the Forfeiture Action as foreclosing parallel attachment proceedings from going forward. Based on that understanding, LuBian limited its litigation activity to the Forfeiture Action, where it has timely asserted its ownership claim. LuBian now submits this letter to formally request that the Court enter an explicit stay to that effect.

## ARGUMENT

A stay is warranted here. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). Courts in this Circuit analyze five factors when deciding whether to grant a stay pending a related proceeding: (1) the private interests of the plaintiffs in proceeding expeditiously balanced against prejudice from delay; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of non-parties; and (5) the public interest. *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020); *accord United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 289 (E.D.N.Y. 2014). This Court applied precisely these factors in granting a stay in *Sylvester v. Southern Cross, LLC*, No. 24-cv-1796 (RPK)(SJB), 2024 U.S. Dist. LEXIS 204533, at *3–4 (E.D.N.Y. Nov. 9, 2024). All five factors favor a stay here.

**The Fritz and Relvas Plaintiffs Suffer No Prejudice from a Stay**

The first factor asks whether plaintiffs would be unduly prejudiced by a stay. LuBian is an entirely separate legal entity with no connection to Iran, the Iranian government, or the terrorism judgments underlying these proceedings.[1] Any prejudice the plaintiffs may suffer from delay is

---

[1] For the same reason, LuBian respectfully submits that the magistrate judges' orders authorizing alternative service on LuBian through its Forfeiture Action counsel, the undersigned, were not warranted. Those orders rested principally on the premise that alternative service under Fed. R.



July 9, 2026
Page 3

therefore not caused by the stay—it is a product of having unnecessarily multiplying proceedings by commencing their parallel action (on a factual basis that we submit is facially inadequate but that question is for another time).

Setting that aside, the Fritz and Relvas plaintiffs cannot attach or execute upon LuBian's interest in the Defendant Cryptocurrency in any event until that interest is first resolved in the Forfeiture Action. Until the Forfeiture Action determines the extent of LuBian's interest, and whether LuBian's bitcoin is subject to forfeiture at all, there is nothing that can be attached in the Attachment Proceedings. The plaintiffs' claims in Fritz and Relvas are therefore entirely contingent on the outcome of the Forfeiture Action; they will be mooted in whole or in part depending on how this Court resolves LuBian's claim. Proceeding with the Attachment Proceedings before that determination is made would be premature and would risk inconsistent adjudications.

As this Court held in *Sylvester*, a stay does not unduly prejudice the opposing party where the claims are contingent on the resolution of a separate proceeding. 2024 U.S. Dist. LEXIS 204533, at *4. The same conclusion is warranted here.

**A Stay Is Necessary to Protect LuBian's Substantial Interests**

The second factor, the burden on the defendant, favors a stay. LuBian faces significant burdens from having to simultaneously defend its ownership interest in the Defendant Cryptocurrency in the Forfeiture Action while also responding to two separate attachment proceedings that target that same interest.

Furthermore, the Attachment Proceedings seek to execute upon an asset, LuBian's interest in the Defendant Cryptocurrency, whose very existence, scope, and disposition are the subject of the pending Forfeiture Action. Allowing the Attachment Proceedings to continue risks prejudging or interfering with this Court's adjudication of LuBian's claim in the Forfeiture Action. LuBian could suffer irreparable prejudice if, for example, the Attachment Proceedings result in an attachment order that purports to cloud or encumber LuBian's interest before this Court has had an opportunity to adjudicate whether that interest is forfeitable.

---

Civ. P. 4(f)(3) was available because Iran is not a signatory to the Hague Convention. *See* Feb. 18, 2026, Text Order in Relvas; Apr. 6, 2026, Text Order in Fritz. But that analysis applies to Iran, not to LuBian. LuBian is not an Iranian entity and is not a party to any Iranian terrorism judgment. The Hague Convention analysis that underwrites both orders is inapplicable to LuBian, and each order improperly conflates LuBian with the named defendant, "Iran and China Investment Development Group," an entity to which LuBian has no relationship.



July 9, 2026
Page 4

**A Stay Serves the Interests of This Court and Promotes Efficient Judicial Administration**

The third factor, the interests of the courts, strongly favors a stay, as Your Honor has previously intimated. As the Government observed in its January 22, 2026, letter (ECF No. 102 in the Forfeiture Action), the Fritz action and the Forfeiture Action "concededly concern the same property—namely, the Defendant Cryptocurrency." The same is true of Relvas. This Court has already recognized the propriety of consolidating related proceedings regarding the Defendant Cryptocurrency before a single judge. The rationale for that consolidation applies with equal force to staying the Attachment Proceedings pending resolution of the Forfeiture Action.

The Government specifically warned that allowing parallel proceedings to continue—with different judges ruling on overlapping claims to the same Bitcoin—risks "chaos" and "multiple *ex parte* attachment orders issuing in multiple courtrooms." ECF No. 102 at 3. Staying the Attachment Proceedings eliminates that risk. It ensures that all claims to the Defendant Cryptocurrency are resolved in an orderly sequence, with the threshold question of ownership and forfeitability adjudicated first in the Forfeiture Action before any attachment or turnover proceedings can advance.

As this Court recognized in *Sylvester*, "[e]xpending further resources of the Court and parties on a difficult question" that may be resolved by a related proceeding "would be wasteful." 2024 U.S. Dist. LEXIS 204533, at *4–5. The Attachment Proceedings present precisely this dynamic. All legal questions in Fritz and Relvas—including whether the Defendant Cryptocurrency is a "blocked asset" subject to TRIA, whether it can be attributed to an Iranian entity, and whether LuBian has a cognizable interest in it—depend on this Court's resolution of LuBian's claim in the Forfeiture Action. There is no reason to expend judicial resources litigating those questions prematurely.

**The Interests of Non-Parties and the Public Support a Stay**

The fourth and fifth factors, the interests of non-parties and the public, also favor a stay.

Allowing the Attachment Proceedings to proceed simultaneously with the Forfeiture Action could result in attachment orders that purport to encumber assets claimed by third parties before those parties have had any opportunity to be heard. A stay protects the orderly adjudication of all claims and prevents the prejudgment of rights that non-parties are actively litigating in this Court.

The public interest also strongly favors a stay. As the Government's letter noted, allowing parallel attachment proceedings before multiple judges risks inconsistent rulings, duplicative motions, and wasted resources, all of which are contrary to the public interest in efficient judicial administration. ECF No. 102 at 2–3.



July 9, 2026
Page 5

The same grounds that warrant a stay, including the contingent and premature nature of the Attachment Proceedings and LuBian's lack of connection to Iran—which proceeding on the merits would reveal—equally foreclose entry of a default.

## **CONCLUSION**

For the foregoing reasons, LuBian respectfully requests that the Court stay all proceedings in Fritz and Relvas pending final resolution of the Forfeiture Action and that the Court decline to enter a default or default judgment against LuBian in Fritz or Relvas.

Dated: July 9, 2026,                                    Respectfully submitted,


                                                    By:    /s/ *Jeffrey Brown*

                                                    Jeffrey A. Brown
                                                    DECHERT LLP
                                                    Three Bryant Park
                                                    1095 Avenue of the Americas
                                                    New York, NY 10036
                                                    Tel.: +1 212 698 3500
                                                    jeffrey.brown@dechert.com
                                                    *Counsel for Claimant LuBian*
                                                    CC: Counsel of record (via ECF)