

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM:CBB
F. #2025V02069

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 16, 2026

By ECF

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Approximately 127,271 Bitcoin
> Civil Docket No. 25-5745 (RPK/CHK)

Dear Judge Kovner:

The government submits that the Court should grant its motion to dismiss the turnover and attachment proceeding pending before this Court in *Fritz, et al. v. Iran and China Investment Development Group d/b/a Lubian.com*, No. 25-cv-7093 (RPK) (CHK), and should reach the same outcome with respect to the legally identical claims in *Relvas, et al. v. Iran and China Investment Development Group*, No. 26-cv-0642 (RPK) (CHK).[1]

Thus, the motion filed by claimant LuBian in this case to stay the Fritz and Relvas cases should be denied, in favor of a merits resolution through the Court's granting of the government's motion to dismiss.

However, to the extent the Court declines to grant the government's motion to dismiss the *Fritz* proceeding (and any similar motion the government may file with respect to *Relvas*), a stay would then be warranted, for the reasons set forth below.

**The Court Should Dismiss the *Fritz* and *Relvas* Attachment Proceedings**

In the first instance, the *Fritz* and *Relvas* actions can and should be dismissed on the merits. In the *Fritz* case, the government has moved to dismiss and submitted an opposition to the Fritz Plaintiffs' *ex parte* motion for an attachment order. *See Fritz*, Dkt. 96-97. Among other grounds, the government has raised the jurisdictional bar of federal sovereign immunity, *see Mowrer v. United States Dep't of Transp.*, 14 F.4th 723, 733-35 (D.C. Cir. 2021), and the statutory bar on intervention in a criminal forfeiture proceeding codified at 21 U.S.C. § 853(k). *See Fritz*,

---

[1] The government has not yet moved to dismiss *Relvas* but is prepared to do so pending the Court's resolution of Lubian's motion to stay.

Dkt. 96, at 4-10.  The government respectfully opposes any relief in favor of the Fritz or Relvas Plaintiffs, including entry of default, *see Fritz*, Dkt. 127, 129, before these jurisdictional and threshold issues are resolved.

**In the Alternative, the Court Should Stay the *Fritz* and *Relvas* Attachment Proceedings Pending Resolution of this Civil Forfeiture Proceeding**

Absent a dismissal on the merits, the government agrees that the stay factors articulated in *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020), favor staying the *Fritz* and *Relvas* matters pending resolution of this civil forfeiture proceeding.  *See id.* at 526 ("In determining whether to grant a stay, courts in this district consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.").

First, the Fritz and Relvas Plaintiffs would suffer no prejudice from a stay of their attachment proceedings.  Any claim that they may have over the Defendant Cryptocurrency is contingent on LuBian's claim of ownership in the forfeiture proceeding: they are effectively seeking to stand in LuBian's shoes pursuant to the Terrorism Risk Insurance Act (TRIA), Pub. L. No. 107-297, 116 Stat. 2322 (2012) (codified at 28 U.S.C. § 1610 note), under the theory that LuBian is an agency or instrumentality of a terrorist party and that they, as terrorism victims, are entitled to satisfy their judgments out of LuBian's assets.  The Fritz and Relvas Plaintiffs can just as easily pursue their claim against LuBian's assets *after* the conclusion of the forfeiture proceeding as they can today.  They suffer no prejudice from the mere passage of time.  Indeed, a stay will streamline the attachment proceedings: issues relating to LuBian's claim of ownership will have been resolved through adversarial litigation in the forfeiture case, leaving only the issue of LuBian's relationship to the Government of Iran to be litigated in subsequent attachment proceedings.  And if the forfeiture proceeding results in LuBian's claim being rejected, then the attachment proceedings will be mooted—saving the Fritz and Relvas Plaintiffs the time and expense of unnecessary litigation.

The interests of the government and other third parties also weigh in favor of a stay. The Fritz and Relvas Plaintiffs are seeking a preemptive ruling from this Court, *ex parte* and without the benefit of adversarial testing, that the Defendant Cryptocurrency belongs to LuBian. *See, e.g.*, *Fritz*, Dkt. 127-2, at 2 ("This action seeks, as against the defaulting Defendant, that the Court: (A) Find that . . . the Iran-China Group doing business as LuBian.com has an ownership interest in the 127,271 Bitcoin . . . .").  Such a ruling would effectively resolve the forfeiture proceeding in LuBian's favor.  That would deprive the government of its ability to contest LuBian's claim through discovery and orderly litigation in this case.  It would also prejudice all the other claimants who have come forward to assert competing claims over the Defendant Cryptocurrency.

Finally, the interests of the Court and the public strongly favor a stay of the Fritz and Relvas attachment proceedings or a dismissal on the merits.  As a rule, "absent special circumstances, the first filed of two competing lawsuits should have priority." *Kappel v. Comfort*, 914 F. Supp. 1056, 1059 (S.D.N.Y. 1996) (parenthetical summarizing *Fort Howard Paper Co. v.*

*William D. Witter, Inc.*, 787 F.2d 784, 790 (2d Cir. 1986)); *see also id.* ("[T]here is also the obligation to assure that this court's exercise of its jurisdiction does not have an avoidably harmful impact on cases already pending before another court.").  And here, considerations of judicial efficiency strongly favor giving priority to the first-filed civil forfeiture case and staying (or dismissing) the attachment proceedings.  The Court could efficiently resolve the Fritz and Relvas attachment proceedings by granting the government's motion to dismiss.  The Court cannot, however, resolve the attachment proceedings in favor of the Fritz and Relvas Plaintiffs (which are themselves in conflict with one another) without first adjudicating the existence and scope of LuBian's ownership over the Defendant Cryptocurrency, and finding that LuBian can carry its burden of establishing that it was an "innocent owner" within the meaning of 18 U.S.C. § 983(d).  This would effectively necessitate a mini-forfeiture trial within each attachment proceeding, but one conducted *ex parte* or subject to complex intervention litigation, and without the procedural safeguards of civil forfeiture law.

The Court also has an interest in promoting confidence in the fairness of the judicial process that will determine ownership and control over the Defendant Cryptocurrency.  That is especially so given the significant public interest in cryptocurrency investment frauds and the multiplicity of fraud victims who, though they lack standing in the civil forfeiture proceeding, may be able to file petitions for remission with the Department of Justice following final forfeiture of the Defendant Cryptocurrency.  Public confidence would be undermined by allowing the Fritz and

3

Relvas Plaintiffs to obtain relief by default and preempt the orderly litigation of the forfeiture case.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/ _____
Alexander F. Mindlin
Tanisha R. Payne
Benjamin Weintraub
Andrew D. Reich
Alessandra V. Rafalson
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

cc:    Clerk of Court (RPK) (via ECF)
Counsel of Record (via ECF)

4