# Mitchell Allyn, Ltd.

1000 North Green Valley Parkway, Suite 440-575
Henderson, Nevada 89074-6170

Tel: +1 702 350 1208
Email: dmitchell@mitchellallyn.com

July 16, 2026

The Honorable Rachel P. Kovner
United States District Judge
United States District Court
    for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *Response to LuBian's Request to Stay the Havlish Plaintiffs' TRIA Enforcement Proceeding*

Dear Judge Kovner:

Pursuant to your July 14, 2026 order, the Havlish Claimants oppose LuBian's request to stay parallel judgment enforcement proceedings filed against the Bitcoin Assets under authority Congress granted terrorism victims in Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") ("TRIA Cases").[1] (Forfeiture ECF No. 473).

## Background

The Havlish Claimants are family members and estates of individuals killed on September 11, 2001, in the largest terror attack on American soil.  (Forfeiture ECF No. 73 at 1).[2] Collectively, the Havlish Claimants hold more than $10 billion in judgments against the Islamic Republic of Iran ("Iran"), and, relevant to the Bitcoin Assets in this Forfeiture Proceeding and

---

[1] The pending TRIA Cases involving the Bitcoin Assets are (1) *Havlish v. United States*, Case No. 1:26-cv-03555-RPK-LKE; (2) *Fritz v. Iran and China Investment Development Group*, No. 1:25-cv-7093-RPK-LKE; and (3) *Relvas et al. v. Iran and China Investment Development Group*, No. 1:26-cv-0642-RPK-LKE.

[2] This letter will refer to multiple dockets.  For clarity, (1) "Forfeiture ECF No." refers to the docket in this forfeiture case, *United States v. Approximately 127,271 Bitcoin*, Case No. 25-cv-5745 (RPK)(CHK); (2) "MDL ECF No." refers to the docket in the 9/11 MDL, *In re Terrorist Attacks on September 11, 2001*, Case No. 03-MDL-1570 (GBD)(SN); (3) "Havlish ECF" refers to the Havlish Plaintiffs' independent TRIA enforcement proceeding filed in this Court, *Havlish v. United States*, Case No. 1:26-cv-03555-RPK-LKE; and (4) "Fritz ECF") refers to the docket in *Fritz v. Iran and China Investment Development Group*, No. 1:25-cv-7093-RPK-LKE.

The Honorable Rachel P. Kovner
July 16, 2026
Page 2

the related parallel judgment enforcement proceedings, some of the Havlish Claimants also hold judgments against Bank Markazi, the central bank of Iran and the Islamic Revolutionary Guard Corps, ("IRGC").  The Havlish Claimants have been seeking to enforce their judgments against Iran-related assets located both in the United States and in foreign countries.

In furtherance of their continuing effort to satisfy their judgments, the Havlish Claimants are using two paths to execute against the Bitcoin Assets.  First, the Havlish Claimants filed claims in this Forfeiture Proceeding pursuant to Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  (Forfeiture ECF No. 73).  Second, the Havish Claimants have also filed a separate judgment enforcement proceeding pursuant to TRIA.[3]  (Havlish ECF No. 1).  Both actions seek recovery of the Bitcoin Assets in partial satisfaction of their judgments.

### LuBian's Request to Stay the TRIA Cases

LuBian claims to be "an unincorporated collective of software engineers involved in BTC mining group operations and cryptocurrency wallet hosting services."  Verified Claim and Statement of Interest of LuBian (ECF No. 79 at ¶ 2).  Though it claims an "interest" in the Bitcoin Assets, LuBian admits that interest extends only to Bitcoin related to "its participation in operations connected to the mining of a substantial quantity of BTC constituting the Defendant Assets and its hosting of those assets at wallet addresses for which it held the private keys." LuBian Statement (ECF No. 19 at ¶ 4).  LuBian also admits the scope of its interest is "still being calculated."  *Id*. at ¶ 5.  Therefore, LuBian concedes it claims only an undefined and indeterminate interest in *some*, but not *all,* Bitcoin Assets at issue in either this Forfeiture Proceeding or the Havlish Plaintiffs' TRIA enforcement proceeding.

