**BSF** | BOIES SCHILLER FLEXNER

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

July 17, 2026

**BY ECF**

The Honorable Clay H. Kaminsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *United States v. Approximately 127,271 Bitcoin*,
       25 Civ. 5745 (RPK) (CHK)

Dear Judge Kaminsky:

We represent Claimants Chen Zhi and Prince Holding Group ("Claimants") in the above-referenced action, and write in response to the government's June 26, 2026 letter objecting to Claimants' redactions to portions of their special interrogatory responses pursuant to the Protective Order in this action. *See* ECF No. 470 (the "Objection" or "Obj.").

The Court should reject the government's attempt to transform this limited discovery dispute into a vehicle for public disclosure of sensitive information. The government's request that the Court de-designate portions of its Objection and Claimants' interrogatory responses comes after months of negotiations during which Claimants substantially and repeatedly narrowed their confidentiality designations—the vast majority of which the government does not dispute. The few redactions that the government has challenged are well within the scope of the Protective Order because they protect information that presents substantial personal safety and commercial confidentiality concerns.

*First*, personal information about the individuals designated as Mr. Chen's power of attorney should remain protected. These individuals are not claimants and did not inject themselves into this action; they are nonparty representatives placed in this situation by Mr. Chen's detention. Their identities have already been disclosed to the government, which is suffering no prejudice from the existing redactions. In contrast, unsealing their identities would expose them to potential retaliation or persecution by the very foreign authorities currently detaining Mr. Chen without due process.

Courts routinely recognize that protecting non-parties from retaliation or adverse consequences by governments is a legitimate basis for confidentiality. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008) (identifying as factor in balancing inquiry for proceeding via pseudonym "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties") (internal citation omitted); *Benitez v. U.S. Dep't of Homeland Sec.*, 2026 WL 1362431, at *4, *6–9 (E.D.N.Y. May 15, 2026) (holding that "a substantially similar standard [to *Sealed Plaintiff*] seems to govern motions to anonymize non-party declarants" and applying *Sealed Plaintiff* framework to grant pseudonymity to non-party declarants based on risk of retaliation from both government actors and the public). Considering the fact of Mr. Chen's rendition to China, and the express statements from Chinese authorities about pursuing any of his purported associates, Mr. Chen's attorneys-in-fact rightly fear they face retaliation or other persecution if publicly identified, which is precisely the kind of harm that warrants public redaction.



The Protective Order accommodates such protection by expressly covering categories of "information that the Court designates Confidential Discovery Material, after application to the Court for such designation." ECF No. 405 ¶ 2(f). That is already the law of the case: Judge Kovner approved virtually the exact same protection when she permitted claimant LuBian to seal the identity of the individual who signed its claim. *See* ECF No. 78 (LuBian's Motion to Seal); Jan. 20, 2026 Docket Order (granting Lubian's motion to seal); *see also* ECF Nos. 412 (Claimant Warp Data's motion to seal its motion to quash certain of the government's interrogatories); 411 (Warp Data's redacted memorandum of law in support of its motion to quash, attaching redacted responses and objections to special interrogatories); July 7, 2026 Docket Order (granting Warp Data's motion to seal). This is consistent with the sealing practices of this Circuit. *See Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("Foremost among the competing concerns that a court weighing disclosure must consider is 'the privacy interest of the person resisting disclosure,'" including "the privacy interests of innocent third parties") (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also Sealed Plaintiff*, 537 F.3d at 189–90 (recognizing that protecting non-parties from retaliation or adverse consequences by governments is a legitimate basis for confidentiality).

The government did not oppose LuBian's request to seal the signatory for its claim, seek reconsideration of Judge Kovner's Order granting sealing, or otherwise contend that the public had a right to know the representative's identity. Nor does the government explain why such information should remain protected while Mr. Chen's attorneys-in-fact must be publicly outed. This selective attention to disclosure is little more than an unsubtle effort to pressure Mr. Chen's representatives into abandoning his interests while he is detained.

The government's reliance on Judge Kovner's prior rulings concerning anonymous claimants is misplaced. The government argues that Judge Kovner "has already squarely rejected similar attempts to proceed anonymously in this case," Obj. at 2, citing Judge Kovner's denial of the former AWKO and HLF claimants' motions to proceed pseudonymously. But those rulings addressed whether claimants themselves could litigate anonymously while asserting claims in this action. Mr. Chen seeks nothing of the sort here. Unlike the former AWKO and HLF claimants, Mr. Chen appeared publicly in this action and his identity is fully known to the Court, the government and the public.[1] Protecting from public disclosure the names of *nonparty* representatives who signed discovery responses on Mr. Chen's behalf because he cannot personally execute them while detained by a foreign sovereign is categorically different from allowing a *claimant* to litigate behind a pseudonym. Thus, this question is far closer to Judge Kovner's prior order regarding LuBian's representative than it is to the AWKO and HLF claimants.

*Second*, the government's challenge to redactions concerning Lubian, Warp Data, and related entities is likewise without merit. The challenged designations include Claimants' nonpublic descriptions of their own relationships with Lubian and Warp Data, wallet infrastructure, cryptocurrency storage practices, business relationships, financial arrangements, and the factual basis for Claimants' asserted interests in the Defendant Cryptocurrency. This is quintessentially "[s]ensitive commercial information relating to the Producing Party's business." ECF No. 405 ¶ 2(a). That such information involves other entities does not strip it of protection.

---

[1] Neither did the AWKO and HLF claimants raise the same concerns with potential targeting by a foreign government that both LuBian and Mr. Chen's attorneys-in-fact have shown here.



Nor are these redactions unusual; they are fully consistent with the confidentiality practices already employed throughout this litigation. Warp Data publicly filed redacted special interrogatory responses in support of its motion to quash, and the government never challenged those redactions. *See* ECF No. 411-1. The government again fails to explain why substantially similar information warrants protection when submitted by other claimants, but must be publicly disclosed when contained in Claimants' responses. The only logical explanation is that here, too, the government wishes to force Mr. Chen's representatives to publicize information that could be used against them, and him, in foreign "proceedings."

The Protective Order exists to prevent sensitive information from being exposed on the public docket. That is what will happen here if the government's challenge to Claimants' confidentiality designations is upheld. The Court should deny the government's request to de-designate the challenged material and maintain the existing redactions to the government's Letter Motion and Claimants' interrogatory responses.

Thank you for your consideration.

Respectfully,

BOIES SCHILLER FLEXNER LLP

/s/
Matthew L. Schwartz
Peter M. Skinner
55 Hudson Yards
New York, New York 10001

Dan G. Boyle
2029 Century Park East, Suite 1520
Los Angeles, California 90067

*Counsel for Claimants Chen Zhi and Prince Holding Group*