**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

          Plaintiff,

          v.

APPROXIMATELY 127,271 BITCOIN ("BTC")
PREVIOUSLY STORED AT THE VIRTUAL
CURRENCY ADDRESSES LISTED IN
ATTACHMENT A, AND ALL PROCEEDS
TRACEABLE THERETO,

          Defendant *In Rem.*

Case No. 1:25-cv-05745-RPK

**STATEMENT OF INTEREST**

---

**PRINCE GLOBAL HOLDINGS LIMITED AND ITS AFFILIATED DEBTORS'**
**STATEMENT OF INTEREST**

      This Statement of Interest is made on behalf of Prince Global Holdings Limited and 29 affiliated companies (each a "Debtor" and, collectively, the "Debtors")[1] by their authorized foreign representatives (the "Authorized Foreign Representatives") in the United States, as recognized by the United States Bankruptcy Court for the Southern District of New York in proceedings under chapter 15 of the United States Bankruptcy Code, *In re Prince Global Holdings Ltd.*, No. 26-10769 (MG) (Bankr. S.D.N.Y. Apr. 8, 2026) (the "Chapter 15 Cases"). The Debtors are holding companies incorporated in the British Virgin Islands ("BVI") that own, directly or indirectly, substantial assets, properties, and operating businesses around the world associated with Mr. Chen Zhi and the "Prince Group." On January 5, 2026, the Attorney General of the BVI applied to the Eastern Caribbean Supreme Court in the BVI High Court of Justice (Commercial

---

[1]      A complete list of the Debtors and their company numbers is attached as Exhibit A.

Division) (the "BVI Court") to place the Debtors into liquidation on just and equitable and on public interest grounds and to appoint the Authorized Foreign Representatives as provisional liquidators of the Debtors on an immediate basis pending final determination of the liquidation application.  On January 9, 2026, the Authorized Foreign Representatives, James Drury, Paul Pretlove, and David Standish of Interpath Limited, were duly appointed as provisional liquidators of the Debtors by orders of the BVI Court (the "BVI Orders").[2]

The Authorized Foreign Representatives, by and through their counsel, respectfully submit this Statement of Interest to advise the Court and the parties of their appointment, authority, and interest in connection with assets alleged to be associated with Chen Zhi, the Prince Group, and the Debtors.

## I.    Appointment of the Authorized Foreign Representatives by the BVI Attorney General

The Prince Group is a transnational organization led by Chen Zhi that is alleged to have engaged in widespread criminal conduct, including human trafficking, cryptocurrency and investment-related fraud, and money laundering.  On October 14, 2025, the United States Department of Justice ("DOJ") unsealed an indictment against Chen Zhi charging him with wire fraud conspiracy and money laundering conspiracy in connection with alleged forced-labor scam compounds in Cambodia.[3]  That same day, the DOJ filed the above-captioned action seeking forfeiture of approximately 127,271 Bitcoin alleged to constitute proceeds and instrumentalities of

---

[2]    Copies of the BVI Orders are attached as Exhibit B.  Aside from the name of the Debtor corresponding to each Order, the text of each of the 30 BVI Orders is identical.

[3]    *See* Press Release, U.S. Dep't of Justice, *Chairman of Prince Group Indicted for Operating Cambodian Forced Labor Scam Compounds Engaged in Cryptocurrency Fraud Schemes* (Oct. 14, 2025), https://www.justice.gov/opa/pr/chairman-prince-group-indicted-operating-cambodian-forced-labor-scam-compounds-engaged#:~:text=The%20indictment%20and%20forfeiture%20complaint%20filed%20by,maximum%20penalty%20of%2040%20years%20in%20prison.

those schemes.[4]  Also on October 14, 2025, the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") designated the Prince Group as a transnational criminal organization and imposed sanctions on numerous individuals and entities connected to the Prince Group, including certain of the BVI entities now subject to the BVI Court's supervision.[5]

On January 5, 2026, in response to actions taken by the United States and other sovereigns against the Prince Group, the Attorney General of the BVI filed an application with the BVI Court to place the Debtors into liquidation on just and equitable and public interest grounds pursuant to sections 162(1)(b) and 162(1)(c) of the BVI Insolvency Act of 2003 (the "BVI Insolvency Act"), respectively (the "Originating Application").  Section 162(1)(c) of the BVI Insolvency Act authorizes the Attorney General of the BVI to initiate a public interest liquidation to protect the public and the integrity of the BVI as a leading financial center, and to prevent the Debtors from being used to facilitate apparent criminal misconduct.

On the same date, the Attorney General also filed an application pursuant to section 170 of the BVI Insolvency Act for the appointment of James Drury, Paul Pretlove, and David Standish of Interpath Limited as provisional liquidators of the Debtors with immediate effect, pending determination of the Originating Application (the "Provisional Liquidation Application").[6]  The appointment of the Authorized Foreign Representatives as provisional

---

[4]    *See* Verified Complaint In Rem, *United States* v. *Approximately 127,271 Bitcoin ("BTC") Previously Stored at the Virtual Currency Addresses Listed in Attachment A, and All Proceeds Traceable Thereto*, No. 1:25-cv-05745-RPK-CHK (E.D.N.Y. Oct. 14, 2025) (the "Complaint").

