

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM:ADR                                    *271 Cadman Plaza East*
F. #2024R00105                             *Brooklyn, New York 11201*


July 24, 2026

By ECF

The Honorable Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Approximately 127,271 Bitcoin
>        Civil Docket No. 25-5745 (RPK) (CHK)

Dear Judge Kaminsky:

The government respectfully submits this letter in further support of its objections to the designation of certain information as Confidential Discovery Material by claimants Chen Zhi ("Chen") and Prince Holding Group ("Prince Group"). *See* ECF No. 470 ("Gov. Objections"). For the reasons set forth in that submission, certain of the designations are improper and the Court should direct that the redacted information be unsealed. Contrary to counsel's assertions, *see* ECF No. 479 ("BSF Letter"), the government has not taken inconsistent positions with respect to confidentiality designations.

*First*, counsel argues that the government's objection to sealing the names of Chen's alleged attorneys-in-fact is inconsistent with its position on claimant Lubian's sealing of the identity of the signatory to its claim. Of course, Lubian's sealing motion, *see* ECF No. 78, was submitted *ex parte* and under seal and granted by the Court the following day. The government had no opportunity to review or take any position at all on that motion and does not know the bases for whatever requests were made in it (as Boies Schiller apparently does).

*Second*, counsel argues that the government has taken a different position on designations by Chen and Prince Group than it did on designations by Warp Data. Again, this is incorrect. As the government wrote in its initial letter objecting to Chen's and Prince Group's designations, "the government limit[ed] its objections to designated information that is referenced, and thus currently redacted, in the government's motion to compel. The government reserves the right to make additional objections to other designations in Chen's and Prince Group's interrogatory responses should they be referenced in future filings." Gov. Objections at 1 n.2. The government took the same approach with Warp Data, however neither Warp Data's nor the government's briefs litigating Warp Data's Rule G(6) compliance contained any redacted information. Should that change in future filings, the government will provide its position on any redactions to the Court, pursuant to the Protective Order.

In the meantime, there remains no basis for Chen's and Prince Group's counsel to redact information about Lubian's role in their "cryptocurrency storage practices." BSF Letter at 2. Nor does any of the redacted information speak to any "business relationships" or "financial arrangements" with Lubian as counsel claims, BSF Letter at 2, despite the government's requests for that very information. And to the extent the redacted information reveals "the factual basis for [Chen's and Prince Group's] asserted interests in the Defendant Cryptocurrency," *id*., that is not by itself a basis to designate it as "sensitive commercial information" under the Protective Order. To the contrary, that provides all the more reason to make it viewable by the public and by other claimants in this action. Tellingly, counsel provides no authority for that unusual position.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   /s/ _____
Alexander F. Mindlin
Andrew D. Reich
Benjamin Weintraub
Alessandra V. Rafalson
Tanisha R. Payne
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

cc:    Clerk of Court (CHK)
Counsel of Record

2