

King & Spalding LLP
50 California Street
Suite 3300
San Francisco, CA 94111

T: +1 415 318 1200
F: +1 415 318 1300

kslaw.com

**Matthew Noller**
*Counsel*

T: +1 415 318 1242

mnoller@kslaw.com

July 27, 2026

**Via CM/ECF**

The Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East - Room 517 North
Brooklyn, NY 11201

> Re:    *United States of America v. Approximately 127,271 bitcoin (BTC) previously stored at the virtual currency addresses listed in Attachment A, and all proceeds traceable thereto*, No. 1:25-cv-05745-RPK-CHK

Dear Judge Kovner:

I represent the Owens Victims, who are victims of state-sponsored terrorism that have obtained final judgments against the Islamic Republic of Iran, including under 28 U.S.C. § 1605A and its predecessor statute, 28 U.S.C. § 1605(a)(7).  The Owens Victims collectively hold judgments totaling $3,651,185,548.66, which include $1,127,438,601.27 in compensatory damages.[1]

I write to respectfully request an extension of time for the Owens Victims to file their attached verified claims to the Defendant Cryptocurrency at issue in this action.

Generally, a "motion to file a late claim against seized property is 'governed by the excusable neglect standard of'" Federal Rule of Civil Procedure 6.  *United States v. Real Prop. & Premises Located at 26421 Riverrock Way, Santa Clarita, Cal. 91350-3995*, 2025 WL 1291658, at *4 (E.D.N.Y. May 5, 2025) (quoting *United States v. Starling*, 76 F.4th 92, 100 (2d Cir. 2023)).  But as this Court noted in this action, in an *in rem* forfeiture action, the Court may "for good cause set[] a different time by which a claimant may contest the forfeiture by filing a claim."  *United*

---

[1] *See Owens v. Republic of Sudan*, No. 1:01-cv-02244 (D.D.C. Nov. 28, 2011), ECF 214; *Mwila v. Islamic Republic of Iran*, No. 1:08-cv-01377 (D.D.C. Nov. 30, 2011), ECF 30; *Khaliq v. Republic of Sudan*, No. 1:10-cv-00356 (D.D.C. Nov. 30, 2011) ECF 25; *Taitt v. Islamic Republic of Iran*, No. 1:20-cv-01557 (D.D.C. Mar. 16, 2023), ECF 21; *Gunn v. Islamic Republic of Iran*, No. 1:21-cv-01187 (D.D.C. Aug. 2, 2024), ECF 46.

*July 27, 2026*
*Page 2 of 2*

*States v. Approximately 127,271 bitcoin previously stored at virtual currency addresses listed in Attachment A*, 2025 WL 3652955, at *1 (E.D.N.Y. Dec. 11, 2025) (quotation marks omitted). Further, "[n]umerous courts have held—in the analogous context where the Court extended the deadline for a late-filed claim—that where putative claimants have placed the court and the government on notice of their interest in the property and their intent to contest the forfeiture, courts will grant extensions of time, recognizing both the good-faith effort put forth and the lack of prejudice to the government under such circumstances." *Id.* (quotation marks omitted).

The Owens Victims only recently became aware of this forfeiture action and the allegations in *Fritz v. Iran & China Investment Development Group*, No. 1:25-cv-07093 (E.D.N.Y.). Moreover, despite Rule G(5)'s requirements that it do so, the Government did not provide the Owens Victims any direct notice of the action despite being aware of the interests of victims of Iranian terrorism, including specifically the interests of the Owens Victims who are approved claimants of the DOJ-administered United States Victims of State Sponsored Terrorism Fund. *See also* Fed. R. Civ. P. G(4)(b)(i) (requiring that "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)"). As a result, none of the Owens Victims received direct notice of this forfeiture action.

The Owens Victims acted promptly upon becoming aware of their potential interest in the action, and no other parties will be prejudiced by allowing the Owens Victims to file their claims. That is because the Court has not yet adjudicated the substantive issues in this action and the Government has received timely notice.

Finally, including under the Terrorism Risk Insurance Act, the Owens Victims have the right to attach and execute on the property of Iran and its agencies and instrumentalities—including Iran-China Group—"[n]otwithstanding any other provision of law." Pub. L. No. 107-297 § 201(a), 116 Stat. 2322 (2002) (codified as 28 U.S.C. § 1610 (note)). Thus, the Owens Victims have an interest in as much of the Defendant Cryptocurrency as may be necessary to satisfy their outstanding compensatory damages judgments against Iran, plus post-judgment interest, which interest is superior to that of the U.S. Government.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Matthew V.H. Noller*
Matthew V.H. Noller

*Counsel for Owens Claimants*

cc: All Counsel of Record via CM/ECF