**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendant, *In Rem*. | Civil Action No. 1:25-cv-05745 (RPK) |

**VERIFICATION OF THE ADDITIONAL *O'NEILL* CLAIMANTS' CLAIMS**

JERRY S. GOLDMAN, Esq., an attorney duly licensed to practice law before the Courts of the State of New York and this Court, declares under penalties of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a shareholder of the law firm Anderson Kill P.C., 7 Times Square, 15th Floor, New York, NY 10036.

2.      All statements in this verification are within my personal knowledge and reflected in the official dockets of this court and the United States District Court for the Southern District of New York.

3.      I make this declaration on behalf of the Additional *O'Neill* Claimants, as identified on annexed Exhibit 1.

4.      This Verified Claim supplements and relates back to the Verified Claim and associated documents submitted by the *O'Neill* Claimants. *See* ECF Nos. 66, 69-70 (original claim asserted by the *O'Neill* Claimants); *see also* ECF Nos. 160, 162-63 (9/11 Claimants' Amended Claim); *see also* ECF Nos. 258, 259-260 (*O'Neill* Claimants' Supplemental Claim).

DOCS-100917791.2

5.    I represent the *O'Neill* Claimants and the Additional *O'Neill* Claimants in this action, and in actions consolidated into the multidistrict litigation, *In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-1570 (GBD)(SN)(S.D.N.Y.) (the "9/11 MDL").

6.    On June 1, 2026, the Additional *O'Neill* Claimants were awarded compensatory damages judgments totaling $120,750,000.00, exclusive of interest, under 28 U.S.C. § 1605A against the Islamic Republic of Iran ("Iran") for its role in sponsoring the 9/11 Attacks.

7.    Attached hereto as Exhibit 1 is a verified list of the Additional *O'Neill* Claimants, the amount of compensatory damages awarded to such claimant, and the date and ECF No. of such judgment.

8.    The compensatory damages judgments identified in annexed Exhibit 1 are in the process of being served on Iran.

9.    As detailed in a related action pending in this Court, entitled *Fritz v. Iran & China Investment Development Group*, No. 1:2025-cv-07093 (E.D.N.Y.) (the "*Fritz* Action"), the 127,271 Bitcoin that constitute the Defendant Cryptocurrency in the instant action belong to the Iran and China Investment Development Group ("Iran-China Group"), doing business as Lubian.com or LuBian. *See Fritz* Action, ECF No. 70. The Iran-China Group is an agency or instrumentality of Iran. Accordingly, its assets are blocked by operation of U.S. law. *See* Executive Order No. 13599, 77 Fed. Reg. 6659, 6659 (Feb. 5, 2012).

10.    To preserve the Additional *O'Neill* Claimants' ability to pursue execution and turnover of the 127,271 Bitcoin—which constitute the Defendant Cryptocurrency in this action— on behalf of the Additional *O'Neill* Claimants pursuant to N.Y. CPLR 3020(d), I hereby notice and verify the claim of the Additional *O'Neill* Claimants against the Defendant Cryptocurrency. Because the Terrorism Risk Insurance Act ("TRIA") allows victim of terrorism with judgments

DOCS-100917791.2

against state sponsors of terrorism to pursue execution and turnover against blocked assets of those terrorist states or their agents or instrumentalities—including such assets that have been "seized" by the U.S. government—"notwithstanding the any other provision of law," TRIA § 201(a), I hereby notice and verify the Additional *O'Neill* Claimants' claim (as supplementing the *O'Neill* Claimants' claim, and thus as part of the 9/11 Claimants' claim) superior interest in so much of the Defendant Cryptocurrency as may ultimately be necessary to satisfy the outstanding compensatory damages owed to the 9/11 Claimants on their judgments against Iran, plus pre- and post-judgment interest.

I declare under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated:    New York, New York
          July 31, 2026

/s/ *Jerry S. Goldman*
Jerry S. Goldman, Esq.

3