CAHILL GORDON & REINDEL LLP

32 OLD SLIP
NEW YORK, NY 10005

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

900 16th STREET, N.W. Suite 500       221 W. 10th STREET          20 FENCHURCH STREET
WASHINGTON, DC 20006           WILMINGTON, DE 19801          LONDON EC3M 3BY
(202) 862-8900                (302) 884-0000            +44 (0) 20 7920 9800

August 10, 2026

BY ECF AND ELECTRONIC MAIL
The Honorable Rachel P. Kovner
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *United States* v. *Approximately 127,271 Bitcoin*, No. 25 Civ. 5745
Letter to Judge Kovner re: Pre-Motion Request

Dear Judge Kovner,

We write on behalf of claimants Tiger Mines New York Inc. ("Tiger Mines") and Hassan Miah, pursuant to Rule IV.A of the Court's Individual Rules, to request a pre-motion conference in connection with Tiger Mines' anticipated motion—under Supplemental Rule ("Supp. R.") G(5)(a)(ii) and Federal Rules of Civil Procedure ("Rules") 6(b)(1)(B), 15(a)(2) and 15(c)— seeking (1) *nunc pro tunc* acceptance of Mr. Miah's original *pro se* Verified Claim and Answer and (2) leave to file an Amended Verified Claim and Amended Answer that relate back to those original *pro se* filings. Consistent with the relief granted to other claimants and Rule IV.A.5, we respectfully submit that the Court may construe this letter and its enclosures as the motion itself and grant the requested relief without further briefing.[1]

**Procedural Background**

The Government commenced this *in rem* action on October 14, 2025, seeking forfeiture of approximately 127,271 Bitcoin at the twenty-five virtual currency addresses in Attachment A to the Verified Complaint (the *"Defendants In Rem"*), ECF No. 1. The Court extended the claim-filing deadline to December 29, 2025 generally, and to January 19, 2026 for claimants Chen Zhi and Warp Data Technology Lao Sole Co., Ltd. ("Warp Data"). December 11, 2025 Order; *see also* December 18 and 29, 2025 Orders. Mr. Miah received no direct notice, first learned of this action in late fall of 2025, and *pro se* filed a Verified Claim and Letter Motion for Extension of Time *Nunc Pro Tunc* on January 19, 2026 and an Answer on January 21, 2026. ECF Nos. 84, 103.

---

[1] Along with the enclosed proposed Amended Verified Claim, the proposed Amended Answer, the supporting Declaration of Hassan Miah ("Miah Decl."), and a proposed order, we refer to text-only docket entries reflecting the Court's December 11, 2025, December 18, 2025, December 29, 2025, and January 5, 2026 orders granting other claimants' requests for extensions of time to file claims.

CAHILL GORDON & REINDEL LLP

-2-

After unrelated *pro se* grand jury subpoena-related motion practice resolved by the Magistrate Judge's April 8, 2026 Order, Mr. Miah retained undersigned counsel.

### *Pioneer* Warrants Acceptance of Mr. Miah's *Pro Se* Filings *Nunc Pro Tunc*

Supp. R. G(5)(a)(ii) ("good cause") and Rule 6(b)(1)(B) ("excusable neglect") are governed by the four-factor analysis of *Pioneer Investment Services Co.* v. *Brunswick Associates*, 507 U.S. 380, 395 (1993). *See also Silivanch* v. *Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (holding that *Pioneer*'s "more liberal" definition of excusable neglect applies beyond the bankruptcy context in which it originated). *Pioneer* permits this Court to accept Mr. Miah's *pro se* filings *nunc pro tunc* upon showing that (i) the Government would not suffer prejudice from his filings *nunc pro tunc*, (ii) the delay was short and had no adverse impact on the proceedings, (iii) the delay was beyond Mr. Miah's control, and (iv) Mr. Miah acted in good faith. *See Pioneer*, 507 U.S. at 395.

Each of the Pioneer factors favors Mr. Miah. First, the Government suffers no prejudice: the *Defendants In Rem* remain in United States custody ("no risk of asset flight," December 11, 2025 Order). Second, the delay was short—twenty-one days. Further, this delay did not adversely impact the proceedings, as it did not disturb the scheduling order. Third, the reason for the delay was beyond Mr. Miah's control: Mr. Miah received no direct notice, first learned of this action in late fall of 2025, and consulted multiple attorneys whose advice was inconsistent, confusing, and, in at least one instance, came from counsel with a pre-existing relationship with others claiming the same property. He also faced difficulties identifying his specific interest among the *Defendants In Rem*—the same difficulty the Court credited for other claimants—because Chen Zhi never provided the wallet-identifying information. He nonetheless filed *pro se* and promptly retained counsel thereafter. *See* Miah Decl. ¶¶ 49–50, 55. Mr. Miah acted in good faith at all times, thereby satisfying *Pioneer*'s fourth and final factor.

