**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants *In Rem*. | 1:25-cv-05745 (RPK) (CHK) |

## AMENDED VERIFIED CLAIM AND STATEMENT OF INTEREST OR RIGHT IN PROPERTY SUBJECT TO FORFEITURE *IN REM*

Pursuant to Rule G(5)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), Claimants Tiger Mines New York Inc. ("Tiger Mines") and Hassan Miah (together with Tiger Mines, the "Claimants") hereby file this Amended Verified Claim and Statement of Interest or Right in Property Subject to Forfeiture *In Rem*, pursuant to the contemporaneously-filed pre-motion letter. Claimants appear through their counsel, Cahill Gordon & Reindel LLP, and state as follows:

1. Mr. Miah is a resident of Glen Head, New York. He holds a Bachelor of Business Administration in Accounting from the University of Michigan and a Master's in Business Administration from Stanford University's Graduate School of Business, and is a former partner at KPMG who has spent much of his career advising on financial, accounting, and digital-asset

matters.  Mr. Miah is the sole owner and principal of Tiger Mines, a New York corporation through which he holds his interest in the Defendant Property (as defined below).

2.    Pursuant to Supplemental Rule G(5)(a)(i), Tiger Mines asserts a direct and legally cognizable ownership interest in the cryptocurrency identified at the twenty-five (25) virtual currency addresses listed in Attachment A to the Government's Verified Complaint (ECF No. 1), together with all proceeds traceable thereto (the "Defendant Property"); Mr. Miah, as the sole owner and principal of Tiger Mines, holds his interest in the Defendant Property through Tiger Mines.  Those addresses are:

(1) 3Pja5FPK1wFB9LkWWJai8XYL1qjbqqT9Ye;

(2) 3FrM1He2ZDbsSKmYpEZQNGjFTLMgCZZkaf;

(3) 3B1u4PsuFzww1P8if5jYmitXxpMs2EMSqt;

(4) 3JJ8b7voMPSPChHazdHkrZMqxC7Cb4vNk2;

(5) 3PWNGS2357TnjRX7FpewqR3e3qsWwpFrJH;

(6) 34Jpa4Eu3ApoPVUKNTN2WeuXVVq1jzxgPi;

(7) 338uPVW8drux5gSemDS4gFLSGrSfAiEvpX;

(8) 3J4sTPyD1g6KvNUSJxjwLs4iaPeDPqxUZr;

(9) 33uEsaGLcF9H46Dvzx1kMnuMCQ13ndkAjV;

(10) 3KabDvdetZXDHNm9HXowLc9SppiSXKn7UU;

(11) 38Md7BghVmV7XUUT1Vt9CvVcc5ssMD6ojt;

(12) 3GaB3nRWA1PLc3XQkkbpVtFwYYZEuMxD4i;

(13) 32i6n2vXhjvJg1vniURFy7A5VK6eG6oDgg;

(14) 3HuUiXmKN3beQSoM97kWjK1fesWWJvKvaZ;

(15) 34MFtk9iMxYcUPZWXHfiGfqz4o7X3kpJbV;

2

(16) 3LjTXe31gepN8nW3AZyKpyD2QwbtmfjNwm;

(17) 3MHa8JJ3bu8j3x3iQHhqsrZvk1EjBQmC78;

(18) 3AWpzKtkHfWsiv9RGXKA3Z8951LefsUGXQ;

(19) 34KYo7VdVr5CJ7m4hYhH9RpwqXhbsTrw4T;

(20) 3DdFSGcXaP2rZ9CaL3tjnqRARvQ5K3VW4a;

(21) 39B6oSa58qNpFMGpuowtRHAYp3fM4ghXRq;

(22) 3NmHmQte2rP8pS54U3B8LPYQKkpG1pFF69;

(23) 3BA3PEF4BMoy9y3kdMRUdMhL8Gp24vikhF;

(24) 389JrNcn8trYgYi2EtHi4X7bTCqtVbep86; and

(25) 339khCuymVi4FKbW9hCHkH3CQwdopXiTvA.

This is the property in which Claimants assert their interest.

