**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>                    Defendants *In Rem*. | 1:25-cv-05745 (RPK) (CHK) |

### <u>CLAIMANTS TIGER MINES NEW YORK INC. AND HASSAN MIAH'S AMENDED ANSWER TO VERIFIED COMPLAINT *IN REM*</u>

Pursuant to Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), Claimants Tiger Mines New York Inc. ("Tiger Mines") and Hassan Miah (together with Tiger Mines, the "Claimants") hereby answer the Government's Verified Complaint *In Rem*, dated October 14, 2025 (ECF No. 1). Tiger Mines is the assignee and owner of the cryptocurrency identified at the twenty-five (25) virtual currency addresses listed in Attachment A to the Government's Verified Complaint *In Rem*, together with all proceeds traceable thereto (the "Defendant Property"), and Mr. Miah, as the sole owner and principal of Tiger Mines, holds his interest therein through Tiger Mines. This Amended Answer is filed pursuant to the contemporaneously-filed pre-motion letter which, under Supplemental Rule G(5)(a)(ii) and Federal Rules of Civil Procedure 6(b)(1)(B), 15(a)(2), and 15(c), seeks (1) *nunc pro tunc* acceptance of Mr. Miah's original *pro se* Verified Claim and Answer and (2) leave to file the Amended Verified Claim and Amended Answer. On January 21, 2026, Mr. Miah filed a *pro*

1

*se* Answer (ECF No. 103), and this Amended Answer relates back to that filing under Federal Rule of Civil Procedure 15(c).  Claimants respond to the allegations in the Verified Complaint as follows:

### NATURE OF THE ACTION

1.      Claimants admit that this is a civil action *in rem* concerning the above-captioned defendant property.  Claimants deny that the United States has any right, title, or interest in the Defendant Property that is superior to the right, title, or interest of Claimants in the Defendant Property.

2.      Paragraph 2 contains legal conclusions to which no response is required.  To the extent a response is required, Claimants deny that any of the authorities referenced in Paragraph 2 confer on the United States any right, title, or interest in the Defendant Property that is superior to the right, title, or interest of Claimants in the Defendant Property.

### JURISDICTION AND VENUE

3.      Paragraph 3 contains jurisdictional and legal conclusions to which no response is required.  To the extent a response is required, Claimants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4.      Paragraph 4 contains jurisdictional and legal conclusions to which no response is required.  To the extent a response is required, Claimants lack knowledge sufficient to admit or deny the allegation that acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

### THE DEFENDANTS *IN REM*

5.      Claimants admit that the Defendant Property is the approximately 127,271 Bitcoin that was once stored at the addresses listed in Attachment A to the Verified Complaint.  Claimants

deny any characterization of the Defendant Property that is inconsistent with Tiger Mines' ownership interest therein. Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 5.

6.     Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 6.

## RELEVANT STATUTES AND REGULATIONS

### A. Wire Fraud

7.     Paragraph 7 characterizes a statute that speaks for itself, and no response is required.

8.     Paragraph 8 characterizes a statute that speaks for itself, and no response is required.

### B. Money Laundering

9.     Paragraph 9 characterizes a statute that speaks for itself, and no response is required.

10.     Paragraph 10 characterizes a statute that speaks for itself, and no response is required.

11.     Paragraph 11 characterizes a statute that speaks for itself, and no response is required.

12.     Paragraph 12 characterizes and purports to quote a statute that speaks for itself, and no response is required.

### C. Forfeiture Statutes

13.     Paragraph 13 characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, Claimants deny that any of the authorities referenced

3

in Paragraph 13 confer on the United States any right, title, or interest in the Defendant Property that is superior to the right, title, or interest of Claimants in the Defendant Property.

14.    Paragraph 14 characterizes a statute that speaks for itself, and no response is required.  To the extent a response is required, Claimants deny that any of the authorities referenced in Paragraph 14 confer on the United States any right, title, or interest in the Defendant Property that is superior to the right, title, or interest of Claimants in the Defendant Property.

## FACTS

### A.  Introduction

15.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 15.

### B.  Relevant Individuals and Entities

16.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 16, including subsections (a) through (y).

### C.  Relevant Terms and Definitions

17.    Claimants admit the allegations in: (1) the first sentence in subsection 17(d); (2) the first sentence in subsection 17(e); (3) the first sentence in subsection 17(f); (4) subsection 17(h); (5) the first two sentences in subsection 17(i); and (6) the first sentence in subsection 17(j). Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 17, including subsections (a) through (c), (g), (k) and (l), as well as the remaining sentences in subsections (d) through (f), (i), and (j).

