

August 14, 2026

**BY ECF**

The Honorable Clay H. Kaminsky
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:     *United States v. Approximately 127,271 Bitcoin*,
>         25 Civ. 5745 (RPK) (CHK)

Dear Judge Kaminsky:

Claimants Chen Zhi and Prince Holding Group ("Claimants") and the United States of America (the "government") respectfully submit this joint letter motion pursuant to Rule II.C. of Your Honor's Individual Practices and Rules concerning Claimants' motion to compel the government to respond to Claimants' First Sets of Interrogatories and First Requests for Production of Documents, served on June 19, 2026. *See* Exs. A (Chen Zhi) and B (Prince Group) (the "Interrogatories"); Exs. C (Chen Zhi) and D (Prince Group) (the "RFPs") (collectively, the "Discovery Requests").

**Background.**  Claimants served the Discovery Requests by email on June 19, 2026. The government responded as follows by email on July 16, 2026:

> These requests are improper at this stage.  Your clients have not established statutory or constitutional standing—nor have you adequately responded to the government's first set of special interrogatories aimed at testing their standing.  The United States is not required to submit to discovery by an unverified claimant who has failed to comply with the mandatory provisions of Supplemental Rule G.

Ex. E.

**Meet-and-Confer.**  The parties met and conferred regarding this discovery dispute by teleconference on August 4, 2026.  The teleconference lasted approximately 15 minutes.  Present on behalf of the Claimants were Peter Skinner and Dan Boyle of Boies Schiller Flexner LLP, and on behalf of the government were AUSAs Alexander Mindlin, Tanisha Payne, Alessandra Rafalson, Benjamin Weintraub, Andrew Reich, and Trial Attorney Christopher Brown.  The government agreed during the conference to review legal authority cited by Claimants, but the parties have since been unable to resolve their dispute without the Court's intervention.  Accordingly, the parties respectfully submit that they have complied in good faith with the meet-and-confer requirements of Fed. R. Civ. P. 37(a)(1) and the Court's Individual Practices.

*  *  *

55 Hudson Yards, New York, NY 10001 | (t) 212.446.2300 | (f) 212.446.2350 | www.bsfllp.com



## CLAIMANTS' POSITION

The dispute before the Court is narrow: whether the government must respond to Claimants' discovery demands while the government challenges their standing. The answer is yes, because Claimants have standing and have fully complied with their obligations to respond to the government's special interrogatories. But even if there were a legitimate dispute as to Claimants' standing (which, respectfully, there is not), the government still cannot ignore the Discovery Requests, because they seek evidence relevant to standing—the very issue the government disputes. Having put Claimants' interests in the Defendant Property at issue, the government cannot now withhold evidence relevant to that dispute. Nothing in the procedures specific to civil forfeiture changes that bedrock principle.[1]

In response to the government's recent motion to compel, Claimants explained at length why they have standing and why no further responses to the government's special interrogatories are required. *See* ECF No. 478, at 9-11. There is nothing further to say on that score. If the Court agrees, then the government clearly cannot object on the basis that Claimants have not established standing. But even if it disagrees, and Claimants are required to produce additional information in response to the government's special interrogatories, the government must *also* be required to produce the evidence that it possesses relevant to Claimants' standing.

The government plainly has evidence responsive to the Discovery Requests about the ownership and control of the Bitcoin at issue. *See United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 527 (2d Cir. 1999) (standing to challenge forfeiture turns on "ownership and possession because they are often reliable indicators of injury"). For example, the Complaint alleges that Mr. Chen controlled the relevant digital wallets, that the Bitcoin at issue was traceable to the Prince Group's "online gambling and cryptocurrency mining" operations, and that it was "subsequently transferred" to government control. *See* ECF No. 1, at ¶¶ 38, 40, 44-45, 58; *see also* Fed. R. Civ. P. 11(b)(3) (by signing the Complaint, the government's attorneys certified to the Court that their "factual contentions have evidentiary support"); Supp. R. G(2)(a) (requiring *in rem* forfeiture complaint to be verified). The evidentiary support for these allegations is much of what is sought in the Discovery Requests. *See, e.g.,* Ex. B, at Rog Nos. 2-5, 7-8, 10-12; Ex. D, at RFP Nos. 2-7, 10, 13.

Claimants are entitled to this discovery under Rule 26(b)(1), which permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Standing is no exception. For example, in *United States v. Sum of $70,990,605*, the government moved to strike a claimant on standing grounds, and the claimant cross-moved to compel production of discovery held by the government which it argued was necessary to respond to the motion to strike. The court agreed, holding that the claimant was "entitled to any jurisdictional discovery that could help either establish itself as an 'owner' or satisfy one of the two aforementioned exceptions to the ownership provision." 305 F.R.D. 20, at 26-27 (D.D.C. 2015) ("Since the United States' Motion to Strike … is predicated upon the notion that [claimant] AIB lacks the necessary statutory standing to become a claimant, [] any interrogatories related to the issue of standing are relevant."). The court further rejected the same argument the government makes here—that a claimant has no right to discovery

---

[1]     As a procedural matter, this case is exempted from Rule 26(a)'s initial disclosure and discovery conference requirements. *See* Fed. R. Civ. P. 26(a)(1)(B)(ii) (including any "forfeiture action in rem arising from a federal statute" among excluded proceedings). And while Mr. Chen moved to dismiss this action, the government has not responded to that motion, much less sought a stay of discovery while that motion is pending. And in any event, the Prince Holding Group answered the Complaint and has not moved to dismiss.



until it establishes that it has standing to challenge the forfeiture action—in finding that denying a claimant such discovery "would be an overly broad measure that would deny [claimant] AIB the opportunity to establish statutory standing." *Id*., at 28.

