# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> -against-<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>    Defendants *in rem,*<br><br>CHEN ZHI,<br><br>    Claimant. | No. 25 Civ. 05745 (RPK)<br><br>**CLAIMANT CHEN ZHI'S FIRST SET OF INTERROGATORIES TO PLAINTIFF UNITED STATES OF AMERICA** |

   Pursuant to Federal Rules of Civil Procedure 26 and 33, and the applicable Local Rules of the United States District Court for the Eastern District of New York, Claimant Chen Zhi ("Claimant") hereby submits the following Interrogatories to Plaintiff United States of America ("Plaintiff"). Each Interrogatory is to be read in accordance with the Definitions and Instructions that follow. Responses are due within thirty (30) days of service.

## I.    DEFINITIONS

1.      Pursuant to E.D.N.Y. Local Rule 26.3(c)(1), "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.      "Complaint" means the initial pleading filed as ECF No. 1 on October 14, 2025, in the matter of *United States of America v. Approximately 127,271 Bitcoin ("BTC") Previously Stored at the Virtual Currency Addresses Listed in Attachment A, and All Proceeds Traceable Thereto*, 1:25-cv-05745-RPK, United States District Court, Eastern District of New York, and any subsequent amendment(s) thereto.

3.      Pursuant to E.D.N.Y. Local Rule 26.3(c)(7), "concerning" means relating to, referring to, describing, evidencing, or constituting.

4.      "Defendant Cryptocurrency" means the assets seized and named as the Defendant in this action—specifically, 127,271 Bitcoin previously stored at the virtual currency addresses listed in Attachment A, and all proceeds traceable thereto—as described in the Plaintiff's Complaint for Forfeiture.

5.      Pursuant to E.D.N.Y. Local Rule 26.3(c)(2), "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

6.      Pursuant to E.D.N.Y. Local Rule 26.3(c)(3), "identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that

person need be listed in response to subsequent discovery requesting the identification of that person;

7. Pursuant to E.D.N.Y. Local Rule 26.3(c)(4), "identify, " when referring documents, means to give, to the extent known, the (i) type of document, (ii) the subject matter, (iii) date of the document, and (iv) the author(s), the addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

8. The terms "include" or "including" mean "include, but not limited to" or "including, but not limited to."

9. Pursuant to E.D.N.Y. Local Rule 26.3(c)(6), "Person(s)" is defined as any natural person or any legal entity, including, without limit, any business or governmental entity or association.

10. "Plaintiff" means the government of the United States of America and includes any agency or instrumentality of Plaintiff, as well as all staff, agents, attorneys, representatives, employees, independent contractors, confidential sources, cooperating foreign authorities, and anyone else acting on Plaintiff's behalf or in concert with Plaintiff.

11. The terms "you," "your," or "yours," means Plaintiff, and unless privileged, Plaintiff's attorneys, their staff, agents, representatives, and/or employees, and anyone else acting on your behalf.

12. The terms "traceable to" and "involved in" shall have the meanings used in the Complaint and under applicable forfeiture statutes.

## II.    GENERAL INSTRUCTIONS

1.    **Time Period.** The time period for these requests is January 1, 2015, through the present (and ongoing) unless stated otherwise.

2.    **Responses**: When an Interrogatory asks for specific information, and the specific information requested is not known to you, such Interrogatory shall be deemed to ask you to approximate the information requested as best you can, provided that you indicate in your response that the information being provided is an approximation or is incomplete in certain specific requests.  When, after a reasonable and thorough investigation using due diligence, you are unable to answer any part of an Interrogatory because of lack of information available to you, specify in full and complete detail the type of information which you claim is not available to you and what has been done by you to locate such information.  In addition, specify what knowledge or information you have concerning the unanswered portion of the Interrogatory, set forth the facts upon which such knowledge or belief is based, and identify the PERSON or entity who is likely to have the information which you claim is not available.

3.    **Construction**: For purposes of reading, interpreting, or construing the scope of the Definitions, Instructions, and Interrogatories, all of the terms shall be given their most expansive and inclusive interpretation.  This includes the following:

   a.   The singular form of a word shall be interpreted as plural and vice versa.

   b.   Pursuant to E.D.N.Y. Local Rule 26.3(d)(2), the connectives "and" and "or" must be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4

c.  Pursuant to E.D.N.Y. Local Rule 26.3(d)(1), the terms "all," "each" and "any" must be construed as encompassing any and all.

d.  The masculine form of a word shall be interpreted as and shall include the feminine and vice versa.

e.  The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Interrogatory that might otherwise be construed to be outside the scope of the Interrogatory.

