# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> -against- <br><br> APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, <br><br> Defendants *in rem,* <br><br><br> PRINCE HOLDING GROUP, <br><br> Claimant. | No. 25 Civ. 05745 (RPK) <br><br> **CLAIMANT PRINCE HOLDING GROUP'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF UNITED STATES OF AMERICA** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the applicable Local Rules of the United States District Court for the Eastern District of New York, Claimant Prince Holding Group ("Claimant") propounds the following First Set of Requests for Production of Documents to Plaintiff United States of America ("Plaintiff").

Claimant hereby requests that Plaintiff respond to each request and produce the following documents and things, in Plaintiff's possession, custody, or control, within thirty (30) days of service hereof, as required by Rule 34.

## I.    DEFINITIONS AND INSTRUCTIONS

1.    Pursuant to E.D.N.Y. Local Rule 26.3(c)(1), "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.    "Complaint" means the initial pleading filed as ECF No. 1 on October 14, 2025, in the matter of *United States of America v. Approximately 127,271 Bitcoin ("BTC") Previously Stored at the Virtual Currency Addresses Listed in Attachment A, and All Proceeds Traceable Thereto*, 1:25-cv-05745-RPK, United States District Court, Eastern District of New York, and any subsequent amendment(s) thereto.

3.    Pursuant to E.D.N.Y. Local Rule 26.3(c)(7), "concerning" means relating to, referring to, describing, evidencing, or constituting.

4.    The term "Defendant Cryptocurrency" means the assets seized and named as the Defendant in this action—specifically, 127,271 Bitcoin previously stored at the virtual currency addresses listed in Attachment A, and all proceeds traceable thereto—as described in the Plaintiff's Complaint for Forfeiture.

5.    Pursuant to E.D.N.Y. Local Rule 26.3(c)(2), "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

6.    "Including" means including, but not limited to.

7.    "Information" means information of any kind in any form whatsoever.

8.    "Lubian" mean claimant Lubian in this action.

9.    "Plaintiff" means the government of the United States of America and includes any agency or instrumentality of Plaintiff, as well as all staff, agents, attorneys, representatives,

2

employees, independent contractors, confidential sources, cooperating foreign authorities, and anyone else acting on Plaintiff's behalf or in concert with Plaintiff

10.    The terms "you," "your," or "yours," means Plaintiff, and Plaintiff's staff, agents, attorneys, representatives, employees, and independent contractors, and anyone else acting on Plaintiff's behalf.

11.    Plaintiff shall respond to these Requests and produce the following documents for inspection and copying within thirty (30) days of the service of the requests.

12.    Plaintiff is further requested to produce and permit the inspection and copying of documents and/or other items described at: Boies Schiller Flexner LLP, 55 Hudson Yards, Floor 20, New York, New York 10001. This demand may be complied with by delivery of legible copies of the subject documents and other items described, verified as true and correct, to the undersigned at: Boies Schiller Flexner LLP, 55 Hudson Yards, Floor 20, New York, New York 10001.

13.    Plaintiff shall produce all originals, drafts, reproductions, and photographs of documents requested.

14.    The documents to be produced in response to these requests include all documents within your possession, custody, or control. This includes documents in the possession, custody, or control of Plaintiff's attorneys, agents, employees, investigators, consultants, and experts, as well as a firm, company, corporation, or business in which Plaintiff owns a controlling interest or over which you exercise control in fact.

15.    Plaintiff is required to use reasonable diligence to locate the documents, including those that are not in its immediate possession.

16.    For the convenience of the parties and to reduce production costs, please produce documents which may exist in hard copy form in an electronic format (e.g., PDF or the equivalent).

3

17.     Pursuant to FRCP 34(b), please produce all electronically stored information in its native electronic format, with all metadata preserved and all accompanying load files.

18.     If you claim that a privilege applies, or a reason for withholding a document is applicable, please set forth in writing and with your response to this Request: (1) the date of the document; (2) the type of document; (3) the subject matter of the document; (4) the name, employment, and title of each person who prepared or received the document or any copy thereof; and (5) the basis for the claim of privilege or other ground for withholding the document. If it is claimed that only part of the document is privileged or otherwise need not be produced, please produce the remaining part of the document.

19.     For any record or document responsive or relating to these requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document as completely as possible, including the author, address, date, type of document, number of pages, and subject matter, and explain in detail the events leading to the destruction or the loss, or the reason for the unavailability of such document, including the date it was lost, and identity of all persons having knowledge of the contents of the document.

20.     Do not make any redactions on produced documents unless they involve a valid privilege and you produce an appropriate privilege log.

21.     Please organize and label the documents to correspond to the categories in the demand. This can usually be accomplished by producing a list at the time of production which identifies by Bates-stamp number which documents are responsive to which requests.

