*** Filed ***
05:27 PM, 31 Aug, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
UNITED STATES OF AMERICA,
Plaintiff,

1:25-cv-05745-RPK

v.

APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,
Defendants In Rem.
------------------------------------------------------------X

# CLAIMANT RAVI ANAND'S ANSWER TO THE 9/11 CLAIMANTS' CROSS-CLAIM AND COUNTERCLAIM

Claimant Ravi Anand ("Claimant"), appearing pro se, hereby answers the Cross-Claim and Counterclaim (the "TRIA Claims") asserted by the O'Neill, Burnett, Ashton, and Ashton-Burlingame Claimants (collectively, the "9/11 Claimants") in their Second Amended Answer to Verified Complaint In Rem (ECF No. 501), to the extent the TRIA Claims are directed at Claimant as one of "all other claimants asserting an interest in the Defendant Cryptocurrency who appear in this action." Claimant states as follows:

## GENERAL RESPONSE

1. Claimant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Iran-China Group, LuBian, the Rafsanjan mining facility, Chen's alleged fraud and money laundering schemes, or any other factual matter set forth in the 9/11 Claimants' Second Amended Answer to Verified Complaint In Rem, and on that basis denies each such allegation.

2. Claimant admits that he has filed a Verified Claim in this action asserting an interest in a portion of the Defendant Cryptocurrency as a victim of fraud whose stolen funds Claimant contends are traceable to the Defendant Cryptocurrency.

3. Claimant denies that the 9/11 Claimants' asserted priority under the Terrorism Risk Insurance Act ("TRIA"), N.Y. C.P.L.R. § 5234, N.Y. C.P.L.R. Article 62, or any other authority cited in the Cross-Claim and Counterclaim is superior to Claimant's interest in the Defendant Cryptocurrency.

## RESPONSE TO NUMBERED PARAGRAPHS

4. In response to Paragraphs 1 through 9 of the Cross-Claim and Counterclaim (jurisdiction, venue, and background allegations), Claimant admits that this Court has jurisdiction over the

underlying in rem forfeiture action and that venue is proper for purposes of Claimant's own Verified Claim. Claimant lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraphs 1 through 9, including the 9/11 Claimants' asserted judgments against Iran and the nature and scope of the TRIA Claims, and on that basis denies same. Claimant further denies, to the extent Paragraph 4 characterizes Claimant as a party against whom the 9/11 Claimants are entitled to relief, that any such entitlement exists. Claimant notes that Paragraph 5 states that the TRIA Claims "do not seek adjudication of priority until the universe of legally permissible claimants in this action is established," and Claimant reserves all rights to be heard, and to present evidence and argument, at such time as priority among claimants is actually adjudicated.

5. In response to the First Count (Priority under CPLR 5234), Paragraphs 10 through 15, Claimant denies that the 9/11 Claimants have priority over Claimant's interest in the Defendant Cryptocurrency under CPLR 5234 or CPLR 5240, and denies each allegation in Paragraphs 10 through 15 to the extent it purports to establish such priority over Claimant.

6. In response to the Second Count (Priority under CPLR Article 62), Paragraphs 16 through 19, Claimant denies that the 9/11 Claimants have priority over Claimant's interest in the Defendant Cryptocurrency under CPLR Article 62 or CPLR 5240, and denies each allegation in Paragraphs 16 through 19 to the extent it purports to establish such priority over Claimant.

7. In response to the Third Count (Priority under TRIA § 201), Paragraphs 20 through 24, Claimant denies that TRIA § 201, or the "notwithstanding" clause therein, subordinates Claimant's interest in the Defendant Cryptocurrency — which Claimant contends derives from funds stolen from him through fraud and traceable to the Defendant Cryptocurrency — to the 9/11 Claimants' asserted priority, and denies each allegation in Paragraphs 20 through 24 to the extent it purports to establish such priority over Claimant.

8. In response to the Fourth Count (Declaratory Relief), Paragraphs 25 through 27, Claimant denies that the 9/11 Claimants are entitled to a declaration of priority over Claimant's interest in the Defendant Cryptocurrency, and denies each allegation in Paragraphs 25 through 27 to the extent directed at Claimant.

## AFFIRMATIVE AND OTHER DEFENSES

1. Claimant's interest in the portion of the Defendant Cryptocurrency traceable to funds stolen from him arises from his status as a direct victim of fraud and is not subordinate to the 9/11 Claimants' judgment-creditor claims against Iran.

2. The TRIA Claims, as pleaded, expressly do not seek adjudication of priority at this time (Cross-Claim ¶ 5), and any adjudication of priority as to Claimant at this stage is therefore premature.

3. Claimant reserves the right to assert additional or amended defenses as the priority dispute among claimants is further briefed and as discovery, if any, proceeds.

4. Claimant reserves all rights, remedies, and defenses available to him as a claimant of record in this action, including without limitation any defense or objection relating to notice, service, or the timeliness of this Answer.

WHEREFORE, Claimant Ravi Anand respectfully requests that the Court deny the 9/11 Claimants' request for a declaration of priority over Claimant's interest in the Defendant Cryptocurrency, preserve Claimant's interest and right to be heard on any future adjudication of priority among claimants, and grant such other and further relief as the Court deems just and proper.

Dated: August 31st, 2026

Respectfully submitted,

/s/ Ravi Anand
Ravi Anand
Claimant, Pro Se
1165 N. Clark St. #700
Chicago, IL 60610

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31st, 2026, I filed the foregoing Answer with the Clerk of Court through the Court's CM/ECF system, which will effect service upon all registered counsel and self-represented parties entitled to electronic service in this action.

/s/ Ravi Anand
Ravi Anand
Claimant, Pro Se