# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A TO THE VERIFIED COMPLAINT, AND ALL PROCEEDS TRACEABLE THERETO,

Defendant *In Rem*,

LUBIAN,

Claimant.

No. 1:25-cv-05745-RPK

**CLAIMANT LUBIAN'S OBJECTIONS AND RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF SPECIAL INTERROGATORIES**

Pursuant to Rule G(6)(a) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, Claimant LuBian ("Claimant" or "LuBian"), by and through its undersigned counsel, hereby objects and responds to Plaintiff United States of America's ("Plaintiff") First Set of Special Interrogatories to Claimant (the "Interrogatories" and each an "Interrogatory"). These Objections and Responses are made solely for the purpose of and in relation to this action.

The Objections and Responses set forth in this document are based on Claimant's knowledge, investigation, and analysis to date. Claimant reserves the right to supplement and amend these Objections and Responses should Claimant become aware of additional information.

## I. GLOBAL OBJECTIONS

1. Claimant objects to the Interrogatories on the grounds that Claimant's standing to contest forfeiture is not reasonably in dispute because Plaintiff's Verified Complaint alleges facts sufficient to show standing at this stage.

2. Claimant objects to the Interrogatories to the extent they seek information already in Plaintiff's possession, custody, or control.

3. Claimant objects to any Interrogatory that exceeds the limited scope of Rule G(6), which permits special interrogatories "limited to claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted Plaintiff to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property."

4. Claimant objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Claimant hereby asserts those privileges and protections in response to any Interrogatory that may be construed as calling for privileged or protected information, and objects to such Interrogatories on those bases. Nothing in Claimant's Responses is intended to be or shall be deemed a waiver of any rights under such privileges or protections.

5. Claimant objects to the Interrogatories to the extent they are overly broad, are unduly burdensome, are not limited to a reasonable timeframe, or seek information that is not reasonably accessible.

6. Claimant objects to the Interrogatories to the extent they assume facts that have not been established or admitted by Claimant.

7. Claimant objects to the Interrogatories to the extent they call for legal conclusions.

8. Nothing in these Responses should be construed as waiving any rights or objections that might be available to Claimant; nor should Claimant's Response to any Interrogatory be deemed an admission of relevancy, materiality, or admissibility concerning any information or document.

9. Claimant objects to the definitions and instructions to the extent they are overly broad, burdensome, or inconsistent with the applicable federal and local rules.

## II. SPECIFIC OBJECTIONS AND RESPONSES

**SPECIAL INTERROGATORY NO. 1:**

State the full legal name of the entity filing the Claim (referred to herein as "LuBian"). Describe LuBian's operations in detail and identify: (a) its ownership and operating structure, including that of any parent or subsidiary entities; (b) all entities or individuals who have an ownership or investment interest in it and the percentage of such ownership or interest; (c) the dates it began and ceased operations and the circumstances of its creation and closure; (d) the countries in which it operated and what those operations consisted of; (e) each physical address at which it has conducted operations; (f) all persons involved in its creation and operation or who have knowledge of its business, including any members, employees, officers, managers, directors or principals; (g) all operating agreements or other governing documents; (h) any relationship it has or has ever had to the governments of the People's Republic of China and Iran; (i) all names used by it and when and where it used those names; (j) all financial accounts and virtual currency addresses used by it and (k) the nation under whose laws it is incorporated, organized or otherwise formed, and the nature of that formation.

