Jonathan P. Vuotto, Attorney No. 315601
McANDREW VUOTTO, LLC
13 Mt. Kemble Avenue
Morristown, New Jersey 07960
(973) 538-6308
Attorneys for the Breitweiser Claimants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants *in rem*. | Case No. 25-cv-5745 (RPK)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIMS OF THE "9/11" CLAIMANTS** |

Pursuant to Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Kristen Breitweiser, Individually and as Personal Representative of the Estate of Ronald M. Breitweiser; Caroline Breitweiser; Patricia Ryan, Individually and as Personal Representative of the Estate of John J. Ryan; Laura Ryan; Colin Ryan; Kristen Ryan; and Jacqueline Eaton, individually and as Personal Representative of the Estate of Robert D. Eaton (collectively, the "Breitweiser Claimants"), answer the Cross-Claims of the *O'Neill*, *Burnett*, *Ashton*, and *Ashton-Burlingame* Claimants (the "9/11 Claimants") [ECF Doc. 501] as follows:

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants admit that this Court has jurisdiction over this matter.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants admit that venue is proper in this Court.

3. The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 3 and therefore deny them.

4. The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4 and therefore deny them, except to the extent the paragraph alleges that the Breitweiser Claimants have a legal, equitable, possessory, property, or contingent interest in the Defendant Cryptocurrency.

5. The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 5 and therefore deny them.

6. The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 6 regarding the 9/11 Claimants' assertion that they are not bringing a cause of action against the United States or a foreign sovereign, and therefore deny those allegations, and admit only that execution against blocked assets is specifically permitted and authorized by TRIA.

7. The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 7 and therefore deny them.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants admit that the Defendant Cryptocurrency constitutes, on information and belief, blocked assets of Iran or its agency or instrumentality and is therefore subject to attachment and execution under TRIA § 201, but deny that the allegations in Paragraph 8 establish any right, title, interest, or priority in the Defendant Cryptocurrency superior to that of the Breitweiser Claimants.

9. The Breitweiser Claimants admit that multiple parties now assert competing interests in the Defendant Cryptocurrency, including other judgment creditors and non-TRIA claimants.

**FIRST COUNT**

10. The Breitweiser Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants admit that federal courts routinely apply state execution priority rules, including CPLR § 5234, in aid of federal judgments and execution proceedings, and deny that any of the allegations in Paragraph 11 confer on the 9/11 Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Breitweiser Claimants in the Defendant Cryptocurrency.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants admit that CPLR § 5234(b) establishes a priority regime among judgment creditors executing on the same property, keyed to the time of delivery of execution, levy, and related enforcement steps, and deny that any of the allegations in Paragraph 12 confer on the 9/11 Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Breitweiser Claimants in the Defendant Cryptocurrency.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants deny that CPLR § 5234(c) establishes the priority rule alleged in Paragraph 13, and deny that any of the allegations in Paragraph 13 confer on the 9/11 Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Breitweiser Claimants in the Defendant Cryptocurrency.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants deny that the 9/11 Claimants have priority

over the Breitweiser Claimants under CPLR § 5234 or that CPLR § 5240 provides a basis to award the 9/11 Claimants superior priority in order to facilitate an equitable distribution among all Iran terror victims.

15. The Breitweiser Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 15 and therefore deny them.

**SECOND COUNT**

16. The Breitweiser Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants admit that CPLR Article 62 governs attachment procedures, including applicable statutory requirements concerning delivery of attachment orders, levy, and enforcement, but deny that CPLR § 5240 automatically modifies statutory attachment priority or that any of the allegations in Paragraph 17 confer on the 9/11 Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Breitweiser Claimants in the Defendant Cryptocurrency.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants admit that attachment and execution against qualifying blocked assets may be authorized under TRIA § 201, subject to applicable statutory requirements, and deny that any of the allegations in Paragraph 18 establish that the 9/11 Claimants have satisfied all requirements for attachment or execution, including any applicable requirements under 28 U.S.C. § 1610(c), or confer on the 9/11 Claimants any right, title, or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Breitweiser Claimants in the Defendant Cryptocurrency.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants deny that the 9/11 Claimants have priority over the Breitweiser Claimants under CPLR § 5234 or that CPLR § 5240 provides a basis to award the 9/11 Claimants superior priority, and assert that the Breitweiser Claimants are entitled to priority over all competing creditors.

