**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,

Defendant *In Rem.*

Civil Action No. 25-cv-5745 (RPK)

**FISHBECK CLAIMANTS' ANSWER TO CROSSCLAIMS BY THE 9/11 CLAIMANTS**

Pursuant to Fed. R. Civ. Pro 12 and Supplemental Rule G of the Federal Rules of Civil Procedure, the Fishbeck Claimants hereby answer the crossclaims asserted by the O'Neill, Burnett, Ashton, and Ashton Burlingame Claimants (Hereinafter referred to as the 9/11"Claimants") (ECF No. 501).

**ANSWER**

1. Admitted that this Court has jurisdiction over these claims.

2. Admitted that venue is proper.

3. Fishbeck Claimants lack sufficient knowledge to admit or deny the allegations in paragraph 3. To the extent an answer is required, it is denied.

4. Admitted to the extent it is expected that certain other parties will defend against the Terrorism Risk Insurance Act ("TRIA") claims. Denied to the extent it asserts that the Fishbeck Claimants are defendants in this action or to the TRIA claims instead of co-claimants.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied.

7. Admitted only to the extent the 9/11 Claimants have filed a Verified Claim. Fishbeck Claimants lack sufficient knowledge as to the validity of their Verified Claim, which are legal conclusions to which no response is required. To the extent an answer is required, it is denied.

8. Admitted.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied.

**FIRST COUNT**
**(Priority under CPLR 5234 – Executions, as modified by CPLR 5240)**

10. Paragraph 10 contains no allegations to which a response is required. To the extent an answer is required, see paragraphs 1-9 above.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied to the extent it asserts that the 9/11 Claimants' claims have priority over the Fishbeck Claimants.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied to the extent it asserts that the 9/11 Claimants' claims have priority over the Fishbeck Claimants.

14. Denied.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied.

**SECOND COUNT**
**(Priority under CPLR Article 62 – Attachment – Attachment as modified by CPLR 5240)**

16. Paragraph 16 contains no allegations to which a response is required. To the extent an answer is required, see paragraphs 1-15 above.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied to the extent it asserts that the 9/11 Claimants' claims have priority over the Fishbeck Claimants.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied to the extent it asserts that the 9/11 Claimants' claims have priority over the Fishbeck Claimants.

19. Denied.

**THIRD COUNT**
**(Priority under TRIA § 201)**

20. Paragraph 20 contains no allegations to which a response is required. To the extent an answer is required, see paragraphs 1-19 above.

21. Paragraph 21 characterizes a statute that speaks for itself, and no response is required.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent an answer is required, admitted that the TRIA preempts other laws, and denied to the extent it asserts that the 9/11 Claimants' claims have priority over the Fishbeck Claimants.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent an answer is required, admitted that the TRIA creates priority execution for terrorism judgments, and denied to the extent it asserts that the 9/11 Claimants' claims have priority over the Fishbeck Claimants.

24. Admitted to the extent that non-TRIA claims are subordinate to TRIA claims. Denied to the extent it asserts that the 9/11 Claimants' claims have priority over the Fishbeck Claimants.

**FOURTH COUNT**
**(Declaratory Relief)**

25. Paragraph 25 contains no allegations to which a response is required. To the extent an answer is required, see paragraphs 1-24 above.

26. Admitted.

27. Paragraph 29 contains no allegations to which a response is required. To the extent an answer is required, it is denied.

**AFFIRMATIVE DEFENSES**

The defenses asserted herein are based on the Fishbeck Claimants' knowledge, information, and belief at this time. The Fishbeck Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the 9/11 Claimants' crossclaims except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the 9/11 Claimants crossclaims, the Fishbeck Claimants assert the following affirmative and other defenses:

1. The 9/11 Claimants' crossclaims fail to state a claim against the Fishbeck Claimants upon which relief can be granted.

2. The Fishbeck Claimants possess an interest in the Defendant Cryptocurrency that is of equal priority to the 9/11 Claimants to the extent the 9/11 Claimants have asserted valid claims pursuant to the TRIA, Pub. L. No. 107-297, § 201(a) (2002) (codified at 28 U.S.C. § 1610).

3. The TRIA does not provide for priority among TRIA claims, and the crossclaims contain no facts otherwise sufficient to establish priority for the 9/11 Claimants over the Fishbeck Claimants.

4. The Fishbeck Claimants deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, crossclaims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: October 12, 2026

Respectfully submitted,

*/s/ Seth A. Katz*

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
40 Inverness Drive East
Englewood, CO 80112
Phone: (303) 792-5595
Fax: (303) 708-0527
Email: skatz@burgsimpson.com
Attorney for the Fishbeck Claimants