**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br>Defendant *In Rem.* | Civil Action No. 25-cv-5745 (RPK) |

**FISHBECK CLAIMANTS' ANSWER TO CROSSCLAIMS BY WMJH CLAIMANTS**

Pursuant to Fed. R. Civ. Pro 12 and Supplemental Rule G of the Federal Rules of Civil Procedure, the Fishbeck Claimants hereby answer the crossclaims asserted by the Weinstein, Mustard, Johnson, and Heching Claimants (Hereinafter referred to as "WMJH Claimants") (ECF No. 399).

**ANSWER**

1. Paragraph 1 contains no allegations which require a response.

2. Admitted that this Court has jurisdiction over these claims.

3. Admitted that venue is proper.

4. Fishbeck Claimants lack sufficient knowledge to admit or deny the allegations in paragraph 4. To the extent an answer is required, it is denied.

5. Fishbeck Claimants lack sufficient knowledge to admit or deny the allegations in paragraph 5. To the extent an answer is required, it is denied.

6. Fishbeck Claimants lack sufficient knowledge to admit or deny the allegations in paragraph 6. To the extent an answer is required, it is denied.

7. Fishbeck Claimants lack sufficient knowledge to admit or deny the allegations in paragraph 7. To the extent an answer is required, it is denied.

8. Fishbeck Claimants lack sufficient knowledge to admit or deny the allegations in paragraph 8. To the extent an answer is required, it is denied.

9. Fishbeck Claimants lack sufficient knowledge to admit or deny the allegations in paragraph 9. To the extent an answer is required, it is denied.

10. Fishbeck Claimants lack sufficient knowledge to admit or deny the allegations in paragraph 10. To the extent an answer is required, it is denied.

11. Fishbeck Claimants lack sufficient knowledge to admit or deny the allegations in paragraph 11. To the extent an answer is required, it is denied.

12. Fishbeck Claimants lack sufficient knowledge to admit or deny the allegations in paragraph 12. To the extent an answer is required, it is denied.

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required. To the extent an answer is required, it is denied.

14. Admitted.

15. Admitted to the extent it is expected that certain other parties will defend against the Terrorism Risk Insurance Act ("TRIA") claims. Denied to the extent it asserts that the Fishbeck Claimants are defendants in this action or to the TRIA claims instead of co-claimants.

16. Admitted to the extent the Defendants in Rem constitute blocked assets of Iran and/or its agency or instrumentality. Fishbeck Claimants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent an answer is required, it is denied.

19. Fishbeck Claimants can neither admit nor deny the allegations in paragraph 19, as it improperly seeks to incorporate allegations from crossclaims and counterclaims filed by other parties. There is no way for the Fishbeck Claimants to determine what facts from those other claims the WMJH Claimants allege apply to them or are relevant to their claims. As such, Fishbeck Claimants cannot formulate a response. To the extent a response is required, it is denied.

## AFFIRMATIVE DEFENSES

The defenses asserted herein are based on the Fishbeck Claimants' knowledge, information, and belief at this time. The Fishbeck Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the WMJH Claimants' crossclaims except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the WMJH Claimants crossclaims, the Fishbeck Claimants assert the following affirmative and other defenses:

1. The WMJH Claimants' crossclaims fail to state a claim against the Fishbeck Claimants upon which relief can be granted.

2. The Fishbeck Claimants possess an interest in the Defendant Cryptocurrency that is of equal priority to the WMJH Claimants to the extent the WMJH Claimants have asserted valid claims pursuant to the TRIA, Pub. L. No. 107-297, § 201(a) (2002) (codified at 28 U.S.C. § 1610).

3. The TRIA does not provide for priority among TRIA claims, and the crossclaims contain no facts otherwise sufficient to establish priority for the WMJH Claimants over the

Fishbeck Claimants.

4. The Fishbeck Claimants deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, crossclaims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: October 12, 2026

Respectfully submitted,

*/s/ Seth A. Katz*

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
40 Inverness Drive East
Englewood, CO 80112
Phone: (303) 792-5595
Fax: (303) 708-0527
Email: skatz@burgsimpson.com
Attorney for the Fishbeck Claimants