**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants in rem. | Civil Action No. 25-5745 (RPK) |

**CHAIRNOFF CLAIMANTS' ANSWER TO CROSS-CLAIMS FOR PRIORITY OF THE ACETO, AKIN, BLAIS, BLANK, BREWER, THOLE, VALENCIA, AND WELCH CLAIMANTS AND CLAYTON OMAR ZOOK**

Pursuant to Rule 12 and Supplemental Rule G of the Federal Rules of Civil Procedure, and the Court's orders dated April 8, 2026 and September 30, 2026, the Chairnoff Claimants, as previously listed and named in ECF Doc. No. 56-3, hereby answer through their undersigned counsel the Cross-Claims included with the Verified Answer (ECF Doc. No. 350) of the Aceto, Akin, Blais, Blank, Brewer, Thole, Valencia, and Welch Claimants and Clayton Omar Zook (the "Aceto Group Claimants") as follows, on personal knowledge as to their own acts and on information and belief as to all other matters:

1. Paragraph 1 is a legal conclusion to which no response is required.

2. Paragraph 2 is a legal conclusion to which no response is required.

3. The Chairnoff Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 3.

4. Paragraph 4 is a legal conclusion to which no response is required.

5. Paragraph 5 is a legal conclusion to which no response is required, except that the Chairnoff Claimants deny that the Aceto Group Claimants have any "priority claims" to the Defendant Assets superior to their own, and lack knowledge sufficient to admit or deny whether the Aceto Group Claimants have "priority claims" superior to those of anyone else.

6. Paragraph 6 is a legal conclusion to which no response is required.

7. The Chairnoff Claimants deny that the Aceto Group Claimants have filed a Verified Claim in this action, and lack knowledge sufficient to admit or deny the allegations in Paragraph 7 concerning the authorizations the Aceto Group Claimants allegedly have pursued or are continuing to pursue.

8. The Chairnoff Claimants admit the allegations of Paragraph 8.

9. The Chairnoff Claimants admit the allegations of Paragraph 9.

**FIRST COUNT**
**(Priority Under CPLR § 5234—Executions, as Modified by CPLR 5240)**

10. The Chairnoff Claimants incorporate and reallege each and every response to Paragraphs 1 through 9 set forth above as though set forth in full here.

11. Paragraph 11 is a legal conclusion to which no response is required.

12. Paragraph 12 is a legal conclusion to which no response is required.

13. Paragraph 13 is a legal conclusion to which no response is required.

14. Paragraph 14 is a legal conclusion to which no response is required, except that the Chairnoff Claimants deny that the Aceto Group Claimants have priority over the Chairnoff Claimants, and lack knowledge sufficient to admit or deny whether the Aceto Group Claimants have priority over anyone else.

15. The Chairnoff Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 15.

**SECOND COUNT**
**(Priority Under CPLR Article 62 – Attachment, as Modified by CPLR 5240)**

16. The Chairnoff Claimants incorporate and reallege each and every response to Paragraphs 1 through 15 set forth above as though set forth in full here.

17. Paragraph 17 is a legal conclusion to which no response is required.

18. The Chairnoff Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 18.

19. Paragraph 19 is a legal conclusion to which no response is required, except that the Chairnoff Claimants deny that the Aceto Group Claimants have priority over the Chairnoff Claimants, and lack knowledge sufficient to admit or deny whether the Aceto Group have priority over anyone else.

**THIRD COUNT**
**(Priority Under TRIA § 201)**

20. The Chairnoff Claimants incorporate and reallege each and every response to Paragraphs 1 through 19 set forth above as though set forth in full here.

21. The Chairnoff Claimants admit the allegations of Paragraph 21.

22. The Chairnoff Claimants admit the allegations of Paragraph 22.

23. Paragraph 23 is a legal conclusion to which no response is required.

24. The Chairnoff Plaintiffs deny that the Aceto Group Claimants' rights, if any, to the Defendant Assets have any priority over the Chairnoff Claimants' rights to the same assets.

**FOURTH COUNT**
**(Declaratory Relief)**

25. The Chairnoff Claimants incorporate and reallege each and every response to Paragraphs 1 through 24 set forth above as though set forth in full here.

26. The Chairnoff Claimants admit the allegations of Paragraph 26, but deny that ad hoc

cross-claims for declaratory relief brought by individual claimant groups are the appropriate or superior method for resolving such controversies under the present circumstances.

27. The Chairnoff Claimants deny that the Aceto Group Claimants' rights, if any, to the Defendant Assets have any priority over the Chairnoff Claimants' rights to the same assets.

**DEFENSES**

The Chairnoff Claimants expressly reserve all other potential responses and defenses (without conceding that they bear the burden on any of them) to these Cross-Claims, including without limitation that they fail to state a claim, are premature or otherwise nonjusticiable, that the Aceto Group Claimants lack standing, and that the Cross-Claims are barred in whole or in part by waiver, estoppel, unclean hands, or any other relevant equitable doctrine.

WHEREFORE, the Chairnoff Claimants respectfully request that the Cross-Claims of the Aceto Group Claimants be denied in their entirety to the extent they seek any priority over the claims of the Chairnoff Claimants to the Defendant Assets, and furthermore denied in their entirety as inconsistent with a sensible, fair and efficient process for this Court to evaluate and adjudicate the numerous competing claims to the Defendant Assets that have been brought.

**JURY DEMAND**

The Chairnoff Claimants demand a trial by jury on all issues triable by jury.

Dated: October 12, 2026

Respectfully submitted,

By: /s/ James P. Bonner

James P. Bonner
**FLEISCHMAN BONNER & ROCCO LLP**
445 Hamilton Ave., Suite 102
White Plains, NY 10601
Telephone: (646) 415-1399
jbonner@fbrllp.com

*Attorneys for the Chairnoff Claimants*