*** Filed ***
04:10 PM, 10 Oct, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .x

**UNITED STATES OF AMERICA,**

Plaintiff,

v. **Case No. 1:25-cv-05745 (RPK)**

**APPROXIMATELY 127,271 BITCOIN ("BTC")**

PREVIOUSLY STORED AT THE VIRTUAL

CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND

ALL PROCEEDS TRACEABLE THERETO,

Defendant In Rem.

# CLAIMANT LINGZHI CHEN'S MOTION FOR RECONSIDERATION OF THE SEPTEMBER 25, 2026 MEMORANDUM AND ORDER PURSUANT TO LOCAL CIVIL RULE 6.3

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Claimant Lingzhi Chen, proceeding pro se, respectfully moves pursuant to Local Civil Rule 6.3 for reconsideration of the Court's September 25, 2026 Memorandum and Order (ECF No. 506), insofar as it denied Claimant's motion for leave to file his claim out of time (ECF No. 53). Claimant requests that the Court reconsider that determination, vacate the denial of ECF No. 53, and permit Claimant to proceed on his Verified Claim and Statement of Interest (ECF No. 118).

Date of Service: October 10, 2026

**MEMORANDUM OF LAW IN SUPPORT OF CLAIMANT LINGZHI CHEN'S MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

This motion is narrow. Claimant does not ask the Court to adjudicate now whether he will ultimately prove ownership of any particular Bitcoin, or whether the Government can ultimately defeat his claim on the merits. He asks the Court to reconsider whether the record before it was sufficient to deny him threshold standing to contest the forfeiture.

The September 25 Order correctly recognized the governing Second Circuit standard: a claimant need show only a “facially colorable interest” in the defendant property and “need not prove the full merits” of the underlying claim. *United States v. Khudainatov,* 177 F.4th 224, 228-29 (2d Cir. 2026); *United States v. Ross,* 161 F.4th 100, 109-10 (2d Cir. 2025). The difficulty is in the application of that standard to Claimant's particular record.

The Order states that the remaining prospective claimants “have not alleged facts that make these bare claims plausible.” ECF No. 506 at 10-11. But Claimant's pre-decision reply did more than make a bare assertion. It specifically stated that “Law Enforcement Tracing Confirms Claimant's Direct Property Interest,” and represented that FBI blockchain analysis had traced Claimant's funds through the cryptocurrency ecosystem into wallets later consolidated into the Defendant Cryptocurrency, including transactions involving OKX. ECF No. 155 at 2. That factual allegation was already before the Court when it decided ECF No. 506. It was not created after the Order and is not new evidence offered through this motion.

That distinction matters. Claimant's Verified Claim also alleged that approximately 157.241 ETH and 10099.76 USDC and 52,673 USD was fraudulently obtained from him; that the funds were transferred to accounts or wallets controlled or associated with the perpetrators; that the funds were converted into cryptocurrency or used to acquire cryptocurrency subsequently seized and included in the Defendant Assets; and that Claimant asserts a superior equitable and possessory interest in the portion traceable to his losses. ECF No. 118 3-10. His reply then supplied the additional factual assertion that law-enforcement blockchain analysis had traced those funds into wallets later consolidated into the seized cryptocurrency. ECF No. 155 at 2.

Thus, the issue is not whether a fraud victim automatically has standing. Claimant agrees that a general unsecured creditor does not. The issue is whether this particular claimant, who alleged a specific loss, a specific theory of property interest, and a pre-decision law-enforcement tracing basis connecting his funds to the defendant cryptocurrency, was required at this threshold stage to prove the complete tracing chain that would ultimately establish the merits of his property claim.

For the reasons below, reconsideration is warranted to correct a clear error and prevent manifest injustice.

## II. LEGAL STANDARD

Local Civil Rule 6.3 requires a motion for reconsideration to be served within fourteen days after entry of the challenged order and requires the movant to identify concisely the matters or controlling decisions that the Court overlooked. The standard is strict. Reconsideration is generally appropriate only where the movant identifies an intervening change in controlling law, newly available evidence, or a need to correct clear error or prevent manifest injustice. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.,* 729 F.3d 99, 104 (2d Cir. 2013); *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995).

Claimant does not seek to re-litigate the prior motion or present a new theory. The motion identifies a specific portion of the existing record that the Order did not address—ECF No. 155's factual assertion concerning FBI blockchain tracing—and explains why that record matter is material under the controlling Second Circuit standard governing the threshold Article III inquiry.

