**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff,

-against-

APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,

Defendants *In Rem*.

No. 1:25-cv-05745-RPK

**_HAVLISH_ CLAIMANTS' ANSWER TO THE CROSSCLAIMS OF THE _ACETO_ CLAIMANTS AT ECF 350**

The *Havlish* Claimants comprise six groups of judgment creditors (*Havlish*, *Hoglan*, *Ray*, *Maher*, *Bauer*, and *Parker*) who respectfully submit this Answer to the Crossclaims of the *Aceto* Claimants pursuant to Rule 12 and answer as follows:

1. This paragraph is a legal conclusion to which no response is required.
2. This paragraph is a legal conclusion to which no response is required.
3. This paragraph is a legal conclusion to which no response is required.
4. This paragraph is a legal conclusion to which no response is required.
5. This paragraph is a legal conclusion to which no response is required.
6. This paragraph is a legal conclusion to which no response is required.
7. This paragraph is a legal conclusion to which no response is required.

8. Admitted in part, denied in part. It is admitted that the Defendant Cryptocurrency is a blocked asset of an agency and instrumentality of Iran. It is denied that the *Aceto* Claimants have satisfied the requirements to attach and execute upon the Defendant Cryptocurrency.

9. Admitted.

**FIRST COUNT**
**(Priority Under CPLR § 5234 – Executions)**

10. The *Havlish* Claimants restate and reallege their previous answers in the preceding paragraphs as if fully set forth herein.

11. This paragraph is a legal conclusion to which no response is required. It is specifically denied that the *Aceto* Claimants can assert priority via a crossclaim against similarly situated TRIA Claimants.

12. This paragraph is a legal conclusion to which no response is required. It is specifically denied that the *Aceto* Claimants can assert priority via a crossclaim against similarly situated TRIA Claimants.

13. This paragraph is a legal conclusion to which no response is required. It is specifically denied that the *Aceto* Claimants can assert priority via a crossclaim against similarly situated TRIA Claimants.

14. Denied. It is specifically denied that the *Aceto* Claimants have any priority over the *Havlish* Claimants. It is further denied that the *Aceto* Claimants can assert priority via a crossclaim against similarly situated TRIA Claimants. Further, This “broad discretionary power” has primarily been used to restrain impending Sheriff’s sales of residences “on the ground that creditors could easily resort to less intrusive means to satisfy judgments.” Guardian Loan Company, Inc. at 519 citing Hammond v Econo-Car of North Shore, 71 Misc.2d 546 (1972)(when a judgment lien supplied security to the judgment creditor, court modified an order

for Sheriff's sale under CPLR 5240 and restrained the creditor from executing upon a separated husband's tenancy by the entirety interest in the family home when wife and children, who did not incur the debt, would be affected); Holmes v W. T. Grant, Inc., 71 Misc.2d 486, 487 (1972)(in light of a judgment lien on the property, "[t]he exercise of these powers [under CPLR 5240] requires harmonizing the judgment debtor's interest in avoiding irreparable family harm resulting from execution upon the real property with the legitimate interest of a creditor in securing payment of a valid debt…[t]he forced sale of a family home housing two adults and four teenage children will result in serious disruption and loss of family security, both as regards their permanent shelter and the education and neighborhood associations of the children."); Gilchrist v Commercial Credit Corp., 66 Misc.2d 791, 792 (1971) (with no record evidence that creditor had attempted to collect on its judgment, court relied on its authority under CPLR 5240 to stay an execution upon a husband's tenancy by the entirety interest in the family home, emphasizing the harmful "consequences that would flow from the transfer of [Mrs. Gilchrist's] husband's interest to a third party, and, perhaps more importantly, [subjection of] her children to the risk that their home would be lost entirely if their mother did not survive their father."). "In other cases, where there has been a showing that a judicial sale will not bring a representative price, the terms of the sale have been varied [under CPLR 5240] from those set forth in CPLR 5236 to safeguard the judgment debtor's interest." Guardian Loan Company, Inc. at 519 citing Olsen v. Robaey, 45 Misc.2d 33 (1965). And in Paz v. Long Island Railroad, 241 A.D.2d 486 (2nd Dep't 1997), the Appellate Division held that LIRR was authorized under CPLR 5240 to stay enforcement of plaintiff's employment discrimination judgment so that two liens asserted by LIRR for various employment benefits could be considered as an offset.

