**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendant *In Rem*. | JURY TRIAL DEMANDED<br><br>Civil Action No. 25-5745 (RPK) |

**9/11 CLAIMANTS' ANSWER TO CROSS-CLAIMS BY IRANIAN TERRORISM VICTIMS CLAIMANTS**

Pursuant to Rule G(5)(b) of the Federal Rules of Civil Procedure, the *O'Neill*, *Burnett*, *Ashton*, and *Ashton-Burlingame* Claimants (together, the "9/11 Claimants") (as amended from time to time),[1] on behalf of over 12,000 family members and individuals who either sustained physical injuries as victims of the September 11, 2001 terrorist attacks (the "9/11 Attacks") or are the estate representatives of individuals killed in the 9/11 Attacks and have been awarded compensatory damages judgments totaling over approximately $93,698,050,499, *exclusive of interest*, under 28 U.S.C. §§ 1605A and 1605B against the Islamic Republic of Iran ("Iran") for its role in sponsoring the 9/11 Attacks, hereby submit an answer to the Cross-Claims submitted by Iranian Terrorism Victims Claimants, dated February 25, 2026 (ECF No. 252), as follows:

**RESPONSE TO CROSS-CLAIM FOR PRIORITY**

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

[1] A full list of the 9/11 Claimants is included as exhibits to the Verifications of the 9/11 Claimants' Claims. *See* ECF Nos. 160-3, 160-7, 160-11, 160-15, 163-1, 163-5, 163-9, 163-15, 258-3, 260-1, 493-3, 495-1.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, admitted that the Defendant Cryptocurrency is subject to attachment and execution pursuant to TRIA § 201, but the 9/11 Claimants lack knowledge sufficient to confirm or deny whether the Defendant Cryptocurrency is subject to attachment and execution by the Iranian Terrorism Victims Claimants.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

**FIRST COUNT**
**(Priority Under CPLR § 5234 – Executions)**

10. The 9/11 Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 12.

12. Paragraph 12 contains legal conclusions to which no response is required.

13. Paragraph 13 contains legal conclusions to which no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, denied.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 16.

**SECOND COUNT**
**(Priority under CPLR Article 62 – Attachment)**

17. The 9/11 Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, the 9/11 Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, denied.

**THIRD COUNT**
**(Priority under TRIA § 201)**

22. The 9/11 Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

23. Paragraph 23 contains legal conclusions to which no response is required.

24. Paragraph 24 contains legal conclusions to which no response is required.

25. Paragraph 25 contains legal conclusions to which no response is required.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, denied.

**FOURTH COUNT**
**(Declaratory Relief)**

27. The 9/11 Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, admitted.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, denied.

**AFFIRMATIVE AND OTHER DEFENSES**

30. The defenses asserted herein are based on the 9/11 Claimants' knowledge, information, and belief at this time. The 9/11 Claimants specifically reserve the right to assert

additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Iranian Terrorism Victims Claimants' Cross-Claims except as may be specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the Iranian Terrorism Victims Claimants' and the government's claims, the 9/11 Claimants assert the following affirmative and other defenses:

**FIRST AFFIRMATIVE DEFENSE**

31. The Iranian Terrorism Victims Claimants' first Two Counts—"Priority under CPLR § 5234 – Executions" and "Priority Under CPLR Article 62 – Attachment"—fail to state a claim against the 9/11 Claimants as a matter of law. Priority under CPLR §§ 6226 and 5234 is based upon which party first serves an execution upon the sheriff to levy against said property. At this time, no Claimant in this action has been granted an execution or attachment by any court, and therefore no Claimant has yet served the sheriff yet. Accordingly, the Iranian Terrorism Victims Claimants do not have priority over any other Claimant, including the 9/11 Claimants, and the Iranian Terrorism Victims Claimants' first Two Counts of their cross-claim must therefore be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

32. The Iranian Terrorism Victims Claimants' Third Count—"Priority Under TRIA § 201"—fails to state a claim against the 9/11 Claimants as a matter of law. Like the Iranian Terrorism Victims Claimants, the 9/11 Claimants hold compensatory damage judgments against Iran based on acts of terrorism, and are claimants under the Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"). TRIA does not create a right of action for claimant to sue another nor does it provide for a hierarchy of priority among judgment holders. Accordingly, TRIA does

not provide any basis to give priority to the Iranian Terrorism Victims Claimants over the 9/11 Claimants, and this cross-claim must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

33. The Court should utilize the broad discretion granted to it by CPLR § 5240 to ensure that any execution or attachment issued in this case shall provide in substance that all claims based on compensatory damage judgments against Iran for acts of terrorism shall be granted on an equitable basis as to *all* such claimants, without excluding or giving priority to any such claimants.

WHEREFORE, the 9/11 Claimants respectfully request that the Cross-Claims of the Iranian Terrorism Victims Claimants be denied in their entirety to the extent they seek any priority over the claims of the 9/11 Claimants to the Defendant Assets, and furthermore denied in their entirety as inconsistent with a sensible, fair and efficient process for this Court to evaluate and adjudicate the numerous competing claims to the Defendant Assets that have been brought.

## JURY DEMAND

The 9/11 Claimants demand a trial by jury on all issues triable by jury.

Dated: October 15, 2026

Respectfully submitted,

**ANDERSON KILL P.C.**
By: */s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander A. Greene, Esq.
7 Times Square, 15th Floor
New York, NY 10036
Tel.: (212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
*Attorneys for the O'Neill Claimants*

**KREINDLER & KREINDLER LLP**
By: */s/ Megan Wolfe Benett*
Justin T. Green, Esq.
Megan Wolfe Benett, Esq.
485 Lexington Ave
New York, NY 10017
Tel.: (212) 973-3438
jgreen@kreindler.com
mbenett@kreindler.com
*Attorneys for the Ashton Claimants*

**MOTLEY RICE LLC**
By: */s/ John M. Eubanks*
John M. Eubanks, Esq.
John C. Duane, Esq.
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
jeubanks@motleyrice.com
jduane@motleyrice.com
Tel.: (843) 216-9218
*Attorneys for the Burnett Claimants*

**SPEISER KRAUSE, P.C.**
By: */s/ Jeanne M. O'Grady*
Jeanne M. O'Grady, Esq.
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
jog@speiserkrause.com
Tel.: (914) 220-5333
*Attorneys for the Ashton-Burlingame Claimants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026, I electronically filed the foregoing 9/11 Claimants' Answer to Cross-Claims by Iranian Terrorism Victims Claimants via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF in the above-captioned matter.

Dated: October 15, 2026

/s/ *Jerry S. Goldman*
Jerry S. Goldman



DOCS-100894304.1