**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiffs,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants *In Rem*. | Civil Action No. 1:25-cv-05745 (RPK) |

**ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIMS OF THE WMJH CLAIMANTS**

Pursuant to Rule G(5)(b) of the Federal Rules of Civil Procedure, the Aceto Claimants, Akins Claimants, Blais Claimants, Blank Claimants, Brewer Claimants, Thole Claimants, Valencia Claimants, Welch Claimants, Clayton Omar Zook, Encinas Claimants, DiBenedetto Claimants, Mark Claimants, Hirshfeld Claimants, Relvas Claimants, Elvis Rusnak (f/k/a Michael Rusnak), Mark Broda, Pamela Broda, Alycia Broda, and Brenda Eilers individually and as representative of the Estate of Rosemary Ritt (the "Claimants") hereby answer the WMJH Claimants' Answer to Verified Complaint *In Rem*, Affirmative Defenses, Crossclaims and Counterclaims dated April 10, 2026, as follows:

1. The Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 1 and therefore deny them.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that this Court has jurisdiction over this matter.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that venue is proper in this Court.

4. The Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4 and therefore deny them.

5. The Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 5 and therefore deny them.

6. The Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 6 and therefore deny them.

7. The Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 7 and therefore deny them.

8. The Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 8 and therefore deny them.

9. Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 9 and therefore deny them.

10. Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 10 and therefore deny them.

11. Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 11 and therefore deny them.

12. Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 12 and therefore deny them.

13. Paragraph 13 contains legal conclusions to which no response is required. The Claimants refer to the statute set forth in Paragraph 13 for the specific provisions thereof.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that Iran is a "terrorist party" under TRIA § 201(c).

15. The Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 15 and therefore deny them, except to the extent the paragraph alleges that the Claimants have a legal, equitable, possessory, property, or contingent interest in the Defendant Cryptocurrency.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that the Defendant Cryptocurrency constitutes, on information and belief, blocked assets of Iran or its agency or instrumentality and is therefore subject to attachment and execution under TRIA § 201, but deny that the allegations in Paragraph 16 establish any right, title, interest, or priority in the Defendant Cryptocurrency superior to that of the Claimants.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that TRIA creates a priority execution regime favoring holders of terrorism judgments over competing non-TRIA claimants.

18. In response to Paragraph 18, the Claimants deny that the Claimants' claims are subordinate to the WMJH Claimants' TRIA Claims.

19. The Claimants lack knowledge or information sufficient to admit or deny which cross-claims or counterclaims the WMJH Claimants purport to adopt in Paragraph 19 and therefore deny those allegations. To the extent Paragraph 19 purports to incorporate claims asserting priority over the Claimants, the Claimants deny that any such incorporated allegations establish a superior right, title, or interest in the Defendant Cryptocurrency

**WHEREFORE**, the Claimants deny that the WMJH Claimants are entitled to the requested relief set forth in Paragraphs a through f, and respectfully request that the WMJH Claimants' Cross-Claims be dismissed with prejudice as against the Claimants, and respectfully request that the Court grant the Claimants their fees and costs incurred in this action, along with any other additional and further relief in the Claimants' favor that the Court deems just and equitable.

## AFFIRMATIVE AND OTHER DEFENSES

1. The WMHJ Claimants' cross-claims fail to state a claim against the Claimants upon which relief can be granted.

2. The Claimants possess a legally cognizable statutory interest in the Defendant Cryptocurrency sufficient to confer standing, including priority execution rights under TRIA.

3. The Claimants assert statutory execution rights under TRIA § 201, notwithstanding any competing forfeiture claims, that must be preserved and adjudicated prior to any forfeiture or disposition of the Defendant Cryptocurrency.

4. Upon information and belief, and as alleged by the United States, the Defendant Cryptocurrency constitutes blocked assets of a terrorist party or its agency or instrumentality within the meaning of TRIA.

5. Any forfeiture or disposition of the Defendant Cryptocurrency without due process to adjudicate and preserve the Claimants' asserted statutory interests would violate the Fifth Amendment, including the prohibition on the taking of property without just compensation.

6. TRIA's "notwithstanding" clause supersedes, to the extent of any conflict, the forfeiture statutes relied upon by the United States.

7. To the extent equitable principles or CPLR § 5240 are invoked, the Claimants deny that such principles provide a basis, on the facts presented, to subordinate or extinguish their statutory enforcement rights or to award competing claimants priority without satisfying applicable legal requirements.

8. To the extent forfeiture is imposed in a manner that operates punitively against the Claimants' asserted statutory interests, such forfeiture would be constitutionally excessive.

9. The Claimants deny that 34 U.S.C. § 20144(e) authorizes disposition of the Defendant Cryptocurrency in derogation of any enforceable rights they possess under TRIA and applicable law, and expressly preserve their objections to any proposed disposition that would impair those rights.

10. To the extent the Defendant Cryptocurrency is not required to be transferred to the Claimants, it is required to be deposited into the United States Victims of State Sponsored Terrorism Fund. *See* 34 U.S.C. § 20144(e)(2)(A).

11. The Claimants reserve the right, subject to the Federal Rules of Civil Procedure, to amend this Answer and to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the discovery of information during further proceedings, and to pursue alternative remedies under any and all applicable law.

12. We expressly reserve all other potential responses and defenses not already asserted herein.

Dated: October 15, 2026

*/s/ Robert A. Braun*____________
Robert A. Braun (Bar Code 5384748)
**COHEN MILSTEIN SELLERS & TOLL LLP**

1100 New York Ave. NW ● Eighth Floor
Washington, DC 20005
(202) 408-4600
RBraun@cohenmilstein.com

*Counsel for All Claimants*

Paul G. Gaston (*pro hac vice*)
**The Law Offices of Paul G. Gaston**
1101 Connecticut Avenue, NW, Suite 450
Washington DC 20036
(202) 296-5856
paul@gastonlawoffice.com

*Counsel for Aceto Claimants, Akins Claimants, Blais Claimants, Blank Claimants, Brewer Claimants, Thole Claimants, Valencia Claimants, Welch Claimants, and Hirshfeld Claimants*