**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiffs,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants *In Rem*. | Civil Action No. 1:25-cv-05745 (RPK) |

**ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIMS OF THE IRANIAN TERRORISM VICTIMS CLAIMANTS**

The Weinstock Claimants, Mustard Claimants, Johnson Claimants, and Heching Claimants, (the "Claimants") hereby answer the Iranian Terrorism Victims Claimants' Amended Answer to Verified Complaint *In Rem* dated February 25, 2026 (ECF 252), as follows:

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that this Court has jurisdiction over this matter.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that venue is proper in this Court.

3. The Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 3 and therefore deny them.

4. The Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 4 and therefore deny them, except to the extent the paragraph alleges that

the Claimants have a legal, equitable, possessory, property, or contingent interest in the Defendant Cryptocurrency.

5. The Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 5 and therefore deny them.

6. The Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 6 and therefore deny them. With respect to the Iranian Terrorism Victims Claimants' assertion that they are not bringing a cause of action against the United States or a foreign sovereign, the Claimants deny those allegations, and admit only that execution against blocked assets is specifically permitted and authorized by TRIA.

7. The Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 7 and therefore deny them.

8. To the extent a response is required, the Claimants admit that the Defendant Cryptocurrency constitutes, on information and belief, blocked assets of Iran or its agency or instrumentality and is therefore subject to attachment and execution under TRIA § 201, but deny that the allegations in Paragraph 8 establish any right, title, interest, or priority in the Defendant Cryptocurrency superior to that of the Claimants

9. The Claimants admit that multiple parties now assert competing interests in the Defendant Cryptocurrency, including other judgment creditors and non-TRIA claimants.

## FIRST COUNT

**(Priority under CPLR 5234—Executions, as modified by CPLR 5240)**

10. The Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants deny that any of the allegations in Paragraph 11 confer

on the Iranian Terrorism Victims Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Claimants in the Defendant Cryptocurrency.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that federal courts routinely apply state execution priority rules, including CPLR § 5234, in aid of federal judgments and execution proceedings, and deny that any of the allegations in Paragraph 12 confer on the Iranian Terrorism Victims Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Claimants in the Defendant Cryptocurrency.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that CPLR § 5234(b) establishes a priority regime among judgment creditors executing on the same property, keyed to the time of delivery of execution, levy, and related enforcement steps, and deny that any of the allegations in Paragraph 13 confer on the Iranian Terrorism Victims Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Claimants in the Defendant Cryptocurrency.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants deny that CPLR § 5234(c) establishes the priority rule alleged in Paragraph 14, and deny that any of the allegations in Paragraph 14 confer on the Iranian Terrorism Victims Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Claimants in the Defendant Cryptocurrency.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants deny that the Iranian Terrorism Victims Claimants

have priority over the Claimants under CPLR § 5234 or that it provides a basis to award the Claimants superior priority in order to facilitate an equitable distribution among all victims of terrorism.

16. The Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 16 and therefore deny them.

**SECOND COUNT**

**Priority under CPLR Article 62 – Attachment, as modified by CPLR 5240)**

17. The Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants deny that any of the allegations in Paragraph 18 confer on the Iranian Terrorism Victims Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Claimants in the Defendant Cryptocurrency.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that CPLR Article 62 governs prejudgment and post-judgment attachment and establishes priority based on applicable statutory requirements concerning delivery of attachment orders, levy, and enforcement, and deny that any of the allegations in Paragraph 19 confer on the Iranian Terrorism Victims Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Claimants in the Defendant Cryptocurrency.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants deny that any of the allegations in Paragraph 20 confer on the Iranian Terrorism Victims Claimants any right, title or interest in the Defendant

Cryptocurrency that is superior to the right, title or interest of the Claimants in the Defendant Cryptocurrency.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants deny that the Iranian Terrorism Victims Claimants have priority over the Claimants under CPLR § 5234 and assert that the Claimants are entitled to priority over all competing creditors.

