**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants *In Rem*. | Civil Action No. 1:25-cv-05745-RPK |

**ANSWER OF THE GREENBAUM CLAIMANTS, ACOSTA CLAIMANTS, BEER CLAIMANTS, AND KIRSCHENBAUM CLAIMANTS TO THE CROSS-CLAIMS OF THE ACETO, AKIN, BLAIS, BLANK, BREWER, THOLE, VALENCIA, WELCH, AND CLAYTON OMAR ZOOK CLAIMANTS**

The Greenbaum Claimants, Acosta Claimants, Beer Claimants, and Kirschenbaum Claimants (collectively, "Claimants"),[1] by and through their undersigned counsel, hereby answer the Cross-Claim of the Aceto, Akin, Blais, Blank, Brewer, Thole, Valencia, Welch, and Clayton Omar Zook (collectively, the "Aceto Claimants"), filed at ECF No. 350, as follows:

[1] The "Greenbaum Claimants" are Alan Hayman, as Personal Representative of the Estate of Shirlee Hayman; Alan Hayman; and Steven M. Greenbaum. The "Acosta Claimants" are Carlos Acosta, as Fiduciary for the Estate of Maria Acosta; Carlos Acosta; Elizabeth Rich, as Executrix for the Estate of Irma Franklin; Elizabeth Rich, as Executrix for the Estate of Irving Franklin; Libby Kahane; Meir David Kahane, as Administrator for the Estate of Binyamin Kahane; Moshe Daniel Kaplan, as Administrator of the Estate of Cipporah Kaplan; Norman Kahane; Shulamit Dopelt, as Executor of the Estate of Sonya Kahane; Tova Ettinger; and Baruch Kahane. The "Beer Claimants" are Harry Beer, as Personal Representative of the Estate of Alan Beer; Harry Beer, as Administrator for the Estate of Anna Beer; Harry Beer; Estelle Carroll; and Phyllis Maisel. The "Kirschenbaum Claimants" are Jason Kirschenbaum; David Kirschenbaum; Isabelle Kirschenbaum, as Executrix for the Estate of Martin Kirschenbaum; Isabelle Kirschenbaum; Joshua Kirschenbaum; and Danielle Teitlebaum.

1. The allegations in this paragraph state legal conclusions to which no response is required.

2. The allegations in this paragraph state legal conclusions to which no response is required.

3. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

4. The allegations in this paragraph state legal conclusions to which no response is required.

5. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

6. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

7. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

8. Claimants admit that the Defendant Cryptocurrency constitutes blocked assets of Iran and/or its agency or instrumentality and is therefore subject to attachment and execution pursuant to TRIA § 201. Claimants otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny the allegations.

9. Admit.

10. Claimants restate their answers to the foregoing paragraphs as if fully set forth herein.

11. The allegations in this paragraph state legal conclusions to which no response is required.

12. The allegations in this paragraph state legal conclusions to which no response is required.

13. The allegations in this paragraph state legal conclusions to which no response is required.

14. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Claimants deny the allegations.

15. Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

16. Claimants restate their answers to the foregoing paragraphs as if fully set forth herein.

17. The allegations in this paragraph state legal conclusions to which no response is required.

18. The allegations in this paragraph state legal conclusions to which no response is required.

19. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Claimants deny the allegations.

20. Claimants restate their answers to the foregoing paragraphs as if fully set forth herein.

21. The allegations in this paragraph state legal conclusions to which no response is required.

22. The allegations in this paragraph state legal conclusions to which no response is required.

23. The allegations in this paragraph state legal conclusions to which no response is required.

24. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Claimants deny the allegations.

25. Claimants restate their answers to the foregoing paragraphs as if fully set forth herein.

26. The allegations in this paragraph state legal conclusions to which no response is required.

27. The allegations in this paragraph state legal conclusions to which no response is required.

The allegations in the Prayer for Relief state legal conclusions to which no response is required. To the extent a response is required, Claimants deny the allegations.

**DEFENSES**

Claimants hereby allege the following defenses to the Cross-Claims:

28. The Aceto Claimants fail to state claims upon which relief can be granted.

29. The Aceto Claimants' judgments, executions, attachments, 1610(c) orders, and/or any other legal or equitable claim to the property that is the subject of this forfeiture action (the "Property") are premature, defective, and/or invalid.

30. Claimants have superior right, title, and interest to the Property.

31. Alternatively, Claimants are entitled to an equitable distribution of the Property, including, but not limited to, under CPLR 5240.

Dated: New York, NY
October 16, 2026

Respectfully submitted,

/s/ Patrick N. Petrocelli

Patrick N. Petrocelli
HOGAN LOVELLS CADWALADER US LLP
220 Liberty Street
New York, NY 10281
Tel.: (212) 918-3000
Fax: (212) 918-3100
patrick.petrocelli@hlc.com

*Counsel for the Greenbaum Claimants, the Acosta Claimants, the Beer Claimants, and the Kirschenbaum Claimants*