**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants *In Rem.* | Civil Action No. 1:25-cv-05745-RPK |

**ANSWER OF THE HEISER CLAIMANTS TO CROSSCLAIM OF THE ENCINAS CLAIMANTS AND DIBENEDETTO CLAIMANTS**

The Heiser Claimants,[1] by and through their undersigned counsel, hereby answer the Cross-Claims and Counterclaims of the Encinas Claimants and DiBenedetto Claimants (together the "Encinas Group Claimants"), filed at ECF No. 414 as follows:

[1] The Heiser Claimants include (1) the Estate of Michael Heiser, deceased; (2) the Estate of Gary Heiser, deceased; (3) the Estate of Frances Heiser, deceased; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Haun f/k/a Milagritos Perez-Dalis; (7) the Estate of Senator Haun, deceased; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) the Estate of Sandra M. Wetmore, deceased; (18) James V. Wetmore; (19) the Estate of Millard D. Campbell, deceased; (20) Marie R. Campbell; (21) the Estate of Bessie A. Campbell, deceased; (22) the Estate of Kevin J. Johnson, deceased; (23) Shyrl L. Johnson; (24) Gregoire Che Colson; (25) Kevin Johnson, Jr.; (26) Nicholas A. Johnson; (27) the Estate of Laura E. Johnson, deceased; (28) the Estate of Bruce Johnson, deceased; (29) the Estate of Joseph E. Rimkus, deceased; (30) Bridget Brooks; (31) the Estate of James R. Rimkus, deceased; (32) Anne M. Rimkus; (33) the Estate of Brent E. Marthaler, deceased; (34) Katie Marthaler Eicher f/k/a Katie L. Marthaler; (35) the Estate of Sharon Marthaler, deceased; (36) Herman C. Marthaler III; (37) Matthew Marthaler; (38) Kirk Marthaler; (39) the Estate of Thanh Van Nguyen, deceased; (40) Christopher R. Nguyen; (41) the Estate of Joshua E. Woody, deceased; (42) Dawn Woody; (43) Bernadine R. Beekman; (44) George A. Beekman; (45) Tracy M. Smith; (46) Jonica L. Woody; (47) Timothy Woody; (48) the Estate of Peter J. Morgera, deceased; (49) Michael Morgera; (50) Thomas Morgera; (51) the Estate of Kendall Kitson, Jr., deceased; (52) the Estate of Nancy R. Kitson, deceased; (53) the Estate of Kendall K. Kitson, deceased; (54) Steve K. Kitson; (55) the Estate of Nancy A. Kitson, deceased; (56) the Estate of Christopher Adams, deceased; (57) Catherine Adams; (58) John E. Adams; (59) Patrick D. Adams; (60) Michael T. Adams; (61) Daniel Adams; (62) Mary Kowalchuk, f/k/a Mary Young; (63) Elizabeth Wolf; (64) William Adams; (65) the Estate of Christopher Lester, deceased; (66) Cecil H. Lester; (67) Judy

1. The allegations in this paragraph state legal conclusions to which no response is required.

2. The allegations in this paragraph state legal conclusions to which no response is required.

3. The Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

4. The allegations in this paragraph state legal conclusions to which no response is required.

5. The Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

6. The Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

7. The Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

8. The Heiser Claimants admit that the Defendant Cryptocurrency constitutes blocked assets of Iran and/or its agency or instrumentality, and is therefore subject to execution and attachment under TRIA § 201. The Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, deny those allegations.

9. The Heiser Claimants admit the allegations in Paragraph 9.

---

Lester; (68) Cecil H. Lester, Jr.; (69) Jessica F. Hatfield, f/k/a Jessica F. Lester; (70) the Estate of Jeremy A. Taylor, deceased; (71) Lawrence E. Taylor; (72) Vickie L. Taylor;(73) Starlina McCorkendale f/k/a Starlina D. Taylor; (74) the Estate of Patrick P. Fennig, deceased; (75) the Estate of Thaddeus C. Fennig, deceased; (76) Catherine Fennig; (77) Paul D. Fennig; and (78) Mark Fennig.

**FIRST COUNT**
**(Priority under CPLR 5234—Executions, as modified by CPLR 5240)**

10. The Heiser Claimants restate their answers to the foregoing paragraphs as if fully set forth herein.

11. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

12. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

13. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

14. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

15. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

**SECOND COUNT**
**(Priority under CPLR Article 62 – Attachment, as modified by CPLR 5240)**

16. The Heiser Claimants restate their answers to the foregoing paragraphs as if fully set forth herein.

17. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

18. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

19. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

**THIRD COUNT**
**(Priority under TRIA § 201)**

20. The Heiser Claimants restate their answers to the foregoing paragraphs as if fully set forth herein.

21. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants admit that the allegations in the paragraph accurately quote a portion of section 201(a) of the TRIA and otherwise refer to the full text of the TRIA.

22. The allegations in this paragraph state legal conclusions to which no response is required.

23. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

24. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

**FOURTH COUNT**
**(Declaratory Relief)**

25. The Heiser Claimants restate their answers to the foregoing paragraphs as if fully set forth herein.

26. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

27. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

**JURY DEMAND**

The allegations in the Jury Demand state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations.

**PRAYER FOR RELIEF**

28. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

29. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

30. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

31. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

32. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

33. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

34. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

35. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Heiser Claimants deny the allegations in this paragraph.

**AFFIRMATIVE DEFENSES**

The Heiser Claimants hereby allege the following defenses to the Cross-Claims and Counterclaims filed by the Encinas Group Claimants:

1. The Encinas Group Claimants fail to state claims upon which relief can be granted.

2. The Encinas Group Claimants' judgments, executions, attachments, 1610(c) orders, and/or any other legal or equitable claim to the property that is the subject of this forfeiture action (the "Property") are premature, defective, and/or invalid.

3. The Heiser Claimants have superior right, title, and interest to the Property.

4. Alternatively, the Heiser Claimants are entitled to an equitable distribution of the Property, including, but not limited to, under CPLR 5240.

5. The Encinas Group Claimants' Cross-claims and Counterclaims are premature.

**RESERVATION OF RIGHTS**

The Heiser Claimants deny all allegations not expressly admitted herein. The Heiser Claimants' defenses and affirmative defenses are based on their current understanding, information, and belief. The Heiser Claimants specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: October 16, 2026

Respectfully submitted,

**DLA PIPER LLP (US)**

/s/ *Jonathan M. Kinney*
Jonathan M. Kinney
New York State Bar No. 5259072
jonathan.kinney@us.dlapiper.com
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

and

Dale K. Cathell
Virginia R. Callahan
DLA PIPER LLP (US)
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202
Telephone: 410-580-3000
Facsimile: 410-580-3001
dale.cathell@us.dlapiper.com
virginia.callahan@us.dlapiper.com

*Counsel for Estate of Michael Heiser, et al.*