UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>– v. –<br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br>Defendant In Rem. | Civil Action No. 25-5745 (RPK) (CHK) |

**OWENS CLAIMANTS' ANSWER TO VERIFIED COMPLAINT IN REM**

Pursuant to Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and the Court's September 30, 2026 Order granting the Owens Claimants' motion for an extension of time to file their verified claim (ECF No. 490), the Owens Claimants hereby answer the government's Verified Complaint In Rem, dated October 14, 2025 (ECF No. 1), as follows:[1]

**NATURE OF THE ACTION**

1. The Owens Claimants admit the allegations in Paragraph 1, but deny that the United States has any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Owens Claimants in the Defendant Cryptocurrency.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, the Owens Claimants deny that any of the authorities referenced in Paragraph 2 confer on the United States any right, title or interest in the Defendant Cryptocurrency

[1] A full list of the Owens Claimants is included as Attachment A to the Owens Claimants' Verified Claim and Statement of Interest or Right in Property Subject to Forfeiture In Rem. See ECF No. 491-2.

that is superior to the right, title or interest of the Owens Claimants in the Defendant Cryptocurrency.

**JURISDICTION AND VENUE**

3. Paragraph 3 contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the Owens Claimants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Paragraph 4 contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the Owens Claimants lack knowledge sufficient to confirm or deny the allegation that acts and omissions giving rise to the forfeiture occurred in the Eastern District of New York.

**THE DEFENDANTS IN REM**

5. The Owens Claimants admit that the Defendant Cryptocurrency is the 127,271 Bitcoin that was once stored at the addresses listed in Attachment A to the Verified Complaint. The Defendant Cryptocurrency is owned by the Iran and China Investment Development Group ("Iran-China Group"), an Iranian joint-stock company doing business as LuBian that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran, to assist that country's longstanding efforts to evade U.S. sanctions.

6. On information and belief, the Owens Claimants admit the allegations in Paragraph 6.

**RELEVANT STATUTES AND REGULATIONS**

**A. Wire Fraud**

7. Paragraph 7 characterizes a statute that speaks for itself, and no response is required.

8. Paragraph 8 characterizes a statute that speaks for itself, and no response is required.

**B. <u>Money Laundering</u>**

9. Paragraph 9 characterizes a statute that speaks for itself, and no response is required.

10. Paragraph 10 characterizes a statute that speaks for itself, and no response is required.

11. Paragraph 11 characterizes a statute that speaks for itself, and no response is required.

12. Paragraph 12 characterizes and purports to quote a statute that speaks for itself, and no response is required.

**C. <u>Forfeiture Statutes</u>**

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the Owens Claimants deny that any of the authorities referenced in Paragraph 13 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Owens Claimants in the Defendant Cryptocurrency. Under the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. L. No. 107-297, § 201(a) (2002) (codified at 28 U.S.C. § 1610 note), the Owens Claimants, as Judgment Creditors of Iran, hold an interest in the Defendant Cryptocurrency superior to the claims of the Government, as well as all other non-TRIA claimants, in this forfeiture action.

14. Paragraph 14 characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the Owens Claimants deny that any of the authorities referenced in Paragraph 14 confer on the United States any right, title or interest in the Defendant

Cryptocurrency that is superior to the right, title or interest of the Owens Claimants in the Defendant Cryptocurrency.

## FACTS

### A. Introduction

15. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 15.

### B. Relevant Individuals and Entities

16. The Owens Claimants admit that LuBian was the cryptocurrency mining pool and front for the Iran-China Group, an Iranian joint-stock company backed by Chinese investors that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran, to assist that country's longstanding efforts to evade U.S. sanctions. The Owens Claimants further admit that the Iran-China Group maintained a Bitcoin mining facility in Iran. The Owens Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 16, including subsections (a) through (t) and (v) through (y).

### C. Relevant Terms and Definitions

17. The Owens Claimants admit the allegations in subsections (d) through (l) of Paragraph 17. The Owens Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 17, including subsections (a) through (c).

### D. The Criminal Schemes

#### i. Background

18. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 18.

19. Paragraph 19 purports to quote a document that speaks for itself, and no response is required. The Owens Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 19.

20. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 20.

**ii. The Fraud Schemes**

21. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 21.

a. The Scam Compounds

22. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 22.

23. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 23.

24. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 24.

25. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 25.

26. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 26.

b. The Use of Bribes and Violence in Furtherance of the Schemes

27. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 27.

28. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 28.

29. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 29.

30. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 30.

31. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 31.

c. The Brooklyn Network

32. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 32.

33. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 33.

34. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 34.

35. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 35.

36. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 36.

37. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 37 and Footnote 2.

**iii. The Money Laundering Schemes**

38. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 38.

39. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 39.

40. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 40 and Footnote 3.

