UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>– v. –<br>APPROXIMATELY 127,271 BITCOIN (“BTC”) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br>Defendant In Rem. | Civil Action No. 1:25-cv-05745-RPK-CHK |

**OWENS VICTIMS’ ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIMS OF THE IRANIAN TERRORISM VICTIMS**

Pursuant to Rule G(5)(b) of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Owens, Mwila, Khaliq, Gunn, and Taitt Claimants (together, the “Owens Victims”)[1] hereby answer the cross-claims of the Iranian Terrorism Victims (the “Iranian Terrorism Victims Claimants”), ECF No. 252 at 15–20, as follows:

1. Paragraph 1 contains legal conclusions to which no response is required.

2. Paragraph 2 contains legal conclusions to which no response is required.

3. The Owens Victims lack knowledge or information sufficient to admit or deny the allegations in Paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required.

[1]A full list of the Owens Claimants is included as Attachment A to the Owens Claimants’ Verified Claim and Statement of Interest or Right in Property Subject to Forfeiture In Rem. See ECF No. 491-2.

5. The Owens Victims lack knowledge or information sufficient to admit or deny the allegations in Paragraph 5.

6. The Owens Victims lack knowledge or information sufficient to admit or deny the allegations in Paragraph 6.

7. The Owens Victims admit that the Iranian Terrorism Victims Claimants have filed a claim in this action. The Owens Victims otherwise lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required.

9. Admitted.

**FIRST COUNT**

10. The Owens Victims restate and reallege the foregoing Paragraphs as if fully set forth herein.

11. Paragraph 11 contains legal conclusions to which no response is required.

12. Paragraph 12 contains legal conclusions to which no response is required.

13. Paragraph 13 contains legal conclusions to which no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, the Owens Victims deny that the Iranian Terrorism Victims Claimants have priority over the Owens Victims under CPLR § 5234 or that CPLR § 5240 provides a basis to award the Iranian Terrorism Victims Claimants superior priority over the Owens Victims.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the Owens Victims lack knowledge or information sufficient to admit or deny the allegations in Paragraph 16.

**SECOND COUNT**

17. The Owens Victims restate and reallege the foregoing Paragraphs as if fully set forth herein.

18. Paragraph 18 contains legal conclusions to which no response is required.

19. Paragraph 19 contains legal conclusions to which no response is required.

20. Paragraph 20 contains legal conclusions to which no response is required.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, the Owens Victims deny that the Iranian Terrorism Victims Claimants have priority over the Owens Victims under CPLR § 5234 or that CPLR § 5240 provides a basis to award the Iranian Terrorism Victims Claimants superior priority over the Owens Victims.

**THIRD COUNT**

22. The Owens Victims restate and reallege the foregoing Paragraphs as if fully set forth herein.

23. Paragraph 23 contains legal conclusions to which no response is required.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, the Owens Victims deny that TRIA elevates the Iranian Terrorism Victims Claimants over other holders of terrorism judgments, including the Owens Victims.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, the Owens Victims deny that TRIA creates a priority execution regime among holders of terrorism judgments or affords the Iranian Terrorism Victims Claimants priority over the Owens Victims.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, the Owens Victims deny that the Owens Victims' Terrorism Risk Insurance Act ("TRIA") claims are subordinate to the Iranian Terrorism Victims Claimants' TRIA claims.

**<u>FOURTH COUNT</u>**

27. The Owens Victims restate and reallege the foregoing Paragraphs as if fully set forth herein.

28. Paragraph 28 contains legal conclusions to which no response is required.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, the Owens Victims deny that any of the allegations in Paragraph 29 confer on the Iranian Terrorism Victims Claimants any right, title, or interest in the approximately 127,271 Bitcoin at issue in this action (the "Defendant Cryptocurrency") that is superior to the right, title, or interest of the Owens Victims in the Defendant Cryptocurrency.

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

30. The Iranian Terrorism Victims Claimants' Cross-Claims fail to state a claim against the Owens Victims upon which relief can be granted.

31. The Owens Victims expressly reserve all other potential responses and defenses (without conceding that they bear the burden on any of them) to these Cross-Claims.

Dated: October 19, 2026

Respectfully submitted,

/s/ *Matthew V.H. Noller*
Matthew V.H. Noller
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: (415) 318-1200
mnoller@kslaw.com

*Counsel for the Owens Victims*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, I electronically filed the Owens Victims' Answer and Affirmative Defenses to Cross-Claims of the Iranian Terrorism Victims Claimants via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the Government, in the above-captioned matter.

/s/ *Matthew V.H. Noller*
Matthew V.H. Noller
KING & SPALDING LLP