**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendant *In Rem*. | Civil Action No. 25-5745 (RPK)<br><br>**HENKIN CLAIMANTS' SUPPLEMENTAL ANSWER TO 9/11 CLAIMANTS' CROSS-CLAIM and CROSS-CLAIMS** |

The Henkin Judgment Creditors and Plaintiffs ("Henkin Claimants")[1] hereby submit this supplemental answer to the 9/11 Claimants' Second Amended Crossclaim, dated August 21, 2026, at ECF 501, and assert the Cross-Claims set forth below. In submitting this answer to the cross-claim, the Henkin Claimants incorporate their Answer (ECF 298) to the Government's Verified Forfeiture Complaint. The Henkin Claimants answer and state as follows:

**ANSWER TO CROSS-CLAIM FOR PRIORITY**

1. This paragraph contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the Henkin Claimants admit that this Court has jurisdiction over the underlying forfeiture action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, the Henkin Claimants admit that the underlying forfeiture action is pending in this District.

[1] A full list of the Henkin Plaintiffs is included as Exhibit B to the Verification of the Henkin Claimants' claims. *See* ECF No. 218-3.

3. The Henkin Claimants lack knowledge sufficient to admit or deny the allegations in this paragraph concerning the 9/11 Claimants' judgments. To the extent the paragraph asserts that the 9/11 Claimants are entitled to priority or superior rights in the Defendant Cryptocurrency, the Henkin Claimants deny those allegations.

4. This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the Henkin Claimants admit that they assert an interest in the Defendant Cryptocurrency. The Henkin Claimants deny that the 9/11 Claimants are entitled to priority over the Henkin Claimants' interest.

5. This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the Henkin Claimants deny that the 9/11 Claimants are entitled to priority over the Henkin Claimants' interest in the Defendant Cryptocurrency and deny any remaining allegations inconsistent with the Henkin Claimants' rights.

6. This paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the Henkin Claimants deny that the 9/11 Claimants are entitled to priority over the Henkin Claimants' interest in the Defendant Cryptocurrency and deny any remaining allegations inconsistent with the Henkin Claimants' rights.

7. The Henkin Claimants lack knowledge sufficient to admit or deny the allegations in this paragraph concerning the procedural steps taken by the 9/11 Claimants. To the extent this paragraph asserts that the 9/11 Claimants are entitled to priority or superior rights in the Defendant Cryptocurrency, those allegations are denied.

8. The Henkin Claimants deny the allegations in this paragraph to the extent they assert that the 9/11 Claimants are entitled to priority or superior rights in the Defendant Cryptocurrency. The Henkin Claimants admit that the Defendant Cryptocurrency constitutes blocked assets subject to attachment and execution under TRIA § 201, but deny any remaining allegations inconsistent with the Henkin Claimants' rights.

9. The Henkin Claimants admit that multiple parties have asserted claims or interests in the Defendant Cryptocurrency in this action. To the extent this paragraph implies that any claimant holds rights superior to those of the Henkin Claimants, such allegations are denied.

## FIRST COUNT
## (Priority Under CPLR § 5234 – Executions)

10. The Henkin Claimants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

11. The Henkin Claimants deny the allegations in this paragraph to the extent they assert that state execution priority rules govern the determination of priority in this action or entitle the 9/11 Claimants to priority over the Henkin Claimants.

12. The Henkin Claimants deny the allegations in this paragraph to the extent they assert that CPLR § 5234(b) governs priority in this action or entitles the 9/11 Claimants to priority over the Henkin Claimants' interest in the Defendant Cryptocurrency, and deny any remaining allegations inconsistent with the Henkin Claimants' rights.

13. The Henkin Claimants deny the allegations in this paragraph to the extent they assert that CPLR § 5234(c) governs priority in this action or entitles the 9/11 Claimants to priority over the Henkin Claimants' interest in the Defendant Cryptocurrency, and deny any remaining allegations inconsistent with the Henkin Claimants' rights.

