**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br>Defendant *In Rem*. | Civil Action No. 25-cv-5745 (RPK)<br><br>**JURY TRIAL DEMANDED** |

**IRANIAN TERRORISM VICTIMS' ANSWER TO IBHLAW CLAIMANTS' CROSS-CLAIMS**

The Iranian Terrorism Victims provide their answer, including affirmative defenses, to the IBHLAW Claimants' cross-claims, dated February 19, 2026 (ECF No. 236), with the general limitation that all allegations not expressly admitted are denied.

**CROSS-CLAIMS FOR PRIORITY[1]**

1. Paragraph 1 contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345, 1355, and 1367, and under Supplemental Rule G.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims admit that venue is

[1] For convenience, the Iranian Terrorism Victims include the headings from the IBHLAW Claimants' cross-claims, but deny the characterizations of the headings.

proper in this District because the IBHLAW Claimants' claim is ancillary to, and arises from the forfeiture proceeding pending before this Court.

3. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 3.

4. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny the allegations in Paragraph 5.

6. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 6.

7. The Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 7.

8. The Iranian Terrorism Victims admit that multiple parties now assert competing interests in the Defendant Cryptocurrency, including other judgment creditors and non-TRIA claimants.

**FIRST COUNT**
**(Priority Under CPLR § 5234 – Executions)**

9. The Iranian Terrorism Victims restate and reallege the foregoing Paragraphs as if fully set forth herein.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 10 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 11 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

12. Paragraph 12 characterizes a statute that speaks for itself, and no response is required.

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims lack knowledge sufficient to admit or deny the allegations in Paragraph 16.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 15 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

**SECOND COUNT**
**(Priority Under CPLR Article 62 – Attachment)**

16. The Iranian Terrorism Victims restate and reallege the foregoing Paragraphs as if fully set forth herein.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 17 confer on the IBHLAW Claimants any right, title or interest in the Defendant

Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

18. Paragraph 18 characterizes a statute that speaks for itself, and no response is required.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 19 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 20 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 21 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

**THIRD COUNT**
**(Priority Under TRIA § 201)**

22. The Iranian Terrorism Victims restate and reallege the foregoing Paragraphs as if fully set forth herein.

23. Paragraph 23 characterizes a statute that speaks for itself, and no response is required.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 24 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 25 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 26 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

**FOURTH COUNT**
**(Declaratory Relief)**

27. The Iranian Terrorism Victims restate and reallege the foregoing Paragraphs as if fully set forth herein.

28. The Iranian Terrorism Victims admit that an actual and justiciable controversy exists concerning the relative priority of the parties’ interests in the Defendant Cryptocurrency.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, the Iranian Terrorism Victims deny that any of the allegations in Paragraph 29 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Iranian Terrorism Victims in the Defendant Cryptocurrency.

## AFFIRMATIVE DEFENSES

The defenses asserted herein are based on the Iranian Terrorism Victims' knowledge, information, and belief at this time. The Iranian Terrorism Victims specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the IBHLAW Claimants' cross-claims, except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the IBHLAW Claimants' cross-claims, the Iranian Terrorism Victims assert the following affirmative and other defenses:

1. The Iranian Terrorism Victims possess an interest in the Defendant Cryptocurrency.

2. The Iranian Terrorism Victims possess an interest in the Defendant Cryptocurrency that is senior to the government's claim under TRIA, Pub. L. No. 107-297, § 201(a) (2002) (codified at 28 U.S.C. § 1610), notwithstanding the civil forfeiture action.[2]

---

[2] The Terrorism Risk Insurance Act ("TRIA") provides that "[n]otwithstanding any other provision of law," those who hold judgments against a "terrorist party" may execute on the "blocked assets" of that terrorist party or its "agency or instrumentality" "to satisfy such judgment[s] to the extent of any compensatory damages." Pub. L. No. 107-297, § 201(a), 116 Stat. 2322, 2337 (2002),

3. The Iranian Terrorism Victims possess an interest in the Defendant Cryptocurrency that is senior to the IBHLAW Claimants under TRIA, Pub. L. No. 107-297, § 201(a) (2002) (codified at 28 U.S.C. § 1610), notwithstanding the IBHLAW Claimants' cross-claims.

