**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------x

UNITED STATES OF AMERICA, :

Plaintiff, :

v. : Civil Action No. 1:25-cv-5745 (RPK) (CHK)

APPROXIMATELY 127,271 BITCOIN (BTC) PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO, :

Defendant, *In Rem*. :

----------------------------------------------------------x

**ANSWER OF AMBUSH CLAIMANTS TO CROSS-CLAIMS**
**BY BREITWEISER CLAIMANTS**
**AND REQUEST FOR JURY TRIAL AS PERMITTED BY LAW**

The Ambush Claimants[1] submit this Answer to the Cross-Claims filed by the Breitweiser Claimants, dated February 11, 2026 (ECF No. 216). This Answer is filed on behalf of the Ambush Claimants[2] other than Michael Rusnak, Brenda Eilers, Mark Broda, Pamela Broda, Alycia Broda, and the Estate of Rosemary Ritt, who are now represented by Robert A. Braun (ECF Nos. 212, 559) and as to whom the motion to withdraw as counsel under Local Civil Rule 1.4 (ECF No. 592) is pending.[3] The Ambush Claimants answer as follows:

**RESPONSE TO CROSS-CLAIM FOR PRIORITY**

1. Paragraph 1 contains legal conclusions to which no response is required.

[1] The "Ambush Claimants" are the claimants identified in the Verified Claim (ECF No. 188) and listed in Exhibit 3 thereto (ECF No. 188-3), subject to a corrected list of claimants to be filed.
[2] Certain holders of awards included in the Verified Claim died before the Verified Claim was filed. Their estates, acting through their personal representatives, will be substituted for them in a corrected list of claimants to be filed.
[3] Mr. Rusnak is answered by Mr. Braun as a Relvas Claimant (ECF No. 561).

2. Paragraph 2 contains legal conclusions to which no response is required.

3. The Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required.

5. The Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 5.

6. The Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 6.

7. The Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 7.

8. The Ambush Claimants admit that the Breitweiser Claimants have filed a claim in this action. The Ambush Claimants otherwise lack knowledge sufficient to confirm or deny the remaining allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required.

10. Admitted.

**FIRST COUNT**
**(Priority Under CPLR § 5234 – Executions)**

11. The Ambush Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

12. Paragraph 12 contains legal conclusions to which no response is required.

13. Paragraph 13 contains legal conclusions to which no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants deny that CPLR 5234(c)

establishes the priority rule alleged in Paragraph 15.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants lack knowledge sufficient to confirm or deny the allegations in Paragraph 16 and therefore deny them.

17. Paragraph 17 contains legal conclusions to which no response is required.

## SECOND COUNT
## (Priority Under CPLR Article 62 – Attachment)

18. The Ambush Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

19. Paragraph 19 contains legal conclusions to which no response is required.

20. Paragraph 20 contains legal conclusions to which no response is required.

21. Paragraph 21 contains legal conclusions to which no response is required.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants deny that the Ambush Claimants' attachment rights are subordinate to the Breitweiser Claimants.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants deny that the Breitweiser Claimants have priority over the Ambush Claimants.

## THIRD COUNT
## (Priority Under TRIA § 201 and Federal Law)

24. The Ambush Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

25. Paragraph 25 contains legal conclusions to which no response is required.

26. Paragraph 26 contains legal conclusions to which no response is required.

27. Paragraph 27 contains legal conclusions to which no response is required.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants deny that the Ambush Claimants' Terrorism Risk Insurance Act ("TRIA") claims are subordinate to the Breitweiser Claimants' TRIA Claims.

**FOURTH COUNT**
**(Declaratory Relief)**

29. The Ambush Claimants incorporate and reallege each and every response to the preceding Paragraphs as though set forth in full here.

30. Paragraph 30 contains legal conclusions to which no response is required.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, the Ambush Claimants deny that any of the allegations in Paragraph 31 confer on the Breitweiser Claimants any right, title, or interest in the approximately 127,271 Bitcoin at issue in this action (the "Defendant Cryptocurrency") that is superior to the right, title, or interest of the Ambush Claimants in the Defendant Cryptocurrency.

**PRAYER FOR RELIEF**

32. The Breitweiser Claimants' Prayer for Relief requires no response. To the extent a response is required, the Ambush Claimants deny that the Breitweiser Claimants are entitled to the relief requested to the extent it seeks priority over, or any relief against, the Ambush Claimants.

**AFFIRMATIVE AND OTHER DEFENSES**

33. The defenses asserted herein are based on the Ambush Claimants' knowledge, information, and belief at this time. The Ambush Claimants specifically

reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Breitweiser Claimants' Cross-Claims except as may be specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the Breitweiser Claimants' and the government's claims, the Ambush Claimants assert the following affirmative and other defenses:

**FIRST AFFIRMATIVE DEFENSE**

34. The Breitweiser Claimants' First and Second Counts, which assert priority under CPLR § 5234 and CPLR Article 62, fail to state a claim against the Ambush Claimants as a matter of law. Upon information and belief, no claimant has delivered an execution to a sheriff or marshal or obtained a levy upon the Defendant Cryptocurrency, and no claimant therefore has priority under CPLR 5234 or Article 62. The Breitweiser Claimants' First and Second Counts must therefore be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

35. The Breitweiser Claimants' Third Count, which asserts priority under TRIA § 201, fails to state a claim against the Ambush Claimants as a matter of law. Like the Breitweiser Claimants, the Ambush Claimants hold compensatory damage judgments against Iran based on acts of terrorism, and are claimants under TRIA § 201. TRIA does not create a right of action for one claimant to sue another, nor does it provide for a hierarchy of priority among judgment holders. Accordingly, TRIA does not provide any basis to give priority to the Breitweiser Claimants over the Ambush Claimants, and the Breitweiser Claimants' Third Count must be dismissed.

**THIRD AFFIRMATIVE DEFENSE**

36. The Court should utilize the broad discretion granted to it by CPLR § 5240 to ensure that any execution or attachment issued in this case shall provide in substance that all claims based on compensatory damage judgments against Iran for acts of terrorism shall be granted on an equitable basis as to all such claimants, without excluding or giving priority to any such claimants.

WHEREFORE, the Ambush Claimants respectfully request that the Court dismiss the Breitweiser Claimants' Cross-Claims as against the Ambush Claimants; order that any distribution of the Defendant Cryptocurrency among holders of terrorism judgments against Iran be made on an equitable basis, without priority; and grant such other relief as the Court deems just.

**JURY DEMAND**

Pursuant to Federal Rules of Civil Procedure 38, and any other applicable Rule or Statute, the Ambush Claimants demand a trial by jury on all issues so triable.

Dated: October 21, 2026

Respectfully submitted,

/s/ Joshua M. Ambush
Joshua M. Ambush, Esq.
Law Offices of Joshua M. Ambush, LLC
106 Old Court Road, Suite 303
Baltimore, Maryland 21208
Phone: (410) 484-2070
Email: jambush@ambushlaw.com
Counsel for the Ambush Claimants

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, I electronically filed the foregoing Ambush Claimants' Answer to Cross-Claims by the Breitweiser Claimants and Request for Jury Trial as Permitted by Law via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.

I further certify that on October 21, 2026, I caused the foregoing to be served by first-class mail on the following parties who are not registered for CM/ECF:

Connie Wilson
8736 E 375 S
Lafayette, IN 47905

Corneliu Hristovschi
5 Sewall Ave, Apt C3
Clifton, NJ 07011

Ravi Anand
33 W Ontario Street, #17F
Chicago, IL 60654

Dated: October 21, 2026 /s/ Joshua M. Ambush