**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendant, *In Rem*. | Civil Action No. 1:25-cv-05745 (RPK) |

**FEDERAL INSURANCE CLAIMANTS' ANSWER**
**TO CROSS-CLAIMS BY BREITWEISER CLAIMANTS**

Pursuant to Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the *Federal Insurance* Claimants[1] hereby answer the cross-claims asserted by the Breitweiser Claimants (ECF No. 216) as follows:

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants admit that this Court has jurisdiction over this matter.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants admit that venue is proper in this Court.

---

[1] The *Federal Insurance* Claimants are Vigilant Insurance Company, Chubb Custom Insurance Company, Chubb Indemnity Insurance Company, Federal Insurance Company, Chubb Insurance Company of New Jersey, Chubb Insurance Company of Canada, Pacific Indemnity Company, Great Northern Insurance Company, AXA Art Insurance Corp., AXA Global Risks (UK) Ltd., AXA CSA UK Branch, AXA Insurance Company, AXA Reinsurance Company, AXA RE, AXA RE Canadian Branch, AXA RE UK Plc, AXA Versicherung, SPS RE, American Alternative Insurance Company, Princeton Excess and Surplus Lines Insurance Company, Great Lakes UK Reinsurance Company, and OneBeacon Insurance Company.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants admit these allegations.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants admit these allegations.

**FIRST COUNT**
**(Priority Under CPLR § 5234 – Executions)**

11. The *Federal Insurance* Claimants incorporate and reallege each and every response to the preceding paragraphs as though set forth fully herein.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 12.

13. Paragraph 13 contains legal conclusions to which no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required.

15. Paragraph 15 contains legal conclusions to which no response is required.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants deny this allegation to the extent it asserts that the Breitweiser Claimants have established any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the *Federal Insurance* Claimants in the Defendant Cryptocurrency.

**SECOND COUNT**
**(Priority Under CPLR Article 62 – Attachment)**

18. The *Federal Insurance* Claimants incorporate and reallege each and every response to the preceding paragraphs as though set forth fully herein.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 21.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 22.

23. Denied.

**THIRD COUNT**
**(Priority Under TRIA § 201 and Federal Law)**

24. The *Federal Insurance* Claimants incorporate and reallege each and every response to the preceding paragraphs as though set forth fully herein.

25. Paragraph 25 contains legal conclusions to which no response is required.

26. Paragraph 26 contains legal conclusions to which no response is required.

27. Paragraph 27 contains legal conclusions to which no response is required.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

**FOURTH COUNT**
**(Declaratory Relief)**

29. The *Federal Insurance* Claimants incorporate and reallege each and every response to the preceding paragraphs as though set forth fully herein.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants admit an actual and justiciable controversy exists concerning the relative priority of interests in the Defendant Cryptocurrency.

31. Paragraph 31 contains no allegations to which a response is required. To the extent a response is required, the *Federal Insurance* Claimants deny that the Breitweiser Claimants are entitled to the relief sought.

**AFFIRMATIVE DEFENSES**

The defenses asserted herein are based on the *Federal Insurance* Claimants' knowledge, information, and belief at this time. The *Federal Insurance* Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Breitweiser Claimants' Cross-Claims except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the government's claims, the *Federal Insurance* Claimants assert the following affirmative and other defenses:

1. The Breitweiser Claimants' Cross-Claims fail to state a claim against the *Federal Insurance* Claimants upon which relief can be granted.

2. The *Federal Insurance* Claimants deny that any other claimants have established that they meet all legal requirements for turnover pursuant to TRIA or all legal requirements for establishing priority under TRIA and New York law.

3. The *Federal Insurance* Claimants deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, crossclaims,

and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: October 21, 2026

Respectfully submitted,

COZEN O'CONNOR

By: */s/ Sean P. Carter*

Sean P. Carter, Esq.
J. Scott Tarbutton, Esq.
One Liberty Place
1650 Market Street, 28th Floor
Philadelphia, PA 19103
Tel: (215) 665-2000
scarter1@cozen.com
starbutton@cozen.com

*Attorneys for the Federal Insurance Claimants*