**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendant, *In Rem*. | Civil Action No. 1:25-cv-05745 (RPK) |

**FEDERAL INSURANCE CLAIMANTS' ANSWER TO CROSS-CLAIMS BY WEINSTOCK, MUSTARD, JOHNSON, AND HECHING CLAIMANTS**

Pursuant to Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the *Federal Insurance* Claimants[1] hereby answer the cross-claims asserted by the Weinstock, Mustard, Johnson, and Heching (the "Weinstock Claimants") (ECF No. 399) as follows:

**Turnover and Declaration of Priority Pursuant to TRIA § 201**

1. Paragraph 1 contains no allegations to which a response is required.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants admit that this Court has jurisdiction over this matter.

[1] The *Federal Insurance* Claimants are Vigilant Insurance Company, Chubb Custom Insurance Company, Chubb Indemnity Insurance Company, Federal Insurance Company, Chubb Insurance Company of New Jersey, Chubb Insurance Company of Canada, Pacific Indemnity Company, Great Northern Insurance Company, AXA Art Insurance Corp., AXA Global Risks (UK) Ltd., AXA CSA UK Branch, AXA Insurance Company, AXA Reinsurance Company, AXA RE, AXA RE Canadian Branch, AXA RE UK Plc, AXA Versicherung, SPS RE, American Alternative Insurance Company, Princeton Excess and Surplus Lines Insurance Company, Great Lakes UK Reinsurance Company, and OneBeacon Insurance Company.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants admit that venue is proper in this Court.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 4.

5. The *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 5.

6. The *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 6.

7. The *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 7.

8. The *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 8.

9. The *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 9.

10. The *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 10.

11. The *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 11.

12. The *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 12.

13. Paragraph 13 refers to a statute, which speaks for itself, and any characterization of that statute is denied.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants admit that Iran is a "terrorist party" under TRIA.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 15.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the *Federal Insurance* Claimants admit that the Defendant Cryptocurrency is subject to attachment and execution pursuant to TRIA § 201. By way of further answer, the *Federal Insurance* Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

19. The *Federal Insurance* Claimants lack knowledge sufficient to admit or deny which cross-claims or counterclaims the Weinstock Claimants purport to adopt in Paragraph 19, and those allegations are denied.

## AFFIRMATIVE DEFENSES

The defenses asserted herein are based on the *Federal Insurance* Claimants' knowledge, information, and belief at this time. The *Federal Insurance* Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement

any defense contained herein at any time. Without admitting any of the facts alleged in the Weinstock Claimants' Cross-Claims except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the government's claims, the *Federal Insurance* Claimants assert the following affirmative and other defenses:

1. The Weinstock Claimants' Cross-Claims fail to state a claim against the *Federal Insurance* Claimants upon which relief can be granted.

2. The *Federal Insurance* Claimants deny that any other claimants have established that they meet all legal requirements for turnover pursuant to TRIA or all legal requirements for establishing priority under TRIA and New York law.

3. The *Federal Insurance* Claimants deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, crossclaims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: October 21, 2026

Respectfully submitted,

COZEN O'CONNOR

By: */s/ Sean P. Carter*

Sean P. Carter, Esq.
J. Scott Tarbutton, Esq.
One Liberty Place
1650 Market Street, 28th Floor
Philadelphia, PA 19103
Tel: (215) 665-2000
scarter1@cozen.com
starbutton@cozen.com

*Attorneys for the Federal Insurance Claimants*