**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendant *In Rem*. | Civil Action No. 25-cv-5745 (RPK) (CHK) |

**<u>*FRITZ* VICTIMS' ANSWER TO METNI CLAIMANTS' CROSSCLAIMS</u>**

Pursuant to Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, the *Fritz* Victims hereby answer the crossclaims asserted by the claimants who style themselves the "Iranian Terrorism Victims" in their Amended Answer to Verified Complaint *In Rem*, dated February 25, 2026 (ECF No. 252) (the "Crossclaims").

Because the *Fritz* Victims are also victims of Iranian state-sponsored terrorism, the *Fritz* Victims will refer to these claimants who filed the Crossclaims as the "Metni Claimants" after the first individual listed in ECF No. 537-1. The *Fritz* Victims respond to the Crossclaims only insofar as they are asserted against the *Fritz* Victims; to the extent the Crossclaims assert counterclaims against the United States, no response from the *Fritz* Victims is required. The *Fritz* Victims answer as follows:[1]

[1] A full list of Claimants is included as Attachment A to the Verification of the *Fritz* Victims' Claims. *See* ECF No. 29-2.

**CROSS-CLAIMS & COUNTERCLAIMS**

1. Paragraph 1 contains jurisdictional and legal conclusions to which no response is required.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required.

3. The *Fritz* Victims lack sufficient knowledge to confirm or deny the allegations in Paragraph 3.

4. Paragraph 4 describes the parties against whom the Crossclaims are asserted, to which no response is required.

5. Paragraph 5 is a limitation of the purposes of the Crossclaims, to which no response is required. To the extent a response is required, the *Fritz* Victims deny that the Metni Claimants hold any priority rights over the *Fritz* Victims with respect to the Defendant Cryptocurrency.

6. Paragraph 6 is a limitation of the scope of the Crossclaims, to which no response is required.

7. The *Fritz* Victims deny that the Metni Claimants have timely filed verified claims in this action. Given public reporting on Iran's connections to LuBian, the Metni Claimants knew or should have known about their purported interests in the Defendant Cryptocurrency before this Court's deadline for filing verified claims. But the Metni Claimants filed their verified claims only on January 14, 2026—more than two weeks after this Court's already extended deadline of December 29, 2025—and have acknowledged that their claims are untimely by seeking this Court's leave to file their claims after that deadline. *See* ECF No. 52. Although this Court granted that motion, *see* Sep. 30, 2026 Minute Order, the *Fritz* Victims preserve their objection that the

Metni Claimants' verified claims are untimely. The *Fritz* Victims otherwise lack sufficient knowledge to confirm or deny the allegations in Paragraph 7.

8. The *Fritz* Victims admit the allegations in Paragraph 8.

9. The *Fritz* Victims admit the allegations in Paragraph 9.

**<u>FIRST COUNT</u>**
**(Priority under CPLR 5234 – Executions)**

10. The *Fritz* Victims reincorporate and reallege each and every response to Paragraphs 1 through 9 set forth above as though fully set forth herein.

11. Paragraph 11 is a qualification of Count One, to which no response is required.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, the *Fritz* Victims admit the allegations in Paragraph 12.

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required.

14. Paragraph 14 characterizes a statute that speaks for itself, and no response is required.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response is required, the *Fritz* Victims deny that the Metni Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the *Fritz* Victims deny that the Metni Claimants have acted "diligently."

**<u>SECOND COUNT</u>**
**(Priority under CPLR Article 62 – Attachment)**

17. The *Fritz* Victims reincorporate and reallege each and every response to Paragraphs 1 through 16 set forth above as though fully set forth herein.

18. Paragraph 18 is a qualification of Count Two, to which no response is required.

19. Paragraph 19 characterizes a statute that speaks for itself, and no response is required.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, the *Fritz* Victims deny the allegations in Paragraph 20.

21. Paragraph 21 contains a legal conclusion to which no response is required. To the extent that a response is required, the *Fritz* Victims deny that the Metni Claimants are entitled to priority over competing judgment creditors because the *Fritz* Victims are entitled to priority over the Metni Claimants.

**<u>THIRD COUNT</u>**
**(Priority under TRIA § 201)**

22. The *Fritz* Victims reincorporate and reallege each and every response to Paragraphs 1 through 21 set forth above as though fully set forth herein.

23. Paragraph 23 characterizes a statute that speaks for itself, and no response is required.

24. Paragraph 24 contains a legal conclusion to which no response is required.

25. Paragraph 25 contains a legal conclusion to which no response is required.

26. Paragraph 26 contains a legal conclusion to which no response is required. To the extent that a response is required, the *Fritz* Victims deny the allegation. The Metni Claimants'

purported interests are not superior to the interests of competing claimants; the *Fritz* Victims' claims are superior to the interests of the Metni Claimants.

**<u>FOURTH COUNT</u>**
**(Declaratory Relief)**

27. The *Fritz* Victims reincorporate and reallege each and every response to Paragraphs 1 through 26 set forth above as though fully set forth herein.

28. Paragraph 28 contains a legal conclusion to which no response is required. To the extent that a response is required, the *Fritz* Victims admit the allegations in Paragraph 28.

29. Paragraph 29 is a request, not an allegation, to which no response is required.

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

The defenses asserted herein are based on the *Fritz* Victims' knowledge, information, and belief at this time. The *Fritz* Victims specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Crossclaims except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the Crossclaims, the *Fritz* Victims assert the following affirmative and other defenses:

1. The Metni Claimants' Crossclaims fail to state a claim against the *Fritz* Victims upon which relief can be granted.

2. The *Fritz* Victims are entitled to attach and execute upon the Defendant Cryptocurrency because they have satisfied TRIA. Specifically, the *Fritz* Victims obtained their judgments against the Islamic Republic of Iran—a terrorist party—based on an act of terrorism; the Defendant Cryptocurrency is blocked under the International Emergency Economic Powers

Act; and the Defendant Cryptocurrency is owned by the Iran and China Investment Development Group, an agency or instrumentality of Iran.

3. Under TRIA, the *Fritz* Victims' interests in the Defendant Cryptocurrency are superior to those of any non-TRIA claimant, as well as to TRIA claimants who filed after the *Fritz* Victims.

4. The Metni Claimants filed untimely claims because they filed their claims after this Court's December 29, 2025 deadline for filing claims and after the *Fritz* Victims timely filed their claims. Any interest the Metni Claimants hold in the Defendant Cryptocurrency is subordinate to the interests of the *Fritz* Victims.

5. The *Fritz* Victims deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, crossclaims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: October 21, 2026
New York, New York

Respectfully submitted,

/s/ Jason W. Myatt

Robert L. Weigel
Jason W. Myatt
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
rweigel@gibsondunn.com
jmyatt@gibsondunn.com

Jessica L. Wagner (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
jwagner@gibsondunn.com

*Attorneys for Fritz Victims*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, I electronically filed the foregoing *Fritz* Victims' Answer to the Metni Claimants' Crossclaims via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.

Dated: October 21, 2026

/s/ Jason W. Myatt
Jason W. Myatt