**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,

Defendant *In Rem*.

Civil Action No. 25-cv-5745 (RPK) (CHK)

## ***BAXTER*** **VICTIMS' ANSWER TO ENCINAS CLAIMANTS' CROSSCLAIMS**

Pursuant to Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, the *Baxter* Victims hereby answer the crossclaims asserted by the Encinas Claimants and the DiBenedetto Claimants (collectively, the "Encinas Claimants") in their answer to the Verified Complaint *In Rem*, dated April 16, 2026 (ECF No. 414) (the "Crossclaims").

The *Baxter* Victims respond to the Crossclaims only insofar as they are asserted against the *Baxter* Victims; to the extent the Crossclaims assert counterclaims against the United States, no response from the *Baxter* Victims is required. The *Baxter* Victims answer as follows:[1]

## **CROSS-CLAIMS AND COUNTERCLAIMS**

1. Paragraph 1 contains jurisdictional and legal conclusions to which no response is required.

[1] A full list of Claimants is included as Attachment A to the Verification of the *Baxter* Victims' Claims. *See* ECF No. 30-2.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required.

3. The *Baxter* Victims lack sufficient knowledge to confirm or deny the allegations in Paragraph 3.

4. Paragraph 4 describes the parties against whom the Crossclaims are asserted, to which no response is required.

5. Paragraph 5 is a limitation of the purposes of the Crossclaims, to which no response is required. To the extent a response is required, the *Baxter* Victims deny that the Encinas Claimants hold any priority rights over the *Baxter* Victims with respect to the Defendant Cryptocurrency, and deny that priority in the Defendant Cryptocurrency is to be determined "in order to facilitate an equitable distribution among all Iran terror victims."

6. Paragraph 6 is a limitation of the scope of the Crossclaims, to which no response is required.

7. The *Baxter* Victims deny that the Encinas Claimants have timely filed verified claims in this action. Given public reporting on Iran's connections to LuBian, the Encinas Claimants knew or should have known about their purported interests in the Defendant Cryptocurrency before this Court's deadline for filing verified claims. But the Encinas Claimants filed their verified claims only on March 26, 2026—nearly three months after this Court's already extended deadline of December 29, 2025—and have acknowledged that their claims are untimely by seeking this Court's leave to file their claims after that deadline. *See* ECF No. 370. Although this Court granted that motion, *see* Sep. 30, 2026 Minute Order, the *Baxter* Victims preserve their objection that the Encinas Claimants' verified claims are untimely. The *Baxter* Victims otherwise lack sufficient knowledge to confirm or deny the allegations in Paragraph 7.

8. The *Baxter* Victims admit the allegations in Paragraph 8.

9. The *Baxter* Victims admit the allegations in Paragraph 9.

**FIRST COUNT**
**(Priority under CPLR 5234—Executions, as modified by CPLR 5240)**

10. The *Baxter* Victims reincorporate and reallege each and every response to Paragraphs 1 through 9 set forth above as though fully set forth herein.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, the *Baxter* Victims admit the allegations in Paragraph 11.

12. Paragraph 12 characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the *Baxter* Victims deny that CPLR § 5240 provides a basis to alter priority rules.

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the *Baxter* Victims deny that CPLR § 5240 provides a basis to alter priority rules.

14. Paragraph 14 characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the *Baxter* Victims deny that CPLR § 5240 provides a basis to alter priority rules, deny that priority in the Defendant Cryptocurrency is to be determined "in order to facilitate an equitable distribution among all Iran terror victims," and also deny that the Encinas Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, the *Baxter* Victims deny that the Encinas Claimants have acted or will act "diligently."

**<u>SECOND COUNT</u>**
**(Priority under CPLR Article 62 – Attachment, as modified by CPLR 5240)**

16. The *Baxter* Victims reincorporate and reallege each and every response to Paragraphs 1 through 15 set forth above as though fully set forth herein.

