UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,

Defendant *In Rem*.

Civil Action No. 25-cv-5745 (RPK) (CHK)

## ***BAXTER* VICTIMS' ANSWER TO WMJH CLAIMANTS' CROSSCLAIMS**

Pursuant to Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, the *Baxter* Victims hereby answer the crossclaims asserted by the Weinstock, Mustard, Johnson, and Heching Claimants (collectively, the "WMJH Claimants") in their answer to the Verified Complaint *In Rem*, dated April 10, 2026 (ECF No. 399) (the "Crossclaims").

The WMJH Claimants refer to the defendant *in rem* as the "Defendants In Rem"; this Answer refers to it as the "Defendant Cryptocurrency." The *Baxter* Victims respond to the Crossclaims only insofar as they are asserted against the *Baxter* Victims; to the extent the Crossclaims assert counterclaims against the United States, no response from the *Baxter* Victims is required. The *Baxter* Victims answer as follows:[1]

[1] A full list of Claimants is included as Attachment A to the Verification of the *Baxter* Victims' Claims. *See* ECF No. 30-2.

## CROSSCLAIMS AND COUNTERCLAIMS

**Turnover and Declaration of Priority Pursuant to TRIA § 201**

1. Paragraph 1 is an introductory statement, not an allegation, to which no response is required.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required.

3. Paragraph 3 contains jurisdictional and legal conclusions to which no response is required.

4. The *Baxter* Victims lack sufficient knowledge to confirm or deny the allegations in Paragraph 4.

5. The *Baxter* Victims lack sufficient knowledge to confirm or deny the allegations in Paragraph 5.

6. Paragraph 6 purports to characterize a judgment that speaks for itself, and no response is required. To the extent a response is required, the *Baxter* Victims lack sufficient knowledge to confirm or deny the allegations in Paragraph 6.

7. The *Baxter* Victims lack sufficient knowledge to confirm or deny the allegations in Paragraph 7.

8. Paragraph 8 purports to characterize a judgment that speaks for itself, and no response is required. To the extent a response is required, the *Baxter* Victims lack sufficient knowledge to confirm or deny the allegations in Paragraph 8.

9. Paragraph 9 purports to characterize a judgment that speaks for itself, and no response is required. To the extent a response is required, the *Baxter* Victims lack sufficient knowledge to confirm or deny the allegations in Paragraph 9.

10. The *Baxter* Victims lack sufficient knowledge to confirm or deny the allegations in Paragraph 10.

11. Paragraph 11 purports to characterize a judgment that speaks for itself, and no response is required. To the extent a response is required, the *Baxter* Victims lack sufficient knowledge to confirm or deny the allegations in Paragraph 11.

12. The *Baxter* Victims lack sufficient knowledge to confirm or deny the allegations in Paragraph 12.

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required.

14. The *Baxter* Victims admit that the Islamic Republic of Iran is a "terrorist party" within the meaning of TRIA.

15. Paragraph 15 describes the parties against whom the Crossclaims are asserted, to which no response is required.

16. The *Baxter* Victims admit the allegations in Paragraph 16.

17. Paragraph 17 contains a legal conclusion to which no response is required.

18. Paragraph 18 contains a legal conclusion to which no response is required. To the extent that a response is required, the *Baxter* Victims deny the allegation. The WMJH Claimants' purported interests are not superior to the interests of competing claimants; the *Baxter* Victims' claims are superior to the interests of the WMJH Claimants.

19. Paragraph 19 purports to adopt by reference crossclaims and counterclaims pleaded by other claimants, to which no response is required. To the extent a response is required, the *Baxter* Victims deny that the WMJH Claimants are entitled to relief on any such crossclaim or counterclaim and incorporate by reference their answers to those crossclaims, including their

answer to the Breitweiser Claimants' Crossclaim (ECF No. 292) and their answers to the crossclaims asserted at ECF Nos. 236, 252, 350, 406, 414, and 501.

**AFFIRMATIVE AND OTHER DEFENSES**

The defenses asserted herein are based on the *Baxter* Victims' knowledge, information, and belief at this time. The *Baxter* Victims specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Crossclaims except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the Crossclaims, the *Baxter* Victims assert the following affirmative and other defenses:

1. The WMJH Claimants' Crossclaims fail to state a claim against the *Baxter* Victims upon which relief can be granted.

2. The *Baxter* Victims are entitled to attach and execute upon the Defendant Cryptocurrency because they have satisfied TRIA. Specifically, the *Baxter* Victims obtained their judgments against the Islamic Republic of Iran—a terrorist party—based on an act of terrorism; the Defendant Cryptocurrency is blocked under the International Emergency Economic Powers Act; and the Defendant Cryptocurrency is owned by the Iran and China Investment Development Group, an agency or instrumentality of Iran.

3. Under TRIA, the *Baxter* Victims' interests in the Defendant Cryptocurrency are superior to those of any non-TRIA claimant, as well as to TRIA claimants who filed after the *Baxter* Victims.

4. The WMJH Claimants filed untimely claims because they filed their claims after this Court's December 29, 2025 deadline for filing claims and after the *Baxter* Victims timely filed

their claims. Any interest the WMJH Claimants hold in the Defendant Cryptocurrency is subordinate to the interests of the *Baxter* Victims.

5. TRIA § 201(a) subjects blocked assets to execution or attachment only "to the extent of any compensatory damages for which such terrorist party has been adjudged liable." The WMJH Claimants may not satisfy any punitive damages award from the Defendant Cryptocurrency.

6. The *Baxter* Victims deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, crossclaims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

Dated: October 21, 2026
New York, New York

Respectfully submitted,

/s/ Jason W. Myatt
Robert L. Weigel
Jason W. Myatt
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
rweigel@gibsondunn.com
jmyatt@gibsondunn.com

Jessica L. Wagner (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
jwagner@gibsondunn.com

*Attorneys for Baxter Victims*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2026, I electronically filed the foregoing *Baxter* Victims' Answer to the WMJH Claimants' Crossclaims via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the government, in the above-captioned matter.

Dated: October 21, 2026

/s/ Jason W. Myatt
Jason W. Myatt