AYLSTOCK WITKIN KREIS OVERHOLTZ, PLC

ATTORNEYS AT LAW

17 East Main Street, Suite 200 • Pensacola, FL 32502 • (850) 202-1010 • AWKOLaw.com

October 21, 2026

**VIA ECF**

Honorable Rachel P. Kovner
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** ***United States v. Approximately 127,271 Bitcoin (BTC), et al.*****, No. 1:25-cv-05745 (RPK) (CHK) — Swinney Claimants' Letter Regarding Their Filing Today (Leave Requested Only to the Extent Required)**

Dear Judge Kovner:

The *Swinney* Claimants respectfully write regarding a submission they filed today, out of an abundance of caution and to preserve the earliest arguable deadline, titled "*Swinney* Claimants' Supplemental Answer to the Verified Complaint (Supplemental Rule G(5)(b)), and Consolidated Answer to CrossClaims, with Affirmative Defenses and Jury Demand" (the "Submission"). The *Swinney* Claimants ask the Court to accept the Submission as filed or, in the alternative, to treat it as lodged pending a ruling on leave under Fed. R. Civ. P. 15(a)(2), only to the extent leave is required. Their primary position is that Supplemental Rule G does not require leave. They also ask the Court to deem Part II timely or to extend the time to file it (Request 3). On October 20, 2026, undersigned counsel contacted counsel for the United States by email to ascertain the Government's position on the relief requested herein. As of the time of this filing, the Government has not responded.

**Background**

On February 10, 2026, the *Swinney* Claimants moved for leave to file a late claim and submitted a proposed Verified Claim. ECF No. 211. On February 20, 2026, they filed ECF No. 242, titled "*Swinney* Claimants' Answer to Verified Complaint In Rem." On March 6, 2026, they answered the cross-claims asserted in ECF No. 252. ECF No. 306. On September 30, 2026, the Court granted the *Swinney* Claimants' motion and lifted the abeyance on the pending cross-claims. On October 19, 2026, the *Swinney* Claimants filed their Verified Claim pursuant to the

AYLSTOCK WITKIN KREIS OVERHOLTZ, PLC

ATTORNEYS AT LAW

17 East Main Street, Suite 200 • Pensacola, FL 32502 • (850) 202-1010 • AWKOLaw.com

Court's Order. ECF No. 594. They filed the Submission at the same time as this letter, rather than after a ruling, so that the earliest arguable deadline (twenty-one days after the September 30 Order) would be preserved.

**The Submission**

The Submission has two parts. Part I restates and supplements ECF No. 242 and conforms it to the Verified Claim, to the Court's September 30 Order, and to the March 17, 2026 order under 28 U.S.C. § 1610(c). It revises certain earlier responses (including those to ¶¶ 5, 16, 38, 42, 50, 57, and 59 of the Verified Complaint) and adds defenses, but asserts no crossclaim. Part II answers to the crossclaims at ECF Nos. 216, 236, 350, 399, 406, 414, and 501. The *Swinney* Claimants answered the crossclaims at ECF No. 252 in ECF No. 306. The two parts are severable. Part II takes no position on any other claimant's answer to the Verified Complaint or on any claimant's Verified Claim.

**Relief Requested**

Because one or more parties are proceeding pro se, a pre-motion conference is not required. Individual Rule IV.A.1.

**1. Acceptance of the Submission as filed or, alternatively, treatment as leave nunc pro tunc.**

Supplemental Rule G(5)(b) requires a claimant to answer within 21 days after filing a claim. The Verified Claim was filed on October 19, 2026, pursuant to the Court's September 30, 2026 Order, and the Submission is filed within 21 days of both that date and the Order. The Submission is filed out of an abundance of caution. The *Swinney* Claimants do not concede that ECF No. 242 was premature or ineffective, that a further answer is required, or that leave is necessary. If the Court concludes that leave is required under Fed. R. Civ. P. 15(a)(2), the *Swinney* Claimants respectfully request leave, which the Rule directs courts to grant freely when justice so requires, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), or, to the extent Part I pleads events that occurred after ECF No. 242 was filed, to supplement their answer under Fed. R. Civ. P. 15(d).. No party is prejudiced. The case is at an early stage; the Government's motion to strike is to be served on November 20, 2026; no discovery or scheduling deadline is affected; and the Submission conforms the *Swinney* Claimants' pleading to the Verified Claim already on the docket. Claimants whose late-claim motions were granted on September 30 have answered the Verified Complaint within twenty-one days of that Order without seeking further leave. See, e.g., ECF No. 593 (Owens).. If the Court declines to accept the Part I, ECF No. 242 remains the *Swinney* Claimants' operative answer.

**2. Docketing of ECF No. 242.** ECF No. 242 is titled "*Swinney* Claimants' Answer to Verified Complaint In Rem," but the docket describes it as a notice. The *Swinney* Claimants respectfully request that the Clerk be directed to correct the docket text.

**3. Timeliness of the responses to the cross-claims.** To the extent any response to the cross-claims was due before today, the *Swinney* Claimants respectfully request that the Court deem the responses timely, or extend the time to file them, under Fed. R. Civ. P. 6(b)(1)(B), because this request is made before any deadline running from the September 30 Order has expired, or, alternatively, under Rule 6(b)(1)(B).. The Court held each cross-claim in abeyance pending the cross-claimants' own motions for leave to file claims. The Court's September 30, 2026 Order lifted the abeyance without setting a response date, and no later order has set one. Other claimants have answered the same cross-claims during the same period. See, e.g., ECF Nos. 595–602 (Owens), 606–613 (Hamen), and 614–620 (Henkin). So far as the docket reflects, no party has sought a default or claimed prejudice, and any delay resulted from the absence of a response date in the Court's orders, not from bad faith. The *Swinney* Claimants provide the information called for by Individual Rule I.F.1. (i) The reason for the request is stated above. (ii) The Court set no response date. (iii)–(iv) The *Swinney* Claimants' only previous request for an extension of time is ECF No. 211 (an extension to file their claim), which the Court granted on September 30, 2026. (v) The Government's position is stated above. (vi) The proposed date is October 21, 2026. Because the Court set no response date, there was no deadline in advance of which notice under Individual Rule I.F.3 could be given, the *Swinney* Claimants respectfully ask the Court to excuse it. Because Individual Rule III refers requests for extensions of time to answer to the assigned Magistrate Judge unless the Court directs otherwise, the *Swinney* Claimants ask that the Court consider this request together with request 1 or refer it to Magistrate Judge Kaminsky.

The *Swinney* Claimants are available to address any questions at the Court's convenience. Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Hillary M. Nappi*
Hillary M. Nappi (NY Bar 5204045)
AWK Survivor Advocate Attorneys PLLC
1133 Westchester Avenue, Suite N-224
White Plains, NY 10604
Email: hnappi@awk-saa.com
Telephone: (914) 468-4840

-and-

*/s/ Douglass A. Kreis*
Douglass A. Kreis (FL Bar 0129704)

AYLSTOCK WITKIN KREIS OVERHOLTZ, PLC

ATTORNEYS AT LAW

17 East Main Street, Suite 200 • Pensacola, FL 32502 • (850) 202-1010 • AWKOLaw.com

(admitted pro hac vice in this action)
Aylstock, Witkin, Kreis & Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Email: dkreis@awkolaw.com
Telephone: (850) 202-1010

*Counsel for the Swinney Claimants*

cc: All counsel of record (via ECF); pro se claimants (by mail, Individual Rules II.A and I.A.2)