BOIES SCHILLER FLEXNER

MATTHEW L. SCHWARTZ
Tel.: (212) 303-3646
E-mail: mlschwartz@bsfllp.com

October 21, 2026

**BY ECF**
The Honorable Rachel P. Kovner
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Approximately 127,271 Bitcoin*, 25 Civ. 5745 (RPK) (CHK)

Dear Judge Kovner:

We represent Claimants Chen Zhi and the Prince Group and submit this letter to respectfully request that the Court hold in abeyance their time to respond to cross-claims brought by various judgment creditor claimants — identified by the government as the TRIA Claimants (ECF No. 64) — or, in the alternative, set a briefing schedule for Mr. Chen and the Prince Group's motion to dismiss those cross-claims for lack of personal jurisdiction that mirrors the schedule set for the government's motion to strike.

As an exercise of its inherent authority to manage its docket, the Court set a briefing schedule for the government's motion to strike the TRIA Claimants' claims and held in abeyance the government's time to respond to those claims pending resolution of the motion to strike. *See* Order, dated September 30, 2026; Order, dated October 20, 2026. It should likewise hold in abeyance Mr. Chen and the Prince Group's time to respond to the TRIA Claimants' cross-claims pending resolution of the government's motion to strike, which may obviate the need for further briefing on the cross-claims. Alternatively, Mr. Chen and the Prince Group respectfully seek leave to move to dismiss the cross-claims for lack of personal jurisdiction because they have no connections to this District and invoked Supplemental Rule E(8), which permits a claimant to appear solely to defend its interest in the property without submitting to jurisdiction for other purposes, when they appeared in this case.[1]

## I. Relevant Background

On October 14, 2025, the government commenced this *in rem* forfeiture action by filing a complaint seeking forfeiture of approximately 127,271 Bitcoin (the "Defendant Property"), which was last in Mr. Chen's control in 2020. *See* ECF No. 1. On December 29, 2025, Mr. Chen and the Prince Group filed verified claims asserting their interests in the Defendant Property. *See* ECF Nos. 27, 28.

Since that time, numerous other parties have come forward as purported claimants, including multiple claimant groups comprised of thousands of purported judgment holders who have filed claims seeking to enforce hundreds of billions of dollars in judgments they hold against the Islamic

[1] Pursuant to the Court's Individual Practice Rules, we understand that this letter, which is submitted under Rule IV(A)(1), constitutes timely service of a motion made pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Republic of Iran. Those claimants have also asserted a range of cross-claims and counterclaims against all other parties seeking, among other relief, declarations of priority, subordination, preservation of assets, turnover, and distribution of the Defendant Property. *See* ECF Nos. 216, 236, 252, 261, 350, 399, 406, 414, 501 (collectively, the "TRIA Cross-claims").

On September 30, 2026, the Court granted requests for extensions and permission to file claims out of time that were submitted by many of the TRIA Claimants. *See* Sept. 30, 2026 Order. The Court further ordered the government to submit a status report by October 14 disclosing its projected deadline to respond to the TRIA Claimants' claims. The government requested that any obligation on its part to respond to the TRIA Claimants' claims be "held in abeyance" pending resolution of its anticipated motion to strike all TRIA Claimants for lack of standing. *See* ECF No. 604. The Court granted that request. *See* Oct. 20, 2026 Order.

## II. <u>Argument</u>

Mr. Chen and the Prince Group respectfully request that their time to respond to the TRIA Cross-claims be held in abeyance pending resolution of the government's motion to strike. As the Court recently heard, disputes remain concerning the nature and extent of the TRIA Claimants' asserted interests. *See generally* Ex. A (*Fritz, et al., v. Iran and China Inv. Dev. Grp.*, No. 25-cv-7093 (RPK) (E.D.N.Y.), Transcript of Oct. 13, 2026 Pre-Motion Conference ("Fritz Tr.")) at 23-26. It further appears that these disputes concern only a limited subset of the Defendant Property; based on statements made at the recent hearing in the *Fritz* case, approximately 11,000 (8.5%) of the more than 127,000 Bitcoin are at issue. *Id.,* at 10-11. And the government does not concede that any of the Defendant Bitcoin was mined in Iran. *See* Fritz Tr. at 45-56. We respectfully submit that holding Mr. Chen and the Prince Group's time to respond to the TRIA Cross-claims in abeyance is warranted so that collateral priority disputes concerning a comparatively small subset of the Defendant Property do not overwhelm the broader forfeiture proceeding with extensive satellite litigation before the TRIA Claimants' standing has been resolved.

Alternatively, the Court should set a briefing schedule for Mr. Chen and the Prince Group's motion to dismiss. Although the TRIA Cross-claims appear principally directed at disputes among various competing judgment creditor groups, they explicitly encompass every claimant in this action. *See, e.g.*, ECF Nos. 216 at 11 (asserting cross-claims "against all other nonsovereign claimants asserting an interest in the Defendant Cryptocurrency who appear in this action"); ECF No. 236 at 11 (asserting cross-claims "against the United States and all other claimants asserting an interest in the Defendant Cryptocurrency who appear in this action"); *see also* ECF No. 252 at 15; ECF No. 261 at 15; ECF No. 350 at 14; ECF No. 399 at 11; ECF No. 406 at 14; ECF No. 414 at 14; and ECF No. 501 at 15. Out of an abundance of caution, Mr. Chen and the Prince Group therefore intend to move to dismiss the TRIA Cross-claims, to the extent such claims are raised against them. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 134 (2d Cir. 2011) ("It is well established that a party forfeits its defense of lack of personal jurisdiction by failing timely to raise the defense in its initial responsive pleading.") (citing Fed. R. Civ. P. 12(h)).

