AMBUSH

JOSHUA M. AMBUSH, LLC | 106 OLD COURT RD | SUITE 303 | BALTIMORE, MD 21208 | USA
O: 410.484.2070 | WWW.AMBUSHLAW.COM

October 23, 2026

VIA ECF

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: No. 1:25-cv-5745 (RPK) (CHK), United States v. Approximately 127,271 Bitcoin Etc.**

Dear Judge Kovner:

We represent the Ambush Claimants, judgment creditors of the Islamic Republic of Iran with claims to the defendant assets that the Government seeks to forfeit in this in rem action. (ECF 188; 188-1–3.) This letter is submitted on behalf of the Ambush Claimants other than the six claimants who are the subject of the pending motion to withdraw as counsel. (ECF 592.) The purpose of this letter is to request that the Court hold in abeyance all crossclaims and counterclaims filed since September 30, 2026, including the crossclaims of the Henkin Claimants (ECF 614–620), pending resolution of the Government's anticipated motion to strike the TRIA claimants for lack of standing. Such an Order will obviate the need for any of the numerous parties in this case to file answers to those crossclaims while the threshold question of standing is decided.

The Court has addressed this issue before. In March and April 2026, the undersigned sent three letters to the Court regarding crossclaims filed by claimants who had not yet obtained an order granting their motions for leave to file a verified claim. (ECF 297; 308; 393.) Those letters are incorporated by reference. As explained there, if a claimant's motion for leave were denied, its crossclaims would be moot, and there was no reason to burden the Court's docket with answers to them in the meantime. Consistent with that approach, by Orders dated March 5, 6, 10, and 13, April 8, 13, and 21, May 5, and September 4, 2026, the Court held each of those crossclaims in abeyance pending resolution of the crossclaimants' motions for leave or for an extension of time to file a verified claim. The March 5 Order, for example, provided: "The Court holds the 216 Breitweiser claimants' cross-claims in abeyance pending the resolution of their 106 motion for leave to file a verified claim in this case."

The same logic applies now. By its September 30, 2026 Order, the Court granted the motions for leave to file late claims and lifted the abeyance on the then-pending crossclaims. On October 21, 2026, the Ambush Claimants answered each of those crossclaims. (ECF 623; 625; 627; 628; 630;

632; 635; 636.) Since September 30, however, additional crossclaims have been filed. On October 20, 2026, the Henkin Claimants filed seven supplemental answers, each of which asserts new crossclaims for priority against "all other claimants asserting an interest in the Defendant Property who have appeared or will appear in this action," including the Ambush Claimants. (ECF 614–620.)

On October 19, 2026, the Government advised the Court that it intends to move to strike all TRIA claimants for lack of standing. (ECF 604.) By Order dated October 20, 2026, the Court set a briefing schedule for that motion and held in abeyance the Government's deadline to respond to the crossclaims and counterclaims filed since September 30, 2026. (Text Order, Oct. 20, 2026.) If the Court grants the Government's motion, the TRIA claims of the crossclaimants themselves will be struck, and their crossclaims for priority will be moot. We are therefore, in essence, back where we were in March: the crossclaims cannot be resolved, and should not require answers, until the threshold question is decided.

The Henkin Claimants' own pleading recognizes as much. Their crossclaims "are asserted for the limited purpose of preserving the Henkin Claimants' priority rights and do not seek adjudication of priority until the universe of legally permissible claimants in this action is established." (ECF 614 at 8, Counter-Claim & Cross-Claim ¶ 5; see also ECF 615–620.)

The Court has already granted this relief to other claimants. By Order dated October 22, 2026, the Court granted the requests of claimants Hassan Miah and Tiger Mines New York Inc. (ECF 648) and of claimants Chen Zhi and the Prince Group (ECF 664), and held the TRIA claimants' crossclaims against Chen Zhi and the Prince Group in abeyance "pending the government's motion to strike the TRIA claimants' claims." (Text Order, Oct. 22, 2026.) By Order dated October 23, 2026, the Court granted the same relief to claimants LuBian (ECF 666) and Warp Data Technology Lao Sole Co. Ltd. (ECF 667). (Text Order, Oct. 23, 2026.) The same reasoning applies with equal force to the crossclaims among the TRIA claimants themselves, including the Henkin Claimants' crossclaims against the Ambush Claimants, because every one of them depends on the outcome of the same motion. The Swinney Claimants have also noted that no order of the Court has set a deadline to respond to the crossclaims. (ECF 662.) An Order extending the abeyance to all crossclaims and counterclaims filed since September 30, 2026 would avoid a further cascade of answers, letters, and motions.

Accordingly, I am respectfully requesting that the Court issue an Order, consistent with its March 5, 6, 10, and 13, April 8, 13, and 21, May 5, and September 4, 2026 Orders and its October 20, 22, and 23, 2026 Orders, holding in abeyance all crossclaims and counterclaims filed since September 30, 2026, including the crossclaims of the Henkin Claimants (ECF 614–620), pending resolution of the Government's motion to strike. In the alternative, the Ambush Claimants request that their time to answer those crossclaims be extended until 30 days after the Court rules on the Government's motion to strike.

As in our April 7, 2026 letter (ECF 393), I also respectfully suggest that, for judicial efficiency, the Court direct that any crossclaims or counterclaims filed by any party before the Court rules on the Government's motion to strike be automatically held in abeyance pending that ruling.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Joshua M. Ambush
Joshua M. Ambush, Esq.
Law Offices of Joshua M. Ambush, LLC
106 Old Court Road, Suite 303
Baltimore, Maryland 21208
Phone: (410) 484-2070
Email: jambush@ambushlaw.com
Counsel for the Ambush Claimants

CC: Counsel of Record (via ECF)
Connie Wilson, Corneliu Hristovschi, and Ravi Anand, pro se (via first-class mail)