BOIES SCHILLER FLEXNER

October 26, 2026

**BY ECF**
The Honorable Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Approximately 127,271 Bitcoin*, 25 Civ. 5745 (RPK) (CHK)

Dear Judge Kaminsky:

We represent Claimants Chen Zhi and Prince Group and write pursuant to Paragraphs 12 and 13 of the Protective Order (ECF No. 405) seeking limited modifications to that order. A proposed modified Protective Order is attached as Exhibit 1, and a redline against the current order is attached as Exhibit 2.

The requested changes are necessary to address the exchange of discovery with thousands of new claimants who were recently added to the case. The current order, which largely resulted from negotiations between Mr. Chen, the Prince Group and the government, focuses on how the government can use confidential information produced in response to the government's Special Interrogatories. Not surprisingly, the order does not apply seamlessly to the thousands of private claimants who were recently admitted into this action and have begun demanding discovery that Mr. Chen and the Prince Group previously produced to the government. Before making those productions, Mr. Chen and the Prince Group request modifications that do not alter the government's access to or use of confidential discovery material to adapt the Protective Order to the case as it now exists.[1]

## I. Relevant Background

On February 6, 2026, the government served Rule G(6) Special Interrogatories on Mr. Chen and Prince Group. *See* ECF No. 478. Mr. Chen and the Prince Group prepared lengthy responses with extensive documentary support, including confidential business records and personal identifying information, and began negotiating a protective order with the government. The parties exchanged drafts and ultimately agreed on nearly all terms, reaching impasse largely as to certain terms governing the government's permitted use of confidential material. *Id.* at 6. No other counsel took part in those negotiations.

The matter was then briefed before Judge Kovner, and three other claimants later weighed in with their respective positions. *See* ECF Nos. 334 (Warp Data, joining Mr. Chen and the Prince Group's proposal), 346 (Breitweiser Claimants, requesting access to confidential discovery materials

[1] On October 23, 2026, counsel for Mr. Chen and Prince Group circulated their proposed modified Protective Order to the government and all other parties. The Breitweiser Claimants oppose the modifications, claimants Warp Data and Lubian consent to the relief requested, and no other party has taken a position. We respectfully request relief from the Court's joint letter rule for discovery disputes given the sheer number of claimants and counsel at this stage, which makes joint submissions impractical. *See* Rule II.C.1. of the Individual Practices and Rules of Magistrate Judge Clay H. Kaminsky.

BSF

for all timely and untimely claimants); and 353 (Lubian, joining Mr. Chen and the Prince Group's proposal). Judge Kovner referred the dispute to Your Honor, *see* Min. Order, Mar. 20, 2026, after which counsel for the Fritz and Baxter claimants also asked for access and for the first time challenged the previously undisputed requirement that overseas witnesses review confidential discovery material in the presence of counsel, *see* ECF No. 369 at 1, 3; ECF No. 405 ¶ 7(f).

On April 14, the Court entered the Protective Order, which extends to "all parties to this action—*i.e.*, all claimants who have timely filed their claim or are later permitted to file a claim out of time—[that] have signed the stipulated protective order." ECF No. 404 at 3–4; *see also* ECF No. 405. The Protective Order thus contemplated that potential claimants who had filed untimely claims — the vast majority of the creditor-claimant groups — might join the Protective Order if Judge Kovner permitted their claims. *See* ECF No. 404 at 4. The Prince Claimants served their interrogatory responses the next day, with nearly 5,500 pages of supporting records, which were designated confidential under the Protective Order.[2]

On September 30, 2026, Judge Kovner issued an order granting 26 motions to file claims out of time, admitting numerous creditor-claimant groups that comprise several thousand individuals who are seeking to enforce billions of dollars in judgments they hold against the Islamic Republic of Iran ("TRIA Claimants"). *See* Min. Order, Sep. 30, 2026.[3] On October 12, counsel for one of those creditor-claimant groups, the Breitweiser Claimants, signed the Protective Order and requested access to the Prince Claimants' confidential discovery material.

## II. <u>Argument</u>

Mr. Chen and the Prince Group are not relitigating the Court's April 14 decision; nothing in the proposed modifications is intended to change the government's rights or obligations under the current Protective Order. Rather, the proposed modifications update a protective order negotiated between two parties (one of whom was the government) to address a case that has expanded from a handful to thousands of non-government parties. The Protective Order anticipates precisely this type of request: it was "entered without prejudice to the right of any Party to ask the Court to order additional protective provisions, or to modify, relax, or rescind any restrictions imposed by this Protective Order." ECF No. 405 ¶ 12. It also permits a party to seek relief within 14 days of any new party's request for access. *Id.* ¶ 13. Modification is warranted here for several reasons.

*First*, several of the current Protective Order's key provisions only make sense for the government. Section 5(b), for example, lists as persons authorized to receive confidential discovery materials: "[g]overnment personnel, including but not limited to federal, state, local and foreign law enforcement…" *Id.* ¶ 5(b). That may have been a sensible provision for the Department of Justice, which coordinates with its foreign and local counterparts. But when applied to private claimants, this provision permits any of thousands of individual claimants to hand Mr. Chen and the Prince Group's confidential information to <u>*any*</u> foreign or domestic government employee, without any requirement that such a person sign on to the Protective Order. That would include the People's Republic of China,

---

[2] The Prince Claimants voluntarily narrowed their confidentiality designations after conferring with the government. ECF No. 478 at 6–7.

[3] The claimant groups now permitted to join the Protective Order include the Iranian Terrorism Victims (1,436 claimants), the O'Neill Claimants (over 3,000 claimants), the Fishbeck Claimants (354 claimants), the Gold Star Claimants (1,321 claimants), the Ambush Claimants (434 claimants), and other groups with unspecified numbers of individual claimants.

which has held Mr. Chen incommunicado since January 2026. That is simply not how confidential discovery is treated among private civil litigants and would functionally gut the Protective Order.

