# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

Plaintiff,

-against-

APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,

Defendants *In Rem*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PROTECTIVE ORDER**

No. 25 Civ. 5745 (RPK) (CHK)

The Court enters the following Protective Order governing the disclosure of Confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1. **Definitions**. As used in this Order:

a. "Action" refers to the above-captioned litigation.

b. "Discovery Material" includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel or gathered through formal discovery conducted pursuant to the Federal Rules of Civil Procedure ("Rule" or "Rules") 30 through 36 and 45 and Supplemental Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

c. A "Producing Party" is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena served by a party, that produces Discovery Material in this Action and that has signed this stipulated Protective Order.

d. A "Receiving Party" is a party to this litigation that receives Discovery Material from a Producing Party in this Action and that has signed this stipulated Protective Order.

e. A "Party" is a party to this litigation that has signed this stipulated Protective Order.

f. The "United States" is Plaintiff United States of America in the above-captioned litigation.

2. **Confidential Discovery Material**. This Protective Order applies to all Confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, Confidential Discovery Material shall include:

a. Sensitive commercial information relating to the Producing Party's business including, but not limited to: tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

b. Sensitive personnel data of the Producing Party or its employees, including but not limited to, information regarding employment applications; employment references; wages and income; benefits; employee evaluations; medical evaluation and treatment and related records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

c. Medical or mental health records;

d. Records restricted or prohibited from disclosure by statute;

e. Non-public criminal history; and

f. Other information that the Court designates Confidential Discovery Material, after application to the Court for such designation.

g. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

3. **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

a. For documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

b. If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (*e.g.*, by using highlighting, underlining, or appropriate markings in the margins).

c. If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is confidential.

d. At the time of a deposition or within 10 days after receipt of the deposition transcript, a Producing Party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in Section 2 above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter.

4. **Timing of Confidential Designation**.

a. Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

b. If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed confidential. After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" as required under this order.

5. **Qualified Recipients**. For the purposes of this Protective Order, the persons authorized to receive confidential Discovery Material (hereinafter "Qualified Recipient") are:

a. The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the Parties, unless otherwise stated herein;

b. Government personnel, including but not limited to federal, state, local and foreign law enforcement, policy and regulatory personnel, including attorneys and employees,

of the U.S. Department of Justice; U.S. Department of State; and U.S. Department of Treasure, Office of Foreign Assets Control (OFAC), but only if such government personnel are provided confidential Discovery Material by or at the direction of counsel to the United States. In the avoidance of doubt, no Party may disclose confidential Discovery Material to government personnel pursuant to this paragraph other than the United States.

c. Legal counsel representing the Parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, translation or mock trial services, or provide messenger or other administrative support services;

d. Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

e. Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action;

f. Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the confidential information, and the staff and assistants employed by the consulting or testifying experts;

g. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony; and

h. The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

6. **Dissemination by the Receiving Party**.

a. Before receiving confidential Discovery Material, each Qualified Recipient who is not included in Sections 5(a), (b) and (c) above, shall: (i) review and agree to the terms of this Protective Order and (ii) execute a copy of the Agreement attached hereto as Appendix A.

b. The prohibition on disclosing information designated as "CONFIDENTIAL" exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Appendix A Agreement.

c. If any Party obtains substitute counsel, that Party will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order,

signs Attachment A to this Protective Order, and provides a signed copy of Attachment A to the government.

7. **Limitations on Use**.

a. Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, with the exception of the United States, which may use such Discovery Material ~~or~~ for federal law enforcement or for the official business of the U.S. government, including in connection with any criminal investigation or prosecution, and shall not be disclosed to any person who is not a Qualified Recipient. Nothing herein prevents disclosure beyond the terms of this Protective Order if the Party claiming confidentiality consents in writing to such disclosure.

b. None of the Discovery Materials nor any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Discovery Materials shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding. Nothing in this Protective Order in any way releases counsel for the government or any other Party from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

c. No Party shall allow a potential witness, including any potential and/or retained expert witness, or a potential witness's counsel to retain Confidential Discovery Materials, other than attorney work product based on Confidential Discovery Materials, which work product shall not be disclosed, disseminated or discussed publicly or with any person not entitled to view the Confidential Discovery Materials under this Protective Order, and may be retained only by a potential witness.

d. A represented claimant Party may review the Confidential Discovery Material only in the presence of counsel or counsel's staff or may access the Confidential Discovery Material through an electronic discovery or videoconferencing platform, but may not download, print, or take photographs of any of the Confidential Discovery Material, and must abide by all other provisions of the Protective Order. Such claimants are prohibited from having possession, custody, or control of the Confidential Discovery Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Confidential Discovery Material. Any represented claimant Party that has appeared in this action solely as a judgment creditor may not review Confidential Discovery Material, and such Confidential Discovery Material shall be treated as "Attorneys Eyes Only" absent further order of the Court.

e. Confidential Discovery Materials, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Confidential Discovery Materials, shall not under any circumstances be taken,

transmitted or accessed, in whole or in part, outside of the United States of America, except as otherwise provided in this Protective Order. For avoidance of doubt, the U.S. governmentUnited States, including federal law enforcement agents, may use Confidential Discovery Material for any lawful purpose, including in connection with any criminal investigation or prosecution.

