**McANDREW VUOTTO** LLC
ATTORNEYS AT LAW

Jonathan P. Vuotto, Esq.
jpv@mcandrewvuotto.com
Direct: (973) 532-6242

October 27, 2026

***Via ECF***

The Honorable Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *United States v. Approximately 127,271 Bitcoin*, Case No. 1:25-cv-05745 Response to Claimants Chen Zhi and Prince Group's Letter Motion for Modifications to Protective Order**

Dear Judge Kaminsky:

We represent the Breitweiser Claimants in the above-referenced matter. We respectfully submit this letter in opposition to the October 26, 2026 letter motion filed by Claimants Chen Zhi and Prince Holding Group (collectively, the "Prince Claimants") seeking modification of the existing Protective Order. ECF No. 671.

The Breitweiser Claimants do not oppose reasonable modifications designed to protect genuinely confidential commercial, financial, or personal information. They do, however, oppose amendments that would categorically restrict their ability to review discovery, impede their prosecution of their claims, or impose additional obstacles to obtaining discovery that has already been produced to other parties.

On October 25, counsel for the Breitweiser Claimants advised counsel for the Prince Claimants of these objections and identified specific modifications that would address their concerns while preserving appropriate confidentiality protections. Rather than responding to those proposals, the Prince Claimants filed the present motion.

**I. The Prince Claimants Have Not Established Good Cause for Categorically Restricting the Breitweiser Claimants' Access to Discovery.**

The most objectionable proposed amendment is Paragraph 7(d), which would prohibit any claimant appearing solely as a judgment creditor from reviewing Confidential Discovery Material and automatically designate such material as "Attorneys' Eyes Only" as to those claimants. Other represented claimants would continue to be permitted to review the same material in the presence of counsel or through secure electronic platforms. There is no demonstrated justification for this categorical distinction.

Federal Rule of Civil Procedure 26(c) requires good cause for restrictions on discovery. The party seeking protection bears the burden of establishing an appropriate factual basis for the proposed restrictions. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004). Courts likewise require an adequate showing of good cause before restricting disclosure to counsel alone. *See Diaz v. Local 338 of Retail, Wholesale Department Store Union*, No. 13-cv-7187, 2014 WL 4384712, at *3 (E.D.N.Y. Sept. 3, 2014).

The Prince Claimants have not made that showing. Instead, they argue that thousands of judgment-creditor claimants have entered the litigation, that some reside overseas or proceed under pseudonyms, and that policing their compliance with the Protective Order would be difficult. ECF No. 671 at 3-4. Those generalized concerns, however, do not establish that the Breitweiser Claimants, or judgment-creditor claimants as a class, present any greater risk of improper disclosure than other claimants. Nor do they justify a rule under which a claimant asserting ownership of the Defendant Assets may review confidential information while a claimant asserting a judgment-enforcement interest in those same assets may not.

Indeed, the existing Protective Order already contains substantial safeguards. Represented claimants may review material only under counsel's supervision or through secure electronic platforms, cannot download, print, or photograph the material, and cannot independently retain it. Those protections substantially address the purported risks identified by the Prince Claimants.

The Prince Claimants further contend that judgment-creditor claimants have no personal knowledge of the relevant facts and therefore would suffer no prejudice because their attorneys may review the material. ECF No. 671 at 4. This argument is unpersuasive. A party need not possess firsthand knowledge of the opposing party's conduct to have a legitimate need to review evidence relevant to its own claims, consult meaningfully with counsel, evaluate potential factual disputes, or make informed litigation decisions. The Breitweiser Claimants' interests in the Defendant Assets are no less substantial merely because they arise from judgments against Iran rather than asserted ownership of the assets. Whether the Prince Claimants' interests prevail over those of the judgment creditors is an issue to be adjudicated in this proceeding, not a basis for restricting the judgment creditors' participation in it.

