*** Filed ***
01:13 AM, 28 Oct, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------x

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY 127,271 BITCOIN (BTC), PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,

Defendant in rem.

-----------------------------------x

**Case No. 1:25-cv-05745 (RPK) (CHK)**

**CLAIMANT ATH LEEPINYO'S OPPOSITION TO MOTION TO AMEND THE PROTECTIVE ORDER (ECF NO. 671)**

**October 28, 2026**

## PRELIMINARY STATEMENT

1. Claimant Ath Leepinyo, appearing pro se, respectfully submits this Opposition to the October 26, 2026 motion filed by Boies Schiller Flexner LLP ("BSF") and Pryor Cashman LLP, purportedly on behalf of Chen Zhi and Prince Holding Group, to amend the existing Protective Order (ECF No. 671).

2. This Court should deny the motion with prejudice, or defer any ruling, because there is an absolute structural presumption that their actual client is the sovereign government of the People's Republic of China ("PRC"). The nominal claimant Chen Zhi is an unverified nonparty in these proceedings who has been held completely incommunicado by a foreign power for over

nine months. An invisible, unverified foreign detainee cannot independently render litigation instructions, and should not be permitted to make filings or strip the public interest from these proceedings. This entire motion appears to be a direct attempt to deflect from the structural risks exposed in my October 23, 2026 letter to Judge Kovner, and it should not be taken seriously by this Court.

3. Claimant directly alleges that the PRC government—and/or the Chinese Communist Party ("CCP")—is the real client behind these proceedings, using BSF and Pryor Cashman LLP as vehicles to influence this multi-billion-dollar action. The Court cannot grant specialized protective relief to shield discovery at the behest of entities whose independent decision-making authority is fundamentally compromised and completely unverified.

## I. THE COURT MUST VERIFY COUNSEL'S GENUINE AUTHORITY AND THE TRUE CLIENT'S IDENTITY PRIOR TO GRANTING FURTHER RELIEF

4. A lawyer's notice of appearance does not, by itself, serve as conclusive proof of the identity of the party retaining them, the true source of their financial compensation, or the validity of their ongoing directives. This inquiry is of immediate, vital concern because moving counsel explicitly admit that the PRC "has held Mr. Chen incommunicado since January 2026" (ECF No. 671 at 3).

5. Because the nominal claimant has been held in foreign custody for more than nine months, it is factually and physically impossible for him to be independently rendering litigation instructions, executing authorizations, reviewing filings, or directing the present motion. Consequently, the Court must demand a clear evidentiary baseline showing exactly who selected counsel, who is financing this litigation, and who is providing the operational instructions disguised under the names of private litigants.

6. Furthermore, BSF has openly designated the Chinese government among its sovereign state clients in corporate firm announcements. If counsel are acting at the direction of the PRC or a state-controlled proxy, federal law and transparency require that this sovereign relationship be explicitly disclosed on the record rather than hidden behind private corporate fronts.

## II. THE PROPOSED DISCOVERY AMENDMENTS HIGHLIGHT THE NEED FOR STRICT CENSORSHIP PROTOCOLS AND IMMEDIATE DISCLOSURE

7. The moving parties seek to fundamentally alter the rules governing sensitive discovery in this multi-billion-dollar action, explicitly attempting to restrict judgment creditors' access and broaden notice rules for overseas disclosures. Crucially, the motion identifies the PRC as a government entity capable of receiving confidential material under the current

system, while simultaneously confirming that the PRC holds Chen Zhi in custody.

8. It is highly inequitable to permit counsel to alter discovery rules to shield or manipulate data when the actual decision-makers behind the motion are unverified, and where a foreign sovereign may be leveraging commercial litigation to control assets outside its jurisdiction. Before granting any party the right to restrict or alter discovery mechanics, a clear factual record must be built to confirm or dispel the role of the foreign sovereign.

## III. REQUESTED RELIEF

Claimant respectfully requests that this Court enter an Order:

9. DENYING ECF No. 671 with prejudice, or deferring any adjudication pending an evidentiary hearing regarding counsel’s authority;

10. DIRECTING BSF, Pryor Cashman LLP, and any associated counsel to submit sworn evidence under oath—subject to in camera review if necessary—identifying the exact individuals authorizing this litigation, the source of their authority, and the source of all legal fee funding;

11. REQUIRING a specific, documented explanation of how Chen Zhi independently authorized the present motion while being held completely incommunicado by a foreign power;

12. COMPELLING full disclosure as to whether the Chinese Government, the CCP, or any state-directed proxy has instructed, financed, or controlled counsel in this matter; and

13. PRESERVING absolute public access to all judicial records, requiring any future requests to seal documents to be justified strictly on an individualized, item-by-item basis under applicable EDNY standards.

Dated: October 28, 2026
Bangkok, Thailand

Respectfully submitted,

/s/ Ath Leepinyo
Ath Leepinyo, Claimant Pro Se
P.O. Box 2
Central City Bangna Post Office
1090 Moo 12 Bangna-Trad Road
Bangna, Bangkok 10260, Thailand
Email: leepinyo@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2026, a copy of the foregoing Claimant Ath Leepinyo's Opposition to ECF No. 671 was electronically filed with the Clerk of the Court using the CM/ ECF system, which will automatically send notification of such filing to all registered attorneys of record for the United States of America, Chen Zhi, and Prince Holding Group.

I further certify that because all active participants in this action are represented by counsel who are registered CM/ECF users, service was completely and successfully accomplished automatically through the court's electronic portal network pursuant to Federal Rule of Civil Procedure 5(d)(1)(B).

Dated: October 28, 2026
Bangkok, Thailand

/s/ Ath Leepinyo
Ath Leepinyo, Claimant Pro Se

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------x

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY 127,271 BITCOIN (BTC), PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,

Defendant in rem.

-----------------------------------x

**Case No. 1:25-cv-05745 (RPK) (CHK)**

**[PROPOSED] ORDER DENYING AMENDMENT OF THE PROTECTIVE ORDER**

Upon consideration of Claimant Ath Leepinyo’s Opposition to ECF No. 671 and Request to Defer any Amendment of the Protective Order Pending Proof of Client Identity and Counsel Authority, and all submissions related thereto, it is hereby:

ORDERED that the Motion of Chen Zhi and Prince Holding Group to Amend the Protective Order (ECF No. 671) is DENIED with prejudice; and it is further

ORDERED that Boies Schiller Flexner LLP and Pryor Cashman LLP are directed to submit sworn evidence to this Court within fourteen (14) days identifying the specific corporate or natural principals authorizing their representation, the source of litigation funding, and explicit proof of how instructions were

independently received from Chen Zhi while held incommunicado in foreign custody.

SO ORDERED:

---------------------------------------------
Hon. Clay H. Kaminsky
United States Magistrate Judge

Dated: Brooklyn, New York
________________, 2026