SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, New York 10004-2498

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

November 3, 2026

Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States* v. *Approximately 127,271 Bitcoin*, No. 25-cv-5745 (RPK)

Dear Judge Kovner:

We write on behalf of Paul Pretlove, David Standish, and James Drury, in their capacities as authorized foreign representatives (the "AFRs") and as joint provisional liquidators of Prince Global Holdings Limited and its affiliated debtors (the "Debtors"),[1] to provide an update on the liquidation proceedings involving the Debtors (the "BVI Proceedings") pending before the Eastern Caribbean Supreme Court in the BVI High Court of Justice (Commercial Division) (the "BVI Court"). The Debtors, acting through the AFRs, previously filed a Statement of Interest advising this Court of the AFRs' appointment and authority and the Debtors' interests in the above-captioned proceedings. ECF No. 485. That statement explained the Debtors' interest in administering assets other than those subject to forfeiture, including through a potential global civil liquidation process should the BVI Court appoint liquidators over the Debtors, and noted the potential overlap between persons with legitimate claims in that process and persons entitled to compensation from assets forfeited in this action. *Id.* at 7–8.

On October 21, 2026, Hon. Justice Wallbank KC of the BVI Court held a hearing (the "October 21 Hearing") concerning the BVI Attorney General's applications to appoint liquidators over the Debtors (the "Originating Applications"). A true and correct copy of the transcript of that hearing is attached hereto as **Exhibit A** (the "Oct. 21 BVI Hr'g Tr."). At the October 21 Hearing, Justice Wallbank described the BVI Attorney

[1] A complete list of the Debtors appears at ECF No. 485-1.

General's concept of seeking liquidation orders over companies associated with a person alleged to have engaged in "horrendous business practices" as "a sound one." Oct. 21 BVI Hr'g Tr. 12:3–8. He nevertheless indicated at the October 21 Hearing that the BVI Attorney General did not present enough evidence to meet the threshold for winding up the Debtors on public interest grounds and that, accordingly, the Originating Applications "should be dismissed" and the orders appointing the AFRs as joint provisional liquidators over the Debtors (the "BVI Orders") "should also be discharged." Oct. 21 BVI Hr'g Tr. 12:3–13:23, 14:21–15:7. The BVI Court expressly clarified, however, that it was not making either order at the October 21 Hearing, stating, "I am not making that order right now," and, as to discharge, "I don't say 'the provisional liquidation order is hereby discharged.'" *Id.* at 22:2–12, 22:21–24. As of the date of this letter, no order dismissing the Originating Applications or discharging the BVI Orders has been made or entered. *Id.* at 22:2–24, 31:16–32:6.

The AFRs remain in office as joint provisional liquidators of the Debtors, and there has been no variation or restriction of their existing powers. *Id.* at 29:11–22. The BVI Court confirmed that the AFRs "are still in place" and that the existing BVI Orders continue to govern their conduct. *Id.* at 29:11–22, 31:5–9. The BVI Court also observed that the AFRs' work appeared "beneficial at a number of levels," explaining: "[I]f I simply discharge them, many people might immediately lose their jobs in operating companies, [and] many businesses might find themselves immediately shut down." *Id.* at 15:17–23.

The BVI Court reserved the implementation of its decision, including the timing and manner of any discharge and any stay, for a further consequentials hearing, which the parties proposed be held on December 8 and 9, 2026, subject to coordination with the BVI Court. *Id.* at 22:13–23:8, 23:24–25:9, 26:1–3. The BVI Court's draft written judgment remains under a 14-day embargo and is restricted to BVI-admitted lawyers for review and non-substantive corrections. *Id.* at 16:23–17:13, 19:15–24, 20:4–9. The AFRs will provide a copy to this Court once it is finalized and released.

The AFRs understand that the BVI Attorney General intends to seek a stay of any order dismissing the Originating Applications or discharging the BVI Orders and is evaluating further steps in the BVI Proceedings. If granted, a stay would keep the AFRs in place as joint provisional liquidators pending further determination. The AFRs will continue to discharge their duties under the existing BVI Orders, subject to the BVI Court's supervision, and will promptly notify this Court of further material developments, including the entry of any order and the determination of any stay application.

Respectfully submitted,

*/s/ Andrew G. Dietderich*

Andrew G. Dietderich
Sharon Cohen Levin
Christopher J. Dunne
Jacob M. Croke
Alexa J. Kranzley
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: dietdericha@sullcrom.com
levinsc@sullcrom.com
dunnec@sullcrom.com
crokej@sullcrom.com
kranzleya@sullcrom.com

*Counsel to the Authorized Foreign Representatives*

cc: All attorneys of record (via ECF)