**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESS LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br>Defendant *In Rem*. | Civil Action No. 25-cv-5745 (RPK) |

**PENNINGTON AND DRISCOLL CLAIMANTS' OMNIBUS ANSWER TO THE GOVERNMENT'S VERIFIED CLAIM IN REM AND ALL CROSSCLAIMS FILED BEFORE SEPTEMBER 30, 2026 AND CROSSCLAIM FOR PRIORITY**

Pursuant to 12(a)(1)(B) of the Federal Rules of Civil Procedure and Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Pennington and Driscoll Claimants hereby answer the Government's Verified Complaint *In Rem* dated October 14, 2025 (ECF No. 1), and all Crossclaims for Priority filed before September 30, 2026 (ECF Nos. 216, 236, 252, 261, 350, 399, 406, 414, 501), as follows:

## I. PENNINGTON AND DRISCOLL CLAIMANTS' ANSWER TO VERIFIED COMPLAINT IN REM (ECF 1).

1. The Pennington and Driscoll Claimants admit that this is a civil forfeiture action *in rem* against the Defendant Cryptocurrency. The Pennington and Driscoll Claimants deny that the Defendant Cryptocurrency should be forfeited to the United States to the extent such forfeiture would impair or extinguish the Pennington and Driscoll Claimants' rights under the Terrorism Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610 note.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants admit that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

5. The Pennington and Driscoll Claimants admit only that the Complaint purports to describe the Defendant Cryptocurrency as consisting of approximately 127,271 Bitcoin. All remaining allegations in Paragraph 5 are denied.

6. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 6 and therefore deny them, except to the extent the paragraph alleges that the Defendant Cryptocurrency is presently in the custody of the United States.

7. The Pennington and Driscoll Claimants refer to the statute set forth in Paragraph 7 for the specific provisions thereof.

8. The Pennington and Driscoll Claimants refer to the statute set forth in Paragraph 8 for the specific provisions thereof.

9. The Pennington and Driscoll Claimants refer to the statute set forth in Paragraph 9 for the specific provisions thereof.

10. The Pennington and Driscoll Claimants refer to the statute set forth in Paragraph 10 for the specific provisions thereof.

11. The Pennington and Driscoll Claimants refer to the statute set forth in Paragraph 11 for the specific provisions thereof.

12. The Pennington and Driscoll Claimants refer to the statute set forth in Paragraph 12 for the specific provisions thereof.

13. The Pennington and Driscoll Claimants refer to the statute set forth in Paragraph 13 for the specific provisions thereof.

14. The Pennington and Driscoll Claimants refer to the statute set forth in Paragraph 14 for the specific provisions thereof.

15. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 15 and therefore deny them.

16. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 16 and therefore deny them. To the extent Paragraph 16 contains legal conclusions or characterizations regarding foreign state involvement, ownership, control, or attribution, no response is required, and any such allegations are denied to the extent it does not attribute the involvement of Iran, its agents, and instrumentalities. Nothing in this response waives or limits the Pennington and Driscoll Claimants' rights to assert priority under the Terrorism Risk Insurance Act based on facts established in this action or related proceedings.

17. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 17 and therefore deny them. To the extent Paragraph 17 contains legal conclusions, characterizations, or assertions regarding the identity, status, roles, affiliations, or relevance of any persons or entities, no response is required, and any such allegations are denied.

18. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 18 and therefore deny them.

19. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 19 and therefore deny them.

20. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 20 and therefore deny them.

21. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 21 and therefore deny them.

22. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 22 and therefore deny them.

23. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 23 and therefore deny them.

24. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 24 and therefore deny them.

25. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 25 and therefore deny them.

26. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 26 and therefore deny them.

27. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 27 and therefore deny them.

28. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 28 and therefore deny them.

29. The Pennington and Driscoll Claimants lack knowledge or information

sufficient to admit or deny the allegations in Paragraph 29 and therefore deny them.

30. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 30 and therefore deny them.

31. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 31 and therefore deny them.

32. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 32 and therefore deny them.

33. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 33 and therefore deny them.

34. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 34 and therefore deny them.

35. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 35 and therefore deny them.

36. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 36 and therefore deny them.

37. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 37 and therefore deny them.

38. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 38 and therefore deny them. To the extent the allegations contain factual characterizations, conclusions regarding provenance, attribution, source, ownership, or legal significance of the Defendant Cryptocurrency, such allegations are denied.

39. The Pennington and Driscoll Claimants lack knowledge or information

sufficient to admit or deny the allegations in Paragraph 39 and therefore deny them. To the extent the allegations contain factual characterizations, conclusions regarding provenance, attribution, source, ownership, or legal significance of the Defendant Cryptocurrency, such allegations are denied.

40. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 40 and therefore deny them. To the extent the allegations contain factual characterizations, conclusions regarding provenance, attribution, source, ownership, or legal significance of the Defendant Cryptocurrency, such allegations are denied.

41. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 41 and therefore deny them. To the extent the allegations contain factual characterizations, conclusions regarding provenance, attribution, source, ownership, or legal significance of the Defendant Cryptocurrency, such allegations are denied.

42. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 42 and therefore deny them. To the extent the allegations contain factual characterizations, conclusions regarding provenance, attribution, source, ownership, or legal significance of the Defendant Cryptocurrency, such allegations are denied.

43. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 43 and therefore deny them. To the extent the allegations contain factual characterizations, conclusions regarding provenance, attribution, source, ownership, or legal significance of the Defendant Cryptocurrency, such allegations are

denied. Nothing in these responses waives or limits the Pennington and Driscoll Claimants' asserted priority rights under the Terrorism Risk Insurance Act or other applicable law.

44. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 44 and therefore deny them. To the extent the allegations assert or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

45. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 45 and therefore deny them. To the extent the allegations assert or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

46. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 46 and therefore deny them. To the extent the allegations assert or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

47. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 47 and therefore deny them. To the extent the allegations assert or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

48. The Pennington and Driscoll Claimants lack knowledge or information

sufficient to admit or deny the allegations in Paragraph 48 and therefore deny them. To the extent the allegations assert or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

49. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 49 and therefore deny them. To the extent the allegations assert or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

50. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 50 and therefore deny them. To the extent the allegations assert or imply factual conclusions regarding the source, provenance, traceability, ownership, control, or legal characterization of the Defendant Cryptocurrency, such allegations are denied.

51. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 51 and therefore deny them.

52. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 52 and therefore deny them.

53. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 53 and therefore deny them.

54. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 54 and therefore deny them.

55. The Pennington and Driscoll Claimants lack knowledge or information

sufficient to admit or deny the allegations in Paragraph 55 and therefore deny them.

56. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 56 and therefore deny them.

57. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 57 and therefore deny them.

58. The Pennington and Driscoll Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 58 and therefore deny them.

59. Admitted only to the extent that criminal and regulatory actions have been brought as alleged. All remaining allegations in Paragraph 59 are denied.

60. Paragraph 60 contains allegations that incorporate prior Paragraphs. The Pennington and Driscoll Claimants incorporate and reallege each and every response to the foregoing Paragraphs of the Complaint as though fully restated herein.

61. Paragraph 61 is denied. The Pennington and Driscoll Claimants deny that the Defendant Cryptocurrency constitutes or is derived from proceeds subject to forfeiture free and clear of their asserted statutory rights. The Pennington and Driscoll Claimants further assert that, pursuant to the Terrorism Risk Insurance Act (“TRIA”), 28 U.S.C. § 1610 note, qualifying blocked assets are subject to execution by holders of terrorism judgments notwithstanding any other provision of law, and that any disposition of the Defendant Cryptocurrency must preserve those statutory rights.

62. Paragraph 62 is denied. The Pennington and Driscoll Claimants deny that the Defendant Cryptocurrency is liable to forfeiture in a manner that extinguishes or impairs their asserted rights under TRIA or other applicable federal law.

63. Paragraph 63 contains allegations that incorporate prior Paragraphs. The

Pennington and Driscoll Claimants incorporate and reallege each and every response to the foregoing Paragraphs of the Complaint as though fully restated herein.

64. Paragraph 64 is denied. The Pennington and Driscoll Claimants deny that the Defendant Cryptocurrency constitutes property involved in or traceable to money laundering subject to forfeiture free and clear of their asserted statutory rights under TRIA.

65. Paragraph 65 is denied. The Pennington and Driscoll Claimants deny that forfeiture may be ordered without adjudication and preservation of their asserted rights under the Terrorism Risk Insurance Act and applicable law.

## II. PENNINGTON AND DRISCOLL CLAIMANTS' ANSWER TO BREITWEISER CLAIMANTS' CROSSCLAIMS (ECF 216).

1. Paragraph 1 contains jurisdictional and legal conclusions to which no response is required.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required.

3. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

4. Paragraph 4 is a definition of a term, to which no response is required.

5. Paragraph 5 is a limitation of the purposes of the Crosscl aim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the Breitweiser Claimants hold any priority rights over the Pennington and Driscoll Claimants with respect to the Defendant Cryptocurrency.

6. The Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 6.

7. The Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 7.

8. The Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants admit that the Defendant Cryptocurrency constitutes, on information and belief, blocked assets of Iran or its agency or instrumentality and is therefore subject to attachment and execution under TRIA § 201.

10. The Pennington and Driscoll Claimants admit the allegations in Paragraph 10.

11. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 10 set forth above as though fully set forth herein.

12. Paragraph 12 is a qualification to Count One to which no response is required.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 13 confer on the Breitweiser Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency

14. Paragraph 14 characterizes a statute that speaks for itself, and no response is required.

15. Paragraph 15 characterizes a statute that speaks for itself, and no response is required.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge

sufficient to admit or deny the allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the Breitweiser Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency.

18. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 17 set forth above as though fully set forth herein.

19. Paragraph 19 is a qualification of Count Two, to which no response is required.

20. Paragraph 20 characterizes a statute that speaks for itself, and no response is required.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny the allegations in Paragraph 21.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the Breitweiser Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency and otherwise lack sufficient knowledge to confirm or deny the allegations in Paragraph 22.

23. Paragraph 23 contains a legal conclusion to which no response is required. T o the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 23 confer on the Breitweiser Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and

Driscoll Claimants in the Defendant Cryptocurrency.

24. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 23 set forth above as though fully set forth herein.

25. Paragraph 25 characterizes a statute that speaks for itself, and no response is required.

26. Paragraph 26 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegation.

27. Paragraph 27 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 27 confer on the Breitweiser Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

28. Paragraph 28 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 28 confer on the Breitweiser Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

29. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 28 set forth above as though fully set forth here.

30. Paragraph 30 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegations in Paragraph 30.

31. Paragraph 31 is a request, not an allegation, to which no response is required.

## III. PENNINGTON AND DRISCOLL CLAIMANTS' ANSWER TO IBHLAW CLAIMANTS' CROSSCLAIMS (ECF 236).

1. Paragraph 1 contains jurisdictional and legal conclusions to which no response is required.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required.

3. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

4. Paragraph 4 is a definition of a term, to which no response is required. Denied to the extent it asserts that the Pennington Driscoll Claimants are defendants in this action or to the TRIA claims instead of co-claimants.

5. Paragraph 5 is a limitation of the purposes of the Crossclaim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the IBHLAW Claimants hold any priority rights over the Pennington and Driscoll Claimants with respect to the Defendant Cryptocurrency.

6. The Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 6.

7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants admit that the Defendant Cryptocurrency constitutes, on information and belief, blocked assets of Iran or its agency or instrumentality and is therefore subject to attachment and execution under TRIA § 201.

8. The Pennington and Driscoll Claimants admit the allegations in Paragraph 8.

9. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 8 set forth above as though fully set forth herein.

10. Paragraph 10 is a qualification to Count One to which no response is required.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 11 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency

12. Paragraph 12 characterizes a statute that speaks for itself, and no response is required.

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 16.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the IBHLAW Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency.

16. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 15 set forth above as though fully set forth herein.

17. Paragraph 17 is a qualification of Count Two, to which no response is required.

18. Paragraph 18 characterizes a statute that speaks for itself, and no response is required.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny the allegations in Paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the IBHLAW Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency and otherwise lack sufficient knowledge to confirm or deny the allegations in Paragraph 20.

21. Paragraph 21 contains a legal conclusion to which no response is required. T o the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 21 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

22. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 21 set forth above as though fully set forth here.

23. Paragraph 23 characterizes a statute that speaks for itself, and no response is required.

24. Paragraph 24 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the

allegation.

25. Paragraph 25 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 25 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

26. Paragraph 26 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 26 confer on the IBHLAW Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

27. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 26 set forth above as though fully set forth here.

28. Paragraph 28 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegations in Paragraph 28.

29. Paragraph 29 is a request, not an allegation, to which no response is required.

30. Paragraph 30 is a request, not an allegation, to which no response is required.

31. Paragraph 31 is a request, not an allegation, to which no response is required.

32. Paragraph 32 is a request, not an allegation, to which no response is required.

33. Paragraph 33 is a request, not an allegation, to which no response is required.

34. Paragraph 34 is a request, not an allegation, to which no response is required.

## IV. PENNINGTON AND DRISCOLL CLAIMANTS' ANSWER TO IRANIAN TERRORISM VICTIMS' CROSSCLAIMS (ECF 252).

1. Paragraph 1 contains jurisdictional and legal conclusions to which no response is required.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required.

3. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

4. Paragraph 4 is a definition of a term, to which no response is required. Denied to the extent it asserts that the Pennington Driscoll Claimants are defendants in this action or to the TRIA claims instead of co-claimants.

5. Paragraph 5 is a limitation of the purposes of the Crossclaim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the Iranian Terrorism Victims hold any priority rights over the Pennington and Driscoll Claimants with respect to the Defendant Cryptocurrency.

6. Paragraph 6 is a limitation of the scope of the Crossclaim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the Iranian Terrorism Victims hold any priority rights over the Pennington and Driscoll Claimants with respect to the Defendant Cryptocurrency.

7. The Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants admit that the Defendant

Cryptocurrency constitutes, on information and belief, blocked assets of Iran or its agency or instrumentality and is therefore subject to attachment and execution under TRIA § 201.

9. The Pennington and Driscoll Claimants admit the allegations in Paragraph 9.

10. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 9 set forth above as though fully set forth herein.

11. Paragraph 11 is a qualification to Count One to which no response is required.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 12 confer on the Iranian Terrorism Victims any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required.

14. Paragraph 14 characterizes a statute that speaks for itself, and no response is required.

15. Paragraph 15 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the Iranian Terrorism Victims purported interests are superior to their interests in the Defendant Cryptocurrency.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 16.

17. The Pennington and Driscoll Claimants reincorporate and reallege each

and every response to Paragraphs 1 through 16 set forth above as though fully set forth herein.

18. Paragraph 18 is a qualification of Count Two, to which no response is required.

19. Paragraph 19 characterizes a statute that speaks for itself, and no response is required.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the Iranian Terrorism Victims' purported interests are superior to their interests in the Defendant Cryptocurrency and otherwise lack sufficient knowledge to confirm or deny the allegations in Paragraph 21.

22. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 21 set forth above as though fully set forth here.

23. Paragraph 23 characterizes a statute that speaks for itself, and no response is required.

24. Paragraph 24 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegation.

25. Paragraph 25 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 25 confer on the Iranian Terrorism Victims any right, title or interest in

the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

26. Paragraph 26 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 26 confer on the Iranian Terrorism Victims any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

27. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 26 set forth above as though fully set forth here.

28. Paragraph 28 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegations in Paragraph 28.

29. Paragraph 29 is a request, not an allegation, to which no response is required.

30. Paragraph 30 is a request, not an allegation, to which no response is required.

31. Paragraph 31 is a request, not an allegation, to which no response is required.

32. Paragraph 32 is a request, not an allegation, to which no response is required.

33. Paragraph 33 is a request, not an allegation, to which no response is required.

34. Paragraph 34 is a request, not an allegation, to which no response is required.

35. Paragraph 35 is a request, not an allegation, to which no response is required.

36. Paragraph 36 is a request, not an allegation, to which no response is required.

37. Paragraph 37 is a request, not an allegation, to which no response is required.

## V. PENNINGTON AND DRISCOLL CLAIMANTS' ANSWER TO 9/11 CLAIMANTS' CROSSCLAIMS (ECF 261).

1. Paragraph 1 contains jurisdictional and legal conclusions to which no response is required.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required.

3. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

4. Paragraph 4 is a definition of a term, to which no response is required.

5. Paragraph 5 is a limitation of the purposes of the Crossclaim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the 9/11 Claimants hold any priority rights over the Pennington and Driscoll Claimants with respect to the Defendant Cryptocurrency.

6. Paragraph 6 is a limitation of the scope of the Crossclaim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the 9/11 Claimants hold any priority rights over the Pennington and Driscoll Claimants with respect to the Defendant Cryptocurrency.

7. The Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants admit that the Defendant Cryptocurrency constitutes, on information and belief, blocked assets of Iran or its agency or instrumentality and is therefore subject to attachment and execution under TRIA § 201.

9. The Pennington and Driscoll Claimants admit the allegations in Paragraph 9.

10. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 9 set forth above as though fully set forth herein.

11. Paragraph 11 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 11 confer on the 9/11 Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

12. Paragraph 12 characterizes a statute that speaks for itself, and no response is required.

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required.

14. Paragraph 14 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the 9/11 Claimants purported interests are superior to their interests in the Defendant Cryptocurrency.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 15.

16. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 15 set forth above as though fully set forth herein.

17. Paragraph 17 characterizes a statute that speaks for itself, and no response is required.

18. Paragraph 18 contains legal conclusions to which no response is required.

To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the 9/11 Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency and otherwise lack sufficient knowledge to confirm or deny the allegations in Paragraph 19.

20. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 19 set forth above as though fully set forth herein.

21. Paragraph 21 characterizes a statute that speaks for itself, and no response is required.

22. Paragraph 22 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegation.

23. Paragraph 23 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 23 confer on the 9/11 Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

24. Paragraph 24 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 24 confer on the 9/11 Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

25. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 24 set forth above as though fully set forth herein.

26. Paragraph 26 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegations in Paragraph 26.

27. Paragraph 27 is a request, not an allegation, to which no response is required.

28. Paragraph 28 is a request, not an allegation, to which no response is required.

29. Paragraph 29 is a request, not an allegation, to which no response is required.

30. Paragraph 30 is a request, not an allegation, to which no response is required.

31. Paragraph 31 is a request, not an allegation, to which no response is required.

32. Paragraph 32 is a request, not an allegation, to which no response is required.

33. Paragraph 33 is a request, not an allegation, to which no response is required.

34. Paragraph 34 is a request, not an allegation, to which no response is required.

35. Paragraph 35 is a request, not an allegation, to which no response is required.

## VI. PENNINGTON AND DRISCOLL CLAIMANTS' ANSWER TO ACETO CLAIMANTS' CROSSCLAIMS (ECF 350).

1. Paragraph 1 contains jurisdictional and legal conclusions to which no response is required.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required.

3. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

4. Paragraph 4 is a definition of a term, to which no response is required.

Denied to the extent it asserts that the Pennington Driscoll Claimants are defendants in this action or to the TRIA claims instead of co-claimants.

5. Paragraph 5 is a limitation of the purposes of the Crossclaim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the Aceto Claimants hold any priority rights over the Pennington and Driscoll Claimants with respect to the Defendant Cryptocurrency.

6. Paragraph 6 is a limitation of the scope of the Crossclaim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the Aceto Claimants hold any priority rights over the Pennington and Driscoll Claimants with respect to the Defendant Cryptocurrency.

7. The Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants admit that the Defendant Cryptocurrency constitutes, on information and belief, blocked assets of Iran or its agency or instrumentality and is therefore subject to attachment and execution under TRIA § 201.

9. The Pennington and Driscoll Claimants admit the allegations in Paragraph 9.

10. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 9 set forth above as though fully set forth herein.

11. Paragraph 11 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 11 confer on the Aceto Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants

in the Defendant Cryptocurrency.

12. Paragraph 12 characterizes a statute that speaks for itself, and no response is required.

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required.

14. Paragraph 14 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the Aceto Claimants purported interests are superior to their interests in the Defendant Cryptocurrency.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 15.

16. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 15 set forth above as though fully set forth herein.

17. Paragraph 17 characterizes a statute that speaks for itself, and no response is required.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the Aceto Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency and otherwise lack sufficient knowledge to confirm or deny the allegations in Paragraph 19.

20. The Pennington and Driscoll Claimants reincorporate and reallege each

and every response to Paragraphs 1 through 19 set forth above as though fully set forth herein.

21. Paragraph 21 characterizes a statute that speaks for itself, and no response is required.

22. Paragraph 22 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegation.

23. Paragraph 23 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 23 confer on the Aceto Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

24. Paragraph 24 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 24 confer on the Aceto Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

25. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 24 set forth above as though fully set forth herein.

26. Paragraph 26 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegations in Paragraph 26.

27. Paragraph 27 is a request, not an allegation, to which no response is required.

28. Paragraph 28 is a request, not an allegation, to which no response is required.

29. Paragraph 29 is a request, not an allegation, to which no response is required.

30. Paragraph 30 is a request, not an allegation, to which no response is required.

31. Paragraph 31 is a request, not an allegation, to which no response is required.

32. Paragraph 32 is a request, not an allegation, to which no response is required.

33. Paragraph 33 is a request, not an allegation, to which no response is required.

34. Paragraph 34 is a request, not an allegation, to which no response is required.

35. Paragraph 35 is a request, not an allegation, to which no response is required.

## VII. PENNINGTON AND DRISCOLL CLAIMANTS' ANSWER TO WMJH CLAIMANTS' CROSSCLAIMS (ECF 399).

1. Paragraph 1 is a prefatory clause to which no response is required.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required.

