**ANDERSON KILL P.C.**

7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212.278.1000 / www.andersonkill.com

Jerry S. Goldman
Jgoldman@andersonkill.com
212.278.1569

*VIA ECF* November 5, 2026

The Honorable Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Approximately 127,271 Bitcoin*, 25 Civ. 5745 (RPK)(CHK)

Dear Judge Kaminsky:

We write on behalf of the 9/11 Claimants[1] to respond to the letter motion dated October 26, 2026 (ECF 671) submitted by the Chen Zhi and Prince Group Claimants proposing modifications to the Protective Order herein. As detailed below, the proposed modifications are, in our view, generally acceptable, but require some adjustments. We will respond to the five modifications proposed in the October 26 letter motion in the order in which they appear there. (ECF 671 at pp. 3-4.)

Proposed Modification 1, entitled "Limiting foreign and government disclosures to the United States (section ¶ 5(b))," is acceptable. The 9/11 Claimants have no desire to share Confidential Discovery Material with any foreign government.

Proposed Modification 2, entitled "Restriction to this action (¶ 7(a))," is acceptable to the 9/11 Claimants, except that we respectfully submit that Confidential Discovery Material from this case should also be available for use in the closely related *Fritz* turnover case entitled *Fritz v. Iran and China Investment Development Group*, No. 1:25-cv-07093 (RPK), in which the 9/11 Claimants have recently been permitted to intervene as additional plaintiffs. There is a substantial overlap in the issues presented in this case and in the *Fritz* case. It therefore appears likely that many items in the Confidential Discovery Material in this case will be relevant and useful to the Court when resolving issues in the *Fritz* case. Moreover, almost all the parties to the *Fritz* case are also parties to this forfeiture proceeding, so that allowing the use of

[1] The 9/11 Claimants consist of approximately 12,100 family members and estates of people killed in the September 11, 2001 attacks on the United States and persons who suffered serious physical injuries in those attacks, and include the *O'Neill* Claimants (represented by Anderson Kill P.C.), the *Ashton* Claimants (represented by Kreindler & Kreindler LLP), the *Burnett* Claimants (represented by Motley Rice LLC), and the *Ashton-Burlingame* Claimants (represented by Speiser Krause, P.C.). The 9/11 Claimants make up approximately 95 percent of the death and serious physical injury plaintiffs in the Multi District Litigation pending in the Southern District of New York entitled *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(SN). Collectively, the 9/11 Claimants hold approximately $94 billion in judgments against Iran.

Confidential Discovery Material from this case in the *Fritz* case will not materially expand the number of parties with access to the Confidential Discovery Material.

Proposed Modification 3, entitled "Prohibit experts from retaining material (¶ 7(c))," is acceptable to the 9/11 Claimants, but should be clarified. We believe that the intent of this provision is to prohibit experts from retaining Confidential Discovery Material after this litigation has concluded. The Protective Order should state that proposition expressly. Otherwise, it might be contended that this provision operates to prohibit experts from using copies of Confidential Discovery Material when preparing their reports, and would limit experts to viewing Confidential Discovery Material at the office of the attorneys that those experts work with and then attempting to memorize the contents of that Material.

Proposed Modification 4, entitled "Treating material as attorneys-eyes-only for creditor claimants (¶ 7(d))," presents two problems—one a matter of form, and one a matter of substance.

As to form, we believe that the revised proposed Protective Order is intended to permit counsel for represented creditor Claimants to have access to Confidential Discovery Material, subject to an attorneys' eyes only (or "AEO") restriction (and to certain other restrictions set forth in the Order).

However, the proposed modified Protective Order as drafted does not expressly and affirmatively state that proposition. Instead, the proposed modified Protective Order (at Paragraph 4(d)) speaks only of a restriction on access for represented claimants. This could create confusion by suggesting through negative implication that there shall be no access for *counsel* for a represented Claimant. Accordingly, we respectfully submit that language affirmatively stating that counsel for represented Claimants shall have access to Confidential Discovery Material (subject to all the restrictions enumerated in the Order) should be added to Paragraph 4(d) in order to make this point crystal clear.

As to substance, under the proposed modified Protective Order it appears that unrepresented creditor Claimants (that is, *pro se* creditor Claimants) would have access to Confidential Discovery Material, but that pursuant to Paragraph 4(d) represented creditor Claimants would not. We submit that represented creditor Claimants should have substantially the same right of access as *pro se* creditor Claimants.

More importantly, it is not at all clear that the government and the Chen Zhi and Prince Group Claimants have fully met their burden to demonstrate good cause before restricting disclosure to counsel alone. *See Form Portfolios LLC v. Food 52, Inc.*, No. 24 CV 7690 (NCM)(CLP), 2025 WL 3120481 (E.D.N.Y. Nov. 7, 2025). Nor has any valid reason been presented to suppose that the creditor Claimants are more likely to disseminate or misuse Confidential Discovery Material than any other Claimants or class of Claimants.

On the other hand, we recognize that—in part because there is now a much larger number of represented creditor Claimants participating in this case—some measures should be taken to

make sure that such represented creditor Claimants do not disseminate or otherwise misuse Confidential Discovery Material.

We agree with the *Breitweiser* Claimants (*see* ECF 672 at 2) that the safeguards already built into the existing Protective Order—namely, that represented Claimants may review Confidential Discovery Material only under the supervision of counsel and cannot copy or retain such Material—are adequate to meet these concerns. There is no good cause demonstrated for a more sweeping AEO restriction for all represented creditor Claimants.

*If* the Court nevertheless finds that additional safeguards are necessary, then the 9/11 Claimants respectfully submit that at most they should consist of a requirement in the Protective Order that a represented Claimant can review Confidential Discovery Material only at the offices of their attorney (*i.e.*, not by videoconference), and only on the further condition that said represented Claimant must acknowledge beforehand in writing that he or she will not reveal or disseminate the contents of such Material, nor use it for any purpose outside this litigation. While such a further safeguard is not, in the 9/11 Claimants' view, strictly necessarily, the 9/11 Claimants would accept such an additional safeguard as a reasonable compromise.

Finally, Proposed Modification 5, entitled "Expanding notification for overseas witnesses receiving confidential material (¶ 7(f))," is acceptable to the 9/11 Claimants.

We thank the Court for its attention to this matter.

Respectfully submitted,

**ANDERSON KILL P.C.**
By: */s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Hon. Ethan Greenberg (Ret.)
7 Times Square, 15th Floor
New York, NY 10036
Tel.: (212) 278-1000
jgoldman@andersonkill.com
egreenberg@andersonkill.com
*Attorneys for O'Neill 9/11 Claimants*

**KREINDLER & KREINDLER LLP**
By: */s/ Megan Wolfe Benett*
Megan Wolfe Benett, Esq.
Justin Green, Esq.
485 Lexington Ave
New York, NY 10017
Tel.: (212) 973-3438
mbenett@kreindler.com

jgreen@kreindler.com
*Attorneys for Ashton 9/11 Claimants*

**MOTLEY RICE LLC**
By: */s/ John M. Eubanks*
John M. Eubanks, Esq.
John C. Duane, Esq.
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
jeubanks@motleyrice.com
jduane@motleyrice.com
Tel.: (843) 216-9218
*Attorneys for Burnett 9/11 Claimants*

**SPEISER KRAUSE, P.C.**
By: */s/ Jeanne M. O'Grady*
Jeanne M. O'Grady, Esq.
Matthew J. Mailloux, Esq.
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
jog@speiserkrause.com
mjm@speiserkrause.com
Tel.: (914) 220-5333
*Attorneys for Ashton-Burlingame 9/11 Claimants*