AMBUSH

JOSHUA M. AMBUSH, LLC | 106 OLD COURT RD | SUITE 303 | BALTIMORE, MD 21208 | USA
O: 410.484.2070 | WWW.AMBUSHLAW.COM

November 6, 2026

VIA ECF

The Honorable Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: No. 1:25-cv-5745 (RPK) (CHK), United States v. Approximately 127,271 Bitcoin Etc. – Response to Letter Motion to Amend Protective Order (ECF 671)**

Dear Judge Kaminsky:

We represent the Ambush Claimants, judgment creditors of the Islamic Republic of Iran, other than the six claimants as to whom the Court granted our motion to withdraw as counsel. (ECF 188; ECF 592; Order dated Oct. 23, 2026, as amended Oct. 27, 2026.) Pursuant to the Court's October 27, 2026 Order, we write in partial opposition to the letter motion of Claimants Chen Zhi and Prince Holding Group to amend the Protective Order (ECF 671). The Ambush Claimants join the opposition of the Breitweiser Claimants (ECF 672) as to proposed paragraphs 7(d) and 7(f), for the reasons stated there and the additional reasons below.

**Paragraph 7(d).** The proposed amendment would bar claimants who appear in this action as judgment creditors from reviewing Confidential Discovery Material absent a further order of the Court, while other represented claimants would keep their existing right to review it under the Protective Order's safeguards. ECF 671 specifically identifies the Ambush Claimants among the judgment-creditor groups to which this restriction would apply (ECF 671 at 2 n.3, 4). When the Court entered the Protective Order, it extended the order to every claimant that signs it, including claimants later permitted to file out of time, because discovery papers must be served on every party and allowing each party to join "will enable those parties to evaluate competing claims." (ECF 404 at 4.) Proposed paragraph 7(d) would deny that opportunity to one class of claimants. The proposed distinction rests solely on the nature of the claim asserted, not on any showing that these claimants have misused, or are likely to misuse, Confidential Discovery Material. Nor has any showing been made that the Protective Order's existing safeguards have proven inadequate. A represented claimant may review the material only in the presence of counsel or counsel's staff or through an electronic discovery or videoconferencing platform, may not download, print, or photograph it, and may not possess any copy of it. (ECF 405 ¶ 7(d).) The motion's concern about policing compliance (ECF 671 at 3–4) likewise does not justify the restriction as to the Ambush Claimants. Each is identified by name in our verified claim (ECF 188-3). After giving the notice paragraph 13 requires, the Ambush Claimants agreed, through counsel, to be bound by the Protective Order and submitted to this Court's jurisdiction to enforce it. (ECF 679-1.) The restriction would also prevent counsel from discussing the substance of the material with their own clients, impairing counsel's ability to advise them on the matters the material bears upon, including

the Government's forthcoming motion to strike. And the proposed case-by-case request procedure would shift the burden to judgment creditors to seek leave for access that the Protective Order already provides, inviting further motion practice. To the extent the Court adopts any version of paragraph 7(d), the Ambush Claimants join the 9/11 Claimants' request that the order state expressly that counsel for represented claimants have access to Confidential Discovery Material. (ECF 678 at 2.)

**Paragraph 7(f).** The proposed amendment would require advance notice to the Producing Party before Confidential Discovery Material is shown to a potential witness or expert located abroad. As proposed, it sets no deadline for the Producing Party to object, no requirement that an objection state specific grounds, and, although the parties may seek the Court's intervention, no time frame for resolving a dispute. Without those limits, the notice requirement could delay a party's preparation indefinitely and would disclose the identity of its witnesses and experts to an adverse claimant. To the extent the Court adopts any notice requirement, the Ambush Claimants join the Breitweiser Claimants' request that it include a reasonable deadline for objections, a requirement that objections state specific grounds, and prompt submission of any unresolved dispute to the Court. (ECF 672 at 4.)

The Ambush Claimants take no position on the remaining proposed amendments.

Accordingly, the Ambush Claimants respectfully request that the Court deny the proposed amendment to paragraph 7(d), and that any notice requirement adopted under paragraph 7(f) include the limits described above.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Joshua M. Ambush
Joshua M. Ambush, Esq.
Law Offices of Joshua M. Ambush, LLC
106 Old Court Road, Suite 303
Baltimore, Maryland 21208
Phone: (410) 484-2070
Email: jambush@ambushlaw.com
Counsel for the Ambush Claimants

CC: Counsel of Record (via ECF)
Connie Wilson, Corneliu Hristovschi, and Ravi Anand, pro se (via first-class mail)