**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants in rem. | Civil Action No. 25-5745 (RPK) |

**CHAIRNOFF CLAIMANTS' OMNIBUS ANSWER TO HENKIN CLAIMANTS' PURPORTED CROSS-CLAIMS FOR PRIORITY**

Pursuant to Rule 12 and Supplemental Rule G of the Federal Rules of Civil Procedure, the Chairnoff Claimants, as previously listed and named in ECF Doc. No. 56-3, hereby answer through their undersigned counsel the purported Cross-Claims included in the Henkin Claimants' Supplemental Answers to the Cross-Claims of the WMJH Claimants (ECF Doc. No. 620), the Hirshfeld-Mark Claimants (ECF Doc No. 619), the self-described Iranian Terrorism Victim Claimants (ECF Doc. No. 618), the IBHLAW Claimants (ECF Doc. No. 617), the DeBenedetto-Encinas Claimants (ECF Doc. No. 616), the Aceto Claimants (ECF Doc. No. 615), and the self-described 9-11 Claimants (ECF Doc. No. 614) as follows, on personal knowledge as to their own acts and on information and belief as to all other matters:

1. Paragraph 2 is a legal conclusion to which no response is required.

2. Paragraph 3 is a legal conclusion to which no response is required.

3. Paragraph 4 is a legal conclusion to which no response is required.

4. Paragraph 5 is a legal conclusion to which no response is required, except that the

Chairnoff Claimants deny that the Henkin Claimants have any "priority rights" to the Defendant Property superior to the Chairnoff Claimants' rights, and lack knowledge sufficient to admit or deny whether the Henkin Claimants have "priority rights" superior to those of anyone else.

5. Paragraph 6 is a legal conclusion to which no response is required.

6. The Chairnoff Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 7.

7. Paragraph 8 is a legal conclusion to which no response is required, except that the Chairnoff Claimants admit that the Defendant Property includes blocked assets of Iran and/or its agencies or instrumentalities.

8. The Chairnoff Claimants admit the allegations of Paragraph 9.

**COUNT I**

**(Priority Under CPLR 5234—Executions, as modified by CPLR 5240)**

9. In response to Paragraph 10, the Chairnoff Claimants incorporate and reallege each and every response to Paragraphs 1 through 9 set forth above as though set forth in full here.

10. Paragraph 11 is a legal conclusion to which no response is required.

11. Paragraph 12 is a legal conclusion to which no response is required.

12. Paragraph 13 is a legal conclusion to which no response is required.

13. Paragraph 14 is a legal conclusion to which no response is required, except that the Chairnoff Claimants deny that the Henkin Claimants have priority over the Chairnoff Claimants, and lack knowledge sufficient to admit or deny whether the Henkin Claimants have priority over anyone else.

14. The Chairnoff Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 15.

**COUNT II**

**(Priority Under CPLR Article 62 - Attachment, as modified by CPLR 5240)**

15. In response to Paragraph 16, the Chairnoff Claimants incorporate and reallege each and every response to Paragraphs 1 through 15 set forth above as though set forth in full here.

16. Paragraph 17 is a legal conclusion to which no response is required.

17. The Chairnoff Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 18.

18. Paragraph 19 is a legal conclusion to which no response is required, except that the Chairnoff Claimants deny that the Henkin Claimants have priority over the Chairnoff Claimants, and lack knowledge sufficient to admit or deny whether the Henkin Claimants have priority over anyone else.

**COUNT III**

**(Priority Under TRIA § 201)**

19. In response to Paragraph 20, the Chairnoff Claimants incorporate and reallege each and every response to Paragraphs 1 through 19 set forth above as though set forth in full here.

20. The Chairnoff Claimants admit the allegations of Paragraph 21.

21. The Chairnoff Claimants admit the allegations of Paragraph 22.

22. Paragraph 23 is a legal conclusion to which no response is required.

23. The Chairnoff Claimants deny that the Henkin Claimants' rights, if any, to the Defendant Property have any priority over the Chairnoff Claimants' rights to the same assets.

## COUNT IV

**(Declaratory Relief)**

24. In response to Paragraph 25, the Chairnoff Claimants incorporate and reallege each and every response to Paragraphs 1 through 24 set forth above as though set forth in full here.

25. The Chairnoff Claimants admit the allegations of Paragraph 26, but deny that ad hoc cross-claims for declaratory relief brought by individual claimant groups are the appropriate or superior method for resolving such controversies under the present circumstances.

26. The Chairnoff Claimants deny that the Henkin Claimants' rights, if any, to the Defendant Property have any priority over the Chairnoff Claimants' rights to the same assets.

## DEFENSES

The Chairnoff Claimants expressly reserve all other potential responses and defenses (without conceding that they bear the burden on any of them) to these purported Cross-Claims, including without limitation that they were improperly asserted in the Henkin Claimants' Answers to Cross-Claims and without obtaining prior leave of the Court, that they fail to state a claim, are premature or otherwise nonjusticiable, that the Henkin Claimants lack standing, and that the purported Cross-Claims are barred in whole or in part by waiver, estoppel, unclean hands, or any other relevant equitable doctrine.

WHEREFORE, the Chairnoff Claimants respectfully request that the purported Cross-Claims of the Henkin Claimants asserted in ECF Doc. Nos. 614-620 be dismissed as procedurally improper, or denied in their entirety to the extent they seek any priority over the claims of the Chairnoff Claimants to the Defendant Assets, and furthermore denied in their entirety as inconsistent with a sensible, fair and efficient process for this Court to evaluate and adjudicate the numerous competing claims to the Defendant Assets that have been brought.

**JURY DEMAND**

The Chairnoff Claimants demand a trial by jury on all issues triable by jury.

Dated: November 6, 2026

Respectfully submitted,

By: /s/ James P. Bonner

James P. Bonner
**FLEISCHMAN BONNER & ROCCO LLP**
445 Hamilton Ave., Suite 102
White Plains, NY 10601
Telephone: (646) 415-1399
jbonner@fbrllp.com

*Attorneys for the Chairnoff Claimants*