# Mitchell Allyn Ltd.

+1 702-350-1208 | dmitchell@mitchellallyn.com


November 6, 2026

The Honorable Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Approximately 127,271 Bitcoin, 25-cv-5745-RPK-CHK*
*Havlish Claimants' Response to Chen's Motion to Amend Protective Order*

Dear Judge Kaminsky:

We write on behalf of the *Havlish* Claimants in response to the letter motion filed by Claimants Chen Zhi and Prince Holding Group asking for certain amendments to the protective order being contemplated for use in this forfeiture action. A number of claimant groups have submitted objections to certain of the amendments Chen Zhi and Prince Holding have proposed. Those groups have also set forth their reasons for opposing the proposed modifications. Rather than merely duplicating their reasoning or just joining their filings, the *Havlish* Plaintiffs propose specific modifications to Chen Zhi's and Prince Holding's proposed amendments to Paragraphs 7(a), 7(c), and 7(d).

The *Havlish* Claimants' proposed modifications are set forth in redline below. We have made the redlines after first accepting all of Chen's and Prince Holdings' proposed amendments to identified paragraph. Therefore, the redlines constitute the *Havlish* Plaintiffs' proposed language for those paragraphs.

For reasons explained by various Claimant Groups, the *Havlish* Plaintiffs propose amending Paragraph 7(a) to provide:

> Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action and civil judgment enforcement actions pending in this district against the 127,271 Bitcoin identified in the United States' forfeiture complaint, with the exception of the United States, which may use such Discovery Material for federal law enforce ment or for the official business of the U.S. government, including in connection with any criminal investigation or prosecution, and shall not be disclosed to any person who is not a Qualified Recipient. Nothing herein prevents disclosure beyond the terms of this Protective Order if the Party claiming confidentiality consents in writing to such disclosure. For avoidance of doubt, the following civil judgment enforcement actions pending in this district are related to the 127,271 Bitcoin identified in the United

> States' forfeiture complaint: (i) *Fritz, et al. v. Iran and China Investment Development Group d/b/a Lubian.com*, Case No. 1:25-cv-07093-RPK (E.D.N.Y.) and (ii) *Fiona Havlish as Personal Representative of the Estate of Donald G. Havlish, Jr., et al. v. United States*, 1:26-cv-3555-RPK-LKE (E.D.N.Y.).

For reasons explained by various Claimant Groups, the *Havlish* Plaintiffs propose amending Paragraph 7(c) to provide:

> No Party shall allow a potential witness, including any potential ~~and/or retained~~ expert witness, or a potential witness's counsel to retain Confidential Discovery Materials, other than attorney work product based on Confidential Discovery Materials, which work product shall not be disclosed, disseminated or discussed publicly or with any person not entitled to view the Confidential Discovery Materials under this Protective Order, and may be retained only by a potential witness. A Party may allow its retained expert witness to retain Confidential Discovery Materials until the earlier of (i) the final termination of this action or (ii) the final termination of the Party who retained the expert witness. Upon either occurrence, a Party's retained expert witness will be bound by the obligations contained in Paragraph 11 of this Protective Order. The Party who retained the expert shall be responsible for ensuring their expert witness complies with Paragraph 11.

For reasons explained by various Claimant Groups, the *Havlish* Plaintiffs propose amending Paragraph 7(f) to provide:

> If any claimant Party seeks to share Confidential Discovery Material obtained from any Producing Party with a potential witness, including any potential expert, who is located abroad ("International Person"), the claimant Party will first provide notice to the Producing Party, or in the case of the United States, to government counsel and/or Firewall Counsel, that the International Person seeks to review Confidential Discovery Material, and counsel for the Producing Party, and counsel for the claimant Party will confer to devise a means for the International Person to review Confidential Discovery Material outside the United States in the presence of Party counsel and any counsel for the International Person. Such disclosure may only be made if the International Person and his/her counsel have been provided with and signed Attachment A to this Protective Order and have provided the signed Attachment A to the Producing Party, or in the case of the United States, to Firewall Counsel. The Producing Party and the Party's counsel may seek intervention from the Court should the parties be unable to reach an agreement. In no case, however, may counsel or its staff allow an International Person or his/her lawyer reviewing the Confidential Discovery Material outside the United States to retain the Confidential Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Confidential Discovery Material, except to the extent necessary to review the Confidential Discovery Material in the presence of the Party's counsel

and the International Person's counsel and transport such work product back to the United States. This Paragraph 7(f) shall not apply to a retained expert witness.

The *Havlish* Claimants do not object to any other amendment proposed by Chen Zhi and Prince Holdings.

Thank you for your consideration of the *Havlish* Claimants' proposed amendments to the Protective Order.

Sincerely,

Douglass A. Mitchell
MITCHELL ALLYN, LTD.
(NV Bar No. 3775)
*Appearing Pro Hac Vice*

*Attorney for the Havlish Claimants*