**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-against-<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants *In Rem*. | No. 25-cv-5745 (RPK) (CHK) |

**SWINNEY CLAIMANTS' ANSWER TO VERIFIED COMPLAINT *IN REM***

Pursuant to Supplemental Rule G(5)(b) and Rule 8 of the Federal Rules of Civil Procedure, the claimants identified in the Verified Claim of the Swinney Judgment Creditors (ECF No. 594) (the "Swinney Claimants") answer the Verified Complaint *In Rem* (ECF No. 1) (the "Complaint") filed by the United States (the "Government") as follows. Unless otherwise stated, capitalized terms have the meanings given in the Complaint. This Answer is filed within the time provided by Supplemental Rule G(5)(b) following the Swinney Claimants' Verified Claim (ECF No. 594). To the extent ECF No. 242 is deemed operative, the Swinney Claimants request that this Answer be treated as replacing it, and seek consent or leave under Rule 15(a)(2) only to the extent required. This Answer does not amend or withdraw the Swinney Claimants' Consolidated Answer to Crossclaims (ECF No. 661).

Except as expressly admitted, the allegations are denied. A statement that the Claimants lack knowledge or information sufficient to form a belief is a denial under Rule 8(b)(5). To the

extent an allegation states a legal conclusion or quotes a statute or document, the cited authority speaks for itself; insofar as a response is required, any inconsistent characterization is denied.

## NATURE OF THE ACTION

1. Admitted that this is an *in rem* forfeiture action concerning the Defendant Cryptocurrency identified in ECF No. 1. Denied that the Defendant Cryptocurrency should be forfeited and condemned to the use and benefit of the United States. By operation of the Terrorism Risk Insurance Act of 2002 ("TRIA"), 28 U.S.C. § 1610 note, the Swinney Claimants, as judgment creditors of the Islamic Republic of Iran ("Iran"), hold an interest in the Defendant Cryptocurrency superior to the claims of the Government and of all non-TRIA claimants.

2. The cited laws speak for themselves. Denied that any of them confers on the United States a right, title, or interest in the Defendant Cryptocurrency superior to the interest of the Swinney Claimants.

## JURISDICTION AND VENUE

3. Admitted that this Court has jurisdiction over the underlying civil forfeiture action under 28 U.S.C. §§ 1345 and 1355. No admission is made concerning the merits of forfeiture or relative entitlement to the *res*.

4. Lack knowledge or information sufficient to form a belief as to all alleged venue-related conduct and situs facts; therefore denied to that extent.

## THE DEFENDANTS *IN REM*

5. Admitted that the Complaint identifies approximately 127,271 BTC and traceable proceeds as the Defendant Cryptocurrency. Denied that the Defendant Cryptocurrency is the property of the United States, or that the filing of the Complaint establishes ownership or

superior title in the United States. Upon information and belief, the Defendant Cryptocurrency is the property of the Iran and China Investment Development Group ("Iran-China Group"), doing business as LuBian, which is an agency or instrumentality of Iran or, in the alternative, of the Islamic Revolutionary Guard Corps ("IRGC"). The Swinney Claimants hold an interest in the Defendant Cryptocurrency under TRIA that is superior to the interest of the United States.

6. Admitted that the Defendant Cryptocurrency is in the custody of the United States.

**RELEVANT STATUTES AND REGULATIONS**

7. This paragraph describes or quotes statutory provisions. The authorities speak for themselves; any inconsistent characterization is denied.

8. This paragraph describes or quotes statutory provisions. The authorities speak for themselves; any inconsistent characterization is denied.

9. This paragraph describes or quotes statutory provisions. The authorities speak for themselves; any inconsistent characterization is denied.

10. This paragraph describes or quotes statutory provisions. The authorities speak for themselves; any inconsistent characterization is denied.

11. This paragraph describes or quotes statutory provisions. The authorities speak for themselves; any inconsistent characterization is denied.

12. This paragraph describes or quotes statutory provisions. The authorities speak for themselves; any inconsistent characterization is denied.

13. The forfeiture statutes speak for themselves. Denied that the Defendant Cryptocurrency is subject to forfeiture to the United States. By operation of TRIA, the Swinney

Claimants hold an interest in the Defendant Cryptocurrency superior to the claims of the Government and of all non-TRIA claimants.

14. The forfeiture statutes speak for themselves. Denied that the Defendant Cryptocurrency is subject to forfeiture to the United States. By operation of TRIA, the Swinney Claimants hold an interest in the Defendant Cryptocurrency superior to the claims of the Government and of all non-TRIA claimants.

## FACTUAL ALLEGATIONS

15. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

16. Admitted that the Government describes a mining business known as LuBian and identifies mining activity in Iran. The Swinney Claimants lack sufficient knowledge to admit the remaining particulars of subparagraphs (a)–(y). Denied insofar as the Complaint characterizes LuBian exclusively as a Chinese operation without recognizing the asserted Iran-China Group / Rafsanjan connection.

17. Admitted as to subparagraphs (d)–(l). The Claimants lack knowledge or information sufficient to admit or deny subparagraphs (a)–(c) and any other disputed allegations.

18. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

19. The referenced document speaks for itself. The Claimants lack knowledge or information sufficient to form a belief about any remaining factual allegations and deny them.

20. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

21. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

22. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

23. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

24. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

25. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

26. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

27. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

28. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

29. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

30. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

31. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

32. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

33. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

34. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

35. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

36. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

37. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

38. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

39. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

40. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

41. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

42. Admitted only that the Complaint describes substantial LuBian mining activity, including production of newly mined bitcoin. Denied insofar as the Complaint is read to exclude the possibility that Iran-China Group mining operations in Rafsanjan produced Bitcoin or that Iran or its agencies or instrumentalities held an interest in the relevant property. The extent to which mined Bitcoin is traceable to the *res* is a disputed question of fact.

43. Denied that the Defendant Cryptocurrency was stored in wallets personally controlled by Chen Zhi ("Chen"). Upon information and belief, the wallets were controlled by the Iran-China Group. The Claimants lack knowledge sufficient to admit or deny the remaining allegations of this paragraph, including footnote 5, and therefore deny them.

44. Admitted that the Complaint identifies addresses and quantities for the Defendant Cryptocurrency. Denied that the addresses were controlled and personally tracked by Chen, and denied that the Defendant Cryptocurrency is solely Chen's personal property or exclusively the proceeds of the alleged fraud. Upon information and belief, the wallets were controlled by the Iran-China Group, and Bitcoin mined by the Iran-China Group is traceable into the Defendant Cryptocurrency; the quantity and tracing methodology require proof. The Claimants deny, for lack of knowledge, the accuracy and completeness of the associated table and the remaining allegations of this paragraph, including footnotes 6 and 7.

45. Admitted that the Complaint identifies funding from cryptocurrency mining, including addresses associated with LuBian. The Claimants lack knowledge sufficient to admit the remainder and deny it.

46. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

47. Admitted that the Complaint associates certain identified cluster addresses with LuBian mining activity. Denied insofar as the Complaint conclusively attributes every relevant cluster solely to Chen or Prince Holding Group ("Prince Group"). The Claimants lack knowledge as to the remaining allegations, subparagraphs, and footnotes and deny them.

48. Denied insofar as all Defendant Cryptocurrency is alleged to be the exclusive output of criminal disaggregation and funneling rather than, in part, newly mined Bitcoin from LuBian-associated operations. Otherwise denied for lack of knowledge.

49. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

50. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

51. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

52. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

53. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

54. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

55. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

56. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

57. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the allegations of this paragraph and therefore deny them, including any subparagraphs or footnotes, except to the extent otherwise expressly admitted herein.

58. Admitted that the Defendant Cryptocurrency is in the custody of the United States. The Claimants lack knowledge sufficient to admit or deny the remainder of this paragraph and therefore deny it.

59. Admitted that the Complaint reports Chen's indictment and OFAC's October 14, 2025 designation of the Prince Group Transnational Criminal Organization and certain affiliates, and a block on the designees' property. The indictment and OFAC measures speak for themselves. Denied that the Defendant Cryptocurrency is property of any designee rather than of

the Iran-China Group, and denied that those measures extinguish or subordinate the Swinney Claimants' interest in the Defendant Cryptocurrency under TRIA.

**FIRST CLAIM FOR RELIEF — PROCEEDS TRACEABLE TO WIRE FRAUD**

60. The responses to paragraphs 1–59 are incorporated as if fully set forth.

61. The cited forfeiture provisions speak for themselves; any legal characterization inconsistent with them is denied.

62. Denied. The Defendant Cryptocurrency is not subject to forfeiture to the extent of the Swinney Claimants' interest, which by operation of TRIA is superior to the claims of the Government and of all non-TRIA claimants.

**SECOND CLAIM FOR RELIEF — PROPERTY INVOLVED IN MONEY LAUNDERING**

63. The responses to paragraphs 1–59 are incorporated as if fully set forth.

64. The cited forfeiture provisions speak for themselves; any legal characterization inconsistent with them is denied.

65. Denied. The Defendant Cryptocurrency is not subject to forfeiture to the extent of the Swinney Claimants' interest, which by operation of TRIA is superior to the claims of the Government and of all non-TRIA claimants.

**AFFIRMATIVE AND OTHER DEFENSES**

The following defenses are pleaded without assuming any burden of proof assigned to the United States.

**First Defense — TRIA § 201(a).** The Swinney Claimants hold final, unsatisfied judgments under 28 U.S.C. § 1605A against Iran, the IRGC, and the Iranian Ministry of Intelligence and Security ("MOIS"), and the District Court for the District of Columbia

authorized execution under 28 U.S.C. § 1610(c) by order dated March 17, 2026. Iran and the IRGC are terrorist parties within TRIA § 201(d)(4). By operation of TRIA § 201(a), the Swinney Claimants hold a right to execute on the blocked assets of those terrorist parties and of any of their agencies or instrumentalities, including the Iran-China Group, to satisfy their compensatory damages. The Defendant Cryptocurrency is such an asset.

