BOIES SCHILLER FLEXNER

November 9, 2026

**BY ECF**
The Honorable Clay H. Kaminsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Approximately 127,271 Bitcoin*, 25 Civ. 5745 (RPK) (CHK)

Dear Judge Kaminsky:

We represent Claimants Chen Zhi and the Prince Group (the "Prince Claimants") and write in further support of the Prince Claimants' motion for a handful of modifications to the Protective Order. (ECF No. 671) (the "Motion").

Seven creditor claimant groups opposed the Motion: the Breitweiser Claimants (ECF No. 672), Claimant Ath Leepinyo (ECF No. 674), the 9/11 Claimants (ECF No. 678), the Ambush Claimants (ECF No. 680), the Iranian Terrorism Claimants (ECF No. 681), the Henkin Claimants (ECF No. 682), and the Havlish Claimants (ECF No. 684). With the exception of Mr. Leepinyo, they are all creditors under the Terrorism Risk Insurance Act ("TRIA"). The government did not file an opposition.

The Prince Claimants agree to certain modifications to paragraphs 7(c) and 7(e), as explained below, but otherwise continue to seek their proposed amendments, which are primarily to paragraphs 5(b), 7(a) and 7(d). At bottom, the TRIA claimants want the same discretion to use the Prince Claimants' confidential discovery as the government, whose use of confidential discovery is unchanged under the Prince Claimants' proposed modifications. But they cannot be treated in the same way as the government because there are too many of them, we do not know who many of them are, and, unlike the government, they do not need to use confidential discovery materials outside of this case for law enforcement purposes. This Court should grant the Prince Claimants' limited modifications to the Protective Order, which provide a reasonable starting place for the TRIA claimants' use of confidential discovery and allow those claimants to seek further relief down the road if they can articulate why they need it after their attorneys review the Prince Claimants' disclosures.

## I. Background

The Prince Claimants' proposed modifications are narrow and designed largely to address a handful of provisions under the existing Protective Order that only make sense when applied to the government. Given the thousands of TRIA claimants now admitted in this action, those provisions are impossible to police at scale and undercut this Court's prior sealing orders. *See* Mot. at 2–3. Specifically, the Prince Claimants propose amending five provisions of the Protective Order to: (i) limit foreign and government disclosure of confidential material to the United States, not other parties (*see* Mot. Ex. 2, ¶ 5(b)); (ii) restrict use of confidential material to this action for all parties except the United States (*id.* ¶ 7(a)); (iii) clarify that the existing bar on retention of material includes potential experts (*id.* ¶ 7(c)); (iv) designate confidential material Attorneys Eyes Only for creditor-

claimants (*id.* ¶ 7(d)); and (v) require notification to the producing party's counsel when overseas witnesses receive confidential material (*id.* ¶ 7(f)). *See* Mot. at 3–4. These amendments balance the need to protect confidential information with the efficient management of discovery to be exchanged among the now-thousands of claimants.

## II. Oppositions to the Proposed Modifications and Prince Claimants' Responses

### A. Proposed Modifications to ¶ 5(b)

Only the Iranian Terrorism Victims ("ITV") Claimants (ECF No. 681) take issue with the proposed modification to ¶ 5(b), which is intended to limit disclosure of confidential discovery materials to government entities. The ITV Claimants state the modification "would give the United States exclusive control over this channel of governmental disclosure, even where a Claimant seeks a legitimate, appropriately protected disclosure," and would bar "legitimate, appropriately protected disclosure." *Id.* at 2. That's wrong. While the government may need to coordinate with foreign and domestic counterparts, and the proposed modifications do not alter its ability to do so, applying this provision to thousands of individual TRIA claimants will permit disclosure to effectively any foreign or domestic official, with no ability to trace who has had access to such materials. *See* Mot. at 2–3. Private creditor claimants have no legitimate reason for giving confidential discovery materials to foreign governments; the ITV Claimants do not—because they cannot—identify a single example of what such a "legitimate, appropriately protected disclosure" might look like.[1] This provision should be modified as proposed by the Prince Claimants.

### B. Proposed Modifications to ¶ 7(a)

The Breitweiser, 9/11, Henkin, and Havlish Claimants seek a carve-out to the proposed modifications to limit claimants' (but not the government's) use of confidential discovery material to this action, and seek permission for confidential discovery materials here to be used in *Fritz v. Iran and China Investment Development Group*, No. 1:25-cv-07093 (RPK). These claimants argue *Fritz* has "substantial overlap in the issues" and "almost all the parties to the *Fritz* case are also parties to this forfeiture proceeding." ECF No. 678 at 1-2; *see* ECF No. 672 at 3–4; ECF No. 682 at 2 ¶ 5.

