**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendant *In Rem*. | Civil Action No. 25-5745 (RPK) |

**GOLD STAR CLAIMANTS' OMNIBUS ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIMS OF THE HENKIN CLAIMANTS**

Pursuant to Rule G(5)(b) of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the *Adamkavicius*, *Cabrera*, *Neiberger*, *Martino*, and *Zambon* Plaintiffs (together, the "Gold Star Claimants")[1] hereby answer the cross-claims of the *Henkin* Judgment Creditors and Plaintiffs (the "Henkin Claimants"),[2] as follows:

[1] A full list of Claimants and the damages they have been awarded in various judicial proceedings is included as Attachment A to the Verification of Gold Star Claimants' Claims. *See* ECF No. 86-2.

[2] The Henkin Claimants assert cross-claims against "all other claimants asserting an interest in the Defendant Property who have appeared or will appear in this action" in their answers to seven other claimant groups' cross-claims. The Henkin Claimants' Cross-Claims in each of its seven answers are identical in substance across those filings. Accordingly, for the sake of efficiency and judicial economy, the Gold Star Claimants file this Omnibus Answer in response to the identical cross-claims contained within the following filings: ECF No. 614 at 7–12 (Henkin Claimants' Supplemental Answer to 9/11 Claimants' Cross-Claim and Cross-Claims); ECF No. 615 at 8–13 (Henkin Claimants' Supplemental Answer to Aceto Claimants' Cross-Claim and Cross-Claims); ECF No. 616 at 8–13 (Henkin Claimants' Supplemental Answer to Encinas and DiBenedetto Claimants' Cross-Claim and Cross-Claims); ECF No. 617 at 8–13 (Henkin Claimants' Supplemental Answer to IBHLAW Claimants' Cross-Claim and Cross-Claims); ECF No. 618 at 8–13 (Henkin Claimants' Supplemental Answer to Iranian Terrorism Victims

1. Paragraph 1 contains legal conclusions to which no response is required.

2. Paragraph 2 contains legal conclusions to which no response is required.

3. The Gold Star Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required.

5. The Gold Star Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 5.

6. The Gold Star Claimants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 6.

7. The Gold Star Claimants admit that the Henkin Claimants have filed a claim in this action. The Gold Star Claimants otherwise lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required.

9. Admitted.

## **COUNT I**

10. The Gold Star Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

11. Paragraph 11 contains legal conclusions to which no response is required.

12. Paragraph 12 contains legal conclusions to which no response is required.

13. Paragraph 13 contains legal conclusions to which no response is required.

---

Claimants' Cross-Claim and Cross-Claims); ECF No. 619 at 8–13 (Henkin Claimants' Supplemental Answer to Mark and Hirshfeld Claimants' Cross-Claim and Cross-Claims); ECF No. 620 at 6–11 (Henkin Claimants' Supplemental Answer to WMJH Claimants' Cross-Claim and Cross-Claims).

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, the Gold Star Claimants deny that the Henkin Claimants have priority over the Gold Star Claimants under CPLR § 5234 or that CPLR § 5240 provides a basis to award the Henkin Claimants superior priority over the Gold Star Claimants.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, the Gold Star Claimants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 15.

**COUNT II**

16. The Gold Star Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

17. Paragraph 17 contains legal conclusions to which no response is required.

18. Paragraph 18 contains legal conclusions to which no response is required.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, the Gold Star Claimants deny that the Henkin Claimants have priority over the Gold Star Claimants under CPLR § 5234 or that CPLR § 5240 provides a basis to award the Henkin Claimants superior priority over the Gold Star Claimants.

**COUNT III**

20. The Gold Star Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

21. Paragraph 21 contains legal conclusions to which no response is required.

22. Paragraph 22 contains legal conclusions to which no response is required.

23. Paragraph 23 contains legal conclusions to which no response is required.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, the Gold Star Claimants deny that the Gold Star Claimants' Terrorism Risk Insurance Act ("TRIA") claims are subordinate to the Henkin Claimants' TRIA Claims.

**COUNT IV**

25. The Gold Star Claimants restate and reallege the foregoing Paragraphs as if fully set forth herein.

26. Paragraph 26 contains legal conclusions to which no response is required.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, the Gold Star Claimants deny that any of the allegations in Paragraph 27 confer on the Henkin Claimants any right, title, or interest in the approximately 127,271 Bitcoin at issue in this *in rem* action (the "Defendant Cryptocurrency") that is superior to the right, title, or interest of the Gold Star Claimants in the Defendant Cryptocurrency.

**AFFIRMATIVE AND OTHER DEFENSES**

1. The Henkin Claimants' Cross-Claims fail to state a claim against the Gold Star Claimants upon which relief can be granted.

2. The Gold Star Claimants expressly reserve all other potential responses and defenses (without conceding that they bear the burden on any of them) to these Cross-Claims.

Dated: November 10, 2026

Respectfully submitted,

*/s/ Aaron E. Nathan*

Michael J. Gottlieb
WILLKIE FARR & GALLAGHER LLP
2029 Century Park East
Los Angeles, CA 90067-2905
Tel: (310) 855-3000
Fax: (310) 855-3099

mgottlieb@willkie.com

Nicholas Reddick
WILLKIE FARR & GALLAGHER LLP
333 Bush Street
San Francisco, CA 94104
Tel: (415) 858-7400
Fax: (415) 858-7599
nreddick@willkie.com

Lee Wolosky
Aaron E. Nathan
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Tel: (212) 728-8000
Fax: (212) 728-8111
lwolosky@willkie.com
anathan@willkie.com

*Counsel for Gold Star Claimants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, I electronically filed the Gold Star Claimants' Answer and Affirmative Defenses to Cross-Claims of the Henkin Claimants via CM/ECF for the United States District Court for the Eastern District of New York and therefore caused it to be served on all parties registered for CM/ECF, including attorneys for the Government, in the above-captioned matter.

/s/ *Aaron E. Nathan*

Aaron E. Nathan
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
Tel: (212) 728-8000
Fax: (212) 728-8111
anathan@willkie.com