McDermott Will & Schulte

Andrew B. Kratenstein
Attorney at Law
akratenstein@mcdermottlaw.com
+1 212 547-5695

November 20, 2026

***VIA ECF***

The Honorable Rachel P. Kovner
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *United States v. Approximately 127,271 Bitcoin, No. 1:25-cv-05745*

Dear Judge Kovner:

We represent the listed claimants, all of whom are victims, or family members of victims killed or injured in terrorist acts sponsored by or carried out by the Islamic Republic of Iran ("Iran"), and/or victims of Iranian hostage-taking, torture, and imprisonment (collectively, "Claimants with Successful Judgments Against Iran" or "Claimants"). Each claimant has obtained a judgment against Iran under 28 U.S.C. §§ 1605A and 1605B for its role in facilitating these acts of terrorism. Collectively, the claimants have been awarded approximately $422,181,328.00 in compensatory damages through the following litigation:

- *Ewan, et al. v. Islamic Republic of Iran, Case No. 17-1628-JDB (D.D.C.) ("Ewan Action");*
- *Aronow, et al. v. Islamic Republic of Iran, Case No. 18-cv-12001-GBD (S.D.N.Y.) ("Aronow Action");*
- *Fuld, et al. v. Islamic Republic of Iran, Case No. 20-cv-2444-RCL (D.D.C.) ("Fuld Action");*
- *Estate of Judah Herzel Henkin, et al. v. Islamic Republic of Iran, Case No. 1:18-cv-1273-RCL (D.D.C.) ("Henkin Action");*
- *Shawn Kenny, et al. v. Islamic Republic of Iran, Case No. 1:22-cv-03299-TNM (D.D.C.) ("Kenny Action");*
- *Charyn F. Selig, et al. v. Islamic Republic of Iran, Case No. 1:19-cv-02889-TNM (D.D.C.) ("Selig Action");*
- *Estate of Max Steinberg, et al. v. Islamic Republic of Iran, Case No. 17-cv-1910-RCL (D.D.C.) ("Steinberg Action");*
- *Xiyue Wang, et al. v. Islamic Republic of Iran, Case No. 22-cv-583-TJK (D.D.C.) ("Wang Action");*
- *Ashton, et al. v. Islamic Republic of Iran, Case No. 1:02-cv-06977 (S.D.N.Y.) ("Ashton Action");*

- *Boothe, et al. v. Islamic Republic of Iran, Case No. 22-1747 (D.D.C.) ("Boothe Action");*
- *Namazi, et al. v. Islamic Republic of Iran, Case No. 24-3506 (D.D.C.) ("Namazi Action").*

We respectfully request leave, under Supplemental Rule G(5)(a)(ii) and Federal Rule of Civil Procedure 6(b)(1)(B), for the listed claimants (the "Claimants") to file the attached verified claim to the Defendant Cryptocurrency, and ask that the Court address their claim together with the claims of similarly situated TRIA claimants under the Court's October 20, 2026 briefing schedule.

Claimants believe that the cryptocurrency should not be deposited into the U.S. Victims of State Sponsored Terrorism ("VSST") Fund under the Justice for United States Victims of State Sponsored Terrorism Act, 34 U.S.C. § 20144, but should be made available to judgment creditors of Iran. Victims who hold compensatory damages judgments against Iran should be compensated for the profound losses they have suffered. This request for leave to file a claim, however, is made solely to preserve and protect the Claimants' interests in the event the Court determines that the assets are subject to attachment by terrorism judgment creditors and should not be deposited into the VSST Fund.

Rule G(5) allows this Court, for good cause, to "set [] a different time by which a claimant may contest[] the forfeiture by filing a claim." *United States v. Approximately 127,271 bitcoin previously stored at virtual currency addresses listed in Attachment A*, No. 1:25-CV-05745-RPK, 2025 WL 3652955, at *1 (E.D.N.Y. Dec. 11, 2025) (cleaned up). Courts, including this one, extend the deadline "where putative claimants have placed the court and the government on notice of their interest in the property and their intent to contest the forfeiture. . . recognizing both the good-faith effort put forth and the lack of prejudice to the government under such circumstances." *Id.* (cleaned up). On September 30, 2026, this Court granted twenty-six motions by similarly situated TRIA claimants to file out of time, finding both "excusable neglect" and "good cause" under the factors in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993): the danger of prejudice, the length of the delay and its impact on the proceedings, the reason for the delay, and the movant's good faith. *See* Order dated Sept. 30, 2026 (the "Sept. 30 Order"). The Claimants meet both standards for three reasons.

First, the Complaint does not trace the Defendant Cryptocurrency to Iran. *See generally* ECF No. 1. It focuses on property seized from the Prince Holding Group, an international criminal enterprise, and mentions Iran only once, in describing Prince Holding Group affiliate Lubian. ECF No. 1 ¶ 16(u). As this Court recognized, TRIA claimants' potential interests "were not apparent on the face of the government's complaint." Order dated Sept. 30, 2026. The link to Iran was first explicitly recognized by this Court in the Sept. 30 Order.