LuBian also claims it "has no connection to Iran, the Islamic Republic of Iran, or any entity associated therewith."  (ECF No. 473 at 1).  But LuBian's self-serving declaration fails to establish that its claimed subset of the Bitcoin Assets is immune from TRIA judgment enforcement actions.  For example, its declaration does not establish LuBian is not an agency or instrumentality of Iran within the scope of *Kirschenbaum v. 650 Fifth Ave. & Related Properties,* 830 F.3d 107, 135 (2d Cir. 2016)*, abrogated on other grounds by Rubin v. Islamic Republic of Iran,* 583 U.S. 202(2018).  After all, it admits "mining [] a substantial quantity of BTC constituting the Defendant Assets" (Forfeiture ECF No. 79 at ¶ 4), the Government admits that at least 23,738.17 of the Bitcoin Assets were mined in Iran, *see* United States' Opposition to the Fritz Plaintiffs' Ex Parte Motion for Writ of Attachment (Fritz ECF No. 64 at 15), and the Iranian Bitcoin mine was a massive operation.  Havlish TRIA Complaint (Havlish ECF No. 1 at ¶ 108-09).

---

[3] Havlish Claimants filed their separate TRIA enforcement proceeding in this Court after the court in the Southern District of New York (which presides over the September 11, 2001 Multi-district Litigation where their judgments were entered) gave them permission to begin attachment and execution efforts against the Bitcoin Assets pursuant to 28 USC 1610(c).  (MDL ECF No. 11973).

The Honorable Rachel P. Kovner
July 16, 2026
Page 3

In sum, Lubian does not claim an interest in all Bitcoin Assets and does not conclusively establish that it is not an agency or instrumentality of Iran, the resolution of its claim in this Forfeiture Proceeding, therefore, will not obviate the need to litigate the TRIA Cases. Despite these infirmities, LuBian asks the Court to stay *all* TRIA Cases, regardless whether they involve the *same* subset of Bitcoin Assets; regardless whether LuBian, itself, qualifies as an agency or instrumentality of Iran; and even though resolution of its Claim in the Forfeiture Proceeding would still require those same issues to be resolved in the TRIA Cases.

For the reasons below, LuBian is not entitled to stay the Havlish TRIA Case. Accordingly, the Court must deny their request.

**LuBian Has a Heavy Burden**

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Because a stay of parallel proceedings is an extraordinary remedy, LuBian carries a heavy burden to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255; *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97-98 (2d Cir. 2012) (reaffirming that a total stay of parallel civil proceedings is an "extraordinary remedy")).

LuBian's burden becomes even heavier because Congress gave terror victims the express statutory authority to attach and execute against assets like the Bitcoin Assets notwithstanding a pending forfeiture proceeding. E*state of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632, 644 n 1 (D.C. Cir. 2025) ("TRIA specifically allows attachments that the civil-forfeiture statute specifically prohibits"). *Id*. That language "clearly requires courts to disregard other statutory provisions that conflict with the scope of the TRIA." *Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428, 432 (D.C. Cir. 2023). In essence, LuBian asks the Court to flip the statutory hierarchy on its head by arguing the Havlish TRIA Case is "entirely contingent on the outcome of the Forfeiture Action." However, the Havlish Claimants' TRIA Case take priority over the Forfeiture Proceeding. *Estate of Levin*, at 156 F.4th 644 n 1.

**LuBian Is Not Entitled to Stay the Havlish TRIA Case**

The Havlish Claimants will be prejudiced. LuBian's assertion that the TRIA plaintiffs will suffer no prejudice from a stay is factually and legally incorrect. First, the *res* consists of approximately 127,271 Bitcoin. Bitcoin is subject to constant price volatility. Forcing the Havlish Claimants to wait for the conclusion of this Forfeiture Action before seeking their TRIA turnover order exposes them to substantial financial risk that market fluctuations will reduce the value of the Bitcoin Assets, thereby reducing their recovery. Second, LuBian, in essence, asks the Court flip the statutory hierarchy on its head. Requiring the Havlish Claimants to delay their independent statutory remedy in deference to a government forfeiture case subverts the priority framework intended by Congress when it enacted TRIA. *Estate of Levin*, 156 F.4th at 643 n.1 (D.C. Cir. 2025). ("TRIA specifically allows attachments that the civil-forfeiture statute

The Honorable Rachel P. Kovner
July 16, 2026
Page 4

specifically prohibits"). *Id*. That language "clearly requires courts to disregard other statutory provisions that conflict with the scope of the TRIA." *Greenbaum v. Islamic Republic of Iran*, 67 F.4th 428, 432 (D.C. Cir. 2023).