[5]    *See* Press Release, U.S. Dep't of the Treasury, *U.S. and U.K. Take Largest Action Ever Targeting Cybercriminal Networks in Southeast Asia* (Oct. 14, 2025), https://home.treasury.gov/news/press-releases/sb0278.

[6]    Skeleton Argument of the BVI Attorney General at 2–3, *In re Prince Global Holdings Ltd.*, No. 26-10769 (MG) (Bankr. S.D.N.Y. Apr. 8, 2026) ECF No. 4-4.

liquidators was sought, among other reasons, to displace Chen Zhi and his associates from control of the Debtors; prevent further use of the Debtors as vehicles for alleged criminal activity; locate, preserve and protect assets for the benefit of the victims of fraud and human trafficking by the Prince Group; investigate past transactions; identify potential claims against third parties; and cooperate with law enforcement agencies in furtherance of victim recovery.[7]

On January 9, 2026, the BVI Court granted the BVI Orders appointing the Authorized Foreign Representatives as provisional liquidators of each of the Debtors. The Authorized Foreign Representatives are licensed insolvency practitioners employed by Interpath Limited, an international advisory and restructuring firm with offices in, among other places, the United Kingdom, the BVI, Bermuda, Hong Kong, and the Cayman Islands. The BVI Orders confer upon the Authorized Foreign Representatives, as court-appointed officers, authority to investigate the affairs of the Debtors for the purpose of identifying, preserving, protecting, and, where necessary (and subject to BVI Court sanction), realizing assets held by or on behalf of the Debtors.[8]

Pursuant to the BVI Orders, the powers of the directors and other office holders of the Debtors were displaced and vested in the Authorized Foreign Representatives.[9] The Authorized Foreign Representatives are also empowered to take control of the business and affairs of the Debtors; act on behalf of the Debtors in legal proceedings in so far as necessary to protect the assets and information of the Debtors; retain, manage and operate bank accounts; appoint

---

[7]     *Id.* at 13, 17.

[8]     BVI Orders ¶¶ 2–3.

[9]     This was confirmed by the May 14, 2026 BVI Court Order making declarations as to the residuary powers of the directors of the Debtors. *See* BVI Court Order at 4-5, *In re Prince Global Holdings Ltd.*, No. 26-10769 (MG) (Bankr. S.D.N.Y. June 22, 2026) ECF No. 92-1.

agents and professional advisers in discharge of their duties; seek recognition of their appointment (or its equivalent) in foreign jurisdictions; gain entry to premises of the Debtors; and take possession of and preserve the books and records of the Debtors.[10]  Further, the BVI Orders grant the Authorized Foreign Representatives the rights and powers of a liquidator, as described by the BVI Insolvency Act, "to the extent necessary to maintain the value of the assets owned by the [Debtors] and to carry out the functions for which they are appointed."[11]

The Debtors include 30 BVI companies, 28 of which were designated by OFAC in connection with the October 14, 2025 actions against the Prince Group.  The remaining two Debtors, Amber Hill Ventures Limited and Lateral Bridge Global Limited, were identified in this forfeiture action as entities through which proceeds of the alleged Prince Group schemes are alleged to have flowed.[12]  The Debtors have over 80 subsidiaries and affiliated companies around the world, a number of which were also designated by OFAC.  Based on a preliminary investigation, the Authorized Foreign Representatives believe that among those subsidiaries is Prince Holding Group, a Cambodian company wholly owned by Debtor Prince Global Group Limited.  Prince Holding Group is defined as "Prince Group" in this forfeiture action and is alleged to be "one of the largest transnational criminal organizations in Asia" that operated "forced-labor scam compounds across Cambodia" and "used its vast network of seemingly legitimate business enterprises to launder" criminal proceeds under the direction of Chen Zhi.[13]

---

[10]    BVI Orders ¶ 3.

[11]    BVI Orders ¶ 2.

[12]    *See* Complaint at 7, 19–20, 24–27, 33–34.