Finally, this Court has already found good cause to excuse comparable delay by other claimants. By its December 11, 2025 Order, the Court extended the deadline for Chen Zhi and Warp Data, finding "good cause" based on their good-faith effort, absence of asset-flight risk or prejudice, and the difficulty claimants face in identifying their specific interests in the seized cryptocurrency. These same considerations apply with even more force to Mr. Miah, who received no direct notice from the government and filed on the extended deadline allowed for other claimants. The Court also afforded *nunc pro tunc* relief to *pro se* claimant Ath Leepinyo by its January 5, 2026 Order to extend his time to file an answer.[2] Mr. Miah seeks comparable relief: *nunc pro tunc* acceptance of his *pro se* claim and answer, and leave to file the enclosed counseled, Rule G-compliant pleadings.

---

[2] The Government has since moved to strike Leepinyo's filings on grounds unrelated to timeliness. *See* ECF No. 197. That motion, which remains pending, does not bear on the relief sought here: unlike Leepinyo, Mr. Miah seeks leave to file Rule G-compliant amended pleadings that cure any deficiency in his original *pro se* submissions.

CAHILL GORDON & REINDEL LLP

-3-

**The Amended Pleadings Relate Back to Mr. Miah's Original *Pro Se* Filings**

Once the Court accepts Mr. Miah's *pro se* filings *nunc pro tunc*, the Court should allow Mr. Miah to submit amended pleadings on behalf of Tiger Mines that relate back to his initial claim under Rule 15(c). ***The amendments arise from the same transaction.*** Rule 15(c)(1)(B) permits relation back where the amended pleading "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The Amended Verified Claim asserts an interest in the identical property and rests on the identical transaction: Chen Zhi's September 18, 2024 assignment to Tiger Mines. The amended pleadings supply the precision Supp. R. G(5) requires, but there is no new property, transaction, or theory.

Moreover, an amendment adding a party relates back where the added and original parties share an identity of interest such that the opposing party had notice and will not be prejudiced. *Advanced Magnetics, Inc.* v. *Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997). Mr. Miah is Tiger Mines' sole owner and principal and filed his *pro se* claim asserting ownership of the very property Tiger Mines now claims. The amendment only corrects the claim to name the entity through which Mr. Miah holds that interest. The Government has been on notice since at least January 19, 2026 and cannot claim surprise or prejudice—particularly with the *res* in its custody.

**The Amended Verified Claim Is Legally Sufficient, and Amendment Would Not Be Futile**

Leave to amend is freely given absent undue delay, bad faith, prejudice, or futility. *Foman* v. *Davis*, 371 U.S. 178, 182 (1962). None are present here. ***The Amended Verified Claim satisfies Supp. R. G(5)(a)(i).*** It identifies the specific property—the *Defendants In Rem*—by alphanumeric address; states the nature and basis of the interest (ownership through Chen Zhi's September 18, 2024 assignment for value); and is verified under 28 U.S.C. § 1746. A claimant need only allege a "facially colorable interest" to contest a forfeiture. *United States* v. *$557,933.89*, 287 F.3d 66, 79 (2d Cir. 2002). An assignment for value confers a cognizable ownership interest; the absence of cryptographic key custody does not defeat legal title. Whether the property is ultimately forfeitable, and whether Tiger Mines is a *bona fide* purchaser under 18 U.S.C. § 983(d)(3) is a merits question, not grounds to deny leave to amend. Supp. R. G reinforces this: claims are stricken "only if [the court] is satisfied that an opportunity should not be afforded to cure the defects." Fed. R. Civ. P. Supp. R. G advisory committee's note to 2006 amendment. The Amended Verified Claim is precisely the amendment the rule contemplates, and the Amended Answer perfects Mr. Miah's *pro se* answer by responding to the Verified Complaint through counsel.

\*　　　　\*　　　　\*

For the foregoing reasons, claimants respectfully request an order (1) accepting *nunc pro tunc* Mr. Miah's original *pro se* Verified Claim and Answer, and (2) granting leave to file the enclosed Amended Verified Claim and Amended Answer, which relate back to the original filings. The Court may grant this relief on the papers or, in the alternative, schedule a pre-motion conference.

CAHILL GORDON & REINDEL LLP

-4-

Respectfully submitted,

By:   */s/ Samson A. Enzer*
      Samson A. Enzer
      Kiersten A. Fletcher
      **CAHILL GORDON & REINDEL LLP**
      32 Old Slip
      New York, NY 10005
      Telephone: 212-701-3125
      SEnzer@cahill.com
      KFletcher@cahill.com

      *Attorneys for Claimants Hassan*
      *Miah and Tiger Mines New York Inc.*

Encls.
cc:    All counsel of record (via ECF)