3. As set forth in the attached Declaration of Hassan Miah dated August 7, 2026 (the "Miah Declaration"), Tiger Mines is the legal and beneficial owner of the Defendant Property by virtue of an assignment from Chen Zhi to Tiger Mines on or about September 18, 2024. Mr. Miah, as the sole owner of Tiger Mines, holds his interest in the Defendant Property through Tiger Mines.

4. Prior to the assignment of the Defendant Property, Chen Zhi had assigned to Tiger Mines two wallets previously frozen by Tether Holdings Limited ("Tether Holdings"). Tiger Mines initially worked to unfreeze the wallets through negotiation, but ultimately commenced litigation against Tether Holdings in the Southern District of New York on August 2, 2024. Tiger Mines and Tether Holdings then engaged in settlement negotiations. In consideration for the assignment of the Defendant Property, Mr. Miah and Tiger Mines agreed to (i) execute the settlement agreement with Tether Holdings on terms acceptable to Tether Holdings, including relinquishing an approximately $50 million damages claim that Tiger Mines had against Tether

3

Holdings arising from the frozen Tether wallets, so that the settlement could close; and (ii) accept the personal indemnity exposure to Tether Holdings that Mr. Miah assumed under that settlement. The relinquishment of Tiger Mines' approximately $50 million damages claim constituted the value given in exchange for the Defendant Property, which Tiger Mines acquired after the conduct alleged to give rise to forfeiture and without knowledge or reasonable cause to believe that the property was subject to forfeiture, rendering Tiger Mines a *bona fide* purchaser for value under 18 U.S.C. § 983(d)(3).

5. The assignment conveyed to Tiger Mines Mr. Chen's full legal and beneficial ownership interest in the cryptocurrency wallets Mr. Chen described as the "Lubian wallets"—a shorthand label Mr. Chen used to refer to a broader set of his mining-derived Bitcoin holdings, and not solely wallets associated with the Lubian mining pool. The wallets so assigned are the same wallets the Government now seeks to forfeit in this action. As set forth in detail in the Miah Declaration, Claimants' interest in the Defendant Property is further supported by the execution of the Tether settlement agreement on Mr. Chen's terms, the forbearance from pressing Tiger Mines' damages claim against Tether Holdings, Mr. Miah's January 2025 conversations with Mr. Chen regarding the wallet information, and the independent confirmations Ms. Tan, Mr. Miah's spouse, received from Mr. Chen's associates Qianjiang Wei (also known as "William Wei") and Yun Zhou (also known as "Sandy") in early November 2025 acknowledging Tiger Mines' ownership of the wallets.

6. This Amended Verified Claim is filed pursuant to the contemporaneously-filed pre-motion letter which, under Supplemental Rule G(5)(a)(ii) and Federal Rules of Civil Procedure 6(b)(1)(B), 15(a)(2), and 15(c), seeks (1) *nunc pro tunc* acceptance of Mr. Miah's original *pro se* Verified Claim and Answer and (2) leave to file the Amended Verified Claim and Amended

4

Answer.  On January 19, 2026, Mr. Miah filed a *pro se* Verified Claim (ECF No. 84) asserting his interest in the Defendant Property, and the claim asserted herein by Tiger Mines shares an identity of interest with, and relates back to, that filing.  The Amended Verified Claim submitted herewith cures the procedural and substantive deficiencies in the original *pro se* filing.

7.       Claimants reserve all rights and remedies available in law and equity to defend their interest in the Defendant Property.

## VERIFICATION

I, Hassan Miah, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.       I am a Claimant in this action and the sole owner and principal of Claimant Tiger Mines New York Inc., and I am authorized to make this verification on behalf of Tiger Mines.

2.       I have read the foregoing Amended Verified Claim and verify that all of the factual allegations contained herein are true and correct to the best of my knowledge.

Dated: August 10, 2026

/s/ *Hassan Miah*
Hassan Miah, individually and as sole owner of Tiger Mines New York Inc.

Respectfully submitted,

/s/ *Samson A. Enzer*
Samson A. Enzer
Kiersten A. Fletcher
**CAHILL GORDON & REINDEL LLP**
32 Old Slip
New York, NY 10005
Telephone: 212-701-3125
SEnzer@cahill.com
KFletcher@cahill.com

*Attorneys for Claimants Hassan Miah and Tiger Mines New York Inc.*

5