### D.  The Criminal Schemes

#### i.  Background

4

18. Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 18.

19. Paragraph 19 purports to quote a document that speaks for itself, and no response is required. Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 19.

20. Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 20.

### ii. The Fraud Schemes

21. Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 21.

#### a. The Scam Compounds

22. Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 22.

23. Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 23.

24. Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 24.

25. Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 25.

26. Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 26.

#### b. Use of Bribes and Violence in Furtherance of the Schemes

27.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 27.

28.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 28.

29.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 29.

30.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 30.

31.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 31.

c.  The Brooklyn Network

32.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 32.

33.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 33.

34.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 34.

35.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 35.

36.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 36.

37.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 37 and Footnote 2.

### iii.  The Money Laundering Schemes

38.     Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 38.

39.     Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 39.

40.     Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 40 and Footnote 3.

41.     Footnote 4 purports to quote a document that speaks for itself, and no response is required.  Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 41.

42.     Claimants admit that the Lubian mining operation produced bitcoin through cryptocurrency mining operations.  Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 42.

43.     Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 43 and Footnote 5.

### E.  The Defendants *In Rem*

44.     Claimants admit that the government is seeking to forfeit Bitcoin that was stored at the twenty-five cryptocurrency addresses identified in the table following Paragraph 44.  Claimants deny that the table following Paragraph 44 describing the twenty-five cryptocurrency addresses as "Chen Wallets" is accurate, to the extent the term "Chen Wallets" implies that all of the Defendant Property belonged to Mr. Chen at the time of the government's seizure.  Mr. Chen assigned his ownership interests in the twenty-five cryptocurrency addresses identified in the table following

7

Paragraph 44 to Tiger Mines on or about September 18, 2024.  Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 44 and Footnotes 6 and 7.

45.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 45 and Footnote 8.

46.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 46 and the following table.

47.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 47 and Footnote 9, including subsections (a) through (m).

48.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 48.

49.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 49.

50.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 50.

51.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 51.

52.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 52.

53.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 53.

54.    Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 54.

55. Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 55, including subsections (a) through (g).

56. Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 56.

57. Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 57.

58. Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 58.

**F.  Criminal and Regulatory Actions**

59. Claimants admit that the indictment charging Mr. Chen was unsealed on October 14, 2025. Claimants further admit that, on October 14, 2025 as well, the Prince Group Transnational Criminal Organization was designated by the United States Department of Treasury's Office of Foreign Assets Control ("OFAC") and Prince Holding Group and many of its affiliates were placed on the Specially Designated Nationals and Blocked Persons List. Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 59.

**FIRST CLAIM FOR RELIEF**
**(Proceeds Traceable to Wire Fraud)**

60. Claimants incorporate and reallege each and every response to Paragraphs 1 through 59 set forth above as though set forth in full here.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Claimants deny that any of the allegations in Paragraph 61 confer on the United States any right, title, or interest in the Defendant Property that is superior to the right, title, or interest of Claimants in the Defendant Property.

9

62.    Paragraph 62 contains legal conclusions to which no response is required.  To the extent a response is required, Claimants deny that any of the allegations in Paragraph 62 confer on the United States any right, title, or interest in the Defendant Property that is superior to the right, title, or interest of Claimants in the Defendant Property.

## SECOND CLAIM FOR RELIEF
### (Property Involved in Money Laundering)

63.    Claimants incorporate and reallege each and every response to Paragraphs 1 through 62 set forth above as though set forth in full here.

64.    Paragraph 64 contains legal conclusions to which no response is required.  To the extent a response is required, Claimants deny that any of the allegations in Paragraph 64 confer on the United States any right, title, or interest in the Defendant Property that is superior to the right, title, or interest of Claimants in the Defendant Property.

65.    Paragraph 65 contains legal conclusions to which no response is required.  To the extent a response is required, Claimants deny that any of the allegations in Paragraph 65 confer on the United States any right, title, or interest in the Defendant Property that is superior to the right, title, or interest of Claimants in the Defendant Property.

## AFFIRMATIVE DEFENSES

The defenses asserted herein are based on Claimants' knowledge, information, and belief at this time.  Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Complaint except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally

assigned to them as to any element of the government's claims, Claimants assert the following affirmative and other defenses:

1.      Tiger Mines possesses a legal and beneficial ownership interest in the Defendant Property by virtue of the assignment from Mr. Chen made on or about September 18, 2024, for value—namely, in exchange for the relinquishment of a damages claim that Tiger Mines held against Tether Holdings in the amount of at least $50 million.  Mr. Miah, as the sole owner of Tiger Mines, holds his interest in the Defendant Property through Tiger Mines.