Closer to home, in *United States v. The M/Y Amadea,* Judge Ho in the Southern District of New York ordered discovery far broader than what Claimants seek here *before* determining whether a claimant had standing to contest forfeiture. *See, e.g.*, No. 23 Civ. 9304 (DEH) (S.D.N.Y.) ECF No. 17 (setting discovery deadlines for document requests, interrogatories, depositions, requests for admission and expert discovery). Despite ultimately determining the claimant lacked standing, the court permitted the claimant to compel the production of documents, take depositions, and conduct expert discovery. *See United States v. M/Y Amadea*, 770 F. Supp. 3d 558, 569-71 (S.D.N.Y. 2025) (describing how discovery period was extended four times to complete discovery).

Put simply, the government cannot have it both ways. If it challenges Claimants' interests in the Defendant Cryptocurrency (as it has), then Claimants are "entitled to review the information that formed the basis of [the] complaint," such as the allegations about who possessed the Defendant Cryptocurrency before and after it was stolen, where it came from, and who transferred it to the government and when. *In re 650 Fifth Ave. & Related Props.*, 934 F.3d 147, 159 (2d Cir. 2019) (holding district court abused its discretion by denying claimants' motion to compel discovery, leaving the record "hardly developed" and that claimants had not been afforded "a full and fair opportunity to present evidence"). And having made that challenge, the government cannot use its own motion to compel to avoid its discovery obligations.

Nothing in the Federal Rules makes discovery *seriatim*; one party's discovery obligations are not suspended while it seeks to compel discovery from another party. And the special rules for forfeiture do not change this default rule. While Rule G(6) interrogatories can delay the government's response to a motion to dismiss, the rule is limited to dispositive motions and does not address the government's discovery obligations. Supp. R. G(6)(a); *see also United States v. Starling,* 76 F.4th 92, 101 n.4 (2d Cir. 2023) ("What we have described as 'statutory standing' operates as an obstacle only to *dispositive motions* which follow from establishing the initial claim."). Rather, as the civil forfeiture statute makes clear (in addressing stays and protective orders), courts should not "allow one party to pursue discovery while the other party is substantially unable to do so." *See* 18 U.S.C. § 981(g)(3) (governing discovery stays of forfeiture actions). There is simply no bar to a civil forfeiture claimant, like Claimants here, seeking discovery on disputed standing issues.

Lastly, the Court should require the government not only to respond to Claimants' Discovery Requests, but to produce the requested discovery in full, as the government waived any other objections it may have by failing to object on any basis other than standing. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Labarbera v. Absolute Trucking, Inc.,* 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."). The government could have, but chose not to, either serve objections to the Discovery Requests or seek a protective order. *See, e.g., $70,990,605*, 305 F.R.D. at 27-28 (government moved for protective order so as not to respond to discovery requests while standing was still at issue). Instead, it simply ignored the Discovery Requests, and should be held to the consequences of that strategic decision.



### <u>GOVERNMENT'S POSITION</u>

It is axiomatic that a claimant cannot request discovery from the government before the government has had an opportunity to test the claimant's standing. Claimants' discovery requests (the "Requests") seek to end-run that simple and widely observed rule.

**Claimants have not established standing.** The government has served special interrogatories on Claimants, and a motion is before the Court to compel them to respond. *See* ECF Nos. 468, 486. As of now, the Court has not had an opportunity to rule on Claimants' standing through the motion-to-strike process, nor have Claimants even provided the responses necessary to evaluate that standing. And their standing is subject to serious doubt, for reasons discussed in the government's motion to compel. *See* ECF Nos. 469, 486. Among many other defects, neither Claimant has set forth how much of the *res* is theirs, when or how they obtained it, or how their supposed acquisition of the *res* was funded; Chen claims without elaboration to be a bailee of Prince Group and also asserts an ill-defined relationship with Lubian; and Chen is concededly unavailable, having taken no part in preparing his or Prince Group's interrogatory responses, such that his responses are neither signed, sworn, nor even truly his.