4.  **Objections**: Each Interrogatory shall be responded to fully, unless it is objected to in good faith.  In that case, the reason(s) for the objection shall be stated in writing and with particularity.  If an objection is to only a portion of the Interrogatory, state the objection as to that portion only and respond to any portion of the Interrogatory to which you do not object.

a.  If you claim any ambiguity in interpreting the Interrogatory or any of the applicable Instructions or Definitions, such claim shall not be used as a basis for refusing to respond to the Interrogatory.  In any such circumstance, you must set forth as part of your response the language claimed to be ambiguous and the interpretation chosen or used by you in responding to the Interrogatory and you shall respond as fully as possible notwithstanding any claimed ambiguity or objection.

b.  If you object to the Interrogatory on the ground that it is overly broad, you are instructed to provide a response as narrowed to conform to your objection and to state in you response: (1) how you narrowed the

5

Interrogatory; and (2) all reason(s) why you claim the Interrogatory is overly broad.

5.      **Privilege Log**: If any information called for by these Interrogatories is withheld under a claim of privilege or is not responded to for whatever reason, you are requested at the time of responding to these Interrogatories to separately state in writing and with specificity for any such information withheld (a) the claim of privilege or other reason asserted for withholding such information; and (b) all information supporting the claim of privilege or other reason for withholding asserted as to such information, including, without limitation, the type or nature of the response for which a privilege is claimed, all in a manner sufficient to allow each response to be described to the Court in order for the Court to rule on the validity of the claim of privilege or other reason asserted for withholding your response.  You are further requested to provide all requested information that is not subject to a claim of privilege or other reasons for nonresponse by excising or otherwise protecting the portion of such response for which a privilege is asserted and responding to the remainder of the Interrogatory.

6.      **Continuing Obligation:** These Interrogatories are to be considered continuing in nature, and you must promptly furnish supplemental responses if any additional information is discovered or created after your responses are tendered, or if any of your responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

### III.    INTERROGATORIES

**INTERROGATORY NO. 1**:

Identify the full name and any registration number of the "Prince Group mining operation" referred to in Paragraph 40 of the Complaint, and state those facts supporting your allegation in that paragraph that "FTI was used to launder illicit funds" from this "Prince Group mining operation."

**INTERROGATORY NO. 2**:

State those facts supporting your allegation in Paragraph 44 of the Complaint that "[b]y approximately 2020, Chen had amassed … the Defendant Cryptocurrency, which was stored across 25 cryptocurrency addresses in unhosted wallets controlled and personally tracked by Chen (the 'Chen Wallets')."

**INTERROGATORY NO. 3**:

State those facts supporting your allegation in Paragraph 44 of the Complaint that Chen Zhi controlled the Chen Wallets.

**INTERROGATORY NO. 4**:

State those facts supporting your allegation in Paragraph 44, footnote 6, of the Complaint that Chen Zhi "personally maintained records of the wallet addresses and seed phrases associated with the private keys for each [of the Chen Wallets]."

**INTERROGATORY NO. 5**:

Identify the person(s) you contend possessed the Defendant Cryptocurrency prior to December 29, 2020.

7

**INTERROGATORY NO. 6:**

Identify the date upon which Plaintiff took possession of the Defendant Cryptocurrency and who first took possession of the Defendant Cryptocurrency. If more than one agency or instrumentality of Plaintiff had possession of the Defendant Cryptocurrency at different times, identify each such agency or instrumentality of Plaintiff, and when each such agency or instrumentality of Plaintiff first took possession of the Defendant Cryptocurrency.

**INTERROGATORY NO. 7:**

Identify who had possession of the Defendant Cryptocurrency between on or about December 29, 2020, and July 31, 2024, and where it was held during such period.

**INTERROGATORY NO. 8:**

Describe the circumstances whereby Plaintiff took possession of the Defendant Cryptocurrency, including the identity of any persons involved in transferring the Defendant Cryptocurrency to Plaintiff's custody or control.

**INTERROGATORY NO. 9**:

State those facts supporting your allegation in Paragraph 16(u) of the Complaint that Lubian "maintained bitcoin mining facilities [in] Iran."

**INTERROGATORY NO. 10**

State those facts supporting your allegation in Paragraph 32 of the Complaint that the "Brooklyn Network" was "working on Prince Group's behalf."

**INTERROGATORY NO. 11:**

State those facts supporting your allegation in Paragraph 4 of the Complaint that "acts and omissions giving rise to the forfeiture accrued in the Eastern District of New York."

8

Dated: June 19, 2026

**BOIES SCHILLER FLEXNER LLP**

By: /s/ _____

Matthew L. Schwartz
Peter Skinner
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
mschwartz@bsfllp.com
pskinner@bsfllp.com

Dan G. Boyle
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, California 90067
Telephone: (213) 629-9040
dboyle@bsfllp.com

*Attorneys for Claimant Chen Zhi*

9

**CERTIFICATE OF SERVICE**

I certify that on June 19, 2026, I caused or caused to be served the foregoing on

Plaintiff's counsel of record via electronic means.

/s/
Dan G. Boyle