22.     These requests are continuing in nature. If, after producing the requested documents, Plaintiff obtains or becomes aware of further documents responsive to these requests, Plaintiff is required to produce to Claimant such additional documents.

23.     Unless otherwise specified, these requests are limited to the time period from January 1, 2015, to and including the date of service of these requests.

## II.    FIRST SET OF REQUESTS FOR PRODUCTION

**CLAIMANT'S REQUEST NO. 1:**

All Documents and Communications concerning your allegation in Paragraph 16(o) of the Complaint that "Prince Group" was "a Cambodian-registered corporate holding company."

**CLAIMANT'S REQUEST NO. 2:**

All Documents and Communications concerning your allegation in Paragraph 38 of the Complaint that "Prince Group's own businesses, including online gambling and cryptocurrency mining," were used to "launder[] Prince Group's illicit profits, including the Defendant Cryptocurrency."

**CLAIMANT'S REQUEST NO. 3:**

All Documents and Communications concerning your allegation in Paragraph 44 of the Complaint that Chen Zhi controlled the Chen Wallets.

**CLAIMANT'S REQUEST NO. 4:**

All Documents and Communications concerning your allegation in Paragraph 44, footnote 6, of the Complaint that Chen Zhi "personally maintained records of the wallet addresses and seed phrases associated with the private keys for each [of the Chen Wallets]."

**CLAIMANT'S REQUEST NO. 5:**

All Documents and Communications concerning your allegation in Paragraph 58 of the Complaint that the Defendant Cryptocurrency was "transferred in its entirety to multiple additional addresses" and is "currently in the custody of the United States."

**CLAIMANT'S REQUEST NO. 6:**

All Documents and Communications concerning all transfers of the Defendant Cryptocurrency from December 1, 2020 through January 31, 2021.

6

**CLAIMANT'S REQUEST NO. 7:**

All Documents and Communications concerning all transfers of the Defendant Cryptocurrency into Plaintiff's possession in or around June and July of 2024.

**CLAIMANT'S REQUEST NO. 8:**

All search and/or seizure warrants concerning the Defendant Cryptocurrency, including all supporting affidavits made in connection therewith and all inventories of property searched and seized.

**CLAIMANT'S REQUEST NO. 9:**

All Documents and Communications concerning the July 2019 border stop of members of the Lubian project development team, and in particular Zhou Lanshun, including but not limited to any subsequent or related investigation of the same.

**CLAIMANT'S REQUEST NO. 10:**

All Documents and Communications concerning your allegation in Paragraph 16(u) of the Complaint that Lubian "maintained bitcoin mining facilities [in] Iran."

**CLAIMANT'S REQUEST NO. 11:**

All Documents and Communications concerning your allegation in Paragraph 32 of the Complaint that the "Brooklyn Network" was "working on Prince Group's behalf."

**CLAIMANT'S REQUEST NO. 12:**

All Documents and Communications concerning your allegation in Paragraph 35 of the Complaint that "the Brooklyn Network sent the funds through a series of accounts back to Prince Group scammers at the Jinbei Compound and elsewhere, where they were further laundered before returning to Prince Group and its top executives."

**CLAIMANT'S REQUEST NO. 13:**

All Documents and Communications concerning your allegation in Paragraph 44 of the Complaint that Chen Zhi had "amassed" the Defendant Cryptocurrency by "approximately December 2020."

**CLAIMANT'S REQUEST NO. 14:**

All Documents and Communications concerning the forfeiture.gov publication reproduced at page 4 of claimant Chen Zhi's motion for a more definite statement [ECF No. 317].

**CLAIMANT'S REQUEST NO. 15:**

All Documents and Communications concerning your allegation in Paragraph 4 of the Complaint that "acts and omissions giving rise to the forfeiture accrued in the Eastern District of New York."

**CLAIMANT'S REQUEST NO. 15:**

All Documents and Communications concerning the transactions described in Paragraph 37 and footnote 2 of the Complaint.

//

Dated: June 19, 2026

**BOIES SCHILLER FLEXNER LLP**

By: /s/

Matthew L. Schwartz
Peter M. Skinner
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
mschwartz@bsfllp.com
pskinner@bsfllp.com

Dan G. Boyle
BOIES SCHILLER FLEXNER LLP
2029 Century Park East, Suite 1520
Los Angeles, California 90067
Telephone: (213) 629-9040
dboyle@bsfllp.com

*Attorneys for Prince Holding Group*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 19, 2026, I caused or caused to be served the foregoing on

Plaintiff's counsel of record via electronic means and U.S. mail.

/s/ _____

Dan G. Boyle