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted Plaintiff to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks information already in Plaintiff's possession, custody, and control. For example, Plaintiff's Verified Complaint states that Claimant "Lubian was a Chinese bitcoin mining operation that maintained bitcoin mining facilities across

Asia" and "the Lubian mining operation was the sixth largest bitcoin mining operation in the world." Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory, except to note the following:

- Claimant is an unincorporated collective of software engineers and does not have a separate legal personality. Claimant operates under the name of LuBian. Since its formation, there have been approximately 40-50 software engineers who act as the members of Claimant, including [redacted]
- As an unincorporated collective, Claimant is formed of its members and does not have an ownership structure in the corporate sense. Subject to this, Claimant refers Plaintiff to Claimant's Response to Special Interrogatory No. 2.
- Claimant's business has included the development and operation of cryptocurrency wallet software, known as Touhou; the development and operation of a cryptocurrency mining pool, under its own name; and the development and operation of a website advertising its cryptocurrency services, known as LuBian.com.
- Claimant commenced its business in 2018. Its initial operations involved the Touhou wallet software, which by December 2020 included all the digital currency wallets listed in Attachment A to Plaintiff's Verified Complaint. In March 2020, Claimant began offering its cryptocurrency mining pool services. In April 2020, Claimant launched the LuBian.com website.
- Claimant's cryptocurrency operations ceased in December 2020, after the vast majority of cryptocurrency held in Claimant's Touhou wallets was stolen in a hacking attack.
- Claimant has conducted its business in China and Cambodia.
- Claimant has not had any relationship with the government of the People's Republic of China or any party related to the same.

- Claimant has not had any relationship with the government of Iran or any party related to the same.
- Claimant has not operated under any other name than LuBian.
- Claimant hosted all the virtual currency wallets identified in Attachment A to the Verified Complaint.
- Claimant is an unincorporated collective and therefore not formed under the laws of any country. As noted above, it has conducted its business operations from China and Cambodia.

**SPECIAL INTERROGATORY NO. 2:**

State the names, addresses, phone numbers, email addresses, and other contact information for all persons or entities holding more than a 10 (ten) percent interest in LuBian, and the fraction of the interest held by that person or entity.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted Plaintiff to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory on the grounds that it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory, except to note the following:

- As Claimant noted in its Response to Special Interrogatory No. 1, Claimant is an unincorporated collective and does not have an ownership structure in the corporate sense. Li Thet is entitled to any profits derived from Claimant's business operations.
- Address: [redacted], London, SW1E 6AN, United Kingdom.

**SPECIAL INTERROGATORY NO. 3:**

Your Claim was signed and verified by [redacted] an individual asserting to be a "member of the collective of LuBian." Explain in detail this individual's role with respect to LuBian and the source of this individual's authority, past and present, with respect to LuBian's affairs. Also provide:

a. [redacted] full name and any prior names or aliases, place and date of birth, identification numbers on any official documents (such as a passport or driver's license), country or countries of citizenship, current and prior residential and business addresses, personal and business phone numbers, and personal and business email addresses.

b. [redacted] employment history and history of association with LuBian, including what entity/entities employed and compensated this individual, title or positions held and when they were held, location of work and when [redacted] worked at those locations, job responsibilities, and wages or other compensation received.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted Plaintiff to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory on the grounds that it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory, except to note the following:

- [redacted] is and has been a member of the Claimant's collective of software engineers since 2018 and his authority on behalf of Claimant derives from his membership of the collective.

- Passport No.: [redacted]
- Nationality: China

**SPECIAL INTERROGATORY NO. 4:**

The Defendant Cryptocurrency comprises assets previously held at the virtual currency addresses listed in Attachment A of the Verified Complaint. For each of the 25 addresses that held assets to which you are asserting a claim, provide the following information in detail:

a. The nature of your interest in the virtual assets previously stored at that address. For example, state whether you claim an interest as an owner of the property, a custodian, a bailee, an entity with a secured, unsecured or equitable interest in the property, or otherwise, and how and in what jurisdiction that interest was established and memorialized. Identify any documents memorializing that interest.

b. State whether the interest described above is an interest in the property held by you directly, or is an interest held by an entity that you own or control, in whole or in part, and what entity.

c. State the names, addresses, phone numbers, and contact details of any individual or entity who, in addition to yourself, has any interest in the virtual assets, and the nature and extent of that interest. For an entity, also state its place of incorporation or registration, contact details of registered agents and all beneficial owners of such entity, and your relationship to the entity. If any entity named in response to this Interrogatory is owned or controlled in whole or in part by another entity, provide the same information with respect to the beneficial ownership of that entity.