**THIRD COUNT**

20. The Breitweiser Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

21. Paragraph 21 contains legal conclusions to which no response is required. The Breitweiser Claimants refer to the statute set forth in Paragraph 21 for the specific provisions thereof.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants admit that TRIA's "notwithstanding" clause preempts inconsistent state and federal law, overrides competing claims not grounded in TRIA, and elevates qualifying terrorism judgment creditors over all non-TRIA claimants, and the Breitweiser Claimants deny that any of the allegations in Paragraph 22 confer on the 9/11 Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Breitweiser Claimants in the Defendant Cryptocurrency.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants admit that federal courts have consistently recognized that TRIA creates a priority execution regime favoring holders of terrorism judgments over competing non-TRIA claimants, subject to the procedural sequencing required by forfeiture and execution law, and the Breitweiser Claimants deny that any of the allegations in Paragraph 23

confer on the 9/11 Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Breitweiser Claimants in the Defendant Cryptocurrency.

24. In response to Paragraph 24, the Breitweiser Claimants deny that the Breitweiser Claimants' claims are subordinate to the 9/11 Claimants' TRIA Claims, and assert that, even if competing claimants satisfy federal forfeiture and/or state-law execution or attachment requirements, competing claimants' claims are subordinate to the Breitweiser Claimants' TRIA-based rights.

**FOURTH COUNT**

25. The Breitweiser Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants admit that an actual and justiciable controversy exists concerning the relative priority of the parties' interests in the Defendant Cryptocurrency.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, the Breitweiser Claimants deny that any of the allegations in Paragraph 27 confer on the 9/11 Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Breitweiser Claimants in the Defendant Cryptocurrency.

**WHEREFORE,** the Breitweiser Claimants deny that the 9/11 Claimants are entitled to the requested relief set forth in Paragraphs 28 through 35 inclusive, and respectfully request that the 9/11 Claimants' Cross-Claims be dismissed with prejudice as against the Breitweiser Claimants, and respectfully request that the Court grant the Breitweiser Claimants their fees and costs incurred

in this action, along with any other additional and further relief in the Breitweiser Claimants' favor that the Court deems just and equitable.

## AFFIRMATIVE AND OTHER DEFENSES

1. The 9/11 Claimants' cross-claims fail to state a claim against the Breitweiser Claimants upon which relief can be granted.

2. The Breitweiser Claimants possess a legally cognizable statutory interest in the Defendant Cryptocurrency sufficient to confer standing, including priority execution rights under TRIA.

3. The Breitweiser Claimants assert statutory execution rights under TRIA § 201, notwithstanding any competing forfeiture claims, that must be preserved and adjudicated prior to any forfeiture or disposition of the Defendant Cryptocurrency.

4. Upon information and belief, and as alleged by the United States, the Defendant Cryptocurrency constitutes blocked assets of a terrorist party or its agency or instrumentality within the meaning of TRIA.

5. Any forfeiture or disposition of the Defendant Cryptocurrency without due process to adjudicate and preserve the Breitweiser Claimants' asserted statutory interests would violate the Fifth Amendment, including the prohibition on uncompensated takings.

6. TRIA's "notwithstanding" clause supersedes, to the extent of any conflict, the forfeiture statutes relied upon by the United States.

7. To the extent equitable principles or CPLR § 5240 are invoked, the Breitweiser Claimants deny that such principles provide a basis, on the facts presented, to subordinate or extinguish their statutory enforcement rights or to award competing claimants priority without satisfying applicable legal requirements.

8. To the extent forfeiture is imposed in a manner that operates punitively against the Breitweiser Claimants' asserted statutory interests, such forfeiture would be constitutionally excessive.

9. The Breitweiser Claimants deny that 34 U.S.C. § 20144(e) authorizes disposition of the Defendant Cryptocurrency in derogation of any enforceable rights they possess under TRIA and applicable law, and expressly preserve their objections to any proposed disposition that would impair those rights.

10. The Breitweiser Claimants reserve the right, subject to the Federal Rules of Civil Procedure, to amend this Answer and to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the discovery of information during further proceedings, and to pursue alternative remedies under any and all applicable law.

Dated: Pearl River, New York
October 10, 2026

McANDREW VUOTTO, LLC
Attorneys for the Breitweiser Claimants

By: */s/Jonathan P. Vuotto*

Jonathan P. Vuotto
1 Blue Hill Plaza, Suite 1509
Pearl River, New York 10965
(212) 382-2208
jpv@mcandrewvuotto.com