## III. THE COURT SHOULD RECONSIDER THE APPLICATION OF THE "FACIALLY COLORABLE INTEREST" STANDARD TO CLAIMANT'S EXISTING RECORD

The September 25 Order expressly recognized that Article III standing in a civil forfeiture action is a threshold inquiry and that a claimant need show only a facially colorable interest rather than prove the full merits of the underlying claim. ECF No. 506 at 6-7; *Khudainatov,* 177 F.4th at 228-29; *Ross,* 161 F.4th at 109-10.

The Second Circuit's formulation is important because it distinguishes standing from ultimate entitlement. In does, the Court explained that a claimant must demonstrate Article III standing

before being heard, but that the claimant's showing need only establish a facially colorable interest in the property. 161 F.4th at 109-10. *Khudainatov* likewise states that a claimant "need not prove the full merits" of the underlying claim at the standing stage. 177 F.4th at 228-29.

Claimant's record crossed that threshold. ECF No. 118 was a verified claim expressly asserting an ownership and equitable interest in the portion of the Defendant Assets traceable to Claimant's transferred funds. ECF No. 118 $J 3-10. It did not merely allege that Claimant had been defrauded. It alleged a property relationship: that Claimant's funds were transferred to perpetrator-controlled accounts or wallets, converted into cryptocurrency or used to acquire cryptocurrency, and subsequently became part of the seized Defendant Assets. Id. $ 4-7.

More importantly, ECF No. 155 did not leave the tracing theory at the level of speculation. It stated that law enforcement had traced Claimant's funds through blockchain analysis into wallets later consolidated into the Defendant Cryptocurrency. ECF No. 155 at 2. The Court was therefore presented, before entry of ECF No. 506, with a factual basis that, if accepted, would distinguish Claimant from a person who merely alleges that he was victimized by a Prince Group scam and hopes that some of the forfeited property might someday prove to be his.

The Court's conclusion that the remaining claimants had offered only "bare claims" therefore warrants reconsideration as applied to Claimant. ECF No. 506 at 10-11. Claimant's submission contained a particularized allegation of tracing that the Order did not address.

## IV. THE ORDER'S TRACING ANALYSIS EFFECTIVELY REQUIRED MERITS-LEVEL PROOF AT THE STANDING STAGE

The Court correctly cited *United States v. Peoples Benefit Life Insurance Co.,* 271 F.3d 411, 416 n.4 (2d Cir. 2001), for the proposition that a claimant seeking a constructive trust must trace property into the wrongdoer's hands. ECF No. 506 at 9. Claimant does not dispute that tracing ultimately matters to a constructive-trust theory.

But *Peoples Benefit* does not eliminate the distinction between establishing a facially colorable interest for Article III purposes and proving the ultimate merits of a constructive-trust claim. The Second Circuit's later decisions make that distinction explicit. Ross and

Khudainatov require a facially colorable interest and reject a requirement that a claimant prove the full merits at the threshold.

That distinction is particularly important here because the Government's own complaint describes the Defendant Cryptocurrency as the product of extensive layering, commingling, disaggregation, funneling, and laundering across a complex network of wallets. ECF No. 506 at 2-3 (summarizing Complaint $$ 4 8). In that setting, requiring an individual victim to establish the entire chain of custody and every intermediate transaction before permitting the victim even to contest the forfeiture risks converting the standing inquiry into the merits adjudication that *Khudainatov* says is not required.

The Court need not decide at this stage whether Claimant will ultimately establish a constructive trust, a superior equitable interest, or the precise amount of Defendant Cryptocurrency that is traceable to his losses. Those are merits questions. The narrower question is whether Claimant has alleged enough to establish a facially colorable interest. His verified claim and his pre-decision tracing allegation, taken together, satisfy that threshold.

## V. CLAIMANT IS NOT SEEKING STANDING MERELY AS A GENERAL UNSECURED CREDITOR

Claimant recognizes the force of the authorities cited in the September 25 Order holding that a general unsecured creditor ordinarily lacks standing to challenge a forfeiture. *See United States v. Cambio Exacto, S.A.,* 166 F.3d 522, 528-29 (2d Cir. 1999); *United States v. Khan,* No. 97-6083, 1997 WL 701366, at *1 (2d Cir. 1997).