15. The *Havlish* Claimants lack sufficient information to admit or deny the averments in this paragraph. Further, it is specifically denied that the *Aceto* Claimants can assert priority via a crossclaim against similarly situated TRIA Claimants. The *Havlish* Claimants respectfully request that the relief sought by the *Aceto* Claimants be denied.

**SECOND COUNT**
**(Priority Under CPLR Article 62 – Attachment)**

16. The *Havlish* Claimants restate and reallege their previous answers in the preceding paragraphs as if fully set forth herein.

17. Denied. It is specifically denied that the *Aceto* Claimants have any priority over the *Havlish* Claimants. It is further denied that the *Aceto* Claimants can assert priority via a crossclaim against similarly situated TRIA Claimants. Further, This "broad discretionary power" has primarily been used to restrain impending Sheriff's sales of residences "on the ground that creditors could easily resort to less intrusive means to satisfy judgments." Guardian Loan Company, Inc. at 519 citing Hammond v Econo-Car of North Shore, 71 Misc.2d 546 (1972)(when a judgment lien supplied security to the judgment creditor, court modified an order for Sheriff's sale under CPLR 5240 and restrained the creditor from executing upon a separated husband's tenancy by the entirety interest in the family home when wife and children, who did not incur the debt, would be affected); Holmes v W. T. Grant, Inc., 71 Misc.2d 486, 487 (1972)(in light of a judgment lien on the property, "[t]he exercise of these powers [under CPLR 5240] requires harmonizing the judgment debtor's interest in avoiding irreparable family harm resulting from execution upon the real property with the legitimate interest of a creditor in securing payment of a valid debt…[t]he forced sale of a family home housing two adults and four teenage children will result in serious disruption and loss of family security, both as regards their permanent shelter and the education and neighborhood associations of the children.");

Gilchrist v Commercial Credit Corp., 66 Misc.2d 791, 792 (1971) (with no record evidence that creditor had attempted to collect on its judgment, court relied on its authority under CPLR 5240 to stay an execution upon a husband's tenancy by the entirety interest in the family home, emphasizing the harmful "consequences that would flow from the transfer of [Mrs. Gilchrist's] husband's interest to a third party, and, perhaps more importantly, [subjection of] her children to the risk that their home would be lost entirely if their mother did not survive their father."). "In other cases, where there has been a showing that a judicial sale will not bring a representative price, the terms of the sale have been varied [under CPLR 5240] from those set forth in CPLR 5236 to safeguard the judgment debtor's interest." Guardian Loan Company, Inc. at 519 citing Olsen v. Robaey, 45 Misc.2d 33 (1965). And in Paz v. Long Island Railroad, 241 A.D.2d 486 (2nd Dep't 1997), the Appellate Division held that LIRR was authorized under CPLR 5240 to stay enforcement of plaintiff's employment discrimination judgment so that two liens asserted by LIRR for various employment benefits could be considered as an offset.

18. This paragraph is a legal conclusion to which no response is required. It is specifically denied that the *Aceto* Claimants can assert attachment rights via a crossclaim against similarly situated TRIA Claimants.

19. Denied. It is specifically denied that the *Aceto* Claimants have any priority over the *Havlish* Claimants. It is further denied that the *Aceto* Claimants can assert priority via a crossclaim against similarly situated TRIA Claimants. Further, This "broad discretionary power" has primarily been used to restrain impending Sheriff's sales of residences "on the ground that creditors could easily resort to less intrusive means to satisfy judgments." Guardian Loan Company, Inc. at 519 citing Hammond v Econo-Car of North Shore, 71 Misc.2d 546 (1972)(when a judgment lien supplied security to the judgment creditor, court modified an order