**THIRD COUNT**

**(Priority under TRIA § 201)**

22. The Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

23. Paragraph 23 contains legal conclusions to which no response is required. The Claimants refer to the statute set forth in Paragraph 23 for the specific provisions thereof.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that TRIA's "notwithstanding" clause preempts inconsistent state and federal law, overrides competing claims not grounded in TRIA, and elevates qualifying terrorism judgment creditors over all non-TRIA claimants, and the Claimants deny that any of the allegations in Paragraph 24 confer on the Iranian Terrorism Victims Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Claimants in the Defendant Cryptocurrency.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that federal courts have consistently recognized that TRIA creates a priority execution regime favoring holders of terrorism judgments over competing non-TRIA claimants, subject to the procedural sequencing required by forfeiture and execution law, and the Claimants deny that any of the allegations in Paragraph 25 confer on the

Iranian Terrorism Victims Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Claimants in the Defendant Cryptocurrency.

26. In response to Paragraph 26, the Claimants deny that their claims are subordinate to the Iranian Terrorism Victims Claimants' TRIA Claims, and assert that, even if competing claimants satisfy federal forfeiture and/or state-law execution or attachment requirements, competing claimants' claims are subordinate to the Claimants' TRIA-based rights.

**FOURTH COUNT**
**(Declaratory Relief)**

27. The Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that an actual and justiciable controversy exists concerning the relative priority of the parties' interests in the Defendant Cryptocurrency.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, the Claimants deny that any of the allegations in Paragraph 29 confer on the Iranian Terrorism Victims Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Claimants in the Defendant Cryptocurrency.

**WHEREFORE**, the Claimants deny that the Iranian Terrorism Victims Claimants are entitled to the requested relief set forth in Paragraphs 30 through 37, and respectfully request that the Iranian Terrorism Victims Claimants' Cross-Claims be dismissed with prejudice as against the Claimants, and respectfully request that the Court grant the Claimants their fees and costs incurred in this action, along with any other additional and further relief in the Claimants' favor that the Court deems just and equitable.

## AFFIRMATIVE AND OTHER DEFENSES

1. The Iranian Terrorism Victims Claimants' cross-claims fail to state a claim against the Claimants upon which relief can be granted.

2. The Claimants possess a legally cognizable statutory interest in the Defendant Cryptocurrency sufficient to confer standing, including priority execution rights under TRIA.

3. The Claimants assert statutory execution rights under TRIA § 201, notwithstanding any competing forfeiture claims, that must be preserved and adjudicated prior to any forfeiture or disposition of the Defendant Cryptocurrency.

4. Upon information and belief, and as alleged by the United States, the Defendant Cryptocurrency constitutes blocked assets of a terrorist party or its agency or instrumentality within the meaning of TRIA.

5. Any forfeiture or disposition of the Defendant Cryptocurrency without due process to adjudicate and preserve the Claimants' asserted statutory interests would violate the Fifth Amendment, including the prohibition on the taking of property without just compensation.

6. TRIA's "notwithstanding" clause supersedes, to the extent of any conflict, the forfeiture statutes relied upon by the United States.

7. To the extent equitable principles or CPLR § 5240 are invoked, the Claimants deny that such principles provide a basis, on the facts presented, to subordinate or extinguish their statutory enforcement rights or to award competing claimants priority without satisfying applicable legal requirements.

8. To the extent forfeiture is imposed in a manner that operates punitively against the Claimants' asserted statutory interests, such forfeiture would be constitutionally excessive.

9. The Claimants deny that 34 U.S.C. § 20144(e) authorizes disposition of the Defendant Cryptocurrency in derogation of any enforceable rights they possess under TRIA and applicable law, and expressly preserve their objections to any proposed disposition that would impair those rights.

10. To the extent the Defendant Cryptocurrency is not required to be transferred to the Claimants, it is required to be deposited into the United States Victims of State Sponsored Terrorism Fund. *See* 34 U.S.C. § 20144(e)(2)(A).

11. The Claimants reserve the right, subject to the Federal Rules of Civil Procedure, to amend this Answer and to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the discovery of information during further proceedings, and to pursue alternative remedies under any and all applicable law.

Dated: October 15, 2026

*/s/ Asher Perlin*_____________
Asher Perlin (Bar Code 2712586)
**LAW OFFICE OF ASHER PERLIN**
4300 Biscayne Boulevard
Suite 203
Miami, Florida 33137
(786) 687-0404
asher@asherperlin.com

*Counsel for Claimants*