41. Footnote 4 purports to quote a document that speaks for itself, and no response is required. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 41.

42. The Owens Claimants admit that the Iran-China Group doing business as LuBian operated a Bitcoin mining facility that "produced large sums of clean bitcoin dissociated from criminal proceeds," and that this was the sixth largest Bitcoin mining operation in the world for some of the time it was active. The Owens Claimants deny that the Iran-China Group was based in China. Instead, the Iran-China Group was an Iranian joint-stock company funded by Chinese investors that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran, to assist that country's longstanding efforts to evade U.S. sanctions, and LuBian was the name of its cryptocurrency mining pool. The Owens Claimants deny any implication that Chen provided all of the financial support for the Iran-China Group's mining operations. The Owens Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 42.

43. The Owens Claimants deny the implication that the wallets containing the Defendant Cryptocurrency were exclusively controlled by Chen. The Iran-China Group doing business as LuBian controlled the wallets containing the Defendant Cryptocurrency. The Owens Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 43 and Footnote 5.

**E. <u>The Defendants In Rem</u>**

44. The Owens Claimants admit the allegations in Footnote 7 and that the government is seeking to forfeit Bitcoin that was stored at the 25 cryptocurrency addresses identified in the

table following Paragraph 44.[2] On information and belief, the Owens Claimants deny that the table following Paragraph 44 accurately identifies the amount of Bitcoin stored at each address in December 2020, provides a complete list of all addresses containing the Iran-China Group's Bitcoin in December 2020, or identifies all of the Bitcoin owned by the Iran-China Group that is currently in the government's possession. The Owens Claimants also deny that the Defendant Cryptocurrency comprises solely the proceeds of Chen's fraud packaged as heavily laundered cryptocurrency. On information and belief, at least 11,166.51 BTC of the Defendant Cryptocurrency are directly traceable to Bitcoin mined by the Iran-China Group's Rafsanjan mine, and all of the Defendant Cryptocurrency constituted the Iran-China Group's pool-level reserve of Bitcoin. The Owens Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 44 and Footnote 6.

45. On information and belief, the Owens Claimants admit that at least some of the cryptocurrency addresses were funded using Bitcoin newly mined by the Iran-China Group doing business as LuBian. The Owens Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 45 and Footnote 8.

46. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 46 and the following table.

47. The Owens Claimants admit that the four cryptocurrency wallet addresses listed in Cluster Index-4 as described in subsection (d) and Footnote 9 of Paragraph 47 were associated

[2] Throughout its Verified Complaint, including in Paragraphs 44, 46, 48, 49, 52, 55, and 56, the government describes the addresses that stored the Defendant Cryptocurrency in December 2020 as "Chen Wallets." The Owens Claimants deny that those addresses are properly described as "Chen Wallets" to the extent the term implies that all the Defendant Cryptocurrency necessarily belonged to Chen. The Iran-China Group doing business as LuBian controlled the wallets containing the Defendant Cryptocurrency.

with the Iran-China Group doing business as LuBian and were funded at least in part using the newly mined proceeds of the Iran-China Group's Bitcoin mining operations. The Owens Claimants deny any implication that the other cryptocurrency wallet addresses described in subsections (a) through (c) and (e) through (m) of Paragraph 47 were not associated with the Iran-China Group doing business as LuBian. To the contrary, all of the wallets described in Paragraph 47 were held by the Iran-China Group doing business as LuBian. On information and belief, the Owens Claimants also deny that Paragraph 47 accurately identifies the total amount of Bitcoin stored at the address(es) constituting each Cluster in December 2020. The Owens Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 47 and Footnote 9, including subparagraphs (a) through (m).

48. On information and belief, the Owens Claimants deny that all of the Defendant Cryptocurrency went "through a process of high-volume disaggregation and funneling" "across a complex network of hosted and unhosted cryptocurrency wallets," as at least some of the Defendant Cryptocurrency was Bitcoin that was newly mined by the Iran-China Group doing business as LuBian. The Owens Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 48.

49. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 49.

50. On information and belief, the Owens Claimants admit that the Defendant Cryptocurrency encompasses Bitcoin directly traceable to cryptocurrency that was newly mined by the Iran-China Group doing business as LuBian, encompassing at least 11,166.51 BTC. The Owens Claimants lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 50.

51. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 51.

52. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 52.

53. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 53.

54. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 54.

55. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 55, including subsections (a) through (g).

56. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 56.

57. The Owens Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 57.

58. On information and belief, the Owens Claimants admit that the Defendant Cryptocurrency is in the possession of the United States. The Owens Claimants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 58.

**F. <u>Criminal and Regulatory Actions</u>**

59. On information and belief, the Owens Claimants admit the allegations in Paragraph 59, but they deny any implication that they need a license from the United States Department of the Treasury's Office of Foreign Assets Control to attach and execute against the Defendant Cryptocurrency under TRIA.