14. The Henkin Claimants deny the allegations in this paragraph to the extent they assert that CPLR § 5234 governs priority in this action or that the 9/11 Claimants hold rights superior to those of the Henkin Claimants in the Defendant Cryptocurrency.

15. The Henkin Claimants lack knowledge sufficient to admit or deny the allegations in this paragraph concerning the 9/11 Claimants' diligence or good faith. To the extent this paragraph asserts that such conduct entitles the 9/11 Claimants to priority or superior rights in the Defendant Cryptocurrency, those allegations are denied.

**SECOND COUNT**
**(Priority Under CPLR Article 62 – Attachment, as modified by CPLR 5240)**

16. The Henkin Claimants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

17. The Henkin Claimants deny that CPLR Article 62 entitles the 9/11 Claimants to priority over the Henkin Claimants' interest in the Defendant Cryptocurrency and deny any remaining allegations inconsistent with the Henkin Claimants' rights.

18. The Henkin Claimants deny the allegations in this paragraph to the extent they assert that any claimant's rights, including those of the Henkin Claimants, are invalid or subordinate, and deny that the 9/11 Claimants are entitled to priority over the Henkin Claimants' interest in the Defendant Cryptocurrency.

19. The Henkin Claimants deny that the 9/11 Claimants are entitled to priority over the Henkin Claimants' interest in the Defendant Cryptocurrency under CPLR 5234 or otherwise, and deny any remaining allegations inconsistent with the Henkin Claimants' rights.

**THIRD COUNT**
**(Priority Under TRIA § 201)**

20. The Henkin Claimants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

21. The Henkin Claimants admit that TRIA § 201(a) provides that blocked assets of a terrorist party or its agency or instrumentality are subject to execution by holders of qualifying terrorism judgments. To the extent this paragraph asserts that TRIA entitles the 9/11 Claimants to priority over the Henkin Claimants' interest in the Defendant Cryptocurrency, such allegations are denied.

22. The Henkin Claimants deny the allegations in this paragraph to the extent they assert that TRIA § 201 entitles the 9/11 Claimants to priority over the Henkin Claimants' interest in the Defendant Cryptocurrency, and deny any remaining allegations inconsistent with the Henkin Claimants' rights.

23. The Henkin Claimants deny that TRIA creates a priority regime entitling the 9/11 Claimants to priority over the Henkin Claimants' interest in the Defendant Cryptocurrency and deny any remaining allegations inconsistent with the Henkin Claimants' rights.

24. The Henkin Claimants deny that any claimant's rights, including those of the Henkin Claimants, are subordinate to the 9/11 Claimants' purported TRIA-based rights, and deny any remaining allegations inconsistent with the Henkin Claimants' interest in the Defendant Cryptocurrency.

**FOURTH COUNT**
**(Declaratory Relief)**

25. The Henkin Claimants incorporate by reference their responses to the foregoing paragraphs as if fully set forth herein.

26. The Henkin Claimants admit that multiple parties have asserted competing interests in the Defendant Cryptocurrency. To the extent this paragraph asserts that the 9/11 Claimants are entitled to declaratory relief or priority over the Henkin Claimants' interest, those allegations are denied.

27. The Henkin Claimants deny that the 9/11 Claimants are entitled to the declaratory relief sought in this paragraph and deny that the 9/11 Claimants hold priority over the Henkin Claimants' interest in the Defendant Cryptocurrency.

**WHEREFORE**, the Henkin Claimants respectfully request that the Crossclaim be dismissed with prejudice, that the 9/11 Claimants take nothing by way of their Crossclaim, and that the Court grant such other and further relief as it deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

1. The 9/11 Claimants' cross-claims fail to state a claim against the Henkin Claimants upon which relief can be granted.

2. The Henkin Claimants possess a legally cognizable statutory interest in the Defendant Cryptocurrency sufficient to confer standing, including priority execution rights under TRIA.

3. The Henkin Claimants assert statutory execution rights under TRIA § 201, notwithstanding any competing forfeiture claims, that must be preserved and adjudicated prior to any forfeiture or disposition of the Defendant Cryptocurrency.