4. The IBHLAW Claimants' cross-claims fail to state a claim against the Iranian Terrorism Victims upon which relief can be granted.

5. The Defendant Cryptocurrency constitutes a "blocked asset" under TRIA, by virtue of Executive Order 13,559, 77 Fed. Reg. 6659 (Feb. 5, 2012).

6. The Iranian Terrorism Victims are entitled to attach and/or execute upon the Defendant Cryptocurrency because they have satisfied TRIA. Specifically, the Iranian Terrorism Victims obtained their judgments against the Islamic Republic of Iran—a terrorist party—based on an act of terrorism; the Defendant Cryptocurrency is blocked under the International Emergency Economic Powers Act including through Executive Orders issued thereunder; and the Defendant Cryptocurrency is owned by the Iran and China Investment Development Group, an agency or instrumentality of Iran.

7. The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. Because of their claim under TRIA, the Iranian Terrorism Victims have a property interest in the Defendant Cryptocurrency governed by the Fifth Amendment. As a result, forfeiting the Defendant Cryptocurrency to the government without "due process of law" would violate the Iranian Terrorism Victims' rights under the Fifth Amendment.

---

codified at 28 U.S.C. § 1610 Note. Accordingly, TRIA overrides "the civil forfeiture statute." *See Est. of Levin v. Wells Fargo Bank*, N.A., 156 F.4th 632, 643 n.1 (D.C. Cir. 2025).

8. The Fifth Amendment also provides that "private property" shall not "be taken for public use, without just compensation." U.S. Const. amend. V. Because of the Iranian Terrorism Victims' property interest in the Defendant Cryptocurrency, forfeiting that property to the government would result in a taking of their property without just compensation.

9. To the extent the Defendant Cryptocurrency is not required to be transferred to the Iranian Terrorism Victims, it is required to be deposited into the United States Victims of State Sponsored Terrorism Fund. *See* 34 U.S.C. § 20144(e)(2)(A).

10. The Government's claim for forfeiture is barred in whole or in part by the doctrine of unclean hands because upon information and belief the Government omitted material information regarding the connections between the Defendant Cryptocurrency and the Islamic Republic of Iran, thereby failing to provide adequate notice to the Iranian Terrorism Victims that demonstrates the Iranian Terrorism Victims' interest in the Defendant Cryptocurrency and/or the requirement that the Defendant Cryptocurrency be deposited into the United States Victims of State Sponsored Terrorism Fund.

11. The Government's claim for forfeiture is barred in whole or in part by the statute of limitations because the Government did not commence this action within the time period prescribed by 19 U.S.C. § 1621.

12. The forfeiture of the Iranian Terrorism Victims' property would violate the Excessive Fines clause of the Eighth Amendment.

13. The Iranian Terrorism Victims deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, cross-claims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

14. The Iranian Terrorism Victims incorporate by reference any defense that any other claimant pleads in this action, to the extent the defense applies to any claims against the Defendant Cryptocurrency, in whole or in part.

Dated: October 21, 2026

Respectfully submitted,

**CROWELL & MORING LLP**

*/s/ Joshua S. Sohn*
Joshua S. Sohn
Kelly T. Currie
Two Manhattan West
375 9th Ave
New York, NY 10001
(212) 223-4000
JSohn@crowell.com
KCurrie@crowell.com

Alexander J. Kramer (*pro hac vice*)
Michael J. Williams (*pro hac vice*)
600 5th Street N.W.
Washington, D.C. 20001
(202) 624-2500
Akramer@crowell.com
Mwilliams@crowell.com

*Attorneys for Claimants Iranian Terrorism Victims*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, I electronically filed the foregoing document via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.

Dated: October 21, 2026

/s/ *Joshua S. Sohn*
Joshua S. Sohn