17. Paragraph 17 characterizes a statute that speaks for itself, and no response is required. To the extent a response is required, the *Baxter* Victims deny that CPLR § 5240 provides a basis to alter priority rules.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, the *Baxter* Victims deny the allegations in Paragraph 18.

19. Paragraph 19 contains a legal conclusion to which no response is required. To the extent that a response is required, the *Baxter* Victims deny that the Encinas Claimants are entitled to priority over competing judgment creditors because the *Baxter* Victims are entitled to priority over the Encinas Claimants, and deny that priority in the Defendant Cryptocurrency is to be determined "in order to facilitate an equitable distribution among all Iran terror victims."

**<u>THIRD COUNT</u>**
**(Priority under TRIA § 201)**

20. The *Baxter* Victims reincorporate and reallege each and every response to Paragraphs 1 through 19 set forth above as though fully set forth herein.

21. Paragraph 21 characterizes a statute that speaks for itself, and no response is required.

22. Paragraph 22 contains a legal conclusion to which no response is required.

23. Paragraph 23 contains a legal conclusion to which no response is required.

24. Paragraph 24 contains a legal conclusion to which no response is required. To the extent that a response is required, the *Baxter* Victims deny the allegation. The Encinas Claimants'

purported interests are not superior to the interests of competing claimants; the *Baxter* Victims' claims are superior to the interests of the Encinas Claimants.

**<u>FOURTH COUNT</u>**
**(Declaratory Relief)**

25. The *Baxter* Victims reincorporate and reallege each and every response to Paragraphs 1 through 24 set forth above as though fully set forth herein.

26. Paragraph 26 contains a legal conclusion to which no response is required. To the extent that a response is required, the *Baxter* Victims admit the allegations in Paragraph 26.

27. Paragraph 27 is a request, not an allegation, to which no response is required. To the extent a response is required, the *Baxter* Victims deny that priority in the Defendant Cryptocurrency is to be determined "in order to facilitate an equitable distribution among all Iran terror victims," and also deny that the Encinas Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency.

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

The defenses asserted herein are based on the *Baxter* Victims' knowledge, information, and belief at this time. The *Baxter* Victims specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Crossclaims except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the Crossclaims, the *Baxter* Victims assert the following affirmative and other defenses:

1. The Encinas Claimants' Crossclaims fail to state a claim against the *Baxter* Victims upon which relief can be granted.

2. The *Baxter* Victims are entitled to attach and execute upon the Defendant Cryptocurrency because they have satisfied TRIA. Specifically, the *Baxter* Victims obtained their judgments against the Islamic Republic of Iran—a terrorist party—based on an act of terrorism; the Defendant Cryptocurrency is blocked under the International Emergency Economic Powers Act; and the Defendant Cryptocurrency is owned by the Iran and China Investment Development Group, an agency or instrumentality of Iran.

3. Under TRIA, the *Baxter* Victims' interests in the Defendant Cryptocurrency are superior to those of any non-TRIA claimant, as well as to TRIA claimants who filed after the *Baxter* Victims.

4. The Encinas Claimants filed untimely claims because they filed their claims after this Court's December 29, 2025 deadline for filing claims and after the *Baxter* Victims timely filed their claims. Any interest the Encinas Claimants hold in the Defendant Cryptocurrency is subordinate to the interests of the *Baxter* Victims.

5. TRIA does not entitle the Encinas Claimants to an "equitable distribution" of the Defendant Cryptocurrency among terrorism judgment creditors without regard to the relative priority of those creditors' claims.

6. The *Baxter* Victims deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, crossclaims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: October 21, 2026
New York, New York

Respectfully submitted,

/s/ Jason W. Myatt
Robert L. Weigel
Jason W. Myatt
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
rweigel@gibsondunn.com
jmyatt@gibsondunn.com

Jessica L. Wagner (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
jwagner@gibsondunn.com

*Attorneys for Baxter Victims*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, I electronically filed the foregoing *Baxter* Victims' Answer to the Encinas Claimants' Crossclaims via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.

Dated: October 21, 2026

/s/ Jason W. Myatt
Jason W. Myatt