Mr. Chen and the Prince Group's anticipated motion presents a straightforward question: whether a foreign party that makes a limited appearance to contest forfeiture in an *in rem* forfeiture proceeding is nonetheless subject to personal jurisdiction for cross-claims raised by other claimants absent facts sufficient to establish personal jurisdiction over that claimant. The answer is no.

BSF

To establish general jurisdiction, a defendant must be "essentially at home" in the forum; to establish specific jurisdiction, the claims must arise out of or relate to the defendant's forum-directed conduct. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358-59 (2021); *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016). Here, none of the TRIA Cross-claims allege any basis for exercising personal jurisdiction over Mr. Chen or the Prince Group. The pleadings contain no jurisdictional allegations concerning either Mr. Chen or the Prince Group, much less allegations sufficient to establish general or specific jurisdiction. Nor could they. Mr. Chen is not alleged to reside in New York or even elsewhere in the United States; he is presently detained in the People's Republic of China. The Prince Group likewise is not alleged to be incorporated or headquartered anywhere in the United States; it is a "Cambodian-registered corporate holding company." ECF No. 1 ¶ 16(o). The TRIA Cross-claims further identify no conduct by Mr. Chen or the Prince Group purposefully directed at this forum sufficient to establish personal jurisdiction in this District over the claimant-versus-claimant disputes raised by the TRIA Claimants, all of which concern ownership, priority, or entitlement to the Defendant Property. In fact, as Mr. Chen observed in his motion to dismiss the government's *in rem* complaint, there is no allegation tying any of the Defendant Bitcoin to this District. The only allegations of conduct in this District contained in the government's complaint occurred after the Bitcoin was taken from Mr. Chen. *See* ECF No. 316 at 5.[2]

Mr. Chen and the Prince Group's appearance in this action does not change the analysis. This case is a pure *in rem* forfeiture proceeding: the government's complaint seeks forfeiture of the Defendant Property and names no *in personam* defendant. Accordingly, the government was not required to establish personal jurisdiction over Mr. Chen, the Prince Group or any other claimant. *See* Supp. R. G(2)(d). And Mr. Chen and the Prince Group invoked Supplemental Rule E(8), which permits a claimant to appear solely to defend its interest in the property without submitting to jurisdiction for other purposes. *See* Supp. R. E(8). Since filing their claims, Mr. Chen and the Prince Group have participated in this action solely in that limited capacity. The TRIA Cross-claims cannot overcome the plain language of Rule E(8) simply by naming all other parties as defendants.

---

[2] Even if the Court were to conclude that personal jurisdiction exists, the TRIA Cross-claims still should not proceed as part of this *in rem* forfeiture action at this time. While courts may permit claimant-versus-claimant cross-claims in forfeiture proceedings *in rem*, the decision whether and when to entertain such cross-claims remains within the Court's discretion. *Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC*, No. 16 CIV. 4270 (VM), 2019 WL 1447260, at *5 (S.D.N.Y. Mar. 8, 2019) ("The decision whether to allow a crossclaim that meets the test of subdivision (g) is a matter of judicial discretion. No precise standards have been formulated." (citation omitted)). Here, if the government prevails at trial in its forfeiture claim, any claims between claimants relating to the *res* will be moot. In contrast, if the government's forfeiture complaint is dismissed, the Court continues to exercise *in rem* jurisdiction to resolve competing claims to the *res*. *See generally United States v. All Funds in Acct. Nos. 747.034/278, 747.009/278, & 747.714/278 in Banco Espanol de Credito, Spain*, 295 F.3d 23, 25 (D.C. Cir. 2002) ("In exercising *in rem* jurisdiction, the court has authority over the property (the *res*) and may adjudicate claims of ownership."); *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA,* 545 F.3d 1134, 1144 (9th Cir. 2008) ("Even assuming the district court properly dismissed the government's complaint as to the May 2004 properties, we conclude that it nonetheless retained jurisdiction to adjudicate the competing claims to the property."). Accordingly, resolution of Mr. Chen's pending motion to dismiss the forfeiture complaint is a threshold question that should precede the resolution of any cross-claims pled against him.

* * *

For these reasons, Mr. Chen and the Prince Group respectfully request that the Court hold in abeyance their time to respond to the TRIA Crossclaims pending resolution of the government's motion to strike or, alternatively, set a briefing schedule for their motion to dismiss that mirrors the schedule set for the government's motion to strike.

Thank you for your consideration of this request.

Respectfully,

BOIES SCHILLER FLEXNER LLP

/s/ *Matthew L. Schwartz*
Matthew L. Schwartz
Peter M. Skinner
55 Hudson Yards
New York, New York 10001

Dan G. Boyle
2029 Century Park East, Suite 1520
Los Angeles, California 90067

*Counsel for Claimants Chen Zhi*
*and Prince Holding Group*