*Second*, the Protective Order as currently written cannot be policed at this scale. The government is subject to institutional safeguards to protect confidential information. The same cannot be said for the thousands of private claimants, many of whom have not been individually identified, along with those claimants' unidentified consultants and experts. Requirements that were workable between a limited number of parties, such as counsel-supervised review, notice, and conferral before overseas disclosure, become impossible to administer across dozens of firms and thousands of clients.

*Finally*, without modification, the Court's sealing orders would be rendered meaningless. The Court has already found that "the Claimants' interest in protecting the sensitive personal and confidential information outweighs the modest presumption of public access," and that disclosure of that information "could harm the parties." ECF No. 509 at 16. Information the Court has recognized as sensitive should not become freely available to any of thousands of litigants simply because their counsel has signed the Protective Order.

## III. The Prince Claimants' Proposed Modifications

Aside from a handful of conforming edits and the addition of Exhibit A (which was contemplated by the original Protective Order but was excluded from the version entered by the Court), Mr. Chen and the Prince Group's proposed modifications are as follows:

1. **Limiting foreign and government disclosures to the United States (Section ¶ 5(b))**. As modified, government personnel may receive confidential material "only if such government personnel are provided confidential Discovery Material by or at the direction of counsel to the United States." There is no reason any party other than the United States should be disclosing confidential material to unidentified foreign or domestic government personnel.

2. **Restrictions to use to this action (¶ 7(a)).** As modified, confidential material will be "used only for the purposes of this action, with the exception of the United States." This conforms the Protective Order to the standard in this District for private parties, while preserving the government's ability to continue to use confidential material for other purposes, as contemplated under the current Protective Order.[4]

3. **Prohibit experts from retaining material (¶ 7(c)).** As modified, the existing bar on potential witnesses retaining confidential material will expressly cover "any potential and/or retained expert witness." This clarifies and avoids confusion over the scope of the current limitations on witnesses (fact or expert) retaining such material.

[4] Allowing non-government claimants to use Confidential Discovery in other actions is particularly unfair here because the Prince Claimants made limited appearances under Rule E for the purpose of filing claims in this *in rem* forfeiture action without submitting to personal jurisdiction, as detailed in their recent application to Judge Kovner to dismiss the TRIA Claimants' cross-claims. *See* ECF No. 664 at 1, 3.

4. **Treating material as attorneys'-eyes-only for creditor-claimants (¶ 7(d)).** As modified, any claimant that has appeared "solely as a judgment creditor may not review Confidential Discovery Material," which will be treated as "Attorneys' Eyes Only" for the TRIA Claimants unless the Court orders otherwise. Other represented claimants will keep their existing right to review such material in the presence of counsel.[5] If individual TRIA claimants have reason to review confidential discovery material, we will address access requests on a case-by-case basis, and, if agreement cannot be reached, individual claimants can seek modification of the Protective Order under Paragraph 12. We respectfully submit, however, that the threshold rule should not be that the TRIA Claimants have access to *all* confidential discovery material, as it is functionally impossible to police their compliance with the Protective Order, particularly given that many of them reside overseas and, in some cases, have not been identified at all. *See* ECF No. 539 (Iranian Terror Victim Claimants' motion to proceed under pseudonyms). Nor does this prejudice the creditor-claimants, who are not suggested to have personal knowledge about the facts of this action, Mr. Chen, or the Prince Group, and whose counsel will have access to confidential discovery material.

5. **Expanding notification for overseas witnesses receiving confidential material (¶ 7(f)).** Under the current order, a claimant seeking to share material with a witness abroad notifies the government or Firewall Counsel. Under the modification, any claimant seeking to share material "from any Producing Party" with a person abroad will first notify and confer with that Producing Party. This modification simply updates the Protective Order to apply in all directions, so that a producing party is notified before its confidential information leaves the United States and the jurisdiction of this Court, rather than applying solely to the government.

Finally, the requested modifications are appropriate given the one-sided posture of discovery. This Court recently held that the Prince Claimants cannot begin seeking discovery from the government at this time (*see* Min. Order, Oct. 2, 2026), leaving the government as the only party that can demand disclosure through its special interrogatories — which it has done tactically, demanding expansive confidential information from Mr. Chen and the Prince Group, but apparently not serving discovery on any of the TRIA Claimants. While this is the government's prerogative, the result is dozens of parties seeking access to discovery from a handful of claimants selected by the government with no obligations to reciprocate. The Court can and should remedy the unbalanced nature of discovery at this stage — and the cost and risk of prejudice it places on only some of the parties — through the reasonable modifications proposed here.

* * *

[5] We previously negotiated an agreement the Fritz and Baxter Claimants on how confidential discovery information we have produced to those claimants will be treated and we are not seeking to amend that agreement. But negotiating one-off arrangements on a claimant-by-claimant basis is not feasible at the current scale.

BSF

In short, the government's rights do not change under the proposed modifications, which would allow the parties and the Court to effectively police discovery in an action that has now expanded dramatically. The Prince Claimants respectfully request the Court enter these modifications so that thousands of private claimants are not treated as if they were the government.

Respectfully,

BOIES SCHILLER FLEXNER LLP

/s/ *Matthew L. Schwartz*
Matthew L. Schwartz
Peter M. Skinner
55 Hudson Yards
New York, New York 10001

Dan G. Boyle
2029 Century Park East, Suite 1520
Los Angeles, California 90067

*Counsel for Claimants Chen Zhi and Prince Holding Group*