f. If any claimant Party seeks to share Confidential Discovery Material obtained from the government any Producing Party with a potential witness, including any potential expert, who is located abroad ("International Person"), the claimant Party will first provide notice to the Producing Party, or in the case of the United States, to government counsel and/or Firewall Counsel,[1] that the International Person seeks to review Confidential Discovery Material, and the government or Firewall Counsel, counsel for the Producing Party, and counsel for the claimant Party will confer to devise a means for the International Person to review Confidential Discovery Material outside the United States in the presence of Party counsel and any counsel for the International Person. Such disclosure may only be made if the International Person and his/her counsel have been provided with and signed Attachment A to this Protective Order and have provided the signed Attachment A to the Producing Party, or in the case of the United States, to Firewall Counselgovernment or Firewall Counsel and the Producing Party. The government or Firewall Counsel, the Producing Party, and the Party's counsel may seek intervention from the Court should the parties be unable to reach an agreement. In no case, however, may counsel or its staff allow an International Person or his/her lawyer reviewing the Confidential Discovery Material outside the United States to retain the Confidential Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Confidential Discovery Material, except to the extent necessary to review the Confidential Discovery Material in the presence of the Party's counsel and the International Person's counsel and transport such work product back to the United States.

8. **Docket Filings**. A Party seeking to file documents containing confidential Discovery Material under seal must comply with the Court's rules and electronic docketing procedures for filing motions for leave to file under seal. In the event a Party wishes to attach any portion of the Confidential Discovery Materials to public filings made with the Court, if those Confidential Discovery Materials have not already been filed publicly, the Party must either: (a) file the Confidential Discovery Materials under seal and indicate to the Court its position with regard to whether the Confidential Discovery Material should remain under seal, such that the Producing Party may then inform the Court of its position with regard to sealing and the Court can decide whether the filed Confidential Discovery Materials should remain sealed; or (b) confer with the opposing party as to whether the Confidential Discovery Materials should remain under seal, such that upon agreement of those Parties, such restriction may be lifted and the material may be publicly filed without further order of the Court.

[1] Government attorneys identified to the Court and to the Producing Party will serve as Firewall Counsel. Firewall Counsel will have no role in the investigation and will not share information received from the Producing Party's counsel with the prosecution team.

9. **Challenges to Confidentiality Designations** A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the Parties are unable to resolve the dispute without court intervention, they shall apply to the Court for a determination as to whether the designation is appropriate. The Party that designated as "CONFIDENTIAL" bears the burden of proving it was properly designated. The Party challenging a "CONFIDENTIAL" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients, in accordance with this Order. It shall be a permissible consideration for challenge that the public interest and/or the interests of other Parties outweigh the Producing Party's interests in confidentiality.

10. **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" may be offered and received into evidence at trial or at any hearing or oral argument. A Party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any Party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" be reviewed in camera or under other conditions to prevent unnecessary disclosure.

11. **Return or Destruction of Documents**. Upon final termination of this Action, including all appeals, each party other than the government personnel identified in Paragraph 5(b) shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL." The destroying Party shall notify the Producing Party when destruction under this provision is complete. If a Party is unable to destroy all Discovery Material designated as "CONFIDENTIAL," that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the Parties and their legal counsel in the future.

12. **Modification**. This Protective Order is entered without prejudice to the right of any Party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

13. **Additional Parties to Litigation**. Any additional party in this Action, including any other claimant, shall not have access to Confidential Discovery Material until such party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Protective Order (a "Requesting Party"). Prior to filing any such agreement, a Requesting Party shall give fourteen (14) days' written notice to all Parties then bound by this Protective Order, during which time any such Party may seek relief from the Court with respect to the Requesting Party's proposed access to Confidential Discovery Material.

14. **Inadvertent Disclosure of Protected Discovery Material**. The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If at any time prior to trial, a Producing Party realizes that some portion(s) of the discovery material that

the Party produced should be designated as confidential, the Party may so designate by apprising all Parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

15. **Notice**. In the event the terms of this Protective Order are violated, counsel for a Party or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation. Counsel shall promptly take all reasonable measures to remedy the violation, including but not limited to deletion or retrieval of any Discovery Material disseminated or obtained in violation of this Protective Order.

16. **Jurisdiction**. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

SO STIPULATED AND AGREED:

JOSEPH NOCELLA, JR.
United States Attorney

______________________________

Alexander Mindlin
Tanisha R. Payne
Benjamin Weintraub
Andrew Reich
Rebecca Schuman
Assistant U.S. Attorneys

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

*Attorneys for Plaintiff United States of America*

______________________________

*Attorneys for Claimant*: _____________

Dated: Brooklyn, New York
October__, 2026

SO ORDERED:

________________________

Hon. Clay H. Kaminsky
United States Magistrate Judge

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants *In Rem*. | No. 25 Civ. 5745 (RPK) |

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Between Plaintiff the United States of America and Claimants Chen Zhi and Prince Holding Group entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

Dated: ______________________________________________

______________________________________ [Signature]

______________________________________________

______________________________________ [Printed Name]