Moreover, the Prince Claimants acknowledge that they have already negotiated special arrangements governing access by the Fritz and Baxter Claimants. ECF No. 671 at 4 n.5. Their willingness to provide such access to other claimants further undermines any suggestion that meaningful access by represented claimants cannot be accommodated through reasonable safeguards.

The Court should therefore reject the proposed categorical attorneys'-eyes-only restriction in Paragraph 7(d). If particular documents present exceptional confidentiality concerns warranting additional protection, the Prince Claimants may seek appropriately tailored relief upon a specific showing of good cause. They should not be permitted to impose that restriction automatically upon an entire class of opposing claimants.

**II. The Breitweiser Claimants' Access to Previously Produced Discovery Should Not Be Further Delayed.**

The history of this dispute further demonstrates why the proposed restrictions are inappropriate. The Breitweiser Claimants previously agreed to be bound by the existing Protective Order and sought access to the confidential discovery produced by the Prince Claimants. Access was not provided while the Breitweiser Claimants' application to be admitted as parties was pending. As the Prince Claimants themselves acknowledge, however, Judge Kovner granted the motions to file untimely claims on September 30, 2026, and counsel for the Breitweiser Claimants requested access to the discovery materials on October 12, 2026. ECF No. 671 at 2.

Thus, although there is no longer any dispute concerning the Breitweiser Claimants' status as parties to this proceeding, the requested discovery has not been made available to them. The existing Protective Order expressly contemplated the subsequent admission of additional claimants. Indeed, as the Prince Claimants further acknowledge, the Court explained when entering the Order that its protections would extend to claimants subsequently permitted to file claims out of time. ECF No. 404 at 3-4; ECF No. 671 at 2. The subsequent admission of the Breitweiser Claimants is therefore not an unforeseen development warranting their exclusion from discovery. It was contemplated by the existing Order.

Nor should the Prince Claimants be permitted to use the current request for modification to impose further delays. Paragraph 13 of the Protective Order already provides procedures for additional parties seeking access. To the extent the Prince Claimants maintain that any applicable notice requirement has not been satisfied, that issue should be promptly resolved without requiring the Breitweiser Claimants to begin the process anew or await adjudication of the present motion.

The Breitweiser Claimants respectfully request that the Court direct the Prince Claimants to make the previously requested discovery available to their counsel promptly, subject to the existing Protective Order and any independently applicable discovery requirements, or identify with specificity any remaining objection to that disclosure.

**III. Confidential Discovery Should Be Available for Appropriate Use in Related Proceedings Concerning the Same Assets.**

The Breitweiser Claimants also object to the proposed amendment to Paragraph 7(a), which would restrict their use of Confidential Discovery Material to this forfeiture action while preserving broader use rights for the United States. The Breitweiser Claimants are pursuing the enforcement of judgments against Iran through multiple related proceedings, including the *Fritz* litigation. Those proceedings implicate overlapping questions concerning ownership, control, and the availability of the same digital assets to satisfy their judgments against Iran.

The proposed amendment could prevent the Breitweiser Claimants from using relevant evidence obtained in this proceeding in connection with those related enforcement efforts, even where appropriate confidentiality protections could be maintained.

The Prince Claimants suggest that permitting such use would be unfair because they appeared in this *in rem* proceeding without submitting to personal jurisdiction. ECF No. 671 at 3

n.4. The proposed use of relevant evidence in another proceeding does not, by itself, however, establish personal jurisdiction over the Prince Claimants or determine the enforceability of any claim against them, which are separate legal questions.

The Breitweiser Claimants do not seek unrestricted dissemination of confidential information or permission to make protected materials publicly available. They propose only that relevant Confidential Discovery Material may be used in related proceedings concerning the same assets or judgment-enforcement rights, subject to appropriate sealing procedures, restrictions on disclosure, and further judicial supervision where necessary. Such a provision would avoid unnecessary duplicative discovery while preserving the Prince Claimants' confidentiality interests.