3. Paragraph 3 contains jurisdictional and legal conclusions to which no response is required.

4. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

5. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

6. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

7. The Pennington and Driscoll Claimants lack knowledge or information

sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

8. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

9. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

10. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

11. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

12. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required.

14. The Pennington and Driscoll Claimants admit the allegations in Paragraph 14.

15. Paragraph 15 is a definition of a term, to which no response is required. Denied to the extent it asserts that the Pennington Driscoll Claimants are defendants in this action

or to the TRIA claims instead of co-claimants.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants admit that the Defendant Cryptocurrency constitutes, on information and belief, blocked assets of Iran or its agency or instrumentality and is therefore subject to attachment and execution under TRIA § 201.

17. Paragraph 17 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 17 confer on the WMJH Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

18. Paragraph 18 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 18 confer on the WMJH Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

19. Paragraph 19 purports to adopt by reference crossclaims and counterclaims pleaded by other claimants, to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that the WMJH Claimants are entitled to relief on any such crossclaim or counterclaim and incorporate by reference their answers to those crossclaims contained in this Omnibus Answer.

## VIII. PENNINGTON AND DRISCOLL CLAIMANTS' ANSWER TO THE MARK AND HIRSHFELD CLAIMANTS' CROSSCLAIMS (ECF 406).

1. Paragraph 1 contains jurisdictional and legal conclusions to which no response is required.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required.

3. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

4. Paragraph 4 is a definition of a term, to which no response is required. Denied to the extent it asserts that the Pennington Driscoll Claimants are defendants in this action or to the TRIA claims instead of co-claimants.

5. Paragraph 5 is a limitation of the purposes of the Crossclaim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the Mark and Hirshfeld Claimants hold any priority rights over the Pennington and Driscoll Claimants with respect to the Defendant Cryptocurrency.

6. Paragraph 6 is a limitation of the scope of the Crossclaim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the Mark and Hirshfeld Claimants hold any priority rights over the Pennington and Driscoll Claimants with respect to the Defendant Cryptocurrency.

7. The Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants admit that the Defendant Cryptocurrency constitutes, on information and belief, blocked assets of Iran or its agency or instrumentality and is therefore subject to attachment and execution under TRIA § 201.

9. The Pennington and Driscoll Claimants admit the allegations in Paragraph 9.

10. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 9 set forth above as though fully set forth herein.

11. Paragraph 11 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 11 confer on the Mark and Hirshfeld Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

12. Paragraph 12 characterizes a statute that speaks for itself, and no response is required.

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required.

14. Paragraph 14 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the Mark and Hirshfeld Claimants purported interests are superior to their interests in the Defendant Cryptocurrency.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 15.

16. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 15 set forth above as though fully set forth herein.

17. Paragraph 17 characterizes a statute that speaks for itself, and no response is required.

18. Paragraph 18 contains legal conclusions to which no response is required.

To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the Mark and Hirshfeld Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency and otherwise lack sufficient knowledge to confirm or deny the allegations in Paragraph 19.

20. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 19 set forth above as though fully set forth herein.

21. Paragraph 21 characterizes a statute that speaks for itself, and no response is required.

22. Paragraph 22 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegation.

23. Paragraph 23 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 23 confer on the Mark and Hirshfeld Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

24. Paragraph 24 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 24 confer on the Mark and Hirshfeld Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and

Driscoll Claimants in the Defendant Cryptocurrency.

25. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 24 set forth above as though fully set forth herein.

26. Paragraph 26 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegations in Paragraph 26.

27. Paragraph 27 is a request, not an allegation, to which no response is required.

28. Paragraph 28 is a request, not an allegation, to which no response is required.

29. Paragraph 29 is a request, not an allegation, to which no response is required.

30. Paragraph 30 is a request, not an allegation, to which no response is required.

31. Paragraph 31 is a request, not an allegation, to which no response is required.

32. Paragraph 32 is a request, not an allegation, to which no response is required.

33. Paragraph 33 is a request, not an allegation, to which no response is required.

34. Paragraph 34 is a request, not an allegation, to which no response is required.

35. Paragraph 35 is a request, not an allegation, to which no response is required.

## IX. PENNINGTON AND DRISCOLL CLAIMANTS' ANSWER TO ENCINAS AND DIBENEDETTO CLAIMANTS' CROSSCLAIMS (ECF 414).

1. Paragraph 1 contains jurisdictional and legal conclusions to which no response is required.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required.

3. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis,

deny the allegations.

4. Paragraph 4 is a definition of a term, to which no response is required. Denied to the extent it asserts that the Pennington Driscoll Claimants are defendants in this action or to the TRIA claims instead of co-claimants.

5. Paragraph 5 is a limitation of the purposes of the Crossclaim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the Encinas and DiBenedetto Claimants hold any priority rights over the Pennington and Driscoll Claimants with respect to the Defendant Cryptocurrency.

6. Paragraph 6 is a limitation of the scope of the Crossclaim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the Encinas and DiBenedetto Claimants hold any priority rights over the Pennington and Driscoll Claimants with respect to the Defendant Cryptocurrency.

7. The Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants admit that the Defendant Cryptocurrency constitutes, on information and belief, blocked assets of Iran or its agency or instrumentality and is therefore subject to attachment and execution under TRIA § 201.

9. The Pennington and Driscoll Claimants admit the allegations in Paragraph 9.

10. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 9 set forth above as though fully set forth herein.

11. Paragraph 11 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the

allegations in Paragraph 11 confer on the Encinas and Dibenedetto Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

12. Paragraph 12 characterizes a statute that speaks for itself, and no response is required.

13. Paragraph 13 characterizes a statute that speaks for itself, and no response is required.

14. Paragraph 14 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the Encinas and Dibenedetto Claimants purported interests are superior to their interests in the Defendant Cryptocurrency.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 15.

16. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 15 set forth above as though fully set forth herein.

17. Paragraph 17 characterizes a statute that speaks for itself, and no response is required.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the

Encinas and Dibenedetto Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency and otherwise lack sufficient knowledge to confirm or deny the allegations in Paragraph 19.

20. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 19 set forth above as though fully set forth herein.

21. Paragraph 21 characterizes a statute that speaks for itself, and no response is required.

22. Paragraph 22 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegation.

23. Paragraph 23 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 23 confer on the Encinas and Dibenedetto Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

24. Paragraph 24 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 24 confer on the Encinas and Dibenedetto Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

25. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 24 set forth above as though fully set forth herein.

26. Paragraph 26 contains a legal conclusion to which no response is required.

To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegations in Paragraph 26.

27. Paragraph 27 is a request, not an allegation, to which no response is required.

28. Paragraph 28 is a request, not an allegation, to which no response is required.

29. Paragraph 29 is a request, not an allegation, to which no response is required.

30. Paragraph 30 is a request, not an allegation, to which no response is required.

31. Paragraph 31 is a request, not an allegation, to which no response is required.

32. Paragraph 32 is a request, not an allegation, to which no response is required.

33. Paragraph 33 is a request, not an allegation, to which no response is required.

34. Paragraph 34 is a request, not an allegation, to which no response is required.

35. Paragraph 35 is a request, not an allegation, to which no response is required.

## X. PENNINGTON AND DRISCOLL CLAIMANTS' ANSWER TO 9/11 CLAIMANTS' SECOND AMENDED CROSSCLAIMS (ECF 501).

1. Paragraph 1 contains jurisdictional and legal conclusions to which no response is required.

2. Paragraph 2 contains jurisdictional and legal conclusions to which no response is required.

3. The Pennington and Driscoll Claimants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, deny the allegations.

4. Paragraph 4 is a definition of a term, to which no response is required.

5. Paragraph 5 is a limitation of the purposes of the Crossclaim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the 9/11 Claimants hold any priority rights over the Pennington and Driscoll Claimants

with respect to the Defendant Cryptocurrency.

6. Paragraph 6 is a limitation of the scope of the Crossclaim, to which no response is required. To the extent an answer is required, the Pennington and Driscoll Claimants deny that the 9/11 Claimants hold any priority rights over the Pennington and Driscoll Claimants with respect to the Defendant Cryptocurrency.

7. The Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants admit that the Defendant Cryptocurrency constitutes, on information and belief, blocked assets of Iran or its agency or instrumentality and is therefore subject to attachment and execution under TRIA § 201.

9. The Pennington and Driscoll Claimants admit the allegations in Paragraph 9.

10. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 9 set forth above as though fully set forth herein.

11. Paragraph 11 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 11 confer on the 9/11 Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

12. Paragraph 12 characterizes a statute that speaks for itself, and no response is required.

13. Paragraph 13 characterizes a statute that speaks for itself, and no

response is required.

14. Paragraph 14 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the 9/11 Claimants purported interests are superior to their interests in the Defendant Cryptocurrency.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 15.

16. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 15 set forth above as though fully set forth herein.

17. Paragraph 17 characterizes a statute that speaks for itself, and no response is required.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants deny that the 9/11 Claimants' purported interests are superior to their interests in the Defendant Cryptocurrency and otherwise lack sufficient knowledge to confirm or deny the allegations in Paragraph 19.

20. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 19 set forth above as though fully set forth herein.

21. Paragraph 21 characterizes a statute that speaks for itself, and no response is required.

22. Paragraph 22 contains a legal conclusion to which no response is required.

To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegation.

23. Paragraph 23 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 23 confer on the 9/11 Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

24. Paragraph 24 contains a legal conclusion to which no response is required. To the extent a response is required, the Pennington and Driscoll Claimants deny that any of the allegations in Paragraph 24 confer on the 9/11 Claimants any right, title or interest in the Defendant Cryptocurrency that is superior to the right, title or interest of the Pennington and Driscoll Claimants in the Defendant Cryptocurrency.

25. The Pennington and Driscoll Claimants reincorporate and reallege each and every response to Paragraphs 1 through 24 set forth above as though fully set forth herein.

26. Paragraph 26 contains a legal conclusion to which no response is required. To the extent that a response is required, the Pennington and Driscoll Claimants admit the allegations in Paragraph 26.

27. Paragraph 27 is a request, not an allegation, to which no response is required.

28. Paragraph 28 is a request, not an allegation, to which no response is required.

29. Paragraph 29 is a request, not an allegation, to which no response is required.

30. Paragraph 30 is a request, not an allegation, to which no response is required.

31. Paragraph 31 is a request, not an allegation, to which no response is required.

32. Paragraph 32 is a request, not an allegation, to which no response is required.

33. Paragraph 33 is a request, not an allegation, to which no response is required.

34. Paragraph 34 is a request, not an allegation, to which no response is required.

35. Paragraph 35 is a request, not an allegation, to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

### I. Crossclaims[1] for Priority

The defenses asserted herein are based on the Pennington and Driscoll Claimants' knowledge, information, and belief at this time. The Pennington and Driscoll Claimants specifically reserve the right to assert additional affirmative defenses and other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts alleged in the Crossclaim except as specifically set forth above, and without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of the Crossclaims, the Pennington and Driscoll Claimants assert the following affirmative and other defenses:

1. The Crossclaims fail to state a claim against the Pennington and Driscoll Claimants upon which relief can be granted.

2. Under TRIA, the Pennington and Driscoll Claimants' interests in the Defendant Cryptocurrency are superior to those of any non-TRIA claimant, as well as to other TRIA Claimants who have failed to assert valid claims pursuant to the TRIA, Pub. L. No. 107-297, § 201(a) (2002) (codified at 28 U.S.C. § 1610).