**Second Defense — Agency or Instrumentality.** Upon information and belief, at all relevant times, including as of the date the property became blocked, Iran-China Group / LuBian performed material functions for, provided material services to, or was owned, controlled, or directed by Iran or the IRGC. *See Kirschenbaum v. 650 Fifth Ave. & Related Props.*, 830 F.3d 107, 135 (2d Cir. 2016), *abrogated in part on other grounds by Rubin v. Islamic Republic of Iran*, 583 U.S. 202 (2018); *see also Havlish v. Taliban*, 152 F.4th 339, 364–65 (2d Cir. 2025) (assessing agency or instrumentality status under TRIA as of the date the assets were blocked); *Kirschenbaum v. Assa Corp.*, 934 F.3d 191, 199 (2d Cir. 2019).

**Third Defense — Blocked Assets.** The Defendant Cryptocurrency was blocked by operation of law under Exec. Order No. 13599 and 31 C.F.R. §§ 560.211 and 560.304 as soon as it came within the United States, because, upon information and belief, it is property of the Iran-China Group, an agency or instrumentality of Iran and therefore part of the "Government of Iran." *See Kirschenbaum*, 830 F.3d at 137; *Assa Corp.*, 934 F.3d at 199–200. It is therefore a blocked asset of a terrorist party within the meaning of TRIA § 201(d)(2)(A). The Claimants are not aware of any license within the exclusion in TRIA § 201(d)(2)(B), and neither the commencement of this forfeiture action nor any license authorizing the Government to pursue forfeiture removes the block. *See Estate of Levin v. Wells Fargo Bank, N.A.*, 156 F.4th 632 (D.C. Cir. 2025).

**Fourth Defense — Superior Interest.** By operation of TRIA § 201(a), which applies "[n]otwithstanding any other provision of law," the Swinney Claimants' interest in the Defendant Cryptocurrency is superior to the interest of the United States, including any interest the United States asserts through the relation-back provision of 18 U.S.C. § 981(f), and to the interest of every non-TRIA claimant. *See Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 49 (2d Cir. 2010); *Estate of Levin*, 156 F.4th at 643 n.1. The commencement of this forfeiture action does not extinguish that interest.

**Fifth Defense — Due Process.** By virtue of their rights under TRIA, the Swinney Claimants hold a property interest in the Defendant Cryptocurrency protected by the Fifth Amendment. Forfeiting the Defendant Cryptocurrency to the United States without due process of law, including notice and an opportunity to be heard on that interest, would violate the Due Process Clause.

**Sixth Defense — Takings Clause.** Because of the Swinney Claimants' property interest in the Defendant Cryptocurrency, forfeiting it to the United States would effect a taking of private property for public use without just compensation, in violation of the Fifth Amendment.

**Seventh Defense — Preservation of Res and Proceeds.** If the Court authorizes a disposition or interlocutory sale, Claimants request preservation of the applicable proceeds as substitute *res* and notice and an opportunity to be heard under Supplemental Rule G(7)(b).

**Eighth Defense — Reservation.** Claimants reserve the right to seek leave, where required, to amend defenses, assert crossclaims, counterclaims, or third-party claims, and pursue appropriate separate judgment-enforcement remedies. This reservation itself does not constitute a crossclaim.

## PRAYER FOR RELIEF

WHEREFORE, the Swinney Claimants request that the Court (a) deny forfeiture of the Defendant Cryptocurrency to the United States, in whole or in part, to the extent of the Swinney Claimants' interest under TRIA; (b) determine that the Swinney Claimants' interest is superior to the claims of the United States and of all non-TRIA claimants; (c) allow appropriate discovery and an opportunity to be heard concerning ownership, tracing, blocking, agency or instrumentality, and relative rights; (d) preserve the *res* or traceable proceeds pending adjudication; and (e) grant such other relief as is just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and Supplemental Rule G(9), the Swinney Claimants demand a trial by jury on all issues so triable, to the extent a jury trial is available in this forfeiture action.

Dated: November 9, 2026

Respectfully submitted,

/s/ Hillary M. Nappi
Hillary M. Nappi (NY Bar No. 5204045)
AWK Survivor Advocate Attorneys PLLC
1133 Westchester Avenue, Suite N-224
White Plains, NY 10604
Email: hnappi@awk-saa.com
Telephone: (914) 468-4840

– and –

/s/ Douglass A. Kreis
Douglass A. Kreis (FL Bar 0129704)
(admitted *pro hac vice* in this action)
Aylstock, Witkin, Kreis & Overholtz, PLC
17 East Main Street, Suite 200
Pensacola, FL 32502
Email: dkreis@awkolaw.com
Telephone: (850) 202-1010

*Attorneys for the Swinney Claimants*

**CERTIFICATE OF SERVICE**

I certify that on November 9, 2026, the foregoing document was filed using the Court's CM/ECF system, which transmits notification to participating counsel of record. Counsel will additionally serve any party who is not an electronic-filing participant by a method authorized by Federal Rule of Civil Procedure 5(b), and will identify that service before filing.

/s/ Hillary M. Nappi
Hillary M. Nappi