Again, that's simply wrong. While there may be overlapping issues between this proceeding and *Fritz*, neither Mr. Chen nor the Prince Group are parties to *Fritz*. Permitting their confidential discovery to be used in a proceeding where they are not parties, whether *Fritz* or any other, would leave them exposed to wide-ranging disclosure of their confidential material without any ability to protect their rights. For example, the Prince Claimants would have no advance notice if one of the *Fritz* parties sought to file their confidential discovery on the docket in *Fritz*. Even if they were somehow tipped off that their confidential discovery was about to be publicly disclosed, they would need to intervene in *Fritz* to move to seal discovery that they were compelled to produce here in the limited context of Rule G special interrogatories. The TRIA claimants should not be permitted to drag the Prince Claimants into separate proceedings, particularly given that Mr. Chen and the Prince Group made limited appearances under Rule E in this case without submitting to personal jurisdiction.

[1] The ITV Claimants' suggestion that any "risk can be addressed through tailored safeguards" ignores that such safeguards are already built into the Protective Order, in a section for which no modifications are proposed. *See* Mot. Ex. 2 ¶ 12 ("Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.").

The Breitweiser Claimants' argue these jurisdictional concerns are overblown because use of their discovery "does not, by itself [] establish personal jurisdiction over the Prince Claimants." ECF No. 672 at 4. But how do they propose that Mr. Chen and the Prince Group ensure that "appropriate sealing procedures, restrictions on disclosure, and further judicial supervision" (*id.*) would occur absent their intervention in the *Fritz* action? And by what mechanism might the Prince Claimants intervene in *Fritz* without also submitting to personal jurisdiction in that case? The Breitweiser Claimants have no answers because there are none. The Prince Claimants' proposed modifications will permit any TRIA claimants to move this Court for leave to use confidential discovery in another case should they identify a legitimate need to do so. Dealing with any such requests here, on a case-by-case basis, is far more reasonable than granting all claimants carte blanche permission to use confidential materials in other proceedings where the producing party is not present.[2]

**C. Proposed Modifications to ¶ 7(c)**

Three claimant groups request clarification on the proposed modification to ¶ 7(c), which limits retention of confidential discovery material.

The 9/11 and Havlish Claimants request language expressly permitting retained experts to use confidential discovery material when preparing reports. ECF No. 678 at 2. This request is reasonable, and to avoid confusion, the Prince Claimants agree to alter the proposed amendment to remove the "or retained" language, to clarify that potential but unretained experts are not permitted to retain confidential discovery material other than attorney work-product. Retained experts are "Qualified Recipients" under ¶ 5(f), for which no modification is sought.

The ITV and Havlish Claimants also seek clarification that the proposed amendment permits experts to retain confidential discovery material until the receiving party is no longer a party to the case or the litigation concludes. ECF No. 681 at 1. The Prince Claimants believe the proposed change above sufficiently addresses this question, but to the extent additional clarification is needed, do not oppose the Havlish Claimants' proposed modifications to this provision. *See* ECF No. 684 at 2.

**D. Proposed Modifications to ¶ 7(d)**

All claimant groups except for the Havlish Claimants oppose — on slightly different grounds — the modifications to ¶ 7(d), which seeks to designate confidential discovery material Attorneys Eyes Only for judgment creditor claimants. Their arguments are addressed in turn.

First, the Breitweiser, 9/11, and Henkin Claimants argue that the Prince Claimants have not established good cause for modification. But as the Motion details, good cause exists because thousands of TRIA claimants have joined the action since the Protective Order was first entered, many of whom cannot be even be identified.[3] The impossibility of policing compliance at this scale is

[2] The Havlish Claimants' proposed carve-out (ECF No. 684 at 1–2) for the use of confidential discovery in *Havlish v. United States*, 1:26-cv-3555-RPK-LKE (E.D.N.Y.), should be denied for the same reasons.

[3] The parties and the Court have only the barest information about the thousands of TRIA claimants at this stage, which raise a host of other practical issues. For example, presumably some of the TRIA claimants reside outside the United States or otherwise beyond the Court's jurisdiction: do any reside in foreign states

BSF

obvious and renders meaningless the Court's recognition that disclosure of Mr. Chen's and Prince Group's confidential discovery material would be harmful. Mot. at 2–3.