Second, the Government never gave the Claimants direct notice of this action, even though it knew that victims of Iranian terrorism had interests at stake and that Rule G required the Government to notify them. *See* Rule G(4)(b)(i) ("[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)."); *see also* Order dated Sept. 30, 2026 (noting that the government did not notify TRIA claimants "of their potential interests").

Through their own investigation, Claimants learned of the allegations in *Fritz v. Iran and China Investment Development Group d/b/a Lubian.com*, No. 1:25-cv-07093 (E.D.N.Y.), in which the plaintiffs allege that the Iran and China Investment Development Group (1) owns the Defendant Cryptocurrency and did business as Lubian.com or Lubian, and (2) acted as an agency or instrumentality of Iran to help it evade U.S. sanctions by mining cryptocurrency in Iran.

By the time the Claimants learned of Iran's interest, the Court's December 29, 2025 deadline had passed. Undersigned counsel then had to identify and resolve potential conflicts among the many Claimants and judgment holders across eleven separate actions before we could responsibly file any verified claim on their collective behalf. That delay was neither willful nor tactical: the Claimants acted in good faith and brought this request promptly once that process was complete. Courts in this Circuit have allowed TRIA judgment creditors to join pending enforcement proceedings late where, as here, they acted in good faith and before any merits ruling on their interests. *See Peterson v. Islamic Republic of Iran*, 290 F.R.D. 54, 58–59 (S.D.N.Y. 2013) (permitting TRIA judgment creditors to intervene in a turnover action that more than 1,000 other creditors had litigated for nearly four years and that was days away from a summary judgment ruling, where the intervenors moved before any judgment and the minimal prejudice to the existing parties was outweighed by the prejudice of barring the intervenors "[g]iven the difficulty of locating assets of Iran subject to execution in the United States").

Third, granting this request will prejudice no one. The Court has not decided any substantive issue, and the Government has had timely notice of similar claims by other victims of Iranian terrorism since December 29, 2025. *See* ECF Nos. 29-30 (verified claims of the Fritz and Baxter Claimants, who also hold judgments against Iran).

Nor has anything changed since the Sept. 30 Order. Under the Court's October 20, 2026 order, the Government will serve its motion to strike the TRIA claims on November 20, 2026, claimants will respond by December 18, 2026, and the parties will file the bundled papers on January 15, 2027; the Court has also encouraged claimants to consolidate their oppositions. Cross-claims among TRIA claimants remain in abeyance until the Court decides that motion. *See* Orders dated Oct. 22, 23, and 27, 2026. The Court has already found that the Government's challenges to TRIA claimants' interests "are better adjudicated through motions to strike" and that "efficiency will be served by analyzing the legal issues surrounding the similar claims all at once." Order dated Sept. 30, 2026. Adding the Claimants' claim to that briefing will not delay the case or burden any party.

This Court reached the same conclusion in *Fritz*, where it allowed two more groups of TRIA judgment creditors to intervene and rejected the argument that their arrival prejudiced the existing parties. Prejudice "resulting from the existence of a competing claim," the Court explained, is "not the sort of prejudice that courts weigh against intervention," particularly where the Court can manage priority questions through its docket. *Fritz v. Iran & China Inv. Dev. Grp.*, No. 1:25-cv-07093 (RPK) (CHK), slip op. at 6–7 (E.D.N.Y. Sept. 29, 2026), ECF No. 133. The Court also recognized that the "difficulty of locating assets of Iran subject to execution in the United States" means that excluded creditors suffer real prejudice. *Id.* at 7 (quoting *Peterson*, 290 F.R.D. at 58). The same is true here: denying the request

would shut out victims of Iranian terrorism solely because responsibly coordinating a claim for so many clients took time.

Finally, the Terrorism Risk Insurance Act ("TRIA"), Pub. L. 107-297, 116 Stat. 2322 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 note, gives the Claimants the right to attach and execute on the property of Iran and its agencies and instrumentalities, such as the Iran and China Investment Development Group, "[n]otwithstanding any other provision of law." The Claimants therefore hold an enforceable interest, superior to the Government's interest, in the portion of the Defendant Cryptocurrency needed to satisfy their unpaid compensatory damages judgments against Iran, plus post-judgment interest. Any dispute over that interest belongs in the motion-to-strike briefing, not in a decision on leave to file. *See* Order dated Sept. 30, 2026.

In light of these facts, the Claimants respectfully ask the Court to grant them leave to file the attached verified claim, treat it as timely, and consider it with the claims of similarly situated TRIA claimants in the motion-to-strike briefing under the Court's October 20, 2026 order.

Respectfully submitted,

*/s/ Andrew B. Kratenstein*

Andrew B. Kratenstein
One of the Attorneys for Claimants