A stay is not necessary to protect LuBian's alleged interest in the Bitcoin Assets. LuBian's assertion that a stay is necessary to avoid irreparable prejudice and incur unnecessary litigation burdens is legally meritless and fundamentally misconstrues the nature of the parallel proceedings before this Court. First, any purported burden LuBian might face from defending its claimed interest in both the Forfeiture Proceeding and the Havlish TRIA Case can be readily addressed through coordinated discovery and efficient case management—procedural tools that courts favor over the "extraordinary remedy" of a stay. *See Louis Vuitton*, 676 F.3d at 100-01. LuBian need only appear in the Havlish TRIA Claim and assert its interest, something New York judgment enforcement statutes give it the right to do. NY CPLR 5225(b), 5239. Second, because this Court presides over both the forfeiture action and the Havlish TRIA Case, there is no legitimate risk of inconsistent rulings or premature prejudice to LuBian's alleged interests. *Estate of Levin*, 156 F.4th at 642. Finally, delaying the Havlish Claimants' statutory remedy to accommodate LuBian's interests would violate TRIA's "notwithstanding" clause, which prioritizes the enforcement rights of terrorism victims over competing property claims and forfeiture frameworks. *Estate of Levin*, 156 F.4th at 643 n.1.

A stay would not promote judicial efficiency. LuBian's argument that a stay promotes judicial efficiency and serves the court's interest is fundamentally flawed because both the Forfeiture Proceeding and the Havlish TRIA Case are already assigned to the same judge. Because this Court oversees all of the actions related to the Bitcoin Assets, the risk of judicial "chaos" or conflicting orders across multiple courtrooms is nonexistent. *See Estate of Levin*, 156 F.4th at 641. Any genuine interest in judicial economy can, as explained above, be fully achieved through ordinary case management. *Louis Vuitton*, 676 F.3d at 100-101. Furthermore, because TRIA's "notwithstanding" clause explicitly overrides competing statutory frameworks like civil forfeiture, the plaintiffs' claims are neither "contingent" nor premature. *Estate of Levin*, 156 F.4th at 643 n.1. Postponing an independent path to recovery mandated by Congress does not conserve judicial resources when case management methods are available.

A stay is not in the interest of third-parties or the public. LuBian's assertion that a stay is necessary to protect the interests of non-parties and the public is unsupportable. First, the interests of non-parties and adverse claimants are already fully protected by New York's judgment enforcement framework, which explicitly authorizes any interested person or adverse claimant to appear or move to intervene directly in the turnover proceedings to assert their property rights. *See* N.Y. C.P.L.R. 5225(b), 5239. Because these statutory mechanisms allow the Court to fully adjudicate competing claims without halting the litigation, a total stay is entirely unnecessary to safeguard non-party rights. Second, the public interest heavily favors denying the stay because Congress explicitly enacted TRIA to prioritize the collection efforts of terrorism victims over competing property claims and federal civil forfeiture frameworks. *Estate of Levin*, 156 F.4th at 643 n.1. Postponing the plaintiffs' independent statutory remedy to allow this parallel forfeiture action to conclude first directly subverts the public interest and clear legislative intent mandated by Congress. *Id*.

The Honorable Rachel P. Kovner
July 16, 2026
Page 5


The Court should deny LuBian's request for a stay.

Respectfully submitted,

/s/ Douglass A. Mitchell
Douglass A. Mitchell (NV Bar No. 3775)
Appearing Pro Hac Vice
MITCHELL ALLYN, LTD.
1000 N. Green Valley Pkwy, Suite 440-575
Henderson, NV 89074
Tel: (702) 350-1208
dmitchell@mitchellallyn.com