[13]    *Id.* at 4.  In recent filings in this proceeding, counsel for Chen Zhi asserts that it also represents "Prince Holding Group," which it characterizes as an English-language associational name under which Prince Real Estate (Cambodia) Group Co., Ltd. publicly conducts business, and as the same entity referenced in the Complaint.  *See* Claimant Prince

As part of their mandate, the Authorized Foreign Representatives sought recognition of the proceedings in the BVI as a foreign main proceeding in the Chapter 15 Cases in the Southern District of New York.[14]  The Chapter 15 Cases are intended to support the BVI Court-supervised process, facilitate cooperation with United States authorities, prevent interference by persons previously associated with Chen Zhi or the Prince Group, and provide relief to enable the Debtors to identify, secure, preserve and protect assets for the benefit of legitimate creditors of the Debtors (which the Authorized Foreign Representatives understand includes victims of the alleged criminal activities).  On June 18, 2026, Chief Judge Martin Glenn entered a recognition order with an accompanying Memorandum Opinion "entrust[ing] [the Authorized Foreign Representatives] with the administration or realization of all of the Debtors' property within the . . . United States."[15] Judge Glenn further clarified that all persons and entities subject to the Bankruptcy Court's jurisdiction other than the Authorized Foreign Representatives are "enjoined and restrained from taking any actions within or outside of the United States, except with respect to the BVI Proceedings, in the name or on behalf of . . . any of the Debtors . . . [and] Debtors' controlled subsidiaries or any similar general name or designation that does not clearly refer to a specific

---

Holding Group's Objections and Responses to Plaintiff United States of America's First Set of Special Interrogatories, ECF No. 469-2; July 17, 2026 Letter from Matthew L. Schwartz to the Hon. Clay H. Kaminsky, ECF No. 478.  The Authorized Foreign Representatives take no position at this time regarding counsel's basis for that assertion, but note that, based on their preliminary investigations, the Authorized Foreign Representatives believe Prince Holding Group, as referenced in this Statement, is a distinct legal entity whose business units include, among others, Prince Real Estate (Cambodia) Group Co., Ltd.

[14]    *In re Prince Global Holdings Ltd.*, No. 26-10769 (MG) (Bankr. S.D.N.Y. Apr. 8, 2026).

[15]    Order Granting Recognition of Foreign Main Proceedings and Related Relief at 5, *In re Prince Global Holdings Ltd.*, No. 26-10769 (MG) (Bankr. S.D.N.Y. June 18, 2026), ECF No. 90.

legal entity."[16]

## II.    <u>The Debtors' Interests</u>

The Debtors, acting through the Authorized Foreign Representatives, do not submit this statement for the purpose of contesting the DOJ's forfeiture allegations.  The Debtors are mindful that the United States has well-established procedures, including remission and restoration, through which victims of criminal conduct may seek compensation from forfeited assets.  The Debtors believe it critical that all assets that may be available to compensate victims, including victims who are legitimate creditors of the Debtors, be kept in safe hands.

The Debtors' interests here arise because the Debtors and their controlled subsidiaries have substantial assets, properties, and business—*other than the assets subject to this forfeiture proceeding*—to administer for the benefit of legitimate creditors of the Debtors (which the Authorized Foreign Representatives understand potentially includes victims of the alleged criminal activities).  In the event that the Originating Application is granted and liquidators are appointed over the Debtors by the BVI Court, the Authorized Foreign Representatives anticipate that a global civil liquidation process (the "<u>Civil Law Liquidation</u>") may be required involving the Debtors, their controlled subsidiaries, and likely other related entities in order to collect and monetize available assets, pursue civil litigation claims against various parties, and distribute recoveries to legitimate creditors in a worldwide claims resolution process (subject, where necessary, to the approval of the BVI Court and other applicable courts and governmental authorities).  The Authorized Foreign Representatives believe that there may be significant overlap between the persons with legitimate claims in a potential Civil Law Liquidation and the persons with legitimate rights to compensation from the assets forfeited in this proceeding.

---

[16]    *Id.* at 6.

The Debtors also have an interest in ensuring that no one other than the Authorized Foreign Representatives purports to speak for or represent the Debtors in contravention of the authority granted to the Authorized Foreign Representatives by the BVI Court and the Bankruptcy Court.  Accordingly, the Debtors submit this statement to provide notice to the Court of the proceedings in the BVI and the Bankruptcy Court, and to inform the Court that the powers of the directors and other office holders of the Debtors have been displaced and conferred to the Authorized Foreign Representatives, who have a mandate to use their authority over the Debtors to identify, preserve, and protect assets connected to the Prince Group and Chen Zhi for the benefit of legitimate creditors of the Debtors (which the Authorized Foreign Representatives understand potentially includes the victims of the Prince Group's and Chen Zhi's alleged unlawful activities).

WHEREFORE, the Debtors respectfully submit this Statement of Interest.

Dated: July 20, 2026
      New York, New York

Respectfully submitted,

*/s/ Sharon Cohen Levin*
Andrew G. Dietderich
Sharon Cohen Levin
Christopher J. Dunne
Jacob M. Croke
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile:  (212) 558-3588
Email:   dietdericha@sullcrom.com
       levinsc@sullcrom.com
       dunnec@sullcrom.com
       crokej@sullcrom.com

*Counsel to the Authorized Foreign Representatives*

-8-

**Certificate of Service**

I, Sharon Cohen Levin, declare under penalty of perjury that a true and correct copy of the foregoing Statement of Interest was served via electronic mail on all counsel of record for this case on July 20, 2026.

/s/ *Sharon Cohen Levin*
Sharon Cohen Levin