2.      Tiger Mines is an "innocent owner" of the Defendant Property within the meaning of 18 U.S.C. § 983(d), and specifically, a *bona fide* purchaser for value under 18 U.S.C. § 983(d)(3).  Tiger Mines acquired its interest in the Defendant Property through the September 2024 assignment—after the conduct alleged to give rise to forfeiture—and did not know, and was reasonably without cause to believe, that the property was subject to forfeiture.  Specifically, at the time of the assignment: (a) neither Tiger Mines nor Mr. Miah had any knowledge or reason to believe that Mr. Chen or any associated person or entity was the subject of any United States criminal investigation, indictment, or civil forfeiture action; (b) Mr. Miah, who has years of industry-specific knowledge from working with digital asset companies, had conducted his own due diligence into the property at issue, which included an analysis that "did not uncover any involvement with illegal or high-risk operators," such that he had no reason to believe that the property provided to him was connected to criminal activity; and (c) the Indictment, the civil forfeiture Verified Complaint, and the OFAC designation were not issued until October 2025, more than a year after the assignment.

3.      Tiger Mines is a *bona fide* purchaser for value of the Defendant Property under 18 U.S.C. § 983(d)(3).  It acquired its interest in a good-faith transaction, in exchange for substantial

11

and legitimate consideration as described above, and without knowledge or reason to believe that the property was subject to forfeiture. Accordingly, Tiger Mines' interest as a *bona fide* purchaser for value is superior to any interest the United States may have in the Defendant Property.

4.      Upon information and belief, the Defendant Property lacks a sufficient nexus to the alleged criminal activity to support forfeiture. The Verified Complaint alleges that the addresses comprising the Defendant Property were primarily funded by two categories of sources: cryptocurrency mining—including mining attributable to the Lubian and Warp Data mining operations—and indirect transfers from cryptocurrency exchanges (*see ¶* 45). To the extent the Defendant Property, or any portion thereof, constitutes newly mined Bitcoin generated through the Lubian mining operation or any other cryptocurrency mining operation, such Bitcoin is not "proceeds traceable to" wire fraud under 18 U.S.C. § 981(a)(1)(C), nor is it "property involved in" a money laundering transaction under 18 U.S.C. § 981(a)(1)(A), nor is there a "substantial connection" between the Defendant Property and any money laundering transaction as is required by 18 U.S.C. § 983(c)(3), because the mining of new Bitcoin through computational processes is an independent economic activity that does not constitute, derive from, or connect to the specified unlawful activity alleged in the Verified Complaint.

5.      The forfeiture of the Defendant Property in which Claimants hold an interest would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. Neither Tiger Mines nor Mr. Miah is alleged to have participated in or to have had knowledge of the criminal activity described in the Verified Complaint. Forfeiting the property of a *bona fide* purchaser for value that acquired its interest without knowledge of the underlying criminal activity, and that is not alleged to have engaged in any wrongdoing, would be grossly disproportional to any offense and would constitute an excessive fine within the meaning of the Eighth Amendment.

12

6. The causes of action alleged in the Verified Complaint are barred by the relevant statutes of limitations.

7. Claimants deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

8. Claimants incorporate by reference any defense that any other claimant pleads in this action, to the extent the defense applies to any claims against the Defendant Property, in whole or in part, and is otherwise consistent with this Answer.

## PRAYER FOR RELIEF

WHEREFORE, Claimants respectfully request that the Court:

1. Enter judgment in favor of Claimants and against Plaintiff.

2. Declare that Tiger Mines is the lawful owner of the Defendant Property by virtue of the September 2024 assignment from Mr. Chen, and that Mr. Miah holds his interest therein through Tiger Mines.

3. Declare that Tiger Mines is an innocent owner of the Defendant Property within the meaning of 18 U.S.C. § 983(d).

4. Order that the Defendant Property be released from Plaintiff's custody and returned to Tiger Mines.

5. Order that the Defendant Property be preserved and maintained subject to the Court's jurisdiction, and that no distribution or disposition occur unless and until Claimants' asserted ownership rights are adjudicated.

6. Award Claimants their attorneys' fees and the costs of suit.

13

7.        Grant Claimants such other and further relief as the Court deems just and proper.

Dated: August 10, 2026

Respectfully submitted,

/s/ *Samson A. Enzer*
Samson A. Enzer
Kiersten A. Fletcher
**CAHILL GORDON & REINDEL LLP**
32 Old Slip
New York, NY 10005
Telephone: 212-701-3125
SEnzer@cahill.com
KFletcher@cahill.com

*Attorneys for Claimants Hassan
Miah and Tiger Mines New York Inc.*