Of course, "[a] putative claimant who lacks standing is 'simply a stranger to the litigation' and 'lacks the right to bring any motion, regardless of the basis.'" *United States v. Vazquez-Alvarez*, 760 F. 3d 193, 196-97 (2d Cir. 2014)). Accordingly, Rule G is structured to foreclose motion practice by would-be claimants until they can demonstrate standing. The Rule contemplates the government's service of numerous special interrogatories (to explore "factually complex standing issues," *see* 2006 Cmte. Note); affords broad authority to serve those interrogatories without leave of court; and provides that the "Government's Response [is] Deferred" to dispositive motions, while the government probes claimants' standing. Claimants' application turns this logic on its head, seeking to receive discovery from the government while Claimants neither have, nor apparently can, provide meaningful discovery of their own. *See United States v. Real Property Located at 8 Drift Street, New Brunswick, New Jersey*, No. 14-CV-3587 (MAS), 2015 WL 13861803, at *1 (D.N.J. Apr. 21, 2015) ("Claimant's motion to compel discovery is premature as there is a pending motion relating to Claimant's standing"); *United States v. Approximately One Million Seven Hundred Eighty Four Thousand (1,784,000) Contraband Cigarettes of Assorted Brands from the Indian Country Smoke Shop Main Store*, No. 12-CV-5992 (BHS), 2016 WL 6084938, at *5 (W.D. Wash. Oct. 18, 2016) ("[A]llowing [claimant] to seek discovery at this time could [] prove a wasteful endeavor, as the Government's motion to strike his claim is currently pending before the Court."); *United States v. $1,106,775.00 in United States Currency*, No. 20-CV-158 (MMD) (WGC), 2020 WL 6930103, at *3 (D. Nev. Nov. 23, 2020) (staying claimant's discovery requests "pending [Claimant]'s response to the special interrogatories and the resolution of Claimants' standing").

**Claimants are not "different."** There are 78 sets of claimants in this action, comprising more than 14,000 individuals. Each of them could make the argument advanced by Claimants, contending that he or she deserves discovery to determine his or her own standing. But that is not the way a forfeiture action works. Claimants must give their own clear and complete answers to the government's interrogatories, providing the facts in their possession that entitle them to relief. There is no practical or legal basis for them to withhold what they must know; strategic vagueness is not a permissible basis for refusing response. (Nor is implausible ignorance – notably, Prince Group's first Request for Production demands evidence that Prince Group is a Cambodian-registered holding company.) Moreover, if Claimants' arguments are accepted, then all 78 putative



claimants have the opportunity likewise to demand discovery of the government, regardless of the merits of their claims. That cannot be the law. The standing inquiry is a threshold requirement, meant "to ensure that the government is put to its proof only where someone with a legitimate interest contests the forfeiture." *United States v. $557,993.89, More or Less, in U.S. Funds*, 287 F.3d 66, 79 (2d Cir. 2002).

A theme running through Claimants' briefing is that Claimants are different—that their standing is effectively conceded in the government's complaint. Not so. For the reasons addressed at length in the government's reply brief supporting its motion to compel interrogatory responses from Claimants, *see* ECF No. 486 at 1-3, Claimants are not exempt from the obligation to set forth their "identity and relationship to the defendant property."

*Amadea* **is not to the contrary**. The government understands from counsel that Claimants' argument is premised on the proceedings in *United States v. The M/Y Amadea*, No. 23-CV-9304 (DEH) (S.D.N.Y. 2023) ("*Amadea*"), where the Court ultimately held an evidentiary hearing with respect to the standing of the single claimant in the case. *Amadea* provides no basis for Claimants to resist providing discovery, much less to seek reciprocal discovery before the government has even filed a motion to strike. Because Claimant has not even answered the special interrogatories, any discussion of summary judgment is premature, let alone an evidentiary hearing; claimants cannot gesture to the prospect of a hearing as a basis to resist the government's special interrogatories and demand discovery of their own. Much less can they do so where they are only one of 78 claimants, each of whom could raise the same arguments with equal logic.

**The Requests do not go to standing**. While Claimants lack any authority to demand discovery at this stage, the Requests are particularly inapposite because most of them do not conceivably go to standing. By way of example, Prince Group demands information regarding "the circumstances whereby Plaintiff took possession of the Defendant Cryptocurrency." Prince Group Interrogatory No. 12. But Prince Group's standing turns on *its own* relationship to the Defendant Cryptocurrency. Similarly, both Claimants propound interrogatories regarding "who had possession of the Defendant Cryptocurrency between on or about December 29, 2020, and July 31, 2024, and where it was held during such period." Chen Zhi Interrogatory No. 7; Prince Group Interrogatory No. 11. But the Defendant Cryptocurrency is defined by reference to the addresses where it was held as of December 2020, *see* Compl. ¶ 44 n.7, and both Claimants have stated that they lost control of it after December 28, 2020. ECF No. 478 at 4. The requested details are therefore irrelevant to standing (and, indeed, to any other issue in this case).

\* \* \*

5



The parties respectfully request that the Court resolve this dispute by order or, in the alternative, schedule a discovery conference at the Court's earliest convenience.

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

 /s/ *Matthew L. Schwartz*
Matthew L. Schwartz
Peter M. Skinner
55 Hudson Yards
New York, New York 10001

Dan G. Boyle
2029 Century Park East, Suite 1520
Los Angeles, California 90067

*Counsel for Claimants Chen Zhi*
*and Prince Holding Group*