d. The time and circumstances of your acquisition of any interest in the virtual assets previously stored at that address.

e. All virtual currency addresses, or accounts (including accounts at virtual currency exchanges and traditional fiat currency accounts), from which any of the virtual assets at that address originated (the “source accounts”) and through which such assets passed (the “intermediate accounts”).

f. Any individual or entity that had ownership or control of the source accounts or the intermediate accounts, including the individuals or entities that possessed or had access to the private keys. Explain your relationship to each individual or entity identified.

g. The origin of all funds, including traditional fiat currency and virtual assets, in the source accounts, and the circumstances that led to the deposit of the funds in those source accounts. If the source of any of the funds or assets was cryptocurrency mining, state where the mining operations were located and describe them in detail, including how, when, and by whom they were funded.

h. State whether, at each stage in the transfer of the funds from the source accounts through the intermediate accounts, the funds were under your control and, if so, the manner in which you exercised such control.

i. For any virtual assets you allege were mined by LuBian, state whether and for how long LuBian had an ownership interest in those assets after they were mined and the nature of that interest. For example, if assets were mined and then stored at certain virtual currency addresses and/or transferred to additional addresses, state the nature of LuBian's ownership of those assets in each location where they were stored. Identify any other individual or entity who also had an ownership interest in those assets at any time after they were mined, and the nature and time period of that ownership interest. If LuBian relinquished control of any such assets, state when and to whom and under what circumstances.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted Plaintiff to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case.

Claimant further objects to this Interrogatory to the extent it seeks duplicative information, including information already in Plaintiff's possession, custody, and control. For example,

Plaintiff's Verified Complaint states that "large-scale cryptocurrency mining operations, including the Laos-based Warp Data and its Texas-based subsidiary, and the China-based Lubian, … produced large sums of clean bitcoin." Compl. ¶ 42. Claimant further objects to this Interrogatory to the extent that it seeks information that is either equally available to the government, including information on the public blockchain ledger, or in the exclusive possession, custody, or control of the government, including information about the Defendant Cryptocurrency during the time period from December 28, 2020, until the filing of the Complaint on October 14, 2025.

Claimant further objects to this Interrogatory on the grounds that the operative complaint in this action does not include sufficient detail regarding the seizure and custody of the Defendant Cryptocurrency. Claimant further objects to this Interrogatory to the extent that it seeks information not in Claimant's possession, custody, or control, including information about the Defendant Cryptocurrency during the time period from December 28, 2020, until the filing of the Complaint on October 14, 2025. Claimant further objects to this Interrogatory on the grounds that it is compound and improperly combines multiple discrete interrogatories. Accordingly, Claimant declines to respond to this Interrogatory, except to note the following:

- Claimant claims a possessory interest in the entirety of the Defendant Cryptocurrency. Claimant's interest derives from its possession of the private keys for and hosting of the digital currency wallets holding the Defendant Cryptocurrency before it was stolen in December of 2020.
- Claimant further claims an interest in the Defendant Cryptocurrency as a bailee for other parties including claimants Chen Zhi and Warp Data.
- Claimant further claims an interest in the Defendant Cryptocurrency as the beneficiary of a constructive trust. Specifically, in December 2020 the Defendant Cryptocurrency was stolen, and thus any successive possessors of the Defendant Cryptocurrency could not have acquired good title and thus held the Defendant Cryptocurrency in trust for the rightful owners, including Claimant.

- Claimant's interests arise under the laws of Cambodia, where Claimant previously did business. Claimant presently lacks sufficient information about the 2020 theft of the Defendant Cryptocurrency to determine if Claimant's interest as beneficiary of a constructive trust arises under the laws of any other jurisdiction.