Those eases do not require denial here because Claimant is not asserting merely a debt owed by the alleged wrongdoers. He asserts an interest in the res itself based on the contention that his particular funds, or property derived from those funds, entered the chain of assets culminating in the Defendant Cryptocurrency. ECF No. 118 $J 3-10; ECF No. 155 at 2.

*Cambio Exacto* itself emphasizes that ownership is evidence of direct injury, but Article III standing ultimately turns on whether the claimant has suffered an injury sufficiently connected to the government's challenged conduct and redressable by the court. 166 F.3d at 527-29. Here, Claimant alleges a direct economic injury caused by the alleged theft of his funds and asserts that the property now subject to forfeiture includes the traceable proceeds of that

loss. That is materially different from an ordinary creditor asserting only a right to reimbursement from another person.

**VI. THE COURT SHOULD NOT TREAT THE SEPTEMBER 25 ORDER AS A MERITS ADJUDICATION OF CLAIMANT'S PROPERTY INTEREST**

The requested relief is limited. Claimant does not ask the Court to declare that he owns any particular Bitcoin today. He asks for leave to participate in the forfeiture proceeding and to have his verified claim recognized for purposes of contesting the forfeiture.

Supplemental Rule G permits the Government to test a claimant's relationship to the defendant property through special interrogatories, and Rule G(8)(c)(ii) contemplates adjudication of standing through judgment on the pleadings, a hearing, or summary judgment. That procedural structure confirms that a claimant may have to establish the factual basis for the asserted property interest through further proceedings; it does not require every factual and tracing issue to be conclusively resolved before the claimant may participate at all.

If the Government disputes Claimant's assertion that FBI blockchain analysis traced his funds into wallets later consolidated into the Defendant Cryptocurrency, that dispute can be tested through the procedures available under Rule G. Claimant should not be denied threshold access to the forfeiture proceeding based on a merits-level demand for proof where the record already contains a specific tracing allegation.

**VII. RECONSIDERATION WILL NOT PREJUDICE THE GOVERNMENT**

Granting reconsideration would not determine the merits in Claimant's favor. It would simply permit Claimant to file and pursue his verified claim. The Government would retain every substantive defense available to it, including the ability to contest the alleged tracing, the legal sufficiency of Claimant's asserted property interest, and the ultimate amount, if any, to which Claimant is entitled.

Nor is Claimant relying on new evidence. He expressly does not rely on the transaction summary or other materials developed after the September 25 Order as a basis for reconsideration. The factual point on which this motion relies—the allegation that FBI blockchain analysis traced Claimant's funds into wallets later consolidated into the Defendant Cryptocurrency—was stated in ECF No. 155 before the Court ruled. This motion therefore

asks the Court to reconsider the existing record, not to reopen the case based on post-decision evidence.

## VIII. CONCLUSION

Claimant respectfully submits that the September 25 Order should be reconsidered because the Court's application of the governing standing standard did not account for the specific tracing allegation already contained in ECF No. 155. The record before the Court was not limited to a generalized assertion of victimhood. Claimant submitted a verified claim asserting an interest in the Defendant Assets and a pre-decision reply stating that law-enforcement blockchain analysis had traced his funds into wallets later consolidated into the Defendant Cryptocurrency.

Under *Ross* and *Khudainatov,* Claimant was required at the threshold to demonstrate a facially colorable interest, not prove the full merits of his property claim. The existing record, construed at the threshold stage, satisfies that requirement.

WHEREFORE, Claimant Lingzhi Chen respectfully requests that the Court:

1. Grant this motion for reconsideration pursuant to Local Civil Rule 6.3;
2. Vacate the portion of the September 25, 2026 Memorandum and Order (ECF No. 506) denying Claimant's motion for leave to file his claim out of time (ECF No. 53);
3. Grant Claimant leave to file his claim out of time and permit ECF No. 118 to stand as Claimant's Verified Claim and Statement of Interest; and
4. Grant such other and further relief as the Court deems just and proper.

Date: October 10, 2026

Respectfully submitted,

/s/ Lingzhi Chen

Lingzhi Chen
Claimant, Pro Se
2214 124th St, College Point, NY 11356
(718) 795-6610
chlingzhi@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2026, I caused a true and correct copy of the foregoing Motion for Reconsideration and supporting memorandum to be filed with the Clerk of Court through the Court's CM/ECF system, which will effect service upon all parties registered for electronic service.

Date: October 10, 2026



/s/ Lingzhi Chen

Lingzhi Chen

Claimant, Pro Se