for Sheriff's sale under CPLR 5240 and restrained the creditor from executing upon a separated husband's tenancy by the entirety interest in the family home when wife and children, who did not incur the debt, would be affected); Holmes v W. T. Grant, Inc., 71 Misc.2d 486, 487 (1972)(in light of a judgment lien on the property, "[t]he exercise of these powers [under CPLR 5240] requires harmonizing the judgment debtor's interest in avoiding irreparable family harm resulting from execution upon the real property with the legitimate interest of a creditor in securing payment of a valid debt…[t]he forced sale of a family home housing two adults and four teenage children will result in serious disruption and loss of family security, both as regards their permanent shelter and the education and neighborhood associations of the children."); Gilchrist v Commercial Credit Corp., 66 Misc.2d 791, 792 (1971) (with no record evidence that creditor had attempted to collect on its judgment, court relied on its authority under CPLR 5240 to stay an execution upon a husband's tenancy by the entirety interest in the family home, emphasizing the harmful "consequences that would flow from the transfer of [Mrs. Gilchrist's] husband's interest to a third party, and, perhaps more importantly, [subjection of] her children to the risk that their home would be lost entirely if their mother did not survive their father."). "In other cases, where there has been a showing that a judicial sale will not bring a representative price, the terms of the sale have been varied [under CPLR 5240] from those set forth in CPLR 5236 to safeguard the judgment debtor's interest." Guardian Loan Company, Inc. at 519 citing Olsen v. Robaey, 45 Misc.2d 33 (1965). And in Paz v. Long Island Railroad, 241 A.D.2d 486 (2nd Dep't 1997), the Appellate Division held that LIRR was authorized under CPLR 5240 to stay enforcement of plaintiff's employment discrimination judgment so that two liens asserted by LIRR for various employment benefits could be considered as an offset.

**THIRD COUNT**
**(Priority Under TRIA § 201 and Federal Law)**

20. The *Havlish* Claimants restate and reallege their previous answers in the preceding paragraphs as if fully set forth herein.

21. Admitted.

22. Admitted.

23. Admitted.

24. This paragraph is a legal conclusion to which no response is required. The *Havlish* Claimants specifically deny that their claims are subordinate to those of the *Aceto* Claimants. It is further denied that the *Aceto* Claimants can assert attachment rights via a crossclaim against similarly situated TRIA Claimants.

**FOURTH COUNT**
**(Declaratory Relief)**

25. The *Havlish* Claimants restate and reallege their previous answers in the preceding paragraphs as if fully set forth herein.

26. Denied. At this time, any dispute as to priority is not ripe for adjudication.

27. This paragraph is a legal conclusion to which no response is required. It is specifically denied that the *Aceto* Claimants hold any priority over the *Havlish* Clamants. At this time, any dispute as to priority is not ripe for adjudication.

**PRAYER FOR RELIEF**

28. The *Havlish* Claimants respectfully request that the relief sought by the *Aceto* Claimants be denied.

29. The *Havlish* Claimants respectfully request that the relief sought by the Aceto Claimants be denied.

30. The *Havlish* Claimants respectfully request that the relief sought by the Aceto Claimants be denied.

31. The *Havlish* Claimants respectfully request that the relief sought by the Aceto Claimants be denied.

32. The *Havlish* Claimants respectfully request that the relief sought by the Aceto Claimants be denied.

33. The *Havlish* Claimants respectfully request that the relief sought by the Aceto Claimants be denied.

34. The *Havlish* Claimants respectfully request that the relief sought by the Aceto Claimants be denied.

35. The *Havlish* Claimants respectfully request that the relief sought by the Aceto Claimants be denied.

## DEFENSES

1. The *Aceto* Claimants fail to state any claim upon which can be granted.

2. The Crossclaims are premature.

3. The *Havlish* Claimants expressly reserve all other defenses.

WHEREFORE, the *Havlish* Claimants respectfully request that the *Aceto* Claimants' Crossclaims be dismissed in their entirety.

Respectfully Submitted,

Date: October 14, 2026

*/s/* Douglass A. Mitchell

Douglass A. Mitchell (NV Bar No. 3775)
Pro Hac Vice Pending
MITCHELL ALLYN, LTD.
1000 N. Green Valley Pkwy, Suite 440-575
Henderson, NV 89074
Tel: (702) 350-1208
dmitchell@mitchellallyn.com

*Attorney for the* Havlish *Judgment Creditors*