**FIRST CLAIM FOR RELIEF**

**(Proceeds Traceable to Wire Fraud)**

60. The Owens Claimants incorporate and reallege each and every response to Paragraphs 1 through 59 set forth above as though set forth in full here.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, the Owens Claimants deny that any of the allegations in Paragraph 61 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Owens Claimants in the Defendant Cryptocurrency.

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent a response is required, the Owens Claimants deny that any of the allegations in Paragraph 62 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Owens Claimants in the Defendant Cryptocurrency.

**SECOND CLAIM FOR RELIEF**

**(Property Involved in Money Laundering)**

63. The Owens Claimants incorporate and reallege each and every response to Paragraphs 1 through 62 set forth above as though set forth in full here.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent a response is required, the Owens Claimants deny that any of the allegations in Paragraph 64 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Owens Claimants in the Defendant Cryptocurrency.

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent a response is required, the Owens Claimants deny that any of the allegations in Paragraph 65 confer on the United States any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Owens Claimants in the Defendant Cryptocurrency.

## AFFIRMATIVE AND OTHER DEFENSES

The defenses asserted herein are based on the Owens Claimants' knowledge, information, and belief at this time. The Owens Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Complaint except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of the government's claims, the Owens Claimants assert the following affirmative and other defenses:

1. The Owens Claimants, as Judgment Creditors of Iran, possess an interest in the Defendant Cryptocurrency.

2. The Owens Claimants, as Judgment Creditors of Iran, possess an interest in the Defendant Cryptocurrency that is senior to the government's claim under TRIA § 201(a), notwithstanding the instant civil forfeiture action.

3. The Owens Claimants are entitled to attach and execute upon the Defendant Cryptocurrency because they have satisfied TRIA. Specifically, the Owens Claimants obtained their judgments against the Islamic Republic of Iran—a terrorist party—based on acts of terrorism; the Defendant Cryptocurrency is blocked under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 et seq., and Executive Order 13599, 77 Fed. Reg. 6659 (Feb. 5, 2012); and the Defendant Cryptocurrency is owned by the Iran and China Investment Development Group, an agency or instrumentality of Iran.

4. The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. Because of their claim under TRIA, the Owens Claimants have a property interest in the Defendant Cryptocurrency governed by the Fifth Amendment. As a result, forfeiting the Defendant Cryptocurrency to the government

without "due process of law" would violate the Owens Claimants' rights under the Fifth Amendment.

5. The Fifth Amendment also provides that "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Because of the Owens Claimants' property interest in the Defendant Cryptocurrency, forfeiting that property to the government would result in a taking of their property without just compensation.

6. The government did not send the Owens Claimants direct notice of this action as required by Supplemental Rule G(4)(b)(i), although the Owens Claimants reasonably appeared to be potential claimants on the facts known to the government. The Owens Claimants reserve all rights and objections arising from that failure.

7. To the extent the Defendant Cryptocurrency is not required to be transferred to the Owens Claimants, it is required to be deposited into the United States Victims of State Sponsored Terrorism Fund. *See* 34 U.S.C. § 20144(e).

8. The United States' claim for forfeiture is barred in whole or in part by the statute of limitations because the United States did not commence this action within the time period prescribed by 19 U.S.C. § 1621.

9. The forfeiture of the Owens Claimants' property would violate the Excessive Fines Clause of the Eighth Amendment.

10. The Owens Claimants deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

11. The Owens Claimants incorporate by reference any defense that any other claimant pleads in this action, to the extent the defense applies to any claims against the Defendant Cryptocurrency, in whole or in part.

## PRAYER FOR RELIEF

WHEREFORE, the Owens Claimants respectfully request that the Court: (a) deny the government's request for forfeiture of the Defendant Cryptocurrency to the extent of the Owens Claimants' interest; (b) order that the Defendant Cryptocurrency, to the extent necessary to satisfy the compensatory portion of the Owens Claimants' judgments plus post-judgment interest, be released from Plaintiff's custody to the Owens Claimants; (c) in the alternative, and only to the extent the Defendant Cryptocurrency is not lawfully subject to execution and attachment by the Owens Claimants, declare that any forfeited assets must be deposited into the United States Victims of State Sponsored Terrorism Fund pursuant to 34 U.S.C. § 20144(e); (d) award the Owens Claimants attorneys' fees and costs; and (e) grant such other and further relief as the Court deems just and proper.

Dated: October 16, 2026
San Francisco, California

Respectfully submitted,

/s/ *Matthew V.H. Noller*

Matthew V.H. Noller
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
mnoller@kslaw.com

*Counsel for the Owens Claimants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2026, I electronically filed the foregoing Owens Claimants' Answer to Verified Complaint In Rem via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.

/s/ *Matthew V.H. Noller*_____
Matthew V.H. Noller