4. Upon information and belief, and as alleged by the United States, the Defendant Cryptocurrency constitutes blocked assets of a terrorist party or its agency or instrumentality within the meaning of TRIA.

5. Any forfeiture or disposition of the Defendant Cryptocurrency without due process to adjudicate and preserve the Henkin Claimants' asserted statutory interests would violate the Fifth Amendment, including the prohibition on uncompensated takings.

6. TRIA's "notwithstanding" clause supersedes, to the extent of any conflict, the forfeiture statutes relied upon by the United States.

7. To the extent equitable principles or CPLR § 5240 are invoked, the Henkin Claimants deny that such principles provide a basis, on the facts presented, to subordinate or extinguish their statutory enforcement rights or to award competing claimants priority without satisfying applicable legal requirements.

8. To the extent forfeiture is imposed in a manner that operates punitively against the Henkin Claimants' asserted statutory interests, such forfeiture would be constitutionally excessive.

9. The Henkin Claimants deny that 34 U.S.C. § 20144(e) authorizes disposition of the Defendant Cryptocurrency in derogation of any enforceable rights they possess under TRIA and applicable law, and expressly preserve their objections to any proposed disposition that would impair those rights.

10. The Henkin Claimants reserve the right, subject to the Federal Rules of Civil Procedure, to amend this Answer and to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the discovery of information during further proceedings, and to pursue alternative remedies under any and all applicable law.

## HENKIN CLAIMANTS' COUNTER-CLAIM & CROSS-CLAIM

The Henkin Claimants assert the following counter-claim against the United States and cross-claims (the "TRIA Claims") against all other claimants asserting an interest in the Defendant Property who have appeared or will appear in this action. The Henkin Claimants seek a declaration

that, as a matter of federal law, their claims are entitled to priority over all competing claims for the purpose of attachment and execution, including but not limited to competing forfeiture claims, terrorism judgment creditors, execution creditors, and non-TRIA claimants, and allege as follows:

1. This Court has jurisdiction over the TRIA Claims pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and 1367, and Supplemental Rule G.

2. Venue is proper in this District because the TRIA Claims are ancillary to, and arise from, the same proceeding pending before this Court.

3. The Henkin Claimants are judgment creditors of the Islamic Republic of Iran, holding final, unsatisfied judgments for damages arising from acts of state-sponsored terrorism.

4. The defendants to the TRIA Claims include the United States and all other parties who assert any legal, equitable, possessory, property, or contingent interest in the Defendant Property.

5. The TRIA Claims are asserted for the limited purpose of preserving the Henkin Claimants' priority rights and do not seek adjudication of priority until the universe of legally permissible claimants in this action is established.

6. Through the TRIA Claims, the Henkin Claimants do not assert any cause of action against the United States, or any foreign sovereign, other than execution against blocked assets as specifically permitted and authorized by TRIA, as set forth herein.

7. The Henkin Claimants have timely filed a Verified Claim in this action and either obtained or are pursuing judicial authorization under 28 U.S.C. § 1610(c) to execute on their judgments.

8. The Defendant Property constitutes a blocked asset of Iran and/or its agency or instrumentality and is therefore subject to attachment and execution by the Henkin Claimants pursuant to TRIA § 201.

9. Multiple parties now assert competing interests in the Defendant Property, including the United States, other terrorism judgment creditors, and non-TRIA claimants.

**COUNT I**
**(Priority under CPLR 5234—Executions, as modified by CPLR 5240)**

10. The Henkin Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

11. Federal courts routinely apply state execution priority rules, including, but not limited to, CPLR 5234, in aid of federal execution proceedings.

12. CPLR 5234(b) establishes a priority regime among judgment creditors executing on the same property, keyed to the time of delivery of execution, levy, and related enforcement steps as modified by CPLR 5240 that authorizes a "court . . . at any time" to "make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."

13. Under CPLR 5234(c), where executions are returned unsatisfied or partially satisfied, priority is preserved for creditors who first perfect execution rights as modified by CPLR 5240 that authorizes a "court . . . at any time" to "make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."