Alternatively, the Court should expressly preserve the right of the Breitweiser Claimants to seek permission for such use without requiring a modification of the entire Protective Order or prejudicing their ability to obtain and review the discovery in this action.

**IV. The Proposed International Expert Restrictions Should Be Clarified to Avoid Unnecessary Impediments to Expert Review.**

The Breitweiser Claimants recognize the legitimacy of requiring advance notice and appropriate security arrangements before confidential materials are disclosed to experts or witnesses located outside the United States. Nevertheless, the proposed revision to Paragraph 7(f) of the Protective Order should not operate as an indefinite obstacle to retaining and consulting with qualified international experts, including experts concerning cryptocurrency tracing, ownership, and control.

The Prince Claimants propose that a claimant seeking to share material with an international expert must first notify and confer with the Producing Party concerning the proposed disclosure. The provision, however, establishes no deadline for completing that process and no objective standard governing objections.

The Breitweiser Claimants propose that any required notice be accompanied by a reasonable response period, that objections be supported by particularized grounds, and that any unresolved dispute be promptly submitted to the Court. Secure electronic review and appropriately restricted access should be permitted where feasible.

These procedures would protect sensitive information without allowing the consultation process itself to become a means of delaying a claimant's preparation of its case.

**V. The Remaining Modifications Do Not Justify the Restrictions Proposed Against Judgment-Creditor Claimants.**

The Breitweiser Claimants do not object in principle to clarifying Paragraph 5(b) so that private parties cannot disclose confidential materials to government personnel merely by invoking that provision. Nor do they oppose reasonable restrictions preventing experts and witnesses from independently retaining or disseminating confidential materials. These concerns can be addressed through narrowly-tailored provisions without diminishing the judgment-creditor claimants' rights.

Likewise, the Prince Claimants' reliance on the Court's prior sealing determinations does not support the requested categorical exclusion. There is a fundamental distinction between protecting confidential information from public disclosure and preventing parties to litigation from reviewing that information subject to an enforceable protective order.

The Prince Claimants complain that they are required to respond to government special interrogatories while the judgment-creditor claimants have not been subjected to equivalent requests. ECF No. 671 at 4. That circumstance does not justify imposing discriminatory restrictions on the judgment creditors. The government's exercise of its authority under Supplemental Rule G(6), the timing and scope of discovery among private claimants, and the appropriate treatment of confidential documents are separate issues. The Protective Order should not be used to alter the procedural rights of particular claimants as a means of correcting what the Prince Claimants perceive as an imbalance in the government's discovery strategy.

**VI. Conclusion**

For these reasons, the Breitweiser Claimants respectfully request that the Court:

1. Deny the proposed amendment to Paragraph 7(d) that would categorically prohibit judgment-creditor claimants from reviewing Confidential Discovery Material and imposing attorneys'-eyes-only restrictions based solely on their status as judgment creditors;

2. Decline to adopt the proposed restrictions in Paragraphs 7(a) and 7(f) without reasonable provisions addressing the use of relevant discovery in related proceedings and secure access by international experts;

3. Confirm that the Breitweiser Claimants, having been admitted as parties and having agreed to be bound by the existing Protective Order, are entitled to pursue access to discovery without additional restrictions based solely upon their judgment-creditor status;

4. Direct the Prince Claimants to provide the discovery previously requested by the Breitweiser Claimants, subject to the existing Protective Order and applicable discovery rules, or promptly identify any specific, independently applicable objections to its production; and

5. Permit the parties to confer and submit appropriately narrowed revisions addressing legitimate confidentiality concerns without impairing the Breitweiser Claimants' ability to participate fully in this action.

The Breitweiser Claimants remain willing to negotiate reasonable amendments designed to protect confidential information. They respectfully submit, however, that the substantial and categorical restrictions sought by the Prince Claimants are neither necessary nor justified.

Respectfully submitted,

*/s/Jonathan P. Vuotto*
Jonathan P. Vuotto

cc: Counsel/Parties of Record