3. The Crossclaims contain no facts sufficient to establish priority for any Claimant over the Pennington and Driscoll Claimants.

---

[1] The Affirmative Defenses asserted in this section apply to all crossclaims filed in this case before September 30, 2026 (ECF Nos. 216, 236, 252, 261, 350, 399, 406, 414, 501).

4. The Pennington and Driscoll Claimants deny all allegations not expressly admitted herein and specifically reserve the right to amend this Answer, to raise additional defenses, crossclaims, and third-party claims not asserted herein as may be warranted by the revelation of information during further proceedings, and to pursue alternative remedies under civil forfeiture law.

**II. Government's Complaint for Forfeiture**

1. The Pennington and Driscoll Claimants possess a legally cognizable statutory interest in the Defendant Cryptocurrency sufficient to confer standing, including priority execution rights under TRIA.

2. The Pennington and Driscoll Claimants. assert statutory execution rights under TRIA § 201, notwithstanding any competing forfeiture claims, that must be preserved and adjudicated prior to any forfeiture or disposition of the Defendant Cryptocurrency.

3. Upon information and belief, and as alleged by the United States, the Defendant Cryptocurrency constitutes blocked assets of a terrorist party or its agency or instrumentality within the meaning of TRIA.

4. Any forfeiture or disposition of the Defendant Cryptocurrency without due process to adjudicate and preserve the Pennington and Driscoll Claimants' asserted statutory interests would violate the Fifth Amendment, including the prohibition on uncompensated takings.

5. TRIA's "notwithstanding" clause supersedes, to the extent of any conflict, the forfeiture statutes relied upon by the United States.

6. To the extent equitable principles are applied, such principles cannot override statutory priority rights conferred by TRIA or constitutional due process protections.

7. To the extent forfeiture is imposed in a manner that operates punitively against the Pennington and Driscoll Claimants' asserted statutory interests, such forfeiture would be constitutionally excessive.

8. Alternatively, any forfeiture or disposition of the Defendant Cryptocurrency must comply with the U.S. Victims of State Sponsored Terrorism Fund statutory scheme, 34 U.S.C. § 20144(e).

9. The Pennington and Driscoll Claimants reserve the right to amend this Answer and to raise additional defenses, crossclaims, and third-party claims not asserted herein as may be warranted by the discovery of information during further proceedings, and to pursue alternative remedies under any and all applicable law.

## CROSSCLAIM FOR PRIORITY

The Pennington and Driscoll Claimants assert the following cross-claims and counterclaims (the "TRIA Claims") against the United States and all other claimants asserting an interest in the Defendant Cryptocurrency who appear in this action. Therein, the Pennington and Driscoll Claimants seek a declaration that, as a matter of New York and federal law, their claims are entitled to priority—in order to facilitate an equitable distribution among all Iran terror victims—over all competing claims for the purpose of execution and attachment, including but not limited to competing forfeiture claims, terrorism judgment creditors, execution creditors, and non-TRIA claimants, and allege as follows:

1. This Court has jurisdiction over the TRIA Claims pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and 1367, and Supplemental Rule G.

2. Venue is proper in this District because the TRIA Claims are ancillary to, and arise from, the same proceeding pending before this Court.

3. The Pennington and Driscoll Claimants are judgment creditors of the Islamic Republic of Iran, holding final, unsatisfied judgments for damages arising from acts of state-sponsored terrorism.

4. The defendants to the TRIA Claims include the United States and all other parties who assert any legal, equitable, possessory, property, or contingent interest in the Defendant Cryptocurrency.

5. The TRIA Claims are asserted for the limited purpose of preserving the Pennington and Driscoll Claimants' priority rights in order to facilitate an equitable distribution among all Iran terror victims and do not seek adjudication of priority until the universe of legally permissible claimants in this action is established.

6. Through the TRIA Claims, the Pennington and Driscoll Claimants, do not assert any cause of action against the United States, or any foreign sovereign, other than execution against blocked assets as specifically permitted and authorized by TRIA, as set forth herein.

7. The Pennington and Driscoll Claimants have filed a Verified Claim in this action. The Pennington Claimants have filed a motion for judicial authorization under 28 U.S.C. § 1610(c) to execute on their judgments and the Driscoll Claimants are in the process of confirming that all steps have been taken to effectuate service for judicial authorization under 28 U.S.C. § 1610(c).

8. The Defendant Cryptocurrency constitutes blocked assets of Iran and/or its agency or instrumentality, and is therefore subject to execution and attachment by the Pennington and Driscoll Claimants pursuant to TRIA § 201.

9. Multiple parties now assert competing interests in the Defendant Cryptocurrency, including the United States, other terrorism judgment creditors, and non-TRIA claimants.

**FIRST COUNT**

**(Priority under CPLR 5234 – Executions, as modified by CPLR 5240)**

10. The Pennington and Driscoll Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

11. Federal courts routinely apply state execution priority rules, including, but not limited to, CPLR 5234, in aid of federal execution proceedings.

12. CPLR 5234(b) establishes a priority regime among judgment creditors executing on the same property, keyed to the time of delivery of execution, levy, and related enforcement steps as modified by CPLR 5240 that authorizes a "court . . . at any time" to "make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."