These are not "generalized concerns," as the Breitweiser Claimants argue, but concrete facts establishing good cause for modification. ECF No. 67 at 2. As even the 9/11 Claimants concede, in light of the large number of claimants now in the case, "some measures should be taken to make sure that such represented creditor Claimants do not disseminate or otherwise misuse" confidential discovery materials.

Nor is the burden here as high as some claimants suggest. The proposed modifications are to provisions stipulated between Mr. Chen, the Prince Group, and the government prior to the thousands of TRIA claimants' entrance into this case. *See* Mot. at 1-2. A protective order granted upon "a stipulation by parties carries less weight [against modification] than a protective order granted after a hearing to show good cause." *See In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 321 (D. Conn. 2009). Nevertheless, the Prince Claimants have established good cause for amendment.

Second, the Breitweiser, 9/11, Ambush, and ITV Claimants argue that the existing safeguards are sufficient, and the proposed tiered protection rests on claimants' status rather than an articulated risk of disclosure. *See, e.g.,* ECF No. 672 at 1–2; ECF No. 678 at 2. Similarly, the Breitweiser, Ambush, and ITV Claimants argue that such a limitation would harm their clients' ability to consult with counsel to identify relevant facts, explain documents, and make decisions. *See* ECF No. 672 at 2; ECF No. 680 at 1–2; ECF No. 681 at 1–2. These generic arguments mischaracterize the proposed amendments, which create a rational, enforceable Protective Order, while the existing order's safeguards are otherwise rendered meaningless when applied to thousands of additional claimants.

Nor do these modifications imply that any TRIA claimants are bad actors, as the Breitweiser Claimants infer. ECF No. 672 at 2. To be clear, this proposed modification is not about the character of the TRIA claimants, but their sheer numbers and relation to the facts at issue. None of the oppositions suggest that any of the thousands of TRIA claimants have first-hand knowledge of the facts underlying this action or the related indictment. They cannot articulate a valid reason the individual TRIA claimants need personal access to the Prince Claimants' confidential business and personal information. The proposed modifications will maintain counsel's full access to confidential discovery and ability to consult with their clients, and they remain free to seek amendment under ¶ 12 should any individual TRIA claimant's knowledge somehow be relevant (*see* ECF No. 681 at 2).

Third, the 9/11, Ambush, and Henkin Claimants request express language stating that counsel has access to confidential discovery, even where individual claimants do not automatically receive the same access. This approach is reasonable; while we believe "Attorneys Eyes Only" sufficiently addresses whether attorneys are permitted to view confidential discovery

---

hostile to the United States or to the Prince Claimants? Do any reside in the People's Republic of China? Are any of the TRIA claimants subject to local laws that would force them to disclose confidential discovery material? Would they be obligated to disclose such information if questioned by local law enforcement or state security personnel? There is no practical way to address these claimant-by-claimant issues on the current scale, and it would be burdensome on and prejudicial to the Prince Claimants to be forced to try. On the other hand, U.S. counsel admitted to this Court can be trusted to follow this Court's orders and safeguard confidential information. Attorneys Eyes Only disclosure is the only practical solution.

the Prince Claimants agree to including an express statement to that effect in the proposed modified order.[4]

Finally, while there is no need for the individual TRIA claimants to review the Prince Claimants' confidential discovery for the reasons explained above, to the extent the Court disagrees, we respectfully request that the Court enter the 9/11 Claimants' alternative provision: that represented TRIA claimants view confidential discovery materials only at the offices of their counsel after agreeing in writing not to disseminate the contents of the materials or use them outside of this action. ECF No. 678 at 3.

**E. Proposed Modifications to ¶ 7(e)**

The Breitweiser, Ambush, ITV, and Henkin Claimants take issue with the modifications to ¶ 7(e), which addresses notice requirements before disclosure of confidential discovery information to individuals located abroad. *See* ECF No. 672 at 4; ECF No. 680 at 2; ECF No. 681 at 2; ECF No. 682 at 1–2 ¶ 3. Specifically, these claimants argue that the provision lacks a deadline for reasonable objections. This point is well taken, and the Prince Claimants propose a 10-day deadline to object on particularized grounds to disclosure notice.

The ITV Claimants also request that a provision be added that allows disclosure without revealing the identities of potential witnesses or potential experts abroad. ECF No. 681 at 2. This goes too far. Under the existing Protective Order, any overseas recipient is required to sign the Order and request access from the government or Firewall Counsel. The proposed amendment merely applies this rule to every Producing Party, which is reasonable and calculated to lead to efficient discovery procedures. Failing to disclose who will see confidential discovery materials defeats the purpose of the Protective Order.