**SPECIAL INTERROGATORY NO. 5:**

Unless such information has been provided in your response above, identify any and all individuals or entities that, in addition to yourself, have exercised control over any virtual assets that are part of the Defendant Cryptocurrency and which assets specifically, the dates and manner in which such individual or entity exercised such control, the circumstances whereby such individual or entity ceased to exercise such control, and your relationship to such individual or entity.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted Plaintiff to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory to the extent it seeks information not in Claimant's possession, custody, or control. Claimant further objects to this Interrogatory on the grounds that it is compound and improperly combines multiple discrete interrogatories.

Accordingly, Claimant declines to respond to this Interrogatory, except to refer Plaintiff to Claimant's Response to Special Interrogatory No. 4.

**SPECIAL INTERROGATORY NO. 6:**

Identify and provide the contact information for any person who has knowledge of any of the facts relevant to each of the foregoing interrogatories. Identify any and all documents containing information relevant to your responses to each of the foregoing interrogatories. Identify all forms of electronic communication, including but not limited to text messages and emails, and their related

phone numbers and email addresses, used to exchange information regarding the interests of yourself and/or others in the Defendant Cryptocurrency, or the control and disposition of such property. To the extent it is necessary to gain access to such communications, provide the passwords and encryption keys.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted Plaintiff to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects on the ground that this Interrogatory requests information relating to "each of the forgoing interrogatories," including Interrogatories that also, independently, exceed the permissible scope of Rule G(6). Claimant further objects to this Interrogatory to the extent it seeks information not in Claimant's possession, custody, or control, including by requesting information relating to "all forms of electronic communications … used to exchange information regarding the interests of … others in the Defendant Cryptocurrency." Claimant further objects to this Interrogatory to the extent it seeks information about or relating to other claims or claimants. Claimant further objects to this Interrogatory on the grounds that it is compound and improperly combines multiple discrete interrogatories.

Accordingly, Claimant declines to respond to this Interrogatory, except to note that the Responses contained herein have been verified by [redacted].

**SPECIAL INTERROGATORY NO. 7:**

Identify each individual or individuals who has had access to the email account 1228btc@gmail.com and the time at which such individual or individuals had access.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Claimant objects to this interrogatory on the ground that it is not limited to Claimant's "identity and relationship to the defendant property"—or, indeed, to any individual's or entity's relationship to the defendant property—and thus exceeds the permissible scope of Rule G(6).

Accordingly, Claimant declines to respond to this Interrogatory, except to note that Li Thet and Chen Zhi have had access to the email account since its registration.

**SPECIAL INTERROGATORY NO. 8:**

Describe any relationship LuBian (or any individual or entity related to LuBian) has, or has ever had, to Prince Holding Group or any of its parent or subsidiary entities and when it had such a relationship, including, but not limited to: (a) any ownership interest or investment by the individual or entity; (b) any membership, employment, advisory or consulting relationship, or any other relationship by the individual or entity; (c) any Prince Holding Group-associated financial accounts or accounts at virtual currency exchanges for which the individual or entity was an accountholder, owner, signatory or beneficiary, or for which the individual or entity had any access or control; and (d) any associated virtual currency addresses the individual or entity had access to or control over, including by holding or having access to the private keys or otherwise.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted Plaintiff to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory on the ground that it seeks information not in Claimant's possession, custody, or control. Claimant further objects to the extent that this Interrogatory seeks information about another claimant, Prince Holding Group, and is thus properly

directed to Prince Holding Group, not to Claimant. Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories.

Accordingly, Claimant declines to respond to this Interrogatory, except to note that Prince Holding Group does not have any ownership interest in Claimant.

**SPECIAL INTERROGATORY NO. 9:**

Describe any relationship LuBian (or any individual or entity related to LuBian) has, or has ever had, to Warp Data or any of its parent or subsidiary entities, and when it had such a relationship, including, but not limited to: (a) any ownership interest or investment by the individual or entity; (b) any membership, employment, advisory or consulting relationship, or any other relationship by the individual or entity; (c) any Warp Data-associated financial accounts or accounts at virtual currency exchanges for which the individual or entity was an accountholder, owner, signatory or beneficiary, or for which the individual or entity had any access or control; and (d) any associated virtual currency addresses the individual or entity had access to or control over, including by holding or having access to the private keys or otherwise.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted Plaintiff to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory on the ground that it seeks information not in Claimant's possession, custody, or control. Claimant further objects to the extent that this Interrogatory seeks information about another claimant, Warp Data, and is thus properly directed to Warp Data, not to Claimant. Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories.