14. The Henkin Claimants have priority over competing judgment creditors under CPLR 5234, as modified by CPLR 5240, in order to facilitate an equitable distribution among all Iran terror victims.

15. The Henkin Claimants have acted and will act diligently and in good faith to: (i) pursue authorization orders under 28 U.S.C. § 1610(c); (ii) assert their claims in this action; and (iii) pursue execution against the Defendant Cryptocurrency.

**COUNT II**
**(Priority under CPLR Article 62 – Attachment, as modified by CPLR 5240)**

16. The Henkin Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

17. CPLR Article 62 governs prejudgment and post-judgment attachment and establishes priority based on the timing of attachment orders, levy, and perfection as modified by CPLR 5240 that authorizes a "court . . . at any time" to "make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."

18. The Henkin Claimants' attachment rights arise from final judgments, New York law, statutory authorization under TRIA (including 28 U.S.C. § 1610 note), and judicial permission under FSIA § 1610(c).

19. The Henkin Claimants have priority over competing judgment creditors under CPLR 5234, as modified by CPLR 5240, in order to facilitate an equitable distribution among all Iran terror victims.

**COUNT III**
**(Priority under TRIA § 201)**

20. The Henkin Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

21. TRIA § 201(a) provides that, "[n]otwithstanding any other provision of law," blocked assets of a terrorist party or its agency or instrumentality shall be subject to execution by holders of terrorism judgments.

22. TRIA's "notwithstanding" clause preempts inconsistent state and federal law, overrides competing claims not grounded in TRIA, and elevates qualifying terrorism judgment creditors over all non-TRIA claimants.

23. Federal courts have consistently recognized that TRIA creates a priority execution regime favoring holders of terrorism judgments over competing non-TRIA claimants.

24. Accordingly, even if competing claimants satisfy federal forfeiture and/or state-law execution or attachment requirements, their claims are subordinate to the Henkin Claimants' TRIA Claims.

## COUNT IV
## (Declaratory Relief)

25. The Henkin Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

26. An actual and justiciable controversy exists concerning the relative priority of the parties' interests in the Defendant Property.

27. The Henkin Claimants seek a declaration that: (i) they hold priority rights for attachment and execution purposes; (ii) any competing executions and/or attachments are subordinate to their TRIA Claims; and (iii) any distribution of the Defendant Property must respect that priority.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Rule G(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Henkin Claimants demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, the Henkin Claimants respectfully request:

1. That judgment be entered in their favor and against Plaintiff and all other claimants in this action.

2. That the Defendant Property be released from Plaintiff's custody and returned to the Henkin Claimants.

3. Declare that the Henkin Claimants' interests have priority over other parties for attachment and execution purposes under TRIA § 201, FSIA § 1610, and all other applicable federal laws.

4. Declare that any competing executions, attachments, liens, or asserted interests are subordinate to the Henkin Claimants' rights for attachment and execution purposes.

5. In the alternative, and only if the Court determines that the Defendant Property, or any portion thereof, is not lawfully subject to attachment and execution by the Henkin Claimants, the Court should declare that any forfeiture, remission, or other disposition of such assets must be deposited into the United States Victims of State Sponsored Terrorism Fund pursuant to the statutory scheme set forth in 34 U.S.C. § 20144(e), and that no disposition inconsistent with that statutory framework may occur.

6. For attorneys' fees and the costs of suit.

7. Grant the Henkin Claimants such other and further relief as the Court deems just and proper.

Dated: October 20, 2026

Respectfully submitted,

*/s/ Kevin L. Attridge*
Kevin L. Attridge (admitted *pro hac vice*)
Melissa Fox (N.Y. Bar No. 4507729)
**STEIN MITCHELL BEATO & MISSNER LLP**
2000 K Street, N.W.
Suite 600
Washington, D.C. 20006
Tel: (202) 737-7777
Fax: (202) 296-8312
kattridge@steinmitchell.com
mfox@steinmitchell.com

*Counsel for Henkin Claimants*