13. Under CPLR 5234(c), where executions are returned unsatisfied or partially satisfied, priority is preserved for creditors who first perfect execution rights as modified by CPLR 5240 that authorizes a "court . . . at any time" to "make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."

14. The Pennington and Driscoll Claimants have priority over competing judgment creditors under CPLR 5234, as modified by CPLR 5240, in order to facilitate an equitable distribution among all Iran terror victims.

15. The Pennington and Driscoll Claimants have acted diligently and in good faith to: (i) pursue authorization orders under 28 U.S.C. § 1610(c); (ii) assert their claims in this action; and (iii) pursue execution against the Defendant Cryptocurrency.

**SECOND COUNT**

**(Priority under CPLR Article 62 – Attachment, as modified by CPLR 5240)**

16. The Pennington and Driscoll Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

17. CPLR Article 62 governs prejudgment and post-judgment attachment and establishes priority based on the timing of attachment orders, levy, and perfection as modified by CPLR 5240 that authorizes a "court . . . at any time" to "make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure."

18. The Pennington and Driscoll Claimants' attachment rights arise from final judgments, New York law, statutory authorization under TRIA, and judicial permission under FSIA § 1610(c).

19. The Pennington and Driscoll Claimants have priority over competing judgment creditors under CPLR 5234, as modified by CPLR 5240, in order to facilitate an equitable distribution among all Iran terror victims.

**THIRD COUNT**

**(Priority under TRIA § 201)**

20. The Pennington and Driscoll Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

21. TRIA § 201(a) provides that, "[n]otwithstanding any other provision of law," blocked assets of a terrorist party or its agency or instrumentality shall be subject to execution by holders of terrorism judgments.

22. TRIA's "notwithstanding" clause preempts inconsistent state and federal law, overrides competing claims not grounded in TRIA, and elevates qualifying terrorism judgment creditors over all non-TRIA claimants.

23. Federal courts have consistently recognized that TRIA creates a priority execution regime favoring holders of terrorism judgments over competing non-TRIA claimants.

24. Accordingly, even if competing claimants satisfy federal forfeiture and/or state-law execution or attachment requirements, their claims are subordinate to the Pennington and Driscoll Claimants' TRIA Claims.

**FOURTH COUNT**

**(Declaratory Relief)**

25. The Pennington and Driscoll Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

26. An actual and justiciable controversy exists concerning the relative priority of the parties' interests in the Defendant Cryptocurrency.

27. The Pennington and Driscoll Claimants seek a declaration that: (i) they hold priority rights for execution and attachment purposes in order to facilitate an equitable distribution among all Iran terror victims; (ii) any competing executions and/or attachments are subordinate to their TRIA Claims; and (iii) any distribution of the Defendant Cryptocurrency must respect that priority.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b) and Rule G(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Pennington and Driscoll Claimants demand a trial by jury on all issues so triable.

**PRAYER FOR RELEF**

WHEREFORE, the Pennington and Driscoll Claimants respectfully request that the Court:

28. Order that judgment be entered in their favor and against Plaintiff and all other claimants in this action.

29. Order that the Defendant Cryptocurrency be released from Plaintiff's custody and returned to the Pennington and Driscoll Claimants.

30. Declare the Pennington and Driscoll Claimants' interests have priority over other parties for execution and attachment purposes under CPLR 5234, CPLR Article 62, CPLR 5240, TRIA § 201, FSIA § 1610, and all other applicable laws, in order to facilitate an equitable distribution among all Iran terror victims.

31. Declare that any competing executions, attachments, liens, or asserted interests are subordinate to the Pennington and Driscoll Claimants' rights for execution and attachment purposes.

32. Order that the Defendant Cryptocurrency be preserved and maintained subject to the Court's jurisdiction, and that no distribution or disposition affecting the priority of claimants occur unless and until the Pennington and Driscoll Claimants' asserted statutory rights are adjudicated.

33. In the alternative, and only if the Court determines that the Defendant Cryptocurrency, or any portion thereof, is not lawfully subject to execution and attachment by the Pennington and Driscoll Claimants, the Court should declare that any forfeiture, remission, or other disposition of such assets must be deposited into the United States Victims of State Sponsored Terrorism Fund pursuant to the statutory scheme set forth in 34 U.S.C. § 20144(e), and that no disposition inconsistent with that statutory framework may occur.

34. Order that the Pennington and Driscoll Claimants be awarded attorneys' fees and the costs of suit.

35. Grant the Pennington and Driscoll Claimants such other and further relief as the Court deems just and proper.

*/s/ Celeste Evangelisti*
Celeste Evangelisti
Russell Budd
Dan Alberstone
Mike Thakur
Marco A. Palmieri
Baron & Budd, P.C.
3102 Oak Lawn Avenue #1100
Dallas, TX 75219
(214) 521-3605 telephone
cevangelisti@baronbudd.com
rbudd@baronbudd.com
dalberstone@baronbudd.com
mthakur@baronbudd.com
mpalmieri@baronbudd.com

THE DRISCOLL FIRM, P.C.
Paul W. Johnson (*pro hac vice* forthcoming)
Christopher J. Quinn (*pro hac vice* forthcoming)
211 N. Broadway, 40th Floor
St. Louis, MO 63102
(314) 932-3232 telephone
(314) 932-3233 facsimile
paul@thedriscollfirm.com
chris@thedriscollfirm.com

THE DRISCOLL FIRM, LLC
John J. Driscoll (*pro hac vice* forthcoming)
1311 Avenida Juan Ponce de Leon, 6th Floor
San Juan, PR 00907
(314) 222-2605 telephone
(314) 932-3233 facsimile
john@jjlegal.com

Cc: Counsel of record (via ECF)