For the same reasons, the Breitweiser Claimants' argument that the proposed amendment is burdensome and will block access to international experts is without merit. ECF No. 672 at 4. As explained in the Motion, the Court has already accepted the Prince Claimants' valid concerns about confidential materials going overseas, which was reflected in the Protective Order already in place. The Breitweiser Claimants' generic hypothetical fails to articulate why it would be appropriate to deviate from the protective approach the Court has already imposed.

Finally, the Breitweiser, ITV, and Henkin Claimants also ask that secure electronic review be allowed where feasible. ECF No. 672 at 4; ECF No. 681 at 2; ECF No. 682 at 2 ¶ 6. But this is not feasible at the case's current scale and will render the provisions of the Protective Order unenforceable. The Court should deny this request for the reasons articulated above.

---

[4] The 9/11 Claimants also note that, as drafted, ¶ 7(d) implies that only represented TRIA Claimants would be restricted to Attorneys' Eyes Only, while a corresponding *pro se* claimant might receive unfettered access. While no *pro se* claimants have requested access to the Prince Claimants' confidential discovery so far, the Prince Claimants agree with the 9/11 Claimants that this drafting anomaly could create confusion. Accordingly, we propose a modification clarifying that any *pro se* TRIA Claimants must view confidential discovery material only upon agreement with the Producing Party's counsel, and if no agreement can be reached, upon court order.

### F. Miscellaneous Other Arguments from Claimants

Certain claimants raise additional concerns.[5] First, the Breitweiser Claimants argue they have endured a "delay" in receiving discovery materials. ECF No. 672 at 3. They are incorrect. The Prince Claimants sought relief from the Court within 14 days of the Breitweiser Claimants' request, as prescribed by ¶ 13 of the Protective Order, and have proposed modifications prior to production as contemplated therein. In any event, the Breitweiser Claimants were not prejudiced by any such "delay" and have no urgent need for the Prince Claimants' special interrogatory responses (the bulk of which have already been docketed through prior motion practice).

Second, the Breitweiser Claimants complain that the Motion was filed without responding to their October 25 email, and are joined by the Henkin Claimants in requesting leave to confer on narrower revisions. ECF No. 672 at 1, 5; ECF No. 682 at 2 ¶ 6. As articulated in the Motion, however, the Prince Claimants sought relief from the joint-letter and meet-and-conferral rules because of the sheer number of TRIA claimants with whom conferral would be required. Mot. at 1 n.1. Holding productive discussions on each provision of the Protective Order was untenable within the required 14-day window, as this process has surely proven. While the Prince Claimants will confer as directed by the Court, they submit that leave to confer on narrower revisions is unnecessary, both because the parties are already briefing the issues and because the Prince Claimants' agreements to certain of the TRIA Claimants' modifications, which narrows the scope of the issues this Court must resolve, is effectively the same as the conferral process.

Third, the Havlish Claimants request modifications to ¶ 7(f) of the order, which safeguards disclosure of confidential materials to witnesses located abroad, to reiterate that the paragraph "shall not apply to a retained expert witness." For the reasons stated above, while the Prince Claimants do not believe this is necessary, they do not oppose this change if the Court believes additional clarification is needed.

Finally, the Breitweiser Claimants urge the Court to disregard the Prince Claimants' concerns about the one-sided nature of discovery thus far, insofar as they are the only claimants to have been served with Rule G(6) special interrogatories, because those concerns do not "justify imposing discriminatory restrictions on the judgment creditors." ECF No. 672 at 5. But the Court should not cover its eyes to the obvious problems with one-sided discovery at this point in the case, in which discovery has not otherwise opened. When litigation is a two-way street, parties are incentivized to act in good faith. When discovery procedures are not reciprocal, incentives become skewed. The narrow early discovery procedures built into Rule G are granted specifically to the government and subject to carefully tailored jurisdictional protections for potential claimants. These provisions should not be a backdoor for gamesmanship by private parties before party discovery has opened.

* * *

For the foregoing reasons, good cause exists for the entry of a modified Protective Order, and we respectfully request that the proposed amendments be entered as-submitted except for the additional modifications described above.

---

[5] It would not be possible to address every argument raised in each letter-motion. Accordingly, arguments going to the merits of the action or ancillary issues are not addressed here.

Respectfully,

/s/ *Dan G. Boyle*

Matthew L. Schwartz
Peter M. Skinner
55 Hudson Yards
New York, New York 10001

Dan G. Boyle
2029 Century Park East, Suite 1520
Los Angeles, California 90067

*Counsel for Claimants Chen Zhi and Prince Holding Group*