Accordingly, Claimant declines to respond to this Interrogatory, except to note that at times, cryptocurrency which was generated by Warp Data would be held in Claimant's digital wallets.

**SPECIAL INTERROGATORY NO. 10:**

Describe in detail the current and past relationship(s) between LuBian and Chen Zhi. Among other things, provide the following information:

a. The extent to which Chen Zhi has any ownership or investment interest in LuBian, or in any other entity that, in turn, has an ownership or investment interest in it.

b. Whether Chen Zhi personally, or acting through one or more third parties, exercises or has ever exercised any control over LuBian or its assets.

c. Whether Chen Zhi ever directed the affairs of LuBian and, if so, when.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted Plaintiff to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory on the ground that it seeks information not in Claimant's possession, custody, or control. Claimant further objects to this Interrogatory because it is compound and improperly combines multiple discrete interrogatories.

Accordingly, Claimant declines to respond to this Interrogatory, except to note the following:

- Chen Zhi had no formal membership, employment, advisory or consulting relationship with Claimant.
- Claimant understands that Chen Zhi, in addition to Claimant, had access to the private keys for Claimant's digital wallets.

**SPECIAL INTERROGATORY NO. 11:**

Identify any documents, emails, text messages, or other communications relating in any way to the relationship between Chen Zhi and LuBian.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted Plaintiff to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory on the ground that it seeks information not in Claimant's possession, custody, or control.

Accordingly, Claimant declines to respond to this Interrogatory.

**SPECIAL INTERROGATORY NO. 12:**

State the relationship between your interest in the Defendant Cryptocurrency and that asserted by claimants Chen Zhi, Prince Holding Group, Warp Data and Jian Yang, and explain the difference between their interests and yours.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted Plaintiff to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory on the ground that it seeks information not in Claimant's possession, custody, or control. Claimant further objects to the extent that this

Interrogatory seeks information about claims asserted by other claimants, and is thus properly directed to those claimants, not to Claimant.

Accordingly, Claimant declines to respond to this Interrogatory, except to refer Plaintiff to Claimant's Responses to Special Interrogatories Nos. 4, 8, 9 and 10.

**SPECIAL INTERROGATORY NO. 13:**

For the purpose of identifying potential witnesses whose depositions may be taken, provide the names, addresses and contract information of all individuals associated with LuBian who possess information relating to the relationship between that entity and Chen Zhi. If such persons are represented by counsel, also provide the contact information for such counsel.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Claimant objects to this Interrogatory to the extent it exceeds the permissible scope of Rule G(6), which authorizes special interrogatories "limited to the claimant's identity and relationship to the defendant property," and of the Court's text order of February 17, 2026, which permitted Plaintiff to serve special interrogatories "limited to each claimant's identity and relationship to the defendant property." Claimant further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is irrelevant or disproportionate to the needs of the case. Claimant further objects to this Interrogatory on the ground that it seeks information not in Claimant's possession, custody, or control.

Accordingly, Claimant declines to respond to this Interrogatory.

Dated: April 28, 2026

Respectfully submitted,

By: *Jeffrey A Brown*

Jeffrey A. Brown
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Tel.: +1 212 698 3500
jeffrey.brown@dechert.com

*Counsel for Claimant LuBian*

**VERIFICATION**

I, [redacted] of LuBian, declare under penalty of perjury that the foregoing responses to the United States' Special Interrogatories to Claimant LuBian are true, accurate, and complete to the best of my knowledge and belief, with the understanding that Claimant is continuing to investigate and research its responses to these Special Interrogatories and reserves the right to supplement these responses as necessary.

Executed: April 28, 2026

[redacted]

[redacted]